RICHARD DeNATALE (California Bar No. 121416)
CELIA M. JACKSON (California Bar No. 124508)
Heller Ehrman LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268
Email:  richard.denatale@hellerehrman.com
Email:  celia.jackson@hellerehrman.com

E-Filing

Attorneys for Plaintiffs
LENSCRAFTERS, INC. and EYEXAM OF
CALIFORNIA, INC.

ORIGINAL
FILED

MAY 3 1 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 07 2853 EMC

Case No.:

LENSCRAFTERS, INC.; and EYEXAM OF
CALIFORNIA, INC.;

                                      Plaintiffs,

        v.

LIBERTY MUTUAL FIRE INSURANCE
COMPANY; EXECUTIVE RISK SPECIALTY
INSURANCE COMPANY; UNITED STATES
FIRE INSURANCE COMPANY; MARKEL
AMERICAN INSURANCE COMPANY; and
WESTCHESTER FIRE INSURANCE
COMPANY,

                                      Defendants.

**COMPLAINT FOR
DECLARATORY RELIEF**

**DEMAND FOR JURY TRIAL**

        Plaintiffs LensCrafters, Inc. and EYEXAM of California, Inc. (together,
"LensCrafters") allege as follows:

## INTRODUCTION

        1.      Defendants are insurers that sold LensCrafters primary, umbrella and/or

1  excess insurance policies, the material terms of which are described below. Those policies
2  contain a duty to indemnify LensCrafters. The duty to indemnify includes the obligation to
3  fund a reasonable settlement.

4      2.    This action arises out of defendants' refusal and failure to indemnify
5  LensCrafters with respect to a putative class action lawsuit captioned *Melvin Gene Snow, et*
6  *al. v. LensCrafters, Inc., et al.*, San Francisco Superior Court Case No. CGC-02-40554 (the
7  "*Snow* Action"). In 2004, LensCrafters brought an action against Liberty Mutual in the
8  Northern District of California, Case No. C 04-1001 SBA, concerning insurance coverage
9  for the *Snow* Action. In that prior action, this Court found that two of LensCrafters'
10 insurers had a duty to defend the *Snow* Action. The prior coverage action did not resolve
11 the question of the insurers' duty to indemnify.

12     3.    After several years of litigation in the *Snow* Action, the parties are presently
13 involved in negotiations and mediation sessions through which they are trying to reach a
14 settlement. The parties have made significant progress and have agreed to schedule one
15 more mediation session, at which they are hopeful that a settlement will be finalized.
16 LensCrafters has requested that defendants agree to fund any settlement, in accordance with
17 the terms of their respective insurance policies. Presently, defendants have not agreed to
18 indemnify LensCrafters or to fund a settlement. The defendants' failure and refusal to
19 acknowledge their indemnity obligation and agree to fund a settlement threatens the ability
20 of LensCrafters to resolve the *Snow* Action.

21     4.    There is a present, active controversy between LensCrafters and its defendant
22 insurers concerning the insurers' duty to indemnify LensCrafters for any settlement of the
23 *Snow* Action, and a dispute among the defendants themselves as to which insurer(s) must
24 indemnify. Therefore, LensCrafters brings this action for a declaration of the rights, duties
25 and responsibilities of the parties under defendants' insurance policies.

26                              **THE PARTIES**

27     5.    Plaintiff LensCrafters, Inc. is an Ohio corporation with its principal place of
28 business in Ohio.

COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL

6.    Plaintiff EYEXAM of California, Inc., fka EyeMed, Inc. ("EYEXAM") is a California corporation with its principal place of business in California.

7.    LensCrafters is informed and believes, and thereon alleges, that defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") is a Massachusetts corporation with its principal place of business in Massachusetts.

8.    LensCrafters is informed and believes, and thereon alleges, that defendant Executive Risk Specialty Insurance Company ("ERSIC") is a Connecticut corporation with its principal place of business in Connecticut.

9.    LensCrafters is informed and believes, and thereon alleges, that defendant United States Fire Insurance Company ("U.S. Fire") is a Delaware corporation with its principal place of business in New Jersey.

10.    LensCrafters is informed and believes, and thereon alleges, that defendant Markel American Insurance Company ("Markel") is a Virginia corporation with its principal place of business in Wisconsin.

11.    LensCrafters is informed and believes, and thereon alleges, that defendant Westchester Fire Insurance Company ("Westchester") is a New York corporation with its principal place of business in New York.

**JURISDICTION**

12.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 2201. There is complete diversity of citizenship between LensCrafters and defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. An actual controversy within the meaning of 28 U.S.C. § 2201 exists between the parties.

13.    Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391, because the alleged events and/or omissions giving rise to this Complaint are alleged to have occurred in this District.

**FACTUAL ALLEGATIONS**

14.    Each of the defendants issued one or more policies of insurance to LensCrafters, the material terms of which are alleged below. The policies are not being

3

attached to this Complaint because of their bulk and because it would be wasteful and burdensome for the Court and the parties.

15.     LensCrafters has complied with all terms and conditions precedent of defendants' policies and is entitled to the benefit of insurance provided by them.

**The Liberty Mutual Policies**

16.     Liberty Mutual issued to LensCrafters the following Commercial General Liability policies (collectively, the "Liberty Mutual Policies"):

- Policy No. TB2-681-004130-038, effective February 1, 1998 to February 1, 1999;
- Policy No. RG2-681-004130-039, effective February 1, 1999 to February 1, 2000;
- Policy No. RG2-681-004130-030, effective February 1, 2000 to February 1, 2001;
- Policy No. RG2-681-004130-031, effective February 1, 2001 to February 1, 2002;
- Policy No. RG2-681-004130-032, effective February 1, 2002 to February 1, 2003;
- Policy No. RG2-681-004130-033, effective February 1, 2003 to February 1, 2004;
- Policy No. RG2-681-004130-034, effective February 1, 2004 to February 1, 2005;
- Policy No. RG2-681-004130-035, effective February 1, 2005 to February 1, 2006.

17.     LensCrafters, Inc. and EYEXAM are each a named insured under the Liberty Mutual Policies.  The Liberty Mutual Policies provide, *inter alia*, that Liberty Mutual "will pay those sums that [LensCrafters] becomes legally obligated to pay as damages" because of "personal injury."  The term "personal injury" is defined to include "injury. . . arising out of . . . [the] [o]ral or written publication of material that violates a person's right of

4

privacy." Each of the Liberty Mutual Policies has limits of liability for personal injury of $3 million for each occurrence and $6 million in the aggregate.

**The ERSIC Policy**

18.    ERSIC issued a Managed Care Organization Errors and Omissions Liability policy, Policy No. 8167-2076, effective November 12, 2001 to November 12, 2002 (the "ERSIC Policy"), which provides coverage to EYEXAM and LensCrafters, Inc.

19.    The ERSIC Policy provides coverage for "any Loss which the Insured is legally obligated to pay as a result of any Claim. . . ." The term "Loss" is defined to include "any monetary amount which an Insured is legally obligated to pay as a result of a Claim." The term "Claim" is defined as "any written notice received by any Insured that a person or entity intends to hold an Insured responsible for a Wrongful Act." The term "Wrongful Act" is defined, *inter alia,* to mean "any actual or alleged act, error or omission in the performance of, or any failure to perform, Medical Information Protection by any Insured Entity or by any Insured Person acting within the scope of his or her duties or capacity as such . . . ." The term "Medical Information Protection" is defined as "maintaining the confidentiality of information regarding Medical Services and limiting the release or use of such information in conformance with requirements of law." The ERSIC Policy has limits of liability of $3 million for each Claim or Related Claims and $3 million in the aggregate.

**The U.S. Fire Policies**

20.    U.S. Fire issued to LensCrafters the following Commercial Umbrella Policies (collectively, the "U.S. Fire Policies"):

- Policy No. 553-058755-2, effective February 1, 1998 to February 1, 1999;
- Policy No. 553-068740-7, effective February 1, 1999 to February 1, 2000;
- Policy No. 553-076092-8, effective February 1, 2000 to February 1, 2001.

LensCrafters, Inc., is a named insured under the U.S. Fire Policies.

21.    The U.S. Fire Policies provide that U.S. Fire "will pay on behalf of the 'Insured' those sums in the excess of the 'Retained Limit' which the 'Insured' by reason of liability imposed by law . . . shall become legally obligated to pay as damages for: 'Personal

COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL

1    Injury' caused by an 'Occurrence' committed during the Policy Period." The term

2    "Personal Injury" is defined as "oral, written, televised, videotaped or electronic publication

3    of material that violates a person's right of privacy." Each of the U.S. Fire Policies has

4    limits of liability for personal injury coverage of $25 million in excess of the retained limit

5    for each occurrence and in the aggregate.

6        **The Markel Policy**

7        22.    Markel issued to LensCrafters a Commercial Umbrella Liability Policy,

8    Policy No. CU-GA-1345-01, effective February 1, 2001 to February 1, 2002 (the "Markel

9    Policy"). LensCrafters, Inc. and EYEXAM are each a named insured under the Markel

10   Policy.

11       23.    The Markel Policy provides coverage, pursuant to Endorsement No. 4, for

12   "Personal Injury" to the same extent such insurance is provided by "a policy listed in the

13   Schedule of Underlying Insurance, and then only to the extent provided by such policy or

14   policies." The Schedule of Underlying Insurance lists "Liberty Mutual Ins. Policy No. RG2

15   681001430030 [sic] 02/01/01 to 02/01/02." The Markel Policy has limits of liability for

16   personal injury coverage of $15 million per occurrence and in the aggregate in excess of the

17   limits of the underlying insurance.

18       **The Westchester Policies**

19       24.    Westchester issued to LensCrafters an Excess Umbrella Policy, Policy No.

20   MEA-675648, effective February 1, 2001 to February 1, 2002 (the "Westchester Excess

21   Policy"). The Westchester Excess Policy is excess to the Markel Policy, follows form to

22   that policy in terms of its coverage and the named insureds, and provides coverage for "that

23   amount of loss which exceeds the amount of loss payable by [the Markel Policy]." The

24   Westchester Excess Policy has limits of $10 million per occurrence and in the aggregate in

25   excess of the Markel Policy.

26       25.    Westchester also issued to LensCrafters the following Commercial Umbrella

27   Policies (collectively the "Westchester Umbrella Policies"):

28        • Policy No. CUA-150963, effective February 1, 2002 to February 1, 2003;

6

1      • Policy No. CUA-706488, effective February 1, 2003 to February 1, 2004;

2      • Policy No. CUW-774410, effective February 1, 2004 to February 1, 2005;

3      • Policy No. CUW-785695, effective February 1, 2005 to February 1, 2006.

4 LensCrafters, Inc. and EYEXAM are each a named insured under the Westchester Umbrella

5 Policies.

6      26.    The Westchester Umbrella Policies provide that Westchester "will pay on

7 behalf of the 'Insured' those sums in the excess of the 'Retained Limit' which the 'Insured'

8 by reason of liability imposed by law . . . shall become legally obligated to pay as damages

9 for: 'Personal Injury' arising out of an 'Occurrence'" during the policy period. The term

10 "personal injury" is defined to include injury arising out of "oral or written publication of

11 material that violates a person's right of privacy . . . ." Each of the Westchester Umbrella

12 Policies has limits of liability for personal injury of $25 million in excess of the retained

13 limit per occurrence and in the aggregate.

14 **Defense and Settlement of the _Snow_ Action**

15      27.    The _Snow_ Action was originally filed against LensCrafters, Inc. and other

16 entities on March 12, 2002 on behalf of a putative class. The Second Amended Complaint

17 ("SAC"), which is the current operative complaint, was filed on or about April 15, 2003. At

18 present, the two defendants in the _Snow_ Action are LensCrafters, Inc. and EYEXAM.

19      28.    Among other things, the SAC alleges that LensCrafters disclosed private

20 medical information of the putative plaintiff class, in violation of the California

21 Confidentiality of Medical Information Act, Cal. Civ. Code § 56 _et seq._, thus violating the

22 privacy rights of the putative plaintiff class. The purported disclosures of private medical

23 information is alleged to have occurred during the periods of defendants' policies described

24 in this Complaint.

25      29.    LensCrafters gave timely notice of the _Snow_ Action to defendants.

26 LensCrafters also requested that Liberty Mutual and ERSIC defend the _Snow_ Action. These

27 insurers agreed to pay defense costs under a reservation of rights. After payment of certain

28

COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL

1  defense costs, however, both insurers then contended that they had no further duty to

2  defend.

3       30.    On March 11, 2004, LensCrafters brought an action against Liberty Mutual in

4  the Northern District of California, Case No. C 04-1001 SBA, for breach of contract and

5  declaratory relief regarding Liberty Mutual's duty to defend and indemnify LensCrafters

6  (the "Coverage Action"). On July 26, 2004, LensCrafters amended the complaint to add

7  ERSIC as a defendant. In the course of the Coverage Action, the parties filed cross-motions

8  for summary judgment regarding Liberty Mutual's and ERSIC's respective obligations to

9  defend LensCrafters.

10       31.    The Court, in an Order dated January 20, 2005, held that both Liberty Mutual

11  and ERSIC had a duty to defend LensCrafters with respect to the *Snow* Action. The Court

12  further held that the allegations in the *Snow* Action regarding disclosures of private medical

13  information constituted "publication[s] of material that violate[] a person's right of privacy"

14  as covered by the policies.

15       32.    By stipulation of the parties, LensCrafters' claims for indemnity alleged in the

16  Coverage Action were dismissed without prejudice on grounds that they were unripe for

17  adjudication at that time. The Stipulation and Order dismissing the indemnity claims

18  provided that any party to the stipulation could file a new action to adjudicate the dismissed

19  claims, that such action must be filed in the Federal District Court for the Northern District

20  of California, and that the parties to the stipulation consented to exclusive jurisdiction and

21  venue of such an action in this Court.

22       33.    On November 22, 2005, the Court entered an Amended Judgment in the

23  Coverage Action in favor of LensCrafters and against Liberty Mutual and ERSIC regarding

24  the duty to defend. Liberty Mutual has appealed from that judgment, and that appeal is

25  currently pending before the Ninth Circuit.

26       34.    The parties to the *Snow* Action are presently involved in settlement

27  discussions and mediation sessions in which they are trying to settle the action. The parties

28  have made significant progress and have agreed to schedule one more mediation session, at

COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL

which they are hopeful that a settlement will be reached. LensCrafters anticipates that a settlement may be reached for far less than its exposure in the *Snow* Action, and for less than the total limits of the defendant insurers' policies.

35.   LensCrafters has requested that the defendant insurers agree to settle the *Snow* Action for an amount that is within their policy limits, and pay for the settlement under the indemnity provisions of their policies. Defendants have not agreed to fund the settlement. The defendant insurers have raised several purported coverage defenses and have taken contrary and conflicting positions about which of them must pay, about which policies must exhaust their limits of liability first, and about what their respective total limits of liability are for the *Snow* Action. Defendants' refusal to acknowledge their indemnity obligations and their duty to settle the *Snow* Action for an amount within policy limits, and their disputes about which insurers must pay and in what order, threatens the ability of Lenscrafters to achieve a settlement.

36.   A present controversy exists with respect to defendants' obligations to indemnify LensCrafters, to settle the *Snow* Action, and to pay for a settlement in the *Snow* Action, and with respect to the parties' respective rights and obligations under the various insurance policies identified and described in this Complaint.

**FIRST CLAIM FOR RELIEF:**
**DECLARATORY JUDGMENT RE DEFENDANTS' DUTY TO INDEMNIFY**

37.   LensCrafters repeats and incorporates the allegations of paragraphs 1 through 36.

38.   Defendants have a duty under the terms of their respective insurance policies to indemnify LensCrafters in full for all legal liabilities they may incur in connection with the *Snow* Action. The duty to indemnify includes the duty to fund a reasonable settlement.

39.   Defendants have each failed to honor and refused to accept their duty to indemnify LensCrafters by refusing to agree to settle and fund the settlement of the *Snow* Action. Accordingly, LensCrafters seeks a declaration of rights concerning the duties of each insurer, concerning the applicable limits of liability of each defendant's policy for the

COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL

1  *Snow* Action, and concerning which policies must pay and in what amounts. LensCrafters

2  further seeks a declaration that defendants and each of them have an obligation under their

3  respective policies to settle the *Snow* Action and indemnify LensCrafters for such

4  settlement, or to pay all legal liabilities that LensCrafters may incur in the future as a

5  consequence of the *Snow* Action should it not be settled now.

6      40.    By reason of the foregoing, an actual and justiciable controversy presently

7  exists between LensCrafters and defendants concerning their duty to indemnify

8  LensCrafters on connection with the *Snow* Action.

9      WHEREFORE, LensCrafters requests this Court to enter a judgment as follows:

10      With respect to the First Claim for Relief,

11      a.    a declaration that defendants have a duty under the terms and

12  conditions of their policies to indemnify LensCrafters in full for all legal liabilities that may

13  be incurred in connection with the *Snow* Action, and must fund any reasonable settlement of

14  that action, subject only to the limits of liability set forth in the various policies; or if

15  defendants fail to agree to and fund a reasonable settlement within policy limits, that they

16  are liable for the full amount of any liability incurred by LensCrafters even if it exceeds

17  their policy limits;

18      b.    LensCrafters' costs of suit incurred herein; and

19      c.    for such other, further, and/or different relief as the Court may deem

20  just and proper.

DATED: May 31, 2007    HELLER EHRMAN LLP

By  *Richard DeNatale* (signature)

    Richard DeNatale

Attorneys for Plaintiffs
LENSCRAFTERS, INC. and EYEXAM OF
CALIFORNIA, INC.

COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL

1

**DEMAND FOR JURY TRIAL**

2       Plaintiffs LensCrafters, Inc. and EYEXAM of California, Inc. hereby demand trial

3   by jury.

4
    DATED:  May 31, 2007                    HELLER EHRMAN LLP
5

6

7                                     By _____
8                                         Richard DeNatale

9                                     Attorneys for Plaintiff
                                      LENSCRAFTERS, INC. and EYEXAM OF
10                                    CALIFORNIA, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL