RICHARD DeNATALE (California Bar No. 121416)
CELIA M. JACKSON (California Bar No. 124508)
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268
Email: richard.denatale@hellerehrman.com
Email: celia.jackson@hellerehrman.com

Attorneys for Plaintiffs
LENSCRAFTERS, INC. and EYEXAM OF
CALIFORNIA, INC.

ORIGINAL FILED

MAY 3 1 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-Filing

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LENSCRAFTERS, INC.; and EYEXAM OF CALIFORNIA, INC.;

Plaintiffs,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY; and WESTCHESTER FIRE INSURANCE COMPANY,

Defendants.

Case No. C 07-2853 EMC

NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING

[LOCAL RULE 3.13]

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD AND TO THE COURT:

Pursuant to Local Rule 3-13, Plaintiffs LensCrafters, Inc. and EYEXAM of

California, Inc. ("LensCrafters") give notice of the pendency of the following actions:[1]

1. *LensCrafters, Inc. et al. v. Liberty Mutual Fire Insurance Company et al.*, United States District Court for the Northern District of California, Oakland Division, Case No. C 04-1001 SBA ("First LensCrafters Action"); and

2. *United States Fire Insurance Company v. Luxotica U.S. Holdings Corp. et al.*, Supreme Court of the State of New York, County of New York, Case No. 07107338 ("U.S. Fire New York Action").

We describe below each of these actions and their relationship to the instant action.

**The First LensCrafters Actions**

The First LensCrafters Action and the instant action are related cases. Both concern a dispute over insurance coverage for LensCrafters' alleged liability in a putative class action entitled *Melvin Gene Snow, et al. v. LensCrafters, Inc., et al.*, San Francisco Superior Court Case No. CGC-02-40554 (the "*Snow* Action").

In March 2004, LensCrafters filed the First LensCrafters Action to obtain both defense and indemnity coverage for the *Snow* Action. Upon cross-motions for summary judgment, the Court issued an Order determining that the two insurance company defendants in that case have a duty to defend LensCrafters against the *Snow* Action. That summary judgment ruling is presently on appeal before the Ninth Circuit Court of Appeals.

By stipulation of the parties, LensCrafters' claims for indemnity alleged in the First LensCrafters Action were dismissed without prejudice as not ripe for adjudication. The June 21, 2005 Stipulation and Order dismissing the indemnity claims on that ground provided that: (1) any party to the stipulation could file a new action to adjudicate the dismissed indemnity claims, (2) such action must be filed in the Federal District Court for the Northern District of California, and (3) the parties to the stipulation consent to exclusive

---

[1] Because the complaint in this action has not yet been served, and thus no counsel has appeared for any named defendant, LensCrafters will serve this notice on each of the defendants' agents for service of process along with the complaint, and will file proofs of service with the Court once that occurs. LensCrafters will also file a copy of this notice in the First LensCrafters Action, serve it on all parties to that action, and provide a Chambers copy to Judge Armstrong, to whom that case is assigned.

NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING

jurisdiction and venue of such an action in this Court. The instant action is the new action that was provided for in the Court's Order dismissing the indemnity claims; it is being filed now because settlement negotiations in the underlying *Snow* litigation have progressed to the point that the issue of which insurers must indemnify LensCrafters for a judgment or settlement of the *Snow* Action is now ripe for consideration.

Accordingly, the instant action is related to the First LensCrafters Action. There are several additional factors that demonstrate that the two cases filed by LensCrafters in this Court are related. Both of the plaintiffs in the instant action were also plaintiffs in the First LensCrafters Action. Likewise, there is an overlap of defendants in the two cases, as both of the insurance company defendants from the First LensCrafters Action are defendants in the instant action (three additional insurance companies have been added to fully resolve the issues in one proceeding). The two actions involve the same underlying putative class action suit against LensCrafters, the same transactions and events that gave rise to the underlying suit, the same insurance policies (there are some additional policies at issue in the instant action), and substantially the same insurance policy interpretation and coverage issues, including issues that already are the subject of a summary judgment order in the First LensCrafters Action.

These two pending actions should be coordinated by assigning the instant action to the same Judge that has been handling the First LensCrafters Action. Coordination before the Judge that is already familiar with, and has issued summary judgment orders relating to, the complex insurance coverage issues involved in both cases would conserve resources of the Court, avoid duplication of effort, avoid conflicts that could arise from having two different judges addressing the same or substantially the same factual and legal issues, and promote the most efficient determination of the instant action.

**U.S. Fire's New York Action**

On May 24, 2007, U.S. Fire Insurance Company, one of the defendants in this action, filed a New York state court complaint seeking declaratory relief and contribution with respect to coverage for the *Snow* Action.

U.S. Fire's New York Action concerns the same subject matter and insurance policies as the instant action and, as noted, some of the same parties, though it does not include as a party EYEXAM of California, which is a defendant in the *Snow* Action and a plaintiff in the instant action (and in the First LensCrafters Action).

Lenscrafters was served with the New York complaint just today, and has not fully determined how it will respond or whether any form of coordination is available and appropriate.

Respectfully submitted,

DATED: May __, 2007         HELLER EHRMAN LLP

By _____
Richard DeNatale
Attorneys for Plaintiffs
LENSCRAFTERS, INC. and
EYEXAM OF CALIFORNIA, INC.