ROBERT D. DENNISON, ESQ., CSB #127498
GARY L. GREEN, ESQ., CSB #82218
HARRIS, GREEN & DENNISON
5959 West Century Boulevard, Suite 1100
Los Angeles, California 90045
Telephone: (310) 665-8656 Facsimile: (310) 665-8659
Email: robertdennison@h-glaw.net
Email: garygreen@h-glaw.net

Attorneys for Defendant,
WESTCHESTER FIRE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENSCRAFTERS, INC.; and EYEXAM OF CALIFORNIA, INC., <br><br> Plaintiff, <br> vs. <br><br> LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY; and WESTCHESTER FIRE INSURANCE COMPANY, <br><br> Defendant | Case No.: C 07 2853 SBA <br><br> ANSWER OF WESTCHESTER FIRE INSURANCE COMPANY TO COMPLAINT <br><br> DEMAND FOR JURY TRIAL |

Defendant Westchester Fire Insurance Company, by and through its counsel, answers Plaintiffs' Complaint in this action, as follows:

1. Westchester admits that it issued umbrella liability insurance policies naming plaintiffs as insureds, and that such policies contain a duty to indemnify insureds for liability for covered damages. Westchester lacks sufficient information to admit or deny the remaining allegations in ¶1 of the Complaint and therefore denies same.

2. Westchester admits that plaintiffs have been sued in the referenced litigation, that in 2004 plaintiffs brought an action against Liberty Mutual concerning coverage for the Snow action,

1

that Liberty Mutual and ERSIC were found by the court in that coverage action to have a duty to defend plaintiffs in the Snow action and that no determination as to indemnity issues was made. Westchester otherwise denies the remaining allegations in ¶2 of the Complaint.

3. Westchester objects to any allegations which disclose mediation communications which are privileged and confidential under California law. Otherwise, Westchester denies each and every allegation in ¶3 of the Complaint.

4. Westchester admits there is a controversy between plaintiffs and its insurers, including Westchester, with regard to coverage for the Snow action, and otherwise denies each and every allegation in ¶4 of the Complaint.

5. Westchester admits, on information and belief, the allegations in ¶5 of the Complaint.

6. Westchester admits, on information and belief, the allegations in ¶6 of the Complaint.

7. Westchester lacks sufficient information to admit or deny the remaining allegations in ¶7 of the Complaint and therefore denies same.

8. Westchester lacks sufficient information to admit or deny the remaining allegations in ¶8 of the Complaint and therefore denies same.

9. Westchester lacks sufficient information to admit or deny the remaining allegations in ¶9 of the Complaint and therefore denies same.

10. Westchester lacks sufficient information to admit or deny the remaining allegations in ¶10 of the Complaint and therefore denies same.

11. Westchester admits that it is a New York corporation with a principal place of business in Philadelphia, Pennsylvania. Westchester otherwise denies the remaining allegations in ¶11 of the Complaint.

12. Westchester admits the allegations in ¶12.

13. Westchester admits that venue is proper in this District but further notes that there is pending an action on these same issues in New York state court in which it is alleged that venue is proper in that forum.

14. Westchester admits that each of the defendants in this action issued liability insurance policies to plaintiffs, and otherwise denies the allegations in ¶14 of the Complaint.

15. Westchester denies the allegations in ¶15 as to its insurance policies and plaintiffs' conformance to their duties thereunder, and otherwise lacks sufficient information to admit or deny the remaining allegations in ¶15 of the Complaint and therefore denies same.

16. Westchester admits, on information and belief, that Liberty Mutual issued annual primary commercial general liability insurance coverage for each of the stated policy periods. Westchester lacks sufficient information to admit or deny the remaining allegations in ¶16 of the Complaint and therefore denies same.

17. Westchester admits that plaintiffs are insureds to Liberty Mutual's primary commercial general liability insurance coverage referenced in ¶16 of the Complaint. The contents of such policies speak for themselves and the court is respectfully referred to the policies for their respective contents. Westchester denies any allegations in ¶17 which are contrary to the contents and legal effect of the Liberty Mutual policies. Except as admitted, Westchester denies each and every allegation in ¶17.

18. Westchester admits, on information and belief, that Executive Risk Insurance Company ("ERIC") issued primary liability insurance coverage during the stated policy period, covering both plaintiffs. Westchester lacks sufficient information to admit or deny the remaining allegations in ¶18 of the Complaint and therefore denies same.

19. Westchester states that the contents of the ERSIC insurance policy speaks for itself and the court is respectfully referred to the policy for its contents. Westchester denies any allegations in ¶19 which are contrary to the contents and legal effect of the ERSIC policy. Except as admitted, Westchester denies each and every allegation in ¶19.

20. Westchester admits that United States Fire Insurance Company ("U.S. Fire") issued to plaintiffs annual umbrella liability insurance policies for the stated policy periods. Westchester lacks sufficient information to admit or deny the remaining allegations in ¶20 of the Complaint and therefore denies same.

/ / /

21. Westchester admits that the U.S. Fire umbrella insurance policies issued to plaintiffs contain $25 million policy limits. Westchester states that the contents of the U.S. Fire insurance policies speak for themselves and the court is respectfully referred to the policies for their respective contents. Westchester denies any allegations in ¶21 which are contrary to the contents of the U.S. Fire policies. Except as admitted, Westchester denies each and every allegation in ¶21.

22. Westchester admits that Markel American Insurance Company ("Markel") issued to plaintiffs an umbrella liability insurance policy for the stated policy period. Westchester lacks sufficient information to admit or deny the remaining allegations in ¶22 of the Complaint and therefore denies same. Except as admitted, Westchester denies each and every allegation in ¶22.

23. Westchester admits that the Markel umbrella insurance policy issued to plaintiffs contains $15 million policy limits. Westchester states that the contents of the Markel insurance policy speaks for itself and the court is respectfully referred to the policy for its contents. Westchester denies any allegations in ¶23 which are contrary to the contents of the Markel policy. It is further stated that the allegations in ¶23 are plaintiffs' characterization and interpretation of the coverage in Markel's umbrella policy and Westchester denies that the characterization and interpretation fully and accurately describes the terms and conditions of the Markel policy. Except as admitted, Westchester denies each and every allegation in ¶23.

24. Westchester admits that it issued to plaintiffs an excess liability insurance policy, with limits of $10 million each occurrence, $10 million general aggregate and $10 million products/completed operations aggregate, excess of the Markel umbrella liability insurance policy, for the referenced policy period. Westchester admits that the excess policy in part follows form to the Markel umbrella policy. Westchester states that the contents of the Westchester excess policy speaks for itself and the court is respectfully referred to the policy for its contents. Westchester denies any allegations in ¶24 which are contrary to the contents of the Markel policy. It is further stated that the allegations in ¶24 are plaintiffs' characterization and interpretation of the coverage in Westchester's excess policy and Westchester denies that the characterization and interpretation fully and accurately describes the terms and conditions of the Westchester policy. Except as admitted, Westchester denies each and every allegation in ¶24.

25. Westchester admits the allegations in ¶25.

26. Westchester admits that the Westchester umbrella policies contain limits of $25 million, in excess of the "Retained Limit," per occurrence and in the aggregate. Westchester states the contents of the Westchester umbrella policies speak for themselves and the court is respectfully referred to the policies for their contents. Westchester denies any allegations in ¶26 which are contrary to the contents of the Westchester umbrella policies. It is further stated that the allegations in ¶26 are plaintiffs' characterization and interpretation of the coverage in Westchester's umbrella policies and Westchester denies that the characterization and interpretation fully and accurately describes the terms and conditions of the Westchester policies. Except as admitted, Westchester denies each and every allegation in ¶26.

27. Westchester admits, on information and belief, the allegations in ¶27.

28. Westchester admits that the allegations in the operative complaint in the underlying Snow action include allegations that the defendants in that action violated the rights to privacy of the purported class members and that such claims are said to be based on violations of the California Confidentiality of Medical Information Act. On information and belief, Westchester denies the remaining allegations in ¶28. Except as admitted, Westchester denies each and every allegation in ¶28.

29. Westchester denies it was given timely notice of the Snow action. Westchester lacks sufficient information to admit or deny the remaining allegations in ¶29 of the Complaint and therefore denies same. Except as admitted, Westchester denies each and every allegation in ¶29.

30. Westchester admits, on information and belief, the allegations in ¶30.

31. Westchester admits that in Lenscrafters' previous coverage action against Liberty Mutual and ERSIC, the court entered an order finding Liberty Mutual and ERSIC had a duty to defend the Snow action. The contents of the order speak for themselves and the court is referred to the order for its contents. Westchester denies any allegations in ¶31 which are contrary to the contents of the order. Except as admitted, Westchester denies each and every allegation in ¶31.

32. Westchester lacks sufficient information to admit or deny the allegations in ¶32 of the Complaint and therefore denies same.

33. Westchester lacks sufficient information to admit or deny the allegations in ¶33 of the Complaint and therefore denies same.

34. Westchester objects to any violation of the mediation privilege under California law with regard to the allegations in ¶34, including any allegations with regard to mediation discussions and/or mediation progress. Without waiving this objection, Westchester responds to ¶34 by stating that it lacks sufficient information to admit or deny the allegations in such paragraph and therefore denies same. Except as admitted, Westchester denies each and every allegation in ¶34.

35. Westchester objects to any violation of the mediation privilege under California law with regard to the allegations in ¶35, including any allegations with regard to mediation discussions and/or mediation progress. Without waiving this objection, Westchester responds to ¶35 by stating that it denies that its excess and/or umbrella policies' respective coverage has been triggered by exhaustion of applicable underlying insurance coverage and further admits that it has raised applicable coverage defenses with regard to potential indemnity coverage for the claims in the Snow action. On information and belief, Westchester denies the remaining allegations in ¶35. Except as admitted, Westchester denies each and every allegation in ¶35.

36. Westchester admits that there are disputes between the parties hereto with regard to insurance coverage for the claims in the Snow action and/or indemnity obligations of the respective insurer defendants for such claims. Westchester lacks sufficient information to admit or deny the remaining allegations in ¶36 of the Complaint and therefore denies same. Except as admitted, Westchester denies each and every allegation in ¶36.

### First Claim for Relief
### Declaratory Judgment re Defendants' Duty to Indemnify

37. With regard to the allegations contained in paragraph "37" of the Plaintiffs' Complaint, Westchester repeats its answers to paragraph "1" through "36", inclusive, with the same force and effect as if set forth fully at length herein.

38. Westchester denies that its excess and/or umbrella liability insurance policies have been triggered as alleged and further denies that Westchester's policies have coverage for all legal liabilities plaintiffs may incur in the Snow action. On information and belief, Westchester denies

the remaining allegations in ¶38. Except as admitted, Westchester denies each and every allegation in ¶38.

39. Westchester denies each and every allegation contained in ¶39 and specifically denies that plaintiffs, or either of them, are entitled to the declarations sought in such paragraph.

40. Westchester admits, on information and belief, that there is a justiciable controversy between it and plaintiffs as to Westchester's duty to indemnify plaintiffs with regard to the claims in the Snow action. On information and belief, Westchester denies the remaining allegations in ¶40. Except as admitted, Westchester denies each and every allegation in ¶40.

41. As to the prayer for relief sought at page 10, lines 9-20, of the Complaint, Westchester denies that plaintiffs are entitled to the declarations or other relief sought in the prayer, or any other relief as against this answering defendant.

## FIRST AFFIRMATIVE DEFENSE

42. The Complaint fails to state a claim against Westchester upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

43. The Complaint is barred, in whole or in part, due to the failure of plaintiffs to comply with express conditions in the Westchester policies, including but not limited to the failure to comply with the warranty of maintenance of scheduled underlying liability insurance coverage (Condition M) and/or the failure to provide prompt notice of an "occurrence" or suit (Condition E).

## THIRD AFFIRMATIVE DEFENSE

44. The Complaint is barred, in whole or in part, to the extent the claims in the Snow action do not constitute claims for "damages" for "bodily injury," "property damage," "advertising injury" and/or "personal injury," as those terms are used or contained in some or all of the Westchester policies.

## FOURTH AFFIRMATIVE DEFENSE

45. The Complaint is barred, in whole or in part, to the extent the claims in the Snow action do not assert an "occurrence" which is covered by the respective Westchester policies.

///

### FIFTH AFFIRMATIVE DEFENSE

46. The Complaint is barred, in whole or in part, to the extent the claims in the Snow action assert an offence, included within the definition of "personal injury," which did not occur during the respective policy periods for the Westchester policies.

### SIXTH AFFIRMATIVE DEFENSE

47. The Complaint is barred, in whole or in part, in that there has not been exhaustion of underlying insurance policy limits and other applicable insurance and/or applicable self-insured retentions.

### SEVENTH AFFIRMATIVE DEFENSE

48. The Complaint is barred, in whole or in part, by virtue of the application of one or more of the endorsements and/or exclusions in the Westchester policies.

### EIGHTH AFFIRMATIVE DEFENSE

49. The Complaint is barred, in whole or in part, in that Westchester is excess to applicable liability insurance by virtue of the "Other Insurance" condition to the Westchester policies (Condition H).

### NINTH AFFIRMATIVE DEFENSE

50. The Complaint is barred, in whole or in part, to the extent the claims in the Snow Action include intentional conduct and/or assert injury expected or intended by plaintiffs.

### TENTH AFFIRMATIVE DEFENSE

51. The Complaint is barred, in whole or in part, to the extent the damage, injury or loss was known prior to the inception of the respective Westchester policies, per the "Known Injury or Damage Endorsement" contained in each of the policies.

### ELEVENTH AFFIRMATIVE DEFENSE

52. The Complaint is barred, in whole or in part, to the extent the claims in the Snow Action include claims for exemplary or punitive damages, fines and/or penalties.

///

## TWELFTH AFFIRMATIVE DEFENSE

53. Westchester reserves the right to assert additional defenses which cannot now be articulated due to plaintiffs' failure to particularize their claim and/or the lack of discovery on the issues in the Complaint.

WHEREFORE, defendant Westchester Fire Insurance Company seeks judgment as follows:

1. Judgment dismissing the case;

2. Judgment in Westchester's favor on its affirmative defenses;

3. Judgment that the coverage in Westchester's policy is not triggered with regard to the Snow Action and the claims therein; and,

4. For such other and further relief as the Court may deem just and appropriate.

DATED: July 18, 2007               HARRIS, GREEN & DENNISON
                                    A Professional Corporation

                                    By: _____
                                    ROBERT D. DENNISON,
                                    Attorneys for Defendant,
                                    WESTCHESTER FIRE INSURANCE COMPANY

## DEMAND FOR JURY TRIAL

Defendant Westchester Fire Insurance Company hereby demands trial by jury as allowed by Rule 38 of the Federal Rules of Civil Procedure.

DATED: July 18, 2007               HARRIS, GREEN & DENNISON
                                    A Professional Corporation

                                    By: _____
                                    ROBERT D. DENNISON,
                                    Attorneys for Defendant,
                                    WESTCHESTER FIRE INSURANCE COMPANY

9

ANSWER OF WESTCHESTER FIRE INSURANCE COMPANY TO COMPLAINT
DEMAND FOR JURY TRIAL
Case No. C 07 2853 SBA

## PROOF OF SERVICE

I, SHIRLEY AOKI, am employed in the aforesaid county, State of California: I am over the age of 18 years and not a party to the within action: my business address is 5959 West Century Boulevard, Suite 1100, Los Angeles, California 90045.

On July 18, 2007, I served the following document described as:

ANSWER OF WESTCHESTER FIRE INSURANCE COMPANY TO COMPLAINT

DEMAND FOR JURY TRIAL

**VIA THE UNITED STATES DISTRICT COURT ELECTRONIC FILING SERVICE** on interested parties in this action set forth below:

| | |
|---|---|
| Richard DeNatale, Esq.<br>Celia M. Jackson, Esq.<br>Heller Ehrman LLP<br>333 Bush Street<br>San Francisco, CA 94104-2878<br>Tel.: (415) 772-6000 Fax: (415) 772-6268<br>Email: richard.denatale@hellerehrman.com<br>celia.jackson@hellerehrman.com | Attorneys for Plaintiffs,<br>Lenscrafters, Inc., Eyexam of California, Inc. |
| Terrence R. McInnis, Esq.<br>Ross, Dixon & Bell, LLP<br>5 Park Plaza, Suite 1200<br>Irvine, CA 92614<br>Tel.: (949) 622-2700 Fax: (949) 622-2739<br>Email: tmcinnis@rdblaw.com | Attorneys for Defendant,<br>Executive Risk Specialty Insurance Company |
| Alex F. Stuart, Esq.<br>Willoughby, Stuart & Bening<br>Fairmont Plaza<br>50 West San Fernando, Suite 400<br>San Jose, CA 95113<br>Tel.: (408) 289-1972 Fax: (408) 295-6375<br>Email: afs@wsblaw.net | Attorneys for Defendant,<br>Liberty Mutual Insurance Company |

| | | |
|---|---|---|
| 1 | Mark Craig Goodman, Esq.<br>Amy Rose, Esq. | Attorneys for Defendant,<br>United States Fire Insurance Company |
| 2 | Squire, Sanders & Dempsey, L.L.P.<br>One Maritime Plaza, Suite 300 | |
| 3 | San Francisco, CA 94111-3492<br>Tel.: (415) 954-0289 Fax: (415) 393-9887 | |
| 4 | Email: mgoodman@ssd.com<br>arose@ssd.com | |

Chip Cox, Esq.
Attorney at Law
465 California Street, Suite 500
San Francisco, CA 94104
Tel.: (415) 397-2222 Fax: (415) 397-6392
Email: chipc@longlevit.com

Attorney for Defendant,
Markel American Insurance Company

Executed on July 18, 2007, at Los Angeles, California. I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
SHIRLEY AOKI

2

PROOF OF SERVICE
Case No C 07 2853 SBA