1   ROBERT D. DENNISON, ESQ., CSB #127498
    GARY L. GREEN, ESQ., CSB #82218
2   HARRIS, GREEN & DENNISON
    5959 West Century Boulevard, Suite 1100
3   Los Angeles, California 90045
    Telephone: (310) 665-8656 Facsimile: (310) 665-8659
4   Email: robertdennison@h-glaw.net
    Email: garygreen@h-glaw.net
5

6   Attorneys for Defendant, Counter-Claimant and Cross-Claimant,
    WESTCHESTER FIRE INSURANCE COMPANY
7

8              IN THE UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                                    )  Case No.: C 07 2853 SBA
                                      )
11  LENSCRAFTERS, INC.; and EYEXAM OF )  COUNTER-CLAIM AND CROSS-CLAIM OF
    CALIFORNIA, INC.,                 )  WESTCHESTER FIRE INSURANCE
12                                    )  COMPANY FOR DECLARATORY RELIEF
                                      )
13              Plaintiff,            )
                                      )
14          vs.                       )
                                      )
15  LIBERTY MUTUAL FIRE INSURANCE     )
    COMPANY; EXECUTIVE RISK SPECIALTY )
16  INSURANCE COMPANY; UNITED STATES  )
    FIRE INSURANCE COMPANY; MARKEL    )
17  AMERICAN INSURANCE COMPANY; and   )
    WESTCHESTER FIRE INSURANCE        )
18  COMPANY,                          )
                                      )
19                                    )
            Defendant                 )
20  _____  )
                                      )
21  WESTCHESTER FIRE INSURANCE        )
    COMPANY,                          )
22                                    )
            Counter-Claimant and Cross-Claimant, )
23                                    )
          vs.                         )
24                                    )
    LENSCRAFTERS, INC.; EYEXAM OF     )
25  CALIFORNIA, INC.,                 )
                                      )
26                                    )
          Counter-Defendants,         )
27                                    )

28

                                1

1  LIBERTY MUTUAL FIRE INSURANCE                    )
   COMPANY; EXECUTIVE RISK                          )
2  SPECIALTY INSURANCE COMPANY;                     )
   UNITED STATES FIRE INSURANCE                     )
3  COMPANY; and MARKEL AMERICAN                     )
   INSURANCE COMPANY,                               )
4                                                   )
5          Cross-Defendants.                        )
                                                    )
6  ─────────────────────────────────────────────── )

7          Defendant, Counter-Claimant and Cross-Claimant Westchester Fire Insurance Company

8  ("Westchester Fire") alleges as follows:

9                                **INTRODUCTION**

10         1.      This counter-claim and cross-claim seeks declarations and adjudications with respect

11  to  Westchester  Fire's  duty  to  indemnify  counter-defendants  LENSCRAFTERS,  INC.

12  ("LensCrafters") and EYEXAM OF CALIFORNIA, INC. ("Eyexam") as to an underlying civil

13  action entitled *Melvin Gene Snow, et al. v. LensCrafters, Inc., et al.*, filed in the Superior Court of

14  the State of California for the County of San Francisco as Case No. CGC-02-40554 (the "*Snow*

15  action").  (Lenscrafters and Eyexam are collectively referred to herein as "plaintiffs".)  In the

16  alternative, Westchester Fire seeks declarations and adjudications concerning the respective rights

17  and obligations of the insurer cross-defendants to potentially indemnify plaintiffs against the *Snow*

18  action.

19         2.      There is a present, active controversy between Westchester Fire, LensCrafters and

20  Eyexam, and the other insurer defendants, concerning insurance coverage, if any, for the *Snow*

21  action under the insurer defendants' respective insurance policies.  A declaration of rights and

22  obligations by this court is appropriate at this time so that the parties may know their respective

23  rights and obligations, if any, with respect to insurance coverage for the *Snow* action.

24                                **THE PARTIES**

25         3.      Westchester Fire is a New York corporation authorized to transact business as an

26  insurer in the State of California and other states.

27         4.      Westchester Fire is informed and believes, and based thereon alleges, that

28  LensCrafters is an Ohio corporation with its principal place of business in the State of Ohio.

                                            2

1    5.    Westchester Fire is informed and believes, and based thereon alleges, that Eyexam is

2    a California corporation with its principal place of business in the State of Ohio.

3    6.    Westchester Fire is informed and believes, and based thereon alleges, that cross-

4    defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") is a Massachusetts

5    corporation whose principal place of business is unknown.

6    7.    Westchester Fire is informed and believes, and based thereon alleges, that cross-

7    defendant Executive Risk Insurance Company ("ERSIC") is a Connecticut corporation whose

8    principal place of business is unknown.

9    8.    Westchester Fire is informed and believes, and based thereon alleges, that cross-

10   defendant United States Fire Insurance Company ("U.S. Fire") is a Delaware corporation whose

11   principal place of business is unknown.

12   9.    Westchester Fire is informed and believes, and based thereon alleges, that cross-

13   defendant Markel American Insurance Company ("Markel American") is a Virginia corporation

14   whose principal place of business is unknown.

15   **JURISDICTION**

16   10.    This Court has jurisdiction pursuant to 28 U.S.C. sections 1332 and 2201.

17   Westchester is informed and believes there is complete diversity of citizenship between Westchester

18   Fire and counter-defendants and cross-defendants, and the amount in controversy exceeds the sum

19   of $75,000, exclusive of interests and costs.  An actual controversy within the meaning of 28 U.S.C.

20   section 2201 exists among the parties.

21   11.    Venue is proper in the Northern District of California pursuant to 28 U.S.C. section

22   1391, because the alleged events and omissions giving rise to this Counter-Claim are alleged to

23   have occurred in this District.

24   **FACTUAL BACKGROUND**

25   **The *Snow* Action**

26   12.    The *Snow* action is a putative class action alleging purported causes of action for,

27   among other things, violation of the California Unfair Business Practices Act, the California

28   Consumer Legal Remedies Act and the California Confidentiality of Medical Information Act.  It is

3

1    generally alleged that optometrists and opticians were unlawfully co-located in stores operated by

2    LensCrafters in the State of California, and that confidential patient information was improperly

3    shared among optometrists, opticians and other employees of LensCrafters and/or Eyexam.  The

4    *Snow* action seeks injunctive relief, statutory damages, compensatory damages, and other relief.

5        13.    Plaintiffs have requested that Westchester Fire and the other insurer cross-defendants

6    agree to indemnify it for any judgment or settlement in the *Snow* Action.

7    **LensCrafters' and Eyexam's Insurance Policies**

8        14.    Westchester Fire is informed and believes, and based thereon alleges, that plaintiffs

9    are named insureds under commercial general liability policies Liberty Mutual issued to plaintiffs'

10   parent company for eight consecutive annual policy periods from February 1, 1998 through

11   February 1, 2006 (the "Liberty Mutual Policies"), and that each of the Liberty Mutual Policies has

12   liability limits of $3 million each occurrence and $6 million in the aggregate per location.

13       15.    Westchester Fire is informed and believes, and based thereon alleges, that plaintiffs

14   are named insureds under a Managed Care Organization Errors and Omissions Liability policy

15   issued by ERSIC for a policy period from November 12, 2001 to November 1, 2002 (the "ERSIC

16   Policy"), and that the ERSIC Policy has liability limits of $3 million for each claim or related

17   claims and $3 million in the aggregate.

18       16.    Westchester Fire is informed and believes, and based thereon alleges, that plaintiffs

19   are named insureds under commercial umbrella policies U.S. Fire issued to plaintiffs' parent

20   company for three consecutive annual policy periods from February 1, 1998 to February 1, 2001

21   (the "U.S. Fire Policies"), and that each of the U.S. Fire Policies has liability limits of $25 million in

22   excess of the retained limit for each occurrence and in the aggregate.

23       17.    Westchester Fire is informed and believes, and based thereon alleges, that

24   LensCrafters and Eyexam are named insureds under a commercial umbrella policy Markel

25   American issued to plaintiffs' parent company for a policy period from February 1, 201 to February

26   1, 2002 (the "Markel American Policy"), and that the Markel American Policy has liability limits of

27   $15 million per occurrence and in the aggregate in excess of the underlying insurance.

28   / / /

4

18.     Westchester Fire issued to plaintiffs' parent company an Excess Umbrella Policy, Policy No. MEA-675648, for a policy period from February 1, 2001 to February 1, 2002 (the "Westchester Fire Excess Policy"). The Westchester Fire Excess Policy is excess to, and follows form in part to, the Markel American Policy. The Westchester Fire Excess Policy has liability limits of $10 million per occurrence and in the aggregate in excess of the Markel American Policy.

19.     Westchester Fire also issued to plaintiffs' parent company the following commercial umbrella policies: Policy No. CUA-150963 for the policy period from February 1. 2002 to February 1, 2003; Policy No. CUA-706488 for the policy period from February 1, 2003 to February 1, 2004; Policy No. CUW-774410 for the policy period from February 1, 2004 to February 1, 2005; and Policy No. CUW-785695 for the policy period from February 1, 2005 to February 1, 2006 (collectively the "Westchester Fire Umbrella Policies"). Each of the Westchester Fire Umbrella Policies has liability limits of $25 million in excess of the retained limit per occurrence and in the aggregate.

## FIRST CLAIM FOR RELIEF FOR DECLARATORY RELIEF

20.     Westchester Fire repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 19, inclusive, of this Counter-Claim and Cross-Claim.

21.     An actual controversy exists between Westchester Fire, on one hand, and plaintiffs, on the other hand, concerning their respective duties and rights under the Westchester Fire Excess Policy and the Westchester Fire Umbrella Policies. Westchester Fire is informed and believes, and based thereon alleges, that plaintiffs contend Westchester Fire is obligated to indemnify them with respect to a potential judgment or settlement in the *Snow* Action; whereas Westchester Fire contends that it has no obligation to indemnify plaintiffs, or either of them, and/or that the extent of its obligation is not as extensive as contended by plaintiffs.

22.     Plaintiffs are not entitled to coverage under the Westchester Fire Excess Policy or the Westchester Fire Umbrella Policies for the *Snow* Action for one or more of the following reasons:

a.     The *Snow* Action does not allege damages that would constitute "bodily injury", "property damage", "advertising injury" or "personal injury" as those terms are defined in the Westchester Fire Excess Policy or the Westchester Fire Umbrella Policies;

5

b.     The Westchester Fire Umbrella Policies each contain the "Known Injury Or Damage Endorsement", which would preclude coverage under all of the Westchester Fire Umbrella Policies after the February 1, 2002 to February 1, 2003 policy period;

c.     The Westchester Fire Excess Policy and the Westchester Fire Umbrella Policies do not provide coverage for punitive or exemplary damages, fines or penalties;

d.     Plaintiffs failed to provide timely and adequate notice of the *Snow* Action as required by the Westchester Fire Excess Policy and the Westchester Fire Umbrella Policies;

e.     LensCrafters and Eyeexam have failed to obtain and maintain underlying insurance as required by the Westchester Fire Excess Policy and the Westchester Fire Umbrella Policies;

f.     The limits of liability of the Liberty Mutual primary policies and the Markel American umbrella policy have not been completely and properly exhausted.

23.     Westchester Fire desires a judicial determination and declaration that the Westchester Fire Excess Policy and the Westchester Fire Umbrella Policies do not obligate Westchester Fire to indemnify plaintiffs against the *Snow* Action and/or as to the extent of any such obligation to indemnify. A declaration of rights by this Court is appropriate at this time so that the parties may know their respective rights and obligations, if any, with respect to their controversies and disputes, and to avoid a multiplicity of actions.

## SECOND CLAIM OF RELIEF FOR DECLARATORY RELIEF

24.     Westchester Fire repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 19, inclusive, of this Counter-Claim and Cross-Claim.

25.     While Westchester Fire denies that it owes plaintiffs any duty to indemnify with respect to the *Snow* Action, to the extent any such obligation is imposed upon Westchester Fire, Westchester Fire contends that it is excess to, or entitled to contribution or indemnification from, Liberty Mutual, ERSIC, U.S. Fire, and/or Markel American. A declaration of the respective coverage in the respective insurance policies issued by the various insurer cross-defendants is necessary with regard to indemnity coverage for the *Snow* Action.

26.     Westchester Fire desires a judicial determination and declaration that Westchester Fire's obligations, if any, to plaintiffs are excess to, or that it is entitled to contribution or

6

indemnification from, Liberty Mutual, ERSIC, U.S. Fire and/or Markel American. A declaration of rights by this Court is appropriate at this time so that the parties may know their respective rights and obligations, if any, with respect to their controversies and disputes, and to avoid a multiplicity of actions.

WHEREFORE, Westchester Fire requests this Court to enter judgment as follows:

1.    With respect to the First Claim for Relief, a declaration that Westchester Fire has no duty to indemnify plaintiffs for any judgment or settlement in the *Snow* Action or in the alternative a declaration as to the extent of Westchester Fire's obligations to indemnify plaintiffs;

2.    With respect to the Second Claim for Relief, a declaration as to the respective duties of the cross-defendants Liberty Mutual, ERSIC, U.S. Fire and/or Markel American with regard of indemnification obligations for the *Snow* Action and/or that Westchester Fire is entitled to contribution or indemnification from Liberty Mutual, ERSIC, U.S. Fire and/or Markel American for any obligation imposed on Westchester Fire to indemnify with respect to the *Snow* Action;

3.    For costs of suit incurred in this action; and

4.    For such other and further relief as the court deems just and proper.

DATED:    July 18, 2007

HARRIS, GREEN & DENNISON
A Professional Corporation


By: _____
ROBERT D. DENNISON,
Attorneys for Defendant, Counter-Claimant and
Cross-Claimant,
WESTCHESTER FIRE INSURANCE COMPANY

7

1

## PROOF OF SERVICE

2      I,  SHIRLEY AOKI, am employed in the aforesaid county, State of California:  I am over
the age of 18 years and not a party to the within action: my business address is 5959 West Century
3  Boulevard, Suite 1100, Los Angeles, California 90045.

4      On July 18, 2007, I served the following document described as:

5

COUNTER-CLAIM AND CROSS-CLAIM OF WESTCHESTER FIRE INSURANCE
6                        COMPANY FOR DECLARATORY RELIEF

7  **VIA THE UNITED STATES DISTRICT COURT ELECTRONIC FILING SERVICE** on
interested parties in this action set forth below:

8

9   Richard DeNatale, Esq.                    Attorneys for Plaintiffs,
    Celia M. Jackson, Esq.                    Lenscrafters, Inc., Eyexam of California, Inc.
10  Heller Ehrman LLP
    333 Bush Street
11  San Francisco, CA  94104-2878
    Tel.: (415) 772-6000 Fax: (415) 772-6268
12  Email: richard.denatale@hellerehrman.com
    celia.jackson@hellerehrman.com
13

14  Terrence R. McInnis, Esq.                 Attorneys for Defendant,
    Ross, Dixon & Bell, LLP                   Executive Risk Specialty Insurance Company
15  5 Park Plaza, Suite 1200
    Irvine, CA 92614
16  Tel.: (949) 622-2700 Fax: (949) 622-2739
    Email: tmcinnis@rdblaw.com
17

18  Alex F. Stuart, Esq.                      Attorneys for Defendant,
    Willoughby, Stuart & Bening               Liberty Mutual Insurance Company
19  Fairmont Plaza
    50 West San Fernando, Suite 400
20  San Jose, CA 95113
    Tel.: (408) 289-1972 Fax: (408) 295-6375
21  Email: afs@wsblaw.net

22

23

24

PROOF OF SERVICE
Case No C 07 2853 SBA

1    Mark Craig Goodman, Esq.            Attorneys for Defendant,
     Amy Rose, Esq.                       United States Fire Insurance Company

2    Squire, Sanders & Dempsey, L.L.P.
     One Maritime Plaza, Suite 300

3    San Francisco, CA 94111-3492
     Tel.: (415) 954-0289 Fax: (415) 393-9887

4    Email: mgoodman@ssd.com
     arose@ssd.com

5

6    Chip Cox, Esq.                      Attorney for Defendant,
     Attorney at Law                  Markel American Insurance Company

7    465 California Street, Suite 500
     San Francisco, CA 94104

8    Tel.: (415) 397-2222 Fax: (415) 397-6392
     Email: chipc@longlevit.com

9

10

11    Executed on July 18, 2007, at Los Angeles, California. I certify (or declare) under penalty of
     perjury under the laws of the State of California that the foregoing is true and correct.

12

13

14                                 SHIRLEY AOKI

15

16

17

18

19

20

21

22

23

24

PROOF OF SERVICE
Case No C 07 2853 SBA