SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------X

UNITED STATES FIRE INSURANCE COMPANY,

                Plaintiff,

-against-

LUXOTTICA U.S. HOLDINGS CORP., LUXOTTICA GROUP S.p.A., UNITED STATES SHORE CORPORATION, LENSCRAFTERS, INC., EYEMED, INC., EYEMED VISION CARE LLC, EYEXAM 2000, LIBERTY MUTUAL FIRE INSURANCE COMPANY, MARKEL AMERICAN INSURANCE COMPANY, WESTCHESTER FIRE INSURANCE COMPANY,

                Defendants.
------------------------------------------------------X

Index No. 07/07338
Date Filed:
Plaintiff designates NEW YORK COUNTY as the place of trial

**SUMMONS**

NEW YORK
COUNTY CLERK'S OFFICE

MAY 24 2007

NOT COMPARED
WITH COPY FILE

TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within **20** days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of new York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
May 24, 2007

                                             CARROLL, McNULTY & KULL L.L.C.

                                             _____
                                             John P. DeFilippis
                                             Attorneys for Plaintiff
                                             570 Lexington Avenue – 10th Floor
                                             New York, New York 10022
                                             (212) 252-0004
                                             (212) 252-0444 – Fax

**Defendants' Addresses:**

Luxottica U.S. Holdings Corp.
44 Harbour Park Drive
Port Washington, New York 11050

Luxottica Group S.p.A.
44 Harbour Park Drive
Port Washington, New York 11050

United States Shore Corporation
44 Harbour Park Drive
Port Washington, New York 11050

Lenscrafters, Inc.
44 Harbour Park Drive
Port Washington, New York 11050

Eyemed, Inc.
4000 Luxottica Place
Mason, Ohio 45040-8114

Eyemed Vision Care LLC
4000 Luxottica Place
Mason, Ohio 45040-8114

Eyexam 2000
4000 Luxottica Place
Mason, Ohio 45040-8114

Liberty Mutual Fire Insurance Company
175 Berkley Street
Boston, Massachusetts 02116

Markel American Insurance Company
4521 Highwoods Parkway
Glen Allen, Virginia 23060

Westchester Fire Insurance Company
1133 Avenue of the Americas
New York, New York 10036

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY,<br><br>Plaintiff,<br>v.<br><br>LUXOTTICA U.S. HOLDINGS CORP., LUXOTTICA GROUP S.p.A., THE UNITED STATES SHOE CORPORATION, LENSCRAFTERS, INC., EYEMED, INC., EYEMED VISION CARE LLC, EYEXAM 2000, LIBERTY MUTUAL FIRE INSURANCE COMPANY, MARKEL AMERICAN INSURANCE COMPANY, WESTCHESTER FIRE INSURANCE COMPANY<br><br>Defendants. | Index Number:<br><br><br><br>**COMPLAINT** |

Plaintiff, UNITED STATES FIRE INSURANCE COMPANY ("U.S. FIRE"), by its attorneys, Carroll, McNulty & Kull L.L.C., as and for its Complaint for Declaratory Judgment alleges as follows:

## INTRODUCTION

1. This is a declaratory judgment action brought pursuant to CPLR 3001. The purpose of this action is to construe and determine the respective rights, legal obligations and legal relations of the parties in this action as is set forth below.

2. U.S. Fire seeks to resolve the controversy at issue as to what obligations, if any, it may have under certain insurance policies it issued.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff U.S. Fire is an insurance company organized under the laws of the State of Delaware with a principal place of business in Morristown, New Jersey.

4. U.S. Fire is and was, at all times relevant to this Complaint, duly authorized to transact business in the State of New York. At the time of the issuance of the U.S. Fire Policies, U.S. Fire was an insurance company organized under the laws of the State of New York.

5. Upon information and belief, Defendant Luxottica U.S. Holdings Corp. ("Luxottica Holdings") is a corporation organized under the laws of the State of Ohio with a principal place of business located at 44 Harbour Park Drive, Port Washington, New York.

6. Upon information and belief, at all relevant times herein, Luxottica Holdings has done and continues to do business in the State of New York.

7. Upon information and belief, Defendant Luxottica Group S.p.A. ("Luxottica Group") is a corporation organized under the laws of the State of Ohio with a principal place of business at 44 Harbour Park Drive, Port Washington, New York.

8. Upon information and belief, at all relevant times herein, Luxottica Group has done and continues to do business in the State of New York.

9. Upon information and belief, Defendant United States Shoe Corporation ("United States Shoe") is a corporation organized under the laws of the State of Ohio with a principal place of business at 44 Harbour Park Drive, Port Washington, New York.

10. Upon information and belief, at all relevant times herein, United States Shoe has done and continues to do business in the State of New York.

11. Upon information and belief, Defendant LensCrafters, Inc. ("LensCrafters") is a corporation organized under the laws of the State of Ohio with a principal place of business at 44 Harbour Park Drive, Port Washington, New York.

12. Upon information and belief, at all relevant times herein, LensCrafters has done and continues to do business in the State of New York.

13. Upon information and belief, Defendant EyeMed, Inc. ("EyeMed") is a corporation organized under the laws of the State of Delaware with a principal place of business at 4000 Luxottica Place, Mason, Ohio.

14. Upon information and belief, at all relevant times herein, EyeMed has done and continues to do business in the State of New York.

15. Upon information and belief, Defendant EyeMed Vision Care LLC ("EyeMed Vision Care") is a corporation organized under the laws of the State of Delaware with a principal place of business at 4000 Luxottica Place, Mason, Ohio.

16. Upon information and belief, at all relevant times herein, EyeMed Vision Care has done and continues to do business in the State of New York.

17. Upon information and belief, Defendant Eyexam 2000 is a corporation organized under the laws of the State of Delaware with a principal place of business at 4000 Luxottica Place, Mason, Ohio.

18. Upon information and belief, at all relevant times herein, Eyexam 2000 has done and continues to do business in the State of New York.

19. Upon information and belief, Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") is an insurance company organized under the laws of the State of Massachusetts with a principal place of business in Boston, Massachusetts

20. Liberty Mutual is and was, at all times relevant herein, duly authorized to transact business in the State of New York, and has transacted and continues to transact business in the State of New York.

21. Upon information and belief, Defendant Westchester Fire Insurance Company, Inc. ("Westchester") is an insurance company organized under the laws of the State of New York with a principal place of business in New York

22. Westchester is and was, at all times relevant herein, duly authorized to transact business in the State of New York, and has transacted and continues to transact business in the State of New York.

23. Upon information and belief, Defendant, Markel American Insurance Company ("Markel"), is an insurance company organized under the laws of the State of Virginia with a principal place of business in Wisconsin.

24.     Markel is and was, at all times relevant herein, duly authorized to transact business in the State of New York, and has transacted and continues to transact business in the State of New York.

25.     Upon information and belief, defendants Luxottica Holdings, Luxottica Group, United States Shoe, LensCrafters, EyeMed, Eyemed Vision Care, and Eyexam 2000 (collectively the "Snow Defendants"), have been sued in a lawsuit styled *Snow v. LensCrafters et al.*, which was filed in 2002 in the California Superior Court, County of San Francisco, Case number CGC-02-5544 (the "Underlying Action").

26.     Venue is proper in New York County pursuant to CPLR 503 because Plaintiff is a foreign corporation which designated New York County and/or one or more of the parties has a principal place of business in New York County and is deemed to have resided there and to have conducted its business from its location in New York County.

27.     This Court has personal jurisdiction over all parties pursuant to CPLR 301 and 302 because they transact and/or have transacted business in New York County.

## FACTUAL BACKGROUND

### 1. The Underlying Action

28.     The Underlying Action involves allegations of fraud and violations of various California statutes, including that State's Unfair Business Practices Act, Consumer Legal Remedies Act and Confidentiality of Medical Information Act. Plaintiffs' claims are based on the alleged improper sharing of patient information by optometrists and/or opticians working within various LensCrafter store locations with other LensCrafter personnel located in the same stores. Plaintiffs also claim that optometrists were improperly and unlawfully co-located in these LensCrafter locations. The Underlying Plaintiffs seek injunctive relief, statutory damages, compensatory damages and other relief.

### 2. The Relevant Insurance Policies

29.     U.S. Fire issued the following Commercial Umbrella Liability Policies in New York:

| Policy Number | Policy Period | Limits |
|---|---|---|
| 553 058755 | 2/1/98-2/1/99 | $25 Million per occurrence/aggregate |
| 553 068740 | 2/1/99-2/1/00 | $25 Million per occurrence/aggregate |
| 553 076092 | 2/1/00-2/1/01 | $25 Million per occurrence/aggregate |

(the "U.S. Fire Policies").

30. Upon information and belief, Liberty Mutual issued the following primary Commercial General Liability ("CGL") policies in New York:

| Policy Number | Policy Period | Limits |
|---|---|---|
| TB2-681-004130-038 | 2/98-2/99 | $3 Million per occurrence<br>$6 Million aggregate per location |
| RG2-681-004130-039 | 2/99-2/00 | $3 Million per occurrence<br>$6 Million aggregate per location |
| RG2-681-004130-030 | 2/00-2/01 | $3 Million per occurrence<br>$6 Million aggregate per location |
| RG2-681-004130-031 | 2/01-2/02 | $3 Million per occurrence<br>$6 Million aggregate per location |
| RG2-681-004130-032 | 2/02-2/03 | $3 Million per occurrence<br>$6 Million aggregate per location |
| RG2-681-004130-033 | 2/03-2/04 | $3 Million per occurrence<br>$6 Million aggregate per location |
| RG2-681-004130-034 | 2/04-2/05 | $3 Million per occurrence<br>$6 Million aggregate per location |
| RG2-681-004130-035 | 2/00-2/06 | $3 Million per occurrence<br>$6 Million aggregate per location |

(the "Liberty Mutual Policies").

31. Upon information and belief, Markel issued in New York a Commercial Umbrella Policy, policy number unknown, in effect from February 2001 to February 2002 with a combined per occurrence/aggregate policy limit of $15 million (the "Markel Umbrella Policy").

5

32. Upon information and belief, Westchester issued the following Commercial Umbrella policies in New York:

| Policy Number | Policy Period | Limits |
| --- | --- | --- |
| Unknown policy number | 2/02-2/03 | $25 Million per occurrence/aggregate |
| Unknown policy number | 2/03-2/04 | $25 Million per occurrence/aggregate |
| Unknown policy number | 2/04-2/05 | $25 Million per occurrence/aggregate |
| Unknown policy number | 2/05-2/06 | $25 Million per occurrence/aggregate |

(the "Westchester Policies").

### 3. Factual Allegations

33. An actual controversy exists between U.S. Fire and the Snow Defendants with respect to the whether U.S. Fire owes any coverage obligation to the Snow Defendants under the U.S. Fire Policies with respect the claim(s) asserted against them in the Underlying Action.

34. Upon information and belief, the Snow Defendants and Liberty Mutual have notified U.S. Fire that the Liberty Mutual Policies underlying the U.S. Fire Policies either have or will exhaust in connection with the settlement of the Underlying Action. Accordingly, the Snow Defendants and/or Liberty Mutual have or will demand that U.S. Fire defend and indemnify the Snow Defendants with respect to the Underlying Action.

35. Upon information and belief, the Snow Defendants have demanded or intend to demand insurance coverage under the U.S. Fire Policies in connection with the claims asserted in the Underlying Action.

36. U.S. Fire denies any obligation to defend or indemnify the Snow Defendants under the U.S. Fire Policies in connection with the claims asserted in the Underlying Action.

37. Should it be determined in this action that U.S. Fire is obliged to defend and/or indemnify the Snow Defendants in connection with the Underlying Action, then U.S. Fire is entitled to common law and contractual indemnification and/or contribution from Liberty Mutual and/or Westchester Fire and/or Markel and/or the Snow Defendants.

### FIRST CAUSE OF ACTION

38. U.S. Fire repeats, realleges and incorporates herein by reference all of the allegations set forth in Paragraphs 1 through 37.

39. The U.S. Fire Policies contain various terms, conditions and definitions that the Snow Defendants must satisfy and/or which otherwise must be satisfied for the claims at issue in the Underlying Action to come within the scope of coverage of the U.S. Fire Policies.

42. The U.S. Fire Policies contain exclusions, limitations and/or conditions that may bar or limit coverage for some or all of the claims for which the Snow Defendants seek coverage.

43. The Snow Defendants are not entitled to coverage under the U.S. Fire Policies in connection with the claims advanced in the Underlying Action for one or more of the following reasons:

a. The losses for which the Snow Defendants seek coverage do not constitute or involve "bodily injury," "property damage," "advertising injury" or "personal injury" as those terms are defined under the U.S. Fire Policies.

b. The Policies do not provide coverage for punitive or exemplary damages, fines or penalties.

c. The Snow Defendants have failed to provide timely and adequate notice of an occurrence as required under the terms of the U.S. Fire Policies.

7

  d. The Snow Defendants have failed to obtain and maintain underlying insurance as warranted at the time of the issuance of the U.S. Fire Policies.

  e. The policy limits of the primary policies underlying the U.S. Fire Policies have not been completely and properly exhausted.

  f. The Snow Defendants have failed to establish that any "bodily injury," "property damage," "advertising injury" or "personal injury" arose from any occurrence during the respective U.S. Fire Policy periods.

  g. The Snow Defendants have failed to establish that any "bodily injury", "property damage", "advertising injury" or "personal injury" was sustained by any claimant in the Underlying Action.

  h. No claim for which the Snow Defendants seek coverage constitutes an "occurrence" as that term is defined in the U.S. Fire Policies.

  i. Any event alleged in the Underlying Action that constitutes an "occurrence" or "occurrences," as that term is defined under the U.S. Fire Policies, took place prior to the inception of, or subsequent to the expiration of, the U.S. Fire Policies.

  j. The accident(s), occurrence(s), loss(es), injury(ies) and/or damages for which the Snow Defendants seek coverage under the U.S. Fire Policies did not take place during the policy periods of the U.S. Fire Policies.

  k. Each and every claim for which the Snow Defendants seek coverage is barred to the extent that the Snow Defendants expected or intended the alleged harm or injury.

  l. The claims for which the Snow Defendants seek coverage may be barred to the extent that, in whole or in part, the claims are excluded from coverage under the terms,

conditions or exclusions of the primary polices, including but not limited to the Liberty Mutual Policies.

    m.    U.S. Fire is not obligated under the U.S. Fire Policies to defend the Snow Defendants in connection with the Underlying Lawsuit.

    n.    The U.S. Fire Policies provide that if insurance is available through any other insurer, then the insurance afforded by the U.S. Fire Policies, if any, is excess to, and shall not contribute with, such other insurance.

    o.    The U.S. Fire Policies, according to their terms and conditions, provide coverage, if at all, only after the underlying insurance has been properly exhausted.

    p.    The claims for which the Snow Defendants seek coverage may be barred, in whole or in part, to the extent that the Snow Defendants voluntarily paid or assumed an obligation to pay or have incurred any expense without notice to U.S. Fire and without U.S. Fire's consent.

    q.    The claims for which the Snow Defendants seek coverage may be barred, in whole or in part, to the extent that one or more of the Snow Defendants are not actually Snow Defendants under the U.S. Fire Policies.

    r.    The claims for which the Snow Defendants seek coverage may be barred, in whole or in part, as a result of the Snow Defendants' failure to comply with conditions precedent to coverage including, but not limited to, exhaustion of any applicable Self-insured Retentions and/or Deductibles.

    s.    One or all of the Snow Defendants are not insureds under the U.S. Fire Policies.

    44.    The terms, conditions and exclusions of the U.S. Fire policies and the application of said policies should be determined in accordance with the substantive law of New York.

45. A ripe and justiciable controversy exists between Plaintiff and Defendants regarding the parties' respective rights and obligations under the U.S. Fire Policies.

46. U.S. Fire has no adequate remedy at law.

47. A judicial declaration of the respective rights and duties of the parties declaration is necessary and proper at this time in order that all the parties be bound by the same interpretation of all of the insurance policies issued to the Snow Defendants by the insurer parties.

## SECOND CAUSE OF ACTION

48. U.S. Fire repeats, realleges and incorporates herein by reference all of the allegations set forth in paragraphs 1 through 47.

49. While U.S. Fire denies that it owes the Snow Defendants or any party to this action any duty to defend or indemnify, to the extent any such obligation is imposed upon them, U.S. Fire is entitled to contribution or indemnification from Liberty Mutual, Westchester, Markel and the Snow Defendants.

## ADDENDUM/PRAYER FOR RELIEF

**WHEREFORE**, U.S. Fire demands judgment against the Defendants providing the following declarations and relief:

1. Declaring that U.S. Fire has no duty under the U.S. Fire Policies to provide coverage to any of the Snow Defendants for the claims asserted in the Underlying Action.

2. Declaring in the event a finding is made that U.S. Fire is obligated under one or more of the U.S. Fire Policies to defend or indemnify the Snow Defendants, or any one of them, the amount of U.S. Fire's allocated share of such defense costs and/or damages, including any right on the part of U.S. Fire to contribution, indemnification, set-off or credit.

3.  Declaring the rights and obligations, if any, of U.S. Fire and the insurer defendants under the policies issued to the Snow Defendants.

4.  Declaring and determining that New York law applies to the issues raised in this action.

5.  Awarding attorneys' fees and costs to U.S. Fire in connection with this Declaratory Judgment action.

6.  Granting such other and further relief as this Court may deem just and equitable.

CARROLL, McNULTY & KULL L.L.C.
Attorneys for Plaintiff
United States Fire Insurance Company

By: _____
John P. DeFilippis, Esq.

Dated: May 24, 2007

SUPREME COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

Index No:           Year:

UNITED STATES FIRE INSURANCE
COMPANY,

                         Plaintiff,

    -against-

LUXOTTICA U.S HOLDINGS CORP.,
LUXOTTICA GROUP S.p.A., UNITED
STATES SHORE CORPORATION,
LENSCRAFTERS, INC., EYEMED, INC.,
EYEMED VISION CARE LLC, EYEXAM
2000, LIBERTY MUTUAL FIRE
INSURANCE COMPANY, MARKEL
AMERICAN INSURANCE COMPANY,
WESTCHESTER FIRE INSURANCE
COMPANY,

                         Defendants.

## SUMMONS AND COMPLAINT

**CARROLL, McNULTY & KULL LLC**
*Attorneys for Plaintiff:*
**UNITED STATES FIRE INSURANCE COMPANY**

570 Lexington Avenue, 10th Floor
New York, New York 10022
(212) 252-0004 (telephone)
(212) 252-0444 (facsimile)

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated: _____     Signature: _____

Name: _____     Print Signer's

---

Service of a copy of the within                                          is hereby
admitted.

Dated:

                                                     _____
                                                     *Attorney(s) for*

PLEASE TAKE NOTICE

    ( )    that the within is a (certified) true copy of a _____
            entered in the office of the clerk of the within named Court on
_____.

    ( )    that an Order of which the within is a true copy will be presented for settlement to
the
        Hon.                                              one of the judges of the within named
Court,
        at