**Liberty Mutual
Fire Insurance Company**



LIBERTY
MUTUAL.

Liberty Mutual Insurance Group/Boston

**COMMERCIAL GENERAL
LIABILITY DECLARATIONS**

| ACCOUNT | SUB-ACCT NO. |
|---|---|
| 01 21 95 | 0000 |

| POLICY NO. | TD/CD | SALES OFFICE | CODE | SALES REPRESENTATIVE | CODE | N/R | 1ST YR |
|---|---|---|---|---|---|---|---|
| RG2-681-004130-030 | 04/4 | CINCINNATI, OH | 0877 | SCHELL | 8752 | 2 | 1974 |

Item 1.  Named Insured        Luxottica U.S. Holdings Corporation and as per Endorsement #1

Address        Attn: Mr. Gregory Muntel
44 Harbor Park Drive
Port Washington, NY 11050-4686

First Named Insured:    Luxottica U.S. Holdings Corporation

The named insured is:    Corporation

Business of named insured is:  Manufacturing & Retail Sales

| Item 2. Policy Period | From | Mo. 02 | Day 01 | Year 2000 | to | Mo. 02 | Day 01 | Year 2001 |
|---|---|---|---|---|---|---|---|---|

12:01 A.M., standard time at the address of the named insured as stated herein.

Item 3.  In return for the payment of the premium, and subject to all the terms of this policy, we agree with you to
provide the insurance as stated in the policy.

**LIMITS OF INSURANCE**

| | | | |
|---|---|---|---|
| PERSONAL INJURY and PROPERTY DAMAGE LIABILITY | $ | 3,000,000 | each occurrence |
| -DAMAGE TO PREMISES RENTED TO YOU LIMIT (subject to occurrence limit) | $ | 1,000,000 | any one premises |
| -MEDICAL EXPENSE LIMIT (subject to occurrence limit) | $ | 1,000 | any one person |
| GENERAL AGGREGATE LIMIT (Other Than Products-Completed Operations) | $ | 6,000,000 | |
| PRODUCTS-COMPLETED OPERATIONS AGGREGATE LIMIT | $ | 3,000,000 | |

| Item 4. | PREMIUM | | Premium Base | Rate | Advance Premium |
|---|---|---|---|---|---|
| | Classifications and Locations | Code No. | | | Code |
| | See attached schedule | | | | |

| MINIMUM PREMIUM $ 418 | | Total Advance Premium $ 378,965 |
|---|---|---|

The premium for this policy is payable $              in advance,  $              on the first anniversary,
and $              on the second anniversary.

Audit Basis:    1 - At Expiration

The declarations are completed on the schedules designated Declarations Extension Schedules

This policy, including all endorsements issued herewith, is hereby countersigned by      *Colleen Lahey*

"N*1L00*                                                                Authorized Representative

| Loc. Code | Typed | Periodic Payment | Rating Basis | Audit Basis | Home State | Pol. H. G. | Renewal |
|---|---|---|---|---|---|---|---|
| | HP 03/22/2000 | $ | R | 1 | CA | S- ☐ | RG2-681-004130-039 |

**NRD 206 R2 02 99**

SCHEDULE OF FORMS AND ENDORSEMENTS

| FORM NUMBER | FORM NAME | EXPIRING END. SERIAL NO. | COMMENTS |
|---|---|---|---|
| NRD 206 RG R2 02 99 | COMMERCIAL GENERAL LIABILITY DECLARATIONS | | |
| NRD 216 2-1-99 | NOTICE TO POLICYHOLDERS | | |
| NRD 433 RG/RH | ITEM 4 DECLARATIONS EXTENSION SCHEDULE | | |
| NRD 201 RG R12 (99) 08 99 | GENERAL AMENDATORY ENDORSEMENT | 1 | 1 Updated on Renewal |
| 102 | AMENDATORY END - NAMED INSURED | 2 | 2 Updated on Renewal |
| 102 | AMEND END - PORT AUTHORITY INDEMNITY | 3 | 3 |
| 102 | AMENDATORY END - PERSONAL INJURY | 4 | 4 |
| NRD 203 RG R5 02 99 | ADVERTISING OFFENSE COVERAGE ENDORS. | 5 | 5 Updated on Renewal |
| 102 | AMENDATORY END - ADVERTISING OFFENSE COVERAGE | 6 | 6 |
| 102 | AMEND END - NON-OWNED WATERCRAFT | 7 | 7 |
| 102 | COVERAGE END - SHORT TERM PREMISES | 8 | 8 |
| NRD 215 R1 RG 02 99 | AMENDATORY ENDORSEMENT | 9 | 9 Updated on Renewal |
| NRD 442 (01 86) | ASBESTOS EXCLUSION ENDORSEMENT | 10 | 10 |
| 102 | COVERAGE EMP BENEFITS LIAB. INS. END. | 11 | 11 |
| NRD 205 R2 RG 8-1-90 | DEDUCTIBLE LIABILITY INSURANCE | 12 | 12 |
| CG 2504 0397 | DESIGNATED LOCATIONS GENERAL AGG LIMIT | 13 | 13 |
| LG 6032 (9-87) | COMPOSITE RATE ENDORSEMENT | 14 | 14 |
| CG 2415 0196 | LIMITED POLLUTION LIAB EXTENSION END. | 15 | 15 |
| IL 0023 0498 | NUCLEAR ENERGY LIAB EXCLUSION END | 16 | 16 Updated on Renewal |
| CG 2015 1188 | ADD'L INSURED - VENDORS ENDORSEMENT | 17 | 17 |
| 2272 R3 | SPECIAL PREMIUM DISCOUNT | 18 | 18 Updated on Renewal |
| CG 2147 0798 | EMPLOYMENT RELATED PRACTICES EXCL END | 19 | 19 Updated on Renewal |
| 2319 | NOTICE OF CANCELLATION ENDORSEMENT | 20 | 20 Updated on Renewal |
| CG 2034 0397 | ADD'L INSURED-LESSOR OF LEASED EQUIP. | 21 | 22 |
| CG 2404 1093 | WAIVER OF TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US | 22 | 28 |
| CG 2404 1093 | WAIVER OF TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS | 23 | 23 |
| IL 0270 0799 | CA CHANGES - CANCELLATION AND NONRENEWAL | 24 | New |
| CG 2021 0196 | ADD'L INSURED-VOLUNTEER WORKERS | 25 | 25 |
| 102 | OPTICAL/AUDIOLOGICAL PROFESSIONAL LIAB | 26 | 26 |
| CG 2621 1091 | NY CHANGES - TRANSFER OF DUTIES WHEN A LIMIT OF INSURANCE IS USED UP | 27 | New |
| CG 0163 0999 | NY CHANGES COMMERCIAL GENERAL LIABILITY COVERAGE FORM | 28 | New |
| CG 2624 0892 | NY CHANGES - LEGAL ACTION AGAINST US | 29 | New |

The following endorsements were not continued from the expiring policy.

| FORM NUMBER | FORM NAME | END. SERIAL NO. | COMMENTS |
|---|---|---|---|
| CG 0054 0397 | AMENDMENT OF POLLUTION EXCL-EXCEPTION | 21 | Not Applicable on Renewal |
| IL 0244 0498 | OH CHANGES-CANCELLATION-NON-REN | 24 | Not Applicable on Renewal |
| 102 | NAMED INSURED AMENDATORY END. | 27 | Incorporated on Renewal |

For Attachment to LUXOTTICA U.S. HOLDINGS CORPORATION
Policy No.   RG2-681-004130-030



### NOTICE TO NATIONAL ACCOUNT POLICYHOLDERS

This notice has been prepared in conjunction with the implementation of changes under your Commercial General Liability (CGL) Coverage Form, General Amendatory Endorsement (GAE) and Advertising Offense Endorsement. It provides a summary of significant changes that are occurring. It does not attempt to include every editorial change or every change that was made for the purposes of clarification.

References to changes being made to the CGL Coverage Form, GAE or Advertising Offense Endorsement for purposes of clarification are intended to indicate that the changes may merely better express the coverage intent of existing policy provisions.

No coverage is provided by this notice. If there is any conflict between the policy and this notice, the provisions of the policy shall prevail.

### BACKGROUND

ISO recently introduced changes to their Commercial General Liability Coverage form. The latest ISO edition of the Commercial General Liability Coverage form is known as the 07 98 edition. Liberty Mutual is adopting the 07 98 edition effective 2/1/99. National Accounts will use a modified version of the ISO 07 98 edition in those states that have approved the ISO 07 98 Coverage form. The new (ISO) CG 00 01 07 98 (occurrence) CGL policy is equivalent to the new NRD 200 RG 10 99 and NRD 207 RG 10 99 CGL policies and the new (ISO) CG 00 02 07 98 (claims made) CGL policy is equivalent to the new NRD 300 RH 10 99 and 306 RH 10 99 CGL policies. The only difference is that our NRD forms continue to incorporate ISO Common Policy Conditions.

Changes under the Commercial General Liability policy

Coverage Forms:    NRD 200 RG 10 99
                   NRD 207 RG 10 99
                   NRD 300 RH 10 99
                   NRD 306 RH 10 99

1.  Coverage was broadened by amending paragraph (1) of Exclusion f. Pollution in Coverage A to provide:

    a.  an exception applicable to the named insured for liability because of bodily injury and property damage arising out of a release of pollutants at certain premises, sites or locations which are or were at any time owned or occupied by, or rented or loaned to, an additional insured for which the named insured is performing operations as a contractor under certain circumstances.

    b.  an exception for bodily injury or property damage sustained within a building and caused by the release of gases, fumes or vapors from materials brought into that building in connection with operations as a contractor being performed by or on behalf of any insured.

    c.  an exception for bodily injury arising out of smoke, fumes, vapor or soot from equipment used to heat a building.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

2. Short term Rented Premises

Coverage was broadened by amending Exclusion j. - Damage to Property of Coverage A to provide an exception for premises rented to the named insured on a short-term basis. Revisions were also made to the Other Insurance condition in Section IV - Commercial General Liability Conditions and Section III - Limits of Insurance to reflect this change.

3. Clarifications in Coverage and Other Editorial Revisions

Minor editorial revisions were made to provide for consistency among policies. In addition, these coverage forms have been revised to incorporate other various revision in order to clarify coverage.

a. Exclusion f. Pollution was revised to state that with respect to third-party property damage claims, paragraph (2) does not nullify coverage for property damage not excluded by paragraph (1) of the exclusion.

b. Paragraph 4.B.2. has been added to the Other Insurance Condition of Section IV - Commercial General Liability Conditions to make an insured's own CGL coverage excess insurance over the insurance provided by any other primary insurance policy which covers that insured as an additional insured.

**Changes under the General Amendatory Endorsement (GAE)**

Endorsements:    NRD 201 RG 08 99
                 NRD 301 RH 08 99

1. Amendment A. - Named Insured

A provision is added to clarify that the first named insured will be the payee for any return premiums.

2. Exclusion B. - Advertising Injury; Amendment B. - Personal Injury

The changes include both additions to coverage and coverage restrictions. Taken as a whole, the revised Section B. is at least equal to, if not broader than the current coverage.

The definition of personal injury is broadened by including consequential bodily injury. A complementary exclusion has been added to restrict coverage for bodily injury arising out of injury within subdivision b. and c. of the definition of personal injury. Overall, these two changes create no change in coverage.

The current "willful violation of a penal statute" exclusion has been replaced with a "criminal acts" exclusion.

Paragraph 8. replaces 1.b of Section I - Coverages, Coverage A to clarify the occurrence trigger for subdivision b. and c. of the definition of personal injury.

3. Amendment N. - Other Insurance

Paragraph 1. is deleted to avoid confusion with paragraph 3. which addresses how other insurance applies with regard to coverages provided under the GAE.

Paragraph 4. is deleted since this provision was added as paragraph 4.B.2 in the Other Insurance Condition of the CGL policy.

4. Amendment Q. - Alienated Premises

Paragraph (2) of Exclusion j. - Damage to Property of Coverage A, is revised to exclude alienated premises only if the hazard was known or should have reasonable been known by the named insured. This is a broadening of coverage.

5. Amendment R. - Medical Payments

In Coverage C, the period for medical expenses to be incurred and reported is increased to 3 years and a minimal limit of $10,000 is provided. This is a broadening of coverage.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

6.  Amendment S. - Non-Owned Watercraft

In Exclusion g. - Aircraft, Auto or Watercraft of Coverage A, the exception for non-owned watercraft is broadened to less than 50 feet long.

7.  Amendment T. - Rented Premises

Coverage for property damage by fire to premises while rented or temporarily occupied by the named insured with the permission of the owner is broadened to include lightning and explosion.

Changes under the Advertising Offense Endorsement

Endorsements:    NRD 203 02 99
                 NRD 303 02 99

1.  The current "willful violation of a penal statute" exclusion has been replaced with a "criminal acts" exclusion.

2.  We have provided coverage for "trade dress" while deleting the terms "style of doing business" and "title".

3.  The definition of advertising injury has been broadened by including consequential bodily injury.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

*Item 4  Declarations Extension Schedule*

| CLASSIFICATION AND LOCATIONS | CODE NO | PREMIUM BASE SALES | RATES PER $1,000 SALES | ADVANCE PREMIUMS 326 x | CODE 327 | 328 |
|---|---|---|---|---|---|---|
| All Operations of the Named Insured | 52950 | | | | | |
| 200001 - Lenscrafters, Inc. | 52950 | 1,266,000,000 | AE) .0670 DE) .1587 | | 84,822 200,914 | |
| A/O (Frozen Premium Discount 11.6%) | | | | | | |
| Estimated Loss Adj. Expense | | | | | 93,229 | |
| | | | Annual | | 378,965 | |

AE) Administrative Expense Rate
DE) Discounted Excess

M = MINIMUM PREMIUM

**NRD 433 RG/RH**
For Attachment to
Policy: RG2-681-004130-030

**LIBERTY MUTUAL.**

**Fire Insurance Company**
**Boston, Massachusetts**

## COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we," "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under **SECTION II - WHO IS AN INSURED.**

Other words and phrases that appear in quotation marks have special meaning. Refer to **SECTION V - DEFINITIONS.**

**SECTION I - COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.  **Insuring Agreement.**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        (1) The amount we will pay for damages is limited as described in SECTION III - **LIMITS OF INSURANCE**; and

        (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under **Coverages A or B** or medical expenses under **Coverage C.**

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **SUPPLEMENTARY PAYMENTS - COVERAGES A and B.**

    b.  This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;" and

        (2) The "bodily injury" or "property damage" occurs during the policy period.

c. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury."

2. **Exclusions**

This insurance does not apply to:

a. **Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

b. **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for , or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

c. **Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

d. **Workers' Compensation and Similar Laws**

Any obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law.

NRD 207 RG R6 10 99                                                                 Page 2 of 24

e. **Employer's Liability**

"Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:

    (a) Employment by the insured; or

    (b) *Performing duties related to the conduct of the insured's business;* or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of paragraph (1) above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

    This exclusion does not apply to liability assumed by the insured under an "insured contract."

f. **Pollution**

(1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

    (a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured.  However, this subparagraph does not apply to:

        (i) "Bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot from equipment used to heat that building;

        (ii) "Bodily injury" or "property damage" for which you may be held liable, if you are a contractor and the owner or lessee of such premises, site or location has been added to your policy as an additional insured with respect to your ongoing operations performed for that additional insured at that premises, site or location and such premises, site or location is not and never was owned or occupied by, or rented or loaned to, any insured, other than that additional insured; or

        (iii) "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire".

    (b) At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

    (c) Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any insured or any person or organization for whom you may be legally responsible; or

    (d) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the "pollutants" are brought on or to the premises, site or location in

connection with such operations by such insured, contractor or subcontractor. However, this subparagraph does not apply to:

(i) "Bodily injury" or "property damage" arising out of the escape of fuels, lubricants or other operating fluids which are needed to perform the normal electrical, hydraulic or mechanical functions necessary for the operation of "mobile equipment" or its parts, if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them. This exception does not apply if the "bodily injury" or " property damage" arises out of the intentional discharge, dispersal or release of the fuels, lubricants or other operating fluids, or if such fuels, lubricants or other operating  fluids are brought on or to the premises, site or location with the intent that they be discharged, dispersed or released as part of the operations being performed by such insured, contractor or subcontractor;

(ii) "Bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from materials brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor; or

(iii) "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire".

(e) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants".

(2) Any loss, cost or expense arising out of any:

(a) Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

(b) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the insured would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

g.   Aircraft, Auto or Watercraft

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."

This exclusion does not apply to:

(1) A watercraft while ashore on premises you own or rent;

(2) A watercraft you do not own that is:

(a) Less than 26 feet long; and

(b) Not being used to carry persons or property for a charge;

(3) Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;

(4) Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft; or

(5) "Bodily injury" or "property damage" arising out of the operation of any of the equipment listed in paragraph f.(2) or f.(3) of the definition of "mobile equipment" (SECTION V).

**h.  Mobile Equipment**

"Bodily injury" or "property damage" arising out of:

(1) The transportation of "mobile equipment" by an "auto" owned or operated by or rented or loaned to any insured; or

(2) The use of "mobile equipment" in, or while in practice for, or while being prepared for, any prearranged racing, speed, demolition, or stunting activity.

**i.  War**

"Bodily injury" or "property damage" due to war, whether or not declared, or any act or condition incident to war.  War includes civil war, insurrection, rebellion or revolution.  This exclusion applies only to liability assumed under a contract or agreement.

**j.  Damage to Property**

"Property damage" to:

(1) Property you own, rent, or occupy;

(2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3) Property loaned to you;

(4) Personal property in the care, custody or control of the insured;

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraph (1), (3) and (4) of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days.  A separate limit of insurance applies to Damage To Premises Rented To You as described in **SECTION III - LIMITS OF INSURANCE.**

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

**k. Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage to your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n. Recall of Products, Work or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1) "Your product";

(2) "Your work"; or

(3) "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**o. Personal and Advertising Injury**

"Bodily injury" arising out of "personal and advertising injury".

Exclusions c. through n. do not apply to damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner. A separate limit of insurance applies to this coverage as described in **SECTION III - LIMITS OF INSURANCE.**

## COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY

1. **Insuring Agreement.**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

      (1) The amount we will pay for damages is limited as described in **SECTION III - LIMITS OF INSURANCE**; and

      (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under **Coverage A** or **B** or medical expenses under **Coverage C.**

      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **SUPPLEMENTARY PAYMENTS - COVERAGES A and B.**

   b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

2. **Exclusions.**

   This insurance does not apply to:

   a. "Personal and advertising injury":

      (1) Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

      (2) Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

      (3) Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

      (4) Arising out of a criminal act committed by or at the direction of any insured;

      (5) For which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement;

      (6) Arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement";

(7) Arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement";

(8) Arising out of the wrong description of the price of goods, products or services stated in your "advertisement";

(9) Committed by an insured whose business is advertising, broadcasting, publishing or telecasting. However, this exclusion does not apply to Paragraphs 14.a., b. and c. of "personal and advertising injury" under SECTION V - DEFINITIONS; or

(10) Arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

b. Any loss, cost or expense arising out of any:

(1) Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

(2) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

## COVERAGE C. MEDICAL PAYMENTS

1. **Insuring Agreement.**

   a. We will pay medical expenses as described below for "bodily injury" caused by an accident:

   (1) On premises you own or rent;

   (2) On ways next to premises you own or rent; or

   (3) Because of your operations;

   provided that:

   (1) The accident takes place in the "coverage territory" and during the policy period;

   (2) The expenses are incurred and reported to us within one year of the date of the accident; and

   (3) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

   b. We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:

   (1) First aid administered at the time of an accident;

   (2) Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

   (3) Necessary ambulance, hospital, professional nursing and funeral services.

2. **Exclusions.**

We will not pay expenses for "bodily injury":

a. To any insured.

b. To a person hired to do work for or on behalf of any insured or a tenant of any insured.

c. To a person injured on that part of premises you own or rent that the person normally occupies.

d. To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

e. To a person injured while taking part in athletics.

f. Included within the "products-completed operations hazard."

g. Excluded under Coverage A.

h. Due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution.

## SUPPLEMENTARY PAYMENTS - COVERAGES A and B

1. We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

a. All expenses we incur.

b. Up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the Bodily Injury Liability Coverage applies. We do not have to furnish these bonds.

c. The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

d. All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit," including actual loss of earnings up to $250 a day because of time off from work.

e. All costs taxed against the insured in the "suit."

f. Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.

g. All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

These payments will not reduce the limits of insurance.

NRD 207 RG R6 10 99                                    **Page 9 of 24**

2. If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:

   a. The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";

   b. This insurance applies to such liability assumed by the insured;

   c. The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";

   d. The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;

   e. The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and

   f. The indemnitee:

      (1) agrees in writing to:

         (a) cooperate with us in the investigation, settlement or defense of the "suit";

         (b) immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "suit";

         (c) notify any other insurer whose coverage is available to the indemnitee; and

         (d) cooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and

      (2) provides us with written authorization to:

         (a) obtain records and other information related to the "suit"; and

         (b) conduct and control the defense of the indemnitee in such "suit".

So long as the above conditions are met, attorneys' fees incurred by us in the defense of that indemnitee, necessary litigation expenses incurred by us and necessary litigation expenses incurred by the indemnitee at our request will be paid as Supplementary Payments. Notwithstanding the provisions of paragraph 2.b. (2) of **SECTION I - COVERAGE A -- BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, such payments will not be deemed to be damages for "bodily injury" and "property damage" and will not reduce the limits of insurance.

Our obligation to defend an insured's indemnitee and to pay for attorneys' fees and necessary litigation expenses as Supplementary Payments ends when:

a. We have used up the applicable limit of insurance in the payment of judgments or settlements; or

b.  The conditions set forth above, or the terms of the agreement described in paragraph f. above, are no longer met.

## SECTION II - WHO IS AN INSURED

1.  If you are designated in the Declarations as:

    a.  An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

    b.  A partnership or joint venture, you are an insured.  Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

    c.  A limited liability company, you are an insured.  Your members are also insureds, but only with respect to the conduct of your business.  Your managers are insureds, but only with respect to their duties as your managers.

    d.  An organization other than a partnership, joint venture or limited liability company, you are an insured.  Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors.  Your stockholders are also insureds, but only with respect to their liability as stockholders.

2.  Each of the following is also an insured:

    a.  Your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" is an insured for:

        (1) "Bodily injury" or "personal and advertising injury":

            (a) To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company) or to a co-"employee" while that co-"employee" is either in the course of his or her employment or performing duties related to the conduct of your business;

            (b) To the spouse, child, parent, brother or sister of that co-"employee" as a consequence of paragraph (1)(a) above;

            (c) For which there is an obligation to share damages with or repay someone else who must pay damages because of the injury described in paragraphs (1)(a) or (b) above; or

            (d) Arising out of his or her providing or failing to provide professional health care services.

        (2) "Property damage" to property:

            (a) Owned, occupied or used by,

**(b)** Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by

you, any of your "employees", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

**b.** Any person (other than your "employee"), or any organization while acting as your real estate manager.

**c.** Any person or organization having proper temporary custody of your property if you die, but only:

**(1)** With respect to liability arising out of the maintenance or use of that property; and

**(2)** Until your legal representative has been appointed.

**d.** Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

3. With respect to "mobile equipment" registered in your name under any motor vehicle registration law, any person is an insured while driving such equipment along a public highway with your permission. Any other person or organization responsible for the conduct of such person is also an insured, but only with respect to liability arising out of the operation of the equipment, and only if no other insurance of any kind is available to that person or organization for this liability. However, no person or organization is an insured with respect to:

**a.** "Bodily injury" to a co-"employee" of the person driving the equipment; or

**b.** "Property damage" to property owned by, rented to, in the charge of or occupied by you or the employer of any person who is an insured under this provision.

4. Any organization you newly acquire or form, other than a partnership, joint venture, or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

**a.** Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

**b.** **Coverage A** does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

**c.** **Coverage B** does not apply to "personal and advertising injury" arising out of an offense committed before you acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

NRD 207 RG R6 10 99                                                      **Page 12 of 24**

**SECTION III - LIMITS OF INSURANCE**

1.  The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

    a.  Insureds;

    b.  Claims made or "suits" brought; or

    c.  Persons or organizations making claims or bringing "suits."

2.  The General Aggregate Limit is the most we will pay for the sum of:

    a.  Medical expenses under **Coverage C**;

    b.  Damages under **Coverage A**, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

    c.  Damages under **Coverage B.**

3.  The Products-Completed Operations Aggregate Limit is the most we will pay under **Coverage A** for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard."

4.  Subject to **2.** above, the Personal and Advertising Injury Limit is the most we will pay under **Coverage B** for the sum of all damages because of all "personal and advertising injury" sustained by any one person or organization.

5.  Subject to **2.** or **3.** above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

    a.  Damages under **Coverage A**; and

    b.  Medical expenses under **Coverage C**

    because of all "bodily injury" and "property damage" arising out of any one "occurrence."

6.  Subject to **5.** above, the Damage To Premises Rented To You Limit is the most we will pay under **Coverage A** for damages because of "property damage" to any one premises, while rented to you, or in the case of damage by fire, while rented to you or temporarily occupied by you with permission of the owner.

7.  Subject to **5.** above, the Medical Expense Limit is the most we will pay under **Coverage C** for all medical expenses because of "bodily injury" sustained by any one person.

The limits of Insurance of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

**SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS**

1. **Bankruptcy.**

   Bankruptcy or insolvency of the insured or of the insured's estate will not relieve us of our obligations under this Coverage Part.

2. **Duties In The Event Of Occurrence, Offense, Claim or Suit.**

   a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

      (1) How, when and where the "occurrence" or offense took place;

      (2) The names and addresses of any injured persons and witnesses; and

      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

   b. If a claim is made or "suit" is brought against any insured, you must:

      (1) Immediately record the specifics of the claim or "suit" and the date received; and

      (2) Notify us as soon as practicable.

      You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

   c. You and any other involved insured must:

      (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit;"

      (2) Authorize us to obtain records and other information;

      (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit;" and

      (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

   d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

3. **Legal Action Against Us.**

   No person or organization has a right under this Coverage Part:

   a. To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

b.  To sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured obtained after an actual trial; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

**4.  Other Insurance.**

If other valid and collectible insurance is available to the insured for a loss we cover under **Coverages A** or **B** of this Coverage Part, our obligations are limited as follows:

**a.  Primary Insurance**

This insurance is primary except when **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in **c.** below.

**b.  Excess Insurance**

This insurance is excess over:

(1)  Any of the other insurance, whether primary, excess, contingent or on any other basis:

(a)  That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work;"

(b)  That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;

(c)  That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

(d)  If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of **SECTION I - Coverage A - Bodily Injury and Property Damage Liability.**

(2)  Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of any endorsement.

When this insurance is excess, we will have no duty under **Coverages A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

(1)  The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2)  The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

**c.  Method of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also.  Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits.  Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

**5.  Premium Audit.**

**a.**  We will compute all premiums for this Coverage Part in accordance with our rules and rates.

**b.**  Premium shown in this Coverage Part as advance premium is a deposit premium only.  At the close of each audit period we will compute the earned premium for that period.  Audit premiums are due and payable on notice to the first Named Insured.  If the sum of the advance and audit premiums paid for the policy period is greater than the earned premium, we will return the excess to the first Named Insured.

**c.**  The first Named Insured must keep records of the information we need for premium computation, and send us copies at such times as we may request.

**6.  Representations.**

By accepting this policy, you agree:

**a.**  The statements in the Declarations are accurate and complete;

**b.**  Those statements are based upon representations you made to us; and

**c.**  We have issued this policy in reliance upon your representations.

**7.  Separation Of Insureds.**

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

**a.**  As if each Named Insured were the only Named Insured; and

**b.**  Separately to each insured against whom claim is made or "suit" is brought.

8. **Transfer Of Rights Of Recovery Against Others To Us.**

   If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

9. **When We Do Not Renew.**

   If we decide not to renew this Coverage Part, we will mail or deliver to the first Named Insured shown in the Declarations written notice of the nonrenewal not less than 30 days before the expiration date.

   If notice is mailed, proof of mailing will be sufficient proof of notice.

10. **Cancellation.**

   a.  The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

   b.  We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

      (1)  10 days before the effective date of cancellation if we cancel for non-payment of premium; or

      (2)  30 days before the effective date of cancellation if we cancel for any other reason.

   c.  We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

   d.  Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

   e.  If this policy is canceled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

   f.  If notice is mailed, proof of mailing will be sufficient proof of notice.

11. **Changes.**

   This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

12. **Examination Of Your Books And Records.**

   We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

NRD 207 RG R6 10 99                                                    **Page 17 of 24**

**13. Inspections And Surveys.**

    **1.** We have the right to:

        **a.** Make inspections and surveys at any time;

        **b.** Give you reports on the conditions we find; and

        **c.** Recommend changes.

    **2.** We are not obligated to make any inspections, surveys, reports or recommendations and any such actions we do undertake relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

        **a.** Are safe or healthful; or

        **b.** Comply with laws, regulations, codes or standards.

    **3.** Paragraph **1.** and **2.** of this condition apply not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

    **4.** Paragraph **2.** of this condition does not apply to any inspections, surveys, reports or recommendations we may make relative to certification, under state or municipal statutes, ordinances or regulations of boilers, pressure vessels or elevators.

**14. Premiums.**

The first Named Insured shown in the Declarations:

    **a.** Is responsible for the payment of all premiums; and

    **b.** Will be the payee for any return premiums we pay.

**15. Transfer Of Your Rights And Duties Under This Policy.**

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

## SECTION V - DEFINITIONS

**1..** "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters.



2. "Auto" means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. But "auto" does not include "mobile equipment."

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4. "Coverage territory" means:

   a. The United States of America (including its territories and possessions), Puerto Rico and Canada;

   b. International waters or airspace, provided the injury or damage does not occur in the course of travel or transportation to or from any place not included in a. above; or

   c. All parts of the world if:

      (1) The injury or damage arises out of:

         (a) Goods or products made or sold by you in the territory described in a. above; or

         (b) The activities of a person whose home is in the territory described in a. above, but is away for a short time on your business; and

      (2) The insured's responsibility to pay damages is determined in a "suit" on the merits; in the territory described in a. above or in a settlement we agree to.

5. "Employee" includes a "leased worker." "Employee" does not include a "temporary worker."

6. "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

7. "Hostile fire" means one which becomes uncontrollable or breaks out from where it was intended to be.

8. "Impaired property" means tangible property, other than "your product" or "your work," that cannot be used or is less useful because:

   a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

   b. You have failed to fulfill the terms of a contract or agreement;

   if such property can be restored to use by:

   a. The repair, replacement, adjustment or removal of "your product" or "your work"; or

   b. Your fulfilling the terms of the contract or agreement.

9. "Insured contract" means:

   a. A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damages by fire to premises

while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

    **b.** A sidetrack agreement;

    **c.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

    **d.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

    **e.** An elevator maintenance agreement;

    **f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

        Paragraph f. does not include that part of any contract or agreement:

        **(1)** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

        **(2)** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

            **(a)** Preparing, approving or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; or

            **(b)** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

        **(3)** Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in **(2)** above and supervisory, inspection, architectural or engineering activities.

**10.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker."

**11.** "Loading or unloading" means the handling of property:

    **a.** After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

    **b.** While it is in or on an aircraft, watercraft or "auto"; or

    **c.**   While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

        but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto."

**12.**  "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

    **a.**   Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

    **b.**   Vehicles maintained for use solely on or next to premises you own or rent;

    **c.**   Vehicles that travel on crawler treads;

    **d.**   Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

        **(1)**  Power cranes, shovels, loaders, diggers or drills; or

        **(2)**  Road construction or resurfacing equipment such as graders, scrapers or rollers;

    **e.**   Vehicles not described in **a., b., c.** or **d.** above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

        **(1)**  Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

        **(2)**  Cherry pickers and similar devices used to raise or lower workers;

    **f.**   Vehicles not described in **a., b., c.** or **d.** above maintained primarily for purposes other than the transportation of persons or cargo.

        However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

        **(1)**  Equipment designed primarily for:

            **(a)**  Snow removal;

            **(b)**  Road maintenance, but not construction or resurfacing; or

            **(c)**  Street cleaning;

        **(2)**  Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

        **(3)**  Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a.  False arrest, detention or imprisonment;

    b.  Malicious prosecution;

    c.  The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d.  Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e.  Oral or written publication of material that violates a person's right of privacy;

    f.  The use of another's advertising idea in your "advertisement"; or

    g.  Infringing upon another's copyright, trade dress or slogan in your "advertisement".

15. "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

16. "Products-completed operations hazard";

    a.  Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        (1)  Products that are still in your physical possession; or

        (2)  Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

            (a)  When all of the work called for in your contract has been completed.

            (b)  When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

            (c)  When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

        Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

    b.  Does not include "bodily injury" or "property damage" arising out of:

**(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

**(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or

**(3)** Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products - completed operations are subject to the General Aggregate Limit.

17. "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

**a.** An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

**b.** Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

20. "Your product" means:

**a.** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

**(1)** You;

**(2)** Others trading under your name; or

**(3)** A person or organization whose business or assets you have acquired; and

**b.** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

"Your product" includes:

**a.** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

**b.** The providing of or failure to provide warnings or instructions.

"Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

21. "Your work" means:

   a.  Work or operations performed by you or on your behalf; and

   b.  Materials, parts or equipment furnished in connection with such work or operations.

   "Your work" includes:

   a.  Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

   b.  The providing of or failure to provide warning or instructions.

**In witness whereof, the company has caused this policy to be signed by its President and its Secretary at Boston, Massachusetts, and countersigned by a duly authorized representative of the company**

*Barry S. Shilon*
SECRETARY

*Edmund F Kelly*
PRESIDENT

**The policy, including all Endorsements issued therewith, is hereby countersigned by**

NRD 207 RG R6 10 99                                          Page 24 of 24

ISSUED TO       Luxottica U.S. Holdings Corporation
                and as per Endorsement 1

POLICY NO:      RG2-681-004130-030

EXPIRES         02-01-2001



# LIBERTY MUTUAL.

**FIRE INSURANCE COMPANY**
Boston, Massachusetts

**THIS POLICY IS CLASSIFIED
IN DIVIDEND CLASS V**

The named insured is hereby notified that by virtue of this policy he is a member of Liberty Mutual Fire Insurance Company and is entitled to vote either in person or by proxy at any and all meetings of said company.

The annual meetings are held at the home office, Boston, Massachusetts, on the second Wednesday of April in each year, at eleven o'clock in the morning.

This policy is nonassessable.

LFW 53 R1

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**GENERAL AMENDATORY ENDORSEMENT**
(Occurrence Form)

This Amendatory Endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

A.  AMENDMENT - NAMED INSURED

1.  The term "Named Insured" includes in addition to the person or organization designated in the Declarations as the "First Named Insured":

    a.   See Endorsement 2

    but only while the First Named Insured owns, during the policy period, an interest therein of more than 50% (fifty percent); and

    b.  subject to 1.a. above, any other organization (except for a partnership, joint venture or limited liability company) incorporated or organized under the laws of the United States of America or its states, territories or possessions, Puerto Rico, Canada or its provinces, but only while the First Named Insured or any of the Named Insureds in 1.a. above owns, during the policy period, an interest therein of more than 50%. But:

    None of the above-designated persons or organizations is a Named Insured with respect to:

    (1)  Injury within subdivision a. of the definition of "personal injury" (that is, "bodily injury") or "property damage" that occurred, or

    (2)  Injury within subdivisions b. or c. of the definition of "personal injury" caused by an offense or a series of related offenses committed,

    prior to the ownership interests described in Item 1. above.

    A partnership, joint venture or limited liability company is not a Named Insured unless it is shown in 1.a. above. No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in 1.a. above.

2.  Paragraph 4. of SECTION II - WHO IS AN INSURED is deleted.

3.  The First Named Insured is authorized to act and agrees to act on behalf of all persons or organizations insured under this policy with respect to all matters pertaining to the insurance afforded by the policy.

4.  Condition 14. - Premium of SECTION IV - CONDITIONS is deleted and replaced by the following:

a. Each Named Insured is jointly and severally liable for all premiums due under this policy and for any other financial obligations of any Named Insured to us arising out of any agreements contained in this policy.

b. The first Named Insured will be the payee for any return premiums we pay.

B. EXCLUSION - ADVERTISING INJURY; AMENDMENT - PERSONAL INJURY

1. Coverage B. PERSONAL AND ADVERTISING INJURY LIABILITY (and all references thereto in this policy) is deleted.

2. The term "bodily injury" is replaced by the term "personal injury" throughout the policy except:

a. In Exclusions a., e., and f. (and all references thereto) of COVERAGE A,

b. In "Amendment - Excess Employers Liability Insurance," and

c. In the definition of "bodily injury."

3. Paragraph 14. of the DEFINITIONS section is replaced by the following:

"Personal injury" means:

a. "Bodily injury", except for "bodily injury" arising out of injury within subdivision b. or c. of this definition;

b. Injury, including consequential "bodily injury", to the feelings or reputation of a natural person; and

c. Injury, including consequential "bodily injury", arising out of one or more of the following offenses:

(1) False arrest, detention or imprisonment;

(2) Malicious prosecution;

(3) Wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

(4) Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

(5) Oral or written publication of material that violates a person's right of privacy.

4. Exclusions.

(a) Paragraph 2. Exclusions of Coverage A (except exclusions a., e. and f.) applies to the insurance provided under subdivisions b. and c. of "personal injury."

(b) Exclusion o. is deleted;

(c)  The following additional exclusions also apply to insurance provided under subdivision b. and c. of "personal injury":

(1)  Injury arising out of advertising, publishing, broadcasting or telecasting done by or for the insured;

(2)  Injury arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

(3)  Injury arising out of oral or written publication of material whose first publication took place before the beginning of the policy period (except for injury to which paragraph 6. "Stop Gap" Coverage for Renewal Insureds Only applies);

(4)  Injury arising out of a criminal act committed by or at the direction of the insured;

(5)  Injury to an employee while employed in violation of law with the actual knowledge of the insured or the actual knowledge of any "executive officer" of the insured;

(6)  Injury arising out of an offense committed by or at the direction of the insured for the purpose of causing injury;

(7)  Injury arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time; or

(8)  Any loss, cost or expense arising out of any:

(a)  Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

(b)  Claim or suit by on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing or in any way responding to, or assessing the effects of, "pollutants".

5.  Paragraph 13. of the DEFINITIONS section is replaced by the following;

13.  "Occurrence" means:

(a)  with respect to injury within subdivision a. of the definition of "personal injury" (that is, "bodily injury") or "property damage," an accident, including continuous or repeated exposure to substantially the same general harmful conditions;

(b)  with respect to injury within subdivision b. of the definition of "personal injury", the commission of one or a related series of acts (including but not limited to a series of oral or written publications of the same or similar material); and

(c)  with respect to injury within subdivision c. of the definition of "personal injury," the commission of one or a related series of offenses.

6. "Stop gap" coverage for renewal insureds only:

Explanatory Note:

This policy applies to injury within subdivisions b. and c. of the definition of "personal injury" only if caused by one or a related series of covered <u>acts or offenses committed</u> during the policy period. If your prior policy(ies) written by us included our General Amendatory Endorsement, then they applied to such <u>injury that occurred</u> during the policy period, regardless of when the act of offense was committed.

7. <u>Explanatory Note on Limits of Insurance:</u>

For the purpose of determining the Limits Of Insurance, the following is added to SECTION III - LIMITS OF INSURANCE:

All injury within subdivision a. of the definition of "personal injury" (that is "bodily injury") and "property damage" arising out of continuous or repeated exposure to substantially the same general harmful conditions will be considered as the result of one and the same "occurrence."

8. Paragraph 1.b. of SECTION I - COVERAGES, Coverage A is deleted and replaced with the following:

b.  This insurance applies to injury under Paragraph a. of the definition of "personal injury" and "property damage" only if:

(1) The "personal injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;" and

(2) The "personal injury" or "property damage" occurs during the policy period.

This insurance applies to injury under Paragraph b. or c. of the definition of "personal injury" only if:

(1) The "personal injury" is caused by an "occurrence" that

(a) takes place in the "coverage territory;" and

(b) occurs during the policy period; or

(2) The injury occurs during the policy period, but arises from one or a related series of covered acts or offenses (as defined by this policy) which were committed during the term of your prior policy written by us, this policy will apply to such injury; but: only if your prior policy does not apply. This coverage applies to renewal policies only.

C.  AMENDMENT - REASONABLE FORCE

Exclusion a. of COVERAGE A is replaced by the following:

a.  Expected or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

## D.  AMENDMENT - CONTRACTUAL LIABILITY

1.  Paragraph 9. of the DEFINITIONS section is replaced by the following:

9.  "Insured contract" means:

   a.  A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

   b.  A sidetrack agreement;

   c.  An easement or license agreement in connection with vehicle or pedestrian private railroad crossings at grade;

   d.  Any other easement agreement;

   e.  An indemnification of a municipality as required by ordinance, except in connection with work for a municipality;

   f.  An elevator maintenance agreement; or

   g.  That part of any other contract or agreement pertaining to your business under which you assume the tort liability of another to pay damages because of "personal injury" or "property damage" to a third person or organization, if the contract or agreement is made prior to the "personal injury" or "property damage." Tort liability means a liability that would be imposed by law in the absence of any contract or agreement. But:

An "insured contract" does not include that part of any contract or agreement:

   a.  That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

      (1)  Preparing, approving or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; or

      (2)  Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage;

   b.  Under which the insured, if an architect, engineer or surveyor, assumes liability for injury or damage arising out of the insured's rendering of or failing to render professional services, including those listed in a. above and supervisory, inspection, architectural or engineering activities;

   c.  That indemnifies any person or organization for "property damage" to real or personal property owned by, rented to, or used by such person or organization arising out of work or operations performed for you;

         d.   Under which you agree to pay any fines, penalties, liquidated damages, or any amounts in excess of such compensatory damages as would be recoverable therefor in an action of tort;

         e.   That indemnifies an "employee" of the insured for "personal injury" or "property damage" sustained by any other "employee" of the insured arising out of and in the course of employment by the insured or while performing duties related to the conduct of the insured's business; or

         f.   That indemnifies an "employee" of the insured for any amounts or benefits because of "personal injury" that exceed any obligation of the insured under a Workers' Compensation, disability benefits or unemployment compensation law or any similar law.

   2.   We will defend any claim made or "suit" brought against the "indemnitee" under an "insured contract" which you are required to defend by the specific terms of such "insured contract," but only to the same extent and on the same terms that we would defend if the "indemnitee" were the insured under the policy, and then only if all of the following conditions are satisfied: (1) the claim or "suit" seeks damages for which the "indemnitee" is legally entitled to indemnification under the "insured contract," (2) the policy covers such damages, and (3) the applicable Limit of Insurance with respect to such damages has not been exhausted by payment of judgments or settlements.

   3.   The following is added to the Definition section:

        "Indemnitee" means the person or organization whose liability you have assumed under an "insured contract."

   4.   Nothing in this Amendment D. shall supersede any limitation imposed by A. Amendment - Named Insured, with respect to who is a "Named Insured" under this policy.

E.   DELETION OF EXCLUSION - LIQUOR LAW LIABILITY

   Exclusion c. of COVERAGE A is deleted.

F.   AMENDMENT - EXCESS EMPLOYER'S LIABILITY INSURANCE

   1.   Exclusion e. of COVERAGE A relating to "bodily injury" to any "employee" of the insured or to the spouse, child, parent, brother or sister of that "employee" does not apply to any "bodily injury" to which primary Employers Liability Insurance written by us applies, or would apply but for exhaustion of policy limits.

   The insurance provided under this Section F., is excess over:

         a.   The total amount provided by such primary Employers Liability Insurance written by us that is available to the Named Insured for damages because of such injury; and

         b.   The total of all deductible and retained amounts under such primary insurance.

   The insurance provided under this Section F. is conditioned upon the existence of primary Employers Liability Insurance written by us and shall not apply to "bodily injury" by accident or

"bodily injury" by disease which is not covered under primary Employer's Liability Insurance written by us. But:

This insurance does not apply to:

(1) Any claim brought under the laws of:

    (a) California or New York; or

    (b) Any other state which now or during the term of this policy prohibits by law the establishment of limits of liability applicable to Employers Liability Insurance, but only if the claim results from:

        (i) "bodily injury" by accident which occurs after such law becomes effective; or

        (ii) "bodily injury" by disease where the "employee's" last day of last exposure to the conditions causing or aggravating such "bodily injury" by disease occurs after such law becomes effective.

(2) Liability assumed under an "insured contract" or any other contract or agreement;

(3) Punitive or exemplary damages because of "bodily injury" to an "employee" employed in violation of law;

(4) "Bodily injury" to an "employee" while employed in violation of law with your actual knowledge or the actual knowledge of any of your "executive officers";

(5) Any obligation imposed by a Workers' Compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law;

(6) "Bodily injury" intentionally caused or aggravated by you;

(7) "Bodily injury" occurring outside the United States of America, its territories or possessions, and Canada. This exclusion does not apply to "bodily injury" to a citizen or resident of the United States of America or Canada who is temporarily outside these countries;

(8) Damages arising out of the discharge of, coercion or, or discrimination against any "employee" in violation of law;

(9) "Bodily injury" covered by a Protection and Indemnity Policy or similar policy issued to you or for your benefit. This exclusion applies even if the other policy does not apply because of an other insurance clause, deductible or limitation of liability clause, or any similar clause;

(10) Your duty to provide transportation, wages, maintenance and cure.

2. The limits of our liability for this excess insurance are shown in the schedule below. They apply as follows:

    a. <u>"Maritime Coverage"</u>

        (1) Bodily Injury by Accident. The limit shown for "bodily injury by accident-annual aggregate" is the most we will pay for all damages covered by "Maritime Coverage" and arising out of "bodily injury" by accident, regardless of the number of "employees" who

sustain "bodily injury" by accident. The limit shown for "bodily injury by accident-each accident" is the most we will pay for all damages covered by "Maritime Coverage" because of "bodily injury" to one or more "employees" in any one accident.

A disease is not "bodily injury" by accident unless it results directly from "bodily injury" by accident.

(2) Bodily Injury by Disease. The limit shown for "bodily injury by disease-annual aggregate" is the most we will pay for all damages covered by "Maritime Coverage" because of "bodily injury" by disease to one or more "employees". The limit applies separately to "bodily injury" by disease arising out of work in each state. "Bodily injury" by disease will be deemed to occur in the state of the vessel's home port.

"Bodily injury" by disease does not include disease that results directly from a "bodily injury" by accident.

"Maritime Coverage" means coverage for "bodily injury" to a master or member of the crew of a vessel.

b. Other than "Maritime Coverage"

(1) Bodily Injury by Accident. The limit shown for "bodily injury by accident-annual aggregate" is the most we will pay for all damages covered by this insurance other than "Maritime Coverage" and arising out of "bodily injury" by accident, regardless of the number of "employees' who sustain "bodily injury" by accident. The limit shown for "bodily injury by accident-each accident" is the most we will pay for all damages covered by this insurance other than "Maritime Coverage" because of "bodily injury" to one or more "employees" in any one accident.

A disease is not "bodily injury" by accident unless it results directly from "bodily injury" by accident.

(2) Bodily injury by Disease. The limit shown for "bodily injury by disease-annual aggregate" is the most we will pay for all damages covered by this insurance other than "Maritime Coverage" and arising out of "bodily injury" by disease, regardless of the number of "employees" who sustain "bodily injury" by disease. The limit shown for "bodily injury by disease-each employee" is the most we will pay for all damages covered by this insurance other than "Maritime Coverage" because of "bodily injury" by disease to any one "employee."

"Bodily injury" by disease does not include disease that results directly from a "bodily injury" by accident.

c. We will not pay any claims for damages after we have paid the applicable limit of our liability under this insurance.

### SCHEDULE - LIMITS OF LIABILITY

"MARITIME COVERAGE":

| | | |
|---|---|---|
| "Bodily Injury" by Accident | $_____0_____ | annual aggregate |
| | $_____0_____ | each accident |
| "Bodily Injury" by Disease | $_____0_____ | annual aggregate |

OTHER THAN "MARITIME COVERAGE":

| | | | |
|---|---|---|---|
| "Bodily Injury" by Accident | $ | 0 | annual aggregate |
| | $ | 0 | each accident |
| "Bodily Injury" by Disease | $ | 0 | annual aggregate |
| | $ | 0 | each "employee" |

G. **AMENDMENT - COVERAGE FOR BODILY INJURY TO CO-EMPLOYEES**

1. Coverage

    Your "employees" (other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company)) are insureds with respect to injury within subdivision a. of the definition of "personal injury" (that is "bodily injury"):

    (a) to you

    (b) to your partners or members (if partnership or joint venture)

    (c) to your members (if you are a limited liability company)

    (d) to a co-"employee" while that co- "employee" is either in the course of his or her employment by you or while performing duties related to the conduct of your business (including participation in any recreational activities sponsored by you.)  But:

    This coverage for your "employees" does not apply:

    (1) To injury within subdivisions b. and c. of the definition of "personal injury."

    (2) To acts outside the scope of their employment by you (which employment includes participation in any recreational activities sponsored by you).

    (3) In excess of the Limits of Insurance designated in Item 3 below.

    (4) To the providing of or failure to provide professional health care services.

2. Amendment - Who is an Insured.

    Subparagraph 2. a. (1), (a), (b) and (c) of SECTION II - WHO IS AN INSURED does not apply to injury within subdivision a. of the definition of "personal injury" (that is, "bodily injury") for which insurance is provided by this Amendment G, but solely to the extent of the Limits of Insurance designated in Item 3 below.

3. Limits of Insurance.

    a.  Sublimit Each Occurrence.  This insurance is subject to a sublimit of:

    $_____each occurrence.

This sublimit is subject to the Each Occurrence Limit shown in the Declarations; it is not in addition to the Each Occurrence Limit.

If a sublimit is not designated above, the applicable limit is the Each Occurrence Limit shown in the Declarations.

b. Aggregate. This insurance is subject to the General Aggregate Limit shown in the Declarations.

## H. AMENDMENT - PROFESSIONAL HEALTH CARE SERVICES BY EMPLOYEES

1. Coverage.

Any "employee" of the Named Insured who is a "designated health care provider" is an insured under this policy with respect to "personal injury":

a. Which arises out of the providing of or failure to provide professional health care services; and

b. Which occurs in the course of and within the scope of such "employee's" employment by the Named Insured; but:

Solely to the extent of the Limits of Insurance designated in Item 3 below.

"Designated health care provider" means any "employee" of yours who provides professional health care services, including but not limited to doctors, nurses, emergency medical technicians or designated first aid personnel.

2. Amendment - Who is an Insured.

Subparagraphs 2. a. (1) of SECTION II - WHO IS AN INSURED do not apply to the insurance provided by this amendment, but solely to the extent of the Limits of Insurance designated in Item 3 below.

3. Limits of Insurance.

a. Sublimit Each Occurrence. This insurance is subject to a sublimit of:

$_____ each occurrence.

This sublimit is subject to the Each Occurrence Limit shown in the Declarations; it is not in addition of the Each Occurrence Limit.

If a sublimit is not designated above, the applicable limit is the Each Occurrence Limit shown in the Declarations.

b. Aggregate. This insurance is subject to the General Aggregate Limit shown in the Declarations.

4. Exclusions.

This insurance does not apply to:

a. Liability assumed under an "insured contract" or any other contract or agreement;

b. Liability arising out of the providing of professional health care services in violation of law;

c. Liability arising out of the providing of any professional health care services while in any degree under the influence of intoxicants or narcotics;

d. Liability arising out of any dishonest, fraudulent, malicious or knowingly wrongful act or failure to act; or

e. Punitive or exemplary damages, fines or penalties.

I.    LIMITATION - PARKING AN AUTO

Subparagraph (3) of Exclusion g. of COVERAGE A is deleted.

J.    AMENDMENT - MOBILE EQUIPMENT

Exclusion h. (2) of COVERAGE A is deleted.

K.    EXCLUSION - DISCRIMINATION

This insurance does not apply to:

Damages arising out of unlawful discrimination.

L.    AMENDMENT - BLANKET ADDITIONAL INSURED

SECTION II - WHO IS AN INSURED is amended to include as an insured any person, organization, state or other political subdivision, trustee or estate for whom you have agreed in writing to provide liability insurance. But:

The insurance provided by this amendment:

1. Applies only to "personal injury" or "property damage" arising out of (a) "your work" or (b) premises or other property owned by or rented to you;

2. Applies only to coverage and limits of insurance required by the written agreement, but in no event exceeds either the scope of coverage or the limits of insurance provided by this policy; and

3. Does not apply to any person, organization, state or other political subdivision, trustee or estate for whom you have procured separate liability insurance while such insurance is in effect, regardless of whether the scope of coverage or limits of insurance of this policy exceed those of such other insurance or whether such other insurance is valid and collectible.

M.    AMENDMENT - NON-CUMULATION OF LIMITS (SAME OCCURRENCE)

The following paragraph is added to Item 5 of Section III - LIMITS OF INSURANCE:

If one "occurrence" causes "bodily injury", "personal injury" and/or "property damage" during this policy period and during the policy period of one or more prior and/or future policy(ies) that include(s) a commercial general liability coverage form issued to you by us, then this policy's Each

Occurrence Limit will be reduced by the amount of each payment made by us under the other policy(ies) because of such "occurrence."

N.  AMENDMENT - OTHER INSURANCE

    1.  With respect to "Amendment - Blanket Additional Insured," the following provisions apply:

        a.  Where the applicable written agreement requires the insured to provide liability insurance on a primary, excess, contingent, or any other basis, this policy will apply solely on the basis required by such written agreement and Item 4. Other Insurance of SECTION IV of this policy will not apply, regardless of whether the person, organization, state or other political subdivision (for whom the insured has agreed in writing to provide such insurance) has available other valid and collectible insurance.

        b.  Where the applicable written agreement does not specify on what basis the liability insurance will apply, the provisions of Item 4. Other Insurance of SECTION IV of this policy will govern.

    2.  With respect to coverage provided by "Amendment - Contractual Liability", "Amendment - Coverage For Bodily Injury To Co-Employees", and "Amendment - Professional Health Care Services By Employees", we will deem our policy to be primary regardless of whether any other valid and collectible insurance is available to the insured, and Item 4. Other Insurance of SECTION IV of this policy will not apply.

O.  AMENDMENT - FOREIGN COVERAGE

    1.  Amended Definition - Coverage Territory.

    Paragraph 4.c. of the DEFINITIONS section is replaced by the following:

        c.  Anywhere in the world, except with respect to injury or damage arising out of your "foreign based operations." As used herein, "foreign based operations" means:

            (1)  construction, fabrication, erection or installation operations outside the territory described in a. above;

            (2)  the manufacturing of goods or products outside the territory described in a. above; or

            (3)  the sale or distribution of goods manufactured outside the territory described in a. above at or from locations outside the territory described in a. above.

    2.  Investigation, Defense, Settlement - Foreign Claims or Suits.

    The insured under our supervision shall investigate, defend or settle any claim or "suit" brought in any country where we are prevented by law from carrying out this agreement.
We will reimburse the insured for the reasonable costs of such investigation and defense and, within the applicable limit of insurance, for the amount of any settlement made with our prior written consent.

P.  AMENDMENT - DUTIES IN THE EVENT OF OCCURRENCE, OFFENSE, CLAIM OR SUIT.

    For purposes of paragraphs a. and b. of Condition 2. of the policy, you refers to an "executive officer" of the insured or to the "employee" designated by the insured to give us notice.

Q.  AMENDMENT - ALIENATED PREMISES

Subparagraph (2) of Exclusion j. - Damage to Property of Coverage A (SECTION I - COVERAGES) is replaced by the following:

(2)  Premises you sell, give away, or abandon, if the "property damage" arises out of any part of those premises, and occurs from hazards that were known by you, or should have reasonably been known by you, at the time the property was transferred or abandoned;

R.  AMENDMENT - MEDICAL PAYMENTS

a.  Paragraph 1.a.(2), which requires that the expenses are incurred and reported within one year of the date of accident, of Coverage C (SECTION I - COVERAGES) is replaced by the following:

(2)  The expenses are incurred and reported to us within three years of the date of the accident; and

b.  Paragraph 7. of SECTION III - LIMITS OF INSURANCE is replaced by the following:

7.  Subject to Paragraph 5. of SECTION III - LIMITS OF INSURANCE, the most we will pay under Coverage C for all medical expenses because of "bodily injury" sustained by any one person is the greater of:

(1)  $10,000; or

(2)  The amount shown in the Declarations for Medical Expense Limit.

S.  AMENDMENT - NON-OWNED WATERCRAFT

Subparagraph (2) of Exclusion g. - Aircraft, Auto or Watercraft of Coverage A (SECTION I - COVERAGES) is replaced by the following:

(2)  A watercraft you do not own that is:

(a)  Less than 50 feet long; and

(b)  Not being used to carry persons or property for a charge;

T.  AMENDMENT - RENTED PREMISES

1.  The last paragraph of 2. Exclusions of Coverage A (SECTION I - COVERAGES) is replaced by the following:

Exclusions c. through n. do not apply to damage by fire, lightning, or explosion to premises while rented to you or temporarily occupied by you with permission of the owner.  A separate limit of insurance applies to this coverage as described in SECTION III - LIMITS OF INSURANCE.

2.  Paragraph 6. of SECTION III - LIMITS OF INSURANCE is replaced by the following:

6.  Subject to paragraph 5. of SECTION III - LIMITS OF INSURANCE, the most we will pay under Coverage A for damages because of "property damage" to any one premises, while rented to you , or in the case of damage by fire, lightning or explosion, or any combination of

the three, while rented to you or temporarily occupied by you with permission of the owner is the greater of:

a.  $100,000; or

b.  The amount shown as Damage To Premises Rented To You Limit in the Declarations.

This endorsement is executed by the company below designated by an entry in the box opposite its name

Premium

|   | LIBERTY MUTUAL INSURANCE COMPANY |
|---|---|
| X | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
|   | LIBERTY INSURANCE CORPORATION |
|   | LM INSURANCE CORPORATION |
|   | THE FIRST LIBERTY INSURANCE CORPORATION |

Effective Date                           Expiration Date

For attachment to Policy or Bond No.    RG2-681-004130-030

Audit Basis
Issued to

*Barry S. Gilson*    *Edmund F Kelly*

SECRETARY    PRESIDENT

Page 14 of 14

Countersigned by..................................................

Authorized Representative

Loc. 6

Issued               Sales Office and No.           End. Serial No.        1

NRD 201 RG R12 (99) 08 99

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

AMENDATORY ENDORSEMENT - NAMED INSURED

This Amendatory Endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Paragraph 1. of A. Amendment - Named Insured of the General Amendatory Endorsement is replaced by the following:

A.  For entities owned prior to 2/1/99, the following applies:

   1.  The term "Named Insured" includes in addition to the person or organization designated in the Declarations as the "First Named Insured":

      a.  See Attached Schedule

      but only while the First Named Insured owns, during the policy period, an interest therein; and

      b.  subject to 1.a. above, any other organization (except for a partnership, joint venture or limited liability company) incorporated or organized under the laws of the United States of America or its states, territories or possessions, Puerto Rico, Canada or its provinces, but only while the First Named Insured or any of the Named Insureds in 1.a. above owns, during the policy period, an interest therein of more than 50%.  But:

      None of the above-designated persons or organizations is a Named Insured with respect to:

        (1)  Injury within subdivision a. of the definition of "personal injury" (that is, "bodily injury") or "property damage" that occurred, or

        (2)  Injury within subdivisions b. or c. of the definition of "personal injury" caused by an offense or a series of related offenses committed,

      prior to the ownership interests described in Item 1. above.

      A partnership, joint venture or limited liability company is not a Named Insured unless it is shown in 1.a. above.  No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in 1.a. above.

B.  For entities owned 2/1/99 and after, the following applies:

   1.  The term "Named Insured" includes in addition to the person or organization designated in the Declarations as the "First Named Insured":

      a.  See Attached Schedule

## NAMED INSURED ENDORSEMENT

Luxottica U.S. Holdings Corp.
Luxottica, USA, Inc.
Luxottica Canada, Inc.
Luxottica Group, SpA
Brico, S.r.L.
Luxottica S.p.A.
La Meccanoptica Leonardo S.p.A.
Persol S.p.A.
The United States Shoe Corp.
LensCrafters, Inc.
Eyexam 2000 of California, Inc.
LensCrafters,Foundation
New Shoe Corp.
Luxottica Sun Corp.
LensCrafters Canadian, Inc.
LensCrafters International, Inc.
LensCrafters E.C. Corp.
549855 Alberta, Inc.
Centre Professionnel de Vision USSC, Inc.
LensCrafters Foundation of Canada
Avant-Garde Optics, Inc.
Avant-Garde Optics International, Inc.
EyeMed, Inc.
Enterprises of Lenscrafters, LLC
EyeMed Vision Care, LLC

For Attachment to
Policy: RG2-681-004130-030                    Page 1A                                    End. 2

but only while the First Named Insured owns, during the policy period, an interest therein of more than 50% (fifty percent); and

b.  subject to 1.a. above, any other organization (except for a partnership, joint venture or limited liability company) incorporated or organized under the laws of the United States of America or its states, territories or possessions, Puerto Rico, Canada or its provinces, but only while the First Named Insured or any of the Named Insureds in 1.a. above owns, during the policy period, an interest therein of more than 50%. But:

None of the above-designated persons or organizations is a Named Insured with respect to:

(1) Injury within subdivision a. of the definition of "personal injury" (that is, "bodily injury") or "property damage" that occurred, or

(2) Injury within subdivisions b. or c. of the definition of "personal injury" caused by an offense or a series of related offenses committed,

prior to the ownership interests described in Item 1. above.

A partnership, joint venture or limited liability company is not a Named Insured unless it is shown in 1.a. above. No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in 1.a. above.

All other terms and conditions of this coverage remain unchanged.

This endorsement is executed by the company below designated by an entry in the box opposite its name

Premium

| | LIBERTY MUTUAL INSURANCE COMPANY |
|---|---|
| X | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| | LIBERTY INSURANCE CORPORATION |
| | LM INSURANCE CORPORATION |
| | THE FIRST LIBERTY INSURANCE CORPORATION |

Effective Date                    Expiration Date

For attachment to Policy or Bond No.    RG2-681-004130-030

Audit Basis
Issued to

_Barry S. Hilton_  SECRETARY    _Edmund F. Kelly_  PRESIDENT

Page 2 of 2
Countersigned by.................................................................................
                                   Authorized Representative

Loc. 6

Issued                Sales Office and No.              End. Serial No.    2
ke 03-27-00

102

## LUXOTTICA U. S. HOLDINGS CORPORATION
## POLICY PREMIUM ADJUSTMENT ENDORSEMENT

A. **ADJUSTED PREMIUM**

The adjusted premiums for the policies and policy periods designated in the schedule below shall be the sum of the Deductible Expense and the Discounted Premium for Non-Deductible Insurance.

1. The Deductible Expense is the premium for the expenses of handling the deductible losses and shall be the sum of

   (a) the amounts derived by applying the percentages in the schedule to the "deductible amounts incurred" under the provisions of the Deductible Liability Insurance Endorsement of the designated policies, and

   (b) the amounts derived from the applications of the administrative rates in the schedule to the exposure units as audited under the designated policies.

2. The Discounted Premium for Non-Deductible Insurance is the discounted excess premium for the insurance for the limits of liability in excess of the deductible amounts and is the premium derived by the application of the Discounted Excess Rates in the schedule to the exposure units as audited under the provisions of the designated policies.

B. **DEFINITION**

"Deductible amounts incurred" means

(a) all damages, interest on judgments, and "allocated loss adjustment expense" actually paid and

(b) reserves for unpaid damages, interest on judgments, and "allocated loss adjustment expense" as estimated by the company

and which are reimbursed or to be reimbursed by the named insured under the provisions of the Deductible Liability Insurance Endorsement of the designated policies. "Deductible amounts incurred" shall also include payments made directly by the "named insured" for all damages, interest on judgments, and "allocated loss adjustment expense" falling within the deductible amount.

"Allocated loss adjustment expense" includes, but is not limited to:

(1) attorney's fees for claims in suit; and

(2) court costs and other items of expense such as

   (a) costs for medical, expert and other witnesses at trials or hearings, stenographic costs and costs of copies of documents and transcripts; and

   (b) medical, expert, or consultant fees and expenses relating to the defense of any claim or suit.

C. **COMPUTATION OF ADJUSTED PREMIUM**

A computation of the adjusted premium based upon the audited premium and exposures and upon the "deductible amounts incurred" as of six months after termination of the policy shall be made by the company as soon as practical thereafter.

A further computation of the adjusted premium based upon "deductible amounts incurred" eighteen months after termination of the policy shall be made by the company as soon as practical thereafter.

Further computations shall be made at intervals of twelve months subject to a similar procedure until the named insured and the company agree that such a computation be final.