After each computation, if the adjusted premium computed exceeds the premium previously billed, the "named insured" shall pay the difference to the company; if less, the company shall return the difference to the "named insured".

**D. SCHEDULE**

**General Liability**

Designated Policies   RG2-681-004130-030

and renewals or rewrites thereof for the period effective   2/1/00 to 2/1/01

Percentage of "deductible amounts incurred"          8.46%

Administrative Rate and Exposure Unit:                .0670 per $1,000 Sales

Discounted GL Excess Rate and Exposure Unit: .1587 per $1,000 Sales

---

Accepted by: _____

          *(Insured)*          *(Title)*          *(Date)*

        *(Proprietor, Partner or Authorized Officer of Corporation)*

---

This endorsement is executed by the company below designated by an entry in the box opposite its name

Premium

Effective Date   02/01/2000          Expiration Date   02/01/2001

For attachment to Policy or Bond No.   RG2-681-004130-030

Audit Basis   1
Issued to   Luxottica U.S. Holdings Group

| | |
|---|---|
| ☐ | LIBERTY MUTUAL INSURANCE COMPANY |
| ☒ | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| ☐ | LIBERTY INSURANCE CORPORATION |
| ☐ | LM INSURANCE CORPORATION |
| ☐ | THE FIRST LIBERTY INSURANCE CORPORATION |

*Barry S. Shilon*   SECRETARY   *Edmund F. Kelly*   PRESIDENT

Countersigned by....................................................................
                               Authorized Representative

Loc. 6
      Issued
      KE 03/28/00
102

Page 2 of 2
Sales Office and No.
Cincinnati 877

End. Serial No. 2A

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

COVERAGE ENDORSEMENT - PORT AUTHORITY INDEMNITY CLAUSE

This Coverage Endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

SECTION IV - COMMERCIAL LIABILITY CONDITIONS is amended to include the following:

16.  Indemnity Clause

We shall not raise any defense involving in any way the jurisdiction of the tribunal over the person of the Port Authority, the immunity of the Port Authority, its Commissioners, officers, agents or employees, the governmental nature of the Port Authority, or the provisions of any statutes respecting suits against the Port Authority without obtaining express advance permission from the General Counsel of the Port Authority.

All other terms and conditions of this policy remain unchanged.

This endorsement is executed by the company below designated by an entry in the box opposite its name

| | |
|---|---|
| | LIBERTY MUTUAL INSURANCE COMPANY |
| X | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| | LIBERTY INSURANCE CORPORATION |
| | LM INSURANCE CORPORATION |
| | THE FIRST LIBERTY INSURANCE CORPORATION |

Premium

Effective Date                    Expiration Date

For attachment to Policy or Bond No.    RG2-681-004130-030

_Barry S. Hilton_ SECRETARY    _Edmund F. Kelly_ PRESIDENT

Audit Basis
Issued to

Countersigned by................................................................
                                          Authorized Representative

Loc. 6

        Issued                    Sales Office and No.              End. Serial No.    3
        ke 03-27-00

102

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

AMENDATORY ENDORSEMENT - PERSONAL INJURY

This Amendatory Endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

In B. Amendment - Personal Injury of the General Amendatory Endorsement, paragraph 3. c. (2) is replaced with the following:

(2) Malicious prosecution or abuse of process;

All other terms and conditions of this coverage remain unchanged.

This endorsement is executed by the company below designated by an entry in the box opposite its name

Premium

| | LIBERTY MUTUAL INSURANCE COMPANY |
|---|---|
| X | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| | LIBERTY INSURANCE CORPORATION |
| | LM INSURANCE CORPORATION |
| | THE FIRST LIBERTY INSURANCE CORPORATION |

Effective Date                    Expiration Date

For attachment to Policy or Bond No.    RG2-681-004130-030

Audit Basis
Issued to

Countersigned by.................................................................................
                                    Authorized Representative

Loc. 6

Issued                    Sales Office and No.                    End. Serial No.    4
ke 03-27-00

102

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

**COVERAGE - ADVERTISING OFFENSE**

This Coverage Endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

1. <u>Coverage</u>

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "advertising injury" to which this endorsement applies.  We will have the right and duty to defend any "suit" seeking those damages.  We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result.  But:

        (1) The amount we will pay for damages is limited as described in item 5 of this endorsement; and

        (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlement.

        No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS.

    b.  This endorsement applies to "advertising injury" caused by an offense arising out of your business; but only if the offense was committed in the "coverage territory" during the policy period.

2. <u>Definitions</u>

    a.  The following is added to the DEFINITIONS section:

        "Advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

        (1) Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

        (2) Oral or written publication of material that violates a person's right of privacy;

        (3) The use of another's advertising idea in your "advertisement"; or

        (4) Infringement upon another's copyright, trade dress or slogan in your "advertisement".

        "Advertisement" means a notice that is broadcast or published (in the print, broadcast or electronic media) to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters.

b.  The definition of "occurrence" is extended to include the following subdivision (d):

(d)  with respect to "advertising injury," commission of one or a related series of offenses during the policy period.

3.  <u>"Stop-Gap" Coverage for Renewal Insureds Only</u>

a.  <u>Explanatory Note</u>

This insurance applies to "advertising injury" only if caused by one or a related series of <u>offenses committed</u> during the policy period.  If your prior policy(ies) written by us included our Advertising Offense Endorsement, then they applied to such <u>injury that occurred</u> during the policy period, regardless of when the offense was committed.  Therefore:

b.  <u>Limited "Stop-Gap" Coverage</u>

If "advertising injury" as defined by this endorsement (and not otherwise excluded) occurs during the policy period, but arises from one or a related series of offenses which were committed during the term of your prior policy written by us, this endorsement will apply to such injury; but:  only if your prior policy does not apply.

4.  <u>Exclusions</u>

This insurance does not apply to:

a.  "Advertising injury"

(1)  Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

(2)  Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period (except for injury to which item 3. "Stop Gap" Coverage for Renewal Insureds Only applies);

(3)  Committed by an insured whose business is advertising, broadcasting, publishing or telecasting;

(4)  Arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement";

(5)  Arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement";

(6)  Arising out of the wrong description of the price of goods, products or services stated in your "advertisement";

(7)  Committed by any organization which is a Named Insured under A. AMENDMENT - NAMED INSURED of the General Amendatory Endorsement, before you acquired or formed the organization;

(8) Arising out of patent infringement or securities fraud that arises out of your "advertisement";

(9) For which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement;

(10) Arising out of an offense committed by or at the direction of the insured for the purpose of causing injury; or

(11) Arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

b.  Any loss, cost or expense arising out of any:

(1) Request, demand or order that any insured or others test for monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

(2) Claim or suit by or on behalf of an governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing or in any way responding to, or assessing the effects of, "pollutants".

5.  Limits of Insurance

   a.  Each Occurrence Limit.

   This insurance is subject to the Each Occurrence Limit shown in the Declarations unless a separate Advertising Injury Each Occurrence Limit is shown below.

   $_____ Advertising Injury Each Occurrence Limit

   If a separate Advertising Injury Each Occurrence Limit is shown above, damages because of all injury to which this endorsement applies are subject solely to such separate limit, it being our intent that only one limit of insurance shall apply to all such damages arising out of any one "occurrence."

   b.  General Aggregate Limit

   This insurance is subject to the General Aggregate Limit shown in the Declarations.

   c.  Explanatory Note On Limits Of Insurance

   For the purpose of determining the Limits Of Insurance, the following is added to Section III-Limits Of Insurance:

      All injury within subdivision b. and c. of the definition of "personal injury," and "advertising injury" arising out of a series of related acts or "covered offenses," including all repetitions or reproductions, will be considered as the result of one and the same "occurrence."

6. <u>Other Insurance</u>

This insurance does not apply to any portion of a claim for damages for which the insured has available any other valid and collectible insurance, whether primary, excess, contingent, or any other basis, unless such other insurance was purchased by the insured specifically to apply in excess of this policy.

This endorsement is executed by the company below designated by an entry in the box opposite its name

Premium

| | |
|---|---|
| | LIBERTY MUTUAL INSURANCE COMPANY |
| X | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| | LIBERTY INSURANCE CORPORATION |
| | LM INSURANCE CORPORATION |
| | THE FIRST LIBERTY INSURANCE CORPORATION |

Effective Date                              Expiration Date

For attachment to Policy or Bond No.    RG2-681-004130-030

Audit Basis
Issued to

Page 4 of 4
Countersigned by.................................................................

*Barry S. Shilton*   SECRETARY    *Edmund F Kelly*   PRESIDENT

Authorized Representative

Loc. 6

Issued          Sales Office and No.          End. Serial No.      5

NRD 203 RG R5 02 99

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

AMENDATORY ENDORSEMENT - ADVERTISING OFFENSE COVERAGE

This Amendatory Endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Endorsement NRD 203 R5 RG 02 99 - Advertising Offense Coverage Endorsement is amended as follows:

Item 4., Exclusions, exclusion (9) is deleted.

All other terms and conditions of this coverage remain unchanged.

This endorsement is executed by the company below designated by an entry in the box opposite its name

| | |
|---|---|
| Premium | ☐ LIBERTY MUTUAL INSURANCE COMPANY |
| | ☒ LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| | ☐ LIBERTY INSURANCE CORPORATION |
| Effective Date       Expiration Date | ☐ LM INSURANCE CORPORATION |
| | ☐ THE FIRST LIBERTY INSURANCE CORPORATION |

For attachment to Policy or Bond No.    RG2-681-004130-030

Audit Basis
Issued to

*Gary S. Gibson*      *Edmund F. Kelly*
SECRETARY         PRESIDENT

Countersigned by............................................................................
                                      Authorized Representative

Loc. 6

Issued                 Sales Office and No.                End. Serial No.   6
ke 03-27-00

102

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

AMENDATORY ENDORSEMENT - NON-OWNED WATERCRAFT

This Amendatory Endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Section I - Coverages, Coverage A. - Bodily Injury and Property Damage Liability, Item 2. - Exclusions, Exclusion g. is deleted and replaced by the following:

g.  "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured.  Use includes operation and "loading or unloading".

This exclusion does not apply to:

(1)  A watercraft while ashore on premises you own or rent;

(2)  A watercraft you do not own that is:

(a)  Less than 90 feet long; and

(b)  Not being used to carry persons or property for a charge;

(3)  Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;

(4)  Liability assumed under any "insured contract'" for the ownership, maintenance or use of aircraft or watercraft; or

(5)  "Bodily injury" or "property damage" arising out of the operation of any of the equipment listed in paragraph f.(2) or f.(3) of the definition of "mobile equipment" (Section VII.).

All other terms and conditions of this coverage remain unchanged.

This endorsement is executed by the company below designated by an entry in the box opposite its name

Premium

|   | LIBERTY MUTUAL INSURANCE COMPANY |
|---|---|
| X | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
|   | LIBERTY INSURANCE CORPORATION |
|   | LM INSURANCE CORPORATION |
|   | THE FIRST LIBERTY INSURANCE CORPORATION |

Effective Date                          Expiration Date

For attachment to Policy or Bond No.    RG2-681-004130-030

Audit Basis
Issued to

Countersigned by ...................................................................
Authorized Representative

Loc. 6

Issued                     Sales Office and No.                End. Serial No.    7
ke 03-27-00

102

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

COVERAGE ENDORSEMENT - SHORT TERM PREMISES

This Coverage Endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

1.  The following paragraph is add to Exclusion j. Damage to Property of COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY:

   Paragraph (1), (3) and (4) of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days.  A separate limit of insurance applies to Damage To Premises Rented To You as described in SECTION III - LIMITS OF INSURANCE.

2.  a.  The following replaces paragraph 6. of SECTION III - LIMITS OF INSURANCE:

      6.  Subject to 5. above, the Damage To Premises Rented To You Limit is the most we will pay under Coverage A for damages because of "property damage" to any one premises, while rented to you, or in the case of damage by fire, while rented to you or temporarily occupied by you with permission of the owner.

   b.  The Fire Damage Limit in the Declarations is changed to the Damage To Premises Rented To You Limit.

3.  The following replaces the first paragraph in 4.b. of SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS:

   This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis:

      (1)  That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work;"

      (2)  That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;

      (3)  That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

For Attachment to
Policy:  RG2-681-004130-030          Page 1 of 2          End. 8

**(4)** If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion g. of **Coverage A (Section I)**.

All other terms and conditions of this policy remain unchanged.

This endorsement is executed by the company below designated by an entry in the box opposite its name

Premium

|   | LIBERTY MUTUAL INSURANCE COMPANY |
|---|---|
| X | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
|   | LIBERTY INSURANCE CORPORATION |
|   | LM INSURANCE CORPORATION |
|   | THE FIRST LIBERTY INSURANCE CORPORATION |

Effective Date                    Expiration Date

For attachment to Policy or Bond No.    RG2-681-004130-030

Audit Basis
Issued to

Page 2 of 2
Countersigned by.....................................................................
Authorized Representative

Loc. 6

Issued                    Sales Office and No.                    End. Serial No.     8
ke 03-27-00

102

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**AMENDATORY ENDORSEMENT**

This Amendatory Endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

A. Exclusion b. of COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I Coverages) is replaced by the following:

b. Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.

B. SUPPLEMENTARY PAYMENTS - COVERAGES A AND B is replaced by the following:

SUPPLEMENTARY PAYMENTS - COVERAGES A AND B

1. We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

a. All expenses we incur.

b. Up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of any vehicle to which the Bodily Injury Liability Coverage applies. We do not have to furnish these bonds.

c. The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

d. All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss earnings up to $250 a day because of time off from work.

e. All costs taxed against the insured in the "suit".

f. Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.

g. All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

These payments will not reduce the limits of insurance.

All other terms and conditions of this policy remain unchanged.

This endorsement is executed by the company below designated by an entry in the box opposite its name

Premium

| | |
|---|---|
| | LIBERTY MUTUAL INSURANCE COMPANY |
| X | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| | LIBERTY INSURANCE CORPORATION |
| | LM INSURANCE CORPORATION |
| | THE FIRST LIBERTY INSURANCE CORPORATION |

Effective Date                    Expiration Date

For attachment to Policy or Bond No.    RG2-681-004130-030

Audit Basis
Issued to

                                                    *Barry S. Hilton*          *Edmund F. Kelly*
                                                       SECRETARY                  PRESIDENT

                        Page 2 of 2
                        Countersigned by..........................................................
                                                              Authorized Representative

Loc. 6

            Issued                    Sales Office and No.        End. Serial No.        9

NRD 215 R1 RG 02 99

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

## ASBESTOS EXCLUSION ENDORSEMENT

This insurance does not apply to "personal injury" or "property damage" caused by, or allegedly caused by, asbestos either alone or in combination with other substances or factors.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date                    Expiration Date

For attachment to Policy or Bond No.    RG2-681-004130-030

Audit Basis

Issued To

☐ LIBERTY MUTUAL INSURANCE COMPANY
☒ LIBERTY MUTUAL FIRE INSURANCE COMPANY
☐ LIBERTY INSURANCE CORPORATION
☐ LM INSURANCE CORPORATION
☐ THE FIRST LIBERTY INSURANCE CORPORATION

*Barry S. Wilson*                    *Edmund F. Kelly*
SECRETARY                                              PRESIDENT

Countersigned by .......................................................................................................................

Authorized Representative

Issued            Sales Office and No.        End. Serial No.    10

**NRD 442 (01 86)**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

COVERAGE - EMPLOYEE BENEFITS LIABILITY INSURANCE
(Claims Made Coverage)

This Coverage Endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

THIS ENDORSEMENT PROVIDES CLAIMS MADE AND REPORTED COVERAGE.

Various provisions in this endorsement restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

In consideration of the payment of the premium, and subject to all of the provisions of the policy not expressly modified in this endorsement, we agree with you as follows:

1.    COVERAGE - EMPLOYEE BENEFITS LIABILITY

We will pay those sums which the "insured" becomes legally obligated to pay as damages because of injury to the rights or interests of employees or their dependents or beneficiaries in "employee benefits programs" to which this insurance applies caused by any improper advice, error or omission in the "administration" of such programs. We will have the right and duty to defend any "suit" seeking such damages. We may investigate and settle any "claim" or "suit" at our discretion. We will not be obligated to pay any "claim" or judgments or to defend any "suit" after the applicable limit of insurance has been exhausted by payment of judgments or settlements.

2.    EXCLUSIONS

This coverage does not apply to:

a.    Any "claim" based upon unlawful discrimination;

b.    Any "claim" with respect to which insurance is afforded in whole or in part under any other coverage afforded by this policy or any endorsement to this policy;

c.    Any "claim" based upon your failure (whether in the capacity of self-insurer or otherwise) or the failure of any insurer to pay or provide the benefits allegedly due under any contract relating to "employee benefits programs"; or

d.    Any "claim" based upon the failure of stock or any compensation, investment or savings program to produce the financial gain represented.

3.    COVERAGE PERIOD

This insurance applies only to "claims" first made against the "insured" on or after the effective date of this endorsement and before the end of the endorsement period that arise out of injury to the rights or interest of an employee or the employee's dependents or beneficiaries in "employee benefits programs" after the retroactive date shown in the schedule and before the end of the policy period.

All "claims" for damages arising out of any one or a related series of errors, omissions or improper advice to which this insurance applies will be deemed to have been made at the time the first of those "claims" is made against any "insured" in accordance with paragraph 2. above.

For Attachment to
Policy: RG2-681-004130-030                    Page 1 of 5                    End. 11

4.  LIMITS OF INSURANCE

    a.  The Limits of Insurance shown in the Schedule of this endorsement and the rules below fix the most we will pay regardless of the number of:

      (1)  Insureds;

      (2)  "Claims" made or "suits" brought; or

      (3)  Persons or organizations making "claims" or bringing "suits".

    b.  The Aggregate Limit is the most we will pay for the sum of all damages arising out of all "claims" made during the endorsement period.

    c.  Subject to b. above, the Each Claim Limit is the most we will pay for all damages arising out of any one "claim".

    d.  If a Deductible Each Claim is shown in the Schedule of this endorsement, you are obligated to pay that amount of damages for each "claim" to which this insurance applies.  We are obligated to pay only that portion of the total of all damages (subject to the Limits of Insurance) which exceeds that deductible amount.  We may investigate and settle any "claim" at our discretion.  However, regardless of the amount of any "claim", you must:

      (1)  notify us promptly as required by Condition 2. of the policy ("Duties in the Event of Occurrence, Claim or Suit"); and

      (2)  reimburse us promptly for all amounts we pay within the deductible amount.

    Both your Aggregate Limit and your Each Claim Limit of Insurance are reduced by the amount of damages paid or payable by you up to the deductible amount shown in the Schedule of this endorsement.

5.  PERSONS INSURED

The unqualified word "insured" includes you and also includes:

    a.  All of your elected and appointed general, division and department officers, directors and stockholders while acting within the scope of their duties as such; and

    b.  Any of your employees who are authorized to act in the "administration" of your "employee benefits programs".

6.  DEFINITIONS

    a.  "Administration" means:

      (1)  the determination of the eligibility of employees to participate in "employee benefits programs";

      (2)  the enrollment of employees in those programs;

      (3)  the keeping of records pertaining to those programs;

      (4)  the interpreting of the provisions of those programs; and

      (5)  the giving of advice or counsel to employees or their dependents or beneficiaries as to their rights or interest in those programs.

  b.  "Employee benefits programs" means those:

      (1)  group life insurance;

      (2)  group accident and health insurance;

      (3)  dental insurance;

      (4)  pension;

      (5)  employee stock subscription;

      (6)  profit sharing;

      (7)  disability;

      (8)  retirement;

      (9)  severance;

      (10) workers compensation;

      (11) unemployment insurance;

      (12) social security; or

    similar programs described in the Schedule of this endorsement offered to employees and their dependents or beneficiaries in the United States of America, its territories and possessions, Puerto Rico and Canada.

  c.  "Claim" includes all claims for damages to the same person or persons arising out of any one or a related series of errors, omissions, or improper advice.

7.  EXTENDED REPORTING PERIODS

  a.  We will provide one or more Extended Reporting Periods, as described below, if:

      (1)  This Coverage Part is canceled or not renewed; or

      (2)  We renew or replace this Coverage Part with insurance that:

         (a)  Has a Retroactive Date later than the date shown in the Schedule of this endorsement; or

         (b)  Does not apply to improper advice, error or omission in the "administration" of "employee benefits programs" on a claims-made basis.

  b.  Extended Reporting Periods do not extend the policy period or change the scope of coverage provided. They apply only to "claims" for:

    Injury to the rights or interest of an employee or the employee's dependents or beneficiaries in "employee benefits programs" that occurs before the end of the policy period but not before the retroactive date, if any, shown in the schedule.

Once in effect, Extended Reporting Periods may not be canceled.

c.  A Basic Extended Reporting Period is automatically provided without additional charge. This period starts with the end of the policy period and lasts for:

  (1)  Five years with respect to "claims" because of injury to the rights or interest of an employee or the employee's dependents or beneficiaries in "employee benefits programs" arising out of an incident reported to us, not later than 60 days after the end of the policy period, in accordance with paragraph 2.a. of the DUTIES IN THE EVENT OF OCCURRENCE, OFFENSE, CLAIM OR SUIT Condition in COMMERCIAL GENERAL LIABILITY CONDITIONS (Section IV);

  (2)  Sixty days with respect to "claims" arising from incidents or offenses not previously reported to us.

  The Basic Extended Reporting Period does not apply to "claims" that are covered under any subsequent insurance you purchase, or that would be covered but for exhaustion of the amount of insurance applicable to such "claims".

d.  The Basic Extended Reporting Period does not reinstate or increase the Limits of Insurance.

e.  A Supplemental Extended Reporting Period of unlimited duration is available, but only by an endorsement and for an extra charge. This supplemental period starts when the Basic Extended Reporting Period, set forth in paragraph 3. above, ends.

  You must give us a written request for the endorsement within 60 days after the end of the policy period. The Supplemental Extended Reporting Period will not go into effect unless you pay the additional premium promptly when due.

  We will determine the additional premium in accordance with our rules and rates. In doing so, we may take into account the following:

  (1)  The exposures insured;

  (2)  Previous types and amounts of insurance;

  (3)  Limits of Insurance available under this Coverage Part for future payments of damages; and

  (4)  Other related factors.

  The additional premium will not exceed 200% of the annual premium for this Coverage Part.

  This endorsement shall set forth the terms, not inconsistent with this Section, applicable to the Supplemental Extended Reporting Period, including a provision to the effect that the insurance afforded for "claims" first received during such period is excess over any other valid and collectible insurance available under policies in force after the Supplemental Extended Reporting Period starts.

f.  If the Supplemental Extended Reporting Period is in effect, we will provide the supplemental aggregate limits of insurance described below, but only for "claims" first received and recorded during the Supplemental Extended Reporting Period.

  The supplemental aggregate limits of insurance will be equal to the dollar amount shown in the Schedule in effect at the end of the policy period for such of the following limits of insurance for which a dollar amount has been entered:

    Aggregate Limit
    Each Claim Limit

8.  SCHEDULE

  a.  LIMITS OF INSURANCE

    AGGREGATE LIMIT              $ 3,000,000

    EACH CLAIM LIMIT            $ 3,000,000

b.   DEDUCTIBLE EACH CLAIM              **$      1,000**

c.   LIST OF "EMPLOYEE BENEFITS PROGRAMS"

### ALL EMPLOYEE BENEFITS PROGRAMS

d.   PREMIUM

    1.   Number of Employees

    2.   Rate per Employee

    3.   Advance Premium              **$**

e.   RETROACTIVE DATE              **2/1/99**

All other terms and conditions of this policy remain unchanged.

This endorsement is executed by the company below designated by an entry in the box opposite its name

Premium

Effective Date                              Expiration Date

For attachment to Policy or Bond No.    RG2-681-004130-030

Audit Basis
Issued to

|   | |
|---|---|
|   | LIBERTY MUTUAL INSURANCE COMPANY |
| X | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
|   | LIBERTY INSURANCE CORPORATION |
|   | LM INSURANCE CORPORATION |
|   | THE FIRST LIBERTY INSURANCE CORPORATION |

*Barry S. Shilon* SECRETARY    *Edmund F Kelly* PRESIDENT

Countersigned by........................................................................

                                                              Authorized Representative

**Loc. 6**                              **Page 5 of 5**

       Issued                         Sales Office and No.                  End. Serial No.    11
     KE 03/27/00

102

## AMENDMENT - DEDUCTIBLE LIABILITY INSURANCE

| Coverage | Deductible Amount | Basis |
|---|---|---|
| Personal Injury Liability and Property Damage Liability Combined | $   250,000 | Each Occurrence |
| Employee Benefits Liability | $   1,000 | Each Claim |

1.  **How Deductible Applies**

    a.  You are obligated to pay the first $ 250,000 of the total of (1) all damages, including amounts paid in settlement of a claim or "suit," plus (2) all "allocated loss adjustment expense," because of all "personal injury" and "property damage" as the result of any one "occurrence." We are obligated to pay only that portion of the total of such damages (subject to the policy's Limits of Insurance) plus "allocated loss adjustment expense" which exceeds such deductible amount.

    b.  You are obligated to pay the first $ 1,000 of the total of (1) all damages, including amounts paid in settlement of a claim or "suit," plus (2) all "allocated loss adjustment expense," because of injury to the rights or interests of employees or their beneficiaries in "employee benefits programs" to which this insurance applies and which is caused by any improper advice, error or omission in the "administration" of such programs. We are obligated to pay only that portion of the total of such damages (subject to the policy's Limits of Insurance) plus "allocated loss adjustment expense" which exceeds such deductible amount.

2.  **Effect of Deductible on Limits of Insurance**

    Your Each Occurrence limit, your Each Claim limit and your applicable Aggregate limit of insurance is reduced by the amount of damages, as referred to in paragraphs 1.a. and 1.b. above, paid or payable by you up to the deductible amount shown above.

    For purposes of this paragraph, all damages are deemed to have been paid or to be payable before "allocated loss adjustment expense" has been paid or is payable.

3.  **Definition**

    "Allocated loss adjustment expense" includes, but is not limited to:

    1.  Attorneys fees for claims in suit; and

    2.  Court costs and other items of expense such as:

        a)  Costs for medical, expert and other witnesses at trials or hearings, stenographic costs and costs of copies of documents and transcripts; and

        b)  medical, expert, or consultant fees and expenses relating to the defense of any claim or suit.

4.   Deductible Advances

We have the right but not the duty to advance any part or all of the deductible amount.  If we exercise this right, you must promptly reimburse us for any such amounts advanced.  All such amounts advanced shall remain your sole and exclusive liability. Exercise of our right to advance such amounts shall not create any obligations or be construed as a waiver or estoppel of our rights under this policy.

5.   Subrogation

In the event we recover any advance or payment made under this policy by exercising our right of subrogation, the amount so recovered shall first be applied to any payments made by us in excess of the deductible amount; only then shall the remainder of such recovery, if any, be applied to reduce the deductible amount payable or paid by you.

6.   Named Insured's Duties

The first Named Insured shown in the Declarations is responsible for the payment of all deductible amounts.

7.   Other Rights and Duties

All other terms of this policy, including those which govern (a) our right and duty to defend claims or "suits" and (b) the insured's duties in the event of an "occurrence," apply irrespective of application of the deductible amount.

This endorsement is executed by the company below designated by an entry in the box opposite its name

| | |
|---|---|
| | LIBERTY MUTUAL INSURANCE COMPANY |
| **Premium** | X   LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| | LIBERTY INSURANCE CORPORATION |
| **Effective Date**             **Expiration Date** | LM INSURANCE CORPORATION |
| | THE FIRST LIBERTY INSURANCE CORPORATION |

For attachment to Policy or Bond No.   RG2−681−004130−030

*Barry S. Gilson*          *Edmund F. Kelly*
SECRETARY                        PRESIDENT

Audit Basis
Issued to

Page 2 of 2
Countersigned by.................................................................

NRD 205 R2 RG 8-1-90                                                        Authorized Representative
             Issued                    Sales Office and No.                End. Serial No.    12

Loc. 6

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DESIGNATED LOCATIONS
# GENERAL AGGREGATE LIMIT

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

**Designated Location(s):**

(If no entry appears above. information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

A. For all sums which the insured becomes legally obligated to pay as damages caused by "occurrences" under COVERAGE A (SECTION I), and for all medical expenses caused by accidents under COVERAGE C (SECTION I), which can be attributed only to operations at a single designated "location" shown in the Schedule above:

1. A separate Designated Location General Aggregate Limit applies to each designated "location", and that limit is equal to the amount of the General Aggregate Limit shown in the Declarations.

2. The Designated Location General Aggregate Limit is the most we will pay for the sum of all damages under COVERAGE A, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard", and for medical expenses under COVERAGE C regardless of the number of:

   a. Insureds;

   b. Claims made or "suits" brought; or

   c. Persons or organizations making claims or bringing "suits".

3. Any payments made under COVERAGE A for damages or under COVERAGE C for medical expenses shall reduce the Designated Location General Aggregate Limit for that designated "location". Such payments shall not reduce the General Aggregate Limit shown in the Declarations nor shall they reduce any other Designated Location General Aggregate Limit for any other designated "location" shown in the Schedule above.

4. The limits shown in the Declarations for Each Occurrence, Fire Damage and Medical Expense continue to apply. However, instead of being subject to the General Aggregate Limit shown in the Declarations, such limits will be subject to the applicable Designated Location General Aggregate Limit.

Copyright, Insurance Services Office, Inc., 1996

**B.** For all sums which the insured becomes legally obligated to pay as damages caused by "occurrences" under COVERAGE **A** (SECTION I), and for all medical expenses caused by accidents under COVERAGE **C** (SECTION I), which cannot be attributed only to operations at a single designated "location" shown in the Schedule above:

  **1.** Any payments made under COVERAGE **A** for damages or under COVERAGE **C** for medical expenses shall reduce the amount available under the General Aggregate Limit or the Products-Completed Operations Aggregate Limit, whichever is applicable; and

  **2.** Such payments shall not reduce any Designated Location General Aggregate Limit.

**C.** When coverage for liability arising out of the "products-completed operations hazard" is provided, any payments for damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard" will reduce the Products-Completed Operations Aggregate Limit, and not reduce the General Aggregate Limit nor the Designated Location General Aggregate Limit.

**D.** For the purposes of this endorsement, the **Definitions** Section is amended by the addition of the following definition:

  "Location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

**E.** The provisions of Limits Of Insurance (SECTION III) not otherwise modified by this endorsement shall continue to apply as stipulated.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date                    Expiration Date

For attachment to Policy or Bond No.  RG2–681–004130–030

Audit Basis

Issued To

| | |
|---|---|
| ☐ | LIBERTY MUTUAL INSURANCE COMPANY |
| ☒ | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| ☐ | LIBERTY INSURANCE CORPORATION |
| ☐ | LM INSURANCE CORPORATION |
| ☐ | THE FIRST LIBERTY INSURANCE CORPORATION |

*Barry S. Hilton*          *Edmund F. Kelly*
          SECRETARY                    PRESIDENT

Countersigned by ...........................................................................................

                                        **Authorized Representative**

Issued              Sales Office and No.        End. Serial No.  **13**

## COMPOSITE RATE ENDORSEMENT

This premium for this policy shall be computed on the following basis:

Per $1,000 of sales
The word "sales" means the gross amount of money charged by "you" or by others trading under your name for all goods or products sold or operations performed during the policy period and includes taxes, other than taxes which "you" or such others collect as a separate item and remit directly to a governmental division.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date                    Expiration Date

For attachment to Policy or Bond No.    RG2-681-004130-030

Audit Basis

Issued To

☐ LIBERTY MUTUAL INSURANCE COMPANY
☒ LIBERTY MUTUAL FIRE INSURANCE COMPANY
☐ LIBERTY INSURANCE CORPORATION
☐ LM INSURANCE CORPORATION
☐ THE FIRST LIBERTY INSURANCE CORPORATION

*Gary S. Gilson*                *Edmund F Kelly*
SECRETARY                       PRESIDENT

Countersigned by ..............................................................................................
                                        Authorized Representative

            Issued              Sales Office and No.         End. Serial No.    14

**LG 6032**
**(9-87)**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LIMITED POLLUTION LIABILITY
# EXTENSION ENDORSEMENT

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

SCHEDULE

ALL RETAIL LOCATIONS OPERATED BY THE NAMED INSURED
Limited Pollution Liability Extension Aggregate Limit                    $ 1,500,000

Premium $ INCLUDED

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

I. Exclusion f. under COVERAGE A (Section I) is replaced by the following:

f. Pollution

(1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants:

(a) At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

(b) Which are or were at any time transported, handled, stored, treated, disposed of or processed as waste by or for any insured or any person or organization for whom you may be legally responsible;

(c) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants;

(d) At or from a storage tank or other container, ducts or piping which is below or partially below the surface of the ground or water or which, at any time, has been buried under the surface of the ground or water and then subsequently exposed by erosion, excavation or any other means if the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants arises at or from any premises, site or location:

(i) Which is or was at any time owned or occupied by, or rented or loaned to, any insured; or

(ii) Which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the pollutants are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor.

Subparagraph (d) does not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire.

As used in this exclusion, a hostile fire means one which becomes uncontrollable or breaks out from where it was intended to be.

(2) Any loss, cost or expense arising out of any:

    (a) Request, demand or order issued or made pursuant to any environmental protection or environmental liability statutes or regulations that any insured test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants; or

    (b) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing or in any way responding to or assessing the effects of pollutants.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes material to be recycled, reconditioned or reclaimed.

II. With respect to "bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants:

    **A.** The "Each Occurrence Limit" shown in the Declarations does not apply.

    **B.** Paragraph 7. of LIMITS OF INSURANCE (Section III) does not apply.

**C.** Paragraph 1. of LIMITS OF INSURANCE (Section III) is replaced by the following:

    1. The Limits of Insurance shown in the Declarations, or in the Schedule of this endorsement, and the rules below fix the most we will pay regardless of the number of:

        **a.** Insureds;

        **b.** Claims made or "suits" brought; or

        **c.** Persons or organizations making claims or bringing "suits."

**D.** The following are added to LIMITS OF INSURANCE (Section III):

    **8.** Subject to **2.** or **3.** above, whichever applies, the Limited Pollution Liability Extension Aggregate Limit shown in the Schedule is the most we will pay for the sum of:

        **a.** Damages under Coverage A; and

        **b.** Medical expenses under Coverage C

    because of "bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants.

    **9.** Subject to **8.** above, the Medical Expense Limit is the most we will pay under Coverage C for all medical expenses because of "bodily injury" sustained by any one person arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants.

---

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date               Expiration Date

For attachment to Policy or Bond No.   **RG2–681–004130–030**

Audit Basis

Issued To

☐ LIBERTY MUTUAL INSURANCE COMPANY
☒ LIBERTY MUTUAL FIRE INSURANCE COMPANY
☐ LIBERTY INSURANCE CORPORATION
☐ LM INSURANCE CORPORATION
☐ THE FIRST LIBERTY INSURANCE CORPORATION

*Barry S. Gilson*      *Edmund F. Kelly*
SECRETARY             PRESIDENT

Countersigned by ......................................................................................

                                         **Authorized Representative**

Issued         Sales Office and No.      End. Serial No.   **15**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NUCLEAR ENERGY LIABILITY EXCLUSION
# ENDORSEMENT

### (Broad Form)

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS POLICY
COMMERCIAL GENERAL LIABILITY COVERAGE PART
EMPLOYMENT-RELATED PRACTICES LIABILITY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
SPECIAL PROTECTIVE AND HIGHWAY LIABILITY POLICY NEW YORK DEPARTMENT OF
TRANSPORTATION

1. The insurance does not apply:

A. Under any Liability Coverage, to "bodily injury" or "property damage":

(1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

(2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material", if:

(1) The "nuclear material" (a) is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or (b) has been discharged or dispersed therefrom;

(2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured"; or

(3) The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to "property damage" to such "nuclear facility" and any property thereat.

2. As used in this endorsement:

"Hazardous properties" includes radioactive, toxic or explosive properties.

"Nuclear material" means "source material", "Special nuclear material" or "by-product material".

Copyright, Insurance Services Office, Inc., 1997     ☐

"Source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

"Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor".

"Waste" means any waste material **(a)** containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and **(b)** resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility".

"Nuclear facility" means:

**(a)** Any "nuclear reactor";

**(b)** Any equipment or device designed or used for **(1)** separating the isotopes of uranium or plutonium, **(2)** processing or utilizing "spent fuel", or **(3)** handling, processing or packaging "waste";

**(c)** Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

**(d)** Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

"Property damage" includes all forms of radioactive contamination of property.

---

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date

For attachment to Policy or Bond No.  RG2–681–004130–030

Audit Basis

Issued To

| | |
|---|---|
| ☐ | LIBERTY MUTUAL INSURANCE COMPANY |
| ☒ | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| ☐ | LIBERTY INSURANCE CORPORATION |
| ☐ | LM INSURANCE CORPORATION |
| ☐ | THE FIRST LIBERTY INSURANCE CORPORATION |

Expiration Date

*Barry S. Hilton*
SECRETARY

*Edmund F. Kelly*
PRESIDENT

Countersigned by ...........................................................................................

**Authorized Representative**

Issued            Sales Office and No.            End. Serial No.   **16**

POLICY NUMBER:                                    COMMERCIAL GENERAL LIABILITY

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# ADDITIONAL INSURED - VENDORS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

### SCHEDULE

**Name of Person or Organization (Vendor):**    Any Vendor or Jobber for which such Coverage
is required by contract with the Named Insured.

**Your Products:**    All Products of the Named Insured.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured any person or organization (referred to below as vendor) shown in the Schedule, but only with respect to "bodily injury" or "property damage" arising out of "your products" shown in the Schedule which are distributed or sold in the regular course of the vendor's business, subject to the following additional exclusions:

1. The insurance afforded the vendor does not apply to:

   a. "Bodily injury" or "property damage" for which the vendor is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages that the vendor would have in the absence of the contract or agreement;

   b. Any express warranty unauthorized by you;

   c. Any physical or chemical change in the product made intentionally by the vendor;

   d. Repackaging, unless unpacked solely for the purpose of inspection, demonstration, testing, or the substitution of parts under instructions from the manufacturer, and then repackaged in the original container;

   e. Any failure to make such inspections, adjustments, tests or servicing as the vendor has agreed to make or normally undertakes to make in the usual course of business, in connection with the distribution or sale of the products;

   f. Demonstration, installation, servicing or repair operations, except such operations performed at the vendor's premises in connection with the sale of the product;

   g. Products which, after distribution or sale by you, have been labeled or relabeled or used as a container, part or ingredient of any other thing or substance by or for the vendor.

CG 20 15 11 88          Copyright, Insurance Services Office, Inc., 1986, 1988          Page 1 of 2    □

COMMERCIAL GENERAL LIABILITY

2. This insurance does not apply to any insured person or organization, from whom you have acquired such products, or any ingredient, part or container, entering into, accompanying or containing such products.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date                          Expiration Date

For attachment to Policy or Bond No.  RG2-681-004130-030

Audit Basis

Issued To

| | |
|---|---|
| ☐ | LIBERTY MUTUAL INSURANCE COMPANY |
| ☒ | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| ☐ | LIBERTY INSURANCE CORPORATION |
| ☐ | LM INSURANCE CORPORATION |
| ☐ | THE FIRST LIBERTY INSURANCE CORPORATION |

*Barry S. Gilson*         *Edmund F. Kelly*
SECRETARY                  PRESIDENT

Countersigned by ...............................................................................

Authorized Representative

Issued              Sales Office and No.          End. Serial No.  17

# SPECIAL PREMIUM DISCOUNT ENDORSEMENT

It is agreed that the Premium Discount Percentages applicable to the Total Standard Premium shall be based upon the estimated annual advance premium and shall not be subject to adjustment on audit as respects the following elements of the Total Standard Premium.

It is further agreed that this Endorsement is not applicable in:

    Texas

| PREMIUM | NORTH CAROLINA | ALL OTHER STATES |
|---|---|---|
| GENERAL LIABILITY AND AUTOMOBILE GARAGE LIABILITY | | 11.6% |
| TAXICABS, PUBLIC AND PRIVATE LIVERY BUS AND LONG HAUL TRUCKMEN | | |
| ALL OTHER AUTOMOBILE LIABILITY | | |

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date                    Expiration Date

For attachment to Policy or Bond No.  RG2-681-004130-030

Audit Basis

Issued To

- ☐ LIBERTY MUTUAL INSURANCE COMPANY
- ☒ LIBERTY MUTUAL FIRE INSURANCE COMPANY
- ☐ LIBERTY INSURANCE CORPORATION
- ☐ LM INSURANCE CORPORATION
- ☐ THE FIRST LIBERTY INSURANCE CORPORATION

*Gary S. Gilson*                    *Edmund F. Kelly*
SECRETARY                          PRESIDENT

2272 R3
5-1-77

Countersigned by ................................................................

Authorized Representative

        Issued        Sales Office and No.        End. Serial No.    18

Loc. 6

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EMPLOYMENT-RELATED PRACTICES EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** The following exclusion is added to Paragraph **2., Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability:**

This insurance does not apply to:

"Bodily injury" to:

    **(1)** A person arising out of any:

        **(a)** Refusal to employ that person;

        **(b)** Termination of that person's employment; or

        **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

    **(2)** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraphs **(a)**, **(b)**, or **(c)** above is directed.

This exclusion applies:

**(1)** Whether the insured may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

**B.** The following exclusion is added to Paragraph **2., Exclusions of Section I - Coverage B - Personal And Advertising Injury Liability:**

This insurance does not apply to:

"Personal and advertising injury" to:

    **(1)** A person arising out of any:

        **(a)** Refusal to employ that person;

        **(b)** Termination of that person's employment; or

        **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

    **(2)** The spouse, child, parent, brother or sister of that person as a consequence of "personal and advertising injury" to that person at whom any of the employment-related practices described in Paragraphs **(a)**, **(b)**, or **(c)** above is directed.

This exclusion applies:

**(1)** Whether the insured may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date                  Expiration Date

For attachment to Policy or Bond No.   RG2−681−004130−030

Audit Basis

Issued To

☐ LIBERTY MUTUAL INSURANCE COMPANY
☒ LIBERTY MUTUAL FIRE INSURANCE COMPANY
☐ LIBERTY INSURANCE CORPORATION
☐ LM INSURANCE CORPORATION
☐ THE FIRST LIBERTY INSURANCE CORPORATION

*Barry S. Hilton*     *Edmund F. Kelly*
SECRETARY                       PRESIDENT

Countersigned by .............................................................

Authorized Representative

Issued            Sales Office and No.        End. Serial No.   **19**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## NOTICE OF CANCELLATION

We will not cancel this policy or make changes that reduce the insurance afforded by this policy until written notice of cancellation or reduction has been mailed or delivered to those scheduled below at least

a) 10 days before the effective date of cancellation, if we cancel for non-payment of premium; or

b)  __90__  days before the effective date of the cancellation or reduction if we cancel or reduce the insurance afforded by this policy for any other reason.

| NAME | ADDRESS |
|---|---|
| Luxottica U.S. Holdings Corporation | Attn: Mr. Gregory Muntel<br>44 Harbor Park Drive<br>Port Washington, NY<br>11050-4686 |

This endorsement is executed by the company designated below.

☐  LIBERTY MUTUAL INSURANCE COMPANY
☒  LIBERTY MUTUAL FIRE INSURANCE COMPANY
☐  LIBERTY INSURANCE CORPORATION
☐  LM INSURANCE CORPORATION
☐  THE FIRST LIBERTY INSURANCE CORPORATION

Premium $

Effective Date                                  Expiration Date

For attachment to Policy No.   RG2-681-004130-030

Audit Basis

Issued To

*Barry S. Gibson*  SECRETARY          *Edmund F Kelly*  PRESIDENT

Countersigned by ..........................................................................................

Authorized Representative

| Form # / Term I.D. | | Issued | | LOC-6 | | | | |

| Sales Office | Code | Sales Representative | Code | N/R | 1st Year | End Serial No. |
|---|---|---|---|---|---|---|
| | | | | | | 20 |

2319
(9-1-87)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# ADDITIONAL INSURED - LESSOR OF LEASED EQUIPMENT - AUTOMATIC STATUS WHEN REQUIRED IN LEASE AGREEMENT WITH YOU

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A. Who Is An Insured (Section II)** is amended to include as an insured any person or organization from whom you lease equipment when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an insured only with respect to their liability arising out of the maintenance, operation or use by you of equipment leased to you by such person or organization. A person's or organization's status as an insured under this endorsement ends when their contract or agreement with you for such leased equipment ends.

**B.** With respect to the insurance afforded these additional insureds, the following additional exclusions apply:

This insurance does not apply:

1. To any "occurrence" which takes place after the equipment lease expires;

2. To "bodily injury" or "property damage" arising out of the sole negligence of such person or organization.

---

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date                    Expiration Date

For attachment to Policy or Bond No.   RG2–681–004130–030

Audit Basis

Issued To

- [ ] LIBERTY MUTUAL INSURANCE COMPANY
- [x] LIBERTY MUTUAL FIRE INSURANCE COMPANY
- [ ] LIBERTY INSURANCE CORPORATION
- [ ] LM INSURANCE CORPORATION
- [ ] THE FIRST LIBERTY INSURANCE CORPORATION

*Barry S. Gilson*  SECRETARY          *Edmund F. Kelly*  PRESIDENT

Countersigned by ...........................................................................................

**Authorized Representative**

Issued          Sales Office and No.          End. Serial No.   21

CG 20 34 03 97          Copyright, Insurance Services Office, Inc., 1996

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# WAIVER OF TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US

This endorsement modifies insurance provided under the following:

    COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

**Name of Person or Organization:**   Any person or organization for whom the Named Insured has agreed in writing a waiver of subrogation.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US Condition (Section IV - COMMERCIAL GENERAL LIABILITY CONDITIONS) is amended by the addition of the following:

We waive any right of recovery we may have against the person or organization shown in the Schedule above because of payments we make for injury or damage arising out of your ongoing operations or "your work" done under a contract with that person or organization and included in the "products-completed operations hazard". This waiver applies only to the person or organization shown in the Schedule above.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date          Expiration Date

For attachment to Policy or Bond No.   RG2-681-004130-030

Audit Basis

Issued To

| | |
|---|---|
| ☐ | LIBERTY MUTUAL INSURANCE COMPANY |
| ☒ | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| ☐ | LIBERTY INSURANCE CORPORATION |
| ☐ | LM INSURANCE CORPORATION |
| ☐ | THE FIRST LIBERTY INSURANCE CORPORATION |

*Barry S. Gilson*     *Edmund F. Kelly*
     SECRETARY             PRESIDENT

Countersigned by ..............................................................................
                                       Authorized Representative

Issued        Sales Office and No.      End. Serial No.   22

CG 24 04 10 93        Copyright, Insurance Services Office, Inc., 1992      ☐

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# WAIVER OF TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

**Name of Person or Organization:** Raymond D. Nasher d/b/a/ North Park Center
1030 North Park Center, Dallas, TX
With Respect to: Lenscrafters, North Park Center, Dallas, TX

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US Condition (Section IV - COMMERCIAL GENERAL LIABILITY CONDITIONS) is amended by the addition of the following:

We waive any right of recovery we may have against the person or organization shown in the Schedule above because of payments we make for injury or damage arising out of your ongoing operations or "your work" done under a contract with that person or organization and included in the "products-completed operations hazard". This waiver applies only to the person or organization shown in the Schedule above.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date                Expiration Date

For attachment to Policy or Bond No.  RG2-681-004130-030

Audit Basis

Issued To

| | |
|---|---|
| ☐ | LIBERTY MUTUAL INSURANCE COMPANY |
| ☒ | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| ☐ | LIBERTY INSURANCE CORPORATION |
| ☐ | LM INSURANCE CORPORATION |
| ☐ | THE FIRST LIBERTY INSURANCE CORPORATION |

*Barry S. Gibson*                    *Edmund F. Kelly*
SECRETARY                            PRESIDENT

Countersigned by .................................................................................................

Authorized Representative

Issued          Sales Office and No.          End. Serial No.    23

**CG 24 04 10 93**          Copyright, Insurance Services Office, Inc., 1992          ☐

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# CALIFORNIA CHANGES - CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

BOILER AND MACHINERY COVERAGE PART
BUSINESSOWNERS POLICY
COMMERCIAL AUTO COVERAGE PART
COMMERCIAL CRIME COVERAGE PART*
COMMERCIAL GENERAL LIABILITY COVERAGE PART
COMMERCIAL INLAND MARINE COVERAGE PART
COMMERCIAL PROPERTY COVERAGE PART
EMPLOYMENT-RELATED PRACTICES LIABILITY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
PROFESSIONAL LIABILITY COVERAGE PART

*This endorsement does not apply to coverage provided for employee dishonesty (Coverage Form **A**), forgery or alteration (Coverage Form **B**), or public employee dishonesty (Coverage Forms **O** and **P**).

**A.** Paragraphs **2.** and **3.** of the **Cancellation** Common Policy Condition are replaced by the following:

**2. All Policies In Effect For 60 Days Or Less**

If this policy has been in effect for 60 days or less, and is not a renewal of a policy we have previously issued, we may cancel this policy by mailing or delivering to the first Named Insured at the mailing address shown in the policy and to the producer of record, advance written notice of cancellation, stating the reason for cancellation, at least:

**a.** 10 days before the effective date of cancellation if we cancel for:

  **(1)** Nonpayment of premium; or

  **(2)** Discovery of fraud or material misrepresentation by:

    **(a)** Any insured or his or her representative in obtaining this insurance; or

    **(b)** You or your representative in pursuing a claim under this policy.

**b.** 30 days before the effective date of cancellation if we cancel for any other reason.

**3. All Policies In Effect For More Than 60 Days**

**a.** If this policy has been in effect for more than 60 days, or is a renewal of a policy we issued, we may cancel this policy only upon the occurrence, after the effective date of the policy, of one or more of the following:

  **(1)** Nonpayment of premium, including payment due on a prior policy we issued and due during the current policy term covering the same risks.

  **(2)** Discovery of fraud or material misrepresentation by:

    **(a)** Any insured or his or her representative in obtaining this insurance; or

    **(b)** You or your representative in pursuing a claim under this policy.

  **(3)** A judgment by a court or an administrative tribunal that you have violated a California or Federal law, having as one of its necessary elements an act which materially increases any of the risks insured against.

  **(4)** Discovery of willful or grossly negligent acts or omissions, or of any violations of state laws or regulations establishing safety standards, by you or your representative, which materially increase any of the risks insured against.

**(5)** Failure by you or your representative to implement reasonable loss control requirements, agreed to by you as a condition of policy issuance, or which were conditions precedent to our use of a particular rate or rating plan, if that failure materially increases any of the risks insured against.

**(6)** A determination by the Commissioner of Insurance that the:

    **(a)** Loss of, or changes in, our reinsurance covering all or part of the risk would threaten our financial integrity or solvency; or

    **(b)** Continuation of the policy coverage would:

        **(i)** Place us in violation of California law or the laws of the state where we are domiciled; or

        **(ii)** Threaten our solvency.

**(7)** A change by you or your representative in the activities or property of the commercial or industrial enterprise, which results in a materially added, increased or changed risk, unless the added, increased or changed risk is included in the policy.

**b.** We will mail or deliver advance written notice of cancellation, stating the reason for cancellation, to the first Named Insured, at the mailing address shown in the policy, and to the producer of record, at least:

    **(1)** 10 days before the effective date of cancellation if we cancel for a reason listed in Paragraph **3.a.(1)** or **3.a.(2);** or

    **(2)** 30 days before the effective date of cancellation if we cancel for any other reason listed in Paragraph **3.a.**

**B.** The following provision is added to the **Cancellation** Common Policy Condition:

    **7. Residential Property**

This provision applies to coverage on real property which is used predominantly for residential purposes and consisting of not more than four dwelling units, and to coverage on tenants' household personal property in a residential unit, if such coverage is written under one of the following:

Businessowners Policy

Commercial Property Coverage Part

Farm Coverage Part - Farm Property - Farm Dwellings, Appurtenant Structures And Household Personal Property Coverage Form

**a.** If such coverage has been in effect for 60 days or less, and is not a renewal of coverage we previously issued, we may cancel this coverage for any reason, except as provided in **b.** and **c.** below.

**b.** We may not cancel this policy solely because the first Named Insured has:

    **(1)** Accepted an offer of earthquake coverage; or

    **(2)** Cancelled or did not renew a policy issued by the California Earthquake Authority (CEA) that included an earthquake policy premium surcharge.

However, we shall cancel this policy if the first Named Insured has accepted a new or renewal policy issued by the CEA that includes an earthquake policy premium surcharge but fails to pay the earthquake policy premium surcharge authorized by the CEA.

**c.** We may not cancel such coverage solely because corrosive soil conditions exist on the premises. This Restriction **(c.)** applies only if coverage is subject to one of the following, which exclude loss or damage caused by or resulting from corrosive soil conditions:

    **(1)** Businessowners Policy - Businessowners Special Property Coverage Form;

    **(2)** Commercial Property Coverage Part - Causes Of Loss - Special Form; or

    **(3)** Farm Coverage Part - Causes Of Loss Form - Farm Property, Paragraph **D.** Covered Causes Of Loss - Special.

**C.** The following is added and supersedes any provisions to the contrary:

**NONRENEWAL**

**1.** Subject to the provisions of Paragraphs **C.2.** and **C.3.** below, if we elect not to renew this policy, we will mail or deliver written notice stating the reason for nonrenewal to the first Named Insured shown in the Declarations and to the producer of record, at least 60 days, but not more than 120 days, before the expiration or anniversary date.

We will mail or deliver our notice to the first Named Insured, and to the producer of record, at the mailing address shown in the policy.

**2. Residential Property**

This provision applies to coverage on real property used predominantly for residential purposes and consisting of not more than four dwelling units, and to coverage on tenants' household property contained in a residential unit, if such coverage is written under one of the following:

Businessowners Policy

Commercial Property Coverage Part

Farm Coverage Part - Farm Property - Farm Dwellings, Appurtenant Structures And Household Personal Property Coverage Form

**a.** We may elect not to renew such coverage for any reason, except as provided in **b.**, **c.** and **d.** below:

**b.** We will not refuse to renew such coverage solely because the first Named Insured has accepted an offer of earthquake coverage.

However, the following applies only to insurers who are associate participating insurers as established by Cal. Ins. Code Section 10089.16. We may elect not to renew such coverage after the first Named Insured has accepted an offer of earthquake coverage, if one or more of the following reasons applies:

**(1)** The nonrenewal is based on sound underwriting principles that relate to the coverages provided by this policy and that are consistent with the approved rating plan and related documents filed with the Department of Insurance as required by existing law;

**(2)** The Commissioner of Insurance finds that the exposure to potential losses will threaten our solvency or place us in a hazardous condition. A hazardous condition includes, but is not limited to, a condition in which we make claims payments for losses resulting from an earthquake that occurred within the preceding two years and that required a reduction in policyholder surplus of at least 25% for payment of those claims; or

**(3)** We have:

**(a)** Lost or experienced a substantial reduction in the availability or scope of reinsurance coverage; or

**(b)** Experienced a substantial increase in the premium charged for reinsurance coverage of our residential property insurance policies; and

the Commissioner has approved a plan for the nonrenewals that is fair and equitable, and that is responsive to the changes in our reinsurance position.

**c.** We will not refuse to renew such coverage solely because the first Named Insured has cancelled or did not renew a policy, issued by the California Earthquake Authority that included an earthquake policy premium surcharge.

**d.** We will not refuse to renew such coverage solely because corrosive soil conditions exist on the premises. This Restriction **(d.)** applies only if coverage is subject to one of the following, which exclude loss or damage caused by or resulting from corrosive soil conditions:

**(1)** Businessowners Policy - Businessowners Special Property Coverage Form;

**(2)** Commercial Property Coverage Part - Causes Of Loss - Special Form; or

**(3)** Farm Coverage Part - Causes Of Loss Form - Farm Property, Paragraph **D.** Covered Causes Of Loss - Special.

**3.** We are not required to send notice of nonrenewal in the following situations:

**a.** If the transfer or renewal of a policy, without any changes in terms, conditions, or rates, is between us and a member of our insurance group.

**b.** If the policy has been extended for 90 days or less, provided that notice has been given in accordance with Paragraph **C.1.**

**c.** If you have obtained replacement coverage, or if the first Named Insured has agreed, in writing, within 60 days of the termination of the policy, to obtain that coverage.

**d.** If the policy is for a period of no more than 60 days and you are notified at the time of issuance that it will not be renewed.

**e.** If the first Named Insured requests a change in the terms or conditions or risks covered by the policy within 60 days of the end of the policy period.

**f.** If we have made a written offer to the first Named Insured, in accordance with the timeframes shown in Paragraph **C.1.**, to renew the policy under changed terms or conditions or at an increased premium rate, when the increase exceeds 25%.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date                    Expiration Date

For attachment to Policy or Bond No.   RG2–681–004130–030

Audit Basis

Issued To

| | |
|---|---|
| ☐ | LIBERTY MUTUAL INSURANCE COMPANY |
| ☒ | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| ☐ | LIBERTY INSURANCE CORPORATION |
| ☐ | LM INSURANCE CORPORATION |
| ☐ | THE FIRST LIBERTY INSURANCE CORPORATION |

*Barry S. Gilson*                    *Edmund F. Kelly*
         SECRETARY                              PRESIDENT

Countersigned by ....................................................................................

                                                    **Authorized Representative**

Issued                    Sales Office and No.                    End. Serial No.    24

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# ADDITIONAL INSURED - VOLUNTEER WORKERS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

WHO IS AN INSURED (Section II) is amended to include as an insured any person(s) who are volunteer worker(s) for you, but only while acting at the direction of, and within the scope of their duties for you. However, none of these volunteer worker(s) are insureds for:

1. "Bodily injury" or "personal injury":
   a. To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to your other volunteer worker(s) or to your "employees" arising out of and in the course of their duties for you;
   b. To the spouse, child, parent, brother or sister of your volunteer worker(s) or your "employees" as a consequence of paragraph 1.a. above;
   c. For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in paragraphs 1.a. or b. above; or
   d. Arising out of his or her providing or failing to provide professional health care services.

2. "Property damage" to property:
   a. Owned, occupied, or used by,
   b. Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by

   you, any of your other volunteer workers, your "employees", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date                    Expiration Date

For attachment to Policy or Bond No.    RG2-681-004130-030

Audit Basis

Issued To

| | |
|---|---|
| ☐ | LIBERTY MUTUAL INSURANCE COMPANY |
| ☒ | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| ☐ | LIBERTY INSURANCE CORPORATION |
| ☐ | LM INSURANCE CORPORATION |
| ☐ | THE FIRST LIBERTY INSURANCE CORPORATION |

*Barry S. Gilson*          *Edmund F. Kelly*
SECRETARY                    PRESIDENT

Countersigned by ...............................................................

Authorized Representative

Issued          Sales Office and No.          End. Serial No.    25

## OPTICAL/AUDIOLOGICAL PROFESSIONAL LIABILITY

---

**This endorsement modified insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY INSURANCE COVERAGE PART**

---

1.  COVERAGE - OPTICAL/AUDIOLOGICAL PROFESSIONAL LIABILITY

    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" arising out of your "professional liability hazard". We will have the right and duty to defend any "suit" seeking those damages. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result.

2.  ADDITIONAL EXCLUSION

    This coverage does not apply to:

    "Bodily injury" arising out of the 'professional liability hazard" for which the insured is obligated to pay as damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

3.  ADDTIONAL DEFINITION

    "Professional liability hazard" means the rendering of or failure to render professional services in the practice of optometry, optical or hearing aid services, including the prescribing, preparation, sale or distribution of ophthalmic lenses and similar products or hearing aid devises and the fitting thereof or the taking or making of impressions therefor.

4.  AMENDMENT OF LIMITS OF INSURANCE

    The Products-Completed Operations Aggregate Limit appearing in part 3 of **SECTION III-LIMITS OF INSURANCE** of the **COMMERCIAL GENERAL LIABILITY COVERAGE PART** is amended to read:

    3.  The Products-Completed Aggregate Limit is the most we will pay under Coverage A for damages because of "bodily injury" and "property damages" included in the "products completed operations hazard" and the "professional liability hazard."

5. AMENDMENT OF WHO IS AN INSURED

Who is an Insured, Section II 2. a. (2) is replaced by:

"Bodily injury" or "personal injury" arising out of his or her providing or failing to provide professional health care services not within the scope of the "professional liability hazard" definition.

This endorsement is executed by the company below designated by an entry in the box opposite its name

| | LIBERTY MUTUAL INSURANCE COMPANY |
|---|---|
| Premium | X LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| | LIBERTY INSURANCE CORPORATION |
| Effective Date          Expiration Date | LM INSURANCE CORPORATION |
| | THE FIRST LIBERTY INSURANCE CORPORATION |

For attachment to Policy or Bond No.   RG2-681-004130-030

Audit Basis
Issued to

*Barry S. Gilson*  *Edmund F. Kelly*
SECRETARY          PRESIDENT

Countersigned by......................................................................................
Authorized Representative

Loc. 6                           Page 2 of 2
            Issued          Sales Office and No.                    End. Serial No.   26

102

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NEW YORK CHANGES - TRANSFER OF DUTIES WHEN A LIMIT OF INSURANCE IS USED UP

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following Condition is added to COMMERCIAL GENERAL LIABILITY CONDITIONS (Section IV):

**Transfer of Duties When a Limit of Insurance Is Used Up.**

**a.** If we conclude that, based on "occurrences," offenses, claims or "suits" which have been reported to us and to which this insurance may apply, the:

    **(1)** General Aggregate Limit (other than the Products/Completed Operations Aggregate Limit);

    **(2)** Products/Completed Operations Aggregate Limit;

    **(3)** Personal and Advertising Injury Limit;

    **(4)** Each Occurrence Limit; or

    **(5)** Fire Damage Limit

    is likely to be used up in the payment of judgments or settlements, we will notify the first Named Insured, in writing, to that effect.

**b.** When a limit of insurance described in paragraph a. above has actually been used up in the payment of judgments or settlements:

    **(1)** We will notify the first Named Insured, in writing, as soon as practicable, that:

        **(a)** Such a limit has actually been used up; and

        **(b)** Our duty to defend "suits" seeking damages subject to that limit has also ended.

    **(2)** We will initiate, and cooperate in, the transfer of control, to any appropriate insured, of all claims and "suits" seeking damages which are subject to that limit and which are reported to us before that limit is used up. That insured must cooperate in the transfer of control of said claims and "suits".

    We agree to take such steps, as we deem appropriate, to avoid a default in, or continue the defense of, such "suits" until such transfer is completed, provided the appropriate insured is cooperating in completing such transfer.

    We will take no action whatsoever with respect to any claim or "suit" seeking damages that would have been subject to that limit, had it not been used up, if the claim or "suit" is reported to us after that limit of insurance has been used up.

    **(3)** The first Named Insured, and any other insured involved in a "suit" seeking damages subject to that limit, must arrange for the defense of such "suit" within such time period as agreed to between the appropriate insured and us. Absent any such agreement, arrangements for the defense of such "suit" must be made as soon as practicable.

**c.** The first Named Insured will reimburse us for expenses we incur in taking those steps we deem appropriate in accordance with paragraph b.(2) above.

    The duty of the first Named Insured to reimburse us will begin on:

 Copyright, Insurance Services Office, Inc., 1991

**(1)** The date on which the applicable limit of insurance is used up, if we sent notice in accordance with paragraph **a.** above; or

**(2)** The date on which we sent notice in accordance with paragraph **b.(1)** above, if we did not send notice in accordance with paragraph **a.** above.

**d.** The exhaustion of any limit of insurance by the payments of judgments or settlements, and the resulting end of our duty to defend, will not be affected by our failure to comply with any of the provisions of this Condition.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date                    Expiration Date

For attachment to Policy or Bond No.    RG2-681-004130-030

Audit Basis

Issued To

☐ LIBERTY MUTUAL INSURANCE COMPANY
☒ LIBERTY MUTUAL FIRE INSURANCE COMPANY
☐ LIBERTY INSURANCE CORPORATION
☐ LM INSURANCE CORPORATION
☐ THE FIRST LIBERTY INSURANCE CORPORATION

*Barry S. Gilton* SECRETARY     *Edmund F Kelly* PRESIDENT

Countersigned by .......................................................................................................

**Authorized Representative**

Issued          Sales Office and No.        End. Serial No.    27

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NEW YORK CHANGES
# COMMERCIAL GENERAL LIABILITY COVERAGE FORM

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. Paragraph **1. Insuring Agreement** of **Section I - Coverage A - Bodily Injury And Property Damage Liability** is replaced by the following:

**1. Insuring Agreement**

   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

     **(1)** The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and

     **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B.**

   **b.** This insurance applies to "bodily injury" and "property damage" only if:

     **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

     **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

     **(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

   **c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

   **d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

     **(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

     **(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

 Copyright, Insurance Services Office, Inc., 1999 □

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

B. Paragraph **1.a.** of **Section I - Coverage B - Personal And Advertising Injury Liability** is replaced by the following:

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** and **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

C. The following is added as Paragraph **e.** to the **Duties In The Event Of Occurrence, Offense, Claim Or Suit** Condition (Paragraph **2.** of **Section IV - Commercial General Liability Conditions**):

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

e. Notice given by or on behalf of the insured, or written notice by or on behalf of the injured person or any other claimant, to any agent of ours in New York State, with particulars sufficient to identify the insured, shall be considered to be notice to us.

D. The definition of "loading or unloading" in the **Definitions** Section does not apply.

---

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date                    Expiration Date

For attachment to Policy or Bond No. RG2-681-004130-030

Audit Basis

Issued To

| | |
|---|---|
| ☐ | LIBERTY MUTUAL INSURANCE COMPANY |
| ☒ | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| ☐ | LIBERTY INSURANCE CORPORATION |
| ☐ | LM INSURANCE CORPORATION |
| ☐ | THE FIRST LIBERTY INSURANCE CORPORATION |

*Barry S. Gilson*          *Edmund F. Kelly*
SECRETARY                          PRESIDENT

Countersigned by ...................................................................................

Authorized Representative

Issued          Sales Office and No.          End. Serial No.  28

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NEW YORK CHANGES - LEGAL ACTION AGAINST US

This endorsement modifies insurance provided under the following:

> COMMERCIAL GENERAL LIABILITY COVERAGE PART
> LIQUOR LIABILITY COVERAGE PART
> OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
> PRODUCTS/COMPLETED OPERATIONS COVERAGE PART
> RAILROAD PROTECTIVE LIABILITY COVERAGE PART

The LEGAL ACTION AGAINST US Condition (Section **IV**) is replaced by the following:

**LEGAL ACTION AGAINST US**

No person or organization has a right under this Coverage Part:

**a.** To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

**b.** To sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

This endorsement is executed by the company below designated by an entry in the box opposite its name.

Premium $

Effective Date                     Expiration Date

For attachment to Policy or Bond No.   RG2-681-004130-030

Audit Basis

Issued To

☐ LIBERTY MUTUAL INSURANCE COMPANY
☒ LIBERTY MUTUAL FIRE INSURANCE COMPANY
☐ LIBERTY INSURANCE CORPORATION
☐ LM INSURANCE CORPORATION
☐ THE FIRST LIBERTY INSURANCE CORPORATION

*Barry S. Gibson*          *Edmund F. Kelly*
SECRETARY                   PRESIDENT

Countersigned by ...........................................................................................

Authorized Representative

Issued          Sales Office and No.          End. Serial No.  29

CG 26 24 08 92          Copyright, Insurance Services Office, Inc., 1992

**AMENDATORY ENDORSEMENT**

It is agreed that Page 1A of Endorsement 2 is amended as follows:

Add:  EyeMed/LCA-Vision, LLC

This endorsement is executed by the company below designated by an entry in the box opposite its name.

| | |
|---|---|
| | Liberty Mutual Insurance Company |
| X | Liberty Mutual Fire Insurance Company |
| | Liberty Insurance Corporation |
| | LM Insurance Corporation |
| | The First Liberty Insurance Corporation |

Premium   $

Effective Date   4-4-2000          Expiration Date   2-1-2001

For Attachment to Policy or Bond No.   RG2-681-004130-030

Audit Basis
Issued To         Luxottica US Holdings Corporation, Etal

Countersigned by.............................................................

Authorized Representative

102

Issued                  Sales Office and No.              End. Serial No.  30
BL 6-22-00              Cincinnati - 877