RICHARD DeNATALE (Bar No. 121416)
CELIA M. JACKSON (Bar No. 124508)
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268
Email: richard.denatale@hellerehrman.com
Email: celia.jackson@hellerehrman.com

Attorneys for Plaintiffs
LENSCRAFTERS, INC., EYEXAM OF
CALIFORNIA, INC., and EYEMED VISION CARE, LLC

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENSCRAFTERS, INC.; EYEXAM OF CALIFORNIA, INC.; and EYEMED VISION CARE, LLC,<br><br>                          Plaintiffs,<br><br>     v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY and EXECUTIVE RISK SPECIALTY INSURANCE COMPANY,<br><br>                          Defendants,<br><br>_____<br><br>AND RELATED COUNTER- AND CROSS-CLAIMS. | Case No.: CV-04-01001 SBA<br><br>**PLAINTIFFS' NOTICE OF ADMINISTRATIVE MOTION AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>**[LOCAL RULE 3-12(b)]** |

1    TO ALL PARTIES IN THIS ACTION AND IN CASE NO. C-07-2853 EMC AND THEIR

2  ATTORNEYS OF RECORD:

3    PLEASE TAKE NOTICE THAT Plaintiffs LensCrafters, Inc., EYEXAM of California, Inc.

4  and EYEMED Vision Care, LLC hereby move pursuant to Local Rule 3-12(b) to request the

5  Court's consideration that Case No. C-07-2853 EMC, filed by LensCrafters, Inc. and EYEXAM of

6  California, Inc. on May 31, 2007, be deemed a "related case," within the meaning of Local Rule 3-

7  12(a), to the above action and that the case be re-assigned to the Honorable Saundra Brown

8  Armstrong. The basis for this motion is that both actions concern substantially the same parties and

9  issues, and it appears likely that there will be an unduly burdensome duplication of labor and

10  expense, and conflicting results, if the cases are conducted before different judges. This motion is

11  based on the accompanying Memorandum, the Declaration of Celia M. Jackson filed herewith, and

12  exhibits thereto, and the pleadings filed in both actions.

**MEMORANDUM IN SUPPORT OF MOTION**

13

14  **I.    INTRODUCTION**

15    Plaintiffs hereby ask the Court to find that a case filed by LensCrafters, Inc. and EYEXAM

16  of California, Inc. on May 31, 2007, Case No. C 07 2852 EMC, is related to the above action and

17  that it be assigned to the Honorable Saundra Brown Armstrong. Both cases involve substantially

18  the same parties and issues, namely insurance coverage for a putative class action entitled *Melvin*

19  *Gene Snow, et al. v. LensCrafters, Inc., et al.*, San Francisco Superior Court Case No. CGC-02-

20  40554 (the "*Snow* Action"). The first action involved the duty to defend the *Snow* Action; the later-

21  filed action concerns the duty to indemnify the *Snow* Action. Claims related to the duty to

22  indemnify were initially pled in the first action, but were dismissed as not being ripe. Now these

23  claims are ripe. Given the time that the Court has already devoted to substantive motions in the

24  first action, it will serve the interests of judicial economy, and avoid the risk of conflicting results,

25  to have the later-filed case heard by Judge Armstrong. Four of the five defendants in the newly

26  filed action, including both defendants in the original action, do not object to having the Court

27  deem the second action related to the originally filed lawsuit.

28

1

## II.    THE FIRST ACTION

In March 2004, plaintiffs LensCrafters, Inc., EYEXAM of California, Inc. and EyeMed Vision Care LLC filed the above action for declaratory relief and breach of contract against defendant Liberty Mutual Fire Insurance Company ("Liberty") (the "First LensCrafters Action"). Plaintiffs later amended the complaint to add an additional defendant, Executive Risk Specialty Insurance Company ("ERSIC"). *See* Declaration of Celia M. Jackson in Support of Administrative Motion ("Jackson Dec."), filed herewith, at Ex. 1. The complaint alleged that Liberty and ERSIC had an obligation to defend and indemnify plaintiffs with respect to the *Snow* Action and sought declaratory relief on both issues. *Id.*

Upon cross-motions for summary judgment, the Court issued an Order determining that Liberty and ERSIC had a duty to defend plaintiffs against the *Snow* Action. *See* Jackson Dec., Ex. 2. In a later summary judgment ruling involving Liberty and ERSIC, the Court ruled that the ERSIC policy is excess to the Liberty policy. *Id.* at Ex. 3. Judgments related to both sets of motions were entered on November 22, 2005 and November 7, 2005, respectively. Liberty has appealed the judgments to the Ninth Circuit; that appeal is currently pending. *Id.,* ¶ 5.

By stipulation of the parties, plaintiffs' claims for indemnity alleged in the First LensCrafters Action were dismissed without prejudice as not ripe for adjudication. Jackson Dec., Ex. 4. The June 21, 2005 Stipulation and Order dismissing the indemnity claims on that ground provided that: (1) any party to the stipulation could file a new action to adjudicate the dismissed indemnity claims, (2) such action must be filed in the Federal District Court for the Northern District of California, and (3) the parties to the stipulation consent to exclusive jurisdiction and venue of such an action in this Court. *Id.*

## III.    THE SECOND ACTION

On May 31, 2007, LensCrafters, Inc. and EYEXAM of California, Inc. filed a Complaint for Declaratory Relief against Liberty, ERSIC and some additional insurers, which was assigned Case No. C-07-2853 EMC (the "Second LensCrafters Action"). This action is the new action that was provided for in the Court's Order dismissing the indemnity claims; it is being filed now because settlement negotiations in the underlying *Snow* litigation have progressed to the point that the issue

2

1  of which insurers must indemnify plaintiffs for a judgment or settlement of the *Snow* Action is now

2  ripe for consideration. Jackson Dec., ¶ 7. The additional insurers named as defendants — Untied

3  States Fire Insurance Company, Markel American Insurance Company and Westchester Fire

4  Insurance Company — are plaintiffs' excess insurers. *Id.*

5  **IV.    THE ACTIONS ARE RELATED**

6          The First LensCrafters Action and the Second LensCrafters Action are related cases within

7  the meaning of Local Rule 3-12. As explained above, the Second LensCrafters Action is the new

8  action that was provided for in the Court's Order dismissing the indemnity claims from the first

9  action. In addition, both plaintiffs in the Second LensCrafters Action were also plaintiffs in the

10  First LensCrafters Action. Likewise, there is an overlap of defendants in the two cases, as both of

11  the insurance company defendants from the First LensCrafters Action are defendants in the latter

12  action (three additional insurance companies have been added to fully resolve the issues in one

13  proceeding). The two actions involve the same underlying putative class action suit against

14  plaintiffs, the same transactions and events that gave rise to the underlying suit, the same insurance

15  policies (there are some additional policies at issue in the instant action), and substantially the same

16  insurance policy interpretation and coverage issues, including issues that already are the subject of a

17  summary judgment orders in the First LensCrafters Action. Four of the five defendants in the

18  Second LensCrafters Action (including the two defendants in the First LensCrafters Action) have

19  no objection to deeming the actions related and having the latter-filed action heard by Judge

20  Armstrong. *See* Jackson Dec., ¶¶ 8, 9.

21          Moreover, coordination before the Judge that is already familiar with, and has issued

22  summary judgment orders relating to, the complex insurance coverage issues involved in both cases

23  would conserve resources of the Court, avoid duplication of effort, avoid conflicts that could arise

24  from having two different judges addressing the same or substantially the same factual and legal

25  issues, and promote the most efficient determination of the latter-filed action.

26  **V.    CONCLUSION**

27          For the reasons stated above, the Court should find that the two actions are related and

28  assign the later-filed action (No. C-07 2853 EMC) to the Honorable Saundra Brown Armstrong.

3

NOTICE OF ADMINISTRATIVE MOTION AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER
CASES SHOULD BE RELATED, CASE NO. CV 04-01001 SBA

1

DATED:  June 8, 2007

Respectfully submitted,

2

HELLER EHRMAN LLP

3

4

By _/s/ Celia M. Jackson_

5

Celia M. Jackson

6

Attorneys for Plaintiffs
LENSCRAFTERS, INC., EYEXAM OF CALIFORNIA,

7

INC., AND EYEMED VISION CARE, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

NOTICE OF ADMINISTRATIVE MOTION AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER
CASES SHOULD BE RELATED, CASE NO. CV 04-01001 SBA