RICHARD DeNATALE (Bar No. 121416)
CELIA M. JACKSON (Bar No. 124508)
Heller Ehrman LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268
Email:  richard.denatale@hellerehrman.com
Email:  celia.jackson@hellerehrman.com

Attorneys for Plaintiffs
LENSCRAFTERS, INC., EYEXAM OF
CALIFORNIA, INC., and EYEMED VISION CARE, LLC

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENSCRAFTERS, INC.; EYEXAM OF CALIFORNIA, INC.; and EYEMED VISION CARE, LLC,<br><br>                              Plaintiffs,<br><br>      v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY and EXECUTIVE RISK SPECIALTY INSURANCE COMPANY,<br><br>                              Defendants, | Case No.:  CV-04-01001 SBA<br><br>**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>**[LOCAL RULE 3-12(b)]** |
| AND RELATED COUNTER- AND CROSS-CLAIMS. | |

Plaintiffs respectfully request that the Court consider this brief reply memorandum in support of their administrative motion to deem Case No. C-07-2853 EMC, filed by LensCrafters, Inc. and EYEXAM of California, Inc. on May 31, 2007 (the "Second LensCrafters Action"), a "related case," within the meaning of Local Rule 3-12(a). We recognize that the Local Rules do not appear to contemplate the filing of a reply in most circumstances, but in this instance defendant United States Fire Insurance Company ("U.S. Fire") — the only defendant opposing plaintiffs' motion — has filed an opposition that contains several misstatements of fact. Plaintiffs believe that these facts should be corrected now, so that the Court can make its determination whether the cases are related based on an accurate and complete record.

First, U.S. Fire claims that plaintiffs have tried to make the first and second coverage cases in this Court appear more related than they are by intentionally and improperly omitting from the coverage suit five LensCrafters-related entities that U.S. Fire claims are defendants in the underlying *Snow* litigation. U.S. Fire's assertion that there should be 12 parties in the Second LensCrafters' Action — which is made to suggest that there is less overlap of the parties to both actions than there really is — is simply wrong. In fact, the five other LensCrafters-related entities were dismissed as defendants in *Snow* and therefore have no claims for indemnity arising out of the *Snow* action. EyeMed Vision Care, LLC — which was named as a plaintiff is this action, but not in the Second LensCrafters Action — has also been dismissed from *Snow.* Thus, the Second LensCrafters Action properly names as plaintiffs only those entities who have a dispute with U.S. Fire and the other defendants regarding claims for indemnity in *Snow,* and every plaintiff in the Second LensCrafters Action was a plaintiff in the First LensCrafters Action.

Second, U.S. Fire argues that this action and the Second LensCrafters Action do not arise from the same transaction or events. In fact, both actions arise from the underlying *Snow* action and the events that led to its filing — that is, the business model used by LensCrafters in California, and the transactions between LensCrafters and the purported class members that allegedly violated California's medical privacy statute. Simply because there is a different legal standard for the duty to defend than for the duty to indemnify does not mean that the actions arise from different transactions. Moreover, at least one of the summary judgment motions decided by

1

this Court in the First LensCrafters Action directly relates to the duty to indemnify issues that will arise in the second action. In the Court's October 5, 2005 Order (Ex. 3 to the Jackson Dec.), the Court found that the ERSIC policy was excess to the Liberty policy, and therefore ERSIC did not have a duty to defend. This ruling implicates the order of exhaustion of policies for purposes of indemnity. Thus, it would be a duplication of judicial effort to have a different judge consider this same issue, just as it would be a duplication of judicial effort for a different judge to analyze the same policies and insurance coverage law that this Court has already analyzed.

Finally, U.S. Fire claims that the First LensCrafters Action involved only two of the 17 relevant insurance policies. Opp. at 4:5-7. In fact, this action involved seven insurance policies, not two — six issued by Liberty Mutual Fire Insurance Company and one issued by ERSIC. All of these policies are also at issue in the Second LensCrafters Action. While the Second LensCrafters Action includes a number of additional policies, all of them are excess policies that contain insuring agreements and other provisions that are largely identical to the language in the Liberty Mutual policies that the Court examined in detail and interpreted in its January 20, 2005 summary judgment Order.

Finally, as U.S. Fire states in its opposition, it has filed a declaratory relief action in the State of New York against plaintiffs regarding the duty to indemnify for the *Snow* action. Plaintiffs believe that New York is an inappropriate forum, and plan to litigate that issue at the appropriate time.

DATED: June 14, 2007            Respectfully submitted,

HELLER EHRMAN LLP


By  _/s/ Celia M. Jackson_
    Celia M. Jackson

Attorneys for Plaintiffs
LENSCRAFTERS, INC., EYEXAM OF CALIFORNIA, INC., AND EYEMED VISION CARE, LLC

PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED, CASE NO. CV 04-01001 SBA

**PROOF OF SERVICE**

I, Michael Ewers, declare that I am over the age of eighteen years and I am not a party to this action. My business address is 333 Bush Street, San Francisco, California 94104-2878.

On June 14, 2007, I served the following document(s):

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES
SHOULD BE RELATED AND REQUEST FOR LEAVE TO FILE SAME**

on the interested parties in this action by placing true and correct copies thereof, enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

[ ]  <u>BY MAIL</u>: I am readily familiar with the business' practice for collection and processing correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelopes were sealed, and with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

[X]  **<u>BY FACSIMILE TRANSMISSION</u>:** I transmitted such documents by facsimile as indicated on the attached service list.

[X]  **<u>BY HAND DELIVERY</u>:** I caused the document(s) to be delivered by hand as indicated on the attached service list.

[X]  **<u>BY OVERNIGHT DELIVERY</u>:** I caused such envelopes to be delivered to the above parties on the following business day by FEDERAL EXPRESS service as indicated on the attached service list.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, that this declaration is executed on June 14, 2007, at San Francisco, California; and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____*/s/ Michael Ewers*_____
**Michael Ewers**

PROOF OF SERVICE, CASE NO. CV 04-01001 SBA

**SERVICE LIST**

Alex F. Stuart, Esq.
Willoughby, Stuart & Bening
Fairmont Plaza
50 West San Fernando, Suite 400
San Jose, CA 95113
*Anticipated Counsel for Liberty Mutual*
*Fire Insurance Co.*
**Via Facsimile and Federal Express**

Terrence R. McInnis, Esq.
Ross, Dixon & Bell, LLP
5 Park Plaza, Suite 1200
Irvine, CA 92614
*Anticipated Counsel for Executive Risk*
*Specialty Insurance Co.*
**Via Facsimile and Federal Express**

Amy E. Rose, Esq.
Squire, Sanders & Dempsey L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492
*Anticipated Counsel for United States*
*Fire Insurance Co.*
**Via Hand Delivery**

Robert D. Dennison, Esq.
Harris, Green & Dennison
5959 W. Century Blvd., Suite 1100
Los Angeles, CA 90045
*Anticipated Counsel for Westchester*
*Fire Insurance Co.*
**Via Facsimile and Federal Express**

Irene Yesowitch, Esq.
Chip Cox, Esq.
Long & Levit LLP
465 California Street, 5th Floor
San Francisco, CA 94104
*Anticipated Counsel for Markel*
*American Insurance Co.*
**Via Hand Delivery**