IRENE K. YESOWITCH  State Bar #111575
CHIP COX  State Bar #159681
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, CA  94104
TEL: (415) 397-2222   FAX: (415) 397-6392
iyesowitch@longlevit.com
ChipC@longlevit.com

Attorneys for Defendant
MARKEL AMERICAN INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENSCRAFTERS, INC; and EYEXAM OF CALIFORNIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY; and WESTCHESTER FIRE INSURANCE COMPANY, <br><br> Defendant. | CASE No. C-07-2853 SBA <br><br> **AMENDED ANSWER OF MARKEL AMERICAN INSURANCE COMPANY TO PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF** |

Defendant MARKEL AMERICAN INSURANCE COMPANY answers the complaint for declaratory relief of plaintiffs LENSCRAFTERS, INC. and EYEXAM OF CALIFORNIA, INC. as follows:

**INTRODUCTION**

1. Defendant admits that it sold an insurance policy to LensCrafters with terms and conditions as admitted below. Except as so admitted, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1, and on that basis

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

1                                                                                (No. C-07-2853)
AMENDED ANSWER OF MARKEL AMERICAN INSURANCE CO. TO COMPLAINT

denies each and every allegation in paragraph 1 of the Complaint.

2. Defendant admits that a putative class action was brought against LensCrafters, captioned *Melvin Gene Snow, et al. v. LensCrafters, Inc., et al.,* San Francisco Superior Court Case No. CGC-02-40554, and that LensCrafters brought an action against Liberty Mutual in the Northern District of California, Case No. C 04-1001-SBA, concerning insurance coverage for the *Snow* action. Defendant denies that it has refused to indemnify LensCrafters with respect to *Snow*. Except as so admitted, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2, and on that basis denies each and every allegation in paragraph 2 of the Complaint.

3. Defendant denies that it has refused to acknowledge its indemnity obligations with respect to *Snow*. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 3, and on that basis denies each and every allegation in paragraph 3 of the Complaint.

4. Defendant admits that there is a present, active controversy between defendant and LensCrafters concerning defendant's duty to indemnify LensCrafters for any settlement of the *Snow* Action, and a dispute among the defendants themselves as to which insurer(s) must indemnify LensCrafters for any settlement in *Snow*. Except as so admitted, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4, and on that basis denies each and every allegation in paragraph 4 of the Complaint.

## THE PARTIES

5. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5, and on that basis denies each and every allegation in paragraph 5 of the Complaint.

6. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6, and on that basis denies each and every allegation in paragraph 6 of the Complaint.

7. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7, and on that basis denies each and every allegation in

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

2   (No. C-07-2853)

AMENDED ANSWER OF MARKEL AMERICAN INSURANCE CO. TO COMPLAINT

paragraph 7 of the Complaint.

8. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8, and on that basis denies each and every allegation in paragraph 8 of the Complaint.

9. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9, and on that basis denies each and every allegation in paragraph 9 of the Complaint.

10. Defendant admits that it is a Virginia corporation with its principal place of business in Wisconsin.

11. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11, and on that basis denies each and every allegation in paragraph 11 of the Complaint.

## JURISDICTION

12. Defendant admits that an actual controversy within the meaning of 28 U.S.C. §2201 exists between the parties. Except as so admitted, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12, and on that basis denies each and every allegation in paragraph 12 of the Complaint.

13. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13, and on that basis denies each and every allegation in paragraph 13 of the Complaint.

## FACTUAL ALLEGATIONS

14. Defendant admits that it issued Commercial Umbrella Liability Policy No. CU-GA-1345-01 to Luxottica U.S. Holding Corporation effective February 1, 2001 to February 1, 2002 (hereinafter the "Markel Policy"). Defendant also admits that LensCrafters, Inc. and EYEXAM 2000 of California, Inc. are each a named insured under the Markel Policy. Except as so admitted, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14, and on that basis denies each and every allegation in paragraph 14 of the Complaint.

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

3    (No. C-07-2853)

AMENDED ANSWER OF MARKEL AMERICAN INSURANCE CO. TO COMPLAINT

15. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15, and on that basis denies each and every allegation in paragraph 15 of the Complaint.

### The Liberty Mutual Policies

16. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16, and on that basis denies each and every allegation in paragraph 16 of the Complaint.

17. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17, and on that basis denies each and every allegation in paragraph 17 of the Complaint.

### The ERSIC Policy

18. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18, and on that basis denies each and every allegation in paragraph 18 of the Complaint.

19. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19, and on that basis denies each and every allegation in paragraph 19 of the Complaint.

### The U.S. Fire Policies

20. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20, and on that basis denies each and every allegation in paragraph 20 of the Complaint.

21. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21, and on that basis denies each and every allegation in paragraph 21 of the Complaint.

### The Markel Policy

22. Defendant admits that it issued Commercial Umbrella Liability Policy No. CU-GA-1345-01 to Luxottica U.S. Holding Corporation effective February 1, 2001 to February 1, 2002. Defendant also admits that LensCrafters, Inc. and EYEXAM 2000 of California, Inc. are

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

4   (No. C-07-2853)

AMENDED ANSWER OF MARKEL AMERICAN INSURANCE CO. TO COMPLAINT

each a named insured under the Markel Policy. Except as so admitted, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22, and on that basis denies each and every allegation in paragraph 22 of the Complaint.

23. Defendant admits that Endorsement No. 4 to the Markel Policy provides "the policy shall not apply to 'Ultimate Net Loss' arising from Personal Injury unless insurance is provided by a policy listed in the Schedule of Underlying Insurance, and then only to the extent provided by such policy or policies." Defendant also admits that Liberty Mutual Insurance Policy No. RG2 681001430030, effective February 1, 2001 to February 1, 2002, is listed in the Schedule of Underlying insurance. Defendant further admits that the Markel Policy provided liability limits of $15 million for "Ultimate net loss" in excess of the "retained limit," subject to the terms and conditions of the Markel Policy. Except as so admitted, defendant expressly denies each and every allegation in paragraph 23 of the Complaint.

**The Westchester Policies**

24. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24, and on that basis denies each and every allegation in paragraph 24 of the Complaint.

25. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25, and on that basis denies each and every allegation in paragraph 25 of the Complaint.

26. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26, and on that basis denies each and every allegation in paragraph 26 of the Complaint.

**Defense and Settlement of the *Snow* Action**

27. Defendant admits that the *Snow* Action was originally filed against LensCrafters, Inc. and other entities on March 12, 2002. Defendant also admits that the current operative complaint is the Second Amended Complaint, which was filed on or about April 15, 2003. Defendant further admits that the two defendants in the *Snow* Action are presently LensCrafters, Inc. and EYEXAM of California, Inc.

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

5                               (No. C-07-2853)
AMENDED ANSWER OF MARKEL AMERICAN INSURANCE CO. TO COMPLAINT

28. Defendant admits the Second Amended Complaint alleges that LensCrafters disclosed private medical information of the putative plaintiff class, in violation of the California Confidentiality of Medical Information Act. Except as so admitted, defendant expressly denies each and every allegation in paragraph 28 of the Complaint.

29. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29, and on that basis denies each every allegation in paragraph 29 of the Complaint.

30. Defendant admits that LensCrafters filed an action on March 11, 2004 against Liberty Mutual in the Northern District of California, Case No. C 04-1001 SBA. Defendant further admits that on July 26, 2004, LensCrafters amended the complaint to add ERSIC as a defendant. Defendant also admits that in the course of the action, the parties filed cross-motions for summary judgment regarding obligations to defend LensCrafters.

31. Defendant admits that in an Order dated January 20, 2005, the Court granted LensCrafters' motion for partial summary judgment. The Court found ERSIC and Liberty Mutual had a duty to defend LensCrafters in the *Snow* action. Defendant also admits the Court found the allegations in *Snow* potentially alleged publications of material that violate a person's right of privacy, as that defense is enumerated in the Liberty Mutual policies. Except as so admitted, defendant denies each and every allegation in paragraph 31 of the Complaint.

32. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32, and on that basis denies each and every allegation in paragraph 32 of the Complaint.

33. Defendant admits that on November 22, 2005, the Court entered an Amended Judgment in the Coverage Action in favor of LensCrafters and against Liberty Mutual and ERSIC. Defendant also admits that Liberty Mutual has appealed from that judgment, and that appeal is currently pending before the Ninth Circuit. Except as so admitted, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33, and on that basis denies each and every allegation in paragraph 33 of the Complaint.

///

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

6    (No. C-07-2853)

AMENDED ANSWER OF MARKEL AMERICAN INSURANCE CO. TO COMPLAINT

34. Defendant admits that the parties to the *Snow* Action are presently involved in settlement and mediation sessions. Except as so admitted, defendant is without sufficient knowledge or information to form a belief as to the potential results of the settlement negotiations, and on that basis denies each and every additional allegation in paragraph 34 of the Complaint.

35. Defendant admits there is a present, active controversy between LensCrafters and the defendant insurers regarding their duty to indemnify LensCrafters for any settlement of the *Snow* action. Except as so admitted, defendant denies each and every allegation in paragraph 35 of the Complaint.

36. Defendant admits a current controversy exists regarding defendant's obligation to indemnify LensCrafters for the *Snow* Action, to settle the *Snow* Action, and to pay for a settlement in the *Snow* Action, and with respect to defendant's various responsibilities and rights under various insurance policies.

### FIRST CLAIM FOR RELIEF

37. Defendant incorporates its answer to paragraphs 1 through 36 of the complaint for declaratory relief as though fully set forth in response to paragraph 37 of the Complaint.

38. Defendant admits that it has certain obligations to LensCrafters under the Markel Policy. Except as so admitted, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 38, and on that basis denies each every allegation in paragraph 38 of the Complaint.

39. Defendant denies that it has failed to honor and accept its obligations under the Markel Policy. Defendant admits that there is a current controversy regarding its obligations to indemnify LensCrafters for the *Snow* action. Except as so admitted, defendant denies each and every allegation in paragraph 39 of the Complaint.

40. Defendant admits a controversy presently exists between LensCrafters and defendant concerning a duty to indemnify LensCrafters in connection with the *Snow* Action.

/ / /

/ / /

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

7   (No. C-07-2853)

AMENDED ANSWER OF MARKEL AMERICAN INSURANCE CO. TO COMPLAINT

## FIRST AFFIRMATIVE DEFENSE

41. Plaintiffs' complaint fails to allege facts sufficient to state a cause of action against defendant.

## SECOND AFFIRMATIVE DEFENSE

42. There is no coverage for *Snow* under the Markel Policy because the *Snow* plaintiffs do not seek "damages" caused by a personal injury offense.

## THIRD AFFIRMATIVE DEFENSE

43. There is no coverage for *Snow* under the Markel Policy to the extent LensCrafters committed the alleged offense for the purpose of causing the alleged injury.

## FOURTH AFFIRMATIVE DEFENSE

44. There is no coverage for *Snow* under the Markel Policy to the extent any injuries suffered by the *Snow* plaintiffs resulted from LensCrafters' criminal acts.

## FIFTH AFFIRMATIVE DEFENSE

45. There is no coverage for *Snow* to the extent the claims in *Snow* do not allege an offense as that term is applied in the Markel Policy.

## SIXTH AFFIRMATIVE DEFENSE

46. There is no coverage for *Snow* under the Markel Policy to the extent the claims in *Snow* seek penalties or fees.

## SEVENTH AFFIRMATIVE DEFENSE

47. There is no coverage for *Snow* under the Markel Policy to the extent the offenses alleged in *Snow* occurred after the Markel Policy period.

## EIGHTH AFFIRMATIVE DEFENSE

48. There is no coverage for *Snow* under the Markel Policy to the extent the confidential medical information of the *Snow* plaintiffs was first disclosed prior to the Markel Policy period.

## NINTH AFFIRMATIVE DEFENSE

49. There is no coverage for *Snow* under the Markel Policy to the extent there is Underlying Insurance that has not been exhausted.

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

8   (No. C-07-2853)

AMENDED ANSWER OF MARKEL AMERICAN INSURANCE CO. TO COMPLAINT

### TENTH AFFIRMATIVE DEFENSE

50. There is no coverage for *Snow* under the Markel Policy to the extent LensCrafters failed to maintain the Underlying Insurance in full force and effect.

### ELEVENTH AFFIRMATIVE DEFENSE

51. There is no coverage for *Snow* under the Markel Policy to the extent LensCrafters incurred any obligations without Markel's consent.

### TWELFTH AFFIRMATIVE DEFENSE

52. There is no coverage for *Snow* under the Markel Policy to the extent LensCrafters failed to mitigate any damages alleged in *Snow*.

### THIRTEENTH AFFIRMATIVE DEFENSE

53. There is no coverage for *Snow* under the Markel Policy to the extent the alleged damages were not fortuitous.

### FOURTEENTH AFFIRMATIVE DEFENSE

54. There is no coverage for *Snow* under the Markel Policy to the extent the alleged damages were in progress when the Markel Policy was issued.

### FIFTEENTH AFFIRMATIVE DEFENSE

55. There is no coverage for *Snow* under the Markel Policy to the extent there is other available coverage for the claims alleged in *Snow*.

### SIXTEENTH AFFIRMATIVE DEFENSE

56. There is no coverage for *Snow* under the Markel Policy to the extent material facts relevant to *Snow* were not disclosed to Markel before the Markel Policy was issued.

### SEVENTEENTH AFFIRMATIVE DEFENSE

57. Markel is entitled to rescind the Markel Policy to the extent Lenscrafters misrepresented material facts to obtain the Markel Policy.

### EIGHTEENTH AFFIRMATIVE DEFENSE

58. There is no coverage for *Snow* under the Markel Policy to the extent the claims alleged in *Snow* are barred under the terms, conditions and exclusions in the Markel Policy.

///

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

9                                                                (No. C-07-2853)

AMENDED ANSWER OF MARKEL AMERICAN INSURANCE CO. TO COMPLAINT

WHEREFORE, defendant respectfully requests the Court grant judgment in its favor as follows:

1. With a judicial declaration proscribing the scope and extent of Markel American Insurance Company's duty to indemnify plaintiffs in *Snow*;

2. Dismissing all claims against Markel American Insurance Company;

3. Awarding Markel its costs of suit incurred in this action; and

4. For such other and further relief as the Court may deem just and proper.

Dated: July 27, 2007                                LONG & LEVIT LLP

By  /s/ Chip Cox
CHIP COX
Attorneys for Defendant
Markel American Insurance Company

DOCS\S6560-012\534969.V1

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

10                                                                                    (No. C-07-2853)
AMENDED ANSWER OF MARKEL AMERICAN INSURANCE CO. TO COMPLAINT