IRENE K. YESOWITCH  State Bar #111575
CHIP COX  State Bar #159681
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, CA  94104
TEL: (415) 397-2222   FAX: (415) 397-6392
iyesowitch@longlevit.com
ChipC@longlevit.com

Attorneys for Defendant Cross-Complainant
MARKEL AMERICAN INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENSCRAFTERS, INC., and EYEXAM OF CALIFORNIA, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALITY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY; and WESTCHESTER FIRE INSURANCE COMPANY,<br><br>    Defendant.<br><br>MARKEL AMERICAN INSURANCE COMPANY<br><br>    Cross-Complainants<br><br>v.<br><br>LENSCRAFTERS, INC., EYEXAM OF CALIFORNIA, INC., LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; and WESTCHESTER FIRE INSURANCE COMPANY,<br><br>    Cross-Complaint Defendants | CASE No. C-07-2853-SBA<br><br>**CROSS-COMPLAINT OF DEFENDANT MARKEL AMERICAN INSURANCE COMPANY** |

CASE No. C-07-2853-SBA

Cross-Complaint (No. C-07-2853-SBA)

1

Defendant and cross-claimant Markel American Insurance Company asserts this cross-claim against counter-claim defendants LensCrafters, Inc., and Eyexam of California, Inc., and cross-claim defendants Liberty Mutual Fire Insurance Company, Executive Risk Specialty Insurance Company ("ERSIC"), United States Fire Insurance Company ("U.S. Fire"), and Westchester Fire Insurance Company and alleges as follows:

## INTRODUCTION

1. This is an insurance coverage action, in which plaintiffs LensCrafters, Inc. and Eyexam of California, Inc. (hereinafter collectively "LensCrafters") seek indemnity for an underlying civil action, *Snow, v. LensCrafters, Inc., et al.*, San Francisco Superior Court Case No. CGC-02-40554.

2. In the event Markel has any coverage obligation to LensCrafters, Markel contends those obligations are excess to the obligations of cross-defendants, or that Markel is entitled to equitable contribution from cross-defendants.

## THE PARTIES

3. Markel is an insurance company organized under the laws of the State of Virginia, with its principal place of business in Red Bank, New Jersey, licensed to transact property and casualty insurance in California.

4. Markel is informed and believes and on that basis alleges that plaintiff and counterclaim defendant LensCrafters, Inc., is an Ohio Corporation with its principal place of business in Ohio.

5. Markel is informed and believes and on that basis alleges that plaintiff and counterclaim defendant Eyexam of California, Inc., is a California corporation with its principal place of business in California.

6. Markel is informed and believes and on that basis alleges that cross-defendant Liberty Mutual is a Wisconsin corporation, with its principal place of business in Boston, Massachusetts, licensed to transact property and casualty insurance in California.

7. Markel is informed and believes and on that basis alleges that cross-defendant ERSIC is a Delaware corporation, with its principal place of business in Warren, New Jersey, licensed to transact property and casualty insurance in California.

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE No. C-07-2853-SBA

2

(No. C-07-2853-SBA)

8. Markel is informed and believes and on that basis alleges that cross-defendant U.S. Fire is a Delaware corporation, with its principal place of business in Morristown, New Jersey, licensed to transact property and casualty insurance in California.

9. Markel is informed and believes and on that basis alleges that cross-defendant Westchester is a New York corporation, with its principal place of business in New York, New York, licensed to transact property and casualty insurance in California.

## JURISDICTION

10. This Court has jurisdiction under 28 U.S.C. §§ 1367 and 2201. Markel is informed and believes that this cross-complaint is so related to the claims alleged in LensCrafters' complaint that they form the same case or controversy.

## THE UNDERLYING LITIGATION

11. *Snow* is a putative class action that asserts claims for false advertising, unfair competition, and privacy violations under California's Unfair Business Practices Act, Consumer Legal Remedies Act, and Confidentiality of Medical Information Act.

12. *Snow* was originally filed against LensCrafters and other entities on March 12, 2002. The Second Amended Complaint, the current operative complaint, was filed on or about April 15, 2003.

## THE POLICIES

13. Markel issued Commercial Umbrella Liability Policy No. CU-GA-1345-01 to Luxottica U.S. Holding Corporation, effective February 1, 2001 to February 1, 2002. (the "Markel Policy").

14. Markel is informed and believes and on that basis alleges that plaintiffs are named insureds under commercial general liability insurance policies issued by Liberty Mutual for eight policy periods from February 1, 1998 through February 1, 2006. Each of the Liberty Mutual Policies provides liability limits of $3 million for each occurrence and aggregate liability limits of $6 million per location.

15. Markel is informed and believes and on that basis alleges that plaintiffs are named insureds under a Managed Care Organization Errors and Omissions Liability Policy issued by ERSIC effective November 12, 2001 to November 12, 2002 (the "ERSIC Policy"). The ERSIC

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE No. C-07-2853-SBA

3

(No. C-07-2853-SBA)

1  Policy has an aggregate liability limit of $3 million for all claims for which the ERSIC Policy
2  provides coverage.
3  16.   Markel is informed and believes and on that basis alleges that plaintiffs are named
4  insureds under commercial umbrella liability insurance policies issued by U.S. Fire for three
5  policy periods effective February 1, 1998 through February 1, 2001 (the "U.S. Fire Policies").
6  Each of the U.S. Fire Policies has liability limits of $25 million excess of the "Retained Limit."
7  17.   Markel is informed and believes and on that basis alleges that plaintiffs are named
8  insureds under commercial umbrella policies issued by Westchester effective February 1, 2002 to
9  February 1, 2006 (the "Westchester Policies"). Each of the Westchester Policies has liability
10 limits of $25 million excess of the "Retained Limit."

**PRIOR COVERAGE ACTION**

18.   LensCrafters previously sought coverage for *Snow* under the Liberty Mutual Policies and the ERSIC Policy in an action filed in this Court. *LensCrafters, Inc. v. Liberty Mutual Fire Ins. Co.*, U.S.D.C. (N.D. Cal.) Case No. C 04-1001 SBA.

19.   In that action, this Court granted LensCrafters' motions for partial summary judgment against Liberty Mutual and ERSIC, finding that the Liberty Mutual and ERSIC insurance policies both provided potential coverage for *Snow*, and had a duty to defend LensCrafters in *Snow*.

20.   In a subsequent Order, this Court held that ERSIC's policy was excess to Liberty Mutual's duty to defend LensCrafters in *Snow*.

21.   The parties then stipulated to dismiss the prior coverage action, without prejudice, on the grounds LensCrafters' indemnity claims were not yet ripe for adjudication.

**FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**

22.   Markel incorporates the allegations in paragraphs 1 through 19 as though fully set forth and alleged in this first cause of action.

23.   There is presently a controversy and dispute between Markel and the cross-defendants regarding their respective duties and obligations under their respective insurance policies. Markel is informed and believes that Liberty Mutual contends that if it has any obligation to indemnify LensCrafters for *Snow*, that obligation is limited to $3 million. Markel contends that obligation

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE No. C-07-2853-SBA

4

(No. C-07-2853-SBA)

1    may be as high as $48 million.

2    24.    Markel is informed and believes and on that basis alleges that ERSIC contends it is
3    obligated only to pay a pro rata share of any settlement or judgment in *Snow*, without regard to its
4    duty to defend LensCrafters in *Snow*.

5    25.    Markel is also informed and on that basis alleges that LensCrafters contends it may settle
6    and resolve its differences with Liberty Mutual, ERSIC, and/or others and "exhaust" or otherwise
7    extinguish their coverage obligations without recognizing any equitable contribution obligation to
8    Markel.

9    26.    Markel is further informed and believes and on that basis contends U.S. Fire and
10   Westchester dispute their obligation to pay an equitable share of any settlement or judgment in
11   *Snow*.

12   27.    Markel seeks a judicial determination and declaration that Markel's obligations, if any, to
13   indemnify a settlement or judgment in *Snow* are excess to, or that Markel is entitled to equitable
14   contribution from, Liberty Mutual, ERSIC, U.S. Fire and Westchester.

15   28.    A judicial declaration is appropriate to address and resolve this actual controversy
16   between the parties regarding their respective rights and obligations under their respective
17   insurance policies to indemnify LensCrafters for the claims asserted in *Snow*.

18           WHEREFORE, Markel prays for judgment as follows:

19   1.     A Declaration that coverage for *Snow* under the Markel Policy is excess to
20   coverage for *Snow* under the Liberty Mutual and ERSIC Policies;

21   2.     A Declaration regarding the respective duties and obligations of cross-defendants
22   Liberty Mutual, ERSIC, U.S. Fire and Westchester with regard to *Snow*;

23   3.     A Declaration that Markel is entitled to contribution from U.S. Fire and
24   Westchester for any amounts paid to indemnify LensCrafters in *Snow*;

25   4.     For costs of suit incurred in this action; and

26   / / /
27   / / /
28   / / /

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE No. C-07-2853-SBA

5

(No. C-07-2853-SBA)

1      5.    For such other and further relief as this Court may deem just and equitable.

2  Dated: July 27, 2007                LONG & LEVIT LLP

4                                        By    /s/ Chip Cox

5                                                CHIP COX
Attorneys for Cross-Complainant
MARKEL AMERICAN INSURANCE COMPANY

7  DOCS\S6560-012\535122.V1

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE No. C-07-2853-SBA

6

(No. C-07-2853-SBA)