RICHARD DeNATALE (Bar No. 121416)
CELIA M. JACKSON (Bar No. 124508)
Heller Ehrman LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268
Email:  richard.denatale@hellerehrman.com
Email:  celia.jackson@hellerehrman.com

Attorneys for Plaintiffs
LENSCRAFTERS, INC. and EYEXAM OF
CALIFORNIA, INC.

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENSCRAFTERS, INC. and EYEXAM OF CALIFORNIA, INC.,<br><br>                              Plaintiffs,<br><br>      v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY and WESTCHESTER FIRE INSURANCE COMPANY,<br><br>                              Defendants,<br><hr>AND RELATED COUNTER- AND CROSS-CLAIMS. | Case No.:  C-07-2853 SBA<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Date:  October 2, 2007<br>Time:  1:00 p.m.<br>Courtroom:  3<br>The Hon. Saundra Brown Armstrong |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on October 2, 2007, at 1:00 p.m., in Courtroom 3 of the United States District Court, Northern District of California, located at 1301 Clay Street, 3rd Floor, Oakland, California, Plaintiffs LensCrafters, Inc. and EYEXAM of California, Inc. (together, "LensCrafters") will and do move pursuant to Fed. Rule Civ. Pro. Rule 15 for leave to file a First Amended Complaint in this action, a proposed copy of which is attached as Exhibit 1 to this motion. Specifically, LensCrafters seeks to amend the existing complaint to add claims for breach of contract against all defendants and breach of the covenant of good faith and fair dealing against defendants United States Fire Insurance Company ("U.S. Fire"), Markel American Insurance Company ("Markel") and Westchester Fire Insurance Company ("Westchester"). This motion is made on the grounds that recent events have given rise to additional claims that should be brought in this action, that the amendment is necessary to promote the interests of justice and efficiency and that defendants will not be prejudiced by the amendment. The motion is based on the memorandum of points and authorities filed herewith, the Declaration of Celia M. Jackson accompanying this motion, the pleadings and papers in this action, and on any argument to be made at the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 15(a), plaintiffs LensCrafters, Inc. and EYEXAM of California, Inc. (together, "LensCrafters") respectfully request that the Court issue an order granting LensCrafters leave to file a First Amended Complaint. LensCrafters seeks to add additional claims against defendants ("Insurers") for breach of the same insurance contracts identified in the current complaint, and as to certain Insurers, for breach of the covenant of good faith and fair dealing. The proposed amendment involves no new parties or insurance contracts. Rather, LensCrafters simply seeks leave to amend so that all claims related to Insurers' duty to indemnify and duty to settle can be adjudicated together in this action.[1]

---

[1] A copy of the proposed amended complaint is attached as Exhibit 1 to this motion and was provided to Insurers before LensCrafters filed this motion. *See* Declaration of Celia M. Jackson in Support of Motion for Leave To File Amended Complaint ("Jackson Dec."), ¶ 2.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT, CASE NO. C 07-2853 SBA

While the new claims that LensCrafters seeks to add are closely related to the claim in the current complaint, these new claims were not ripe before July 26, 2007 and could not have been added until then. This lawsuit involves a dispute between LensCrafters and Insurers regarding indemnity coverage for a purported class action lawsuit entitled *Melvin Gene Snow, et al. v. LensCrafters, Inc., et al.*, San Francisco Superior Court Case No. CGC-02-40554 (the "*Snow* Action"). At the time LensCrafters filed its complaint, LensCrafters was trying to negotiate a settlement of the *Snow* Action and it had become apparent that Insurers' positions regarding insurance coverage and allocation were major obstacles. Thus, LensCrafters filed its complaint alleging a single claim for declaratory relief.

Since then, however, facts have changed: LensCrafters and the *Snow* plaintiffs have negotiated a reasonable settlement, contingent on consent and funding by Insurers. At a mediation on July 26, 2007, Insurers refused to accept the settlement. At that point, they breached their obligations under the insurance contracts.

Based on these recent developments, LensCrafters seeks to amend its complaint to add the claims for breach of contract and tortious breach of the covenant of good faith and fair dealing — claims that were unripe before July 26. This amendment will not prejudice Insurers, as this litigation is still in its earliest stages. Nor should this amendment come as a surprise to any Insurer, because LensCrafters told them that their failure to accept the *Snow* settlement would amount to a breach of contract and warned them nearly one month ago that it might file breach of contract claims.

## II.    STATEMENT OF FACTS

### A.    The *Snow* Action

In March 2002, plaintiffs in the *Snow* Action filed a purported class action lawsuit in the San Francisco Superior Court against LensCrafters. Plaintiffs' complaint arises from a "co-location" model used by LensCrafters, Inc. and EYEXAM of California, Inc. ("EYEXAM") in more than 90 stores located in California. Plaintiffs seek to certify a California-only class of consumers who had their eyes examined by an California-licensed optometrist employed by EYEXAM and then purchased  eyewear from LensCrafters on the same day. Jackson Dec., Ex. 1.

The number of purported class members is estimated to be more than 1 million. *Id.,* ¶ 4. Plaintiffs claim, among other things, that LensCrafters disclosed their confidential medical information in violation of the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56 *et seq.*

### B.    The Prior California Coverage Litigation

In March 2004, LensCrafters filed an action for declaratory relief and breach of contract against one Insurer, Liberty Mutual Fire Insurance Company ("Liberty"); LensCrafters later amended that complaint to add another Insurer, Executive Risk Specialty Insurance Company ("ERSIC"). In that lawsuit (the "Prior California Action") this Court found that Liberty and ERSIC both have a duty to defend LensCrafters for the claims asserted in the *Snow* Action. Judgments were entered in that action in November 2005 and are currently on appeal to the Ninth Circuit.

In the Prior California Action, LensCrafters had also alleged claims related to the duty to indemnify. On June 21, 2005, the parties stipulated and the Court ordered that the indemnity claims in the Prior California Action would be dismissed because they were not ripe for adjudication at that time. The stipulated order provided that any party could re-file the dismissed indemnity claims, but such action had to be filed in the Federal District Court for the Northern District of California. *See* Jackson Dec., ¶ 5 & Ex. 2.

### C.    The Events Leading To Insurers' Breach of the Insurance Contracts

The *Snow* Action has been actively litigated for several years. Earlier this year, the parties began serious settlement discussions. Jackson Dec., ¶ 7. On April 27, 2007, the parties in *Snow* — along with Liberty, U.S. Fire and the other Insurers — attended a mediation at which significant progress was made towards settlement. Negotiations continued following this mediation session, and LensCrafters kept Insurers apprised of developments. *Id.* By May it had become apparent that Insurers' positions on certain insurance issues — such as whether the *Snow* claims are covered, whether Insurers had a duty to fund a settlement, and how settlement funding should be allocated among Insurers — represented a major obstacle to settlement. *Id.* To resolve these issues, on May 31, 2007, LensCrafters filed this action for declaratory relief.[2]

---

[2] In addition, on May 24, 2007, U.S. Fire filed a preemptive suit against LensCrafters and the other Insurers (except for ERSIC) in New York, in which U.S. Fire alleged alleging that its

3

Then in June, LensCrafters reached a settlement with the *Snow* plaintiffs, contingent on approval and funding by Insurers. LensCrafters asked Insurers to accept the settlement, which was reasonable in terms of LensCrafters' exposure in the *Snow* Action and was within the limits of Insurers' policies. *Id., ¶* 9. A further mediation session was scheduled for July 26, 2007 to finalize the settlement, and Superior Court Judge Richard Kramer, who is handling the *Snow* Action, issued an order requiring the parties and Insurers to attend. *Id.* This mediation, however, was unsuccessful. Insurers refused to accept and fund the *Snow* settlement, thereby breaching their insurance contracts.[3]

### D.    LensCrafters' Current Complaint and the Proposed Amendment

LensCrafters filed its original complaint in this action on May 31, 2007. On June 15, 2007, the Court deemed this action to be a "related case" to the Prior Coverage Action.

The original complaint included only a single claim for declaratory relief related to Insurers' duty to indemnify LensCrafters for the *Snow* claims. But all parties should have understood that LensCrafters might file breach of contract claims should Insurers breach their duty to indemnify or their duty to settle. With Insurers' refusal to accept and fund the *Snow* settlement at the July 26 mediation, those claims have now become ripe.

Consequently, LensCrafters' proposed amendment adds a claim for breach of contract against all Insurers, based on their breach of the duty to settle the *Snow* Action. The proposed amendment also adds a claim for tortious breach of the covenant of good faith and fair dealing against U.S. Fire, Markel and Westchester. In addition to these new claims, the proposed amended complaint includes new allegations describing facts that have occurred since July 26, and makes other changes to reflect the recent factual developments and the new claims. No new parties have been added, however, and the insurance policies cited are the same as those included in LensCrafters' original complaint. *See* Jackson Dec., ¶ 2 and Exhibit 1 to this Motion.

---

insurance policies did not provide coverage for the *Snow* claims and sought a judicial declaration that it did not have to contribute to any settlement. Jackson Dec., ¶ 8.

[3] In fact, U.S. Fire violated the Superior Court's order by refusing to attend the July 26 mediation. Jackson Dec., ¶ 9.

4

**III.   THE COURT SHOULD GRANT LENSCRAFTERS' REQUEST TO FILE A FIRST AMENDED COMPLAINT**

**A.     The Federal Rules of Civil Procedure Allow Liberal Amendment of Pleadings**

Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given when justice so requires." The Federal Rules of Civil Procedure favor the efficient use of judicial resources and the resolution of claims on the merits. *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962); *see also Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). Therefore, leave to amend a complaint should be granted with "extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981); *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987).

Although the decision to grant leave to amend is within a court's discretion, leave to amend should be freely granted and should be denied only when there is compelling reason to do so. *See DCD Programs,* 833 F.2d at 190. Accordingly, a court should not deny leave to amend unless one of the following factors, set forth in the Supreme Court's decision in *Foman,* is present: (1) prejudice to the opposing party, (2) undue delay, (3) futility of the amendment, or (4) bad faith. *See, e.g., Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999); *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). Of these factors, prejudice to the opposing party is the most critical. *Eminence,* 316 F.3d at 1052. Indeed, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.*[4] Here, none of the *Foman* factors preclude LensCrafters from amending its complaint.

**B.     LensCrafters' Claims for Breach of Contract and Breach of the Covenant of Good Faith Should Be Heard Together with Its Claim for Declaratory Relief**

The amendments proposed by LensCrafters will serve to promote justice and judicial

---

[4] Prejudice may be shown, for example, where an amendment would reopen discovery, would not permit the opposing party adequate time to conduct discovery, or would **unduly** delay the litigation. *See, e.g., Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980, 985-986 (1999) (motion to amend denied when motion made three months after stipulated time to make such amendments and amendment would result in need to reopen discovery and therefore delay the proceedings); *Zivkovic v. Southern Cal. Edison Co.,* 302 F.3d 1080, 1087 (2002) (motion to amend denied because it was filed several days before the discovery cutoff and less than three months before trial).

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT, CASE NO. C 07-2853 SBA

efficiency. The proposed claims are closely related to the claim previously alleged, and arise out of the same insurance policies issued by the same Insurers. Like the current claim for declaratory relief, the proposed additional claims relate to Insurers' duty to indemnify LensCrafters and their duty to settle the claims in the *Snow* Action. Now that Insurers have breached their contractual duties by refusing to accept the settlement, LensCrafters should be permitted to assert claims for breach of contract and tortious breach of the covenant of good faith and fair dealing. All these claims should be heard a single action, in order to prevent multiple litigation concerning the same issues.

**C.     The Amendment is Timely and Will Result in No Prejudice to Defendants**

There can be no question that LensCrafters has acted promptly and diligently in seeking leave to amend the complaint. It was not until July 26 — less than two weeks ago — that Insurers breached their contractual obligations. If LensCrafters had asserted the new claims in its original complaint, or sought leave to allege them before July 26, one or more Insurers would likely have objected to the claims as premature or unripe.

Because LensCrafters has acted so promptly in seeking leave to amend, and because this litigation is in its earliest stages, no Insurer will be prejudiced by the amendment. Some Insurers have not even responded to the original complaint. Discovery has not commenced, and the parties' initial disclosures under Rule 26 are not due until September 5. Given the absence of prejudice or delay, the Court should grant this motion.

**D.     U.S. Fire's Pending Motion to Dismiss Is Not Grounds for Denying LensCrafters' Motion**

One Insurer — U.S. Fire — has told us that it objects to the proposed amendment because it might delay resolution of a motion it has filed to dismiss the original complaint. Jackson Dec., ¶ 10 & Ex. 3. In that motion, U.S. Fire argues that this Court should decline to exercise jurisdiction over the declaratory relief claim asserted in LensCrafters' original complaint in light of the lawsuit U.S. Fire has filed in New York.[5]

---

[5] U.S. Fire has used its preemptive New York filing to argue that this California action should not proceed. LensCrafters believes that issues related to Insurers' duty to indemnify should be heard here in this Court, based on the prior coverage litigation and the overwhelming contacts

6

A pending motion to dismiss does not provide grounds to deny a motion to amend.  Indeed, LensCrafters could amend its complaint to assert new claims against U.S. Fire as a matter of right, because U.S. Fire has not filed a responsive pleading.  *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995) (a motion to dismiss is not a responsive pleading within the meaning of Rule 15(a)); *Shaver v. Operating Engineers Local 428 Pension Trust Fund,* 332 F.3d 1198, 1201 (2003) (same).[6]  Moreover, it should come as no surprise to U.S. Fire that LensCrafters is seeking leave to amend to add breach of contract claims.  Those claims are the logical outcome of U.S. Fire's decision to breach its duty to settle the *Snow* case, and LensCrafters had warned U.S. Fire that it might file such claims.[7]  U.S. Fire cannot claim that it is dilatory or improper for LensCrafters to assert these claims, when U.S. Fire's own conduct subsequent to the filing of the original complaint made those claims necessary.

Despite whatever protests U.S. Fire may make in opposing this motion, the reality is that between the time that LensCrafters filed its original complaint and now circumstances have changed.  When LensCrafters filed its complaint, Insurers had not yet refused to accept a settlement.  They did so as of July 26, thereby breaching their duties under the insurance policies. By this motion, LensCrafters seeks to have all claims related to the remaining coverage issues heard together in this action.  This is the proper way to proceed, and the interests of justice and judicial economy will be served by permitting LensCrafters to amend its complaint.

///

//

/

---

between this case and California.  As explained above, this action seeks insurance coverage for claims brought by a California-only class of one million consumers who made purchases at LensCrafters stores in California and allege violations of three California statutes.  For these reason, LensCrafters has asked the New York Court to dismiss or stay the U.S. Fire lawsuit, and the Court has set a briefing schedule with a hearing date of October 29, 2007.  Jackson Dec., ¶ 8.

[6] "[Fed.R.Civ.P.] Rule 7(a) defines 'pleadings' as a complaint and answer; a reply to a counterclaim; an answer to a cross-claim; and a third party complaint and answer.  Anything else is a motion or paper." *Morrison v. Mahoney,* 399 F.3d 1042, 1046 (9th Cir. 2004).

[7] *See* Jackson Dec., ¶ 11 & Ex. 4.

7

IV.    **CONCLUSION**

For the reasons stated above, the Court should grant LensCrafters leave to file a first amended complaint in the form attached hereto as Exhibit 1.

DATED:  August 6, 2007                          Respectfully submitted,

HELLER EHRMAN LLP


By   */s/ Celia M. Jackson*
        Celia M. Jackson

Attorneys for Plaintiffs
LENSCRAFTERS, INC. and EYEXAM OF
CALIFORNIA, INC.