RICHARD DeNATALE (Bar No. 121416)
CELIA M. JACKSON (Bar No. 124508)
Heller Ehrman LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268
Email:  richard.denatale@hellerehrman.com
Email:  celia.jackson@hellerehrman.com

Attorneys for Plaintiffs
LENSCRAFTERS, INC. and EYEXAM OF
CALIFORNIA, INC.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENSCRAFTERS, INC. and EYEXAM OF CALIFORNIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY and WESTCHESTER FIRE INSURANCE COMPANY, <br><br> Defendants, | Case No.: C-07-2853 SBA <br><br> **DECLARATION OF CELIA M. JACKSON IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** <br><br> Date:  October 2, 2007 <br> Time:  1:00 p.m. <br> Courtroom:  3 <br> The Hon. Saundra Brown Armstrong |
| AND RELATED COUNTER- AND CROSS-CLAIMS. | |

I, Celia M. Jackson, declare:

1.  I am an attorney in the law firm of Heller Ehrman LLP, counsel of record for Plaintiffs LensCrafters, Inc. and EYEXAM of California, Inc. (together, "LensCrafters") in this action. I have personal knowledge of the matters stated in this declaration, and if I were asked to testify regarding these matters, I could competently do so.

2.  This Declaration is filed in support of LensCrafters' Motion for Leave To File Amended Complaint. LensCrafters' proposed amended complaint is attached to its Motion as Exhibit 1. I have provided counsel for defendant insurers with a copy of the proposed amended complaint prior to filing this motion. LensCrafters' proposed amendment adds a claim for breach of contract against all defendant insurers, based on their breach of the duty to indemnify and to settle the *Snow* Action. The proposed amendment also adds a claim for tortious breach of the covenant of good faith and fair dealing against three insurers: United States Fire Insurance Company ("U.S. Fire"), Markel American Insurance Company and Westchester Fire Insurance Company. In addition to these new claims, the proposed amended complaint includes new allegations describing the facts that have occurred since July 26, and makes other changes (particularly in the introductory section) to reflect the recent factual developments and the new claims. No new parties have been added, however, and the insurance policies cited are the same as those included in LensCrafters' original complaint.

3.  Attached to this Declaration as Exhibit 1 is a true and correct copy of the Second Amended Class Action Complaint in the case *Melvin Gene Snow, et al. v. LensCrafters, Inc., et al.*, San Francisco Superior Court Case No. CGC-02-40554 (the "*Snow* Action").

4.  The allegations in the *Snow* Action arise out of a "co-location" model used by LensCrafters, Inc. and EYEXAM of California, Inc. ("EYEXAM") in more than 90 LensCrafters stores in California. As alleged in the *Snow* complaint, plaintiffs seek to have the court certify a class of persons who had their eyes examined at EYEXAM and purchased eyewear from LensCrafters on the same day. LensCrafters estimates that there are more than 1 million potential class members.

5.  In March 2004, LensCrafters filed an action for declaratory relief and breach of

1

DECLARATION OF CELIA M. JACKSON IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT, CASE NO. CV 07-2853 SBA

1 contract against one Insurer, Liberty Mutual Fire Insurance Company ("Liberty"); LensCrafters
2 later amended that complaint to add another Insurer, Executive Risk Specialty Insurance Company
3 ("ERSIC").  That action was assigned to this Court under Case No. C04-01001 SBA (the "Prior
4 California Action") and adjudicated claims related to the duty to defend.  This Court found that
5 Liberty and ERSIC both have a duty to defend LensCrafters for the claims asserted in the *Snow*
6 Action.  Judgments were entered in that action in November 2005 and are currently on appeal to the
7 Ninth Circuit.
8    6.    In the Prior California Action, LensCrafters had also alleged claims related to the
9 duty to indemnify.  On June 21, 2005, the parties stipulated and the Court ordered that the
10 indemnity claims in the Prior California Action would be dismissed because they were not ripe for
11 adjudication at that time.  The stipulated order provided that any party could re-file the dismissed
12 indemnity claims, but such action had to be filed in the Federal District Court for the Northern
13 District of California.  A true and correct copy of the Court's Order is attached to this Declaration
14 as Exhibit 2.
15    7.    Earlier this year, the parties in *Snow* began serious settlement discussions.  As
16 coverage counsel for LensCrafters, I was aware of those discussions and participated in three
17 mediation sessions related to settlement of the *Snow* case.  On April 27, 2007,  the parties in *Snow*
18 — along with Liberty, U.S. Fire, and the other Insurers — attended a mediation at which significant
19 progress was made towards settlement.  Negotiations continued following this mediation session,
20 and LensCrafters kept Insurers apprised of developments.  By May it had become apparent that
21 Insurers' positions on certain insurance issues — such as whether the *Snow* claims are covered,
22 whether Insurers had a duty to fund a settlement, and how settlement funding should be allocated
23 among Insurers — represented a major obstacle to settlement.  To resolve these issues, on May 31,
24 2007, LensCrafters filed this action for declaratory relief.
25    8.    On May 24, 2007, U.S. Fire filed a declaratory relief action against LensCrafters and
26 the other insurers (except ERSIC) in the State of New York.  In a "pre-motion letter" filed in
27 accordance with New York procedure, LensCrafters has asked the New York Court to dismiss or
28 stay the New York action.  On August 3, 2007, the Court set a briefing schedule with a hearing date

2
DECLARATION OF CELIA M. JACKSON IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT, CASE NO. CV 07-2853 SBA

of October 29, 2007.

9. In June LensCrafters reached a settlement with the *Snow* plaintiffs, contingent on approval and funding by Insurers. LensCrafters asked Insurers to accept the settlement, which was reasonable in terms of LensCrafters' exposure in the *Snow* Action and was within the limits of the Insurers' policies. A further mediation session was scheduled for July 26, 2007 to finalize the settlement, and Superior Court Judge Richard Kramer, who is handling the *Snow* Action, issued an order requiring the parties and Insurers to attend. Nevertheless, U.S. Fire refused to attend. This mediation, however, was unsuccessful. The insurers refused to accept and fund the *Snow* settlement, thereby breaching their insurance contracts.

10. Before filing this motion, I contacted by telephone counsel for each of the insurers to obtain consent for filing LensCrafters' proposed amended complaint and to see if LensCrafters could file the complaint pursuant to stipulation. U.S. Fire, however, told LensCrafters that it would not stipulate to the proposed amended complaint. Attached to this Declaration as Exhibit 3 is an email message I received from U.S. Fire's counsel, Amy Rose, that sets forth U.S. Fire's position with respect to LensCrafters' proposed amended complaint.

11. Attached to this Declaration as Exhibit 4 is a true and correct copy of a briefing filed by LensCrafters in the New York action filed by U.S. Fire entitled Statement in Reply to Opposition of Assignment to Commercial Division.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of August 2007 in San Francisco, California.


                                                        ____/s/ Celia M. Jackson_____
                                                              Celia M. Jackson

3

DECLARATION OF CELIA M. JACKSON IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT, CASE NO. CV 07-2853 SBA