RICHARD DeNATALE (California Bar No. 121416)
CELIA M. JACKSON (California Bar No. 124508)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile:  (415) 772-6268
Email:  richard.denatale@hellerehrman.com
Email:  celia.jackson@hellerehrman.com

Attorneys for Plaintiffs and Counter-Defendants
LENSCRAFTERS, INC. and EYEXAM OF CALIFORNIA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LENSCRAFTERS, INC.; and EYEXAM OF CALIFORNIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY; and WESTCHESTER FIRE INSURANCE COMPANY, <br><br> Defendants, <br><br> AND RELATED COUNTER-AND CROSS-CLAIMS. | Case No.: C-07-2853 SBA <br><br> **PLAINTIFFS AND COUNTER-DEFENDANTS LENSCRAFTERS, INC. AND EYEXAM OF CALIFORNIA, INC.'S ANSWER TO MARKEL AMERICAN INSURANCE COMPANY'S COUNTERCLAIM; DEMAND FOR JURY TRIAL** |

Plaintiffs and Counter-Defendants LensCrafters, Inc. and EYEXAM of California, Inc. (together "LensCrafters"), by and through their counsel, answer Defendant and Cross-Complainant Markel American Insurance Company's ("Markel") Counterclaim (the

1  "Counterclaim") in this action, as follows:

2      1.    In answer to paragraph 1 of the Counterclaim, LensCrafters admits that this
3  action concerns indemnification that defendant insurers owe to LensCrafters for the
4  referenced litigation (the "*Snow* Action").

5      2.    LensCrafters lacks information and knowledge sufficient either to admit or
6  deny the allegations contained in paragraph 2 of the Counterclaim.

7      3.    LensCrafters lacks information and knowledge sufficient either to admit or
8  deny the allegations contained in paragraph 3 of the Counterclaim.

9      4.    LensCrafters admits the allegations contained in paragraph 4 of the
10 Counterclaim.

11     5.    LensCrafters admits the allegations contained in paragraph 5 of the
12 Counterclaim.

13     6.    LensCrafters lacks information and knowledge sufficient either to admit or
14 deny the allegations contained in paragraph 6 of the Counterclaim.

15     7.    LensCrafters lacks information and knowledge sufficient either to admit or
16 deny the allegations contained in paragraph 7 of the Counterclaim.

17     8.    LensCrafters lacks information and knowledge sufficient either to admit or
18 deny the allegations contained in paragraph 8 of the Counterclaim.

19     9.    LensCrafters lacks information and knowledge sufficient either to admit or
20 deny the allegations contained in paragraph 9 of the Counterclaim.

21     10.    LensCrafters admits the jurisdictional allegations contained in paragraph 10 of
22 the Counterclaim.  Except as specifically admitted, LensCrafters responds that the
23 allegations in the cross-claim speak for themselves and accordingly, denies the allegations
24 in paragraph 10 of the Counterclaim.

25     11.    In answer to paragraph 11 of the Counterclaim, LensCrafters responds that the
26 allegations in the complaint in the *Snow* Action speak for themselves.

27     12.    In answer to paragraph 12 of the Counterclaim, LensCrafters responds that the
28 complaint and amended complaints in the *Snow* Action speak for themselves.

13. In answer to paragraph 13 of the Counterclaim, LensCrafters admits that Markel issued Commercial Umbrella Liability Policy No. CU-GA-1345-01 (the "Markel Policy") for the referenced time period. LensCrafters further admits that Luxottica U.S. Holdings Corporation is one of the insureds under the Markel Policy. Except as specifically admitted, LensCrafters denies the allegations contained in paragraph 13 of the Counterclaim.

14. In answer to paragraph 14 of the Counterclaim, LensCrafters admits that LensCrafters, Inc. and EYEXAM of California, Inc. are named as insureds under commercial general liability policies issued by Liberty Mutual Fire Insurance Company (the "Liberty Policies") for eight consecutive annual policy periods from February 1, 1998 through February 1, 2006; LensCrafters further admits that each of the Liberty Policies has liability limits for personal injury coverage of $3 million each occurrence and $6 million in the aggregate. Except as specifically admitted, LensCrafters denies the allegations contained in paragraph 14 of the Counterclaim.

15. In answer to paragraph 15 of the Counterclaim, LensCrafters admits that LensCrafters, Inc. and EYEXAM of California, Inc. are named as insureds under a Managed Care Organization Errors and Omissions Liability Policy issued by ERSIC (the "ERSIC Policy") for the period November 12, 2001 to November 12, 2002; LensCrafters further admits that the ERSIC Policy has limits of liability of $3 million for each Claim (as defined in the ERSIC Policy) or Related Claim (as defined in the ERSIC Policy) and $3 million in the aggregate. Except as specifically admitted, LensCrafters denies the allegations contained in paragraph 15 of the Counterclaim.

16. In answer to paragraph 16 of the Counterclaim, LensCrafters admits LensCrafters, Inc. and EYEXAM of California, Inc. are named as insureds under three commercial umbrella policies issued by U.S. Fire (the "U.S. Fire Policies") for three consecutive annual policy periods from February 1, 1998 to February 1, 2001; LensCrafters further admits that each of the U.S. Fire Policies has liability limits of liability for personal injury coverage of $25 million in excess of the retained limit for each occurrence and in the

3

aggregate. Except as specifically admitted, LensCrafters denies the allegations contained in paragraph 16 of the Counterclaim.

17. In answer to paragraph 17 of the Counterclaim, LensCrafters admits that LensCrafters, Inc. and EYEXAM of California, Inc. are named as insureds under commercial umbrella policies issued by Westchester effective February 1, 2002 to February 1, 2006 (the "Westchester Policies"); LensCrafters further admits that the Westchester Policies have liability limits for personal injury coverage of $25 million in excess of the retained limit per occurrence and in the aggregate. Except as specifically admitted, LensCrafters denies the allegations contained in paragraph 17.

18. In answer to paragraph 18 of the Counterclaim, LensCrafters admits that LensCrafters, Inc. and EYEXAM of California, Inc. were plaintiffs in litigation entitled *LensCrafters, Inc. v. Liberty Mutual Fire Ins. Co.,* United States District Court, Northern District of California, Case No. C 04-1001 SBA, which litigation speaks for itself.

19. Paragraph 19 of the Counterclaim alleges the substance of the Court's orders in Case No. C 04-1001 SBA, which speak for themselves.

20. Paragraph 20 of the Counterclaim alleges the substance of the Court's orders in Case No. C 04-1001 SBA, which speak for themselves.

21. Paragraph 21 of the Counterclaim alleges the substance of a stipulation and order entered in Case No. C 04-1001 SBA, which speaks for itself. LensCrafters specifically denies that the parties stipulated to dismiss the prior coverage action.

22. In answer to paragraph 22 of the Counterclaim, LensCrafters incorporates its answers to paragraphs 1 through 21 inclusive.

23. LensCrafters lacks information and knowledge sufficient either to admit or deny the allegations contained in paragraph 23 of the Counterclaim.

24. LensCrafters lacks information and knowledge sufficient either to admit or deny the allegations contained in paragraph 24 of the Counterclaim.

25. LensCrafters denies the allegations contained in paragraph 25 of the Counterclaim.

26. LensCrafters lacks information and knowledge sufficient either to admit or deny the allegations contained in paragraph 26 of the Counterclaim.

27. In answer to paragraph 27 of the Counterclaim, LensCrafters responds that the allegations of the Counterclaim and cross-claim speak for themselves.

28. In answer to paragraph 28 of the Counterclaim, LensCrafters admits that there is a present active controversy between LensCrafters, Inc. and EYEXAM of California, Inc., on the one hand, and defendant insurers, on the other hand, concerning their respective rights and obligations under their respective insurance policies to indemnify LensCrafters for the claims asserted in *Snow* and that a declaration of rights and obligations by the Court is appropriate at this time. Except as specifically admitted, LensCrafters denies the allegations in paragraph 28 of the Counterclaim.

## AFFIRMATIVE DEFENSES

By way of Affirmative Defenses, LensCrafters alleges as follows:

### First Affirmative Defense

The Counterclaim fails to state facts sufficient to constitute a claim against LensCrafters upon which relief can be granted.

### Second Affirmative Defense

The Counterclaim is barred in whole or in part by the doctrine of laches.

### Third Affirmative Defense

The Counterclaim is barred in whole or in part by the doctrine of unclean hands.

### Fourth Affirmative Defense

The Counterclaim is barred in whole or in part by the doctrine of waiver.

### Fifth Affirmative Defense

The Counterclaim is barred in whole or in part by the doctrine of estoppel.

### Sixth Affirmative Defense

The Counterclaim is barred in whole or in part by the applicable statute of limitations.

### Seventh Affirmative Defense

Markel is barred in whole or in part from any recovery because it has breached the terms and conditions of the Markel Commercial Umbrella Liability Policy including, but not limited to, the failure to settle the *Snow* Action and the failure to indemnify LensCrafters in the *Snow* Action.

### Eighth Affirmative Defense

Markel is barred in whole or in part from recovery because it has engaged in improper, retaliatory and bad faith conduct against LensCrafters including, but not limited to, unreasonable failure to comply with the terms of the Markel Commercial Umbrella Liability Policy, denying coverage for the *Snow* Action without any reasonable basis to do so, failing to undertake a reasonable and thorough investigation of the claims against LensCrafters in the *Snow* Action, failing to fund a reasonable settlement of the *Snow* Action, and placing its own interests above the interests of its insured.

### Ninth Affirmative Defense

The Counterclaim does not state a claim that is ripe for adjudication to the extent that it seeks to add claims in addition to those at issue in Plaintiffs' Complaint for Declaratory Relief or any amendments thereto.

**PRAYER FOR RELIEF**

WHEREFORE LensCrafters requests this Court to enter judgment as follows:

1. For a declaration that Markel has a duty to indemnify LensCrafters with respect to any judgment or settlement in the *Snow* Action;

2. For an award to LensCrafters of its attorneys' fees and costs of suit; and

3. For such other and further relief as the Court may deem just and appropriate.

DATED: August 20, 2007          HELLER EHRMAN LLP

By */s/ Celia M. Jackson*
　　Celia M. Jackson
Attorneys for Plaintiffs and Counter-Defendants
LENSCRAFTERS, INC. and EYEXAM OF
CALIFORNIA, INC.

6

PLAINTIFFS AND COUNTER-DEFENDANTS LENSCRAFTERS, INC. AND EYEXAM OF CALIFORNIA, INC.'S ANSWER TO MARKEL AMERICAN INSURANCE COMPANY'S COUNTERCLAIM; DEMAND FOR JURY TRIAL, CASE NO. C-07-2853 SBA

**DEMAND FOR JURY TRIAL**

Plaintiff and Counter-Defendants LensCrafters, Inc. and EYEXAM of California, Inc. hereby demand trial by jury.

DATED: August 20, 2007      HELLER EHRMAN LLP


By */s/ Celia M. Jackson*
   Celia M. Jackson
Attorneys for Plaintiffs and Counter-Defendants
LENSCRAFTERS, INC. and EYEXAM OF
CALIFORNIA, INC.

7

PLAINTIFFS AND COUNTER-DEFENDANTS LENSCRAFTERS, INC. AND EYEXAM OF CALIFORNIA, INC.'S ANSWER TO MARKEL AMERICAN INSURANCE COMPANY'S COUNTERCLAIM; DEMAND FOR JURY TRIAL, CASE NO. C-07-2853 SBA