RICHARD DeNATALE (California Bar No. 121416)
CELIA M. JACKSON (California Bar No. 124508)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone: (415) 772-6000
Facsimile:   (415) 772-6268
Email:  richard.denatale@hellerehrman.com
Email:  celia.jackson@hellerehrman.com

Attorneys for Plaintiffs and Counter-Defendants
LENSCRAFTERS, INC. and EYEXAM OF CALIFORNIA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LENSCRAFTERS, INC.; and EYEXAM OF CALIFORNIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY; and WESTCHESTER FIRE INSURANCE COMPANY, <br><br> Defendants, <br><br> AND RELATED COUNTER- AND CROSS-CLAIMS. | Case No.: C-07-2853 SBA <br><br> **PLAINTIFFS AND COUNTER-DEFENDANTS LENSCRAFTERS, INC. AND EYEXAM OF CALIFORNIA, INC.'S ANSWER TO WESTCHESTER FIRE INSURANCE COMPANY'S COUNTERCLAIM; DEMAND FOR JURY TRIAL** |

Plaintiffs and Counter-Defendants LensCrafters, Inc. and EYEXAM of California,

Inc. (together, "LensCrafters"), by and through their counsel, answer Defendant and Cross-

Complainant Westchester Fire Insurance Company's ("Westchester") Counterclaim (the

"Counterclaim") in this action, as follows:

1. In answer to paragraph 1 of the Counterclaim, LensCrafters responds that the allegations of the Counterclaim and cross-claim speak for themselves.

2. In answer to paragraph 2 of the Counterclaim, LensCrafters admits that there is a present active controversy between LensCrafters, Inc. and EYEXAM of California, Inc., on the one hand, and defendant insurers, on the other hand, concerning insurance coverage for the *Snow* Action and that a declaration of rights and obligations by this Court is appropriate at this time.

3. LensCrafters lacks information and knowledge sufficient either to admit or deny the allegations contained in paragraph 3 of the Counterclaim.

4. LensCrafters admits the allegations contained in paragraph 4 of the Counterclaim.

5. In answer to paragraph 5 of the Counterclaim, LensCrafters admits that EYEXAM of California, Inc. is a California corporation, but denies that its principal place of business is in Ohio.

6. LensCrafters lacks information and knowledge sufficient either to admit or deny the allegations contained in paragraph 6 of the Counterclaim.

7. LensCrafters lacks information and knowledge sufficient either to admit or deny the allegations contained in paragraph 7 of the Counterclaim.

8. LensCrafters lacks information and knowledge sufficient either to admit or deny the allegations contained in paragraph 8 of the Counterclaim.

9. LensCrafters lacks information and knowledge sufficient either to admit or deny the allegations contained in paragraph 9 of the Counterclaim.

10. LensCrafters admits the allegations contained in paragraph 10 of the Counterclaim.

11. LensCrafters admits the allegations contained in paragraph 11 of the Counterclaim.

12. In answer to paragraph 12 of the Counterclaim, LensCrafters responds that the

allegations in the complaint in the *Snow* Action speak for themselves.

13. LensCrafters admits the allegations contained in paragraph 13 of the Counterclaim.

14. In answer to paragraph 14 of the Counterclaim, LensCrafters admits that LensCrafters, Inc. and EYEXAM of California, Inc. are named as insureds under commercial general liability policies issued by Liberty Mutual Fire Insurance Company (the "Liberty Policies") for eight consecutive annual policy periods from February 1, 1998 through February 1, 2006; LensCrafters further admits that each of the Liberty Policies has limits for personal injury coverage of $3 million for each occurrence and $6 million in the aggregate. Except as specifically admitted, LensCrafters denies the allegations contained in paragraph 14.

15. In answer to paragraph 15 of the Counterclaim, LensCrafters admits that LensCrafters, Inc. and EYEXAM of California, Inc. are named as insureds under a Managed Care Errors and Omissions Liability policy issued by Executive Risk Specialty Insurance Company (the "ERSIC Policy") for the period November 12, 2001 to November 12, 2002; LensCrafters further admits that the ERSIC Policy has limits of liability of $3 million for each Claim (as defined in the ERSIC Policy) or Related Claim (as defined in the ERSIC Policy) and $3 million in the aggregate. Except as specifically admitted, LensCrafters denies the allegations contained in paragraph 15.

16. In answer to paragraph 16 of the Counterclaim, LensCrafters admits that LensCrafters, Inc. and EYEXAM of California, Inc. are named as insureds under three commercial umbrella policies issued by United States Fire Insurance Company (the "U.S. Fire Policies") for three consecutive annual policy periods from February 1, 1998 to February 1, 2001; LensCrafters further admits that each of the U.S. Fire Policies has limits of liability for personal injury coverage of $25 million in excess of the retained limit for each occurrence and in the aggregate. Except as specifically admitted, LensCrafters denies the allegations contained in paragraph 16.

17. In answer to paragraph 17 of the Counterclaim, LensCrafters admits that

LensCrafters, Inc. and EYEXAM of California, Inc. are named as insureds under a commercial umbrella policy issued by Markel American Insurance Company (the "Markel Policy") for the policy period February 1, 2001 to February 2, 2002; LensCrafters further admits that the Markel Policy has limits of liability for personal injury coverage of $15 million per occurrence and in the aggregate in excess of the limits of the underlying insurance. Except as specifically admitted, LensCrafters denies the allegations contained in paragraph 17.

18.  In answer to paragraph 18 of the Counterclaim, LensCrafters admits that LensCrafters, Inc. and EYEXAM of California, Inc. are named as insureds under the excess policy issued by Westchester identified in that paragraph for the policy period from February 1, 2001 to February 1, 2002 and that this Westchester policy is excess to the Markel Policy and follows form, in part, to that policy; LensCrafters further admits that this Westchester policy has limits for personal injury coverage of $10 million per occurrence and in the aggregate in excess of the Markel Policy. Except as specifically admitted, LensCrafters denies the allegations contained in paragraph 18.

19.  In answer to paragraph 19 of the Counterclaim, LensCrafters admits that LensCrafters, Inc. and EYEXAM of California, Inc. are named as insureds under the commercial umbrella policies listed in paragraph 19, that Westchester issued these policies, that the policies were issued for the policy periods identified in paragraph 19, and that the policies each had liability limits for personal injury coverage of $25 million in excess of the retained limit per occurrence and in the aggregate. Except as specifically admitted, LensCrafters denies the allegations contained in paragraph 19.

20.  In answer to paragraph 20 of the Counterclaim, LensCrafters incorporates its answers to paragraphs 1 through 19 inclusive.

21.  In answer to paragraph 21 of the Counterclaim, LensCrafters admits that there exists an actual controversy between Westchester, on the one hand, and LensCrafters, Inc. and EYEXAM of California, Inc., on the other hand, concerning their respective rights and duties under the Westchester Excess Policy (as defined in the Counterclaim) and the

4

Westchester Umbrella Policies (as defined in the Counterclaim) with regard to Westchester's indemnity obligations. LensCrafters lacks sufficient information either to admit or deny the remaining allegations in paragraph 21.

22. Paragraph 22 of the Counterclaim, including subparts (a) through (f), contains legal conclusions, rather than facts that LensCrafters can either admit or deny. To the extent that LensCrafters is required to admit or deny the allegations contained in paragraph 22, LensCrafters denies all such allegations.

23. In answer to paragraph 23 of the Counterclaim, LensCrafters admits that a declaration of rights by this Court is appropriate at this time. Except as specifically admitted, LensCrafters denies the allegations contained in paragraph 23.

24. In answer to paragraph 24 of the Counterclaim, LensCrafters incorporates its answers to paragraphs 1 through 19 inclusive.

25. LensCrafters denies the allegations contained in paragraph 25 of the Counterclaim.

26. LensCrafters denies the allegations contained in paragraph 26 of the Counterclaim.

**AFFIRMATIVE DEFENSES**

By way of Affirmative Defenses, LensCrafters alleges as follows:

<u>First Affirmative Defense</u>

The Counterclaim fails to state facts sufficient to constitute a claim against LensCrafters upon which relief can be granted.

<u>Second Affirmative Defense</u>

The Counterclaim is barred in whole or in part by the doctrine of laches.

<u>Third Affirmative Defense</u>

The Counterclaim is barred in whole or in part by the doctrine of unclean hands.

<u>Fourth Affirmative Defense</u>

The Counterclaim is barred in whole or in part by the doctrine of waiver.

Fifth Affirmative Defense

The Counterclaim is barred in whole or in part by the doctrine of estoppel.

Sixth Affirmative Defense

The Counterclaim is barred by whole or in part by the applicable statute of limitations.

Seventh Affirmative Defense

Westchester is barred in whole or in part from any recovery because it has breached the terms and conditions of the Westchester Excess Policy and/or the Westchester Umbrella Policies including, but not limited to, the failure to settle the *Snow* Action and the failure to indemnify LensCrafters in the *Snow* Action.

Eighth Affirmative Defense

Westchester is barred in whole or in part from recovery because it has engaged in improper, retaliatory and bad faith conduct against LensCrafters including, but not limited to, unreasonable failure to comply with the terms of the Westchester Excess Policy and/or the Westchester Umbrella Policies, denying coverage for the *Snow* Action without any reasonable basis to do so, failing to undertake a reasonable and thorough investigation of the claims against LensCrafters in the *Snow* Action, failing to fund a reasonable settlement of the *Snow* Action, and placing its own interests above the interests of its insured.

Ninth Affirmative Defense

The Counterclaim does not state a claim that is ripe for adjudication to the extent that it seeks to add claims in addition to those at issue in Plaintiffs Complaint for Declaratory Relief or any amendments thereto.

**PRAYER FOR RELIEF**

WHEREFORE, LensCrafters requests this Court to enter judgment as follows:

1. For a declaration that Westchester has a duty to indemnify LensCrafters with respect to any judgment or settlement in the *Snow* Action;

2. For an award to LensCrafters of its attorneys' fees and costs of suit; and

3. For such other and further relief as the Court may deem just and appropriate.

6

DATED: August 20, 2007            HELLER EHRMAN LLP

By */s/ Celia M. Jackson*
    Celia M. Jackson
Attorneys for Plaintiffs and Counter-Defendants
LENSCRAFTERS, INC. and EYEXAM OF CALIFORNIA, INC.

### DEMAND FOR JURY TRIAL

Plaintiff and Counter-Defendants LensCrafters, Inc. and EYEXAM of California, Inc. hereby demand trial by jury.

DATED: August 20, 2007            HELLER EHRMAN LLP

By */s/ Celia M. Jackson*
    Celia M. Jackson
Attorneys for Plaintiffs and Counter-Defendants
LENSCRAFTERS, INC. and EYEXAM OF CALIFORNIA, INC.

7

PLAINTIFFS AND COUNTER-DEFENDANTS LENSCRAFTERS, INC. AND EYEXAM OF CALIFORNIA, INC.'S ANSWER TO WESTCHESTER FIRE INSURANCE COMPANY'S COUNTERCLAIM; DEMAND FOR JURY TRIAL, CASE NO. C-07-2853 SBA