1  ROBERT D. DENNISON, ESQ., CSB #127498
   GARY L. GREEN, ESQ., CSB #82218
2  HARRIS, GREEN & DENNISON
   5959 West Century Boulevard, Suite 1100
3  Los Angeles, California 90045
   Telephone: (310) 665-8656 Facsimile: (310) 665-8659
4  Email: robertdennison@h-glaw.net
   Email: garygreen@h-glaw.net
5

6  Attorneys for Defendant,
   WESTCHESTER FIRE INSURANCE COMPANY
7

8              IN THE UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

| 11 | LENSCRAFTERS, INC.; and EYEXAM OF CALIFORNIA, INC., | Case No.: C 07 2853 SBA |
|----|----|----|
| 12 | | ANSWER OF WESTCHESTER FIRE INSURANCE COMPANY TO CROSS-COMPLAINT OF MARKEL AMERICAN INSURANCE COMPANY |
| 13 | Plaintiff, vs. | |
| 14 | | DEMAND FOR JURY TRIAL |
| 15 | LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY | |
| 16 | INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL | |
| 17 | AMERICAN INSURANCE COMPANY; and WESTCHESTER FIRE INSURANCE | |
| 18 | COMPANY, | |
| 19 | | |
| 20 | Defendant | |
| 21 | MARKEL AMERICAN INSURANCE | |
| 22 | COMPANY, | |
| 23 | Cross-Complainant, | |
| 24 | vs. LENSCRAFTERS,INC.; EYEXAM OF | |
| 25 | CALIFORNIA, INC., LIBERTY MUTUAL FIRE INSURANCE COMPANY; | |
| 26 | EXECUTIVE RISK SPECIALTY | |
| 27 | INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL | |
| 28 | AMERICAN INSURANCE COMPANY; and | |

1

1  WESTCHESTER FIRE INSURANCE                    )
2  COMPANY,                                      )
                                                 )
3  _____Cross-Defendants_____          )

4       Defendant and Cross-Defendant Westchester Fire Insurance Company ("Westchester"), by

5  and through its counsel, answers the Cross-Complaint of Markel American Insurance Company

6  ("Markel") in this action, as follows:

7       1.    Westchester admits the allegation in ¶1 of the Cross-Complaint.

8       2.    Westchester denies the allegations in ¶ 2 of the Cross-Complaint.

9       3.    Westchester admits, on information and belief, that Markel is an insurance company

10  organized under the laws of the State of Virginia.  Westchester lacks sufficient information to admit

11  or deny the remaining allegations in ¶3 of the Cross-Complaint and therefore denies same.

12       4.    Westchester admits, on information and belief, the allegations in ¶4 of the Cross-

13  Complaint.

14       5.    Westchester admits, on information and belief, that plaintiff EyeExam  of California,

15  Inc. is a California Corporation.  Westchester lacks sufficient information to admit or deny the

16  remaining allegations in ¶5 of the Cross-Complaint and therefore denies same.

17       6.    Westchester admits, on information and belief, that cross-defendant  Liberty Mutual

18  Fire Insurance Company is an insurance company organized under the laws of the State of

19  Massachusetts.  Westchester lacks sufficient information to admit or deny the remaining allegations

20  in ¶6 of the Cross-Complaint and therefore denies same.

21       7.    Westchester states, on information and belief, that cross-defendant Executive Risk

22  Specialty Insurance Company ("ERSIC")  is an insurance company organized under the laws of the

23  State of Connecticut. Westchester lacks sufficient information to admit or deny the remaining

24  allegations in ¶7 of the Cross-Complaint and therefore denies same.

25       8.    Westchester admits, on information and belief, that cross-defendant U.S. Fire Ins.

26  Co. is an insurance company organized under the laws of the State of Delaware. Westchester lacks

27  sufficient information to admit or deny the remaining allegations in ¶8 of the Cross-Complaint and

28  therefore denies same.

9.     Westchester admits that it is a New York corporation with its principal place of business in Philadelphia, Pennsylvania, authorized to transact business as an insurer in the State of California and other states. Except as admitted, Westchester denies each and every allegation in ¶9.

10.     Westchester admits that this Court has jurisdiction over this action and Cross-Action under 28 U.S.C. §§ 1332 and 2201. Westchester lacks sufficient information to admit or deny the remaining allegations in ¶10 of the Cross-Complaint and therefore denies same.

11.     Westchester admits on information and belief that the underlying Snow action is a putative class action and that the allegations in the operative Complaint therein include allegations that the defendants in that action violated the rights to privacy of the purported class members and that such claims are said to be based on violations of the California Confidentiality of Medical Information Act. On information and belief, Westchester denies the remaining allegations in ¶11.

12.     Westchester admits, on information and belief, the allegations in ¶12.

13.     Westchester admits that Markel American Insurance Company ("Markel") issued the referenced commercial umbrella liability insurance policy for the stated policy period. Westchester lacks sufficient information to admit or deny the remaining allegations in ¶13 of the Cross-Complaint and therefore denies same.

14.     Westchester admits, on information and belief, that Liberty Mutual issued annual primary commercial general liability insurance coverage for each of the stated policy periods. Westchester further admits on information and belief that plaintiffs are named insureds under such primary general liability insurance coverage. Westchester also admits on information and belief that each of the Liberty Mutual Policies has liability limits of $3 million each occurrence and $6 million in the aggregate per location. Except as admitted, Westchester denies each and every allegation in ¶14.

15.     Westchester admits, on information and belief, that ERSIC issued primary liability insurance coverage during the stated policy period, covering both plaintiffs. Westchester further admits, on information and belief, that the ERSIC Policy has liability limits of $3 million for each claim or related claims and $3 million in the aggregate. Except as admitted, Westchester denies each and every allegation in ¶15.

3

16.    Westchester admits that United States Fire Insurance Company ("U.S. Fire") issued to plaintiffs annual umbrella liability insurance policies for the stated policy periods. Westchester further admits, on information and belief, that the U.S. Fire umbrella insurance policies issued to plaintiffs each has policy limits of $25 million in excess of the retained limit for each occurrence and in the aggregate. Except as admitted, Westchester denies each and every allegation in ¶16.

17.    Westchester admits that it issued to plaintiffs' parent company an Excess Umbrella Policy, Policy No. MEA-675648, for a policy period from February 1, 2001 to February 1, 2002 (the "Westchester Fire Excess Policy"). The Westchester Fire Excess Policy is excess to, and follows form in part to, the Markel American Policy. The Westchester Fire Excess Policy has liability limits of $10 million per occurrence and in the aggregate in excess of the Markel American Policy. Westchester further admits that it issued to plaintiffs' parent company the following commercial umbrella policies: Policy No. CUA-150963 for the policy period from February 1, 2002 to February 1, 2003; Policy No. CUA-706488 for the policy period from February 1, 2003 to February 1, 2004; Policy No. CUW-774410 for the policy period from February 1, 2004 to February 1, 2005; and Policy No. CUW-785695 for the policy period from February 1, 2005 to February 1, 2006 (collectively the "Westchester Fire Umbrella Policies"). Each of the Westchester Fire Umbrella Policies has liability limits of $25 million in excess of the retained limit per occurrence and in the aggregate. Except as admitted, Westchester denies each and every allegation in ¶ 17.

18.    Westchester admits, on information and belief, that in 2004 plaintiffs brought the referenced action against Liberty Mutual and ERSIC concerning coverage for the Snow action. Except as admitted, Westchester denies each and every allegation in ¶ 18.

19.    Westchester admits on information and belief that in plaintiffs' previous coverage action against Liberty Mutual and ERSIC, the court entered an order finding Liberty Mutual and ERSIC had a duty to defend the Snow action. The contents of the order speaks for itself and the court is referred to the order for its contents. Westchester denies any allegations in ¶19 which are contrary to the contents of the order. Except as admitted, Westchester denies each and every allegation in ¶ 19.

20.    Westchester lacks sufficient information to admit or deny the allegations in ¶20 of the Cross-Complaint and therefore denies same.

21.    Westchester admits that the orders in the prior coverage action have been appealed by Liberty Mutual to the Ninth Circuit Court of Appeal. Westchester lacks sufficient information to admit or deny the remaining allegations in ¶21 of the Cross-Complaint and therefore denies same.

**First Claim for Relief**
**Declaratory Judgment re Defendants' Duty to Indemnify**

22.    With regard to the allegations contained in paragraph "22" of the Cross-Complaint, Westchester repeats its answers to paragraphs "1" through "21", inclusive, with the same force and effect as if set forth fully at length herein.

23.    Westchester admits, on information and belief, that there is a justiciable controversy between cross-complainants, plaintiffs and cross-defendants as to the insurance carriers' duty to indemnify plaintiffs with regard to the claims of the Snow action. Westchester objects to any violation of the mediation privilege under California law including any allegations regarding mediation discussions.  Except as admitted, Westchester denies each and every allegation in ¶23.

24.    Westchester objects to any violation of the mediation privilege under California law including any allegations regarding mediation discussions. Without waiving this objection, Westchester lacks sufficient information to admit or deny the allegations in ¶24 of the Cross-Complaint and therefore denies same

25.    Westchester objects to any violation of the mediation privilege under California law including any allegations regarding mediation discussions. Without waiving this objection, Westchester lacks sufficient information to admit or deny the allegations in ¶25 of the Cross-Complaint and therefore denies same.

26.    Westchester objects to any violation of the mediation privilege under California law including any allegations regarding mediation discussions and/or mediation progress. Without waiving this objection, Westchester responds to ¶26 by stating that it denies that its excess and/or umbrella policies' respective coverage has been triggered by exhaustion of applicable underlying insurance coverage and further admits that it has raised applicable coverage defenses with regard to

1   potential indemnity coverage for the claims in the Snow action. Westchester further admits that

2   U.S. Fire has filed a declaratory relief action in the state court in New York asserting that its

3   umbrella policies do not cover the claims in the Snow Action and/or that the policy limits of

4   applicable underlying primary insurance have not been exhausted according to the terms of such

5   policies. Westchester lacks sufficient information to admit or deny the remaining allegations in ¶26

6   of the Cross-Complaint and therefore denies same.

7         27.    Westchester denies that cross-complainants are entitled to the declarations or other

8   relief alleged in ¶27, or any other relief as against this answering defendant. Westchester lacks

9   sufficient information to admit or deny the remaining allegations in ¶27 of the Cross-Complaint

10   and therefore denies same.

11         28.    Westchester admits the allegation in ¶28.

12         29.    As to the prayer for relief sought at page 5, line 19 - page 6, line 1 of the Cross-

13   Complaint, Westchester denies that Cross-Complainants are entitled to the declarations or other

14   relief sought in the prayer, or any other relief as against this answering defendant.

15                       **FIRST AFFIRMATIVE DEFENSE**

16         30.    The Cross-Complaint fails to state a claim against Westchester upon which relief can

17   be granted.

18                     **SECOND AFFIRMATIVE DEFENSE**

19         31.    The Cross-Complaint is barred, in whole or in part, due to the failure of plaintiffs

20   Lenscrafters, Inc. and EyeExam of California, Inc. to comply with express conditions in the

21   Westchester policies, including but not limited to the failure to comply with the warranty of

22   maintenance of scheduled underlying liability insurance coverage (Condition M) and/or the failure

23   to provide prompt notice of an "occurrence" or suit (Condition E).

24                     **THIRD AFFIRMATIVE DEFENSE**

25         32.    The Cross-Complaint is barred, in whole or in part, to the extent the claims in the

26   Snow action do not constitute claims for "damages" for "bodily injury," "property damage,"

27   "advertising injury" and/or "personal injury," as those terms are used or contained in some or all of

28   the Westchester policies.

1
## FOURTH AFFIRMATIVE DEFENSE

2    33.    The Cross-Complaint is barred, in whole or in part, to the extent the claims in the

3  Snow action do not assert an "occurrence" as that term is defined in the respective Westchester

4  policies.

5
## FIFTH AFFIRMATIVE DEFENSE

6    34.    The Cross-Complaint is barred, in whole or in part, to the extent the claims in the

7  Snow action assert an offence, included within the definition of "personal injury," which did not

8  occur during the respective policy periods for the Westchester policies.

9
## SIXTH AFFIRMATIVE DEFENSE

10    35.    The Cross-Complaint is barred, in whole or in part, in that there has not been

11  exhaustion of underlying insurance policy limits and other applicable insurance and/or applicable

12  self-insured retentions.

13
## SEVENTH AFFIRMATIVE DEFENSE

14    36.    The Cross-Complaint is barred, in whole or in part, by virtue of the application of

15  one or more of the endorsements and/or exclusions in the Westchester policies.

16
## EIGHTH AFFIRMATIVE DEFENSE

17    37.    The Cross-Complaint is barred, in whole or in part, in that Westchester is excess to

18  applicable liability insurance by virtue of the "Other Insurance" condition in the Westchester

19  policies (Condition H).

20
## NINTH AFFIRMATIVE DEFENSE

21    38.    The Cross-Complaint is barred, in whole or in part, to the extent the claims in the

22  Snow Action include intentional conduct and/or assert injury expected or intended by plaintiffs

23  herein.

24
## TENTH AFFIRMATIVE DEFENSE

25    39.    The Cross-Complaint is barred, in whole or in part, to the extent the damage, injury

26  or loss was known prior to the inception of the respective Westchester policies, per the "Known

27  Injury or Damage Endorsement" contained in each of the policies.

28  / / /

ANSWER OF WESTCHESTER FIRE INSURANCE COMPANY TO CROSS-COMPLAINT
DEMAND FOR JURY TRIAL
Case No. C 07 2853 SBA

### ELEVENTH AFFIRMATIVE DEFENSE

40.    The Cross-Complaint is barred, in whole or in part, to the extent the claims in the Snow Action include claims for exemplary or punitive damages, fines and/or penalties.

### TWELFTH AFFIRMATIVE DEFENSE

41.    Westchester reserves the right to assert additional defenses which cannot now be articulated due to cross-complainants' failure to particularize their claim and/or the lack of discovery on the issues in the Cross-Complaint.

WHEREFORE, cross-defendant Westchester Fire Insurance Company seeks judgment as follows:

1.    Judgment dismissing the Cross-Complaint;

2.    Judgment in Westchester's favor on its affirmative defenses;

3.    Judgment that the coverage in Westchester's policy is not triggered with regard to the Snow Action and the claims therein; and,

4.    For such other and further relief as the Court may deem just and appropriate.

DATED: August 22, 2007                    HARRIS, GREEN & DENNISON
                                          A Professional Corporation


                                          By: _____
                                             ROBERT D. DENNISON
                                             Attorneys for Cross-Defendant
                                             WESTCHESTER FIRE INSURANCE COMPANY

8

1

**DEMAND FOR JURY TRIAL**

2

Defendant Westchester Fire Insurance Company hereby demands trial by jury as allowed by

3

Rule 38 of the Federal Rules of Civil Procedure.

4

5    DATED: August 22, 2007                    HARRIS, GREEN & DENNISON

6                                              A Professional Corporation

7

8                                              By: _____

9                                                  ROBERT D. DENNISON

10                                                 Attorneys for Defendant,
                                                   WESTCHESTER FIRE INSURANCE COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

**PROOF OF SERVICE**

I, TAMARA A. CARBONE, am employed in the aforesaid county, State of California: I am over the age of 18 years and not a party to the within action: my business address is 5959 West Century Boulevard, Suite 1100, Los Angeles, California 90045.

On August 22, 2007, I served the following document described as:

ANSWER OF WESTCHESTER FIRE INSURANCE COMPANY TO CROSS-COMPLAINT OF MARKEL AMERICAN INSURANCE COMPANY

DEMAND FOR JURY TRIAL

**VIA THE UNITED STATES DISTRICT COURT ELECTRONIC FILING SERVICE** on interested parties in this action set forth below:

| | |
|---|---|
| Richard DeNatale, Esq.<br>Celia M. Jackson, Esq.<br>Heller Ehrman LLP<br>333 Bush Street<br>San Francisco, CA 94104-2878<br>Tel.: (415) 772-6000 Fax: (415) 772-6268<br>Email: richard.denatale@hellerehrman.com<br>celia.jackson@hellerehrman.com | Attorneys for Plaintiffs,<br>Lenscrafters, Inc., Eyexam of California, Inc. |
| Terrence R. McInnis, Esq.<br>Ross, Dixon & Bell, LLP<br>5 Park Plaza, Suite 1200<br>Irvine, CA 92614<br>Tel.: (949) 622-2700 Fax: (949) 622-2739<br>Email: tmcinnis@rdblaw.com | Attorneys for Defendant,<br>Executive Risk Specialty Insurance Company |
| Alex F. Stuart, Esq.<br>Willoughby, Stuart & Bening<br>Fairmont Plaza<br>50 West San Fernando, Suite 400<br>San Jose, CA 95113<br>Tel.: (408) 289-1972 Fax: (408) 295-6375<br>Email: afs@wsblaw.net | Attorneys for Defendant,<br>Liberty Mutual Insurance Company |

1

| Mark Craig Goodman, Esq.<br>Amy Rose, Esq.<br>Squire, Sanders & Dempsey, L.L.P.<br>One Maritime Plaza, Suite 300<br>San Francisco, CA 94111-3492<br>Tel.: (415) 954-0289 Fax: (415) 393-9887<br>Email: mgoodman@ssd.com<br>arose@ssd.com | Attorneys for Defendant,<br>United States Fire Insurance Company |
|---|---|
| Chip Cox, Esq.<br>Attorney at Law<br>465 California Street, Suite 500<br>San Francisco, CA 94104<br>Tel.: (415) 397-2222 Fax: (415) 397-6392<br>Email: chipc@longlevit.com | Attorney for Defendant,<br>Markel American Insurance Company |

Executed on August 22, 2007, at Los Angeles, California. I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

TAMARA A. CARBONE