RICHARD DeNATALE (California Bar No. 121416)
CELIA M. JACKSON (California Bar No. 124508)
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268
Email: richard.denatale@hellerehrman.com
Email: celia.jackson@hellerehrman.com

Attorneys for Plaintiffs
LENSCRAFTERS, INC. and
EYEXAM OF CALIFORNIA, INC.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LENSCRAFTERS, INC. and EYEXAM OF CALIFORNIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY and WESTCHESTER FIRE INSURANCE COMPANY, <br><br> Defendants, <br><br> AND RELATED COUNTER- AND CROSS-CLAIMS. | Case No.: C-07-2853 SBA <br><br> **DECLARATION OF LORI A. SCHECHTER IN OPPOSITION TO UNITED STATES FIRE INSURANCE COMPANY'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY ACTION** <br><br> Hearing Date: September 18, 2007 <br> Time: 1:00 p.m. <br> Courtroom: 3 <br> The Hon. Saundra Brown Armstrong |

I, Lori A. Schechter, declare:

1. I am an attorney licensed to practice in the State of California and am a partner in the law firm of Morrison & Foerster LLP, located in San Francisco, California. Morrison & Foerster is counsel of record for Defendants in litigation entitled *Melvin Gene Snow, et al. v. LensCrafters, Inc., et al.*, San Francisco Superior Court Case No. CGC-02-40554 (the "*Snow* Action"), including LensCrafters, Inc. and EYEXAM of California, Inc. (together, "LensCrafters"). I am lead trial counsel for LensCrafters in the *Snow* Action. I have personal knowledge of the matters stated in this affidavit, and if I were asked to testify regarding these matters, I could competently do so.

2. The *Snow* Action was originally filed in March 2002; plaintiffs in the *Snow* Action filed a First Amended Complaint on May 22, 2002. Plaintiffs filed a Second Amended Complaint on April 15, 2003. The Second Amended Complaint is the operative complaint in the *Snow* Action.

3. As shown in the Second Amended Complaint, plaintiffs have alleged violations of the following California statutes: (1) Business & Professions Code section 17500 *et seq.* (deceptive advertising); (2) Business & Professions Code section 17200 *et seq.* (unfair competition); (3) Civil Code section 1750 *et seq.* (the Consumer Legal Remedies Act); and (4) Civil Code section 56 *et seq.* (the Confidentiality of Medical Information Act).

4. The Second Amended Complaint in the *Snow* Action named the following entities as defendants: (1) LensCrafters, Inc.; (2) Luxottica Group, S.p.A.; (3) United States Shoe Corporation; (4) EyeMed, Inc.; and (5) EyeMed Vision Care, LLC. EyeMed, Inc. is now known as EYEXAM of California, Inc. ("EYEXAM"). Of these entities, plaintiffs in *Snow* are now asserting claims only against LensCrafters, Inc. and EYEXAM.

5. Luxottica Group, S.p.A. and United States Shoe Corporation appeared specially in the *Snow* Action for the sole purpose of moving to quash service of the summons and complaint on grounds that the California court lacked personal jurisdiction over these entities. The court granted these motions; therefore, these entities are not defendants in the *Snow* Action. A true and correct copy of the California court's order entered with respect to United States Shoe Corporation is attached to this affidavit as Exhibit 1.

6. Luxottica U.S. Holdings Corporation was named as a defendant in the original

1

complaint and First Amended Complaint in the *Snow* Action. Plaintiffs, however, did not include that entity as a defendant in the Second Amended Complaint; therefore Luxottica U.S. Holdings Corporation is not a defendant in the *Snow* Action.

7. Although EyeMed Vision Care, LLC ("EyeMed") has not been formally dismissed from the *Snow* Action, plaintiffs abandoned their claims against EyeMed when they voluntarily dismissed with prejudice the Third Cause of Action in *Snow* as a result of changes in the law in California. Specifically, with the amendment of California Business & Professions Code section 17200, plaintiffs lacked standing to bring a claim against EyeMed as described in the Third Cause of Action, the only claim that arguably related to EyeMed.

8. The allegations in the *Snow* Action arise out of the business model used by LensCrafters, Inc. and EYEXAM in more than 90 LensCrafters, Inc. stores located throughout California. EYEXAM is a type of health maintenance organization organized under California law that employs optometrists licensed to practice in California. LensCrafters, Inc. is authorized to dispense prescription eyewear. In California, EYEXAM and LensCrafters, Inc. are located on the same premises, which permits a consumer to have an eye examination and purchase eye glasses with the convenience of "one stop shopping." Plaintiffs in *Snow* contend that this "co-location" business model violates certain California statutes.

9. As alleged in the *Snow* complaint, plaintiffs seek to have the court certify a class of persons who had their eyes examined at an EYEXAM located within a LensCrafters store in California and purchased eyewear from that LensCrafters store on the same day. LensCrafters estimates that there are more than 1 million potential class members. The *Snow* Action does not involve conduct of LensCrafters, Inc. in any state other than California.

10. There has been considerable discovery conducted in the *Snow* Action, including extensive written discovery. There were approximately 21,000 pages of documents produced. Copies of those documents, transcripts of the 16 depositions taken in *Snow*, the parties' discovery requests and responses and the pleadings in *Snow* are located in the San Francisco office of Morrison & Foerster. Nearly all of the discovery conducted in the *Snow* Action focused on LensCrafters' business practices in its California stores.

2

11. During the same time period of the *Snow* case, two other cases in California addressed the legality of the business model challenged in the *Snow* case. The *Snow* action was filed shortly after the Attorney General of California filed suit against another optical retail chain and its affiliated companies, asserting that the same business model used by LensCrafters violated certain California statutes. That case was entitled *People v. Cole National Corporation et al.*, San Diego Superior Court Case No. 783135. In 2006, the California Supreme Court ruled that health care plans organized under the Knox Keene Act (such as EYEXAM) are not exempt from limitations that California Business and Professions Code sections 655 and 2556 otherwise impose on business and financial relationships between dispensing opticians and optometrists. The case settled in 2007. In addition, shortly after the *Snow* case was filed, LensCrafters, along with another optical chain and a trade association, filed suit in federal court against the state officials charged with enforcement of the California statutes at issue in the *Snow* case, claiming that the California statutes were unconstitutional. That case was entitled *NAOO v. Lockyer et al*, Case No. CIV-S-02-1464 LKK DAD (E.D. Ca). In December of 2006, the challenged statutes were declared unconstitutional, and the decision is now on appeal in the Ninth Circuit.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 24th day of August 2007 in San Francisco, California.

_____
Lori A. Schechter

# EXHIBIT 1

| | |
|---|---|
| 1  MICHAEL M. CARLSON (State Bar No. 88048))<br>    LORI A. SCHECHTER (State Bar No. 139728))<br>2  LOUIS H. PUGH (State Bar No. 208555))<br>    MORRISON & FOERSTER LLP<br>3  425 Market Street<br>    San Francisco, California 94105-2482<br>4  Telephone: (415) 268-7000<br>    Facsimile: (415) 268-7522<br>5<br>    Attorneys for Defendant<br>6  THE UNITED STATES SHOE CORPORATION,<br>    Appearing Specially | **FILED**<br>San Francisco County Superior Court<br>SEP 1 2 2003<br>GORDON PARK-LI, Clerk<br>BY: _____<br>         Deputy Clerk |

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

| | |
|---|---|
| MELVIN GENE SNOW, *et al.*,<br><br>                    Plaintiffs,<br><br>    v.<br><br>LENSCRAFTERS, INC., *et al.*,<br><br>                    Defendant. | Case No.   CGC-02-405544<br><br>[PROPOSED] ORDER GRANTING SPECIALLY APPEARING DEFENDANT THE UNITED STATES SHOE CORPORATION'S MOTION TO QUASH SERVICE OF SUMMONS FOR LACK OF PERSONAL JURISDICTION<br><br>Date:    September 4, 2003<br>Time:   11:00 a.m.<br>Dept:    304<br><br>Complaint Filed:   March 12, 2002<br>     Trial Date: None Set |

---

[PROPOSED] ORDER GRANTING SPECIALLY APPEARING DEF. THE UNITED STATES SHOE CORP.'S MOTION TO QUASH
SERVICE OF SUMMONS FOR LACK OF PERSONAL JURISDICTION

sf-1509932

1   On September 4, 2003, specially appearing Defendant The United States Shoe
2   Corporation's Motion to Quash Service of Summons for Lack of Personal Jurisdiction came on
3   for hearing in this Court.
4   The Court having considered the papers and evidence submitted in favor of and in
5   opposition to the Motion and the arguments of counsel, and good cause appearing,
6   IT IS HEREBY ORDERED that specially appearing Defendant The United States Shoe
7   Corporation's Motion to Quash Service of Summons is GRANTED. The Court finds that The
8   United States Shoe Corporation lacks sufficient contacts with California for this Court to exercise
9   either specific or general jurisdiction over it. Accordingly, all claims asserted by plaintiffs are
10  dismissed as to The United States Shoe Corporation pursuant to California Code of Civil
11  Procedure section 581(h).
12  Dated: September 11, 2003

By: _____
Honorable Richard A. Kramer
Judge of the Superior Court of California

18  APPROVED AS TO FORM
19  DATED: September 9, 2003

_____
MATTHEW D. DAVIS
WALKUP, MELODIA, KELLY, WECHT & SCHOENBERGER
Attorneys for Plaintiffs

[PROPOSED] ORDER GRANTING SPECIALLY APPEARING DEF. THE UNITED STATES SHOE CORP.'S MOTION TO QUASH SERVICE OF SUMMONS FOR LACK OF PERSONAL JURISDICTION

sf-1509932