

1  RICHARD DeNATALE (California Bar No. 121416)
2  CELIA M. JACKSON (California Bar No. 124508)
   Heller Ehrman LLP
3  333 Bush Street
   San Francisco, CA 94104-2878
4  Telephone: (415) 772-6000
   Facsimile: (415) 772-6268
5  Email: richard.denatale@hellerehrman.com
   Email: celia.jackson@hellerehrman.com
6
7  Attorneys for Plaintiffs
   LENSCRAFTERS, INC. and
8  EYEXAM OF CALIFORNIA, INC.

9
                        IN THE UNITED STATES DISTRICT COURT
10
                           NORTHERN DISTRICT OF CALIFORNIA
11
                                    OAKLAND DIVISION
12

13 | LENSCRAFTERS, INC. and EYEXAM OF CALIFORNIA, INC., | Case No.: C-07-2853 SBA |

14 Plaintiffs,

**LENSCRAFTERS, INC.'S AND EYEXAM OF CALIFORNIA, INC.'S OBJECTIONS TO UNITED STATES FIRE INSURANCE COMPANY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY ACTION**

15  v.

16  LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY and WESTCHESTER FIRE INSURANCE COMPANY,

Hearing Date: September 18, 2007
Time: 1:00 p.m.
Courtroom: 3
The Hon. Saundra Brown Armstrong

Defendants,

AND RELATED COUNTER- AND CROSS-CLAIMS.

---

LENSCRAFTERS' AND EYEXAM'S OBJECTIONS TO U.S. FIRE'S REQUEST FOR JUDICIAL NOTICE, CASE NO. C 07-2853 SBA

1  Plaintiffs LensCrafters, Inc. and EYEXAM of California, Inc. (together "LensCrafters") respectfully submit the following objections to the request for judicial notice submitted by United States Fire Insurance Company ("U.S. Fire") in support of its Motion To Dismiss or, in the Alternative, Stay Action.

U.S. Fire seeks judicial notice pursuant to Federal Rule of Evidence 201 that it filed a "parallel state court complaint on May 24, 2007 in the Supreme Court of the State of New York, County of New York, *United Fire Insurance Company v. Luxottica U.S. Holdings Corp., et al*, (New York Supreme Court Case No. 07/07338) . . . ." LensCrafters does not object to the Court taking judicial notice that U.S. Fire filed the complaint that is attached to the request for judicial notice (the "New York Action"), but specifically objects to the characterization of the complaint, or the New York Action, as "parallel." This description is U.S. Fire's opinion, conclusory and a matter of dispute in the motion to dismiss, and thus falls outside the permissible scope of Federal Rule of Evidence 201. It is up to the Court, upon reviewing and comparing this action to the New York Action, to determine whether they are "parallel." To the extent that U.S. Fire's request for judicial notice is inconsistent with Federal Rule of Evidence 201, it should be denied.

Federal Rule of Evidence 201 allows a court to take judicial notice of facts that are "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Pursuant to Rule 201, the court may take judicial notice of public records including court proceedings. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 981 F.2d 244, 248 (9th Cir. 1992) (taking judicial notice of proceedings in other courts). But the purposes for which a court may properly take judicial notice of such records are narrow; judicial notice is generally taken only of "the existence and authenticity" of public records. *Del Puerto Water Dist. v. U.S. Bureau of Reclamation*, 271 F.Supp.2d 1224, 1234 (E.D. Cal. 2003). A court may not take judicial notice of one party's *opinion* of how a matter of public record should be interpreted. *United States v. S. Cal. Edison Co.*, 300 F.Supp.2d 964, 974 (E.D. Cal. 2004).

Here, it would be improper for the Court to take judicial notice of U.S. Fire's

1

characterization that the New York Action proceeding is "parallel" to the pending action in this Court. The description is U.S. Fire's opinion rather than a fact that is not reasonably subject to dispute. As explained in LensCrafters' Opposition to U.S. Fire's Motion To Dismiss, the New York Action is similar to this action, but not identical. U.S. Fire has chosen to sue different parties, including some that do not belong in the case and omitting one necessary insurer. Additionally, the New York Action does not include breach of contract and bad faith claims, which LensCrafters has sought leave to add in this action. In any event, the similarity of the New York Action and this action is one of the issues that the Court must decide in order to resolve U.S. Fire's Motion To Dismiss. Again, LensCrafters does not oppose the request to judicially notice that the New York complaint was filed, but to the extent U.S. Fire is seeking judicial notice of disputed facts or their assertion about the characterization of the New York Action, its request for judicial notice should be denied.

August 28, 2007							Respectfully submitted,

								HELLER EHRMAN LLP


								By /s/ Richard DeNatale
								        RICHARD DENATALE

								Attorneys for Plaintiffs
								LENSCRAFTERS, INC. and EYEXAM OF
								CALIFORNIA, INC.