RICHARD DeNATALE (California Bar No. 121416)
CELIA M. JACKSON (California Bar No. 124508)
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268
Email: richard.denatale@hellerehrman.com
Email: celia.jackson@hellerehrman.com

Attorneys for Plaintiffs
LENSCRAFTERS, INC. and
EYEXAM OF CALIFORNIA, INC.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENSCRAFTERS, INC. and EYEXAM OF CALIFORNIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY and WESTCHESTER FIRE INSURANCE COMPANY, <br><br> Defendants, <br><br> AND RELATED COUNTER- AND CROSS-CLAIMS. | Case No.: C-07-2853 SBA <br><br> **DECLARATION OF CELIA M. JACKSON IN OPPOSITION TO UNITED STATES FIRE INSURANCE COMPANY'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY ACTION** <br><br> Hearing Date:  September 18, 2007 <br> Time:  1:00 p.m. <br> Courtroom:  3 <br> The Hon. Saundra Brown Armstrong |

---

DECLARATION OF CELIA M. JACKSON IN OPPOSITION TO U.S. FIRE'S MOTION TO DISMISS, CASE NO. C 07-2853 SBA

I, Celia M. Jackson, declare:

1. I am an attorney in the law firm of Heller Ehrman LLP, counsel of record for Plaintiffs LensCrafters, Inc. and EYEXAM of California, Inc. (together, "LensCrafters") in this action. I have personal knowledge of the matters stated in this declaration, and if I were asked to testify regarding these matters, I could competently do so.

**The 2004 California Action Regarding Coverage in *Snow***

2. This action is related to an earlier coverage action filed by two of the same plaintiffs. On June 15, 2007, the Court found that this action was "related" to an earlier case filed by LensCrafters, Inc., EyeMed Vision Care, LLC and EYEXAM of California, Inc. in this Court. A true and correct copy of the Court's order is attached to this Declaration as Exhibit 1. The earlier case—*LensCrafters, Inc., et al. v. Liberty Mutual Fire Ins. Co., et al.,* Case No. C-04-01001 SBA (hereafter, the "2004 California Action."), filed in March 2004—like this case, involved coverage issues related to a class action lawsuit entitled *Melvin Gene Snow, et al. v. LensCrafters, Inc., et al.,* San Francisco Superior Court, Case No. CGC-02-40554 (the "*Snow* Action"). Defendant United States Fire Insurance Company ("U.S. Fire") filed objections to LensCrafters' request that the pending action be deemed to be related to the 2004 California Action.

3. Heller Ehrman LLP was also counsel of record in the 2004 California Action. I was one of the attorneys of record for the 2004 California Action and worked personally on that case; I therefore have personal knowledge of the issues involved in that action, the pleadings that were filed in that action, and the events that took place in that action.

4. The 2004 California Action was initially filed only against Liberty Mutual Fire Insurance Company ("Liberty"), but was later amended to add Executive Risk Specialty Insurance Company ("ERSIC") as a defendant. The 2004 California Action involved the duty of Liberty and ERSIC to defend and indemnify LensCrafters with respect to the *Snow* Action. Liberty had issued primary commercial general liability insurance to LensCrafters, and ERSIC had issued a Managed Care Errors and Omissions Liability Policy to LensCrafters. The ERSIC policy provided primary insurance coverage to LensCrafters, although as explained below, the Court in the 2004 California Action ultimately found that as between the liability coverage and the errors and omissions

1

coverage, the ERSIC coverage was excess to the Liberty coverage.  LensCrafters did not include as defendants in the 2004 California Action LensCrafters excess' insurers—U.S. Fire, Markel American Insurance Company ("Markel") and Westchester Fire Insurance Company ("Westchester")—because it did not appear that any claims against those insurers were ripe for adjudication.

5. The complaint and amended complaint in the 2004 California Action alleged claims for declaratory relief and breach of contract regarding the duty to defend, and also alleged claims for declaratory relief regarding the duty to indemnify.  A true and correct copy of the First Amended Complaint for Declaratory Relief and Breach of Contract filed in the 2004 California Action is attached as Exhibit 2 to this Declaration.

6. The parties conducted the following written and document discovery in the 2004 California Action:  three sets of requests for admission, four sets of interrogatories, and five sets of requests for production of documents.  Approximately 11,000 pages of documents were produced.  Included in the document production were claims and underwriting files produced by Liberty and ERSIC, documents submitted by LensCrafters to its brokers, notice correspondence and broker documents.  In addition, the parties served fourteen notices of depositions.  The depositions that were taken included, among others:  Eli Moraweic (who had worked for LensCrafters' insurance broker); Ken Pagliughi (who was designated to testify on behalf of LensCrafters' insurance broker), BWD Group, Inc. (pursuant to F.R.C.P. 30(b)(6)); Gregory Muntel (then, Senior Director, Risk Management and Insurance, for LensCrafters, who testified in his individual capacity and pursuant to F.R.C.P 30(b)(6)); Judy Vaccaro (who was designated to testify on issues specifically related to EyeMed Vision Care, LLC); and Michael Carlson, Esq. (who at the time was an attorney at Morrison & Foerster LLP, defense counsel for LensCrafters in the *Snow* Action).  Liberty and/or ERSIC took additional depositions that did not involve LensCrafters and that LensCrafters did not attend.  The discovery produced by and to LensCrafters in the 2004 California Action is located at the offices of Heller Ehrman LLP in San Francisco.  I believe that some of this discovery may be relevant to the issues in this action and therefore would be produced from San Francisco.

7. The Court in the 2004 California Action issued two significant rulings on three sets

2

DECLARATION OF CELIA M. JACKSON IN OPPOSITION TO U.S. FIRE'S MOTION TO DISMISS, CASE NO. CV 07-2853 SBA

of cross motions for summary judgment. In the first ruling, dated January 20, 2005, the Court found that both Liberty and ERSIC had a duty to defend LensCrafters in the *Snow* Action. A copy of the Court's Order was attached to the Declaration of Amy Rose ("Rose Dec."), submitted with United States Fire Insurance Company's moving papers as Exhibit J.

8. In the second summary judgment ruling, issued on October 6, 2005, the California Court found that the ERSIC policy is excess to the Liberty policy and therefore, ERSIC has no duty to defend or indemnify Liberty until the Liberty policies are exhausted. A copy of the Court's Order was attached to the Rose Dec. as Exhibit L. I personally sent a copy of the Court's Order to the U.S. Fire claims handler, Margaret Morey, on November 11, 2005. A true and correct copy of my letter to Ms. Morey is attached to this Declaration as Exhibit 3.

9. The Court entered judgments in the 2004 California Action in November 2005 based on its rulings on the summary judgment decisions. Liberty has appealed from those judgments; the appeal is currently pending in the Ninth Circuit.

10. As described above, the rulings of the Court in the 2004 California Action resolved only the duty to defend. At a Case Management Conference in the 2004 California Action, the Court stated that the indemnity claims would not be ripe for adjudication because the *Snow* Action was still pending. When the Court made that statement, there was no proposed settlement of the *Snow* Action for which LensCrafters was seeking approval and funding by its insurers (as discussed below). As a result of the Court's indication that it would not, at that time, entertain the indemnity claims, the parties stipulated and the Court ordered the dismissal of those claims. A true and correct copy of the Court's June 21, 2005 Order is attached to this Declaration as Exhibit 4.

**Developments in the *Snow* Action**

11. We have kept all of LensCrafters' insurers—including U.S. Fire, Markel and Westchester—informed of developments in the *Snow* Action. On January 11, 2006 and January 10, 2007, we invited representatives of Liberty, ERSIC, U.S. Fire, Markel and Westchester, and their counsel, to attend meetings at our offices in San Francisco to discuss the progress in the *Snow* Action and the prospects for settlement. Counsel for U.S. Fire attended both these meetings. A similar meeting was held on April 26, 2007, before the April 27 mediation, discussed below.

3

Counsel for U.S. Fire also attended this meeting.

12. Earlier this year, the indemnity issues concerning coverage for the *Snow* case ripened into a controversy among LensCrafters and both its primary and excess insurers. At that time, the parties in the *Snow* Action began serious settlement discussions. As coverage counsel for LensCrafters, I was aware of those discussions and participated in three mediation sessions related to settlement of the *Snow* case. On April 27, 2007, the parties in *Snow*—along with Liberty, U.S. Fire, and the other insurers—attended a mediation in San Francisco at which significant progress was made towards settlement. Negotiations continued following this mediation session, and LensCrafters kept the insurers apprised of developments.

13. In June, LensCrafters reached a settlement in principle with the *Snow* plaintiffs, contingent on approval and funding of the indemnity obligation by the insurers. LensCrafters asked the insurers to approve the settlement, which was reasonable in terms of LensCrafters' potential exposure in the *Snow* Action and was within the limits of the insurers' policies. A further mediation session was scheduled for July 26, 2007 to try to finalize the settlement. California Superior Court Judge Richard Kramer, who is handling the *Snow* Action, issued an order on May 9, 2007 requiring LensCrafters' insurers to attend the next mediation session. A true and correct copy of a letter I sent to insurers' counsel on May 10, 2007 that enclosed a copy of Judge Kramer's Order is attached as Exhibit 5.

14. Shortly after receiving the Order, U.S. Fire filed its New York Action (discussed below). Although U.S. Fire had attended the first two mediation sessions in San Francisco, on November 28, 2005 and April 27, 2007, and three other meetings (described in paragraph 11), it refused to attend the last session, on July 26, 2007, claiming the New York suit as grounds for refusing to attend. A true and correct copy of a letter from Amy Rose, Esq., U.S. Fire's counsel, sent to me on June 1, 2007 (without attachments) is attached as Exhibit 6. The July mediation did not succeed in fully concluding the proposed *Snow* settlement.

**The 2007 California Coverage Action**

15. On May 31, 2007, as a result of the dispute over the insurers' obligation to settle and pay indemnity for the *Snow* Action, LensCrafters, Inc. and EYEXAM of California, Inc., filed

4

*LensCrafters, Inc., et al. v. Liberty Mutual Fire Ins. Co., et al.,* Case No. C-07-02853 SBA (the "2007 California Action") to resolve these issues. LensCrafters had no choice but to file the action in the District Court for the Northern District of California because the stipulation and order in the 2004 California Action required that a subsequent suit over indemnity issues for the *Snow* Action be filed in that court. As noted earlier, over the objections of U.S. Fire, the Northern District determined that the 2007 case was related to the 2004 case. This action includes all insurers, and all policies for the period February 1, 1998 to February 1, 2006, from which LensCrafters currently seeks contributions to fund a settlement in *Snow*.

16. LensCrafters, Inc. and EYEXAM of California, Inc. are the only two plaintiffs in the 2007 California Action because they are the only entities that are currently defendants in *Snow*, as described in the Declaration of Lori A. Schechter submitted in opposition to U.S. Fire's motion. Thus, they are the only two insureds of U.S. Fire and the other insurance companies that face potential liability for, and are seeking coverage for, *Snow*.

17. The complaint in the 2007 California Action presently states only causes of action for declaratory relief because at the time it was filed, the insurers were not yet in breach of their contracts, so breach of contract claims would have been premature. That was not the case after the insurers refused to accept and fund the settlement in late July. Thus, on August 6, 2007, LensCrafters filed a motion for leave to file an amended complaint in the 2007 California Action to add claims for breach of contract against all defendants and breach of the covenant of good faith and fair dealing against U.S. Fire, Westchester and Markel. A hearing on that motion is scheduled for October 2, 2007. The proposed amended complaint adds no additional insurance policies or defendants.

**U.S. Fire's New York Coverage Action**

18. On May 13, U.S. Fire filed a complaint against LensCrafters, Inc. and EYEXAM of California, Inc. as well as other entities that are not defendants in the *Snow* Action, but which are insureds under the policies at issue. *See* Schechter Dec., ¶¶ 4-7. A copy of U.S. Fire's complaint is attached to U.S. Fire's Request for Judicial Notice (to which LensCrafters has objected). U.S. Fire has not named ERSIC as a defendant.

5

19. Heller Ehrman LLP is counsel of record for defendants Luxottica U.S. Holdings Corp., The United States Shoe Corporation, LensCrafters, Inc., EyeMed Vision Care, LLC and EYEXAM of California, Inc., f/k/a EyeMed, Inc. in the New York case filed by U.S. Fire (the "New York Action"). I have been admitted *pro hac vice* to the New York court with respect to that case. There has been no substantive activity in the New York Action, aside from the filing of certain Answers and Cross-Complaints. No discovery has been taken, or even scheduled.

20. The New York Action was assigned to the Commercial Department, where it is assigned to a single judge for all purposes. LensCrafters had requested that the case, because of its complexity, be assigned to the Commercial Department; U.S. Fire opposed that request. In its Statement in Reply to Opposition of Assignment to Commercial Division, LensCrafters stated that it intended to file claims for breach of contract and possibly other claims against the insurers. A true and correct copy of LensCrafters' Reply is attached to this Declaration as Exhibit 7.

21. Contrary to what U.S. Fire has alleged in the New York Action, the following facts have been established by virtue of admissions made in LensCrafters' Answers to the counter-claims asserted by Westchester and Markel in the 2007 California Action: LensCrafters, Inc. is an Ohio corporation with its principal place of business in Ohio. As stated in the Declaration of Eliot Grossman, O.D., submitted in opposition to this motion, EYEXAM of California, Inc. is a California corporation with its principal place of business in California; EYEXAM has never conducted business in New York.

22. On August 29, 2007, in accordance with a briefing schedule set by the New York Court assigned to hear U.S. Fire's suit, Luxottica will file a motion to dismiss the New York Action on grounds of misjoinder and lack of justiciable claims or controversy; EYEXAM of California, Inc. will also move to challenge the New York court's jurisdiction. The motion is scheduled to be heard on October 29, 2007.

23. LensCrafters is not the only defendant in the New York Action to object to having indemnity issues related to *Snow* heard in New York; Westchester, a New York corporation, and Liberty have asserted as affirmative defenses to the New York Action that New York is not a proper forum. Attached to this Declaration as Exhibit 8 is a true and correct copy of Westchester's

1  Answer to U.S. Fire's Complaint filed in the New York action. In Westchester's Twelfth
2  Affirmative Defense, Westchester states: "The venue in New York is improper and/or constitutes
3  forum non convienens." Attached to this Declaration as Exhibit 9 is a true and correct copy of
4  Defendant Liberty Mutual Fire Insurance Company's Answer to Complaint, filed by Liberty in the
5  New York action. In its Sixth Affirmative Defense, Liberty states: "Defendant Liberty Mutual is a
6  party to two other action in California [the 2004 and 2007 California Actions] involving the same
7  or similar issues with respect to the duties of Liberty Mutual to defend and/or indemnify the
8  Underlying [*Snow*] Action, and on that basis, this action should be dismissed or, in the alternative,
9  stayed until the resolution of those other pending actions."

**Facts Related to Insurers**

24.    Over the past several years, I have communicated with claims handlers for U.S. Fire, Markel, Liberty, ERSIC and Westchester. According to correspondence received from these individuals and, in some cases conversations I have had with them, U.S. Fire's claims handler is located in New Jersey; Markel's claims handler is also located in New Jersey, Liberty's claims handler is located in New Hampshire; ERSIC's claims handler is located in Connecticut; and Westchester's claims handler is located in Georgia.

25.    The insurers that issued the policies at issue are located in several states. According to U.S. Fire's complaint in the New York Action, U.S. Fire is incorporated in Delaware and has its principal place of business in New Jersey. According to the Answer filed by Markel in the 2007 California Action, Markel is a Virginia corporation and has its principal place of business in Wisconsin; according to the Answer filed by Westchester in the 2007 California Action, Westchester is a New York corporation and has its principal place of business in Philadelphia. In Liberty's and ERSIC's Answers in the 2004 California Action (and in Liberty's Answer to U.S. Fire's complaint in the New York Action (*see* ¶ 22 above), Liberty admitted that it is a Massachusetts corporation with its principal place of business in Massachusetts and ERSIC admitted that it is a Connecticut corporation. In response to discovery requests in the 2004 California Action, ERSIC admitted that the policy it issued to LensCrafters that was at issue in the 2004 California Action and is at issue in the 2007 California Action was underwritten in

7

1 | Connecticut.
2 | I declare under penalty of perjury that the foregoing is true and correct.
3 | Executed this 28th day of August, 2007 in San Francisco, California.

                                                           */s/ Celia M. Jackson*
                                                             Celia M. Jackson

DECLARATION OF CELIA M. JACKSON IN OPPOSITION TO U.S. FIRE'S MOTION TO DISMISS, CASE NO. CV 07-2853 SBA