# EXHIBIT 3

# HellerEhrman LLP

November 11, 2005

Celia M. Jackson
celia.jackson@hellerehrman.com
Direct +1.415.772.6809
Direct Fax +1.415.772.1794
Main +1.415.772.6000
Fax +1.415.772.6268

40256.0001

*Via Federal Express*

Ms. Margaret Morey
Umbrella Claims Manager
Crum & Forster
305 Madison Avenue
P.O. Box 1973
Morristown, NJ  07962-1973

Re:    **Insured:**    **Luxottica U.S. Holding Corporation, et al.**
      **Claim:**    ***Snow, et al. v. LensCrafters, et al.,***
                **San Francisco Superior Court Case No. CGC-02-4-5544**
      **Policy:**    **Crum & Forster Insurance Company, Policy Nos. 553-058755-2;**
                **553-058740-7; 553-076092-8**

Dear Ms. Morey:

This firm represents Luxottica U.S. Holding Corporation ("Luxottica") and related entities with respect to insurance coverage issues arising from the *Snow* action, which was previously tendered to you.  We understand that you have recently spoken with Greg Muntel, Senior Director, Risk Management & Insurance regarding some of these issues, and that Mr. Muntel indicated that we would be contacting you.

The purpose of this letter is to provide you with information concerning the mediation of the *Snow* action, which is scheduled for November 28, 2005 at 9:30 a.m. at JAMS, Two Embarcadero Center, Suite 1100, San Francisco.  The mediator will be Hon. William J. Cahill (Ret.), a well-regarded former judge of the San Francisco Superior Court.  We view this mediation as a significant opportunity to try to achieve a reasonable settlement of the *Snow* case.  Given that it is possible that a settlement could exceed the limits of Luxottica's primary insurance, we request that a representative of Crum & Forster with settlement authority either attend the mediation or be available by telephone.

Luxottica is being defended in the *Snow* litigation by its primary general liability insurer, Liberty Mutual Fire Insurance Company, which issued six policies between the time period February 1, 1988 and February 1, 2004.  Liberty's obligation to defend Luxottica in the *Snow* action has been the subject of a separate lawsuit entitled *LensCrafters, Inc., et al. v.*

---

HellerEhrman LLP

*Liberty Mutual Fire Ins. Co.,* Northern District of California, Case No. C 04-1001 SBA. In January 2005, the Court in that case held that Liberty, and another insurer, Executive Risk Specialty Insurance Company ("ERSIC"), both had a duty to defend Luxottica with respect to the *Snow* action. ERSIC issued a Managed Care Organization Errors and Omissions Liability Policy to various Luxottica-related entities for the period November 12, 2001 to November 12, 2002. In a subsequent order dated October 2005, the Court found that the ERSIC policy was excess to the Liberty policies. We enclose copies of these two rulings, which explain the coverage issues in some detail.

Both Liberty and ERSIC will be represented at the mediation by counsel and a representative will be available by telephone. We ask that you confirm with us by November 15 that a representative of Crum & Forster with participate in the mediation.

I also suggest that you have your coverage counsel contact me so that we may further discuss these issues. Thank you for your attention to these matters.

Very truly yours,

Celia M. Jackson

Enclosures

cc:    Gregory J. Muntel (w/o enc.)

# EXHIBIT 4

1  RICHARD DeNATALE (Bar No. 121416)
   CELIA M. JACKSON (Bar No. 124508)
2  HELLER EHRMAN LLP
3  333 Bush Street
   San Francisco, CA  94104-2878
4  Telephone: (415) 772-6000
   Facsimile: (415) 772-6268
5  Email:  celia.jackson@hellerehrman.com

6

7  Attorneys for Plaintiffs
8  LENSCRAFTERS, INC., EYEXAM OF
   CALIFORNIA, INC., and EYEMED VISION CARE, LLC

9

10               IN THE UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12  LENSCRAFTERS, INC.; EYEXAM OF          Case No.:  CV-04-01001 SBA
    CALIFORNIA, INC.; and EYEMED VISION
13  CARE, LLC,                             **STIPULATION AND [PROPOSED]
                                           ORDER DISMISSING PLAINTIFFS'
14                                         SECOND AND THIRD CLAIMS FOR
                        Plaintiffs,        RELIEF**
15
16          v.
17  LIBERTY MUTUAL FIRE INSURANCE
    COMPANY and EXECUTIVE RISK SPECIALTY
18  INSURANCE COMPANY,
19                      Defendants,
20
21  _____
22  AND RELATED COUNTER- AND CROSS-
    CLAIMS.
23
24
25
26
27
28

STIPULATION AND [PROPOSED] ORDER DISMISSING PLAINTIFFS' SECOND AND THIRD CLAIMS FOR
RELIEF, CASE NO. CV 04-01001 SBA

1   The parties to this action hereby stipulate to the following matters and request the Court to

2   enter an Order with respect to those matters:

3   1.   Plaintiffs LensCrafters, Inc., EYEXAM of California, Inc. and EyeMed Vision Care,

4   LLC (collectively, "Plaintiffs") hereby dismiss *without prejudice* the Second and Third Claims for

5   Relief in their First Amended Complaint for Declaratory Relief and Breach of Contract (the

6   "Dismissed Claims") on grounds that these claims are not ripe for adjudication at this time.

7   2.   Any party to this Stipulation may file a new action to adjudicate the Dismissed

8   Claims, or either of them, but such litigation shall be brought exclusively in the Federal District

9   Court for the Northern District of California only, and the Parties consent to exclusive

10  jurisdiction and venue only in that Court.

11  3.   Plaintiffs' reassertion of the Third Claim for Relief as against defendant Liberty

12  Mutual Fire Insurance Company ("Liberty") shall be subject to paragraph 8 of Plaintiffs' and

13  Liberty's Defense Settlement Agreement.

14  4.   If Plaintiffs file litigation to adjudicate the Dismissed Claims, or either of them,

15  neither Liberty nor defendant Executive Risk Specialty Insurance Company shall assert *res judicata*

16  (claim preclusion) as a defense to such litigation based on grounds that the Dismissed Claims were

17  previously asserted or could have been asserted in this litigation.

18  5.   The dismissal of claims pursuant to this Stipulation is not intended to affect any

19  claims that defendants have asserted against one another in this litigation or which may be asserted

20  against one another in this litigation.

21  SO STIPULATED.

22  DATED: June 16, 2005          HELLER EHRMAN LLP

23

24                              By _____

25                                  Celia M. Jackson

26                              Attorneys for Plaintiffs
                                LENSCRAFTERS, INC., EYEXAM OF CALIFORNIA,
27                              INC., AND EYEMED VISION CARE, LLC

28

1

1  DATED: June __, 2005          WILLOUGHBY, STUART & BENING

2

3                               By _____

4                                    Hee Young Lee

5                               Attorneys for Defendant and Cross-Claimant
                                LIBERTY MUTUAL FIRE INSURANCE COMPANY
6

7  DATED: June 15, 2005          ROSS, DIXON & BELL, LLP

8

9                               By _____

10                                   Terrence R. McInnis

11                              Attorneys for Defendant, Counter- and Cross-Claimant
                                EXECUTIVE RISK SPECIALTY INSURANCE
12                              COMPANY

13  IT IS SO ORDERED.

14

15  DATED: _____

16                                   _____
                                     SAUNDRA BROWN ARMSTRONG
17                                   UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

                                    2

STIPULATION AND [PROPOSED] ORDER DISMISSING PLAINTIFFS' SECOND AND THIRD CLAIMS FOR
RELIEF, CASE NO. CV 04-01001 SBA

1    DATED: June 16, 2005            WILLOUGHBY, STUART & BENING

2

3                                   By _____

4                                       Hee Young Lee

5                                   Attorneys for Defendant and Cross-Claimant
                                    LIBERTY MUTUAL FIRE INSURANCE COMPANY
6

7    DATED: June __, 2005           ROSS, DIXON & BELL, LLP

8

9                                   By _____

10                                      Terrence R. McInnis

11                                  Attorneys for Defendant, Counter- and Cross-Claimant
                                    EXECUTIVE RISK SPECIALTY INSURANCE
12                                  COMPANY

13   IT IS SO ORDERED.

14

15   DATED: _6-21-05_____            /s/ Saundra Brown Armstrong

16                                     SAUNDRA BROWN ARMSTRONG
                                       UNITED STATES DISTRICT JUDGE
17

18

19

20

21

22

23

24

25

26

27

28

                                       2

STIPULATION AND [PROPOSED] ORDER DISMISSING PLAINTIFFS' SECOND AND THIRD CLAIMS FOR
RELIEF, CASE NO. CV 04-01001 SBA

# EXHIBIT 5

# HellerEhrman LLP

May 10, 2007

Celia M. Jackson
celia.jackson@hellerehrman.com
Direct +1.415.772.6809
Main +1.415.772.6000
Fax +1.415.772.6268

40256.0001

Alex F. Stuart, Esq.
Willoughby, Stuart & Bening
Fairmont Plaza
50 West San Fernando, Suite 400
San Jose, CA 95113

Marta B. Arriandiaga, Esq.
Ropers Majeski Kohn Bentley
515 So. Flower St., Suite 1100
Los Angeles, CA 90071

Amy E. Rose, Esq.
Squire, Sanders & Dempsey L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

Gary R. Venezia
Claims Account Specialist - Excess and
Umbrella Dept.
Investors Underwriting Managers
310 Highway 35 South
Red Bank, NJ 07701

Dianne Herrera
ACE Westchester
500 Colonial Center Parkway, Suite 200
Roswell, GA 30076

Terrence R. McInnis, Esq.
Ross, Dixon & Bell, LLP
5 Park Plaza, Suite 1200
Irvine, CA 92614

Robert D. Dennison, Esq.
Harris, Green & Dennison
5959 W. Century Blvd., Suite 1100
Los Angeles, CA 90045

Todd A. Roberts, Esq.
Ropers Majeski Kohn Bentley
1001 Marshall Street
Redwood City, CA 94063

Gregory M. Rovnak
Special Examiner, Specialty Claims Unit
Liberty Mutual
Mail Stop 02B
100 Liberty Way
Dover, NH 03820-5808

Re:   ***Snow, et al. v. LensCrafters, et al.***

Ladies and Gentlemen:

Enclosed please find a copy of the Order Compelling Defendants' Insurers To Attend
Mediation, which was signed by Judge Kramer on May 9, 2007.

HellerEhrman LLP

Please do not hesitate to contact me if you have any questions.

Very truly yours,

Celia M. Jackson

Enclosure

cc:    Richard DeNatale, Esq.

1  LORI A. SCHECHTER (BAR NO. 139728)
   LSchechter@mofo.com
2  ROGER E. COLLANTON (BAR NO. 178831)
   RCollanton@mofo.com
3  ELISABETH S. TRAUGOTT (BAR NO. 215931)
   ETraugott@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California  94105-2482
   Telephone: 415.268.7000
6  Facsimile: 415.268.7522

7  Attorneys for Defendants

8

```
F I L E D
San Francisco County Superior Court

MAY - 9 2007

GORDON PARK-LI, Clerk
BY: _____
                Deputy Clerk
```

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10           COUNTY OF SAN FRANCISCO — UNLIMITED JURISDICTION

11

12  MELVIN GENE SNOW, individually and on          No.    CGC-02-405544
    behalf of all others similarly situated; SABRINA
13  HUGHES, individually and on behalf of all others   [PROPOSED] ORDER
    similarly situated,                             COMPELLING DEFENDANTS'
14                                                  INSURERS TO ATTEND
                            Plaintiffs,             MEDIATION
15
            v.                                      Dept.:      304
16                                                  Judge:      Hon. Richard. A Kramer
    LENSCRAFTERS, INC., et al.,                     Complaint Filed:  March 12, 2002
17                                                  Trial Date:   None Set
                            Defendants.
18

19

20

21

22

23

24

25

26

27

28

sf-2315205

1    The Court has been informed that a settlement negotiation took place between Defendants

2    LensCrafters, Inc., and EYEXAM of California, Inc. ("Defendants") and Plaintiffs Melvin Gene

3    Snow and Sabrina Hughes ("Plaintiffs") on April 27, 2007 before the Honorable Edward A. Infante

4    (Ret.) of JAMS and that Defendants' insurers were present at that mediation.  In order to facilitate

5    further negotiations, all of Defendants' insurers who were present at the April 27, 2007 mediation are

6    hereby ORDERED to appear in person at a subsequent mediation before Judge Infante at a date and

7    time to be determined.  The representatives of Defendants' insurers who attend the subsequent

8    mediation shall have full settlement authority.

9    **IT IS SO ORDERED**.

10

11    Dated: _____5\9_____, 2007

12

13                                                    The Honorable Richard A. Kramer
                                                      Judge of the Superior Court

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

sf-2315205                                1

# EXHIBIT 6

SQUIRE, SANDERS & DEMPSEY L.L.P.

One Maritime Plaza, Suite 300
San Francisco, California 94111-3492

Office: +1.415.954.0200
Fax: +1.415.393.9887



LEGAL
COUNSEL
WORLDWIDE

Direct: +1.415.393.9878
arose@ssd.com

June 1, 2007

**VIA FACSIMILE
AND U.S. MAIL**

Celia Jackson, Esq.
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104-2878
Tel: +1.415.772.6000
Fax: +1.415.772.6268

Re:    *Snow, et al. v. LensCrafters, et al.*

Dear Celia:

    I write in response to your May 4, 7 and 10 letters regarding LensCrafters' proposed insurer-only mediation before Judge Infante. As you may already be aware, U.S. Fire Insurance Company commenced a declaratory relief action against LensCrafters (and various related entities), Liberty Mutual Insurance Company, Westchester Insurance Company and Markel Insurance Company in New York state court last week. Because the U.S. Fire policies were negotiated and issued to LensCrafters in New York and are governed by New York law, New York is the appropriate venue for resolution of the parties' coverage dispute. I enclose a copy of the file-endorsed complaint for your convenience.

    Accordingly, while U.S. Fire certainly remains amenable to continue efforts to mediate the coverage dispute, New York -- not San Francisco -- is the appropriate venue for any mediation sessions related to the coverage issues raised in U.S. Fire's declaratory relief action. Further, in light of the fact that Judge Infante negotiated the settlement in principle with the *Snow* plaintiffs, U.S. Fire does not believe that he is an appropriate neutral for the insurer-only mediations in any event. We would instead recommend that the parties use a New York-based mediator that is not already invested in the settlement of the underlying action.

CINCINNATI · CLEVELAND · COLUMBUS · HOUSTON · LOS ANGELES · MIAMI · NEW YORK · PALO ALTO · PHOENIX · SAN FRANCISCO · TALLAHASSEE · TAMPA · TYSONS CORNER
WASHINGTON DC · WEST PALM BEACH | CARACAS · RIO DE JANEIRO · SANTO DOMINGO | BRATISLAVA · BRUSSELS · BUDAPEST · FRANKFURT · LONDON · MOSCOW
PRAGUE · WARSAW | BEIJING · HONG KONG · SHANGHAI · TOKYO | ASSOCIATED OFFICES: BUCHAREST · BUENOS AIRES · DUBLIN · KYIV · MILAN · SANTIAGO
www.ssd.com

Celia Jackson, Esq.                                        SQUIRE, SANDERS & DEMPSEY L.L.P.
Page 2

Please do not hesitate to contact me if you have any questions.

Yours very truly,

Amy E. Rose

Enclosure (by mail only)

cc:    Richard DeNatale, Esq.
       Attached Service List

## SERVICE LIST

Richard DeNatale, Esq.
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone:     (415) 772-6000
Facsimile:     (415) 772-6268

Alex F. Stuart, Esq.
Willoughby, Stuart & Bening
Fairmont Plaza
50 West San Fernando, Suite 400
San Jose, CA 95113
Telephone:     (408) 289-1972
Facsimile:     (408) 295-6375

Robert D. Dennison, Esq.
Harris, Green & Dennison
5959 W. Century Blvd., Suite 1100
Los Angeles, CA 90045
Telephone:     (310) 665-8656
Facsimile:     (310) 665-8659

Todd A. Roberts, Esq.
Ropers Majeski Kohn Bentley
1001 Marshall Street
Redwood City, CA 94063
Telephone:     (650) 364-8200
Facsimile:     (650) 780-1701

Terrence R. McInnis, Esq.
Ross, Dixon & Bell, LLP
5 Park Plaza, Suite 1200
Irvine, CA 92614
Telephone:     (949) 622-2700
Facsimile:     (949) 622-2739

# EXHIBIT 7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

UNITED STATES FIRE INSURANCE
COMPANY,

     Plaintiff,

 -against-

LUXOTTICA U.S. HOLDINGS CORP.,
LUXOTTICA GROUP S.p.A., UNITED STATES
SHORE CORPORATION, LENSCRAFTERS,
INC., EYEMED, INC., EYEMED VISION CARE
LLC, EYEXAM 2000, LIBERTY MUTUAL
FIRE INSURANCE COMPANY, MARKEL
AMERICAN INSURANCE COMPANY,
WESTCHESTER FIRE INSURANCE
COMPANY,

     Defendants.

---



Index No. 107338/07

RECEIVED

JUN 2 6 2007

PART 60

**STATEMENT IN REPLY
TO OPPOSITION OF
ASSIGNMENT TO
COMMERCIAL DIVISION**

   LISA M. CIRANDO, ESQ., an attorney duly admitted to practice law before the Courts of the State of New York, associated with the law firm of Heller Ehrman LLP, counsel for Defendants, Luxottica U.S. Holdings Corp., United States Shoe Corporation, and LensCrafters, Inc. (hereinafter collectively referred to as "LensCrafters"), submits this Statement in Reply to the Statement in Opposition of Assignment to the Commercial Division ("Opp. Stmt."), filed by John P. DeFilippis, counsel for Plaintiff, United States Fire Insurance Company ("U.S. Fire"), and in further support of my Statement in Support of Assignment to the Commercial Division, pursuant to Section 202.70(d)(2) of the Uniform Rules for the Trial Courts, dated June 8, 2007.

   (1) In its Opposition, U.S. Fire asserts that this lawsuit is not appropriate for assignment to the Commercial Division because it does not conform to the requirements of Section 202.70 of the Uniform Rules for Trial Courts. For the reasons set forth below, each of U.S. Fire's arguments fails.

(2)    This is a massively complex insurance dispute involving multiple policyholders, at least four primary and excess insurers, and no fewer than sixteen insurance policies that provided some $200 million in coverage. The complaint presents complicated issues of insurance coverage, policy interpretation, and allocation among multiple insurance policies at different layers. The central issues are, in short, (1) whether the insurance companies must provide indemnity coverage for LensCrafters' alleged liability in a putative class action lawsuit pending in California Superior Court, entitled *Melvin Gene Snow, et al. v. LensCrafters, Inc., et al.*, San Francisco Superior Court Case No. CGC-02-40554 (the "*Snow* Action"); and (2) how should indemnity payments be allocated among the various insurers. The insurers have asserted a host of coverage defenses and taken conflicting positions on the allocation issues. U.S. Fire alone has raised nineteen coverage defenses in its complaint. *See, e.g.*, Complaint, filed May 24, 2007, ¶¶ 29-32, 43(a)-(s) (attached hereto as Exhibit A). While U.S. Fire has pled its complaint to include only declaratory relief claims, if this action proceeds in this Court, LensCrafters intends to file claims for breach of contract against the insurers and perhaps other claims as well.[1]

(3)    This case involves insurance coverage for the underlying *Snow* Action — which is itself an extremely complex litigation. It involves a putative class of over 1.5 million California claimants and alleges claims based on three California statutes. The plaintiffs are challenging business practices at more than 90 LensCrafters stores in California, and seek injunctive relief and damages in excess of $1 billion.

---

[1] Because insurance coverage litigation on related issues has been pending in California for several years, and there is currently a pending case in federal court in San Francisco on these same issues, LensCrafters intends to move to dismiss and/or stay this action based upon, at least, the following: C.P.L.R. 3211(4) (another action pending) and C.P.L.R. 327 (*forum non conveniens*).

(4)     Given the size and complexity of this case, assignment to the Commercial Division is proper and consistent with Section 202.70 of the Uniform Rules for Trial Courts.

(5)     In opposing assignment to the Commercial Division, U.S. Fire erroneously contends that the Court should ignore the issues involved in the *Snow* Action. Opp. Stmt., ¶ 5. But because U.S. Fire seeks a declaratory judgment that there is no insurance coverage for the *Snow* Action, the factual and legal issues litigated in *Snow* will be central to the resolution of this case. Coverage issues may turn on the interpretation of California statutes, and on the application of the facts developed in *Snow* to the language of the insurance policies.

(6)     The Court's assignment of this case to the Commercial Division was, contrary to U.S. Fire's argument, entirely consistent with Section 202.70 and relevant authorities interpreting those rules. In *Ace Fire Underwriters Ins. Co., v. ITT Industries, Inc.*, No. 600133/2006 (N.Y. Sup. Ct. Mar. 23, 2006) (Silbermann, J.), the court ruled that a declaratory judgment action regarding insurance coverage for underlying lawsuits asserting bodily injury from exposure to silica products — which involved thousands of claimants, tens of millions of dollars in potential damages, and multiple insurance carriers and policies — should be assigned to the Commercial Division. (Opinion attached as Exhibit B hereto). The Court noted that under Section 202.70(c)(2) cases "seeking a declaratory judgment as to insurance coverage for personal injury or property damage" are deemed non-commercial. Rejecting the same argument that U.S. Fire makes here, Justice Silbermann held that the rule "was intended to exclude from the Commercial Division the ***routine*** declaratory judgment action regarding insurance coverage concerning an action arising out of an auto accident, an accident at a construction site, property damage to a home or the like." *Id.* at 2 (emphasis added). Like the *Ace Fire* case, "[o]n the spectrum of declaratory judgment matters, this case is at the farthest possible remove from such

3

case: it is one of extraordinary dimension and clearly will present complicated issues." *Id.*
Moreover, U.S. Fire's suit does not even involve "personal injury" in the common sense meant
by the statute (*i.e.*, bodily injury); instead, the "personal injury" coverage at issue here is an
insurance term of art that includes alleged invasions of privacy rights and alleged disclosure of
confidential medical information of more than a million LensCrafters' customers.

(7)    Given the complex nature of this case and the underlying *Snow* Action, this case
fits within Section 202.70(b)(10), which expressly contemplates the assignment of
"[c]ommercial insurance coverage" disputes to the Commercial Division. As the Court in *Ace
Fire* stated, the "extraordinary scale and complexity of this case and the facts that it concerns
commercial insurance provided to major commercial enterprises nationwide" strongly weigh in
favor of assignment to the Commercial Division. *Ace Fire*, at 2. The same principle applies
here. While Section 202.70(b)(10) provides some examples (in parentheses) of commercial
insurance disputes, that list is not exhaustive, and the complex commercial insurance issues in
this case fit within that section. Indeed, Section 202.70(10) expressly mentions disputes over
"errors and omissions" policies. Here, one of LensCrafters' insurers — ERSIC — provided
errors and omissions insurance. Contrary to U.S. Fire's contention that it named in its complaint
all "known insurers" of LensCrafters (Opp. Stmt., ¶ 3), U.S. Fire neglected to name ERSIC,
which has been a party in the California insurance litigation, has participated alongside U.S. Fire
in mediation sessions in the *Snow* Action, and is potentially a necessary party to this action.

(8)    Finally, U.S. Fire ignores that the standards for assignment of cases to the
Commercial Division "should not be construed with the strictness that a court might apply to
contractual or statutory provisions affecting the substantive rights of parties." *Ace Fire*, at 2.

4

Consistent with the Uniform Rules for Trial Courts, this lawsuit is appropriate for assignment to the Commercial Division, and should not be reassigned.

**HELLER EHRMAN LLP**

Dated: New York, New York
       June 26, 2007

By:    Lisa M. Cirando, Esq.

7 Times Square
New York, New York 10036
(212) 832-8300

Attorneys for Defendants
Luxottica U.S. Holdings Corp., United States
Shoe Corporation, and LensCrafters, Inc.

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------X

UNITED STATES FIRE INSURANCE
COMPANY,

                  Plaintiff,

    -against-

LUXOTTICA U.S. HOLDINGS CORP.,
LUXOTTICA GROUP S.p.A., UNITED
STATES SHORE CORPORATION,
LENSCRAFTERS, INC., EYEMED, INC.,
EYEMED VISION CARE LLC, EYEXAM
2000, LIBERTY MUTUAL FIRE
INSURANCE COMPANY, MARKEL
AMERICAN INSURANCE COMPANY,
WESTCHESTER FIRE INSURANCE
COMPANY,

                 Defendants.
--------------------------------------------------------X

Index No. _07/07338_
Date Filed:
Plaintiff designates NEW YORK
COUNTY as the place of trial

**SUMMONS**

NEW YORK
COUNTY CLERK'S OFFICE

MAY 2 4 2007

NOT COMPARED
WITH COPY FILE

TO THE ABOVE NAMED DEFENDANTS:

       YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a

copy of your answer, or if the complaint is not served with this summons, to serve a notice of

appearance, on the Plaintiff's Attorneys within **20** days after the service of this summons,

exclusive of the day of service (or within 30 days after the service is complete if this summons is

not personally delivered to you within the State of new York); and in case of your failure to

appear or answer, judgment will be taken against you by default for the relief demanded in the

complaint.

Dated: New York, New York
      May 24, 2007

CARROLL, McNULTY & KULL L.L.C.

John P. DeFilippis
Attorneys for Plaintiff
570 Lexington Avenue – 10th Floor
New York, New York 10022
(212) 252-0004
(212) 252-0444 – Fax

**Defendants' Addresses:**

Luxottica U.S. Holdings Corp.
44 Harbour Park Drive
Port Washington, New York 11050

Luxottica Group S.p.A.
44 Harbour Park Drive
Port Washington, New York 11050

United States Shore Corporation
44 Harbour Park Drive
Port Washington, New York 11050

Lenscrafters, Inc.
44 Harbour Park Drive
Port Washington, New York 11050

Eyemed, Inc.
4000 Luxottica Place
Mason, Ohio 45040-8114

Eyemed Vision Care LLC
4000 Luxottica Place
Mason, Ohio 45040-8114

Eyexam 2000
4000 Luxottica Place
Mason, Ohio 45040-8114

Liberty Mutual Fire Insurance Company
175 Berkley Street
Boston, Massachusetts 02116

Markel American Insurance Company
4521 Highwoods Parkway
Glen Allen, Virginia 23060

Westchester Fire Insurance Company
1133 Avenue of the Americas
New York, New York 10036

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---

UNITED STATES FIRE INSURANCE
COMPANY,

    Plaintiff,

        v.

LUXOTTICA U.S. HOLDINGS CORP.,
LUXOTTICA GROUP S.p.A., THE
UNITED STATES SHOE
CORPORATION, LENSCRAFTERS, INC.,
EYEMED, INC., EYEMED VISION CARE
LLC, EYEXAM 2000, LIBERTY
MUTUAL FIRE INSURANCE
COMPANY, MARKEL AMERICAN
INSURANCE COMPANY,
WESTCHESTER FIRE INSURANCE
COMPANY

    Defendants.

---

Index Number:

**COMPLAINT**

Plaintiff, UNITED STATES FIRE INSURANCE COMPANY ("U.S. FIRE"), by its

attorneys, Carroll, McNulty & Kull L.L.C., as and for its Complaint for Declaratory Judgment

alleges as follows:

### INTRODUCTION

    1.    This is a declaratory judgment action brought pursuant to CPLR 3001. The

purpose of this action is to construe and determine the respective rights, legal obligations and

legal relations of the parties in this action as is set forth below.

    2.    U.S. Fire seeks to resolve the controversy at issue as to what obligations, if any, it

may have under certain insurance policies it issued.

### PARTIES, JURISDICTION AND VENUE

    3.    Plaintiff U.S. Fire is an insurance company organized under the laws of the State

of Delaware with a principal place of business in Morristown, New Jersey.

4.    U.S. Fire is and was, at all times relevant to this Complaint, duly authorized to transact business in the State of New York.  At the time of the issuance of the U.S. Fire Policies, U.S. Fire was an insurance company organized under the laws of the State of New York.

5.    Upon information and belief, Defendant Luxottica U.S. Holdings Corp. ("Luxottica Holdings") is a corporation organized under the laws of the State of Ohio with a principal place of business located at 44 Harbour Park Drive, Port Washington, New York.

6.    Upon information and belief, at all relevant times herein, Luxottica Holdings has done and continues to do business in the State of New York.

7.    Upon information and belief, Defendant Luxottica Group S.p.A. ("Luxottica Group") is a corporation organized under the laws of the State of Ohio with a principal place of business at 44 Harbour Park Drive, Port Washington, New York.

8.    Upon information and belief, at all relevant times herein, Luxottica Group has done and continues to do business in the State of New York.

9.    Upon information and belief, Defendant United States Shoe Corporation ("United States Shoe") is a corporation organized under the laws of the State of Ohio with a principal place of business at 44 Harbour Park Drive, Port Washington, New York.

10.    Upon information and belief, at all relevant times herein, United States Shoe has done and continues to do business in the State of New York.

11.    Upon information and belief, Defendant LensCrafters, Inc. ("LensCrafters") is a corporation organized under the laws of the State of Ohio with a principal place of business at 44 Harbour Park Drive, Port Washington, New York.

12.    Upon information and belief, at all relevant times herein, LensCrafters has done and continues to do business in the State of New York.

13.    Upon information and belief, Defendant EyeMed, Inc. ("EyeMed") is a corporation organized under the laws of the State of Delaware with a principal place of business at 4000 Luxottica Place, Mason, Ohio.

14.    Upon information and belief, at all relevant times herein, EyeMed has done and continues to do business in the State of New York.

15.    Upon information and belief, Defendant EyeMed Vision Care LLC ("EyeMed Vision Care") is a corporation organized under the laws of the State of Delaware with a principal place of business at 4000 Luxottica Place, Mason, Ohio.

16.    Upon information and belief, at all relevant times herein, EyeMed Vision Care has done and continues to do business in the State of New York.

17.    Upon information and belief, Defendant Eyexam 2000 is a corporation organized under the laws of the State of Delaware with a principal place of business at 4000 Luxottica Place, Mason, Ohio.

18.    Upon information and belief, at all relevant times herein, Eyexam 2000 has done and continues to do business in the State of New York.

19.    Upon information and belief, Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") is an insurance company organized under the laws of the State of Massachusetts with a principal place of business in Boston, Massachusetts

20.    Liberty Mutual is and was, at all times relevant herein, duly authorized to transact business in the State of New York, and has transacted and continues to transact business in the State of New York.

21.    Upon information and belief, Defendant Westchester Fire Insurance Company, Inc. ("Westchester") is an insurance company organized under the laws of the State of New York with a principal place of business in New York

22.    Westchester is and was, at all times relevant herein, duly authorized to transact business in the State of New York, and has transacted and continues to transact business in the State of New York.

23.    Upon information and belief, Defendant, Markel American Insurance Company ("Markel"), is an insurance company organized under the laws of the State of Virginia with a principal place of business in Wisconsin.

3

24.    Markel is and was, at all times relevant herein, duly authorized to transact business in the State of New York, and has transacted and continues to transact business in the State of New York.

25.    Upon information and belief, defendants Luxottica Holdings, Luxottica Group, United States Shoe, LensCrafters, EyeMed, Eyemed Vision Care, and Eyexam 2000 (collectively the "Snow Defendants"), have been sued in a lawsuit styled *Snow v. LensCrafters et al.*, which was filed in 2002 in the California Superior Court, County of San Francisco, Case number CGC-02-5544 (the "Underlying Action").

26.    Venue is proper in New York County pursuant to CPLR 503 because Plaintiff is a foreign corporation which designated New York County and/or one or more of the parties has a principal place of business in New York County and is deemed to have resided there and to have conducted its business from its location in New York County.

27.    This Court has personal jurisdiction over all parties pursuant to CPLR 301 and 302 because they transact and/or have transacted business in New York County.

<u>FACTUAL BACKGROUND</u>

1.    **The Underlying Action**

28.    The Underlying Action involves allegations of fraud and violations of various California statutes, including that State's Unfair Business Practices Act, Consumer Legal Remedies Act and Confidentiality of Medical Information Act. Plaintiffs' claims are based on the alleged improper sharing of patient information by optometrists and/or opticians working within various LensCrafter store locations with other LensCrafter personnel located in the same stores. Plaintiffs also claim that optometrists were improperly and unlawfully co-located in these LensCrafter locations. The Underlying Plaintiffs seek injunctive relief, statutory damages, compensatory damages and other relief.

2.    **The Relevant Insurance Policies**

29.    U.S. Fire issued the following Commercial Umbrella Liability Policies in New York:

4

| Policy Number | Policy Period | Limits |
|---|---|---|
| 553 058755 | 2/1/98-2/1/99 | $25 Million per occurrence/aggregate |
| 553 068740 | 2/1/99-2/1/00 | $25 Million per occurrence/aggregate |
| 553 076092 | 2/1/00-2/1/01 | $25 Million per occurrence/aggregate |

(the "U.S. Fire Policies").

30.     Upon information and belief, Liberty Mutual issued the following primary Commercial General Liability ("CGL") policies in New York:

| Policy Number | Policy Period | Limits |
|---|---|---|
| TB2-681-004130-038 | 2/98-2/99 | $3 Million per occurrence<br>$6 Million aggregate per location |
| RG2-681-004130-039 | 2/99-2/00 | $3 Million per occurrence<br>$6 Million aggregate per location |
| RG2-681-004130-030 | 2/00-2/01 | $3 Million per occurrence<br>$6 Million aggregate per location |
| RG2-681-004130-031 | 2/01-2/02 | $3 Million per occurrence<br>$6 Million aggregate per location |
| RG2-681-004130-032 | 2/02-2/03 | $3 Million per occurrence<br>$6 Million aggregate per location |
| RG2-681-004130-033 | 2/03-2/04 | $3 Million per occurrence<br>$6 Million aggregate per location |
| RG2-681-004130-034 | 2/04-2/05 | $3 Million per occurrence<br>$6 Million aggregate per location |
| RG2-681-004130-035 | 2/00-2/06 | $3 Million per occurrence<br>$6 Million aggregate per location |

(the "Liberty Mutual Policies").

31.     Upon information and belief, Markel issued in New York a Commercial Umbrella Policy, policy number unknown, in effect from February 2001 to February 2002 with a combined per occurrence/aggregate policy limit of $15 million (the "Markel Umbrella Policy").

5

32.     Upon information and belief, Westchester issued the following Commercial Umbrella policies in New York:

| Policy Number | Policy Period | Limits |
|---|---|---|
| Unknown policy number | 2/02-2/03 | $25 Million per occurrence/aggregate |
| Unknown policy number | 2/03-2/04 | $25 Million per occurrence/aggregate |
| Unknown policy number | 2/04-2/05 | $25 Million per occurrence/aggregate |
| Unknown policy number | 2/05-2/06 | $25 Million per occurrence/aggregate |

(the "Westchester Policies").

**3.     Factual Allegations**

33.     An actual controversy exists between U.S. Fire and the Snow Defendants with respect to the whether U.S. Fire owes any coverage obligation to the Snow Defendants under the U.S. Fire Policies with respect the claim(s) asserted against them in the Underlying Action.

34.     Upon information and belief, the Snow Defendants and Liberty Mutual have notified U.S. Fire that the Liberty Mutual Policies underlying the U.S. Fire Policies either have or will exhaust in connection with the settlement of the Underlying Action.  Accordingly, the Snow Defendants and/or Liberty Mutual have or will demand that U.S. Fire defend and indemnify the Snow Defendants with respect to the Underlying Action.

35.     Upon information and belief, the Snow Defendants have demanded or intend to demand insurance coverage under the U.S. Fire Policies in connection with the claims asserted in the Underlying Action.

36.     U.S. Fire denies any obligation to defend or indemnify the Snow Defendants under the U.S. Fire Policies in connection with the claims asserted in the Underlying Action.

6

37.     Should it be determined in this action that U.S. Fire is obliged to defend and/or indemnify the Snow Defendants in connection with the Underlying Action, then U.S. Fire is entitled to common law and contractual indemnification and/or contribution from Liberty Mutual and/or Westchester Fire and/or Markel and/or the Snow Defendants.

## FIRST CAUSE OF ACTION

38.     U.S. Fire repeats, realleges and incorporates herein by reference all of the allegations set forth in Paragraphs 1 through 37.

39.     The U.S. Fire Policies contain various terms, conditions and definitions that the Snow Defendants must satisfy and/or which otherwise must be satisfied for the claims at issue in the Underlying Action to come within the scope of coverage of the U.S. Fire Policies.

42.     The U.S. Fire Policies contain exclusions, limitations and/or conditions that may bar or limit coverage for some or all of the claims for which the Snow Defendants seek coverage.

43.     The Snow Defendants are not entitled to coverage under the U.S. Fire Policies in connection with the claims advanced in the Underlying Action for one or more of the following reasons:

a.     The losses for which the Snow Defendants seek coverage do not constitute or involve "bodily injury," "property damage," "advertising injury" or "personal injury" as those terms are defined under the U.S. Fire Policies.

b.     The Policies do not provide coverage for punitive or exemplary damages, fines or penalties.

c.     The Snow Defendants have failed to provide timely and adequate notice of an occurrence as required under the terms of the U.S. Fire Policies.

7

d.      The Snow Defendants have failed to obtain and maintain underlying insurance as warranted at the time of the issuance of the U.S. Fire Policies.

e.      The policy limits of the primary policies underlying the U.S. Fire Policies have not been completely and properly exhausted.

f.      The Snow Defendants have failed to establish that any "bodily injury," "property damage," "advertising injury" or "personal injury" arose from any occurrence during the respective U.S. Fire Policy periods.

g.      The Snow Defendants have failed to establish that any "bodily injury", "property damage", "advertising injury" or "personal injury" was sustained by any claimant in the Underlying Action.

h.      No claim for which the Snow Defendants seek coverage constitutes an "occurrence" as that term is defined in the U.S. Fire Policies.

i.      Any event alleged in the Underlying Action that constitutes an "occurrence" or "occurrences," as that term is defined under the U.S. Fire Policies, took place prior to the inception of, or subsequent to the expiration of, the U.S. Fire Policies.

j.      The accident(s), occurrence(s), loss(es), injury(ies) and/or damages for which the Snow Defendants seek coverage under the U.S. Fire Policies did not take place during the policy periods of the U.S. Fire Policies.

k.      Each and every claim for which the Snow Defendants seek coverage is barred to the extent that the Snow Defendants expected or intended the alleged harm or injury.

l.      The claims for which the Snow Defendants seek coverage may be barred to the extent that, in whole or in part, the claims are excluded from coverage under the terms,

8

conditions or exclusions of the primary polices, including but not limited to the Liberty Mutual Policies.

m.     U.S. Fire is not obligated under the U.S. Fire Policies to defend the Snow Defendants in connection with the Underlying Lawsuit.

n.     The U.S. Fire Policies provide that if insurance is available through any other insurer, then the insurance afforded by the U.S. Fire Policies, if any, is excess to, and shall not contribute with, such other insurance.

o.     The U.S. Fire Policies, according to their terms and conditions, provide coverage, if at all, only after the underlying insurance has been properly exhausted.

p.     The claims for which the Snow Defendants seek coverage may be barred, in whole or in part, to the extent that the Snow Defendants voluntarily paid or assumed an obligation to pay or have incurred any expense without notice to U.S. Fire and without U.S. Fire's consent.

q.     The claims for which the Snow Defendants seek coverage may be barred, in whole or in part, to the extent that one or more of the Snow Defendants are not actually Snow Defendants under the U.S. Fire Policies.

r.     The claims for which the Snow Defendants seek coverage may be barred, in whole or in part, as a result of the Snow Defendants' failure to comply with conditions precedent to coverage including, but not limited to, exhaustion of any applicable Self-insured Retentions and/or Deductibles.

s.     One or all of the Snow Defendants are not insureds under the U.S. Fire Policies.

44.     The terms, conditions and exclusions of the U.S. Fire policies and the application of said policies should be determined in accordance with the substantive law of New York.

45.    A ripe and justiciable controversy exists between Plaintiff and Defendants regarding the parties' respective rights and obligations under the U.S. Fire Policies.

46.    U.S. Fire has no adequate remedy at law.

47.    A judicial declaration of the respective rights and duties of the parties declaration is necessary and proper at this time in order that all the parties be bound by the same interpretation of all of the insurance policies issued to the Snow Defendants by the insurer parties.

## SECOND CAUSE OF ACTION

48.    U.S. Fire repeats, realleges and incorporates herein by reference all of the allegations set forth in paragraphs 1 through 47.

49.    While U.S. Fire denies that it owes the Snow Defendants or any party to this action any duty to defend or indemnify, to the extent any such obligation is imposed upon them, U.S. Fire is entitled to contribution or indemnification from Liberty Mutual, Westchester, Markel and the Snow Defendants.

## ADDENDUM/PRAYER FOR RELIEF

**WHEREFORE,** U.S. Fire demands judgment against the Defendants providing the following declarations and relief:

1.    Declaring that U.S. Fire has no duty under the U.S. Fire Policies to provide coverage to any of the Snow Defendants for the claims asserted in the Underlying Action.

2.    Declaring in the event a finding is made that U.S. Fire is obligated under one or more of the U.S. Fire Policies to defend or indemnify the Snow Defendants, or any one of them, the amount of U.S. Fire's allocated share of such defense costs and/or damages, including any right on the part of U.S. Fire to contribution, indemnification, set-off or credit.

10

3.     Declaring the rights and obligations, if any, of U.S. Fire and the insurer defendants under the policies issued to the Snow Defendants.

4.     Declaring and determining that New York law applies to the issues raised in this action.

5.     Awarding attorneys' fees and costs to U.S. Fire in connection with this Declaratory Judgment action.

6.     Granting such other and further relief as this Court may deem just and equitable.


CARROLL, McNULTY & KULL L.L.C.
Attorneys for Plaintiff
United States Fire Insurance Company


By: _____
        John P. DeFilippis, Esq.

Dated: May 24, 2007

11

SUPREME COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

Index No:_____    Year:_____

UNITED STATES FIRE INSURANCE
COMPANY,

                    Plaintiff,

        -against-

LUXOTTICA U.S HOLDINGS CORP.,
LUXOTTICA GROUP S.p.A., UNITED
STATES SHORE CORPORATION,
LENSCRAFTERS, INC., EYEMED, INC.,
EYEMED VISION CARE LLC, EYEXAM
2000, LIBERTY MUTUAL FIRE
INSURANCE COMPANY, MARKEL
AMERICAN INSURANCE COMPANY,
WESTCHESTER FIRE INSURANCE
COMPANY,

                    Defendants.

## SUMMONS AND COMPLAINT

### CARROLL, McNULTY & KULL LLC
*Attorneys for Plaintiff:*
*UNITED STATES FIRE INSURANCE COMPANY*

570 Lexington Avenue, 10th Floor
New York, New York 10022
(212) 252-0004 (telephone)
(212) 252-0444 (facsimile)

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* ___            Signature:_____

                        Print Signer's
*Name:*_____

*Service of a copy of the within admitted.*                    *is hereby*

*Dated:*

                    _____
                    *Attorney(s) for*

*PLEASE TAKE NOTICE*

    ( )    *that the within is a (certified) true copy of a* _____
           *entered in the office of the clerk of the within named Court on* _____
    _____.

*the*    ( )    *that an Order of which the within is a true copy will be presented for settlement to*

*Court,*        *Hon.*                    *one of the judges of the within named*

            *at*

# EXHIBIT B

## SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: _Hon. Jacqueline W. Silbermann_          PART ____
          _Administrative Judge_ Justice

_Ace Fire Underwriters Ins. Co.,_
                              _et al._          INDEX NO.  _600133/2006_

                                                MOTION DATE _____

          - v -                                 MOTION SEQ. NO. _____

_ITT Industries, Inc., et al._                  MOTION CAL. NO. _____

_____          _Administrative Order_

The following papers, numbered 1 to _____ were read on this motion to/for _____

|  | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | _____ |
| Answering Affidavits — Exhibits _____ | _____ |
| Replying Affidavits _____ | _____ |

**Cross-Motion:**    ☐ Yes    ☐ No

~~Upon the foregoing papers, it is ordered that this motion~~

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

  Counsel for plaintiffs has applied for a transfer of this case to the Commercial Division pursuant to Uniform Rule 202.70. The Request for Judicial Intervention was apparently filed after the effective date of the Rule by a defendant or several of them, the matter was designated as a non-Commercial case, and the case was so assigned. Counsel for defendant U.S. Silica Company opposes this request. Counsel for the applicants represents that counsel for defendant ITT Industries, Inc. does not object to the application insofar as it is based on an amended statement in support submitted by plaintiffs. It is not asserted that this application is untimely.

  It is true, as U.S. Silica argues, that Rule 202.70 (c) (2) provides that the following will not be heard in the Commercial Division: "Cases seeking a declaratory judgment as to insurance coverage for personal injury or property damage ...." Read literally, as U.S. Silica would have me do, this provision appears to require the exclusion of this case from the Division. In my view, however, this provision, a version of which also appeared in the _Guidelines for Assignment of Cases to the Commercial Division_ in this county, was intended

~~Dated:~~  ____/____/____          ____/____/____          _J.S.C._

Check one:    ☐ FINAL DISPOSITION    ☑ NON-FINAL DISPOSITION

Check if appropriate:    ☐ DO NOT POST    ☐ REFERENCE

to exclude from the Commercial Division the routine declaratory judgment action regarding insurance coverage concerning an action arising out of an auto accident, an accident at a construction site, property damage to a home, or the like. On the spectrum of declaratory judgment matters, this case is at the farthest possible remove from such a case: it is one of extraordinary dimension and clearly will present complicated issues. It concerns coverage for what plaintiffs describe, without contradiction, as tens of millions of dollars for damages alleged in over 25,000 underlying lawsuits asserting bodily injury from exposure to silica products manufactured, sold or distributed by various defendants. In addition to the two corporations cited above, the complaint names as defendants 37 insurance and reinsurance companies. A large number of policies are alleged to be involved in this controversy and plaintiffs seek declaratory relief with regard to numerous issues. Because of the extraordinary scale and complexity of this case and the facts that it concerns commercial insurance provided to major commercial enterprises nationwide and concerns a vast number of underlying lawsuits of evidently nationwide scope, it is appropriate for this matter to be adjudicated in the Division. Cf. Rule 202.70 (b) (9) (environmental insurance coverage cases will be heard in the Division). Subdivision (c) (2) should, I think, be interpreted as applying to the garden variety DJ action. The standards for assignment of cases seek to provide for the orderly division of the work of this court and should not be construed with the strictness that a court might apply to contractual or statutory provisions affecting the substantive rights of parties.

Accordingly, the Motion Support Office is directed to reassign this case at random to a Justice of the Commercial Division.

Dated: 3/22/06

A.J.