# EXHIBIT 8

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

|  |  |  |
|---|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, | ) ) ) | Index No.    07/07338 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ANSWER TO COMPLAINT BY WESTCHESTER FIRE INSURANCE COMPANY** |
| LUXOTTICA U.S. HOLDINGS CORP., LUXOTTICA GROUP S.p.A., THE UNITED STATES SHOE CORPORATION, LENSCRAFTERS, INC., EYEMED, INC. EYEMED VISION CARE LLC, EYEXAM 2000, LIBERTY MUTUAL FIRE INSURANCE COMPANY, MARKEL AMERICAN INSURANCE COMPANY, WESTCHESTER FIRE INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Defendant, WESTCHESTER FIRE INSURANCE COMPANY ("Westchester"), by its attorneys Lustig & Brown, LLP, and for its answer to Plaintiff's Complaint, respectfully alleges on information and belief:

### INTRODUCTION

1.    Denies all allegations contained in paragraphs "1" and "2" of the Plaintiff's Complaint.

### PARTIES, JURISDICTION AND VENUE

2.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3", "4", "5", "6", "7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18", "19" and "20" of the Plaintiff's Complaint.

1

3.    Admits that Defendant Westchester is an insurance company organized under the laws of the State of New York with a principal place of business in Philadelphia and denies the remaining allegations contained in paragraph "21" of the Plaintiff's Complaint.

4.    Admits the allegations contained in paragraph "22" of the Plaintiff's Complaint.

5.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "23" and "24" of the Plaintiff's Complaint.

6.    Admit that some or all of the named defendants in paragraph "25" were or are defendants in the lawsuit referred to in the Complaint and herein as the "Underlying Action", and denies the remaining allegations contained in paragraph "25" of the Plaintiff's Complaint.

7.    Denies the allegations contained in paragraph "26" of the Plaintiff's Complaint as they may apply to Westchester and does not admit or deny the allegations as they apply to other insurers since the same are legal conclusions rather than factual statements.  If a court should disagree with this response, then Westchester denies the allegations of paragraph "26" and Plaintiff is left to its proof.

8.    Denies the allegations contained in paragraph "27" of the Plaintiff's Complaint as they may apply to Westchester and does not admit or deny the allegations as they apply to other insurers since the same are legal conclusions rather than factual statements.  If a court should disagree with this response, then Westchester denies the allegations of paragraph "27" and Plaintiff is left to its proof.

## FACTUAL BACKGROUND

9.    Respectfully refers the court to the Complaint in the Underlying Action as to the allegations therein  and  denies  all  allegations  contained  in  paragraph  "28"  of  the  Plaintiff's

2

Complaint.

10.    Admits that U.S. Fire issued the specified umbrella liability insurance policies, the contents of which speak for themselves and to which the court is respectfully referred, and otherwise denies all allegations in paragraph "29" of the Plaintiff's Complaint.

11.    Admits that Liberty Mutual Insurance Company issued the specified primary liability insurance policies, the contents of which speak for themselves and to which the court is respectfully referred, and otherwise denies all allegations in paragraph "30" of the Plaintiff's Complaint.

12.    Admits that Markel American Insurance Company issued the specified umbrella liability insurance policies, the contents of which speak for themselves and to which the court is respectfully referred, and otherwise denies all allegations in paragraph "31" of the Plaintiff's Complaint.

13.    Denies the allegation contained in paragraph "32" except it is admitted that Westchester issued umbrella liability insurance policies during the referenced time periods with individual policy limits of, *inter alia*, $25 million per occurrence and $25 million general aggregate.

14.    Denies the allegations contained in paragraph "33" of the Plaintiff's Complaint.

15.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "34", "35" and 36" of the Plaintiff's Complaint.

16.    Denies the allegations contained in paragraph "37" of the Plaintiff's Complaint as they may apply to Westchester and does not admit or deny the allegations as they may apply to other insurers since the same are legal conclusions rather than factual statements. If a court should disagree with this response, then Westchester denies the allegations of paragraph "37" and Plaintiff is left to its proof.

3

## FIRST CAUSE OF ACTION

17.    With regard to the allegations contained in paragraph "38" of the P laintiff's Complaint, Westchester repeats its answers to paragraph "1" through "37", inclusive, with the same force and effect as if set forth fully at length herein.

18.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "39" and "42" of the Plaintiff's Complaint, but further respectfully refers the court to the U.S. Fire policies for their terms, conditions, legal effect and interpretation, and denies any allegations contrary to such terms, conditions, legal effect and interpretation.

19.    Does not admit or deny the allegations in paragraph "43" and each of its subparagraphs a. through s., inclusive, since the same are legal conclusions rather than factual statements. If a court should disagree with this response, then Westchester denies the allegations of paragraph "43" and Plaintiff is left to its proof.

20.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "44", "45", "46" and "47" of the Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

21.    With regard to the allegations contained in paragraph "48" o f the Plaintiff's Complaint, Westchester repeats its answers to paragraph "1" through "47", inclusive, with the same force and effect as if set forth fully at length herein.

22.    Denies the allegations contained in paragraph "49" of the Plaintiff's Complaint as they may apply to Westchester and does not admit or deny the allegations as they may apply to other insurers since the same are legal conclusions rather than factual statements. If a court should disagree with this response, then Westchester denies the allegations of paragraph "49" and Plaintiff

4

is left to its proof.

## FIRST AFFIRMATIVE DEFENSE

23.    The Complaint, and each and every count therein, fails to state a cause of action

against Westchester for which relief can be granted..

## SECOND AFFIRMATIVE DEFENSE

24.    The Complaint by U.S. Fire is barred, in whole or in part, due to the failure of

Westchester's insured(s) to comply with express conditions in the Westchester policies, including

but not limited to the failure to comply with the warranty of maintenance of scheduled underlying

liability insurance coverage and/or the failure to provide prompt notice of an "occurrence" or suit,

and/or the application of exclusions contained in the Westchester policies.

## THIRD AFFIRMATIVE DEFENSE

25.    The Complaint by U.S. Fire is barred, in whole or in part, to the extent the claims in

the Underlying Action do not constitute claims for "bodily injury," "property damage," "advertising

injury" and/or "personal injury," as those terms are used or contained in some or all of the

Westchester policies.

## FOURTH AFFIRMATIVE DEFENSE

26.    The Complaint by U.S. Fire is barred, in whole or in part, to the extent the Underlying

Action does not assert occurrences which are covered by the Westchester policies.

## FIFTH AFFIRMATIVE DEFENSE

27.    The Complaint by U.S. Fire is barred, in whole or in part, to the extent the Underlying

Action asserts an offence, included within the definition of "personal injury," which did not occur

during the respective policy periods for the Westchester umbrella liability policies.

## SIXTH AFFIRMATIVE DEFENSE

28.     The Complaint by U.S. Fire is barred, in whole or in part, in that there has not been exhaustion of underlying insurance policy limits and/or applicable self-insured retentions.

## SEVENTH AFFIRMATIVE DEFENSE

29.     The Complaint by U.S. Fire is barred, in whole or in part, by virtue of the application of one or more of the endorsements and/or exclusions in the Westchester policies.

## EIGHTH AFFIRMATIVE DEFENSE

30.     The Complaint by U.S. Fire is barred, in whole or in part, in that Westchester is excess to applicable liability insurance by virtue of the "Other Insurance" condition to the Westchester policies.

## NINTH AFFIRMATIVE DEFENSE

31.     The Complaint by U.S. Fire is barred, in whole or in part, to the extent the claims in the Underlying Action include intentional conduct, are not the result of a fortuity and/or assert injury expected or intended by the insureds.

## TENTH AFFIRMATIVE DEFENSE

32.     The Complaint by U.S. Fire is barred, in whole or in part, to the extent the damage, injury or loss was known prior to the inception of the respective Westchester policies.

## ELEVENTH AFFIRMATIVE DEFENSE

33.     The Complaint by U.S. Fire is barred, in whole or in part, to the extent the claims in the Underlying Action include claims for exemplary or punitive damages, fines and/or penalties.

## TWELFTH AFFIRMATIVE DEFENSE

34.     The venue in New York is improper and/or constitutes forum non conveniens.

6

## THIRTEENTH AFFIRMATIVE DEFENSE

35.    The Complaint by U.S. Fire fails to state a ripe justiciable controversy.


## FOURTEENTH AFFIRMATIVE DEFENSE

36.    Westchester reserves the right to assert additional defenses which cannot now be articulated due to U.S. Fire's failure to particularize its claim and/or the lack of discovery on the issues in the U.S. Fire Complaint.


WHEREFORE, defendant Westchester Fire Insurance Company seeks judgment as follows:

1.    Judgment dismissing the case;

2.    Judgment in Westchester's favor on its affirmative defenses;

3.    Judgment declaring that Westchester has no duty to contribute to any payments U.S. Fire may make concerning the Underlying Action, whether for indemnity, defense or otherwise;

4.    Judgment that the coverage in Westchester's policy is not triggered with regard to the Underlying Action and the claims therein; and,

4.    For such other and further relief as the Court may deem just and appropriate.

DATED:    July 5, 2007
    New York, New York

Sherri N. Pavloff, Esq.
LUSTIG & BROWN, LLP
Attorneys for Defendant,
WESTCHESTER FIRE INSURANCE
COMPANY
28 West 44th Street, 20th Floor
New York, New York 10036

7

To:    John P. DeFilippis, Esq.
CARROLL, McNULTY & KULL, L.L.C.
Attorney for Plaintiff
570 Lexington Avenue, 10th Fl
New York, NY 10022
(212) 252-0004
Fax (212) 252-04444

Lisa M. Cirando,Esq.
Heller Ehrman, LLP
Attorneys for Defendants
LUXOTTICA U.S. HOLDINGS, CORP., LUXOTTICA GROUP S.p.A.,
UNITED STATES SHORE CORPORATION, LENSCRAFTERS, INC.,
EYEMED, INC., EYEMED VISION CARE LLC and EYEAM 2000
7 Time Square
New York, NY 10036

Jason B. Jurdus, Esq.
Rivkin Radler, LLP
Attorneys for Defenant
LIBERTY MUTUAL FIRE INSURANCE COMPANY
926 RexCorp Plaza
Uniondale, NY 11556
Phone:  516 357-3134

Chip Cox, Esq.
Long & Levit LLP
Attorneys for Defendant
MARKEL AMERICAN INSURANCE COMPANY
465 California Street 5, fl
San Franciso, CA 94104
Phone: 415 397-6392

**Courtesy Copy To:**

Richard DeNatale, Esq.
Celia M. Jackson, Esq.
Heller Ehrman LLP
Attorneys for Plaintiffs, Lenscrafters,
Inc., Eyexam of California, Inc.
333 Bush Street
San Francisco, CA  94104-2878
Tel.: (415) 772-6000 Fax: (415) 772-6268
Email: richard.denatale@hellerehrman.com
celia.jackson@hellerehrman.com

Terrence R. McInnis, Esq.
Ross, Dixon & Bell, LLP
Attorneys for Defendant,
Executive Risk Specialty Insurance
5 Park Plaza, Suite 1200
Irvine, CA 92614
Tel.: (949) 622-2700 Fax: (949) 622-2739

Alex F. Stuart, Esq.
Willoughby, Stuart & Bening
Attorneys for Defendant,
Liberty Mutual Insurance Company
Fairmont Plaza
50 West San Fernando, Suite 400
San Jose, CA 95113
Tel.: (408) 289-1972 Fax: (408) 295-6375

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.:07338                                          Year 2007

UNITED STATES FIRE INSURANCE COMPANY

Plaintiff,

-against-

LUXOTTICA U.S. HOLDINGS CORP., LUXOTTICA GROUP S.p.A., THE UNITED
STATES SHOE CORPORATION, LENSCRAFTERS, INC., EYEMED, INC. EYEMED
VISION CARE LLC, EYEXAM 2000, LIBERTY MUTUAL FIRE INSURANCE COMPANY,
MARKEL AMERICAN INSURANCE COMPANY, WESTCHESTER FIRE INSURANCE
COMPANY,

Defendants.

## ANSWER

## LUSTIG & BROWN, LLP

Attorneys for DEFENDANTS
WESTCHESTER FIRE INSURANCECOMPANY

Office and Post Office Address, Telephone
**28 West 44th Street, 20th Floor
New York, New York 10036
(212) 832-3235**

# EXHIBIT 9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------X
UNITED STATES FIRE INSURANCE
COMPANY,                                              Index No. 107338/07

                              Plaintiff,

                                                     **DEFENDANT LIBERTY**
             -against-                               **MUTUAL FIRE INSURANCE**
                                                     **COMPANY'S ANSWER**
                                                     **TO COMPLAINT**
LUXOTTICA U.S. HOLDINGS CORP.,
LUXOTTICA GROUP S.p.A., UNITED
STATES SHORE CORPORATION,
LENSCRAFTERS, INC., EYEMED, INC.,
EYEMED VISION CARE LLC, EYEXAM
2000, LIBERTY MUTUAL FIRE
INSURANCE COMPANY, MARKEL
AMERICAN INSURANCE COMPANY,
WESTCHESTER FIRE INSURANCE
COMPANY,

                              Defendants.
--------------------------------------------------------------------X

        Defendant LIBERTY MUTUAL FIRE INSURANCE COMPANY ("Liberty Mutual"),

by its attorneys, Rivkin Radler LLP, answers the Complaint of the Plaintiff UNITED STATES

FIRE INSURANCE COMPANY ("U.S. Fire") as follows:

        1.      Liberty Mutual admits this action is a declaratory judgment action.  Liberty

Mutual denies knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph "1".

        2.      Liberty Mutual denies knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph "2".

        3.      Liberty Mutual denies knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph "3".

4.      Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "4".

5.      Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "5".

6.      Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "6".

7.      Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "7".

8.      Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "8".

9.      Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "9".

10.     Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "10".

11.     Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "11".

12.     Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "12".

13.     Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "13".

14.     Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "14".

15.     Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "15".

16.     Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "16".

17.     Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "17".

18.     Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "18".

19.     Liberty Mutual admits the allegations contained in Paragraph "19".

20.     Liberty Mutual admits the allegations contained in Paragraph "20".

21.     Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "21".

22.     Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "22".

23.     Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "23".

24.     Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "24".

25.     Liberty Mutual denies each and every allegation contained in Paragraph "25" of the Complaint except admits that defendant LensCrafters is a defendant in the Underlying Action and that another entity known as Eyexam of California, Inc. is a defendant in the Underlying Action.

26.     Liberty Mutual denies each and every allegation contained in Paragraph "26" of the Complaint.

27.     Liberty Mutual denies each and every allegation contained in Paragraph "27" of the Complaint.

## FACTUAL BACKGROUND

### 1.  The Underlying Action

28.     Liberty Mutual admits the existence of the Underlying Action and respectfully refers the Court to the pleadings in the Underlying Action for their contents.  Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph "28".

### 2.  The Relevant Insurance Policies

29.     Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "29".

30.     Liberty Mutual denies each and every allegation contained in Paragraph "30" of the Complaint except admits that Liberty Mutual issued policy number TB2-681-004130-038 for the policy period of February 1, 1998 to February 1, 1999, with a policy limit of $3 million per occurrence for bodily injury and property damage subject to a non-cumulation of limits provision and a general aggregate limit of $6 million per location for bodily injury and property damage. Liberty Mutual also admits that Liberty Mutual issued policy numbers RG2-681-004130-39, RG2-681-004130-030, RG2-681-004130-031, RG2-681-004130-032, RG2-681-004130-033, RG2-681-004130-034 and RG2-681-004130-035, each for a yearly policy period, for the total consecutive policy period of February 1, 1999 to February 1, 2006, with each policy having a limit of $3 million per occurrence for personal injury and property damage subject to a non-cumulation of limits provision and a general aggregate limit of $6 million per location for certain injuries.  Liberty Mutual further admits that all of the above-described "Liberty Mutual policies" are primary policies with respect to the coverage provided; however, each policy contains excess other insurance clauses rendering Liberty Mutual's coverage excess to other primary insurance with respect to certain injuries.

4

31.    Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "31".

32.    Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "32".

**3.    Factual Allegations**

33.    Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "33".

34.    Liberty Mutual admits that it has notified U.S. Fire that Liberty Mutual has offered its $3 million policy limit for settlement of the Underlying Action, and that payment of said $3 million would exhaust all coverage, if any, under the Liberty Mutual policies in force for the relevant periods.  Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph "34".

35.    Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "35".

36.    Liberty Mutual denies each and every allegation contained in Paragraph "36" of the Complaint except admits that U.S. Fire denies its obligation to defend or indemnify any of the defendants in the Underlying Action in connection with the claims asserted in the Underlying Action.

37.    Liberty Mutual denies each and every allegation contained in Paragraph "37" of the Complaint insofar as they relate to Liberty Mutual and Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph "37".

**FIRST CAUSE OF ACTION**

38.      Liberty Mutual repeats and incorporates herein its responses to the allegations set forth in paragraphs "1" through "37".

39.      Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "39".

42.      Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "42".

43.      With respect to the allegations in part 1. of Paragraph "43", Liberty Mutual denies each and every allegation except admits that there is no coverage for the Underlying Action under all of the Liberty Mutual policies based upon the terms, conditions and/or exclusions of the Liberty Mutual Policies.  Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph "43".

44.      Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "44" and respectfully refers all questions of law to the Court for adjudication.

45.      Liberty Mutual denies each and every allegation contained in Paragraph "45" of the Complaint.

46.      Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "46".

47.      Liberty Mutual denies each and every allegation contained in Paragraph "47" of the Complaint.

**SECOND CAUSE OF ACTION**

48.      Liberty Mutual repeats and incorporates herein its responses to the allegations set forth in paragraphs "1" through "47".

49.    Liberty Mutual denies each and every allegation contained in Paragraph "49" of the Complaint insofar as they relate to Liberty Mutual and Liberty Mutual denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph "49".

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action against Liberty Mutual upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred by the equitable doctrines of laches, estoppel, unclean hands and/or waiver.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred, in whole or in part, pursuant to the terms, conditions, provisions and exclusions in the Liberty Mutual policies.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

There presently is no justiciable controversy between plaintiff U.S. Fire and defendant Liberty Mutual with respect to the duty to defend or indemnify any defendant in the Underlying Action, and on that basis, this action should be dismissed for lack of ripeness.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred to the extent plaintiff U.S. Fire has failed to join all interested, required, necessary and/or indispensable parties or claims to this action.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Defendant Liberty Mutual is a party to two other actions in California involving the same or similar issues with respect to the duties of Liberty Mutual to defend and/or indemnify the Underlying Action, and on that basis, this action should be dismissed or, in the alternative, stayed until the resolution of those other pending actions.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

There is no coverage for any defendant in the Underlying Action to the extent that such defendant in the Underlying Action is not an entity or person who is an insured or a named insured within the meaning of the Liberty Mutual policies.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Liberty Mutual has no obligations under the Liberty Mutual policies to the extent that other valid insurance is available.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Liberty Mutual has no obligations under the Liberty Mutual policies to the extent that the insureds under such policies have voluntarily made payments, assumed obligations or incurred expenses without prior notice to, and approval by, Liberty Mutual.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

In the event that Liberty Mutual is found to have an obligation to defend and/or indemnify any of the defendants in the Underlying Action, Liberty Mutual's liability is restricted to the limits of liability provided by the Liberty Mutual policies.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Each of the Liberty Mutual policies contains a Non-Cumulation of Limits provision. This provision limits the total recovery of the insureds under all of the Liberty Mutual policies to

no more than one per occurrence limit, or $3 million, for any one given occurrence, regardless of how many policies are triggered by that one occurrence.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The claims asserted in the Underlying Action constitute only one "occurrence" as that term is defined in the Liberty Mutual policies.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Liberty Mutual has no obligations under the Liberty Mutual policies, to the extent, if any, that the claims in the Underlying Action are seeking punitive and/or exemplary damages.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Liberty Mutual has no obligations under the Liberty Mutual policies, to the extent, if any, that the claims in the Underlying Action are seeking penalties and/or fees.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Liberty Mutual has no obligations under the Liberty Mutual policies to the extent that the damages being sought in the Underlying Action are not damages covered under the Liberty Mutual policies.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

There is no coverage for the Underlying Action to the extent that the insureds under the Liberty Mutual policies failed to mitigate any loss or damages.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

The Liberty Mutual policies exclude from coverage liability assumed under any contract or agreement unless otherwise provided.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

The Liberty Mutual policies do not provide coverage for any defense costs or settlements that are not necessary and reasonable, and that are otherwise being paid or should be paid by any other insurer.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

There is no coverage for the Underlying Action to the extent that the insureds under the Liberty Mutual policies violated any rule, law, regulation or public policy.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Liberty Mutual is not liable under the Liberty Mutual policies to the extent that facts or information relevant to the issuance of the Liberty Mutual policies or handling of claims was not disclosed, was misrepresented or was concealed from Liberty Mutual.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Liberty Mutual is under no duty to defend or indemnify any of the defendants in the Underlying Action under the Liberty Mutual policies for liability relating to the Underlying Action because the Underlying Action fails to allege injury caused by an "occurrence" as that term is defined in the Liberty Mutual policies.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Liberty Mutual is under no duty to defend or indemnify any of the defendants in the Underlying Action under the Liberty Mutual policies for liability relating to the Underlying Action because the Underlying Action fails to allege a "personal injury" as that term is defined in the Liberty Mutual policies.

10

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

Liberty Mutual is under no duty to defend or indemnify any of the defendants in the Underlying Action under the Liberty Mutual policies for liability relating to the Underlying Action to the extent that the harm or injuries were not fortuitous.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

Liberty Mutual has no obligations under any of the Liberty Mutual policies to the extent that any loss or risk was known to, or should have been known to, the insureds under such policies when the policies incepted, or to the extent that any loss was in progress when the policies incepted.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

Liberty Mutual is not liable under the Liberty Mutual policies, to the extent that any "personal injury" alleged in the Underlying Action was not accidental or was either expected or intended by the insureds under the Liberty Mutual policies.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

There is no coverage for the Underlying Action, in whole or in part, to the extent that the Underlying Action does not complain of damages that occurred during one or more of the policy periods of the Liberty Mutual policies.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Liberty Mutual has no obligations under the Liberty Mutual policies to the extent that Liberty Mutual was not provided with timely or proper notice of the occurrence, claims made or the Underlying Action, in compliance with the terms and conditions of the Liberty Mutual policies.

11

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The affirmative defenses set forth herein cannot be an exhaustive list of all affirmative defenses ultimately applicable herein since additional affirmative defenses may be found to be applicable upon the completion of discovery herein, and defendant Liberty Mutual specifically reserves and preserves such affirmative defenses without waiver.

**WHEREFORE**, defendant Liberty Mutual respectfully requests that this Court grant judgment in its favor as follows:

a.     Dismissing all claims against Liberty Mutual, and awarding Liberty Mutual its costs, disbursements and attorneys' fees;

b.     In the alternative, declaring that Liberty Mutual owes no duty to indemnify any of the defendants in the Underlying Action;

c.     In the alternative, declaring that the Non-Cumulation of Limits provision in the Liberty Mutual policies applies to the claims in the Underlying Action and Liberty Mutual's coverage for the Underlying Action, if any, is or will be exhausted by payment of its $3 million occurrence limit;

d.     In the alternative, determining the rights and obligations of the parties based upon the terms, conditions, exclusions, endorsements and limitations in the Liberty Mutual policies; and

12

e.    Awarding Liberty Mutual such other and further relief as this Court may deem

just, proper and equitable.

Dated: Uniondale, New York
       July 6, 2007

Yours, etc.,

RIVKIN RADLER LLP

William M. Savino, Esq.
Jason B. Gurdus, Esq.
926 RexCorp Plaza
Uniondale, New York 11556-0926
(516) 357-3000

Attorneys for Defendant
Liberty Mutual Fire Insurance Company

TO:    CARROL, McNULTY & KULL, LLC
       Attorneys for Plaintiff
       UNITED STATES FIRE INSURANCE COMPANY
       570 Lexington Avenue – 10th Floor
       New York, New York 10022
       (212) 252-0004

       HELLER EHRMAN, LLP
       Attorneys for Defendants
       LUXOTTICA U.S. HOLDINGS CORP.,
       UNITED STATES SHOE CORPORATION
       and LENSCRAFTERS, INC.
       7 Times Square
       New York, New York 10036
       (212) 832-8300

       HARRIS, GREEN & DENNISON
       Attorneys for Defendant
       WESTCHESTER FIRE INSURANCE COMPANY
       5959 W. Century Blvd., Suite 1100
       Los Angeles, California 90045
       (310) 665-8656

13

LONG & LEVIT LLP
Attorneys for Defendant
MARKEL AMERICAN INSURANCE COMPANY
465 California Street, 5th Floor
San Francisco, California 94104
(415) 438-4413

2054059 v1

<u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK      )
                                 ) SS.:
COUNTY OF NASSAU      )

I, Debra Topping being sworn, say:

I am not a party to the action, am over 18 years of age and reside in Suffolk County, New York.

On July 7, 2007, I served the within **ANSWER** by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

CARROL, McNULTY & KULL, LLC
Attorneys for Plaintiff
UNITED STATES FIRE INSURANCE COMPANY
570 Lexington Avenue – 10th Floor
New York, New York 10022
(212) 252-0004

HELLER EHRMAN, LLP
Attorneys for Defendants
LUXOTTICA U.S. HOLDINGS CORP.,
UNITED STATES SHOE CORPORATION
and LENSCRAFTERS, INC.
7 Times Square
New York, New York 10036
(212) 832-8300

HARRIS, GREEN & DENNISON
Attorneys for Defendant
WESTCHESTER FIRE INSURANCE COMPANY
5959 W. Century Blvd., Suite 1100
Los Angeles, California 90045
(310) 665-8656

LONG & LEVIT LLP
Attorneys for Defendant
MARKEL AMERICAN INSURANCE COMPANY
465 California Street, 5th Floor
San Francisco, California 94104
(415) 438-4413

_____
Debra Topping

Sworn to before me this
7th day of July, 2007

_____
Notary Public

JASON B. GURDUS
Notary Public, State of New York
NO. 02GU6073919
Qualified in Nassau County
Commission Expires April 29, 2010

Index No.           Year

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

UNITED STATES FIRE INSURANCE COMPANY,

Plaintiff(s),

-against-

LUXOTTICA U.S. HOLDINGS CORP., LUXOTTICA GROUP S.p.A., UNITED STATES SHOE CORPORATION, LENSCRAFTERS, INC., EYEMED, INC., EYEMED VISION CARE LLC, EYEEXAM 2000, LIBERTY MUTUAL FIRE INSURNCE COMPANY, MARKEL AMERICAN INSURANCE COMPANY, WESTCHESTER FIRE INSURANCE COMPANY,

Defendant(s).

## DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S ANSWER TO COMPLAINT

RIVKIN RADLER LLP

*Attorneys for*

Defendant LIBERTY MUTUAL
926 RECKSON PLAZA
UNIONDALE, NEW YORK 11556-0926
(516) 357-3000

FILE#    8162 23

*To:*

*Attorney(s) for*

*Service of a copy of the within*                                    *is hereby admitted.*

*Dated:*

............................................................................

*Attorney(s) for*

*PLEASE TAKE NOTICE*

☐ NOTICE OF ENTRY    *that the within is a (certified) true copy of a entered in the office of the clerk of the within named Court on*                    20

☐ NOTICE OF SETTLEMENT    *that an Order of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court, at*

*on*                    20    *, at*              *M.*

*Dated:*

RIVKIN RADLER LLP

*Attorneys for*

926 RECKSON PLAZA
UNIONDALE, NEW YORK 11556-0926