Terrence R. McInnis (#155416)
(tmcinnis@rdblaw.com)
Siavash Daniel Rashtian (#228644)
(drashtian@rdblaw.com)
ROSS, DIXON & BELL, LLP
5 Park Plaza, Suite 1200
Irvine, California  92614-8529
Telephone:  (949) 622-2700
Facsimile:  (949) 622-2739

Monique M. Fuentes (#205501)
(mfuentes@rdblaw.com)
ROSS, DIXON & BELL, LLP
2001 K Street, NW
Washington, DC  20006-1040
Telephone:  (202) 662-2000
Facsimile:  (202) 662-2190

*Attorneys for Defendant
Executive Risk Specialty Insurance Company*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LENSCRAFTERS, INC., and EYEXAM OF CALIFORNIA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY and WESTCHESTER FIRE INSURANCE COMPANY,<br><br>Defendants.<br><br>AND RELATED COUNTER AND CROSS-ACTIONS | No. C07-02853 SBA<br><br>[Related Case No. C 04-01001 SBA]<br><br>**DEFENDANT EXECUTIVE RISK SPECIALTY INSURANCE COMPANY'S ANSWER TO COMPLAINT** |

Defendant Executive Risk Specialty Insurance Company ("ERSIC"), by and through its counsel, answers Plaintiffs' Complaint in this action, as follows:

1. The first and second sentences of Paragraph 1 of the Complaint are ambiguous or incomplete, or purport to characterize the insurance policies at issue and the coverage provided

1 | thereunder, which the terms of those policies speak for themselves. On these bases, ERSIC denies the allegations in the first two sentences of Paragraph 1 of the Complaint. The last sentence of Paragraph 1 of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, ERSIC denies the allegations therein.

2. With respect to the first sentence of Paragraph 2 of the Complaint, ERSIC denies the allegations as they relate to ERSIC. ERSIC lacks sufficient information to admit or deny the allegations in the first sentence of Paragraph 2 as they relate to other defendants, and on that basis, denies those allegations. With respect to the remaining allegations in Paragraph 2 of the Complaint, ERSIC denies that Plaintiffs fully and accurately set forth the contents of the complaint in Case No. C04-1001 SBA, or the findings of the Court therein, and as such, denies the allegations.

3. Upon information and belief, ERSIC admits the allegations in the first sentence of Paragraph 3 of the Complaint. ERSIC denies the allegations in the third and fourth sentences of Paragraph 3 to the extent they relate to ERSIC's conduct. ERSIC lacks sufficient information to admit or deny the remaining allegations in Paragraph 3 and on that basis, denies those allegations.

4. ERSIC admits the allegations in the first sentence of Paragraph 4 of the Complaint. The second sentence of Paragraph 4 of the Complaint purports to describe the relief sought by LensCrafters in this action, to which no response is required. To the extent any response is required, ERSIC denies the allegations.

5. Upon information and belief, ERSIC admits the allegations in Paragraph 5 of the Complaint.

6. Upon information and belief, ERSIC admits the allegations in Paragraph 6 of the Complaint.

7. Upon information and belief, ERSIC admits the allegations in Paragraph 7 of the Complaint.

8. ERSIC admits that it is a Connecticut corporation, but denies that its principal place of business is Connecticut.

1	9.	Upon information and belief, ERSIC admits the allegations in Paragraph 9 of the Complaint.

2	10.	Upon information and belief, ERSIC admits that Markel is organized under the laws of the State of Virginia, and on information and belief, denies the remaining allegations in Paragraph 10 of the Complaint.

3	11.	Upon information and belief, ERSIC admits the allegations in Paragraph 11 of the Complaint.

4	12.	ERSIC admits the allegations in Paragraph 12 of the Complaint.

5	13.	Paragraph 13 states a legal conclusion to which no response is required. To the extent that a response is required, ERSIC admits that venue is proper in the Northern District of California.

6	14.	With respect to the first sentence in Paragraph 14 of the Complaint, ERSIC admits that it issued Managed Care Organization Errors and Omissions Liability Policy No. 8167-2076 to LensCrafters and Eyexam for the November 12, 2001 to November 12, 2002 Policy Period (the "ERSIC Policy") and that the remaining defendants issued insurance policies to LensCrafters and Eyexam. The remaining allegations in the first sentence of Paragraph 14 of the Complaint are ambiguous or incomplete, or purport to characterize the defendants' policies, which terms speak for themselves, and on these bases, ERSIC denies the remaining allegations in the first sentence of Paragraph 14 of the Complaint. The second sentence of Paragraph 14 of the Complaint is not a factual allegation, and as such, no response is required.

7	15.	ERSIC denies the allegations in Paragraph 15 of the Complaint as they relate to ERSIC, but admits the allegations as they relate to the other defendants.

8	16.	Upon information and belief, ERSIC admits the allegations in Paragraph 16 of the Complaint.

9	17.	Upon information and belief, ERSIC admits the allegations in Paragraph 17 of the Complaint.

10	18.	With respect to the allegations in Paragraph 18 of the Complaint, ERSIC admits that it issued Managed Care Organization Errors and Omissions Liability Policy No. 8167-2076

to Eyexam and LensCrafters for the November 12, 2001 to November 12, 2002 Policy Period. The remaining allegations in Paragraph 18 of the Complaint contain characterizations of the coverage afforded under the ERSIC Policy and do no fully and accurately describes the terms and conditions of the ERSIC Policy. ERSIC states that the terms of the ERSIC Policy speak for themselves, and on these bases, deny the remaining allegations in Paragraph 18 of the Complaint.

19.  The allegations in Paragraph 19 of the Complaint contain characterizations of the coverage afforded under the ERSIC Policy. ERSIC denies that Paragraph 19 of the Complaint fully and accurately describes the terms and conditions of the ERSIC Policy. ERSIC states that the terms of the ERSIC Policy speak for themselves, and on these bases, deny the allegations in Paragraph 19 of the Complaint.

20.  Upon information and belief, ERSIC admits the allegations in Paragraph 20 of the Complaint.

21.  The allegations in Paragraph 21 of the Complaint contain characterizations of the coverage afforded under the U.S. Fire Policies. ERSIC denies that Paragraph 21 of the Complaint fully and accurately describes the terms and conditions of the U.S. Fire Policies. ERSIC states that the terms of the U.S. Fire Policies Policy speak for themselves, and on these bases, deny the allegations in Paragraph 21 of the Complaint.

22.  Upon information and belief, ERSIC admits the allegations in Paragraph 22 of the Complaint.

23.  The allegations in Paragraph 23 of the Complaint contain characterizations of the coverage afforded under the Markel Policy. ERSIC denies that Paragraph 23 of the Complaint fully and accurately describes the terms and conditions of the Markel Policy. ERSIC states that the terms of the Markel Policy speak for themselves, and on these bases, deny the allegations in Paragraph 23 of the Complaint.

24.  Upon information and belief, ERSIC admits the allegations in the first sentence of Paragraph 24 of the Complaint. The remaining allegations in Paragraph 24 of the Complaint contain characterizations of the coverage afforded under the Westchester Excess Policy. ERSIC denies that the remaining allegations in Paragraph 24 of the Complaint fully and accurately

1  describes the terms and conditions of the Westchester Excess Policy. ERSIC states that the terms
2  of the Westchester Excess Policy speak for themselves, and on these bases, denies the remaining
3  allegations in Paragraph 24 of the Complaint.

4      25.    Upon information and belief, ERSIC admits the allegations in Paragraph 25 of the
5  Complaint.

6      26.    The allegations in Paragraph 26 of the Complaint contain characterizations of the
7  coverage afforded under the Westchester Umbrella Policies. ERSIC denies that Paragraph 26 of
8  the Complaint fully and accurately describes the terms and conditions of the Westchester
9  Umbrella Policies. ERSIC states that the terms of the Westchester Umbrella Policies speak for
10 themselves, and on these bases, deny the allegations in Paragraph 26 of the Complaint.

11     27.    ERSIC admits the allegations in Paragraph 27 of the Complaint.

12     28.    With respect to the first sentence in Paragraph 28 of the Complaint, ERSIC denies
13 that LensCrafters has fully and accurately set forth the contents of the complaint in the *Snow*
14 Action, and as such, denies the allegations. With respect to second sentence in Paragraph 28 of
15 the Complaint, ERSIC admits the allegations.

16     29.    With respect to the allegations in Paragraph 29 of the Complaint, ERSIC admits
17 that LensCrafters gave timely notice of the *Snow* Action to Liberty, that LensCrafters requested
18 that Liberty and ERSIC defend the *Snow* Action, that both Liberty and ERSIC agreed to pay
19 defense costs in the *Snow* Action under a reservation of rights, and that upon receiving a
20 judgment in Case No. C-04-1001 SBA (N.D. Cal.), ERSIC contended that it had no current duty
21 to defend unless and until the applicable Liberty policies were exhausted. ERSIC denies the
22 remaining allegations in Paragraph 29 as they relate to ERSIC. With respect to any remaining
23 allegations in Paragraph 29 as they relate to Liberty, ERSIC lacks sufficient information to admit
24 or deny those allegations and on that basis, denies those allegations.

25     30.    ERSIC admits the allegations in Paragraph 30 of the Complaint.

26     31.    With respect to the allegations in Paragraph 31 of the Complaint, ERSIC denies
27 that Plaintiffs fully and completely set forth the contents of the Court's January 20, 2005 Order
28 and as such, denies the allegations.

32. With respect to the allegations in Paragraph 32 of the Complaint, ERSIC denies that Plaintiffs fully and completely set forth the contents of the Stipulation referenced therein and as such, denies the allegations.

33. With respect to the first sentence of Paragraph 33 of the Complaint, ERSIC denies that LensCrafters has fully and accurately set forth the contents of the November 22, 2005 Amended Judgment, and as such, denies the allegations. ERSIC admits the allegations in the second sentence of Paragraph 33 of the Complaint.

34. Upon information and belief, ERSIC admits the allegations in the first sentence of Paragraph 34 of the Complaint. With respect to the remaining allegations in Paragraph 34 of the Complaint, ERSIC is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies the remaining allegations.

35. With respect to Paragraph 35 of the Complaint, ERSIC admits that LensCrafters requested that ERSIC contribute its remaining policy limits to fund a settlement of the *Snow* Action. ERSIC denies that it has refused to contribute its remaining policy limits to fund a settlement in the *Snow* Action. With respect to the remaining allegations in Paragraph 35 of the Complaint, ERSIC is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies the remaining allegations

36. ERSIC admits the allegations in Paragraph 36 of the Complaint.

37. ERSIC repeats and incorporates its responses to Paragraphs 1–36 of the Complaint.

38. With respect to the first sentence of Paragraph 38 of the Complaint, ERSIC denies the allegations as they relate to ERSIC, but admits the allegations as they relate to the other defendants. The second sentence of Paragraph 38 of the Complaint states a legal conclusion, and as such, no further response is required. To the extent a response is required, ERSIC denies the allegations.

39. With respect to the first sentence of Paragraph 39 of the Complaint, ERSIC denies the allegations as they relate to ERSIC. ERSIC is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 39 and

on that basis, denies the remaining allegations. The second and third sentences of Paragraph 39 of the Complaint purport to describe the relief sought by LensCrafters in this action, to which no response is required. To the extent any response is required, ERSIC denies the allegations.

40. ERSIC admits the allegations in Paragraph 40 of the Complaint.

41. Each and every allegation of the Complaint not expressly admitted herein is denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against ERSIC upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred or limited by operation of Policy Endorsement No. 11, which provides that the ERSIC Policy "shall be excess of and shall not contribute with: (a) Commercial General Liability Insurance Policy No RG2-681-004130-031 issued by Liberty or any renewal or replacement thereof, but only with respect to **Managed Care Activities**; (b) any other existing insurance or self-insurance, unless such other insurance or self-insurance is specifically stated to be in excess of this Policy; and (c) any indemnification to which an **Insured** is entitled from any entity other than the **Insured Entity**."

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred or limited because ERSIC's obligation, if any, to indemnify Plaintiffs for the *Snow* Action does not arise unless and until the applicable limits of liability available under the underlying Liberty Policies are exhausted.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred or limited by the doctrines of res judicata, law of the case, and/or collateral estoppel, by reason of the findings, orders and judgments entered in the action captioned *LensCrafters, Inc., et al. v. Liberty Mut. Fire Ins. Co.*, et al., No. C 04-1001 SBA (N.D. Cal.).

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred or limited by the doctrines of equitable contribution and/or equitable indemnity.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred or limited by operation of law holding that ERSIC's duty as an excess insurer to indemnify is only triggered once the applicable Liberty Policies are exhausted.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim against ERSIC is barred or limited to the extent ERSIC's policy limits have been depleted or exhausted through the payment of Claims.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred or limited by operation of Policy Section II(J)(2), which excludes coverage for "matters which are uninsurable under applicable law."

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred by the doctrines of estoppel and waiver.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred or limited to the extent that Plaintiffs' own action, or the actions of any third party, including the defendants in this lawsuit other than ERSIC, diminished Plaintiffs' right to the relief sought in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or limited by operation of Policy Section III(A)(1), which excludes coverage for "**Loss** from any **Claim** brought about or contributed to in fact by: (1) any willful misconduct or dishonest, fraudulent, criminal or malicious act, error or omission by any **Insured**."

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or limited by operation of Policy Section III(A)(2), which excludes coverage for "**Loss** from any **Claim** brought about or contributed to in fact by: ... (2) any willful violation by any **Insured** of any law, statute, ordinance, rule or regulation."

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or limited by operation of Policy Section III(A)(3), which excludes coverage for "**Loss** from any **Claim** brought about or contributed to in fact by: … (3) any **Insured** gaining any profit, remuneration or advantage to which such **Insured** was not legally entitled."

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or limited by operation of Policy Section II(J)(1), which excludes coverage for "fines, penalties, taxes, and punitive, exemplary or multiplied damages."

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or limited by operation of Policy Section II(J)(2), which excludes coverage for "non-monetary relief or redress in any form, including without limitation the cost of complying with any injunctive, declaratory or administrative relief."

### SEVENTEENTH AFFIRMATIVE DEFENSE

Coverage for any "Additional Insureds" is barred or limited by operation of Policy Endorsement No. 5, which limits coverage "to any actual or alleged act, error or omission in the performing of, or failure to perform, Managed Care Organization Business Activities by any Insured other than an Additional Insured."

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that the application or negotiations for the Policy included materially false, inaccurate, incomplete, or otherwise misleading statements, representations or omissions, ERSIC would be entitled to a declaration that the Policy is *void ab initio*.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs seek to recover amounts within the retention of the Policy.

### TWENTIETH AFFIRMATIVE DEFENSE

The defenses set forth herein reflect ERSIC's assessment based on the information of which ERSIC is currently aware. ERSIC expressly reserves, and does not waive any defenses to

coverage under applicable law and the Policy, regardless of when such defenses to coverage may have arisen or may arise.

WHEREFORE, ERSIC prays for judgment as follows:

1. That the Court enter judgment in ERSIC's favor and against Plaintiffs;
2. That Plaintiffs take nothing by their Complaint against ERSIC;
3. That the Court award ERSIC the costs of this litigation; and
4. For such other and further relief as the Court deems just and proper.

Date: September 4, 2007

Respectfully submitted,

ROSS, DIXON & BELL, LLP

/s/ Terrence R. McInnis
Terrence R. McInnis

and

Monique M. Fuentes
Siavash Daniel Rashtian

*Attorneys for Defendant Executive Risk Specialty Insurance Company*