Terrence R. McInnis (#155416)
(tmcinnis@rdblaw.com)
Siavash Daniel Rashtian (#228644)
(drashtian@rdblaw.com)
ROSS, DIXON & BELL, LLP
5 Park Plaza, Suite 1200
Irvine, California 92614-8529
Telephone: (949) 622-2700
Facsimile: (949) 622-2739

Monique M. Fuentes (#205501)
(mfuentes@rdblaw.com)
ROSS, DIXON & BELL, LLP
2001 K Street, NW
Washington, DC 20006-1040
Telephone: (202) 662-2000
Facsimile: (202) 662-2190

*Attorneys for Cross-Defendant*
*Executive Risk Specialty Insurance Company*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LENSCRAFTERS, INC., and EYEXAM OF CALIFORNIA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY and WESTCHESTER FIRE INSURANCE COMPANY,<br><br>Defendants.<br><br>AND RELATED COUNTER AND CROSS-ACTIONS | No. C07-02853 SBA<br><br>[Related Case No. C 04-01001 SBA]<br><br>**EXECUTIVE RISK SPECIALTY INSURANCE COMPANY'S ANSWER TO WESTCHESTER FIRE INSURANCE COMPANY'S CROSS-CLAIM** |

Cross-Defendant Executive Risk Specialty Insurance Company ("ERSIC"), by and through its counsel, answers Cross-Claimant Westchester Fire Insurance Company's ("Westchester") Cross-Claim against ERSIC in this action, as follows:

1.  Paragraph 1 of the Cross-Claim purports to describe the relief sought by Westchester in this action, to which no response is required. To the extent any response is required, ERSIC denies the allegations.

2.  ERSIC admits the allegations in Paragraph 2 of the Cross-Claim.

3.  Upon information and belief, ERSIC admits the allegations in Paragraph 3 of the Cross-Claim.

4.  Upon information and belief, ERSIC admits the allegations in Paragraph 4 of the Cross-Claim.

5.  With respect to Paragraph 5 of the Cross-Claim, upon information and belief, ERSIC admits that Eyexam is a California corporation. Upon information and belief ERSIC denies that Eyexam's principal place of business is in Ohio.

6.  Upon information and belief, ERSIC admits the allegations in Paragraph 6 of the Cross-Claim, except to deny that Liberty's principal place of business is unknown.

7.  With respect to Paragraph 7 of the Cross-Claim, ERSIC admits that it is a Connecticut corporation, but denies that its principal place of business is unknown.

8.  Upon information and belief, ERSIC admits the allegations in Paragraph 8 of the Cross-Claim, except to deny that U.S. Fire's principal place of business is unknown.

9.  Upon information and belief, ERSIC admits the allegations in Paragraph 9 of the Cross-Claim, except to deny that Markel American's principal place of business is unknown.

10. ERSIC admits the allegations in Paragraph 10 of the Cross-Claim.

11. Paragraph 11 of the Cross-Claim states a legal conclusion to which no response is required. To the extent a response is required, ERSIC admits that venue is proper in the Northern District of California.

12. With respect to the allegations in Paragraph 12 of the Cross-Claim, ERSIC denies that Westchester fully and accurately sets forth the contents of the complaint in the *Snow* Action, and as such, denies the allegations.

13. Upon information and belief, ERSIC admits the allegations in Paragraph 13 of the Cross-Claim.

14. The allegations in Paragraph 14 of the Cross-Claim are ambiguous or incomplete, or purport to characterize Liberty's policies, which terms speak for themselves, and on these bases, ERSIC denies the allegations in Paragraph 14 of the Cross-Claim.

15. With respect to Paragraph 15, ERSIC admits that it issued Managed Care Organization Errors and Omissions Policy for the November 12, 2001 to November 12, 2002 Policy Period. The remaining allegations in Paragraph 15 of the Cross-Claim are inaccurate, ambiguous or incomplete, or purport to characterize ERSIC's policy, which terms speak for themselves, and on these bases, ERSIC denies the remaining allegations in Paragraph 15 of the Cross-Claim.

16. The allegations in Paragraph 16 of the Cross-Claim are ambiguous or incomplete, or purport to characterize U.S. Fire's policies, which terms speak for themselves, and on these bases, ERSIC denies the allegations in Paragraph 16 of the Cross-Claim.

17. The allegations in Paragraph 17 of the Cross-Claim are ambiguous or incomplete, or purport to characterize Markel's policy, which terms speak for themselves, and on these bases, ERSIC denies the allegations in Paragraph 17 of the Cross-Claim.

18. The allegations in Paragraph 18 of the Cross-Claim are ambiguous or incomplete, or purport to characterize Westchester's Policy No. MEA 675648, which terms speak for themselves, and on these bases, ERSIC denies the allegations in Paragraph 18 of the Cross-Claim.

19. The allegations in Paragraph 19 of the Cross-Claim are ambiguous or incomplete, or purport to characterize Westchester Policy Nos. CUA-150963, CUA-706488, CUW-774410 and CUW-785695, which terms speak for themselves, and on these bases, ERSIC denies the allegations in Paragraph 19 of the Cross-Claim.

20. ERSIC repeats and incorporates its responses to Paragraphs 1-19 of the Cross-Claim.

21. ERSIC admits the allegations in the first sentence of Paragraph 21 of the Cross-Claim. The remaining allegations in Paragraph 21 of the Cross-Claim purport to describe the positions taken by and between Westchester and the Plaintiffs, to which no response is required. To the extent any response is required, ERSIC denies the allegations.

1      22.    ERSIC denies the allegations in Paragraph 22 of the Cross-Claim, including all subparts contained therein.

    23.    Paragraph 23 of the Cross-Claim purports to describe the relief sought by Westchester, to which no response is required. To the extent any response is required, ERSIC denies the allegations and denies that Westchester is entitled to the relief it seeks

    24.    ERSIC repeats and incorporates its responses to Paragraphs 1-19 of the Cross-Claim.

    25.    ERSIC denies the allegations in the first sentence of Paragraph 25 of the Cross-Claim. The remaining allegations in Paragraph 25 purport to describe the relief sought by Westchester, to which no response is required. To the extent any response is required, ERSIC denies the allegations and denies that Westchester is entitled to the relief it seeks

    26.    Paragraph 26 purports to describe the relief sought by Westchester, to which no response is required. To the extent any response is required, ERSIC denies the allegations and denies that Westchester is entitled to the relief it seeks

    27.    Each and every allegation of the Cross-Claim not expressly admitted herein is denied.

<div align="center"><b><u>FIRST AFFIRMATIVE DEFENSE</u></b></div>

The Cross-Claim fails to state a claim against ERSIC upon which relief may be granted.

<div align="center"><b><u>SECOND AFFIRMATIVE DEFENSE</u></b></div>

Westchester's claim is barred or limited by operation of ERSIC Policy Endorsement No. 11, which provides that the ERSIC Policy "shall be excess of and shall not contribute with: (a) Commercial General Liability Insurance Policy No RG2-681-004130-031 issued by Liberty Mutual or any renewal or replacement thereof, but only with respect to **Managed Care Activities**; (b) any other existing insurance or self-insurance, unless such other insurance or self-insurance is specifically stated to be in excess of this Policy; and (c) any indemnification to which an **Insured** is entitled from any entity other than the **Insured Entity**."

<div align="center"><b><u>THIRD AFFIRMATIVE DEFENSE</u></b></div>

Westchester's claim is barred or limited because ERSIC's obligation, if any, to indemnify

Plaintiffs for the *Snow* Action does not arise unless and until the applicable limits of liability available under the underlying Liberty Policies are exhausted.

## FOURTH AFFIRMATIVE DEFENSE

Westchester's claim is barred or limited by the doctrines of res judicata, law of the case, and/or collateral estoppel, by reason of the findings, orders and judgments entered in the action captioned *LensCrafters, Inc., et al. v. Liberty Mut. Fire Ins. Co.*, et al., No. C 04-1001 SBA (N.D. Cal.).

## FIFTH AFFIRMATIVE DEFENSE

Westchester's claim is barred or limited by the doctrines of equitable contribution and/or equitable indemnity.

## SIXTH AFFIRMATIVE DEFENSE

Westchester's claim is barred or limited by operation of law holding that ERSIC's duty as an excess insurer to indemnify is only triggered once the applicable Liberty Policies are exhausted, and then ERSIC's obligation to indemnify, if any, shall be shared equitably with any other excess insurers.

## SEVENTH AFFIRMATIVE DEFENSE

Westchester's claim against ERSIC is barred or limited to the extent ERSIC's policy limits have been depleted or exhausted through the payment of Claims.

## EIGHTH AFFIRMATIVE DEFENSE

Westchester's claim is barred or limited by operation of ERSIC Policy Section II(J)(2), which excludes coverage for "matters which are uninsurable under applicable law."

## NINTH AFFIRMATIVE DEFENSE

Westchester's claim is barred by the doctrines of estoppel and waiver.

## TENTH AFFIRMATIVE DEFENSE

Westchester's claim is barred or limited to the extent that Westchester's own action, or the actions of any third party, including the defendants in this lawsuit other than ERSIC, diminished Westchester's right to the relief sought in the Cross-Claim.

### ELEVENTH AFFIRMATIVE DEFENSE

Westchester's claims are barred by the doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

Westchester's claims are barred or limited by operation of ERSIC Policy Section III(A)(1), which excludes coverage for "**Loss** from any **Claim** brought about or contributed to in fact by: (1) any willful misconduct or dishonest, fraudulent, criminal or malicious act, error or omission by any **Insured**."

### THIRTEENTH AFFIRMATIVE DEFENSE

Westchester's claims are barred or limited by operation of ERSIC Policy Section III(A)(2), which excludes coverage for "**Loss** from any **Claim** brought about or contributed to in fact by: … (2) any willful violation by any **Insured** of any law, statute, ordinance, rule or regulation."

### FOURTEENTH AFFIRMATIVE DEFENSE

Westchester's claims are barred or limited by operation of ERSIC Policy Section III(A)(3), which excludes coverage for "**Loss** from any **Claim** brought about or contributed to in fact by: … (3) any **Insured** gaining any profit, remuneration or advantage to which such **Insured** was not legally entitled."

### FIFTEENTH AFFIRMATIVE DEFENSE

Westchester's claims are barred or limited by operation of ERSIC Policy Section II(J)(1), which excludes coverage for "fines, penalties, taxes, and punitive, exemplary or multiplied damages."

### SIXTEENTH AFFIRMATIVE DEFENSE

Westchester's claims are barred or limited by operation of ERSIC Policy Section II(J)(2), which excludes coverage for "non-monetary relief or redress in any form, including without limitation the cost of complying with any injunctive, declaratory or administrative relief."

### SEVENTEENTH AFFIRMATIVE DEFENSE

Coverage for any "Additional Insureds" is barred or limited by operation of ERSIC Policy Endorsement No. 5, which limits coverage "to any actual or alleged act, error or omission in the

performing of, or failure to perform, Managed Care Organization Business Activities by any Insured other than an Additional Insured."

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that the application or negotiations for the ERSIC Policy included materially false, inaccurate, incomplete, or otherwise misleading statements, representations or omissions, ERSIC would be entitled to a declaration that the ERSIC Policy is *void ab initio*.

### NINETEENTH AFFIRMATIVE DEFENSE

Westchester's claims are barred to the extent it seeks to contribution or allocation of amounts within the retention of the ERSIC Policy.

### TWENTIETH AFFIRMATIVE DEFENSE

The defenses set forth herein reflect ERSIC's assessment based on the information of which ERSIC is currently aware. ERSIC expressly reserves, and does not waive any defenses to coverage under applicable law and the Policy, regardless of when such defenses to coverage may have arisen or may arise.

WHEREFORE, ERSIC prays for judgment as follows:

1. That the Court declare that Liberty is obligated to indemnify its Insureds for any settlement or judgment in the *Snow* Action, and amount of its available limits;

2. That the Court declare that any obligation of ERSIC to indemnify its Insureds for any settlement or judgment in the *Snow* Action is excess to Liberty's duty to indemnify under Liberty's applicable policies, and is not triggered unless and until the applicable Liberty policy limits are exhausted;

3. That the Court declare that Westchester, Markel American and U.S. Fire are obligated to indemnify their Insureds for any settlement or judgment in the *Snow* Action;

4. That the Court declare that if ERSIC is found to have a duty to indemnify its Insureds for any settlement or judgment in the *Snow* Action, that ERSIC is and shall be entitled to share equitably in such indemnification with Westchester, Markel American and U.S. Fire;

5. That the Court award ERSIC the costs of this litigation; and

6. For such other and further relief as the Court deems just and proper.

Date: September 4, 2007

Respectfully submitted,

ROSS, DIXON & BELL, LLP

/s/ Terrence R. McInnis
Terrence R. McInnis

and

Monique M. Fuentes
Siavash Daniel Rashtian

*Attorneys for Defendant, Counterclaimant, and Cross-Complainant Executive Risk Specialty Insurance Company*