Terrence R. McInnis (#155416)
   (tmcinnis@rdblaw.com)
Siavash Daniel Rashtian (#228644)
   (drashtian@rdblaw.com)
ROSS, DIXON & BELL, LLP
5 Park Plaza, Suite 1200
Irvine, California 92614-8529
Telephone: (949) 622-2700
Facsimile: (949) 622-2739

Monique M. Fuentes (#205501)
   (mfuentes@rdblaw.com)
ROSS, DIXON & BELL, LLP
2001 K Street, NW
Washington, DC 20006-1040
Telephone: (202) 662-2000
Facsimile: (202) 662-2190

*Attorneys for Cross-Defendant*
*Executive Risk Specialty Insurance Company*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LENSCRAFTERS, INC., and EYEXAM OF CALIFORNIA, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY and WESTCHESTER FIRE INSURANCE COMPANY,<br><br>    Defendants.<br><br>AND RELATED COUNTER AND CROSS-ACTIONS | No. C07-02853 SBA<br><br>[Related Case No. C 04-01001 SBA]<br><br>**EXECUTIVE RISK SPECIALTY INSURANCE COMPANY'S ANSWER TO MARKEL AMERICAN INSURANCE COMPANY'S CROSS-COMPLAINT** |

Cross-Defendant Executive Risk Specialty Insurance Company ("ERSIC"), by and through its counsel, answers Cross-Complainant Markel American Insurance Company's ("Markel") Cross-Complaint in this action, as follows:

1.      1.    With respect to Paragraph 1 of the Cross-Complaint, ERSIC denies that Markel has fully and accurately set forth the contents of Plaintiffs' Complaint in this action, and as such, denies the allegations.

2.      2.    Paragraph 2 of the Cross-Complaint purports to describe the relief sought by Markel in this action, to which no response is required. To the extent any response is required, ERSIC denies the allegations and denies that Markel is entitled to the relief sought.

3.      3.    Upon information and belief, ERSIC admits the allegations in Paragraph 3 of the Cross-Complaint.

4.      4.    Upon information and belief, ERSIC admits the allegations in Paragraph 4 of the Cross-Complaint.

5.      5.    Upon information and belief, ERSIC admits the allegations in Paragraph 5 of the Cross-Complaint.

6.      6.    With respect to Paragraph 6 of the Cross-Complaint, upon information and belief, ERSIC admits that Liberty's principal place of business is Massachusetts and that it is licensed to transact property and casualty insurance in California, but denies the remaining allegations.

7.      7.    ERSIC admits that its principal place of business is in New Jersey and that it is authorized to transact business in California. ERSIC denies the remaining allegations in Paragraph 7 of the Cross-Complaint.

8.      8.    Upon information and belief, ERSIC admits the allegations in Paragraph 8 of the Cross-Complaint.

9.      9.    Upon information and belief, ERSIC admits the allegations in Paragraph 9 of the Cross-Complaint.

10.     ERSIC admits the allegations in Paragraph 10 of the Cross-Complaint.

11.     With respect to the allegations in Paragraph 11 of the Cross-Complaint, ERSIC denies that Markel fully and accurately sets forth the contents of the complaint in the *Snow* Action, and as such, denies the allegations.

12.     ERSIC admits the allegations in Paragraph 12 of the Cross-Complaint.

13. The allegations in Paragraph 13 of the Cross-Complaint are ambiguous or incomplete, or purport to characterize Markel's policy, which terms speak for themselves, and on these bases, ERSIC denies the allegations in Paragraph 13 of the Cross-Complaint.

14. The allegations in Paragraph 14 of the Cross-Complaint are ambiguous or incomplete, or purport to characterize Liberty's policies, which terms speak for themselves, and on these bases, ERSIC denies the allegations in Paragraph 14 of the Cross-Complaint.

15. With respect to Paragraph 15 of the Cross-Complaint, ERSIC admits that it issued Managed Care Organization Errors and Omissions Liability Policy to Plaintiffs for the November 1, 2001 to November 1, 2002 policy period. The remaining allegations in Paragraph 15 of the Cross-Complaint are inaccurate, ambiguous or incomplete, or purport to characterize ERSIC's policy, which terms speak for themselves, and on these bases, ERSIC denies the allegations in Paragraph 15 of the Cross-Complaint.

16. The allegations in Paragraph 16 of the Cross-Complaint are ambiguous or incomplete, or purport to characterize U.S. Fire's policies, which terms speak for themselves, and on these bases, ERSIC denies the allegations in Paragraph 16 of the Cross-Complaint.

17. The allegations in Paragraph 17 of the Cross-Complaint are ambiguous or incomplete, or purport to characterize Westchester's policies, which terms speak for themselves, and on these bases, ERSIC denies the allegations in Paragraph 17 of the Cross-Complaint.

18. With respect to Paragraph 18 of the Cross-Complaint, ERSIC admits that Plaintiffs' have sought coverage for the *Snow* Action. ERSIC denies that the remaining allegations in Paragraph 18 of the Cross-Complaint fully and accurately set forth the matters at issue in Case No. C 04-1001 SBA (U.S.D.C. N.D. Cal.) (hereafter the "Coverage Action").

19. With respect to the allegations in Paragraph 19 of the Cross-Complaint, ERSIC denies that the allegations therein fully and accurately describe the contents of the Court's Order granting Plaintiffs' motion for partial summary judgment in the Coverage Action, and on this basis, ERSIC denies the allegations in Paragraph 19 of the Cross-Complaint.

20. With respect to the allegations in Paragraph 20 of the Cross-Complaint, ERSIC admits that in the Coverage Action, the Court held that the ERSIC Policy was excess to the

applicable Liberty Policies. The remaining allegations in Paragraph 20 of the Cross-Complaint do not fully and accurately describe the contents of the Court's Order, and on this basis, ERSIC denies the remaining allegations in Paragraph 20 of the Cross-Complaint.

21. ERSIC denies that the allegations in Paragraph 21 of the Cross-Complaint fully and accurately describe the contents of the Stipulation and Order entered by the Court, and on this basis, ERSIC denies the allegations in Paragraph 21 of the Cross-Complaint.

22. ERSIC repeats and incorporates its responses to Paragraphs 1-21 of the Cross-Complaint.

23. ERSIC admits the allegations in Paragraph 23 of the Cross-Complaint, but denies that Liberty's contentions, as described therein, are correct.

24. ERSIC denies the allegations in Paragraph 24 of the Cross-Complaint fully and accurately describe ERSIC's position with respect to its rights, duties and obligations, and on that basis, denies the allegations therein.

25. ERSIC lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 25 of the Cross-Complaint and on that basis, denies those allegations.

26. ERSIC admits the allegations in Paragraph 26 of the Cross-Complaint, but denies that Westchester's and U.S. Fire's contentions, as described therein, are correct.

27. With respect to Paragraph 27 of the Cross-Complaint, ERSIC denies that Markel is entitled to the declaration it seeks as to ERSIC or the other cross-defendants.

28. ERSIC admits the allegations in Paragraph 28 of the Cross-Complaint, but denies that Markel is entitled to the declaration it seeks as to ERSIC or the other cross-defendants.

29. Each and every allegation of the Cross-Complaint not expressly admitted herein is denied.

### FIRST AFFIRMATIVE DEFENSE

The Cross-Complaint fails to state a claim against ERSIC upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Markel's claims are barred or limited by operation of ERSIC Policy Endorsement No. 11, which provides that the ERSIC Policy "shall be excess of and shall not contribute with: (a) Commercial General Liability Insurance Policy No RG2-681-004130-031 issued by Liberty Mutual or any renewal or replacement thereof, but only with respect to **Managed Care Activities**; (b) any other existing insurance or self-insurance, unless such other insurance or self-insurance is specifically stated to be in excess of this Policy; and (c) any indemnification to which an **Insured** is entitled from any entity other than the **Insured Entity**."

## THIRD AFFIRMATIVE DEFENSE

Markel's claims are barred or limited because ERSIC's obligation, if any, to indemnify Plaintiffs for the *Snow* Action does not arise unless and until the applicable limits of liability available under the underlying Liberty Policies are exhausted.

## FOURTH AFFIRMATIVE DEFENSE

Markel's claims are barred or limited by the doctrines of res judicata, law of the case, and/or collateral estoppel, by reason of the findings, orders and judgments entered in the action captioned *LensCrafters, Inc., et al. v. Liberty Mut. Fire Ins. Co.*, et al., No. C 04-1001 SBA (N.D. Cal.).

## FIFTH AFFIRMATIVE DEFENSE

Markel's claims are barred or limited by the doctrines of equitable contribution and/or equitable indemnity.

## SIXTH AFFIRMATIVE DEFENSE

Markel's claims are barred or limited by operation of law holding that ERSIC's duty as an excess insurer to indemnify is only triggered once the applicable Liberty Policies are exhausted, and then ERSIC's obligation to indemnify, if any, shall be shared equitably with any other excess insurers.

## SEVENTH AFFIRMATIVE DEFENSE

Markel's claims are barred or limited to the extent ERSIC's policy limits have been depleted or exhausted through the payment of Claims.

### EIGHTH AFFIRMATIVE DEFENSE

Markel's claims are barred or limited by operation of ERSIC Policy Section II(J)(2), which excludes coverage for "matters which are uninsurable under applicable law."

### NINTH AFFIRMATIVE DEFENSE

Markel's claims are barred by the doctrines of estoppel and waiver.

### TENTH AFFIRMATIVE DEFENSE

Markel's claims are barred or limited to the extent that Markel's own action, or the actions of any third party, including the defendants in this lawsuit other than ERSIC, diminished Markel's right to the relief sought in the Cross-Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

Markel's claims are barred by the doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

Markel's claims are barred or limited by operation of ERSIC Policy Section III(A)(1), which excludes coverage for "**Loss** from any **Claim** brought about or contributed to in fact by: (1) any willful misconduct or dishonest, fraudulent, criminal or malicious act, error or omission by any **Insured**."

### THIRTEENTH AFFIRMATIVE DEFENSE

Markel's claims are barred or limited by operation of ERSIC Policy Section III(A)(2), which excludes coverage for "**Loss** from any **Claim** brought about or contributed to in fact by: … (2) any willful violation by any **Insured** of any law, statute, ordinance, rule or regulation."

### FOURTEENTH AFFIRMATIVE DEFENSE

Markel's claims are barred or limited by operation of ERSIC Policy Section III(A)(3), which excludes coverage for "**Loss** from any **Claim** brought about or contributed to in fact by: … (3) any **Insured** gaining any profit, remuneration or advantage to which such **Insured** was not legally entitled."

#### FIFTEENTH AFFIRMATIVE DEFENSE

Markel's claims are barred or limited by operation of ERSIC Policy Section II(J)(1), which excludes coverage for "fines, penalties, taxes, and punitive, exemplary or multiplied damages."

#### SIXTEENTH AFFIRMATIVE DEFENSE

Markel's claims are barred or limited by operation of ERSIC Policy Section II(J)(2), which excludes coverage for "non-monetary relief or redress in any form, including without limitation the cost of complying with any injunctive, declaratory or administrative relief."

#### SEVENTEENTH AFFIRMATIVE DEFENSE

Coverage for any "Additional Insureds" is barred or limited by operation of ERSIC Policy Endorsement No. 5, which limits coverage "to any actual or alleged act, error or omission in the performing of, or failure to perform, Managed Care Organization Business Activities by any Insured other than an Additional Insured."

#### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that the application or negotiations for the ERSIC Policy included materially false, inaccurate, incomplete, or otherwise misleading statements, representations or omissions, ERSIC would be entitled to a declaration that the ERSIC Policy is *void ab initio*.

#### NINETEENTH AFFIRMATIVE DEFENSE

Markel's claims are barred to the extent it seeks to contribution or allocation of amounts within the retention of the ERSIC Policy.

#### TWENTIETH AFFIRMATIVE DEFENSE

The defenses set forth herein reflect ERSIC's assessment based on the information of which ERSIC is currently aware. ERSIC expressly reserves, and does not waive any defenses to coverage under applicable law and the Policy, regardless of when such defenses to coverage may have arisen or may arise.

WHEREFORE, ERSIC prays for judgment as follows:

1.     That the Court declare that Liberty is obligated to indemnify its Insureds for any settlement or judgment in the *Snow* Action, and amount of its available limits;

2. That the Court declare that any obligation of ERSIC to indemnify its Insureds for any settlement or judgment in the *Snow* Action is excess to Liberty's duty to indemnify under Liberty's applicable policies, and is not triggered unless and until the applicable Liberty policy limits are exhausted;

3. That the Court declare that Markel, Westchester and U.S. Fire are obligated to indemnify their Insureds for any settlement or judgment in the *Snow* Action;

4. That the Court declare that if ERSIC is found to have a duty to indemnify its Insureds for any settlement or judgment in the *Snow* Action, that ERSIC is and shall be entitled to share equitably in such indemnification with Markel, Westchester and U.S. Fire;

5. That the Court award ERSIC the costs of this litigation; and

6. For such other and further relief as the Court deems just and proper.

Date: September 4, 2007

Respectfully submitted,

ROSS, DIXON & BELL, LLP

    */s/ Terrence R. McInnis*
Terrence R. McInnis

and

Monique M. Fuentes
Siavash Daniel Rashtian

*Attorneys for Cross-Defendant*
*Executive Risk Specialty Insurance Company*