ALEXANDER F. STUART - 96141
WILLOUGHBY, STUART & BENING, INC.
50 W. San Fernando St., Suite 400
San Jose, California 95113
(408) 289-1972
Facsimile: (408) 295-6375

Attorneys for Defendant
LIBERTY MUTUAL FIRE INSURANCE
COMPANY

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENSCRAFTERS, INC. AND EYEXAM OF CALIFORNIA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> LIBERTY MUTUAL FIRE INSURANCE CO.; EXECUTIVE RISK SPECIALTY INS. CO.; UNITED STATES FIRE INS. CO.; MARKEL AMERICAN INS. CO.; AND WESCHESTER FIRE INS. CO., <br><br> Defendants. | No. C-07-2853 SBA <br><br> **ANSWER OF LIBERTY MUTUAL FIRE INSURANCE COMPANY TO COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Defendant Liberty Mutual Fire Insurance Company ("Liberty") answers Plaintiffs' Complaint as follows:

### INTRODUCTION

1. Liberty admits that it sold insurance policies naming Plaintiffs as insureds, and that such policies include a duty to indemnify, but only with respect to covered damages and only where certain conditions are met. Liberty denies that all material terms of its policies are alleged in the Complaint. Liberty lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 1 of the Complaint, and on that basis denies each and every allegation contained therein.

2. Liberty admits that Plaintiffs have been sued in the *Snow* Action, and that Plaintiffs

brought Case No. C 04-1001 SBA against Liberty in 2004 concerning insurance coverage for the *Snow* Action. Liberty further admits that the trial court ruled in Case No. C 04-1001 SBA that two of Plaintiffs' insurers had a duty to defend the *Snow* Action. Liberty further admits that Case No. C 04-1001 SBA did not resolve the duty to indemnify the *Snow* Action. Liberty lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 2 of the Complaint, and on that basis denies each and every allegation contained therein.

3. Liberty admits that some parties are presently involved in mediation through which they are attempting to reach a settlement. Liberty objects to each and every allegation of Paragraph 3 which purports to disclose communications made in the course of such mediation, which communications are confidential and privileged under California law, and on that basis denies all such allegations. Liberty lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 3 of the Complaint, and on that basis denies each and every allegation contained therein.

4. Liberty admits that there is a dispute between Plaintiffs and its insurers concerning the duty to indemnify Plaintiffs with respect to the *Snow* Action, but denies that the dispute is an actual justiciable controversy at this time. Liberty denies that any insurer acknowledges that one or more insurers owes a duty to indemnify the *Snow* Action, and on that basis denies that there is a dispute among the insurers as to which insurer(s) must indemnify. Liberty lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 4 of the Complaint, and on that basis denies each and every allegation contained therein.

**THE PARTIES**

5. Liberty admits on information and belief the allegations of Paragraph 5 of the Complaint.

6. Liberty admits on information and belief the allegations of Paragraph 6 of the Complaint.

7. Liberty admits the allegations of Paragraph 7 of the Complaint.

8. Liberty lacks sufficient information or belief as to the truth of the allegations of Paragraph 8 of the Complaint, and on that basis denies each and every allegation contained therein.

9. Liberty lacks sufficient information or belief as to the truth of the allegations of Paragraph 9 of the Complaint, and on that basis denies each and every allegation contained therein.

10. Liberty lacks sufficient information or belief as to the truth of the allegations of Paragraph 10 of the Complaint, and on that basis denies each and every allegation contained therein.

11. Liberty lacks sufficient information or belief as to the truth of the allegations of Paragraph 11 of the Complaint, and on that basis denies each and every allegation contained therein.

## JURISDICTION

12. Liberty denies there is an actual justiciable controversy within the meaning of 28 U.S.C. § 2201. Liberty lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 12 of the Complaint, and on that basis denies each and every allegation contained therein.

13. Liberty admits that venue is proper in the Northern District of California once the dispute between Plaintiffs and its insurers ripens into an actual justiciable controversy. Liberty denies that it is proper to bring an action to declare the duty to indemnify before the *Snow* Action has resolved by court-approved settlement or judgment.

## FACTUAL ALLEGATIONS

14. Liberty admits that it issued policies of insurance naming Plaintiffs as insured. Liberty denies that all material terms of its policies are alleged in the Complaint. Liberty lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 14 of the Complaint, and on that basis denies each and every allegation contained therein.

15. Liberty denies that Plaintiffs have complied with all terms and conditions precedent of Liberty's policies with respect to the duty to indemnify, and denies that Plaintiffs are entitled to the benefit of indemnity prior to the entry of a court-approved settlement or judgment in the *Snow* Action. Liberty lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 15 of the Complaint, and on that basis denies each and every allegation contained therein.

16. Liberty admits that it issued the referenced policies (collectively "Liberty Mutual Policies") naming Plaintiffs as insureds. Except as admitted herein, Liberty denies each and every allegation contained in Paragraph 16 of the Complaint.

17. Liberty admits that LensCrafters, Inc. and EYEXAM are each a named insured under the Liberty Mutual Policies. The remaining allegations of Paragraph 17 of the Complaint are incomplete with respect to the material terms of the Liberty Mutual Policies, which policies speak for themselves, and which the court is respectfully invited to read for their contents. Liberty admits that the Liberty Mutual Policies include a provision that Liberty will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury," but only with respect to "personal injury" covered by its policies and only where certain conditions are met. Liberty further admits that the term "personal injury" is defined to include injury arising out of the oral or written publication of material that violates a person's right of privacy. Liberty also admits that each of its policies has a limit of liability of $3 million for each occurrence, but subject to a non-cumulation of limits provision, and that each of its policies has an aggregate limit of $6 million. Except as admitted herein, Liberty denies each and every allegation contained in Paragraph 17 of the Complaint.

18. Liberty admits on information and belief the allegations of Paragraph 18 of the Complaint.

19. Liberty admits on information and belief the allegations of Paragraph 19 of the Complaint.

20. Liberty admits on information and belief that U.S. Fire issued umbrella policies for the alleged policy periods. Liberty lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 20 of the Complaint, and on that basis denies each and every allegation contained therein.

21. Liberty admits on information and belief that the U.S. Fire policies each contain $25 million policy limits. Liberty lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 21 of the Complaint, and on that basis denies each and every allegation contained therein.

22. Liberty admits on information and belief that Markel issued an umbrella policy for the alleged policy period. Liberty lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 22 of the Complaint, and on that basis denies each and every allegation

contained therein.

23. Liberty admits on information and belief that the Markel policy contains a $15 million policy limit. Liberty lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 23 of the Complaint, and on that basis denies each and every allegation contained therein.

24. Liberty admits on information and belief that Westchester issued an excess umbrella policy for the alleged policy period and that the excess umbrella policy contains a $10 million policy limit. Liberty lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 24 of the Complaint, and on that basis denies each and every allegation contained therein.

25. Liberty admits on information and belief that Westchester issued umbrella policies for the alleged policy period. Liberty lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 25 of the Complaint, and on that basis denies each and every allegation contained therein.

26. Liberty admits on information and belief that the Westchester umbrella policies each contain $25 million policy limits. Liberty lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 26 of the Complaint, and on that basis denies each and every allegation contained therein.

27. Liberty admits the allegations of Paragraph 27 of the Complaint, except for the last sentence. Liberty admits that LensCrafters, Inc. and EYEXAM are defendants in the *Snow* Action, but denies that they are the only defendants at present.

28. Liberty admits that the current operative complaint in the *Snow* Action includes allegations that Plaintiffs disclosed private medical information of the putative plaintiff class in violation of the Confidentiality of Medical Information Act, and that the purported disclosure is alleged to have occurred during the periods of the Defendants' policies. Except as admitted herein, Liberty denies each and every allegation of Paragraph 28 of the Complaint.

29. Liberty admits that Plaintiffs gave timely notice of the *Snow* Action to the Defendants, that Plaintiffs requested that Liberty and ERSIC defend the *Snow* Action, that Liberty and ERSIC agreed to pay certain defense costs under reservation of rights, and that both insurers contended

they had no duty to defend. Except as admitted herein, Liberty denies each and every allegation of Paragraph 29 of the Complaint.

30. Liberty admits the allegations of Paragraph 30 of the Complaint.

31. Liberty admits that the trial court in Case No. C 04-1001 SBA ruled that both Liberty and ERSIC owed a duty to defend the *Snow* Action. The contents of the Court's order speak for themselves, and the court is respectfully invited to read the order for its contents. Liberty denies each allegation of Paragraph 31 of the Complaint that is contrary to the contents of the order. Except as admitted herein, Liberty denies each and every allegation of Paragraph 31 of the Complaint.

32. Liberty admits that Plaintiffs' claims for indemnity in Case No. C 04-1001 SBA were dismissed without prejudice, by stipulation of the parties, on grounds that they were unripe for adjudication at that time. The remaining allegations of Paragraph 32 of the Complaint fail to completely set forth the terms of the stipulation and order, although Liberty admits that any party to the stipulation could file a new action to adjudicate the dismissed claims once they became ripe, and that such action must be filed in the Federal District Court for the Northern District of California. Except as admitted herein, Liberty denies each and every allegation of Paragraph 32 of the Complaint.

33. Liberty admits that the trial court in Case No. C 04-1001 SBA entered an Amended Judgment on November 22, 2005 declaring, among other things, that Liberty and ERSIC owed a duty to defend the *Snow* Action. Liberty further admits that it has appealed from that judgment, and that the appeal is currently pending before the Ninth Circuit. Except as admitted herein, Liberty denies each and every allegation of Paragraph 33 of the Complaint.

34. Liberty admits that the parties to the *Snow* Action are presently involved in settlement discussions and mediation sessions in which they are trying to settle the action. Liberty lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 34 of the Complaint, and on that basis denies each and every allegation contained therein.

35. Liberty admits that it has raised coverage defenses with respect to the duty to indemnify the *Snow* Action. Liberty objects to each and every allegation of Paragraph 35 of the Complaint which purports to disclose communications made in the course of mediation, which communications are confidential and privileged under California law, and on that basis denies all such

allegations. Liberty lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 35 of the Complaint, and on that basis denies each and every allegation contained therein.

36. Liberty denies each and every allegation of Paragraph 36 of the Complaint on grounds that there is not a present justiciable controversy with respect to the duty to indemnify Plaintiffs with respect to the *Snow* Action.

## FIRST CLAIM FOR RELIEF
## DECLARATORY JUDGMENT RE DEFENDANTS' DUTY TO INDEMNIFY

37. Liberty repeats and incorporates its responses to Paragraphs 1 through 36 of the Complaint.

38. Liberty denies each and every allegation of Paragraph 38 of the Complaint as it relates to Liberty and the Liberty Mutual Policies. Liberty lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 38 of the Complaint, and on that basis denies each and every allegation contained therein.

39. Liberty objects to each and every allegation of Paragraph 39 which purports to disclose communications made in the course of mediation, which communications are confidential and privileged under California law, and on that basis denies such allegations, and further denies that Plaintiffs are entitled to any of the declarations sought. Liberty lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 39 of the Complaint, and on that basis denies each and every allegation contained therein.

40. Liberty denies each and every allegation of Paragraph 40 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

41. The Complaint fails to state a claim against Liberty upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

42. The claims asserted in the Complaint are barred, in whole or in part, by the terms, conditions, provisions and exclusions in the Liberty Mutual Policies.

## THIRD AFFIRMATIVE DEFENSE

43. There presently is no justiciable controversy between Plaintiffs and any Defendant with respect to the duty to indemnify either Plaintiff in the *Snow* Action, and on that basis this action

should be dismissed for lack of ripeness.

### FOURTH AFFIRMATIVE DEFENSE

44. Liberty has no obligation under any of the Liberty Mutual Policies to the extent that the insureds under such policies have voluntarily made payments, assumed obligations or incurred expenses without prior approval by Liberty.

### FIFTH AFFIRMATIVE DEFENSE

45. Each of the applicable Liberty policies, if any, contains a non-cumulation of limits provision. This provision limits the total recovery of the insureds under all of the applicable Liberty policies, if any, to no more than one per occurrence limit, or $3 million, for any one given occurrence, regardless of how many policies are triggered by that one occurrence.

### SIXTH AFFIRMATIVE DEFENSE

46. The claims asserted in the *Snow* Action constitute no more than one "occurrence" as that term is defined in the applicable Liberty policies.

### SEVENTH AFFIRMATIVE DEFENSE

47. Liberty has no obligation to indemnify under any of the Liberty Mutual Policies to the extent that the relief sought in the *Snow* Action does not constitute "damages" as that term is used in the Liberty Mutual Policies.

### EIGHTH AFFIRMATIVE DEFENSE

48. Liberty has no obligation to indemnify under any of the Liberty Mutual Policies to the extent that any damages awarded to the plaintiffs in the *Snow* Action do not compensate an injury arising from the violation of the Confidentiality of Medical Information Act.

### NINTH AFFIRMATIVE DEFENSE

49. Liberty has no obligation to indemnify under any of the Liberty Mutual Policies to the extent that any damages awarded to the plaintiffs in the *Snow* Action do not compensate an injury arising from the publication of material that violates a person's right of privacy.

### TENTH AFFIRMATIVE DEFENSE

50. Liberty has no obligation to indemnify under any of the Liberty Mutual Policies to the extent that liability is imposed in the *Snow* Action for an injury that was not fortuitous.

### ELEVENTH AFFIRMATIVE DEFENSE

51. Liberty has no obligation to indemnify under any of the Liberty Mutual Policies to the extent that any injury was expected by the insured when it violated the Confidentiality of Medical Information Act.

### TWELFTH AFFIRMATIVE DEFENSE

52. The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of waiver and estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

53. Liberty has no obligation to indemnify in excess of the applicable limit of the applicable Liberty policies, if any, and therefore Liberty can have no obligation to indemnify any legal liabilities to pay damages in excess of such limit. Even if it is determined that other insurers breached an opportunity to settle within the collective (primary and excess) limits of insurance available to Plaintiffs, Liberty's obligation to indemnify can be no greater than the amount of the applicable limit of its applicable policies.

### FOURTEENTH AFFIRMATIVE DEFENSE

54. Liberty has no obligation to indemnify under any of the Liberty Mutual Policies to the extent that any damages awarded to the plaintiffs in the *Snow* Action arise from electronic publication of material.

### FIFTEENTH AFFIRMATIVE DEFENSE

55. Liberty has no obligation to indemnify under any of the Liberty Mutual Policies to the extent that any relief awarded to the plaintiffs in the *Snow* Action includes punitive damages, fines and/or penalties.

### SIXTEENTH AFFIRMATIVE DEFENSE

56. Liberty reserves the right to assert additional defenses which cannot now be asserted due to incompleteness of Plaintiffs' allegations and/or the lack of discovery on the issues raised in the Complaint. Liberty does not waive any defenses to coverage under the Liberty Mutual Policies or applicable law.

WHEREFORE, Liberty prays for judgment as follows:

1. That the Court enter judgment in favor of Liberty and against Plaintiffs, and each of them;

2. That Plaintiffs take nothing by their Complaint against Liberty;

3. That the Court award Liberty its costs of suit incurred in this action; and

4. That the Court award such other and further relief as it deems just and proper.\

DATED: September 5, 2007                    WILLOUGHBY, STUART & BENING

By: _____
ALEXANDER F. STUART
Attorneys for Defendant,
LIBERTY MUTUAL FIRE INSURANCE COMPANY

**DEMAND FOR JURY TRIAL**

Defendant Liberty Mutual Fire Insurance Company hereby demands trial by jury as allowed by Rule 38 of the Federal Rules of Civil Procedure.

DATED: September 5, 2007                    WILLOUGHBY, STUART & BENING

By: _____
ALEXANDER F. STUART
Attorneys for Defendant,
LIBERTY MUTUAL FIRE INSURANCE COMPANY