1  ALEXANDER F. STUART - 96141
   WILLOUGHBY, STUART & BENING, INC.
2  50 W. San Fernando St., Suite 400
   San Jose, California 95113
3  (408) 289-1972
   Facsimile: (408) 295-6375
4

5  Attorneys for Defendant and Cross-Defendant,
   LIBERTY MUTUAL FIRE INSURANCE
6  COMPANY

7

8              IN THE UNITED STATES DISTRICT COURT

9         IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 LENSCRAFTERS, INC. AND EYEXAM      ) No. C-07-2853 SBA
   OF CALIFORNIA, INC.,               )
11                                    )
              Plaintiff,              )
12                                    )
   vs.                                ) **ANSWER OF LIBERTY MUTUAL FIRE**
13                                    ) **INSURANCE COMPANY TO THE**
   LIBERTY MUTUAL FIRE INSURANCE      ) **CROSS-CLAIM OF WESTCHESTER**
14 CO.; EXECUTIVE RISK SPECIALTY INS. ) **FIRE INSURANCE COMPANY**
   CO.; UNITED STATES FIRE INS. CO.;  )
15 MARKEL AMERICAN INS. CO.; AND      )
   WESCHESTER FIRE INS. CO.,          ) **DEMAND FOR JURY TRIAL**
16                                    )
              Defendants.             )
17                                    )
   _____)
18                                    )
   WESTCHESTER FIRE INSURANCE         )
19 COMPANY,                           )
                                      )
20         Counter-Claimant and       )
           Cross Claimant,            )
21                                    )
   vs.                                )
22                                    )
                                      )
23 LENSCRAFTERS, INC; EYEXAM OF       )
   CALIFORNIA, INC.,                  )
24                                    )
           Counter Defendants,        )
25                                    )
                                      )
26 LIBERTY MUTUAL FIRE INSURANCE      )
   CO.; EXECUTIVE RISK SPECIALTY INS. )
27 CO.; UNITED                        )
                                      )
28                                    )
                                      )

ANSWER OF LIBERTY MUTUAL FIRE
INSURANCE COMPANY TO THE CROSS-
CLAIM OF WESTCHESTER FIRE
INSURANCE COMPANY                   1

1  STATES FIRE INS. CO.; MARKEL                )
   AMERICAN INS. CO.                            )
2                                               )
                                                )
3          Cross-Defendants                     )
                                                )
4  _____)

Cross-Defendant Liberty Mutual Fire Insurance Company ("Liberty") answers Westchester Fire Insurance Company's ("Westchester") Cross-Claim against Liberty as follows:

## INTRODUCTION

1. Paragraph 1 of the Cross-Claim describes the relief sought by Westchester in this action, to which no response is required. To the extent that any response is deemed required, Liberty denies each and every allegation contained in Paragraph 1.

2. Liberty admits that there is a dispute among Westchester, LensCrafters, Eyexam and the other insurers concerning insurance coverage, if any, for the *Snow* Action, but it denies that the dispute is an actual justiciable controversy for which a declaratory judgment is appropriate at this time. Except as admitted herein, Liberty denies each and every allegation of Paragraph 2.

## THE PARTIES

3. Liberty lacks sufficient information or belief as to the truth of the allegations of Paragraph 3, and on that basis denies each and every allegation contained therein.

4. Liberty admits on information and belief the allegations of Paragraph 4.

5. Liberty admits on information and belief that Eyexam is a California corporation. Liberty denies on information and belief that Eyexam's principal place of business is in Ohio.

6. Liberty admits that it is a Massachusetts corporation. Liberty denies that its principal place of business is unknown.

7. Liberty lacks sufficient information or belief as to the truth of the allegations of Paragraph 7, and on that basis denies each and every allegation contained therein.

8. Liberty lacks sufficient information or belief as to the truth of the allegations of Paragraph 8, and on that basis denies each and every allegation contained therein.

9. Liberty lacks sufficient information or belief as to the truth of the allegations of Paragraph 9, and on that basis denies each and every allegation contained therein.

## JURISDICTION

10. Liberty denies there is an actual justiciable controversy within the meaning of 28 U.S.C. § 2201. Liberty lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 10, and on that basis denies each and every allegation contained therein.

11. Liberty admits that venue is proper in the Northern District of California once the dispute between Plaintiffs and its insurers ripens into an actual justiciable controversy. Liberty denies that it is proper to bring an action to declare the duty to indemnify before the *Snow* Action has resolved by court-approved settlement or judgment.

## FACTUAL BACKGROUND

12. Liberty admits that the current operative complaint in the *Snow* Action includes causes of action for violation of the California Unfair Business Practices Act, the California Consumer Legal Remedies Act, and the California Confidentiality of Medical Information Act. Liberty further admits that the current operative complaint alleges that optometrists and opticians were unlawfully co-located in stores operated by LensCrafters in California, and that said complaint alleges that confidential patient information was improperly shared with employees of LensCrafters. Liberty further admits that the *Snow* Action seeks injunctive relief, compensatory damages (but only where actual injury is proved) and other forms of relief. Except as herein admitted, Liberty denies each and every allegation of Paragraph 12.

13. Liberty admits on information and belief the allegations of Paragraph 13.

14. Liberty admits that it issued the Liberty Mutual Policies for the policy periods alleged. Liberty also admits that each of its policies has a limit of liability of $3 million for each occurrence, but subject to a non-cumulation of limits provision, and that each of its policies has an aggregate limit of $6 million. Except as admitted herein, Liberty denies each and every allegation of Paragraph 14.

15. Liberty admits on information and belief the allegations of Paragraph 15.

16. Liberty admits on information and belief that U.S. Fire issued umbrella policies for the alleged policy periods, each with liability limits of $25 million. Liberty lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 16, and on that basis

1  denies each and every allegation contained therein.

2      17.    Liberty admits on information and belief that Markel issued an umbrella policy for the alleged policy period with a liability limit of $15 million. Liberty lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 17, and on that basis denies each and every allegation contained therein.

    18.    Liberty admits on information and belief that Westchester issued an excess umbrella policy for the alleged policy period with a liability limit of $10 million. Liberty lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 18, and on that basis denies each and every allegation contained therein.

    19.    Liberty admits on information and belief that Westchester issued umbrella policies for the alleged policy periods, each with liability limits of $25 million. Liberty lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 19, and on that basis denies each and every allegation contained therein.

### FIRST CLAIM FOR RELIEF FOR DECLARATORY RELIEF

    20.    Liberty repeats and incorporates its responses to Paragraphs 1 through 19 of the Cross-Claim.

    21.    Liberty denies that an actual justiciable controversy exists between Westchester and Plaintiffs relative to the duty to indemnify the *Snow* Action. . Liberty lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 21, and on that basis denies each and every allegation contained therein.

    22.    Liberty lacks sufficient information or belief as to the truth of the allegations of Paragraph 22, and on that basis denies each and every allegation contained therein.

    23.    The first sentence of Paragraph 23 describes the relief sought by Westchester, to which no response is required. To the extent that any response is deemed required, Liberty denies each and every allegation contained in the first sentence of Paragraph 23. Liberty denies that a declaration of rights is appropriate at this time on grounds that there is not a present justiciable controversy with respect to the duty to indemnify Plaintiffs with respect to the *Snow* Action. Liberty lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 23, and

ANSWER OF LIBERTY MUTUAL FIRE
INSURANCE COMPANY TO THE CROSS-
CLAIM OF WESTCHESTER FIRE
INSURANCE COMPANY    4

on that basis denies each and every allegation contained therein.

## SECOND CLAIM OF RELIEF FOR DECLARATORY RELIEF

24.   Liberty repeats and incorporates its responses to Paragraphs 1 through 19 of the Cross-Claim.

25.   Liberty lacks sufficient information or belief as to the truth of the allegations of the first sentence of Paragraph 25, and on that basis denies each and every allegation contained therein.  Liberty denies that a declaration of the respective coverage in the respective insurance policies issued by the various insurer Cross-Defendants is necessary with regard to indemnity coverage for the *Snow* Action because the issue of coverage is not ripe for determination.

26.   The first sentence of Paragraph 26 describes the relief sought by Westchester, to which no response is required.  To the extent that any response is deemed required, Liberty denies each and every allegation contained in the first sentence of Paragraph 26.  Liberty denies that a declaration of rights is appropriate at this time on grounds that there is not a present justiciable controversy with respect to the duty to indemnify Plaintiffs with respect to the *Snow* Action.  Liberty lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 26 and on that basis denies each and every allegation contained therein.

## FIRST AFFIRMATIVE DEFENSE

27.   The Cross-Claim fails to state a claim against Liberty upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

28.   The claims asserted in the Cross-Claim are barred, in whole or in part, by the terms, conditions, provisions and exclusions in the Liberty Mutual Policies.

## THIRD AFFIRMATIVE DEFENSE

29.   There presently is no justiciable controversy between Plaintiffs and any Defendant with respect to the duty to indemnify either Plaintiff in the *Snow* Action, and on that basis this action, including the Cross-Claim, should be dismissed for lack of ripeness.

## FOURTH AFFIRMATIVE DEFENSE

30.   Liberty has no obligation under any of the Liberty Mutual Policies to the extent that

the insureds under such policies have voluntarily made payments, assumed obligations or incurred expenses without prior approval by Liberty.

### FIFTH AFFIRMATIVE DEFENSE

31.  Each of the applicable Liberty policies, if any, contains a non-cumulation of limits provision. This provision limits the total recovery of the insureds under all of the applicable Liberty policies, if any, to no more than one per occurrence limit, or $3 million, for any one given occurrence, regardless of how many policies are triggered by that one occurrence.

### SIXTH AFFIRMATIVE DEFENSE

32.  The claims asserted in the *Snow* Action constitute no more than one "occurrence" as that term is defined in the applicable Liberty policies.

### SEVENTH AFFIRMATIVE DEFENSE

33.  Liberty has no obligation to indemnify under any of the Liberty Mutual Policies to the extent that the relief sought in the *Snow* Action does not constitute "damages" as that term is used in the Liberty Mutual Policies.

### EIGHTH AFFIRMATIVE DEFENSE

34.  Liberty has no obligation to indemnify under any of the Liberty Mutual Policies to the extent that any damages awarded to the plaintiffs in the *Snow* Action do not compensate an injury arising from the violation of the Confidentiality of Medical Information Act.

### NINTH AFFIRMATIVE DEFENSE

35.  Liberty has no obligation to indemnify under any of the Liberty Mutual Policies to the extent that any damages awarded to the plaintiffs in the *Snow* Action do not compensate an injury arising from the publication of material that violates a person's right of privacy.

### TENTH AFFIRMATIVE DEFENSE

36.  Liberty has no obligation to indemnify under any of the Liberty Mutual Policies to the extent that liability is imposed in the *Snow* Action for an injury that was not fortuitous.

### ELEVENTH AFFIRMATIVE DEFENSE

37.  Liberty has no obligation to indemnify under any of the Liberty Mutual Policies to the extent that any injury was expected by the insured when it violated the Confidentiality of

Medical Information Act.

**TWELFTH AFFIRMATIVE DEFENSE**

38. The claims asserted in the Cross-Claim are barred, in whole or in part, by the doctrines of waiver and estoppel.

**THIRTEENTH AFFIRMATIVE DEFENSE**

39. Liberty has no obligation to indemnify in excess of the applicable limit of the applicable Liberty policies, if any, and therefore Liberty can have no obligation to pay any legal liabilities to pay damages in excess of such limit. Even if it is determined that other insurers breached an opportunity to settle within the collective (primary and excess) limits of insurance available to Plaintiffs, Liberty's obligation to indemnify can be no greater than the amount of the applicable limit of its applicable policies.

**FOURTEENTH AFFIRMATIVE DEFENSE**

40. Liberty has no obligation to indemnify under any of the Liberty Mutual Policies to the extent that any damages awarded to the plaintiffs in the *Snow* Action arise from electronic publication of material.

**FIFTEENTH AFFIRMATIVE DEFENSE**

41. Liberty has no obligation to indemnify under any of the Liberty Mutual Policies to the extent that any relief awarded to the plaintiffs in the *Snow* Action includes punitive damages, fines and/or penalties.

**SIXTEENTH AFFIRMATIVE DEFENSE**

42. The claims asserted in the Cross-Claim are barred by the equitable doctrine of unclean hands.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

43. Liberty reserves the right to assert additional defenses which cannot now be asserted due to incompleteness of Plaintiffs' allegations and/or the lack of discovery on the issues raised in the Complaint. Liberty does not waive any defenses to coverage under the Liberty Mutual Policies or applicable law.

WHEREFORE, Liberty prays for judgment as follows:

1. That the Court enter judgment in favor of Liberty and against Westchester;
2. That Westchester take nothing by its CrossClaim against Liberty;
3. That the Court award Liberty its costs of suit incurred in this action; and
4. That the Court award such other and further relief as it deems just and proper.

Dated: September 5, 2007

WILLOUGHBY, STUART & BENING

By: _____
ALEXANDER F. STUART
Attorneys for LIBERTY MUTUAL
FIRE INSURANCE COMPANY

## DEMAND FOR JURY TRIAL

Defendant Liberty Mutual Fire Insurance Company hereby demands trial by jury as allowed by Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 5, 2007

WILLOUGHBY, STUART & BENING

By: _____
ALEXANDER F. STUART
Attorneys for LIBERTY MUTUAL
FIRE INSURANCE COMPANY

ANSWER OF LIBERTY MUTUAL FIRE INSURANCE COMPANY TO THE CROSS-CLAIM OF WESTCHESTER FIRE INSURANCE COMPANY

8