ALEXANDER F. STUART - 96141
WILLOUGHBY, STUART & BENING, INC.
50 W. San Fernando St., Suite 400
San Jose, California 95113
(408) 289-1972
Facsimile: (408) 295-6375

Attorneys for Defendant and Cross-Defendant,
LIBERTY MUTUAL FIRE INSURANCE COMPANY

# IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENSCRAFTERS, INC. AND EYEXAM OF CALIFORNIA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> LIBERTY MUTUAL FIRE INSURANCE CO.; EXECUTIVE RISK SPECIALTY INS. CO.; UNITED STATES FIRE INS. CO., MARKEL AMERICAN INSURANCE COMPANY; AND WESCHESTER FIRE INS. CO., <br><br> Defendants. <br><br>――――――――――――――――――― <br><br> MARKEL AMERICAN INSURANCE COMPANY, <br><br> Cross-Complainants, <br><br> vs. <br><br> LENSCRAFTERS, INC. AND EYEXAM OF CALIFORNIA, INC.; LIBERTY MUTUAL FIRE INSURANCE CO.; EXECUTIVE RISK SPECIALTY INS. CO.; UNITED STATES FIRE INS. CO., AND WESCHESTER FIRE INS. CO., <br><br> Cross-Complaint Defendants | No. C-07-2853 SBA <br><br> **ANSWER OF LIBERTY MUTUAL FIRE INSURANCE COMPANY TO CROSS-CLAIM OF MARKEL AMERICAN INSURANCE COMPANY** <br><br> **DEMAND FOR JURY TRIAL** |

ANSWER TO CROSS-CLAIM OF MARKEL
AMERICAN INSURANCE COMPANY                1

Cross-Defendant Liberty Mutual Fire Insurance Company ("Liberty") answers Markel American Insurance Company's (Markel") Cross-Claim against Liberty as follows:

## INTRODUCTION

1. Paragraph 1 of the Cross-Claim misstates the nature of the complaint filed by Plaintiffs, who seek a declaration of the duty to indemnify, and on that basis Liberty denies each and every allegation of Paragraph 1.

2. Paragraph 2 describes the relief sought by Markel in this action, to which no response is required. To the extent that any response is deemed required, Liberty denies each and every allegation contained in Paragraph 2.

3. Liberty lacks sufficient information or belief as to the truth of the allegations of Paragraph 3, and on that basis denies each and every allegation contained therein.

4. Liberty admits on information and belief the allegations of Paragraph 4.

5. Liberty admits on information and belief the allegations of Paragraph 5.

6. Liberty admits that its principal place of business is Boston, Massachusetts and that it is licensed to transact property and casualty insurance in California. Except as admitted herein, Liberty denies each and every allegation of Paragraph 6.

7. Liberty lacks sufficient information or belief as to the truth of the allegations of Paragraph 7, and on that basis denies each and every allegation contained therein.

8. Liberty lacks sufficient information or belief as to the truth of the allegations of Paragraph 8, and on that basis denies each and every allegation contained therein.

9. Liberty lacks sufficient information or belief as to the truth of the allegations of Paragraph 9, and on that basis denies each and every allegation contained therein.

## JURISDICTION

10. Liberty admits on information and belief that the claims asserted in the Cross-Claim are related to the claims alleged by Plaintiffs in their Complaint, but denies that the Court has jurisdiction under 28 U.S.C. 1367 and 2201 on grounds that there is no actual justiciable controversy.

## THE UNDERLYING LITIGATION

11. Liberty admits that the *Snow* Action is a putative class action which asserts claims under California's Unfair Business Practices Act, Consumer Legal Remedies Act and Confidentiality of Medical Information Act. The remaining allegations are ambiguous and incomplete with respect to the nature of said claims, and/or mischaracterize said claims, and on that basis Liberty denies each and every allegation contained therein.

12. Liberty admits on information and belief the allegations of Paragraph 12.

## THE POLICIES

13. Liberty admits on information and belief that Markel issued an umbrella policy for the alleged policy period. Liberty lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 13, and on that basis denies each and every allegation contained therein.

14. Liberty admits that it issued the Liberty policies for the policy periods alleged. Liberty also admits that each of its policies has a limit of liability of $3 million for each occurrence, but subject to a non-cumulation of limits provision, and that each of its policies has an aggregate limit of $6 million. Except as admitted herein, Liberty denies each and every allegation of Paragraph 14.

15. Liberty admits on information and belief the allegations of Paragraph 15.

16. Liberty admits on information and belief that U.S. Fire issued umbrella policies for the alleged policy periods, each with liability limits of $25 million. Liberty lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 16, and on that basis denies each and every allegation contained therein.

17. Liberty admits on information and belief that Westchester issued umbrella policies for the alleged policy periods, each with liability limits of $25 million. Liberty lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 17, and on that basis denies each and every allegation contained therein.

## PRIOR COVERAGE ACTION

18. Liberty admits the allegations of the first sentence of Paragraph 18. The second

sentence is a case citation to which no response is required. To the extent that a response is deemed required, Liberty denies each and every allegation of the second sentence of Paragraph 18.

19. Liberty admits the allegations of Paragraph 19 to the extent that they describe rulings of the trial court in Case No. C 04-1001 SBA, some of which are on appeal to the Ninth Circuit. Except as admitted herein, Liberty denies each and every allegation of Paragraph 19.

20. Liberty admits the allegations of Paragraph 20 to the extent that they describe a ruling of the trial court in Case No. C 04-1001 SBA that is now on appeal to the Ninth Circuit. Except as admitted herein, Liberty denies each and every allegation of Paragraph 20.

21. Liberty admits that the parties to Case No. C 04-1001 SBA stipulated to dismiss LensCrafters' claims for indemnity, without prejudice, on grounds that they were not yet ripe for adjudication. Except as admitted herein, Liberty denies each and every allegation of Paragraph 21.

### FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

22. Liberty repeats and incorporates its responses to Paragraphs 1 through 19 of the Cross-Claim.

23. Liberty admits that if an obligation to indemnify under any of its policies is found after liability in the *Snow* Action is determined, then such obligation cannot exceed $3 million. Except as admitted herein, Liberty denies each and every allegation of Paragraph 23.

24. Liberty lacks sufficient information or belief as to the truth of the allegations of Paragraph 24, and on that basis denies each and every allegation contained therein.

25. Liberty lacks sufficient information or belief as to the truth of the allegations of Paragraph 25, and on that basis denies each and every allegation contained therein.

26. Liberty lacks sufficient information or belief as to the truth of the allegations of Paragraph 26, and on that basis denies each and every allegation contained therein.

27. Paragraph 27 describes the relief sought by Markel in this action, to which no response is required. To the extent that any response is deemed required, Liberty denies each and every allegation contained in Paragraph 27.

28. Liberty denies each and every allegation of Paragraph 28.

ANSWER TO CROSS-CLAIM OF MARKEL
AMERICAN INSURANCE COMPANY                4

## FIRST AFFIRMATIVE DEFENSE

27. The Cross-Claim fails to state a claim against Liberty upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

28. The claims asserted in the Cross-Claim are barred, in whole or in part, by the terms, conditions, provisions and exclusions in the Liberty Mutual Policies.

## THIRD AFFIRMATIVE DEFENSE

29. There presently is no justiciable controversy between Plaintiffs and any Defendant with respect to the duty to indemnify either Plaintiff in the *Snow* Action, and on that basis this action, including the Cross-Claim, should be dismissed for lack of ripeness.

## FOURTH AFFIRMATIVE DEFENSE

30. Liberty has no obligation under any of the Liberty Mutual Policies to the extent that the insureds under such policies have voluntarily made payments, assumed obligations or incurred expenses without prior approval by Liberty.

## FIFTH AFFIRMATIVE DEFENSE

31. Each of the applicable Liberty policies, if any, contains a non-cumulation of limits provision. This provision limits the total recovery of the insureds under all of the applicable Liberty policies, if any, to no more than one per occurrence limit, or $3 million, for any one given occurrence, regardless of how many policies are triggered by that one occurrence.

## SIXTH AFFIRMATIVE DEFENSE

32. The claims asserted in the *Snow* Action constitute no more than one "occurrence" as that term is defined in the applicable Liberty policies.

## SEVENTH AFFIRMATIVE DEFENSE

33. Liberty has no obligation to indemnify under any of the Liberty Mutual Policies to the extent that the relief sought in the *Snow* Action does not constitute "damages" as that term is used in the Liberty Mutual Policies.

## EIGHTH AFFIRMATIVE DEFENSE

34. Liberty has no obligation to indemnify under any of the Liberty Mutual Policies to

the extent that any damages awarded to the plaintiffs in the *Snow* Action do not compensate an injury arising from the violation of the Confidentiality of Medical Information Act.

### NINTH AFFIRMATIVE DEFENSE

35. Liberty has no obligation to indemnify under any of the Liberty Mutual Policies to the extent that any damages awarded to the plaintiffs in the *Snow* Action do not compensate an injury arising from the publication of material that violates a person's right of privacy.

### TENTH AFFIRMATIVE DEFENSE

36. Liberty has no obligation to indemnify under any of the Liberty Mutual Policies to the extent that liability is imposed in the *Snow* Action for an injury that was not fortuitous.

### ELEVENTH AFFIRMATIVE DEFENSE

37. Liberty has no obligation to indemnify under any of the Liberty Mutual Policies to the extent that any injury was expected by the insured when it violated the Confidentiality of Medical Information Act.

### TWELFTH AFFIRMATIVE DEFENSE

38. The claims asserted in the Cross-Claim are barred, in whole or in part, by the doctrines of waiver and estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

39. Liberty has no obligation to indemnify in excess of the applicable limit of the applicable Liberty policies, if any, and therefore Liberty can have no obligation to pay any legal liabilities to pay damages in excess of such limit. Even if it is determined that other insurers breached an opportunity to settle within the collective (primary and excess) limits of insurance available to Plaintiffs, Liberty's obligation to indemnify can be no greater than the amount of the applicable limit of its applicable policies.

### FOURTEENTH AFFIRMATIVE DEFENSE

40. Liberty has no obligation to indemnify under any of the Liberty Mutual Policies to the extent that any damages awarded to the plaintiffs in the *Snow* Action arise from electronic publication of material.

### FIFTEENTH AFFIRMATIVE DEFENSE

41. Liberty has no obligation to indemnify under any of the Liberty Mutual Policies to the extent that any relief awarded to the plaintiffs in the *Snow* Action includes punitive damages, fines and/or penalties.

### SIXTEENTH AFFIRMATIVE DEFENSE

42. The claims asserted in the Cross-Claim are barred by the equitable doctrine of unclean hands.

### SEVENTEENTH AFFIRMATIVE DEFENSE

43. Liberty reserves the right to assert additional defenses which cannot now be asserted due to incompleteness of Plaintiffs' allegations and/or the lack of discovery on the issues raised in the Cross-Claim. Liberty does not waive any defenses to coverage under the Liberty Mutual Policies or applicable law.

WHEREFORE, Liberty prays for judgment as follows:

1. That the Court enter judgment in favor of Liberty and against Markel;
2. That Markel take nothing by its CrossClaim against Liberty;
3. That the Court award Liberty its costs of suit incurred in this action; and
4. That the Court award such other and further relief as it deems just and proper.

DATED: September 5, 2007                                WILLOUGHBY, STUART & BENING

By:_____

ALEXANDER F. STUART
Attorneys for Defendant, and Cross-Defendant, LIBERTY MUTUAL FIRE INSURANCE COMPANY

**DEMAND FOR JURY TRIAL**

Defendant Liberty Mutual Fire Insurance Company hereby demands trial by jury as allowed by Rule 38 of the Federal Rules of Civil Procedure.

DATED: September 5, 2007                           WILLOUGHBY, STUART & BENING

By: _____
ALEXANDER F. STUART
Attorneys for Defendant, and Cross-Defendant, LIBERTY MUTUAL FIRE INSURANCE COMPANY