1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LENSCRAFTERS, INC.; and EYEXAM OF CALIFORNIA, INC., <br><br>        Plaintiffs, <br><br>   v. <br><br> LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY; and WESTCHESTER FIRE INSURANCE COMPANY, <br><br>        Defendants. | Case No.: C-07-02853 SBA <br><br> **JOINT REPORT OF DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)** <br><br> Conference Date: September 12, 2007 <br> Time:   3:45 p.m. <br> Via Telephone <br> The Hon. Saundra Brown Armstrong |
| AND RELATED COUNTER- AND CROSS-CLAIMS | |

JOINT REPORT OF PROPOSED DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. RULE 26(F), CASE NO.
C 07-02853 SBA

1.   Pursuant to Federal Rule of Civil Procedure 26(f), counsel for the undersigned parties met by telephone on August 14, 2007.  The participants were:

- Celia M. Jackson, Esq., Heller Ehrman LLP, attorneys for plaintiffs and counter-defendants LensCrafters, Inc. and EYEXAM of California, Inc. (together "LensCrafters");

- Alexander F. Stuart, Esq., Willoughby, Stuart & Bening, Inc., attorneys for defendant and cross-defendant Liberty Mutual Fire Insurance Company;

- Terrence McInnis, Esq., Ross, Dixon & Bell LLP, attorneys for defendant and cross-defendant Executive Risk Specialty Insurance Company;

- Robert D. Dennison, Esq., Harris, Green & Dennison, attorneys for defendant, cross-claimant and cross-defendant Westchester Fire Insurance Company;

- Chip Cox, Esq., Long & Levit LLP, attorneys for defendant, cross-claimant and cross-defendant Markel American Insurance Company; and

- Amy E. Rose, Esq., Squire, Sanders & Dempsey LLP, attorneys for defendant and cross-defendant United States Fire Insurance Company.

2.   <u>Protective Order</u>.  The parties intend to negotiate a Stipulated Protective Order relating, as necessary, to the production of confidential information, which will be submitted to the Court shortly for approval and entry.

3.   <u>Rule 26(a)(1) Disclosures</u>.  Rule 26(a)(1) initial disclosures are currently due on September 5, 2007.  The parties have agreed, however, that they will exchange initial disclosures on September 11, 2007, before the scheduled Case Management Conference.  The parties agree to amend their initial disclosures as required in a timely manner if the Court grants LensCrafters' pending Motion To Amend Complaint, which is scheduled to be heard on October 2, 2007.

4.   <u>Discovery Plan</u>.  LensCrafters contends that discovery should begin in accordance with the Federal Rules, which would permit discovery to commence after the filing of this discovery plan on September 5.  Defendants intend to ask the Court for a stay of discovery until after it has ruled on U.S. Fire's Motion To Dismiss or in the Alternative, Stay this Action, which is scheduled to be heard on September 18, 2007.  Defendants propose that the Court schedule a Case

1

Case 4:07-cv-02853-SBA    Document 71    Filed 09/05/2007    Page 3 of 5

Management Conference within ten days after the Court issues its ruling, prior to which the parties

will meet and confer about a discovery schedule and propose a more detailed Discovery Plan to the

Court at that conference, including a completion date for all discovery, including expert discovery.

The parties have, however, agreed to certain discovery provisions, as set forth below:

(a) <u>Depositions</u>. The parties agree that the provisions of the Federal Rules of Civil

Procedure shall govern with respect to the total number of depositions permitted in this action. All

parties reserve their rights to ask the Court to amend this Discovery Plan and conduct additional

depositions as necessary.

(b) <u>Document Requests</u>. The parties agree that the provisions of the Federal Rules

of Civil Procedure shall govern with respect to limits on requests for production of documents

permitted in this action. All parties have reserved their rights to ask the Court to amend this

Discovery Plan and conduct additional requests for documents as necessary.

(c) <u>Other Discovery</u>. The parties agree that other forms of discovery shall be

governed by the Federal Rules of Civil Procedure. All parties reserve their rights to ask the Court

to amend this Discovery Plan and limit discovery as necessary and appropriate.

(d) <u>Subjects of Discovery</u>. Discovery is contemplated on the following subjects:

(i) The *Snow* Action, including but not limited to issues related to liability, damages, and violations

of the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56 *et seq*

("COMIA"); (ii) discovery conducted in the *Snow* Action; (iii) the business practices of

LensCrafters that form the basis of the COMIA claims alleged in *Snow*; (iv) the underwriting of the

insurance contracts; (v) defendants' investigation, claims handling and analysis of coverage of the

*Snow* Action; (vi) defendants' coverage of other actions alleging COMIA or other privacy claims;

and (vii) any other subjects that the parties find relevant. Additionally, to the extent the Court

grants LensCrafters' Motion To Amend, LensCrafters expects that it will conduct additional

discovery related specifically to claims regarding breach of the covenant of good faith and fair

dealing. All parties reserve their rights to object to discovery sought by any other party on all

grounds including but not limited to relevance and privilege.

(e) <u>Completion Date</u>. Plaintiffs propose that non-expert discovery be completed by

2

JOINT REPORT OF PROPOSED DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. RULE 26(F), CASE NO.
C 07-02853 SBA

1   June 2, 2008.  Defendants object that it is premature to set a completion date for non-expert

2   discovery at this time in light of the pending motion to dismiss this case and LensCrafters' motion

3   for leave to amend its complaint.  Defendants propose that the parties suggest an appropriate

4   discovery completion date at the next case management conference, if necessary.

5           5.      Other Items.

6           The parties hereto agree that extensions or amendments to the Discovery Plan may be made

7   only by order of the Court.

8   DATED:  September 5, 2007          Respectfully submitted,

9                                      HELLER EHRMAN LLP

10

11                                     By /s/ Celia M. Jackson

12                                         Celia M. Jackson

13                                     Attorneys for Plaintiffs
                                       LENSCRAFTERS, INC. and EYEXAM OF
14                                     CALIFORNIA, INC.

15  DATED:  September 5, 2007          WILLOUGHBY, STUART & BENING, INC.

16

17                                     By /s/ Alexander F. Stuart

18                                         Alexander F. Stuart

19                                     Attorneys for Defendant
                                       LIBERTY MUTUAL FIRE INSURANCE COMPANY
20

21  DATED:  September 5, 2007          ROSS, DIXON & BELL, LLP

22

23                                     By /s/ Terrence R. McInnis
                                           Terrence R. McInnis
24

25                                     Attorneys for Defendant
                                       EXECUTIVE RISK SPECIALTY INSURANCE CO.

26

27

28

JOINT REPORT OF PROPOSED DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. RULE 26(F), CASE NO.
C 07-02853 SBA

DATED:  September 5, 2007          HARRIS, GREEN & DENNISON


By */s/ Gary L. Green*
          Gary L. Green

Attorneys for Defendant
WESTCHESTER FIRE INSURANCE COMPANY

DATED:  September 5, 2007          LONG & LEVIT LLP


By */s/ Chip Cox*
          Chip Cox

Attorneys for Defendant
MARKEL AMERICAN INSURANCE COMPANY

DATED:  September 5, 2007          SQUIRE, SANDERS & DEMPSEY L.L.P.


By */s/ Amy E. Rose*
          Amy E. Rose

Attorneys for Defendant
UNITED STATED FIRE INSURANCE COMPANY

JOINT REPORT OF PROPOSED DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. RULE 26(F), CASE NO.
C 07-02853 SBA