UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LENSCRAFTERS, INC.; and EYEXAM OF CALIFORNIA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY; and WESTCHESTER FIRE INSURANCE COMPANY,<br><br>Defendants.<br><br>AND RELATED COUNTER- AND CROSS-CLAIMS | Case No.: CV-07-2853 SBA<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>Conference Date: September 12, 2007<br>Time:                   3:45 p.m.<br>Via Telephone<br>The Hon. Saundra Brown Armstrong |

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER; CASE NO. CV 07-2853 SBA

The parties to the above-entitled action and cross-actions jointly submit this Case Management Statement and Proposed Order pursuant to Civil Local Rule 16-9 and request the Court to adopt it as the Case Management Order in this case. Plaintiffs and Counter-Defendants in this case are LensCrafters, Inc. and EYEXAM of California, Inc. (together "LensCrafters"). Defendants, cross-claimants and/or cross-defendants (collectively, "Defendants") in this case are Liberty Mutual Fire Insurance Company ("Liberty"), Executive Risk Specialty Insurance Company ("ERSIC"), United States Fire Insurance Company ("U.S. Fire"), Markel American Insurance Company ("Markel"), and Westchester Fire Insurance Company ("Westchester").

**JURISDICTION AND SERVICE**

The basis for the Court's subject matter jurisdiction over this action is 28 U.S.C. §§ 1332 and 2201. There is complete diversity of citizenship between LensCrafters and Defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. An actual controversy within the meaning of 28 U.S.C. § 2201 exists between the parties. No parties have raised, or intend to raise a personal jurisdiction affirmative defense. All parties have been served.

**FACTS**

This litigation is an insurance coverage dispute among LensCrafters and Defendants (LensCrafters' insurers) concerning Defendants' obligation to indemnify LensCrafters with respect to a lawsuit filed against LensCrafters, *Snow v. LensCrafters, Inc., et al.,* San Francisco Superior Court Case No. CGC-02-40554 ("*Snow*"). The *Snow* complaint seeks to certify a class of more than one million California consumers and alleges that LensCrafters violated certain California statutes, including the California Confidentiality of Medical Information Act ("COMIA"), Cal. Civ. Code § 56 *et seq*. The *Snow* action has been pending since 2002.

LensCrafters contends (1) in June 2007, the parties in *Snow* reached a settlement that is contingent on approval and funding by Defendants; (2) the settlement is reasonable in terms of LensCrafters' exposure in *Snow* and is within the limits of Defendants' policies; and (3) on June 21, LensCrafters asked Defendants to accept the settlement and Defendants refused. Defendants object to the contentions in this paragraph as being in violation of the settlement and mediation privileges. LensCrafters disagrees that the information in this paragraph and the conduct of the insurers alleged

1
JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER; CASE NO. CV 07-2853 SBA

herein are protected by the mediation and settlement privileges.

LensCrafters' complaint currently alleges claims for declaratory relief regarding the duty to indemnify. LensCrafters has sought leave to amend the complaint to add a claim for breach of contract against all Defendants and a claim for breach of the covenant of good faith and fair dealing against U.S. Fire, Markel, and Westchester. That motion is scheduled to be heard on October 2, 2007. Markel and Westchester have also filed counter- and cross-complaints seeking declarations about their duty to indemnify and, if the Court finds a duty to indemnify, declarations regarding the allocation of liability among the insurers. ERSIC has filed a counter- and cross-claim seeking declarations on Liberty's available limit of liability, and regarding apportionment of liability among the insurers.

The Court has deemed that this case is a "related case" to an earlier action filed in this Court in March 2004 by LensCrafters, Inc., EYEXAM of California, Inc. and EyeMed Vision Care, LLC, in which this Court adjudicated issues related to the duty to defend the *Snow* action. LensCrafters brought the earlier action against Liberty and ERSIC. In that action, the Court ruled on the parties' cross-motions for summary judgment and found that (1) both Liberty and ERSIC had a duty to defend LensCrafters in *Snow* (*see* Order dated January 20, 2005); and (2) the ERSIC policy was excess to the Liberty policies (*see* Order dated October 6, 2005). Judgments were entered in the earlier action in accordance with the orders, and Liberty appealed. The appeal is pending in the Ninth Circuit.

The earlier coverage action originally included claims for declaratory relief regarding the duty to indemnify. By stipulation of the parties, and order of the Court dated June 21, 2005, the claims for indemnity were dismissed without prejudice on grounds that they were unripe for adjudication. The Stipulation and Order dismissing the indemnity claims provided that any party to the stipulation (LensCrafters, Liberty and ERSIC) could file a new action to adjudicate the dismissed claims, that such action must be filed in the Federal District Court for the Northern District of California, and that the parties to the stipulation consented to the exclusive jurisdiction and venue of this Court to hear the indemnity claims.

U.S. Fire has filed a complaint in the Supreme Court for the State of New York, naming as

defendants LensCrafters and several other related companies, Liberty, Markel and Westchester (but not ERSIC). U.S. Fire's complaint seeks a declaration that it owes no duty to indemnify LensCrafters and seeks to adjudicate the indemnity obligations of the various insurers. LensCrafters has filed a motion to dismiss or stay the New York action on grounds of forum non conveniens, lack of personal jurisdiction over EYEXAM of California, Inc., failure to state a cause of action and to drop improperly joined parties. The New York Court has stayed discovery pending the hearing on the motion on October 29, 2007.

On July 18, U.S. Fire filed a Motion To Dismiss or, in the Alternative, Stay Action in Favor of Prior-Pending New York State Court Action. U.S. Fire argues that this Court's jurisdiction over LensCrafters' declaratory relief action is discretionary and this Court should presumptively decline to exercise that jurisdiction where, as here, the same parties are already litigating the same state law issues in the New York Action. U.S. Fire's motion is scheduled to be heard on Tuesday, September 18.

LensCrafters has filed an opposition to U.S. Fire's motion in which it contends that (a) discretion to dismiss the declaratory relief claims disappears when they are combined with the breach of contract and other claims that are being added; (b) California is by far the most logical forum, since the relevant transactions, business practices, contacts, evidence and witnesses are there, and the New York court cannot assert jurisdiction over EYEXAM of California, a necessary party; (c) the federal court has been handling aspects of the dispute for three years and has issued two major decisions that bear on the current dispute; and (d) it would be a waste of judicial resources to burden a New York state court with the task of analyzing California facts, issues and statutes.

Principal Factual Issues in Dispute

LensCrafters has identified three factual issues in dispute: (1) whether the policies provide indemnity coverage for *Snow*; (2) whether Defendants have a duty to accept a settlement in principle that has been reached in *Snow* but which is contingent on Defendants' approval and funding; and (3) how any such funding should be allocated among Defendants. Defendants do not agree that items (2) and (3) are proper factual issues in this case, as they contend that these issues

necessarily involve settlement and mediation privileged information and communications. LensCrafters disagrees that the facts surrounding these issues and the relevant conduct of the insurers are protected by the mediation and settlement privileges. If the Court grants LensCrafters leave to amend its complaint, there will be additional issues in dispute including whether Defendants have breached the duty to fund a reasonable settlement of *Snow*; whether Defendants have breached the duty to indemnify; the amount of damages to which LensCrafters is entitled as a result of the breach; and whether U.S. Fire, Markel, and Westchester acted in such a way as to breach the covenant of good faith and fair dealing and if so, whether LensCrafters is entitled to punitive damages, and the amount of such damages.

## LEGAL ISSUES

The parties agree, except as noted, that the legal issues in dispute include the following:

- whether the Court should retain this action or should abstain in favor of the action filed by U.S. Fire in New York (as explained above, a motion on this issue is scheduled to be heard on September 18, 2007);
- whether Liberty, U.S. Fire, Markel and Westchester are required to indemnify LensCrafters for liability arising out of the *Snow* action under the terms of the personal injury coverage of the Liberty, U.S. Fire, Markel and Westchester policies;
- how indemnity should be allocated among Defendants;
- whether Defendants have a duty to accept the *Snow* settlement; Westchester does not agree that this issue is proper for litigation because it would violate the settlement and mediation privileges in *Snow*; LensCrafters disagrees for reasons that it has previously stated*;*
- how the settlement should be allocated among Defendants; Westchester does not agree that this issue is proper for litigation because it would violate the settlement and mediation privileges in *Snow*; again, LensCrafters disagrees for reasons that it has previously stated;
- whether there is indemnity coverage under the ERSIC Errors & Omissions coverage;
- whether nominal damages awarded for violations of COMIA are indemnifiable

- pursuant to the insurance policies;
- the number of "occurrences" under the liability policies;
- whether the limits of the primary Liberty policies can be "stacked";

If the court grants LensCrafters motion to amend, the following legal issues will also be in dispute:

- whether Defendants have breached the duty to indemnify;
- whether Defendants have breached the duty to fund a settlement in *Snow;*
- whether U.S. Fire, Markel, and Westchester's actions in refusing to fund a settlement in *Snow* amounted to a breach of the covenant of good faith and fair dealing;
- what are LensCrafters' damages resulting from the alleged breach of contract, including the bad faith breaches of contract;
- whether LensCrafters is entitled to punitive damages in the event the Court finds that U.S. Fire, Markel and Westchester have breached the covenant of good faith are fair dealing and, if so, the amount of those damages.
- Application of the mediation and settlement privileges; LensCrafters believes that this is an evidentiary issue and does not affect the substance of LensCrafters' claims.

Liberty contends that the following legal issues are also in dispute:

- whether this action fails to allege a justiciable controversy with respect to the duty to indemnify because the underlying *Snow* action is still pending;
- whether the duty to indemnify is barred by the known-loss doctrine;
- whether the duty to indemnify is barred by the prohibition against indemnification of willful acts.

Westchester contends that the following legal issues are also in dispute:

- Application of the "Known Injury Or Damages" Endorsement of the Westchester policies;
- LensCrafters' duty to pay for any personal injury offenses for which coverage, if any, is excluded under one or more of the Westchester policies;

- Whether there has been a proper exhaustion of underlying limits and/or Self-Insured Retentions;
- Application of the non-cumulation clause in Liberty's policies;
- LensCrafters' duty to pay for any personal injury offense for which there is a lack of warranted underlying insurance required to be maintained under the Westchester Policies;
- Whether timely notice was provided as required under the Conditions of the Westchester Policies.

## MOTIONS

U.S. Fire has moved to dismiss or stay this Action in favor of a pending New York State Court Action. LensCrafters filed its opposition to U.S. Fire's motion on August 28; U.S. Fire filed its reply on September 4, and the motion is scheduled for hearing on September 18, 2007.

LensCrafters has moved to seek leave to amend its complaint to add claims for breach of contract and breach of the covenant of good faith and fair dealing. Oppositions to that motion are due on September 18. The motion is scheduled for hearing on October 2, 2007.

The parties anticipate that they will file motions for summary judgment and that some of these motions could be dispositive of all issues in the case.

## AMENDMENT OF PLEADINGS

As discussed above, LensCrafters has moved to seek leave to amend its complaint to add claims for breach of contract against all Defendants and claims for the breach of the covenant of good faith and fair dealing against U.S. Fire, Markel, and Westchester. The proposed amendment adds no additional parties.

Liberty, Westchester and U.S. Fire object to the proposed amendment. Liberty and Westchester object to the amendment on grounds that it alleges communications which are subject to the mediation privilege, and on further grounds that an action for breach of contract is premature while the underlying *Snow* action is still pending. Westchester also objects on the grounds that there has been no entry of an excess judgment in *Snow* to date. LensCrafters contends that the amendment is not premature, because Defendants' breaches have already caused LensCrafters to

suffer damages in the form of increased defense costs (above the amounts being paid by Liberty) and attorneys' fees (*Brandt* fees) incurred to obtain the benefits it is entitled to under Defendants' policies.

## EVIDENCE PRESERVATION

The parties have taken steps to preserve evidence specifically related to this case. LensCrafters further states that a considerable amount of that evidence was produced in the previous coverage action in this Court and has been preserved.

## DISCLOSURES

Initial disclosures pursuant to Fed. R. Civ. P. 26 are currently due on September 5, 2007. The parties have agreed, however, to serve their initial disclosures on September 11, 2007. The parties have agreed to amend initial disclosures as required in a timely manner if the Court grants LensCrafters' motion for leave to amend the complaint. The parties propose that the Court order any such amendments to be made within 20 days of the filing of the amended complaint, should LensCrafters' motion be granted. Westchester reserves the right to seek additional time to amend its initial disclosures.

## DISCOVERY

The parties have filed a Joint Report of Discovery Plan that sets forth the parties' position regarding discovery, which the parties incorporate by reference.

## CLASS ACTIONS

This action is not appropriate for class action status.

## RELATED CASES

The following cases are related to the instant action:

- *Melvin Gene Snow, et al. v. LensCrafters, Inc., et al.*, San Francisco Superior Court, Case No. CGC-02-405544
- *LensCrafters, Inc. et al. v. Liberty Mutual Fire Insurance Company, et al.*, United States District Court for the Northern District of California, Oakland Division, Case No. C-04-01001 SBA

- *United States Fire Insurance Company v. Luxottica U.S. Holdings Corp., et al.*, Supreme Court of the State of New York, County of New York, Index No. 107338/07

### RELIEF

LensCrafters seeks the following relief:

(1) a declaration that Defendants have a duty under the terms and conditions of their policies to indemnify LensCrafters in full for all legal liabilities that may be incurred in connection with the *Snow* Action, and must fund any reasonable settlement of that action, subject only to the limits of liability set forth in the various policies; or if Defendants fail to agree to and fund a reasonable settlement within policy limits, that they are liable for the full amount of any liability incurred by LensCrafters even if it exceeds their policy limits;

(2) costs of suit incurred in this action; and

(3) for such other, further, and/or different relief as the Court may deem just and proper.

If LensCrafters is granted leave to amend its complaint, it will seek, in addition to the relief sought in the original complaint, the following relief:

(1) breach of contract damages based on the amount of liability that LensCrafters will ultimately face as a result of the *Snow* claims and as a result of Defendants' refusal to fund the settlement to which the parties to the *Snow* action have agreed;

(2) other permissible damages for breach of contract, including but not limited to mitigation expenses and defense costs in *Snow* from June 21, 2007 onward (above the amounts being paid by Liberty) that LensCrafters has incurred and will incur as a result of Defendants' breach of contract; and

(3) actual and consequential damages incurred as a result of U.S. Fire, Markel, and Westchester's breach of the covenant of good faith and fair dealing, interest, including but not limited to attorneys' fees LensCrafters has incurred and will incur to obtain the benefits it is entitled to under Defendants' policies (as permitted under *Brandt v. Superior Court,* 37 Cal. 3d 813 (1985)), and punitive damages.

Markel, in its counter- and cross-complaint, seeks the following relief:

    (1)  a declaration that coverage for *Snow* under the Markel Policy is excess to coverage for *Snow* under the Liberty Mutual and ERSIC Policies;

    (2)  declaration regarding the respective duties and obligations of cross-defendants with regard to *Snow*;

    (3)  a declaration that Markel is entitled to contribution from U.S. Fire and Westchester for any amounts paid to indemnify LensCrafters in *Snow*;

    (4)  for costs of suit incurred in this action; and

    (5)  for such other and further relief as this Court may deem just and equitable.

Westchester, in its counter- and cross-complaint, seeks the following relief:

    (1)  a declaration that Westchester has no duty to indemnify plaintiffs for any judgment or settlement in the *Snow* Action or in the alternative a declaration as to the extent of Westchester's obligations to indemnify plaintiffs;

    (2)  a declaration as to the respective duties of the cross-defendants with regard to indemnification obligations for the *Snow* Action and/or that Westchester is entitled to contribution or indemnification from cross-defendants for any obligation imposed on Westchester to indemnify with respect to the *Snow* Action;

    (3)  costs of suit incurred in this action; and

    (4)  for such other and further relief as the court deems just and proper.

ERSIC, in its counter- and cross-complaint, seeks the following relief:

    (1) a declaration that Liberty has a primary duty to indemnify the Insureds for the *Snow* Action under the eight Liberty Policies, and further declaring the total applicable limits of the Liberty Policies triggered by the *Snow* Action.

    (2)  a judgment against Liberty for all amounts paid by ERSIC in reimbursement to its Insureds in the *Snow* Action, within and before the applicable and available limits of the Liberty Policies have been fully exhausted.

    (3)  a declaration and award of equitable apportionment and contribution due between and among ERSIC, U.S. Fire, Markel and Westchester for any settlement or judgment in

the *Snow* Action, upon exhaustion of the applicable Liberty Policies.

(4)  for such additional declaratory and other such relief, including attorneys' fees, costs, and pre- and post-judgment interest, as shall be found to be just, proper, and/or equitable.

## SETTLEMENT AND ADR

For the last several months, the parties in *Snow* have been engaged in settlement discussions and in mediation with the Hon. Edward Infante (Ret.).  As a result of these negotiations and this mediation, the parties in *Snow* have reached a settlement that is contingent on approval and funding by LensCrafters' insurers, which are Defendants in this action.

Judge Richard Kramer, who is presiding over the *Snow* case, ordered insurers who are Defendants in this action to attend, with full settlement authority, a mediation in *Snow* before Judge Infante on July 26, 2007 in order to finalize terms with the *Snow* plaintiffs and obtain insurer consent and funding.  All insurers attended, except U.S. Fire.  The mediation did not result in a final settlement of *Snow*.  There is another mediation session currently scheduled with Judge Infante on September 25.

Defendants object to the above two paragraphs as being in violation of the settlement and mediation privileges.  LensCrafters disagrees that the information in these paragraphs and the conduct of the insurers described herein are protected by the mediation and settlement privileges.

LensCrafters, Liberty, ERSIC, Markel and Westchester agree that Judge Infante should serve as mediator in this case to assist the parties in reaching a settlement given the work he has already done in *Snow* and his familiarity with the insurance disputes in this case.  U.S. Fire has indicated in the meet and confer regarding ADR process that it will not agree to any mediation session with Judge Infante.

Because the parties could not agree to mediate before Judge Infante, they have requested an ADR telephone conference and filed their Notice of Need for ADR Conference on August 22, 2007.  The ADR conference has been scheduled for September 10.

## CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to adjudication by a magistrate judge.

**OTHER REFERENCES**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**NARROWING OF ISSUES**

The parties agree that there are a number of issues that can be resolved by summary adjudication or summary judgment and that resolution of certain issues could be dispositive. One such issue is whether there is coverage for the nominal damages remedy under COMIA under the Liberty, U.S. Fire, Markel and Westchester policies. LensCrafters contends that this is a purely legal issue that can be resolved without discovery. Issues for other possible summary judgment motions include stacking and exhaustion of the Liberty primary policies and the number of "occurrences" under the Liberty policies, and whether the U.S. Fire, Markel and Westchester policies are excess to or at the same level as the ERSIC policy. ERSIC also believes that the question of whether it has breached its insurance contact can be adjudicated in its favor as a matter of law based on undisputed facts.

Westchester contends the following issues may also be resolved through summary adjudication: LensCrafters' duty to pay for any personal injury offenses for which coverage, if any, is excluded under one or more of the Westchester policies as a "known loss" or otherwise; whether there has been a proper exhaustion of underlying limits and/or Self-Insured Retentions; application of the non-cumulation clause in Liberty's policies; and LensCrafters' duty to pay for any personal injury offense for which there is a lack of warranted underlying insurance required to be maintained under the Westchester Policies.

Liberty believes that before the Court takes up any of the substantive issues relating to the duty to indemnify, it should adjudicate whether there is a justiciable controversy warranting a declaratory judgment, where the underlying *Snow* action is still pending, and the *Snow* court has not yet determined whether to certify the matter for class action.

**EXPEDITED SCHEDULE**

The parties do not believe that this case is appropriate to be handled on an expedited basis with streamlined procedures.

## SCHEDULING

The parties request that the Court set another Case Management Conference in 90 days at which time they will be in a position to set a schedule for filing summary judgment motions, trial and related dates.

## TRIAL

The parties have requested that this case be tried to a jury. The parties estimate the expected length of the trial to be three weeks.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

LensCrafters has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. LensCrafters reiterates that the United States Shoe Corporation owns 100% of the stock of LensCrafters, Inc. and EYEXAM of California, Inc.

U.S. Fire has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. U.S. Fire reiterates that the following entities either (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Crum and Forster, Incorporated; Crum & Forster Holding, Incorporated; Crum & Forster Holdings Corporation; Fairfax, Incorporated; and Fairfax Financial Holdings Limited.

Westchester has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. Westchester reiterates that it is an indirect subsidiary of ACE Limited, the ultimate parent and the only entity within the ACE Group of Companies that is traded on any public exchange.

Liberty has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. Liberty reiterates that Liberty Mutual Group Inc. owns 100% of the stock of Liberty Mutual Fire Insurance Company. LMHC Massachusetts Holdings Inc. owns 100% of the stock of Liberty Mutual Group Inc. Liberty Mutual Holding Company Inc. owns 100% of the stock of LMHC Massachusetts Holdings Inc. No publicly traded entity owns any stock of any of the above-named entities.

ERSIC has filed the "Certification of Interested Entities or Persons" required by Civil Local

Rule 3-16. ERSIC reiterates that it is an indirect subsidiary of The Chubb Corporation, the ultimate parent and the only entity within its group of affiliated companies that is traded on any public exchange.

DATED: September 5, 2007                Respectfully submitted,

                                        HELLER EHRMAN LLP


                                        By /s/ Celia M. Jackson
                                              Celia M. Jackson

                                        Attorneys for Plaintiffs
                                        LENSCRAFTERS, INC. and EYEXAM OF
                                        CALIFORNIA, INC.

DATED: September 5, 2007                WILLOUGHBY, STUART & BENING, INC.


                                        By /s/ Alexander F. Stuart
                                              Alexander F. Stuart

                                        Attorneys for Defendant
                                        LIBERTY MUTUAL FIRE INSURANCE COMPANY

DATED: September 5, 2007                ROSS, DIXON & BELL, LLP


                                        By /s/ Terrence R. McInnis
                                              Terrence R. McInnis

                                        Attorneys for Defendant
                                        EXECUTIVE RISK SPECIALTY INSURANCE CO.

DATED: September 5, 2007                HARRIS, GREEN & DENNISON


                                        By /s/ Gary L. Green
                                              Gary L. Green

                                        Attorneys for Defendant
                                        WESTCHESTER FIRE INSURANCE COMPANY

| | | |
|---|---|---|
| 1 | DATED: September 5, 2007 | LONG & LEVIT LLP |

By /s/ Chip Cox
      Chip Cox

Attorneys for Defendant
MARKEL AMERICAN INSURANCE COMPANY

DATED: September 5, 2007      SQUIRE, SANDERS & DEMPSEY L.L.P.


By _____
      Amy E. Rose

Attorneys for Defendant
UNITED STATED FIRE INSURANCE COMPANY

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

**DATED:** _____      _____
                                                United States District Judge