

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LENSCRAFTERS, INC.; and EYEXAM OF CALIFORNIA, INC.,<br><br>       Plaintiffs,<br><br>  v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY; and WESTCHESTER FIRE INSURANCE COMPANY,<br><br>       Defendants. | Case No.: CV-07-2853 SBA<br><br>**_REVISED_ JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>Conference Date: September 18, 2007<br>Time:    1:00 p.m.<br>Via Telephone<br>The Hon. Saundra Brown Armstrong |
| AND RELATED COUNTER- AND CROSS-CLAIMS | |

The parties to the above-entitled action and cross-actions jointly submit this Case Management Statement and Proposed Order pursuant to Civil Local Rule 16-9 and request the Court to adopt it as the Case Management Order in this case. Plaintiffs and Counter-Defendants in this case are LensCrafters, Inc. and EYEXAM of California, Inc. (together "LensCrafters"). Defendants, cross-claimants and/or cross-defendants (collectively, "Defendants") in this case are Liberty Mutual Fire Insurance Company ("Liberty"), Executive Risk Specialty Insurance Company ("ERSIC"), United States Fire Insurance Company ("U.S. Fire"), Markel American Insurance Company ("Markel"), and Westchester Fire Insurance Company ("Westchester").

## JURISDICTION AND SERVICE

The basis for the Court's subject matter jurisdiction over this action is 28 U.S.C. §§ 1332 and 2201. There is complete diversity of citizenship between LensCrafters and Defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. An actual controversy within the meaning of 28 U.S.C. § 2201 exists between the parties. No parties have raised, or intend to raise a personal jurisdiction affirmative defense. All parties have been served.

## FACTS

This litigation is an insurance coverage dispute among LensCrafters and Defendants (LensCrafters' insurers) concerning Defendants' obligation to indemnify LensCrafters with respect to a lawsuit filed against LensCrafters, *Snow v. LensCrafters, Inc., et al.,* San Francisco Superior Court Case No. CGC-02-40554 ("*Snow*"). The *Snow* complaint seeks to certify a class of more than one million California consumers and alleges that LensCrafters violated certain California statutes, including the California Confidentiality of Medical Information Act ("COMIA"), Cal. Civ. Code § 56 *et seq.* The *Snow* action has been pending since 2002.

**LensCrafters' Complaint in This Action:**

LensCrafters commenced this lawsuit on May 25, 2007. LensCrafters' complaint currently alleges claims for declaratory relief regarding the duty to indemnify. LensCrafters has sought leave to amend the complaint to add a claim for breach of contract against all Defendants and a claim for breach of the covenant of good faith and fair dealing against U.S. Fire, Markel, and Westchester. (*See* Amendment of Pleadings Section, *infra.*) Markel and Westchester have also filed counter- and

1

cross-complaints seeking declarations about their duty to indemnify and, if the Court finds a duty to indemnify, declarations regarding the allocation of liability among the insurers.  ERSIC has filed a counter- and cross-claim seeking declarations on Liberty's available limit of liability, and regarding apportionment of liability among the insurers.

In its proposed amended complaint LensCrafters contends (1) in June 2007, the parties in *Snow* reached a settlement that is contingent on approval and funding by Defendants; (2) the settlement is reasonable in terms of LensCrafters' exposure in *Snow* and is within the limits of Defendants' policies; and (3) on June 21, LensCrafters asked Defendants to accept the settlement and Defendants refused.  U.S. Fire disagrees, and other defendants do not concede, that the proposed settlement is reasonable and Defendants object to the contentions in this paragraph as being in violation of the settlement and mediation privileges.  LensCrafters disagrees that the information in this paragraph and the conduct of the insurers alleged herein are protected by the mediation and settlement privileges.

**Cases Related to this Action:**

The New York Action:  On May 18, 2007 U.S. Fire filed a complaint in the Supreme Court for the State of New York, naming as defendants LensCrafters and several other related companies, Liberty, Markel and Westchester (but not ERSIC).  U.S. Fire's complaint seeks a declaration that it owes no duty to indemnify LensCrafters and seeks to adjudicate the indemnity obligations of the various insurers.  LensCrafters has filed a motion to dismiss or stay the New York action on grounds of forum non conveniens, lack of personal jurisdiction over EYEXAM of California, Inc., failure to state a cause of action and to drop improperly joined parties.  The New York Court has stayed discovery pending the hearing on the motion on October 29, 2007.

The Prior Northern District Action:  The Court has deemed that this case is related to an earlier action filed in this Court in March 2004 by LensCrafters, Inc., EYEXAM of California, Inc. and EyeMed Vision Care, LLC, in which this Court adjudicated issues related to the duty to defend the *Snow* action.  LensCrafters brought the earlier action against only Liberty and ERSIC.  In that action, the Court ruled on the parties' cross-motions for summary judgment and found that (1) both Liberty and ERSIC had a duty to defend LensCrafters in *Snow* (*see* Order dated January 20, 2005);

1  and (2) the ERSIC policy was excess to the Liberty policies (*see* Order dated October 6, 2005).

2  Judgments were entered in the earlier action in accordance with the orders, and Liberty appealed.

3  The appeal is pending in the Ninth Circuit.

4  　　　The earlier coverage action originally included claims for declaratory relief regarding the

5  duty to indemnify.  By stipulation of the parties, and order of the Court dated June 21, 2005, the

6  claims for indemnity were dismissed without prejudice on grounds that they were unripe for

7  adjudication.  The Stipulation and Order dismissing the indemnity claims provided that any party to

8  the stipulation (LensCrafters, Liberty and ERSIC) could file a new action to adjudicate the

9  dismissed claims, that such action must be filed in the Federal District Court for the Northern

10  District of California, and that the parties to the stipulation consented to the exclusive jurisdiction

11  and venue of this Court to hear the indemnity claims.   U.S. Fire contends that the attempt to

12  consent to the exclusive jurisdiction of this Court over indemnity-related claims is ineffective where

13  the Court otherwise lacks jurisdiction or should presumptively abstain from exercising it.

14  **Currently-Pending Motion To Dismiss this Action:**

15  　　　On July 18, U.S. Fire filed a Motion To Dismiss or, in the Alternative, Stay Action in Favor

16  of Prior-Pending New York State Court Action.  U.S. Fire argues that the Court should

17  presumptively decline to exercise its discretionary jurisdiction over this action in favor of the New

18  York Action.  U.S. Fire's motion is scheduled to be heard on Tuesday, September 18.  (*See* Motions

19  Section, *infra*.)

20  　　　　　　　　**PRINCIPAL FACTUAL ISSUES IN DISPUTE**

21  　　　LensCrafters has identified three factual issues in dispute:  (1) whether the policies provide

22  indemnity coverage for *Snow*; (2) whether Defendants have a duty to accept a settlement in

23  principle that has been reached in *Snow* but which is contingent on Defendants' approval and

24  funding; and (3) how any such funding should be allocated among Defendants.  U.S. Fire does not

25  agree that issue (2) or (3) are "at issue" in this dispute under LensCrafters' operative complaint and

26  contends that these issues are not yet ripe.  Liberty, U.S. Fire, Westchester and Markel do not agree

27  that items (2) and (3) are proper factual issues in this case, as they contend that these issues

28  necessarily involve settlement and mediation privileged information and communications.

Westchester also contends that these issues are premature. LensCrafters disagrees that the facts surrounding these issues and the relevant conduct of the insurers are protected by the mediation and settlement privileges. LensCrafters also believes that its claims are ripe because, among other things, LensCrafters contends that Defendants have already breached the duty to settle and LensCrafters is suffering damages as a result of that breach.

If the Court grants LensCrafters leave to amend its complaint, LensCrafters contends that the additional issues in dispute will include whether Defendants have breached the duty to fund a reasonable settlement of *Snow*; whether Defendants have breached the duty to indemnify; the amount of damages to which LensCrafters is entitled as a result of the breach; and whether U.S. Fire, Markel, and Westchester acted in such a way as to breach the covenant of good faith and fair dealing and if so, whether LensCrafters is entitled to punitive damages, and the amount of such damages. While some Defendants contend that these issues are not ripe, LensCrafters contends that Defendants have already breached the duty to settle and LensCrafters is suffering damages as a result of that breach. U.S. Fire disagrees that LensCrafters' proposed complaint—even if it is permitted to be filed—can prematurely place these issues in dispute. U.S. Fire contends that only if the *Snow* settlement is funded by LensCrafters will these issues be ripe.

**LEGAL ISSUES**

The parties agree, except as noted, that the legal issues in dispute include the following:

- whether the Court should exercise jurisdiction over this action or should abstain in favor of the action filed by U.S. Fire in New York (as explained above, a motion on this issue is scheduled to be heard on September 18, 2007);

- whether Liberty, U.S. Fire, Markel and Westchester are required to indemnify LensCrafters for liability arising out of the *Snow* action under the terms of the personal injury coverage of the Liberty, U.S. Fire, Markel and Westchester policies;

- how indemnity should be allocated among Defendants, if it should be allocated at all;

- whether Defendants have a duty to accept the *Snow* settlement; Westchester does not agree that this issue is proper for litigation because it would violate the settlement

4

and mediation privileges in *Snow;* LensCrafters disagrees for reasons that it has
previously stated*;*

- how the settlement should be allocated among Defendants; Westchester does not
  agree that this issue is proper for litigation because it would violate the settlement
  and mediation privileges in *Snow;* again, LensCrafters disagrees for reasons that it
  has previously stated;
- whether there is indemnity coverage under the ERSIC Errors & Omissions coverage;
- whether nominal damages awarded for violations of COMIA are payable under the
  insurance policies;
- the number of "occurrences" under the liability policies;
- the total amount of the limits of the primary Liberty policies that must be paid before
  any excess policies are triggered;

If the court grants LensCrafters motion to amend, the following legal issues will also be in
dispute:

- whether Defendants have breached the duty to indemnify;
- whether Defendants have breached the duty to fund a settlement in *Snow;*
- whether U.S. Fire, Markel, and Westchester's actions in refusing to fund a
  settlement in *Snow* amounted to a breach of the covenant of good faith and fair
  dealing;
- what are LensCrafters' damages resulting from the alleged breach of contract,
  including the bad faith breaches of contract;
- whether LensCrafters is entitled to punitive damages in the event the Court finds that
  U.S. Fire, Markel and Westchester have breached the covenant of good faith are fair
  dealing and, if so, the amount of those damages;
- application of the mediation and settlement privileges; LensCrafters believes that
  this is an evidentiary issue and does not affect the substance of LensCrafters' claims.

Liberty also contends that the following legal issue is in dispute:

- whether the duty to indemnify is barred by the known-loss doctrine.

5

Liberty and U.S. Fire contend that the following legal issues are also in dispute:

- whether this action fails to allege a justiciable controversy with respect to the duty to indemnify because the underlying *Snow* action is still pending;
- whether the duty to indemnify is barred by the prohibition against indemnification of willful acts.

Westchester contends that the following legal issues are also in dispute:

- application of the "Known Injury Or Damages" Endorsement of the Westchester policies;
- LensCrafters' duty to pay for any personal injury offenses for which coverage, if any, is excluded under one or more of the Westchester policies;
- whether timely notice was provided as required under the Conditions of the Westchester Policies.

Westchester and U.S. Fire contend that the following legal issues are also in dispute;

- whether there has been a proper exhaustion of underlying limits and/or Self-Insured Retentions;
- application of the non-cumulation clause in Liberty's policies;
- LensCrafters' duty to pay for any personal injury offense for which there is a lack of warranted underlying insurance required to be maintained under their policies.

U.S. Fire contends that the following legal issues are also in dispute:

- whether there is coverage under the Liberty, U.S. Fire, Markel and Westchester policies for the *Snow* settlement;
- whether LensCrafters' primary policies will be exhausted by payment of the *Snow* settlement.

**MOTIONS**

U.S. Fire has moved to dismiss or stay this Action in favor of the New York Action.  U.S. Fire argues that the Court should presumptively decline to exercise its discretionary jurisdiction over declaratory relief actions where, as here, the same parties are already litigating the same state law issues in state court.  U.S. Fire argues that jurisdiction over this declaratory relief action is

1   purely discretionary and LensCrafters' proposed contract-based claims are not ripe and, therefore,

2   amendment should not be permitted.  U.S. Fire contends that all necessary parties to this dispute are

3   present in the New York Action or may be easily added to that action.  Finally, U.S. Fire argues that

4   forum *non conveniens* considerations are irrelevant—notions of federalism, not geographic

5   convenience, compel the Court to defer to the pending state court proceeding in which the same

6   parties are adjudicating state law issues.

7           LensCrafters filed its opposition to U.S. Fire's motion on August 28, in which it contends

8   that (a) discretion to dismiss the declaratory relief claims disappears when they are combined with

9   the breach of contract and other claims that are being added; (b) California is by far the most logical

10  forum, since the relevant transactions, business practices, contacts, evidence and witnesses are

11  there, and the New York court cannot assert jurisdiction over EYEXAM of California, a necessary

12  party; (c) the federal court has been handling aspects of the dispute for three years and has issued

13  two major decisions that bear on the current dispute; and (d) it would be a waste of judicial

14  resources to burden a New York state court with the task of analyzing California facts, issues and

15  statutes.

16          U.S. Fire filed its reply on September 4, and the motion is scheduled for hearing on

17  September 18, 2007.

18          LensCrafters has moved to seek leave to amend its complaint to add claims for breach of

19  contract and breach of the covenant of good faith and fair dealing.  Oppositions to that motion are

20  due on September 18.  The motion is scheduled for hearing on October 2, 2007.  (*See* Amendment

21  of Pleadings Section, *infra*.)

22          The parties anticipate that they will file motions for summary judgment and that some of

23  these motions could be dispositive of all issues in the case.

24                          **AMENDMENT OF PLEADINGS**

25          As discussed above, LensCrafters has moved to seek leave to amend its complaint to add

26  claims for breach of contract against all Defendants and claims for the breach of the covenant of

27  good faith and fair dealing against U.S. Fire, Markel, and Westchester.  The proposed amendment

28  adds no additional parties.  LensCrafters contends that such amendment at the early stages of the

pleading should be granted and that Defendants cannot present any compelling reason as to why the amendment should be denied. Indeed, Defendants cannot show any of the four factors necessary for denying LensCrafters' motion: (1) prejudice to the opposing party, (2) undue delay, (3) futility of the amendment, or (4) bad faith. Moreover, although certain Defendants contend that the amendment is premature, LensCrafters contends that the claims are ripe and the amendment is not premature, because LensCrafters alleges that Defendants have breached their duty to settle and those breaches have already caused LensCrafters to suffer damages in the form of increased defense costs (above the amounts being paid by Liberty) and attorneys' fees (*Brandt* fees) incurred to obtain the benefits it is entitled to under Defendants' policies.

Liberty, Westchester and U.S. Fire object to the proposed amendment. Liberty and Westchester object to the amendment on grounds that it alleges communications which are subject to the mediation and settlement privileges, and on further grounds that an action for breach of contract is premature while the underlying *Snow* action is still pending. Westchester also objects on the grounds that there has been no entry of an excess judgment in *Snow* to date. U.S. Fire objects to the amendment on the grounds that the newly-proposed claims are not yet ripe (*i.e.,* futility of amendment) and amendment is sought for an improper purpose (*i.e.,* bad faith). Specifically, U.S. Fire contends that LensCrafters has not—and cannot—allege contract-based claims because (1) a claim for indemnity does not accrue until liability is incurred and (2) LensCrafters has not sustained any damages because the *Snow* action has not been settled or proceeded to judgment. U.S. Fire argues that LensCrafters' supposed "increased" defense costs (which, in any event, are not alleged as damages in its proposed complaint) were voluntarily undertaken by it to secure defense counsel of its choice in the *Snow* matter and, had it not agreed to pay those amounts, Liberty Mutual would be obligated to fully defend it. Accordingly, they do not constitute cognizable damages.

## EVIDENCE PRESERVATION

The parties have taken steps to preserve evidence specifically related to this case. LensCrafters further states that a considerable amount of that evidence was produced in the previous coverage action in this Court and has been preserved.

**DISCLOSURES**

Initial disclosures pursuant to Fed. R. Civ. P. 26 are currently due on September 5, 2007. The parties have agreed, however, to serve their initial disclosures on September 11, 2007. The parties have agreed to amend initial disclosures as required in a timely manner if the Court grants LensCrafters' motion for leave to amend the complaint. The parties propose that the Court order any such amendments to be made within 20 days of the filing of the amended complaint, should LensCrafters' motion be granted. Westchester reserves the right to seek additional time to amend its initial disclosures.

**DISCOVERY**

The parties have filed a Joint Report of Discovery Plan that sets forth the parties' position regarding discovery, which the parties incorporate by reference.

**CLASS ACTIONS**

This action is not appropriate for class action status.

**RELATED CASES**

The following cases are related to the instant action:

- *Melvin Gene Snow, et al. v. LensCrafters, Inc., et al.*, San Francisco Superior Court, Case No. CGC-02-405544

- *LensCrafters, Inc. et al. v. Liberty Mutual Fire Insurance Company, et al.*, United States District Court for the Northern District of California, Oakland Division, Case No. C-04-01001 SBA

- *United States Fire Insurance Company v. Luxottica U.S. Holdings Corp., et al.*, Supreme Court of the State of New York, County of New York, Index No. 107338/07

**RELIEF**

LensCrafters seeks the following relief:

(1) a declaration that Defendants have a duty under the terms and conditions of their policies to indemnify LensCrafters in full for all legal liabilities that may be incurred in connection with the *Snow* Action, and must fund any reasonable settlement of that

9

action, subject only to the limits of liability set forth in the various policies; or if Defendants fail to agree to and fund a reasonable settlement within policy limits, that they are liable for the full amount of any liability incurred by LensCrafters even if it exceeds their policy limits;

(2) costs of suit incurred in this action; and

(3) for such other, further, and/or different relief as the Court may deem just and proper.

If LensCrafters is granted leave to amend its complaint, it will seek, in addition to the relief sought in the original complaint, the following relief:

(1) breach of contract damages based on the amount of liability that LensCrafters will ultimately face as a result of the *Snow* claims and as a result of Defendants' refusal to fund the settlement to which the parties to the *Snow* action have agreed;

(2) other permissible damages for breach of contract, including but not limited to mitigation expenses and defense costs in *Snow* from June 21, 2007 onward (above the amounts being paid by Liberty) that LensCrafters has incurred and will incur as a result of Defendants' breach of contract; and

(3) actual and consequential damages incurred as a result of U.S. Fire, Markel, and Westchester's breach of the covenant of good faith and fair dealing, interest, including but not limited to attorneys' fees LensCrafters has incurred and will incur to obtain the benefits it is entitled to under Defendants' policies (as permitted under *Brandt v. Superior Court,* 37 Cal. 3d 813 (1985)), and punitive damages.

Markel, in its counter- and cross-complaint, seeks the following relief:

(1) a declaration that coverage for *Snow* under the Markel Policy is excess to coverage for *Snow* under the Liberty Mutual and ERSIC Policies;

(2) declaration regarding the respective duties and obligations of cross-defendants with regard to *Snow*;

(3) a declaration that Markel is entitled to contribution from U.S. Fire and Westchester for any amounts paid to indemnify LensCrafters in *Snow*;

(4) for costs of suit incurred in this action; and

10

1    (5) for such other and further relief as this Court may deem just and equitable.

2    Westchester, in its counter- and cross-complaint, seeks the following relief:

3        (1)  a declaration that Westchester has no duty to indemnify plaintiffs for any judgment

4        or settlement in the *Snow* Action or in the alternative a declaration as to the extent of

5        Westchester's obligations to indemnify plaintiffs;

6        (2)  a declaration as to the respective duties of the cross-defendants with regard to

7        indemnification obligations for the *Snow* Action and/or that Westchester is entitled to

8        contribution or indemnification from cross-defendants for any obligation imposed on

9        Westchester to indemnify with respect to the *Snow* Action;

10        (3)  costs of suit incurred in this action; and

11        (4)  for such other and further relief as the court deems just and proper.

12    ERSIC, in its counter- and cross-complaint, seeks the following relief:

13        (1) a declaration that Liberty has a primary duty to indemnify the Insureds for the *Snow*

14        Action under the eight Liberty Policies, and further declaring the total applicable limits

15        of the Liberty Policies triggered by the *Snow* Action.

16        (2)  a judgment against Liberty for all amounts paid by ERSIC in reimbursement to its

17        Insureds in the *Snow* Action, within and before the applicable and available limits of the

18        Liberty Policies have been fully exhausted.

19        (3)  a declaration and award of equitable apportionment and contribution due between

20        and among ERSIC, U.S. Fire, Markel and Westchester for any settlement or judgment in

21        the *Snow* Action, upon exhaustion of the applicable Liberty Policies.

22        (4)  for such additional declaratory and other such relief, including attorneys' fees, costs,

23        and pre- and post-judgment interest, as shall be found to be just, proper, and/or equitable.

24                                **SETTLEMENT AND ADR**

25    For the last several months, the parties in *Snow* have been engaged in settlement discussions

26    and in mediation with the Hon. Edward Infante (Ret.).  As a result of these negotiations and this

27    mediation, the parties in *Snow* have reached a settlement that is contingent on approval and funding

28    by LensCrafters' insurers, which are Defendants in this action.

1    Judge Richard Kramer, who is presiding over the *Snow* case, ordered insurers who are
2    Defendants in this action to attend, with full settlement authority, a mediation in *Snow* before Judge
3    Infante on July 26, 2007 in order to finalize terms with the *Snow* plaintiffs and obtain insurer
4    consent and funding.  All insurers attended, except U.S. Fire.  The mediation did not result in a final
5    settlement of *Snow*.  There is another mediation session currently scheduled with Judge Infante on
6    September 25.

7    U.S. Fire, Liberty, Markel and Westchester object to the above two paragraphs as being in
8    violation of the settlement and mediation privileges.  LensCrafters disagrees that the information in
9    these paragraphs and the conduct of the insurers described herein are protected by the mediation
10    and settlement privileges.

11    LensCrafters, Liberty, ERSIC, Markel and Westchester agree that Judge Infante should
12    serve as mediator in this case to assist the parties in reaching a settlement given the work he has
13    already done in *Snow* and his familiarity with the insurance disputes in this case.  U.S. Fire has
14    indicated in the meet and confer regarding ADR process that it will not agree to any mediation
15    session with Judge Infante.  U.S. Fire contends that any agreement to mediate this dispute in the
16    Northern District is premature until this Court has determined whether it will retain its discretionary
17    jurisdiction over LensCrafters' declaratory relief claims in light of the prior-pending New York
18    state court action.  If this Court denies U.S. Fire's motion to dismiss, U.S. Fire will agree to mediate
19    here.  U.S. Fire does not believe it is appropriate, however, for the neutral that negotiated an
20    underlying settlement to then mediate the dispute over whether, and if so how, insurance should
21    fund that settlement and, therefore, will not agree to mediate before Judge Infante.

22    Because the parties could not agree to mediate before Judge Infante, they have requested an
23    ADR telephone conference and filed their Notice of Need for ADR Conference on August 22,
24    2007.  The ADR conference has been scheduled for September 10.

25                    **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**
26    The parties do not consent to adjudication by a magistrate judge.
27                                **OTHER REFERENCES**
28    This case is not suitable for reference to binding arbitration, a special master, or the Judicial

12

1  Panel on Multidistrict Litigation.

2  **NARROWING OF ISSUES**

3          The parties agree that there are a number of issues that can be resolved by summary

4  adjudication or summary judgment and that resolution of certain issues could be dispositive.  One

5  such issue is whether there is coverage for the nominal damages remedy under COMIA under the

6  Liberty, U.S. Fire, Markel and Westchester policies.  LensCrafters contends that this is a purely

7  legal issue that can be resolved without discovery.  Issues for other possible summary judgment

8  motions include stacking and exhaustion of the Liberty primary policies and the number of

9  "occurrences" under the Liberty policies, and whether the U.S. Fire, Markel and Westchester

10 policies are excess to or at the same level as the ERSIC policy.  ERSIC also believes that the

11 question of whether it has breached its insurance contact can be adjudicated in its favor as a matter

12 of law based on undisputed facts.

13         Westchester contends the following issues may also be resolved through summary

14 adjudication:  LensCrafters' duty to pay for any personal injury offenses for which coverage, if any,

15 is excluded under one or more of the Westchester policies as a "known loss" or otherwise.

16         U.S. Fire and Westchester contend that the following issues may also be appropriate for

17 summary adjudication:  whether there has been a proper exhaustion of underlying limits and/or

18 Self-Insured Retentions; application of the non-cumulation clause in Liberty's policies; and

19 LensCrafters' duty to pay for any personal injury offense for which there is a lack of warranted

20 underlying insurance required to be maintained under the Westchester Policies.

21         Liberty believes that before the Court takes up any of the substantive issues relating to the

22 duty to indemnify, it should adjudicate whether there is a justiciable controversy warranting a

23 declaratory judgment, where the underlying *Snow* action is still pending, and the *Snow* court has not

24 yet determined whether to certify the matter for class action.

25 **EXPEDITED SCHEDULE**

26         The parties do not believe that this case is appropriate to be handled on an expedited basis

27 with streamlined procedures.

28

13

**SCHEDULING**

The parties request that the Court set another Case Management Conference in 90 days at which time they will be in a position to set a schedule for filing summary judgment motions, trial and related dates.

**TRIAL**

The parties have requested that this case be tried to a jury. The parties estimate the expected length of the trial to be three weeks.

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

LensCrafters has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. LensCrafters reiterates that the United States Shoe Corporation owns 100% of the stock of LensCrafters, Inc. and EYEXAM of California, Inc.

U.S. Fire has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. U.S. Fire reiterates that the following entities either (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Crum and Forster, Incorporated; Crum & Forster Holding, Incorporated; Crum & Forster Holdings Corporation; Fairfax, Incorporated; and Fairfax Financial Holdings Limited.

Westchester has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. Westchester reiterates that it is an indirect subsidiary of ACE Limited, the ultimate parent and the only entity within the ACE Group of Companies that is traded on any public exchange.

Liberty has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. Liberty reiterates that Liberty Mutual Group Inc. owns 100% of the stock of Liberty Mutual Fire Insurance Company. LMHC Massachusetts Holdings Inc. owns 100% of the stock of Liberty Mutual Group Inc. Liberty Mutual Holding Company Inc. owns 100% of the stock of LMHC Massachusetts Holdings Inc. No publicly traded entity owns any stock of any of the above-named entities.

ERSIC has filed the "Certification of Interested Entities or Persons" required by Civil Local

Rule 3-16. ERSIC reiterates that it is an indirect subsidiary of The Chubb Corporation, the ultimate

parent and the only entity within its group of affiliated companies that is traded on any public

exchange.

DATED:  September 6, 2007                Respectfully submitted,

                                          HELLER EHRMAN LLP


                                          By /s/ Celia M. Jackson
                                                Celia M. Jackson

                                          Attorneys for Plaintiffs
                                          LENSCRAFTERS, INC. and EYEXAM OF
                                          CALIFORNIA, INC.

DATED:  September 6, 2007                WILLOUGHBY, STUART & BENING, INC.


                                          By /s/ Alexander F. Stuart
                                                Alexander F. Stuart

                                          Attorneys for Defendant
                                          LIBERTY MUTUAL FIRE INSURANCE COMPANY

DATED:  September 6, 2007                ROSS, DIXON & BELL, LLP


                                          By /s/ Terrence R. McInnis
                                                Terrence R. McInnis

                                          Attorneys for Defendant
                                          EXECUTIVE RISK SPECIALTY INSURANCE CO.

DATED:  September 6, 2007                HARRIS, GREEN & DENNISON


                                          By /s/ Gary L. Green
                                                Gary L. Green

                                          Attorneys for Defendant
                                          WESTCHESTER FIRE INSURANCE COMPANY

15

1    DATED:  September 6, 2007              LONG & LEVIT LLP

2

3                                          By /s/ Chip Cox
                                                    Chip Cox
4

5                                          Attorneys for Defendant
                                           MARKEL AMERICAN INSURANCE COMPANY
6
     DATED:  September 6, 2007              SQUIRE, SANDERS & DEMPSEY L.L.P.
7

8

9                                          By /s/ Amy E. Rose
                                                    Amy E. Rose
10
                                           Attorneys for Defendant
11                                         UNITED STATED FIRE INSURANCE COMPANY

12

13                              **CASE MANAGEMENT ORDER**

14          The Case Management Statement and Proposed Order is hereby adopted by the Court as the

15   Case Management Order for the case and the parties are ordered to comply with this Order.  In

16   addition the Court orders:

17

18

19

20

21   **DATED:** _____      _____
22                                                   United States District Judge
23

24

25

26

27

28

                                            16