**ROBERT D. DENNISON, ESQ.**, Bar No. 127498
**GARY L. GREEN, ESQ.**, Bar No. 82218
**HARRIS, GREEN & DENNISON**
**A Professional Corporation**
5959 West Century Boulevard, Suite 1100
Los Angeles, California 90045
Tel: (310) 665-8656 Fax: (310) 665-8659
robertdennison@h-glaw.net
garygreen@h-glaw.net

Attorneys for Defendant, Counter-Claimant and Cross-Claimant,
**WESTCHESTER FIRE INSURANCE COMPANY**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENSCRAFTERS, INC.; and EYEXAM OF CALIFORNIA, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY; and WESTCHESTER FIRE INSURANCE COMPANY, <br><br> Defendants. | CASE NO. CV-07-2853 SBA <br><br> **E-FILING** <br><br> **OPPOSITION OF WESTCHESTER FIRE INSURANCE COMPANY TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date: October 2, 2007 <br> Time: 1:00 p.m. <br> Courtroom: 3 <br> The Hon. Saundra Brown Armstrong |

///

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant, Counter-Claimant, and Cross-Claimant, WESTCHESTER FIRE INSURANCE COMPANY ("Westchester Fire") submits this Memorandum of Points And Authorities in Opposition to the Motion of Plaintiffs, LENSCRAFTERS, INC.; and EYEXAM OF CALIFORNIA, INC (collectively "LensCrafters") for Leave to File a First Amended Complaint.

### 1. STATEMENT OF FACTS

This action is an insurance coverage dispute among LensCrafters and the Defendant insurers concerning Defendants' purported obligation to indemnify LensCrafters with respect to a lawsuit filed against LensCrafters, *Snow v. LensCrafters, Inc., et al.*, San Francisco Superior Court Case No. CGC-02-40554 ("*Snow*"). The *Snow* complaint seeks to certify a class of consumers and alleges that LensCrafters violated certain California statutes, including the California Confidentiality of Medical Information Act, Cal. Civ. Code §§56, et seq.

LensCrafters commenced this lawsuit on May 25, 2007. LensCrafters' complaint alleges claims for declaratory relief regarding the duty to indemnify with respect to the *Snow* action. Westchester Fire filed an Answer to Lenscrafter's complaint. Further, Westchester Fire , filed a counter- and cross-complaint, seeking a declaration that Westchester Fire has no duty to indemnify Lenscrafters with respect to the *Snow* action, or alternately, if the Court finds a duty to indemnify, a declaration regarding allocation of liability among the other Lenscrafter insurers.

The *Snow* action remains pending in the San Francisco Superior Court. The matter has not yet proceeded to trial, yet alone judgment. Notwithstanding same, LensCrafters has brought a Motion for Leave to File a First Amended Complaint (the "FAC") in the within action to add claims for breach of contract and breach of the implied covenant of good faith and fair dealing for alleged failure to settle the *Snow* action. Westchester Fire Fire opposes the Motion on each of the grounds discussed below.

### 2. SUMMARY OF OPPOSITION ARGUMENT

In its moving papers, LensCrafters cites, *inter alia*, the decision in *Foman v. Davis*, 371 U.S. 178, 181-182 (1962) and Ninth Circuit decisions following same (see, e.g., *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 870 (9th Cir. 1999); *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)) for the proposition that leave to amend should not be denied unless *one* of the following factors is present:

1

(1) prejudice to the opposing party, (2) undue delay, (3) futility of the amendment, or (4) bad faith. Lenscrafters concedes in its moving brief that any one of these factors alone is sufficient to deny leave to amend (*Id.* at 5:12-13; arguing leave to amend should be granted "unless *one* of the following factors .. is present ..;" emphasis added).

Here, at least three of the four *Foman* factors militating against leave to amend are present:

**(1) Prejudice:** The prejudice that would result to Westchester Fire in permitting Lenscrafters to amend its complaint based on privileged discussions during mediation is manifest. As further discussed, *infra*, any and all statements made during the course of mediation are strictly privileged under California's statutory scheme which "unqualifiedly bars disclosure of specified communication and writings associated with a mediation absent an express statutory exception." *Rojas v. Superior Court* 33 Cal.4th 407, 415 (2004). Permitting plaintiffs to invite Westchester Fire attend mediation and then using its purported **privileged** statements made during same as a claimed basis for amending its complaint is not only highly prejudicial to this party, but inimical to the mediation process itself. Such a litigation tactic should not be countenanced.

**(2) Futility of Amendment:** As discussed, *infra*, entry of a judgment in excess of an insureds' coverage limits following actual trial is a pre-requisite to bringing a "bad faith" failure to settle case. Lenscrafters cannot truthfully allege that the *Snow* action has proceeded to an actual trial, much less that an excess judgment resulted. To the contrary, LensCrafters admits in its moving papers and proposed FAC that the *Snow* action remains pending and that no judgment, excess or otherwise, has been entered to date (see, e.g., paragraph 38 of the proposed FAC, referring to "further litigation" in *Snow* and "the *risk* of a judgment in excess of policy limits; emphasis added). As such, the proposed amendment to add counts for alleged breach of contract and breach of the implied covenant of good faith and fair dealing would be futile, as there is no legal basis for same.

**(3) Moving Party's Apparent Bad Faith:** Although the *Snow* action has not yet proceeded to trial, let alone entry of an excess judgment, LensCrafters, based on privileged communications during mediation (see, *infra*) has brought a motion at this time for leave to file the proposed FAC adding the aforementioned claims. LensCrafters brings its Motion to Amend while faced with U.S. Fire's Motion to Dismiss. As regards the latter, LensCrafters suggests (in the CMC Statement at 7:8-9) that "discretion to dismiss the declaratory relief claims disappears when they are combined with the breach of contract and other claims that are being

2

added." If this is the actual reason why LensCrafters is seeking leave to amend at this time, then such a tactic, to gain a procedural advantage on an another motion, should not be countenanced.

3. **SEVERE PREJUDICE WOULD RESULT BY ALLOWING AN AMENDED COMPLAINT BASED UPON PURPORTED MEDIATION PRIVILEGED STATEMENTS**

Lenscrafters seeks leave to file a First Amended Complaint to raise alleged claims for breach of contract and for breach of the implied covenant of good faith and fair dealing. Lenscrafters' basis for doing so is claimed statements of Westchester Fire Fire and other Lenscrafters insurers *during mediation sessions* in the underlying *Snow* action. Westchester Fire was invited by Lenscrafters to participate and did attend mediation in *Snow*. Westchester Fire so participated in mediation in full reliance of California's mediation privilege (discussed, *infra*). LensCrafters now seeks to use against Westchester Fire the purported statements it made during mediation, in reasonable, good faith reliance upon the mediation privilege.

In particular, LensCrafters repeatedly references in its moving brief, at 2:12; 2:11-12; 4:4-7; 7:15, and in its proposed First Amended Complaint (the "FAC"), in paragraphs 35 and 36, a mediation which took place on July 26, 2007. Allegedly, at that mediation session Westchester Fire and other Lenscrafters insurers purportedly "refused" to accept and fund a settlement.[1]

To permit LensCrafters to do so would not only prejudice Westchester but would do violence to California's statutory scheme of ensuring the confidentiality of mediation.

As discussed by the California Supreme Court in *Rojas, supra*, 33 Cal.4th at 415, mediation depends upon a "candid and informal exchange" among the parties. In other words, the parties to a mediation must be confident that statements they make during the course of a mediation will not be used against them in a civil action. See, e.g., Evidence Code §§1119(a), 1126; see also *Rojas, supra* 33 Cal.4th at 415-416. To ensure that these goals are promoted, California has adopted a statutory scheme, as set forth in California Evidence Code §§ 703.5, 1119 and 1121, which "unqualifiedly bars disclosure of communications made during mediation absent an express statutory exception." *Foxgate Homeowners Assoc. v. Bramalea*

---

[1]. Westchester Fire previously stated its objections to all references to *Snow* mediations in the Revised Case Management ("CMC") Statement. Westchester Fire refers to same in the within Opposition brief strictly to demonstrate the prejudice to it should Plaintiffs' motion to amend be granted; nothing herein is intended as a waiver of Westchester Fire's objections based on the mediation privilege..

3

*California Inc.* 26 Cal.4th 1, 15 (2001).

Moreover, the mediation privilege is broad in scope. California Evidence Code §1119(c) provides that the privilege encompasses "all communications, negotiations, or settlement discussions by and between participants in the course of a mediation or a mediation consultation...". See also *Eisendrath v. Superior Court* (2003) 109 Cal.App.4th 351, 358.

Moreover, as explained by commentators, Knight, Chernick, et. al., *California Practice Guide: Alternative Dispute Resolution* (TRG 2005), §3:99.4:

> There is no real distinction to draw between conduct and communication. Arguably, even *noncommunicative conduct* (e.g., *silence*, **no offer or response to an offer**) *in fact communicates.* As a communication made in mediation, it should not escape the protection found in Ev.C. §1119(c) (original italics; other emphasis added)

Here, LensCrafters is seeking leave of Court in an express attempt to do that which is proscribed by the foregoing authorities - to use privileged communications made during the course of mediation as a basis for allegations in its proposed amended complaint. Westchester relied in good faith on the established California mediation privilege in attending and participating in mediation in *Snow*. To give leave to file an amended Complaint expressly based upon alleged statements made by Westchester in mediation would thus severely prejudice Westchester and would undermine California public policy, as set forth in the Evidence Code sections and case law cited, *supra*, providing that such communications be privileged be protected. This Court should not allow such to result.

4. **THE PROPOSED AMENDMENT WOULD BE FUTILE**

   A. **LensCrafters Cannot Allege Breach of A Present Contractual Duty**

LensCrafters seeks leave to file an amended complaint which adds an alleged claim for breach of contract. The proposed amended complaint alleges, in paragraph 41 of the second count, that the Defendants breached "their duty to indemnity LensCrafters by refusing to agree to fund the settlement of the *Snow* Action." However, the proposed amended Complaint fails to allege the requisite elements for a breach of contract claim.

As explained by *Four Star Electric, Inc. v. F&H Construction*, 7 Cal.App.4th 1375, 1379 (1992), the elements of a breach of contract of indemnity are "the parties' contractual relationship, the indemnitee's performance of that portion of the contract which gives rise to the indemnification claim, the facts showing

4

a loss within the meaning of the parties' indemnification agreement, and the amount of damages sustained". In particular, a claim for indemnity is not ripe unless and until the liability is incurred - i.e, entry of a judgment or actual payment of a settlement. See *Gribaldo, Jacobs, Jones & Assocs. v. Agrippina Versicherunges A.G.*, 3 Cal.3d 434, 446-47 (1970), which stated that "An indemnitor is not liable for a claim made against the indemnitee until the indemnitee suffers **actual loss** by being compelled to pay the claim" (emphasis added).

Here, LensCrafters does not and cannot allege actual loss from "being compelled to pay the claim" (*Id.*). No judgment has yet been entered in the *Snow* action nor has any settlement been actually paid, as LensCrafters readily admits in its proposed First Amended Complaint (the "FAC"). See paragraph 38 of the FAC admitting that an actual judgment has not yet been entered against LensCrafters, alleging, instead, that LensCrafters faces "further litigation and "the risk of a judgment..."(emphasis added). See also paragraph 3 of the FAC admitting that the "settlement" is "contingent on approval and funding by defendants" (emphasis added). See also Lenscrafters moving brief, p.2:11-12, admitting that the settlement in *Snow* is "contingent on consent and funding by Insurers" proposed First Amended Complaint (the "FAC"). Further, Lenscrafters fails to allege in its FAC that it, or anyone else, has paid the contingent "settlement" to date.

Neither a "contingent" settlement nor the "risk" of a future judgment constitute an extant, actual loss which would support a breach of contract claim. See, e.g., *Gribaldo, supra,* 3 Cal.3d at 447.

Moreover, the proposed First Amended Complaint admits that Westchester Fire issued **excess** policies of insurance. See, e.g., paragraphs 24, page 6:24 (admitting the Westchester Fire excess umbrella policy "is excess to the Markel Policy...") and paragraph 26, page 7:17-18 (admitting that each of the Westchester Fire umbrella policies provide limits "excess of the retained limit ...")  As explained by *County of Santa Clara v. U.S. Fid. & Guar. Co.*, 868 F. Supp. 274, 277 (N.D. Cal. 1994), California law is clear that "[all] primary insurance must be exhausted before liability attaches under a secondary policy", citing *Iolab Corp. v. Seaboard Sur. Co.,* 15 F.3d 1500, 1505 (9th Cir. 1994), quoting *Olympic Ins. Co. v. Employers Surplus Lines Ins. Co.,* 126 Cal. App. 3d 593, 599 (1981).

The *County of Santa Clara* court, 868 F. Supp. at 277, recognized that primary insurance underlying an excess policy can only properly be exhausted by payment of a settlement or judgment that actually

5

resolves the third party claim ( "primary insurer validly exhausts its indemnity limits when it pays a settlement or judgment resolving third party claims."). *County of Santa Clara* further recognized that it is only when such underlying insurance is properly exhausted that any duty of an excess carrier may be triggered . *Id.*, ("the ***payment*** of the settlement or judgment then triggers excess coverage"; emphasis added). Significantly, LensCrafters does not and cannot truthfully allege that there has been any payment of the contingent "settlement", much less any payment exhausting underlying insurance required in order to trigger any claimed duty under the Westchester Fire excess umbrella or umbrella policies.

As such, the claim for breach of contract is fatally defective as to the Westchester Fire excess umbrella and umbrella policies at issue.

**B.   LensCrafters Fails To Allege The Requisite Element of Damages**

In *Emerald Bay Community Assn. v. Golden Eagle Ins. Corp.*, 130 Cal.App.4th 1078, 1088 (2005) the court recognized that an insured cannot maintain a cause of action for breach of contact absent resulting damages. See also *Patent Scaffolding Co. v. William Simpson Constr. Co.*, 256 Cal.App.2d 506, 511 (1967); BAJI 10.85; CACI 303 (requiring a plaintiff to show, as one of the essential elements of a cause of action for breach of contract, "damages to plaintiff caused by the breach"). Absent an allegation of actual monetary loss, LensCrafters cannot maintain a claim for breach of contract. See *St. Paul Fire & Marine Ins. Co. v. American Dynasty Surplus Lines Ins*. Co., 101 Cal.App.4th 1038, 1060 (2002) ("An essential element of a claim for breach of contract is damages resulting from the breach"). Because it cannot allege that it incurred any damages, as it has not paid anything to settle the Snow Action, even if LensCrafters had adequately alleged breach of a current contract obligation, its claim for breach would fail.

The only purported "damages" LensCrafters alleges in support of its breach of contract claim is that its insurers have allegedly deprived LensCrafters of "the benefit of their policies, for which substantial amounts in premiums were paid" and it "has been damaged in an amount that is to be proved at trial." (Paragraph 45 of the proposed FAC). These conclusory allegations of damages are contradicted by LensCrafters' factual allegations, which admit that there has been no finding of liability against LensCrafters to date (only that it faces the "risk of a judgment ..."; paragraph 38 of the FAC), and that the *Snow* action has not settled and remains pending (see paragraph 37 of the FAC alleging that Defendants have "prevented the settlement of the *Snow* Action...").

6

OPPOSITION OF WESTCHESTER FIRE INSURANCE COMPANY TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT
Case No.CV-07-2853 SBA

In particular, the mere "risk" of a future judgment is not a legally compensable item of "damage". See, e.g., *Emerald Bay Community Assn.*, *supra,* 130 Cal.App.4th at 1096 ("plaintiff needed to establish actual financial loss, not merely a potential that it may suffer a loss sometime in the future.")

LensCrafters attempts to remedy the absence of any factual allegations of actual loss in its FAC by raising the contention, in the Revised Case Management Conference ("CMC") statement that it is supposedly incurring additional litigation costs in the *Snow* action. However, these allegations do not appear in the proposed FAC. Morever, as an excess insurer, Westchester Fire's policies are not triggered in the first instance as LensCrafters has failed to allege the exhaustion of underlying insurance, which is a prerequisite to triggering any duty under an excess policy. See *County of Santa Clara, supra,* 868 F. Supp. at 277; *Olympic Ins. Co. , supra,* 126 Cal. App. 3d at 599.

LensCrafters does not and cannot allege any facts showing actual loss from alleged breach of contract in its proposed FAC. As such, its claim for breach of contract is fatally defective.

### C. LensCrafters Fails to Allege A Claim For Breach of The Duty To Settle

LensCrafters also proposes adding a third claim in its FAC for alleged "bad faith" failure to settle. LensCrafters asserts this "claim" even though LensCrafters admits in its own proposed pleading that the *Snow* action has not proceeded to trial and that no excess judgment has been entered to date. See, e.g. paragraph 38 of the FAC which alleges that "Defendants actions have exposed LensCrafters to ***further*** litigation and the ***risk*** of a judgement in excess of policy limits." (Emphases added). In other words, the premise for LensCrafters additional claims is a mere possibility of a future excess judgment, and not the entry of any actual excess judgement. This admission renders the proposed amended complaint defective; moreover, as LensCrafters cannot truthfully allege that *Snow* has proceeded to an actual trial followed by entry of an excess judgment, the defect is fatal.

The entry of an actual (as opposed to a hypothetical) judgment in excess of policy limits following an actual trial on the merits is a prerequisite in California to bringing an action for breach of an insurer's duty to settle. See, e.g., *Hamilton v. Maryland Casualty Co.*, 27 Cal.4th 718, 725 (2002). The reason for this rule is that entry of an excess judgment following trial is required to establish the insurer's liability to the injured party and the amount of damages before any alleged "bad faith failure to settle" action may be brought against the insurer . As recognized by the court in *J.B. Aguerre, Inc. v. American Guarantee &*

7

*Liability Ins. Co.*, 59 Cal.App. 4th 6, 13 (1997), an insurer's claimed failure to settle may prove correct if a defense verdict in the underlying action results. Only if a trial results in an excess judgment would the insured have the remedy of pursuing an action against the insurer for alleged failure to settle. See, e.g., *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 827 (9th Cir. 2003, applying California law).

As LensCrafters does not allege, and cannot truthfully allege the entry of an excess judgment following actual trial in *Snow*, LensCrafters new claims for alleged failure to settle are defective as a matter law, as discussed *supra*. The requested Amendment would therefore be futile, and should be denied on that additional ground.

5. **THE PROPOSED AMENDMENT APPEARS DESIGNED TO PROMOTE PLAINTIFFS' CHOICE OF FORUM**

The clear California law discussed, *supra,* that requires actual entry of an excess judgment following trial in order to give rise to a claim against an insurer for alleged breach of its duty to settle. Moreover, as discussed, *supra*, LensCrafters does not and cannot truthfully allege that the *Snow* action has proceeded to trial resulting in entry of an excess judgment. Accordingly, the reason why LensCrafters has chosen this point in time to bring its motion for leave to amend is an appropriate consideration under the *Foman* analysis, *supra*.

An apparent explanation is provided by the recitations of the Revised CMC Statement. At page 7:7-9, it is noted that LensCrafters filed an opposition to U.S. Fire's pending Motion To Dismiss, in which it contends that the Court's "discretion to dismiss the declaratory relief claims disappears when they are combined with the breach of contract and other claims that are being added ...". In other words, by adding the claims for breach of contract and "bad faith" failure to settle at this time, rather than the appropriate time (being if and when the *Snow* case is tried and were to result in an excess judgment) it appears that LensCrafters is seeking to bolster its choice of forum. Given that LensCrafters Motion to Amend is, at a minimum, premature, the apparent use of such a Motion to gain a tactical litigation advantage would not appear to be in good faith, under the fourth factor of the *Foman* analysis, *supra*.

For this additional ground, the Motion for leave to Amend should be denied.

///

8

OPPOSITION OF WESTCHESTER FIRE INSURANCE COMPANY TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT
Case No.CV-07-2853 SBA

## 6. CONCLUSION

For all of the reason stated above, Westchester Fire respectfully urges that LensCrafters Motion For Leave to File its FAC be denied.

Respectfully submitted.

DATED: September 11, 2007

HARRIS, GREEN & DENNISON
A Professional Corporation

By: _____
ROBERT D. DENNISON
GARY L. GREEN
Attorneys for Defendant, Counter-Claimant and Cross-Claimant, WESTCHESTER FIRE INSURANCE COMPANY

9

OPPOSITION OF WESTCHESTER FIRE INSURANCE COMPANY TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT
Case No.CV-07-2853 SBA

**PROOF OF SERVICE**

I, TAMARA A. CARBONE, am employed in the aforesaid county, State of California: I am over the age of 18 years and not a party to the within action: my business address is 5959 West Century Boulevard, Suite 1100, Los Angeles, California 90045.

On September 11, 2007, I served the following document described as:

OPPOSITION OF WESTCHESTER FIRE INSURANCE COMPANY TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**VIA THE UNITED STATES DISTRICT COURT ELECTRONIC FILING SERVICE** on interested parties in this action set forth below:

| | |
|---|---|
| Richard DeNatale, Esq.<br>Celia M. Jackson, Esq.<br>Heller Ehrman LLP<br>333 Bush Street<br>San Francisco, CA 94104-2878<br>Tel.: (415) 772-6000 Fax: (415) 772-6268<br>Email: richard.denatale@hellerehrman.com<br>celia.jackson@hellerehrman.com | Attorneys for Plaintiffs,<br>Lenscrafters, Inc., Eyexam of California, Inc. |
| Terrence R. McInnis, Esq.<br>Ross, Dixon & Bell, LLP<br>5 Park Plaza, Suite 1200<br>Irvine, CA 92614<br>Tel.: (949) 622-2700 Fax: (949) 622-2739<br>Email: tmcinnis@rdblaw.com | Attorneys for Defendant,<br>Executive Risk Specialty Insurance Company |
| Alex F. Stuart, Esq.<br>Willoughby, Stuart & Bening<br>Fairmont Plaza<br>50 West San Fernando, Suite 400<br>San Jose, CA 95113<br>Tel.: (408) 289-1972 Fax: (408) 295-6375<br>Email: afs@wsblaw.net | Attorneys for Defendant,<br>Liberty Mutual Insurance Company |

| | |
|---|---|
| Mark Craig Goodman, Esq.<br>Amy Rose, Esq.<br>Squire, Sanders & Dempsey, L.L.P.<br>One Maritime Plaza, Suite 300<br>San Francisco, CA 94111-3492<br>Tel.: (415) 954-0289 Fax: (415) 393-9887<br>Email: mgoodman@ssd.com<br>arose@ssd.com | Attorneys for Defendant,<br>United States Fire Insurance Company |
| Chip Cox, Esq.<br>Attorney at Law<br>465 California Street, Suite 500<br>San Francisco, CA 94104<br>Tel.: (415) 397-2222 Fax: (415) 397-6392<br>Email: chipc@longlevit.com | Attorney for Defendant,<br>Markel American Insurance Company |

    Executed on September 11, 2007, at Los Angeles, California. I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Tamara A. Carbone* (signature)

TAMARA A. CARBONE