UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LENSCRAFTERS, INC.; and EYEXAM OF CALIFORNIA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY; and WESTCHESTER FIRE INSURANCE COMPANY,<br><br>Defendants, | Case No.: CV-07-2853 SBA<br><br>**[PROPOSED] ORDER DENYING DEFENDANT UNITED STATE FIRE INSURANCE COMPANY'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY ACTION** |
| AND RELATED COUNTER- AND CROSS-CLAIMS. | |

This matter comes before the Court on the motion of defendant U.S. Fire Insurance Company ("U.S. Fire") to dismiss or stay this action in favor of a pending New York state court action. The parties appeared for argument on September 18, 2007. U.S. Fire's motion is based solely on the ground that a federal court sitting in a diversity case has discretion under the Declaratory Relief Act to exercise or to abstain from exercising jurisdiction where an action seeking only declaratory relief was filed while a state court action involving the same issues and parties was pending. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942). U.S. Fire raises no other jurisdictional issue, and does not claim that California is an inconvenient forum. Having read and considered the arguments presented by the parties in the papers submitted to the Court and at oral argument, the Court hereby DENIES U.S. Fire's motion to dismiss.

**BACKGROUND**

A.     The *Snow* Action

In March 2002, Melvin Gene Snow filed a class action complaint in San Francisco Superior Court against LensCrafters, Inc., EYEXAM of California, Inc. ("EYEXAM") and several other entities. *Melvin Gene Snow, et al. v. LensCrafters, Inc., et al.*, San Francisco Superior Court, Case No. CGC-02-40554 ("*Snow* Action"). (LensCrafters, Inc. and EYEXAM are referred to together as "LensCrafters.") The *Snow* Action arose from the business model used by LensCrafters, Inc. at its 90 stores in California and its business relationship with EYEXAM, a California-licensed health care plan. The complaint alleges that LensCrafters' business practices and its procedures for handling patient information violate several California laws, including Business & Professions Code 655 (prohibiting certain business relationships between opticians and optometrists) and the California Confidentiality of Medical Information Act ("COMIA") (Cal. Civ. Code § 56, regulating disclosure of confidential medical information). The *Snow* plaintiffs seek to certify a California-only class of more than a million consumers who had their eyes examined by a California-licensed optometrist employed by EYEXAM and who purchased eyewear from LensCrafters on the same day. Schechter Dec., ¶¶ 1, 8; Rose Dec., Ex. 1. Presently, only LensCrafters and EYEXAM remain subject to any liability in *Snow*. Schechter Dec., ¶¶ 4-7.

B.     The 2004 Coverage Action In This Court

In March 2004, LensCrafters filed an insurance coverage action in this Court entitled *LensCrafters, Inc., et al. v. Liberty Mutual Fire Ins. Co., et al.,* Case No. C-04-01001 SBA ("2004 California Action"). The 2004 California Action presented claims for declaratory relief and breach of contract with respect to insurance coverage for the *Snow* Action. LensCrafters' two primary insurers, Liberty Mutual ("Liberty") and ERSIC, were defendants in the lawsuit. The 2004 California Action raised issues concerning both the duty to defend and the duty to indemnify for any damages that might be paid to the *Snow* plaintiffs. Jackson Dec., ¶¶ 4, 5 & Ex. 2.

In the 2004 California Action, this Court decided three sets of cross-motions for summary judgment regarding the duty to defend that were filed by LensCrafters, Liberty and ERSIC. The Court issued two main rulings: (1) that Liberty and ERSIC both have a duty to defend LensCrafters

2

[PROPOSED] ORDER DENYING DEFENDANT U.S. FIRE'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY ACTION, CASE NO. C 07-2853 SBA

for the claims asserted in *Snow*, and (2) that Liberty's policy is primary to ERSIC's for the purposes of the *Snow* claims. Jackson Dec., ¶¶ 7, 8. Judgments were entered in November 2005 and are on appeal to the Ninth Circuit. *Id.*, ¶ 9.

LensCrafters' indemnity claims did not become ripe for resolution in the 2004 California Action. Thus, the parties stipulated and the Court ordered that the indemnity claims be dismissed without prejudice, with certain conditions: (1) any party could re-file indemnity claims when they ripened, (2) such action had to be filed in the Federal District Court for the Northern District of California, and (3) the parties consented to exclusive jurisdiction and venue in this Court. *Id.*, ¶ 10 & Ex. 4.

### C. The Filing Of The 2007 Coverage Action

The *Snow* Action was litigated from 2002 to early 2007. U.S. Fire and the other insurers attended meetings in San Francisco in January 2006, January 2007, and April 2007 to discuss the progress of the litigation and the prospects for settlement, as well as a mediation session in San Francisco in November 2005. Jackson Dec, ¶ 11, 14. On April 27, 2007, the parties to *Snow*—along with Liberty, U.S. Fire and the other insurers—attended a mediation in California at which significant progress was made towards settlement, but no deal was reached. *Id.*, ¶ 12. According to LensCrafters, by the end of May 2007 it had become apparent that the insurers' positions on certain insurance issues—whether the *Snow* claims are covered, whether the insurers have a duty to approve and fund a settlement, and how settlement funding should be allocated—were significant obstacles to settlement. *Id.*

On May 31, 2007, LensCrafters filed this action for declaratory relief. Complying with this Court's earlier Order dismissing indemnity claims from the 2004 California Action, LensCrafters re-filed its indemnity claims in this Court. It sued both the two insurers that were defendants in the 2004 California Action and the other excess insurers—U.S. Fire, Markel, and Westchester. On June 15, 2007, the Court deemed this action to be "related" to the 2004 California Action. Jackson Dec., ¶ 2 & Ex. 1.

In June 2007, LensCrafters reached a settlement of *Snow*, contingent on approval and funding by insurers. Jackson Dec., ¶ 13. On June 21, LensCrafters asked the insurers to accept and

fund the settlement. *Id.* A further mediation session was scheduled for July 26, 2007 to finalize the settlement and obtain the insurers' consent and funding. The Superior Court handling *Snow* issued an order requiring the insurers to attend; U.S. Fire did not attend.[1] *Id.* & Ex. 5. The insurers did not accept and fund the *Snow* settlement, and the *Snow* settlement has not been finalized.

Eleven days after the July 26 mediation session failed to finalize the settlement of *Snow*, LensCrafters moved to amend its Complaint in this action to add claims for breach of contract against all insurers and claims for tortious breach of the covenant of good faith and fair dealing against U.S. Fire, Markel and Westchester. Jackson Dec., ¶ 17. The hearing on that motion is set for October 2. *Id.*

### D. U.S. Fire's New York Action

On May 24, 2007, one week before LensCrafters filed the 2007 California Action, U.S. Fire filed a declaratory relief action in New York state court, seeking a declaration that its policies do not cover the *Snow* Action, and seeking apportionment of any liability it has for *Snow* among a number of LensCrafters' insurers. U.S. Fire's suit names as defendants LensCrafters and EYEXAM, the two insureds seeking coverage for Snow. Jackson Dec., ¶ 16. It also names some of the other entities insured by the policies that do not face liability in *Snow*.[2] U.S. Fire named three of the other insurers from which LensCrafters seeks coverage, but did not name ERSIC, a fourth insurer from which LensCrafters seeks coverage for *Snow*. *Id.*, ¶ 18.

LensCrafters has filed a motion in the New York court seeking dismissal or a stay of U.S. Fire's lawsuit on *forum nonconveniens* grounds. Jackson Dec., ¶ 22. In addition, EYEXAM has requested dismissal from the New York action based on lack of personal jurisdiction.[3] *Id.*, ¶¶ 21,

---

[1] U.S. Fire cited its New York complaint as grounds for refusing to attend the July 26 session. Jackson Dec., ¶ 11 & Ex. 6.

[2] U.S. Fire sued Luxottica U.S. Holdings (a New York corporation), Luxottica Group S.p.A. (an Italian company), and The United States Shoe Corporation (a Delaware corporation). These three companies had been named in the original *Snow* complaint but were later dismissed. Schechter Dec., ¶¶ 4-7.

[3] EYEXAM was organized as a health care service plan under California's Knox-Keene Health Care Service Plan Act of 1975, for the purpose of employing California-licensed optometrists to work in optometric offices located within LensCrafters' California stores, in space leased by EYEXAM from LensCrafters. Grossman Dec., ¶¶ 3, 4. EYEXAM has never engaged in any business in New York. It is not licensed to do business there, has not designated an agent for service there, does not provide any services in New York, does not maintain any offices or bank

4

[PROPOSED] ORDER DENYING DEFENDANT U.S. FIRE'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY ACTION, CASE NO. C 07-2853 SBA

22. Luxottica U.S., U.S. Shoe and EyeMed also seek dismissal on the additional grounds that they are improperly joined and that there is no justiciable controversy as to them, because they do not seek coverage for *Snow*. *Id*. The New York Court has stayed discovery in that action and set a hearing on LensCrafters' motion for October 29, 2007.

## LEGAL STANDARD

As a general matter, the decision to retain jurisdiction over a declaratory judgment action lies within the sound discretion of the district court. *Brillhart*, 316 U.S. 491, 494; *Wilton v. Seven Falls Co.*, 515 U.S. 277, 278 (1995) (district court's decision to exercise jurisdiction "should be reviewed for abuse of discretion"); *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 803 (9th Cir. 2002).

However, when the federal court dispute presents other claims along with the declaratory relief claims, the district court's discretion under the Declaratory Relief Act is constrained, and there is a presumption that the court should retain jurisdiction over the entire controversy. *Id.* at 1225. The *Dizol* court stated:

> Because claims of bad faith, breach of contract, breach of fiduciary duty and rescission provide an independent basis for federal diversity jurisdiction, the district court is without discretion to remand or decline to entertain these causes of action. Indeed, the district court has a 'virtually unflagging' obligation to exercise jurisdiction over these claims."

*Id.* at 1225 n.6 (quoting *First State Ins. Co. v. Callan Assoc.*, 113 F.3d 161, 163 (9th Cir. 1997)). *See also American Cas. Co. Reading, Pa. v. Krieger*, 181 F.3d 1113, 1119-20 (9th Cir. 1999) (same). The Ninth Circuit then ruled:

> [W]hen other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract . . .), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief.

*Id.* at 1119. Thus, the starting point for determining whether the *Brillhart* abstention doctrine applies is that the state court action involves the same parties and same issues. "The pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief." *Id.*

Where the federal action presents only declaratory relief claims and there is a state court

---

accounts there, does not own or lease any property there, and does not employ any employees there. *Id.*, ¶¶ 6, 7.

proceeding involving the same parties and issues, the Court's analysis of whether it should abstain in favor of the state court proceeding should take into account of a number of factors. Under *Brillhart* and *Dizol*, the Court should consider, among any other facts and factors it deems relevant, the following questions: (1) whether the declaratory relief action would result in "needless determination of state law issues," (2) "whether the declaratory relief action will settle all aspects of the controversy," (3) whether the controversy can be "better settled" in the state court proceeding, an inquiry that takes into account such matters as (a) the scope of the pending state court action, (b) whether "the claims of all parties in interest can satisfactorily be adjudicated in that proceeding," (c) "whether necessary parties have been joined" in the state proceeding," and (d) "whether such parties are amenable to process in that proceeding," (4) "the convenience of the parties, and the availability and relative convenience of other remedies," (5) "whether the declaratory relief action will serve a useful purpose in clarifying the legal relations at issue," (6) whether retaining jurisdiction would result in duplicative litigation, and (7) whether the federal action was filed merely as "procedural fencing," e.g., as a means of forum shopping (since one purpose of the *Brillhart* doctrine is to discourage forum shopping). *Dizol*, 133 F.3d at 1225-1226; *Brillhart,* 316 U.S. at 495.

## ANALYSIS

### A.   The Effect Of LensCrafters' Motion To Amend On The *Brillhart* Doctrine

LensCrafters has already filed a motion seeking leave to amend its complaint in this action to add breach of contract and bad faith claims based on events that took place after the initial complaint was filed. In determining whether to apply the *Brillhart* doctrine here, this Court takes into account LensCrafters' request—as well as the liberal policy permitting amendment. Under *Dizol*, when LensCrafters' breach of contract and bad faith claims are considered, the *Brillhart* discretion on which U.S. Fire's motion relies disappears. As *Dizol* held, the federal court has a "virtually unflagging" obligation to resolve the non-declaratory relief claims, and when those claims are presented along with a declaratory relief claim, the court should retain jurisdiction over all of the claims. *Dizol*, 133 F.3d at 1225-1226.

Given the non-discretionary claims that LensCrafters seeks to add, dismissing or staying the

6

[PROPOSED] ORDER DENYING DEFENDANT U.S. FIRE'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY ACTION, CASE NO. C 07-2853 SBA

declaratory relief claims here would thwart rather than further the principles behind *Brillhart*. The overriding rationale behind the Ninth Circuit's refusal to apply *Brillhart* when other claims are also brought is the goal of avoiding piecemeal litigation. *See Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367-68 (9th Cir. 1991). The rationale is satisfied when the controversy can be accommodated in one court—even if it is the federal court. *Id.* at 1368. Based on the proposed addition of breach of contract and bad faith claims, the Court declines to abstain under *Brillhart* and on this basis denies U.S. Fire's motion.

### B.   The *Brillhart* Rationale And Factors

Considering only the declaratory relief claims, the Court would still deny U.S. Fire's motion. While Ninth Circuit cases interpret *Brillhart* as creating a presumption against retaining jurisdiction over a purely declaratory relief action when there are no other claims as well, that presumption is overcome here by the overwhelming connections between this dispute and this forum and by the application of the other factors set forth in *Brillhart* and *Dizol*.

#### 1.   Whether The New York Action Presents The Same Issues For The Same Parties

The *Brillhart* doctrine starts from the proposition that there is a pending state court action that presents "the same issues" between "the same parties." *Brillhart*, 316 U.S. at 495. The 2007 California Action is different from—and broader than—the New York action in several respects. First, LensCrafters has submitted evidence supporting its claim that one of the two insureds seeking coverage, EYEXAM, is not subject to the New York court's jurisdiction and has requested dismissal from the New York action. That evidence shows that EYEXAM conducts business exclusively in California, and has no New York operations. *See* n.3 above; *see also* Grossman Dec., ¶¶ 6, 7. While this Court cannot determine the jurisdictional dispute that has been raised in the New York action, the evidence submitted here is sufficient for the Court to conclude that it is "doubtful" that the state court can fully address the claims of all parties with an interest in the dispute.

Second, U.S. Fire chose not to sue ERSIC in the New York action, although ERSIC issued a policy that potentially covers the *Snow* claims (as this Court ruled in the 2004 California Action), and therefore is a necessary party to this dispute.

[PROPOSED] ORDER DENYING DEFENDANT U.S. FIRE'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY ACTION, CASE NO. C 07-2853 SBA

Third, the stipulation and order dismissing the 2004 California Action requires LensCrafters, Liberty, and ERSIC to litigate their indemnity claims in this Court. Jackson Dec., ¶¶ 10, 15 & Ex. 4.

These *Brillhart* factors support the Court's decision to deny U.S. Fire's motion to dismiss this action in favor of the New York action.

### 2. Whether This Coverage Dispute Can Be Better Settled Here: Which Court Is The More Convenient Forum

Several other, related *Brillhart* factors that ask whether the controversy can "better be settled" in the state court proceeding also weigh in favor of retaining jurisdiction over this federal court action. *Brillhart*, 316 U.S. at 495.[4] Based on the facts here, the coverage disputes can be better settled in this action than in the New York action. In addition to including all necessary parties and claims not present in the New York action, this Court can better settle this dispute for several other reasons.

First, this Court already is familiar with the dispute as a result of the 2004 California Action. In that action this Court presided over significant motion practice and issued two lengthy summary judgment rulings that bear on issues also present in this dispute. This Court has already addressed some of the legal issues, policy provisions, factual allegations, and underlying claims at issue in the current action.

Second, this California federal court is better situated, as compared to the New York state court, to review and rule upon issues of first impression concerning the California statute, COMIA, that govern LensCrafters' alleged liability in *Snow*. The insurers have raised coverage defenses that will require a close analysis of the meaning and legislative history of this California statute.

Third, this Court is the most convenient forum for the parties, because California is the center of the claims, contacts, witnesses, documents, and other evidence. The underlying *Snow* Action that lies at the center of this dispute, and from which much of the facts and evidence will be drawn, is in California. So are the 90 LensCrafters stores whose business practices are at issue both

---

[4] These factors consider: (1) "whether the declaratory action will settle all aspects of the controversy," (2) "whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue," and (3) "the convenience of the parties, and the availability and relative convenience of other remedies." *Dizol*, 133 F.3d at 1225 n.5 (quoting *American States Ins. Co. v. Kearns*, 15 F.3d 144, 145 (9th Cir. 1994)).

8

[PROPOSED] ORDER DENYING DEFENDANT U.S. FIRE'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY ACTION, CASE NO. C 07-2853 SBA

in *Snow* and in this coverage lawsuit. Many of the witnesses to those business practices would be in California, and the alleged violations of patient privacy occurred here. The parties—including U.S. Fire and the other insurers—have long-standing California coverage counsel and have met together multiple times in San Francisco over the past two years to discuss the *Snow* case and the coverage issues. *See* Jackson Dec., ¶¶ 11, 14.[5]

In addition, one of the insureds seeking coverage, EYEXAM, is a California resident that operates solely in this state. California has a "very strong interest" in regulating insurance contracts entered into by its own residents. *Clemco Inc. v. Commercial Union Ins. Co.*, 665 F.Supp. 816, 818 (N.D. Cal. 1987). The other insured, LensCrafters, Inc., is an Ohio company whose California operations (and those of no other state) are at issue. California has a strong interest in determining the meaning of its statutes and whether a California business can be insured for alleged liabilities that arise under them.

For all these reasons, California is the most convenient forum, and the dispute can be better settled here.

### 3. Whether Retaining Jurisdiction Will Cause Needless Determination Of State Law Issues

One of the concerns expressed in *Brillhart* was to avoid having federal courts "needlessly" determine issues of state law. Here, the question is whether this California federal court or a New York state court should decide questions of California law. The Court concludes that retaining jurisdiction here would not require this Court to needlessly decide state law issues.

This *Brillhart* factor leans in favor of abstention only when the federal court's decision is unnecessary and gratuitous because a state court having jurisdiction over all necessary parties can and will render decisions on the same issues. Here, because this action includes all necessary parties while the New York action does not, this Court's decisions will not be "needless."

Moreover, this case does not present any risk of "gratuitous interference" in state court litigation. *Brillhart*, 316 U.S. at 495. The New York action has been pending only since May

---

[5] The Court is not persuaded by U.S. Fire's argument argues that New York has more connections to this dispute. While some of the policies were brokered there, according to the evidence presented with this motion, the brokers and underwriters are located in many different states. Moreover, the one insurer that resides in New York (Westchester) has said New York is the wrong forum.

2007, and according to the evidence presented with this motion, to date little substantive activity has taken place there other than the filing of the complaint, answers, and cross-complaints, and the filing of LensCrafters' motion to dismiss or stay the case. Jackson Dec., ¶ 19, 22. The New York Court has stayed discovery until it hears LensCrafters' motion. This Court has been involved in this coverage dispute over *Snow* since 2004. Retaining jurisdiction here would avoid wasting the time and effort already expended by the Court and the parties in the 2004 California Action. Here, "the waste of judicial resources inherent in duplicative litigation would occur not if the federal action continued, but if it were dismissed . . . ." *Krieger*, 181 F.3d at 1119.

### 4. Considerations Of Forum Shopping

One key purpose behind the *Brillhart* abstention doctrine is to discourage the filing of reactive declaratory relief actions as a means of forum shopping.

U.S. Fire's argument that LensCrafters' filing of this action was reactive, and was forum shopping, is not well-taken. As noted above, this Court's order dismissing LensCrafters' indemnity claims from the 2004 California Action required LensCrafters to re-file its indemnity claims in this Court. Jackson Dec., ¶ 10 & Ex. 4. In addition, it was logical for LensCrafters to file its indemnity claims here because of the obvious connections between this dispute and this forum. This is where the 2004 California Action proceeded, where the *Snow* Action is pending, where all the meetings between LensCrafters and its insurers concerning *Snow* have taken place, and where the court is already familiar with the dispute. That this suit was filed one week later than U.S. Fire's action does not make it "reactive," nor does it suggest that LensCrafters was forum shopping.[6]

To the contrary, it appears from the facts presented in this record that U.S. Fire is the party that engaged in "procedural fencing" by filing a preemptive suit in state court. U.S. Fire knew about the 2004 California Action and the summary judgment orders issued by this Court concerning issues that will also be relevant here. Jackson Dec., ¶ 8. U.S. Fire appears to have filed its lawsuit in New York shortly after it was ordered to attend the July 26, 2007 mediation in California, in an effort to avoid litigating here. Based on these facts, the Court concludes that abstaining in this case

---

[6] The one-week difference in filing date is irrelevant under *Brillhart*. In *Huth*, the Ninth Circuit said: "the fact that Hartford [the insurer] won the race to the courthouse by several days does not place it in a preferred position." *Huth*, 298 F.3d at 804.

would serve to reward U.S. Fire's forum shopping. *Continental Cas. Co. v. Robsac*, 947 F.2d 1367, 1372 (9th Cir. 1991) (insurer's suit may be "reactive" when brought in response to a claim the insurer believes is not covered, even if the insurer files first); *Krieger*, 181 F.3d at 1119 (recognizing countervailing forum shopping considerations where defendants, not plaintiff, are the "major offenders" with regard to forum shopping); *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F.Supp.2d 1183, 1191-92 (S.D. Cal. 2007) (refusing to find forum shopping by plaintiff suing in federal court where the case had an obvious connection to the Southern District of California).

### B.    Choice Of Law Considerations

U.S. Fire argues that the Court need not conduct a choice of law analysis or determine which state's law will apply to this dispute, although its brief discusses choice of law and argues that New York law would apply.  This Court cannot conduct a choice of law analysis in the abstract, or in general terms.  *See Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162 (C.D. Cal. 2003) ("The fact that two states are involved does not itself indicate that there is a 'conflict of laws' or 'choice of law' problem.") (quoting *Hurtado v. Superior Court*, 11 Cal.3d 574, 580 (1974)) (internal citation omitted).  The analysis can only be conducted with respect to specifically identified legal issues and principles that are pertinent to the dispute.  This is true under both California Civil Code section 1646 and the governmental interest test.  *See Washington Mutual Bank, FA v. Superior Court*, 24 Cal.4th 906, 915 (2001) and *Stonewall Surplus Lines Ins. Co. v. Johnson Controls, Inc.*, 14 Cal.App.4th 637, 645 (1993) (under governmental interest test); *Gitano Group, Inc. v. Kemper Group*, 26 Cal.App.4th 49, 57 (1994) (under section 1646).

U.S. Fire has failed to carry its burden of identifying an issue and showing there is a true conflict.  *Costco*, 472 F.Supp.2d at 1198 ("[t]he party advocating for the application of foreign law carries the burden of proof").  As a result, this Court cannot conclude that New York law applies, and U.S. Fire's argument that choice of law is a factor weighing towards dismissal or stay of this action in favor of the New York action is rejected.

### CONCLUSION

To summarize the Court's conclusions:  LensCrafters' motion to amend its complaint to add

breach of contract and bad faith claims removes this case from the typical case in which courts have applied *Brillhart* abstention. Where, as here, declaratory relief claims are joined with such other claims, the Court does not have broad discretion to decline jurisdiction, and instead has a virtually unflagging obligation to exercise jurisdiction over all of the claims. Moreover, the factors and principles set forth in *Brillhart* and those later cases that have applied it—in particular, the strong connection between this dispute and California and the work this Court has already done in resolving the 2004 California Action—weigh strongly in favor of retaining jurisdiction over LensCrafters' declaratory relief claims, and would overcome any presumption in favor of abstention that might apply.

Good cause appearing,

IT IS HEREBY ORDERED that U.S. Fire's motion to dismiss or stay this action is denied.

Dated: _____

SAUNDRA BROWN ARMSTRONG
United States District Judge