SQUIRE, SANDERS & DEMPSEY L.L.P.
Mark C. Goodman (Cal. State Bar No. 154692)
Amy E. Rose (Cal. State Bar No. 222167)
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492
Telephone:  +1.415.954.0200
Facsimile:   +1.415.393.9887
Email:   mgoodman@ssd.com
Email:   arose@ssd.com

Attorneys for Defendant
UNITED STATES FIRE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| LENSCRAFTERS, INC.; and EYEXAM OF CALIFORNIA, INC.;<br><br>                Plaintiffs,<br><br>       vs.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY; and WESTCHESTER FIRE INSURANCE COMPANY,<br><br>                Defendants. | Case No.  C-07-2853 SBA<br>The Honorable Saundra B. Armstrong<br><br>**E-FILING**<br><br>**UNITED STATES FIRE INSURANCE COMPANY'S OPPOSITION TO LENSCRAFTERS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Date:         October 2, 2007<br>Time:        1:00 p.m.<br>Courtroom:  3 |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. STATEMENT OF FACTS ............................................................................................... 1

    A. U.S. Fire Asks The New York State Court To Determine Indemnity Obligations Under New York Contracts ............................................................. 1

    B. LensCrafters Files This Lawsuit In Reaction To U.S. Fire's New York Action ................................................................................................................ 2

    C. U.S. Fire Moves To Dismiss This Litigation In Favor Of The Prior-Pending New York Action ............................................................................... 2

    D. LensCrafters Seeks Leave To File An Amended Complaint To Prevent The Proper Dismissal Or Stay Of This Action ................................................ 3

III. DISCUSSION .................................................................................................................... 4

    A. This Court Has Discretion To Deny Leave To File An Amended Complaint ....... 4

    B. The Claims To Be Added By Amendment Are Legally Deficient And Subject To Dismissal ....................................................................................... 4

        1. LensCrafters Cannot Allege Breach of a Ripe Contractual Duty ............. 5

        2. LensCrafters Fails to Allege Damages, a Necessary Element of Breach of Contract ................................................................................. 7

        3. Having Failed to State a Claim for Breach of Contract, LensCrafters Cannot State a Claim for Breach of the Implied Covenant as a Matter of Law ........................................................................................ 9

    C. LensCrafters' Motion Is Only A Tactic To Establish Jurisdiction ....................... 10

IV. CONCLUSION ............................................................................................................... 11

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

- i -

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Bonin v. Calderon*,
    59 F.3d 815 (9th Cir. 1995) ................................................................................................ 4

*Brillhart v. Excess Insurance Co. of America*,
    316 U.S. 491 (1942) ................................................................................................. 3, 11

*Cervantes v. Pacific Gas & Electric Co.*,
    1997 U.S.Dist. LEXIS 18167 (N.D. Cal. 1997) ................................................................ 10

*Conley v. Gibson*,
    355 U.S. 41 (1957) ............................................................................................................ 5

*Continental Casualty Co. v. Robsac Industrial*,
    947 F.2d 1367 (9th Cir. 1991) ......................................................................................... 11

*County of Santa Clara v. U.S. Fidelity & Guaranty Co.*,
    868 F.Supp. 274 (N.D. Cal. 1991) .................................................................................... 5

*De La Cruz v. Tormey*,
    582 F.2d 45 (9th Cir. 1978) ............................................................................................... 5

*Foman v. Davis*,
    371 U.S. 178 (1962) .......................................................................................................... 4

*Government Employees Insurance Co. v. Dizol*,
    133 F.3d 1220 (9th Cir. 1998) ......................................................................................... 11

*Hinton v. Pacific Enterprises*,
    5 F.3d 391 (9th Cir. 1993) ................................................................................................ 4

*Keams v. Tempe Tech. Institute*,
    110 F.3d 44 (9th Cir. 1996) .............................................................................................. 9

*Moore v. Kayport Package Express, Inc.*,
    885 F.2d 531 (9th Cir. 1989) ........................................................................................ 4, 6

*Reisner v. General Motors Corp.*,
    511 F.Supp. 1167 (S.D.N.Y. 1981) ................................................................................ 10

*Rodgers v. Lincoln Towing Serv., Inc.*,
    771 F.2d 194 (7th Cir. 1985) ............................................................................................ 4

*Roth v. Garcia Marquez*,
    942 F.2d 617 (9th Cir. 1991) ............................................................................................ 4

*SEC v. Cross Finance Services, Inc.*,
    908 F.Supp. 718 (C.D. Cal. 1995) .................................................................................... 5

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Shermoen v. United States,*
    982 F.2d 1312 (9th Cir. 1992) ............................................................................................... 7

*Sinay v. Lamson & Sessions Co.,*
    948 F.2d 1037 (6th Cir. 1991) ............................................................................................... 6

*Sorosky v. Burroughs Corp.,*
    826 F.2d 794 (9th Cir. 1986) ............................................................................................... 10

*Syme v. Rowton,*
    555 F.Supp. 33 (D. Mont. 1982) ......................................................................................... 10

*Wilton v. Seven Falls Co.,*
    515 U.S. 277 (1995) ....................................................................................................... 3, 11

**STATE CASES**

*Careau & Co. v. Security Pac. Bus. Credit, Inc.,*
    222 Cal.App.3d 1371 (1990) ............................................................................................ 5, 7

*Communale v. Traders & General Insurance Co.,*
    50 Cal.2d 654 (1958) ............................................................................................................ 7

*Emerald Bay Community Association v. Golden Eagle Insurance Co.,*
    130 Cal.App.4th 1078 (2005) ............................................................................................ 8, 9

*Four Star Electric, Inc. v. F&H Construction,*
    7 Cal.App.4th 1375 (1992) ............................................................................................... 5, 7

*Gribaldo, Jacobs, Jones & Associates v. Agrippina Versicherunges A.G.,*
    3 Cal.3d 434 (1970) ........................................................................................................... 5, 6

*Johansen v. California State Automobile Association Inter-Insurance Bureau,*
    15 Cal.3d 9 (1975) ................................................................................................................. 7

*Lambert v. Southern Counties Gas Co.,*
    52 Cal.2d 347 (1956) .......................................................................................................... 10

*PPG Industrial v. Transamerica Insurance Co.,*
    30 Cal.4th 310 (1999) ....................................................................................................... 6, 7

*Patent Scaffolding Co. v. William Simpson Construction Co.,*
    256 Cal.App.2d 506 (1967) .................................................................................................. 8

*St. Paul Fire & Marine Insurance Co. v. American Dynasty Surplus Lines Insurance Co.,*
    101 Cal.App.4th 1038 (2002) ............................................................................................... 8

*Treloar v. Keil & Hannon,*
    36 Cal.App. 159 (1918) ........................................................................................................ 6

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Weaver v. Grunbaum,*
    31 Cal.App.2d 42 (1939) .................................................................................................. 6

**DOCKETED CASES**

*LensCrafters, Inc. v. Liberty Mutual, et al.,*
    Related Case No. 4:04-cv-01001-SBA ........................................................................... 7

*Melvin Gene Snow, et al. v. LensCrafters, Inc., et al.,*
    San Francisco Superior Court Case No. CGC-02-40554 ................................................ 1

**MISCELLANEOUS**

BAJI 10.85    ................................................................................................................................ 8

**SQUIRE, SANDERS &**
**DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

## I. INTRODUCTION

LensCrafters only wants to amend its complaint to try to defeat U.S. Fire's pending motion to dismiss. Its plan is to assert premature claims that arguably would preclude the Court from declining jurisdiction. Unfortunately for LensCrafters, the claims on which it bases its attempts to maintain this action are not viable.

Indeed, LensCrafters did not assert any breach of contract or bad faith claims when it filed this action because such claims were not ripe: LensCrafters could not allege that its insurers breached their contracts or that it had suffered damages as a result of any such breach because no policy benefits had been withheld. That reality has not changed since Lenscrafters' original complaint. Today, there still are no ripe claims for indemnity or breach of contract because the underlying action for which the indemnity is being sought has not settled or proceeded to judgment. Accordingly, any causes of action seeking recovery on those theories are subject to dismissal. Because LensCrafters' proposed complaint cannot withstand a motion to dismiss, amendment is futile and the Court must deny leave to amend.

## II. STATEMENT OF FACTS

### A. U.S. Fire Asks The New York State Court To Determine Indemnity Obligations Under New York Contracts

Several months ago, U.S. Fire was alerted to the fact that there was a possibility that a lawsuit against its insured, *Melvin Gene Snow, et al. v. LensCrafters, Inc., et al.*, San Francisco Superior Court Case No. CGC-02-40554 (the "*Snow* Action"), may settle. To resolve any issues regarding its responsibility, if any, to participate in a settlement of the *Snow* Action, on May 24, 2007, U.S. Fire filed a lawsuit in the Supreme Court of the State of New York, County of New York, Index No. 07/07338 (the "New York Action"), against eight defendants, including each of the LensCrafters-related defendants named in the *Snow* Action. (*See* U.S. Fire's Request for Judicial Notice ("RJN"), Ex. 1.) Specifically, U.S. Fire seeks a declaration of its rights and obligations under the terms and conditions of insurance policies issued to Luxottica U.S. Holdings Corporation ("Luxottica"), LensCrafters' parent company and the entity that actually purchased the contracts at issue. (*Id.*)

- 1 -

1    U.S. Fire filed its suit in New York because its insurance policies were issued in New
2  York by a New York broker to a New York insured.[1]  In addition, at the time the policies were
3  issued, U.S. Fire was incorporated in New York.[2]  Although U.S. Fire did not participate in
4  Luxottica's purchase of primary insurance or other excess policies, it understands that Luxottica
5  also negotiated and purchased coverage from Liberty Mutual Insurance Company ("Liberty
6  Mutual"), Executive Risk Specialty Insurance Company ("ERSIC") and Westchester Fire
7  Insurance Company ("Westchester") in New York.  (Complaint at ¶ 11; January 20, 2005 Order
8  at 5, fn. 5.[3])  Because the issues raised by U.S. Fire require interpretation of insurance contracts
9  issued in New York State to a New York insured by a then-New York insurer-- and, therefore, are
10 governed by New York contract and insurance law -- U.S. Fire filed its declaratory relief action in
11 New York.

**B.    LensCrafters Files This Lawsuit In Reaction To U.S. Fire's New York Action**

On May 31, in almost immediate reaction to U.S. Fire's suit, two Luxottica-related defendants -- LensCrafters and EYEXAM -- filed this declaratory relief lawsuit.  Like the New York Action, however, this suit requests a determination of Luxottica's insurers' obligations to provide coverage for the *Snow* Action under insurance policies that were negotiated, bound, executed and paid for in New York by a New York insured -- the same contracts at issue in the New York Action.

**C.    U.S. Fire Moves To Dismiss This Litigation In Favor Of The Prior-Pending New York Action**

On July 18, U.S. Fire moved to dismiss or stay this declaratory relief action in favor of the New York Action.  (U.S. Fire's Motion to Dismiss at 1.)  As explained more thoroughly in U.S.

---

[1] U.S. Fire's policies were provided as Exhibits D-F to the Declaration of Amy E. Rose in Support of U.S. Fire's Motion to Dismiss or Stay ("Rose Declaration").  To avoid burdening the Court with multiple copies of lengthy documents, U.S. Fire does not resubmit those policies here.

[2] U.S. Fire was incorporated in New York State until December 31, 2003.

[3] The Court's January 20, 2005 Order was provided as Exhibit J to the Rose Declaration.  Liberty Mutual's primary insurance policies for the years U.S. Fire provided excess coverage were provided as Exhibits G-I to the Rose Declaration.  To avoid burdening the Court with multiple copies of lengthy documents, U.S. Fire does not resubmit these documents here.

- 2 -

1  Fire's moving papers, well-established federal law compels this Court to presumptively decline to
2  exercise its discretionary jurisdiction over LensCrafters' declaratory relief action and, instead,
3  defer to the prior-filed New York Action, which involves the same parties and state law issues.
4  (Motion to Dismiss at 8-9 (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287-89 (1995);
5  *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942).) Because all necessary parties to
6  this dispute are already litigating the state law issues before the New York court, U.S. Fire
7  believes that *Brillhart* and its progeny direct the Court to presumptively dismiss this action in
8  favor of the New York Action.

9  U.S. Fire contends that the rationales behind the *Brillhart* presumption support dismissal
10 as well. (Motion to Dismiss at 13-20.) Specifically, the parties' dispute involves only state law
11 issues and, therefore, implicates no federal question, law or interest. (*Id.* at 13-14.) By declining
12 to exercise its discretionary jurisdiction in this action, the Court will avoid needless duplication of
13 the New York court's efforts, the attendant waste of party and judicial resources and the risk of
14 inconsistent rulings or judgments. (*Id.* at 20-21.) Additionally, LensCrafters' attempted forum
15 shopping -- demonstrated by its filing a reactive federal action and its prior filing of unripe
16 indemnity claims to secure from its primary insurers an improper and inoperative stipulation to
17 this Court's exclusive jurisdiction -- is the precise "procedural fencing" that the Supreme Court's
18 decision in *Brillhart* sought to eliminate. (*Id.* at 18-20.) Finally, not only will state law apply to
19 this action but **New York state law** would govern the contract interpretation issues in dispute. (*Id.*
20 at 14-18.)

**D.    LensCrafters Seeks Leave To File An Amended Complaint To Prevent The Proper Dismissal Or Stay Of This Action**

23 On August 6, LensCrafters filed this Motion for Leave to File First Amended Complaint
24 seeking to add causes of action for breach of contract and breach of the covenant of good faith
25 and fair dealing. Addition of the claims articulated by LensCrafters would likely render
26 inapplicable the federal abstention doctrine set forth in U.S. Fire's Motion to Dismiss -- which is
27 why LensCrafters seeks to add those claims now. The proposed additional claims, however, are
28 unripe and are advanced solely in an attempt to prevent the Court from dismissing this action and

- 3 -

to preclude this matter from being litigated in the most appropriate forum.

## III.    DISCUSSION

### A.    This Court Has Discretion To Deny Leave To File An Amended Complaint

Granting or denying leave to file an amended complaint is soundly within the Court's discretion. *Hinton v. Pacific Enters.,* 5 F.3d 391, 395 (9th Cir. 1993). Although leave to amend is liberally granted, in *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court delineated the potential bases upon which a district court may deny a motion for leave to amend. These grounds include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party and, finally, futility of amendment. *Id.* at 182; *Hinton,* 5 F.3d at 395 (a district court should consider whether any of the *Foman* factors are implicated when determining whether to grant leave to amend). Here, amendment would be futile, as the claims sought to be added are not ripe and, therefore, are subject to dismissal. Alternatively, LensCrafters' bad faith motives support denying leave.

### B.    The Claims To Be Added By Amendment Are Legally Deficient And Subject To Dismissal

Leave should not be granted if the proposed amendment is legally insufficient and amendment would be futile. *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 538 (9th Cir. 1989) (a court should deny leave when the amendment is subject to dismissal for failure to state claim). Amendment is futile if the proposed cause of action fails to state a claim for which relief may be granted -- that is, if the claim could not withstand a motion to dismiss. *Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir. 1995) (holding that futility of amendment alone justifies denying leave to amend); *Roth v. Garcia Marquez*, 942 F.2d 617, 628-29 (9th Cir. 1991) (denying amendment as futile where plaintiff sought to add a claim that could be defeated on a motion for summary judgment); *Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 204 (7th Cir. 1985) (amendment should be denied if the proposed complaint fails to have substantial merit). Pursuant to this authority, the Court must decide whether the facts alleged, if true, would entitle LensCrafters to a legal remedy. If the answer is "no," the motion for leave to assert a deficient

1  claim must be denied. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *De La Cruz v. Tormey*, 582
2  F.2d 45, 48 (9th Cir. 1978); *SEC v. Cross Fin. Servs., Inc.*, 908 F. Supp. 718, 726-27 (C.D. Cal.
3  1995). Because LensCrafters does not and cannot allege facts necessary to support its new
4  claims, amendment would be futile and should not be permitted.

**1.     LensCrafters Cannot Allege Breach of a Ripe Contractual Duty**

6  To assert a cause of action for breach of contract, LensCrafters must allege facts to
7  support each element of the claim:  Existence of a contract, performance, breach and damages.
8  *See Careau & Co. v. Security Pac. Bus. Credit, Inc.*, 222 Cal.App.3d 1371, 1388 (1990); *Four
9  Star Elec., Inc. v. F&H Constr.*, 7 Cal.App.4th 1375, 1380 (1992). By its breach of contract
10 claim, however, LensCrafters seeks damages for which it may ***someday*** be liable as a result of the
11 claims asserted in the *Snow* Action.  A party seeking indemnity -- or claiming that an indemnity
12 obligation has been breached -- must allege that an actual loss has been incurred. *Id.*  A claim for
13 indemnity is not ripe until liability is incurred -- *i.e.*, judgment is entered or a settlement is paid.
14 *Gribaldo, Jacobs, Jones & Assocs. v. Agrippina Versicherunges A.G.*, 3 Cal.3d 434, 446-47
15 (1970) (holding that a claim seeking indemnity accrues only when indemnitee pays a legal
16 obligation).  In order to maintain a claim for breach against U.S. Fire, then, LensCrafters must at
17 a minimum allege that U.S. Fire breached a current duty to provide indemnity under its insurance
18 policies for a loss incurred (that is, paid for) by LensCrafters resulting from the *Snow* Action.
19 Because the *Snow* Action has not settled and because LensCrafters has not paid any money in
20 relation to that claim, it cannot allege any breach.

21 LensCrafters alleges only that "the parties have reached a reasonable settlement that is
22 contingent on approval and funding by defendants." (Plaintiffs' Proposed First Amended
23 Complaint at ¶3.)  But a contingent settlement is not a settlement; it does not result in an
24 obligation by LensCrafters to pay any amount.  Contrary to LensCrafters' characterizations, it is
25 well settled that "indemnity" is only amounts paid for ***outstanding and then-owing*** settlements or
26 judgments. *See County of Santa Clara v. U.S. Fid. & Guar. Co.,* 868 F. Supp. 274, 277 (N.D.
27 Cal. 1994).  Again, a claim seeking indemnity -- or breach of an obligation to provide it -- cannot
28 accrue until payment is actually due. *Gribaldo,* 3 Cal.3d at 446-47; *Weaver v. Grunbaum,* 31

- 5 -

1  Cal.App.2d  42, 49-50 (1939) (holding that a claim accrues only when actual loss is sustained).
2  In the absence of actual loss, the indemnitee has nothing to recover and the indemnitor cannot
3  have breached any obligation. *Weaver*, 31 Cal.App.2d at 49-50; *Treloar v. Keil & Hannon*, 36
4  Cal.App. 159, 168-69 (1918).

5        No current obligation to indemnify LensCrafters against liability in the *Snow* Action is
6  alleged in the proposed complaint -- nor could it be.  Although LensCrafters purports to allege a
7  breach of its insurers' "duty to indemnify," LensCrafters fails to identify any loss it has incurred,
8  any liability it has sustained or any amount of damages for which its insurers are allegedly
9  obligated to pay. (*See* Proposed First Amended Complaint at ¶¶ 43-45 ("Breach of Contract Re
10 Defendants' Duty to Indemnify and Duty to Settle").)  LensCrafters admits that neither judgment
11 nor settlement has been entered in the *Snow* Action.  (Proposed first Amended Complaint at ¶ 36
12 ("The mediation on July 26 was unsuccessful").)  Thus, instead of supporting its bald assertion
13 that its insurers have breached a "duty to indemnify," LensCrafters concedes that there is
14 presently nothing for its insurers to indemnify.  (Proposed First Amended Complaint at ¶ 37
15 ("Defendants . . . ha[ve] prevented the settlement of the *Snow* Action").)  Absent some existing
16 liability for which LensCrafters seeks indemnity, any claim for breach of an indemnity obligation
17 fails as a matter of law and is, therefore, subject to dismissal.[4]  Accordingly, leave to amend to
18 assert such a claim should be denied. *Moore*, 999 F.2d at 1128; *Sinay,* 948 F.2d at 1041-42.

19       In addition to alleging that its insurers have breached their duty to indemnify,
20 LensCrafters asserts breach of a "duty to settle" the *Snow* Action.  (Proposed First Amended
21 Complaint at ¶¶ 43-45.)  LensCrafters' allegations, however, rest on an unsupportable legal
22 theory -- neither U.S. Fire nor LensCrafters' other excess insurers owe any such duty. *PPG*
23 *Indus. v. Transamerica Ins. Co.*, 30 Cal.4th 310, 321 (1999) ("Pursuant to the covenant of good
24 faith and fair dealing . . . the insurer has a duty to make reasonable efforts to settle a claim against

---

[4] U.S. Fire does not dispute that there is a current controversy regarding whether its policies -- and LensCrafters' other insurers' policies -- provide coverage for the *Snow* Action, as alleged in the New York Action and in LensCrafters' single cause of action for declaratory relief here. Although there is a justiciable case or controversy as to whether the insurers may be required to ultimately indemnify LensCrafters for any settlement or judgment eventually entered in the *Snow* Action, there is no such settlement or judgment and, thus, no current obligation to indemnify necessary to support a claim for breach of contract or of the implied covenant.

- 6 -

its insured by the insured's victim. . . . The insurer's duty to settle arises from its interrelated duty to defend"). As an excess insurer on a claim currently being defended by primary carriers, U.S. Fire has no duty to defend and, therefore, no duty to settle. *See, e.g., Johansen v. California State Automobile Association Inter-Insurance Bureau*, 15 Cal.3d 9, 15-16 (1975) (holding that a defending insurer owes a duty to accept a reasonable settlement within policy limits where there is a substantial risk of an excess judgment); *Communale v. Traders & General Ins. Co.,* 50 Cal.2d 654, 658 (1958) (holding that an insurer that breaches its duty to defend and refuses to accept a settlement offer within policy limits -- resulting in an excess default judgment against its insured -- breaches the duty to settle). No California court has ever imposed a duty to settle on an insurer that did not owe a duty to defend. Nor would one -- the duty to settle stems from the fact that a defending insurer controls its insured's defense and ability to settle. *See PPG Indus.*, 30 Cal.4th at 321. Where such control over the defense does not exist, neither does the insurer's duty to settle. *Id.*

LensCrafters already brought a related suit against the insurers that it alleges owe a duty to defend the *Snow* Action -- Liberty Mutual and ERSIC. (*See* LensCrafters' March 11, 2004 Complaint for Declaratory Relief in *LensCrafters, Inc. v. Liberty Mutual, et al.*, Related Case No. 4:04-cv-01001-SBA.) U.S. Fire undisputedly does not owe a duty to defend (and, therefore, does not control LensCrafters' defense or ability to settle) the *Snow* Action. Without a duty to defend, U.S. Fire has no duty to settle that can be "breached." Because the theory of liability advanced by LensCrafters lacks a legal basis, the Court may properly deny leave to add such a claim. *Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir. 1992).

### 2. LensCrafters Fails to Allege Damages, a Necessary Element of Breach of Contract

In order to state a claim for breach sufficient to withstand a motion to dismiss, LensCrafters must allege that -- and in what amount -- it has been damaged by its insurers' alleged breach. *See Careau & Co.,* 222 Cal.App.3d at 1388*; Four Star Elec.,* 7 Cal.App.4th at 1380 (requiring allegations of the facts showing a loss and the amount of damages sustained). LensCrafters must allege facts sufficient to show that actual monetary loss resulted from its

- 7 -

1  insurers' alleged breach; *i.e.*, LensCrafters must plead that it has incurred or paid a liability in the
2  *Snow* Action. *See Emerald Bay Cmty. Ass'n v. Golden Eagle Ins. Co.*, 130 Cal.App.4th 1078,
3  1084 (2005) (recognizing that an insured cannot maintain a cause of action for breach of contact
4  absent resulting damages). Simply put, a "breach of contract without damage is not actionable."
5  *Patent Scaffolding Co. v. William Simpson Constr. Co.,* 256 Cal.App.2d 506, 511 (1967); *see also*
6  BAJI 10.85; CACI 303 (requiring a plaintiff to show, as one of the essential elements of a cause
7  of action for breach of contract, "damages to plaintiff caused by the breach"). If LensCrafters
8  cannot factually allege that it has sustained actual monetary loss, it cannot currently maintain a
9  claim for breach of contract. *See St. Paul Fire & Marine Ins. Co. v. American Dynasty Surplus*
10 *Lines Ins. Co.,* 101 Cal.App.4th 1038, 1060 (2002) ("An essential element of a claim for breach
11 of contract is ***damages*** resulting from the breach"). Because it cannot allege that it incurred any
12 damages, as it has not paid anything to settle the *Snow* Action, even if LensCrafters had
13 adequately alleged breach of a current contract obligation, its claim for breach would fail.

14       The only damage LensCrafters alleges in support of its breach of contract claim is that its
15 insurers "have deprived LensCrafters of the benefit of their policies, for which substantial
16 amounts in premiums were paid" and it "has been damaged in an amount that is to be proved at
17 trial." (Proposed First Amended Complaint at ¶ 45.) Such conclusory allegations of damages are
18 legally insufficient, particularly where they are contradicted by LensCrafters' factual allegations,
19 which do not include anything about LensCrafters having incurred any liability or paid any
20 settlement or judgment in the *Snow* Action. (*See* Proposed First Amended Complaint at ¶¶ 27-
21 38.) In fact, LensCrafters admits that no such liability has been incurred, ***as the Snow Action has***
22 ***not settled and is currently proceeding***. (*See* Proposed First Amended Complaint at ¶ 37
23 ("Defendants . . . ha[ve] prevented the settlement of the *Snow* Action") and ¶ 38 ("Defendants'
24 actions have exposed LensCrafters to further litigation and the risk of a judgment in excess of
25 policy limits").) But "the risk" of an excess judgment and being "exposed" to further litigation
26 are not compensable contract damages. *Emerald Bay Cmty. Ass'n*, 130 Cal.App.4th at 1084
27 ("[A]n insured must establish actual financial loss, not merely a potential that it may suffer a loss
28 sometime in the future"). LensCrafters has failed to allege damages and -- absent a settlement or

- 8 -

judgment in the *Snow* Action -- no damages **can** be alleged for breach of any insurance contract at issue. *See id.*[5]

LensCrafters fails to set forth facts showing damages in its proposed amended complaint. It cannot allege actual loss resulting from any alleged breach because it has not incurred any liability or suffered any cognizable financial loss for which its insurers may be held liable. To the contrary, as it admits, LensCrafters continues to defend the *Snow* Action, which it is just as likely to successfully defend as not, meaning that it may never incur liability or suffer financial loss as a result of any breach it has alleged against its insurers and may never be able to maintain a claim for breach in any event.

### 3. Having Failed to State a Claim for Breach of Contract, LensCrafters Cannot State a Claim for Breach of the Implied Covenant as a Matter of Law

LensCrafters also seeks to add to this lawsuit a claim for breach of the implied covenant of good faith and fair dealing. (Proposed First Amended Complaint at ¶¶ 46-53.) Of course, in the absence of a viable claim for breach of contract -- based upon an alleged breach of a currently-owed contractual duty resulting in cognizable contract damages -- LensCrafters cannot maintain a cause of action for breach of the implied covenant. *Emerald Bay Community Ass'n,*

---

[5] In the parties' joint case management statement, LensCrafters attempts to prop up its deficient damages allegations by asserting "damages" resulting from its insurers' alleged breach of the duty to settle -- its "share" of defense costs in the *Snow* Action "above and beyond" the amounts being paid by Liberty Mutual and its so-called *Brandt* fees in this action. (*See* September 6 Revised Joint Case Management Statement and Proposed Order at 8 (claiming that defendants' "breaches have already caused LensCrafters to suffer damages in the form of increased defense costs (above the amounts being paid by Liberty) and attorneys fees (*Brandt* fees) incurred to obtain the benefits it is entitled to under Defendants' policies").) As already explained, however, because LensCrafters' excess insurers owe no such duty to settle, that "claim" independently fails. (*See* Section II.B.1, *supra*.) But even if it did not, LensCrafters cannot add allegations of breach of contract damages via its case management statement in an attempt to cure its deficient proposed amended complaint. The Court may only consider the allegations of LensCrafters' proposed complaint to determine whether it includes facts sufficient to state a cause of action. *Bernhardt v. County of Los Angeles,* 279 F.3d 862, 869 (9th Cir. 2002) (permitting district court to "consider only the facts alleged in the complaint and in any documents appended thereto" when reviewing a motion to dismiss); *see, e.g., Keams v. Tempe Tech. Inst.,* 110 F.3d 44, 46 (9th Cir. 1996). The complaint contains no reference to defense costs in the *Snow* Action at all, and never mentions either those costs or *Brandt* fees as breach of contract "damages." (*See* Proposed First Amended Complaint at ¶¶ 43-45.) In any event, LensCrafters cannot bootstrap its breach of contract claims by alleging *Brandt* fees -- the damages that it could potentially recover if it established **both** a breach of contract **and also** a breach of the implied covenant. Absent a valid claim for breach supported by damages, it cannot even state a claim for breach of the implied covenant. (*See* Section II.B.3, *infra*.)

1  130 Cal.App.4th at 1096 (affirming dismissal of bad faith claim where the underlying breach of
2  contract cause of action failed to state a claim); *see also Lambert v. Southern Counties Gas Co.*,
3  52 Cal.2d 347, 353 (1956) (noting that where a cause of action rests on the allegations contained
4  in a separate but related cause of action, it is subject to a demurrer if the allegations in the related
5  cause of action fail to state a claim). Absent factual allegations supporting a currently-viable
6  claim for breach of contract, therefore, LensCrafters cannot state a claim for breach of the implied
7  covenant.

8  If LensCrafters' breach of contract cause of action fails to allege facts sufficient to state a
9  claim for relief on ***either*** ground identified above (failure to allege breach of a contract duty
10 currently owed or failure to allege damages at all, let alone legally-cognizable damages) its bad
11 faith claim fails as a matter of law. Because LensCrafters has not stated -- and cannot state -- a
12 claim for breach of contract, it has not stated -- and cannot state -- a claim for bad faith.
13 Accordingly, neither of LensCrafters' proposed new claims are viable and leave to add them
14 should not be granted.

15 **C.     LensCrafters' Motion Is Only A Tactic To Establish Jurisdiction**

16 As recognized in *Foman*, *supra*, leave to amend should also be denied upon a
17 determination that the amendment is sought with dilatory motive or in bad faith. 371 U.S. at 178.
18 Bad faith in seeking leave to amend is evidenced where a party does so to obtain or defeat
19 jurisdiction. *See, e.g., Sorosky v. Burroughs Corp.*, 826 F.2d 794, 804-05 (9th Cir. 1986).
20 "[T]actical manipulation of federal jurisdiction . . . cannot be condone[d]." *Cervantes v. Pacific*
21 *Gas & Electric Co.*, 1997 U.S. Dist. LEXIS 18167 (N.D. Cal. 1997); *Syme v. Rowton*, 555 F.
22 Supp. 33 (D. Mont. 1982) (denying leave to file amended complaint when proposed amendment
23 was sought for tactical reasons to defeat jurisdiction). Similarly, where the motivation for filing a
24 new complaint is to forestall an adverse ruling on a pending motion, denial of leave to file an
25 amended complaint is proper. *Reisner v. General Motors Corp.*, 511 F. Supp. 1167 (S.D.N.Y.
26 1981); *aff'd*, 671 F.2d 91 (2d Cir.) (approving denial of leave to amend sought to avoid or delay
27 ruling on pending motion for summary adjudication).

28 Here, LensCrafters seeks leave to amend its complaint for the purpose of improperly

- 10 -

securing federal jurisdiction: The claims sought to be added were advanced only *after* U.S. Fire filed its motion dismiss, despite no material change in circumstances between May 31 (when LensCrafters filed its original complaint) and August 6 (when it sought leave to amend). Its claims for breach of contract are no more ripe now than they were when LensCrafters filed its initial complaint, as -- in the five intervening weeks -- it incurred no legal liability and suffered no cognizable financial loss for which its insurers may be held liable.

Instead, as LensCrafters tacitly admits in its opposition to U.S. Fire's motion to dismiss, it seeks to add these claims now to preclude the Court from having discretionary jurisdiction. (LensCrafters' Opposition to Motion to Dismiss at 10; s*ee also* September 6 Revised Joint Case Management Statement and Proposed Order at 7:8-9.) LensCrafters' reliance on its "imminent" addition of these claims as its primary argument in opposition to U.S. Fire's motion demonstrates its fear of the strong presumption that the Court should decline to exercise its discretionary jurisdiction over these state law claims where the same parties are already litigating them in the New York Action. *See Wilton*, 515 U.S. at 287-89; *Brillhart*, 316 U.S. at 494; *Government Employees Ins. Co. v. Dizol ("GEICO"),* 133 F.3d 1220, 1225 (9th Cir. 1998) ("If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court"); *Continental Cas. Co. v. Robsac Indus.,* 947 F.2d 1367, 1370 (9th Cir. 1991) (determining that federal court's exercise of permissive jurisdiction was contrary to the exercise of sound judicial discretion and, on remand, ordering district court to dismiss action in favor of parallel state proceeding). LensCrafters is attempting, therefore, to remove the "presumption" in the hope that the Court will improperly retain jurisdiction. LensCrafters' gamesmanship should not be rewarded and leave to add the proposed contract-based claims should not be granted.

## IV.   CONCLUSION

Before LensCrafters filed this declaratory relief action, U.S. Fire commenced an action in New York that encompasses the same facts, state law issues and parties. Allowing this reactive federal declaratory relief action to proceed in California in the face of the first-filed New York Action would run afoul of sound judicial discretion and the Supreme Court's pronouncement in

- 11 -

1  *Brillhart*. LensCrafters' subterfuge of seeking leave to assert unripe and premature contract
2  claims to defeat U.S. Fire's motion to dismiss should not be countenanced. The claims that it is
3  trying to use to accomplish this plan are each subject to dismissal, as the *Snow* Action has not
4  resulted in any settlement or judgment paid by LensCrafters and, thus, LensCrafters cannot allege
5  breach of a currently-owed contractual duty or that it has incurred any damages. Absent a viable
6  claim for breach of contract, its proposed claim for bad faith fails, too. Because neither proposed
7  additional claim would survive a motion to dismiss, amendment is futile and leave to file an
8  amended complaint should be denied.

10 Dated: September 11, 2007              SQUIRE, SANDERS & DEMPSEY L.L.P.

12                                        By:    */s/ Amy E. Rose*
                                                 Amy E. Rose

                                          Attorneys for Defendant
14                                        UNITED STATES FIRE INSURANCE
                                          COMPANY

**SQUIRE, SANDERS & DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

- 12 -

OPPOSITION TO LENSCRAFTERS' MOTION FOR LEAVE TO AMEND COMPLAINT – CASE NO. C-07-2853 SBA

**PROOF OF SERVICE**

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is One Maritime Plaza, Third Floor, San Francisco, California 94111-3492.

On September 11, 2007, I served the following document described as:

**OPPOSITION TO LENSCRAFTERS' MOTION TO AMEND COMPLAINT**

⊠    VIA THE UNITED STATES DISTRICT COURT ELECTRONIC FILING SERVICE on interested parties in this action as set forth below:

Richard DeNatale, Esq.
Celia M. Jackson, Esq.
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone:   (415) 772-6000
Facsimile:    (415) 772-6268

| | |
|---|---|
| Terrence R. McInnis, Esq.<br>Ross, Dixon & Bell, LLP<br>5 Park Plaza, Suite 1200<br>Irvine, CA 92614<br>Telephone:   (949) 622-2700<br>Facsimile:    (949) 622-2739 | Alex F. Stuart, Esq.<br>Willoughby, Stuart & Bening<br>Fairmont Plaza<br>50 West San Fernando, Suite 400<br>San Jose, CA 95113<br>Telephone:   (408) 289-1972<br>Facsimile:    (408) 295-6375 |
| Robert D. Dennison, Esq.<br>Harris, Green & Dennison<br>5959 W. Century Blvd., Suite 1100<br>Los Angeles, CA 90045<br>Telephone:   (310) 665-8656<br>Facsimile:    (310) 665-8659<br>rdd@h-glaw.net | Chip Cox, Esq.<br>Long & Levitt<br>465 California Street, 5th Floor<br>San Francisco, CA 94104<br>Telephone:   (415) 438-4413<br>Facsimile:    (415) 397-6392<br>chipc@longlevit.com |

Executed on September 11, 2007, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Amy E. Rose*
Amy E. Rose