1  RICHARD DeNATALE (Bar No. 121416)
2  CELIA M. JACKSON (Bar No. 124508)
   Heller Ehrman LLP
3  333 Bush Street
   San Francisco, CA  94104-2878
4  Telephone: (415) 772-6000
   Facsimile:  (415) 772-6268
5  Email:  richard.denatale@hellerehrman.com
   Email:  celia.jackson@hellerehrman.com
6
7  Attorneys for Plaintiffs
   LENSCRAFTERS, INC. and EYEXAM OF
8  CALIFORNIA, INC.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| LENSCRAFTERS, INC. and EYEXAM OF CALIFORNIA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY and WESTCHESTER FIRE INSURANCE COMPANY,<br><br>Defendants,<br><br>AND RELATED COUNTER- AND CROSS-CLAIMS. | Case No.:  C-07-2853 SBA<br><br>**PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES RE MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Date:  October 2, 2007<br>Time:  1:00 p.m.<br>Courtroom:  3<br>The Hon. Saundra Brown Armstrong |
|---|---|

I.  INTRODUCTION

This is a simple motion by LensCrafters to amend its complaint, filed at the earliest stage of this case, before any discovery had commenced. This motion was filed in response to new factual events—namely, defendants' breach of their contractual obligations by refusing to accept the *Snow* settlement at the July 26 mediation—and seeks only to add two new claims, but no new parties or insurance policies. Three of the defendants do not even oppose the proposed amendment; only U.S. Fire and Westchester filed oppositions.

Recognizing the rule of extreme liberality in allowing amendments, and struggling to find some way to overcome the strong presumption in favor of granting this motion, U.S. Fire and Westchester try to transform a simple motion to amend into something else. First, U.S. Fire uses its opposition to bolster its forum shopping campaign to halt this litigation in favor of its New York action. Given that the Court has now denied U.S. Fire's Motion To Dismiss, U.S. Fire's arguments in this regard are moot. The simple facts demonstrate that LensCrafters filed its claims in this lawsuit when, where, and how it should. LensCrafters filed its declaratory relief claim when it became clear that legal positions being taken by the insurers were an obstacle to settlement. LensCrafters then moved to amend its complaint to add the new claims within 11 days after the insurers breached their contracts by refusing to accept the *Snow* settlement.

Second, both U.S. Fire and Westchester try to convert this motion into one for summary judgment, by raising legal arguments and factual contentions that go beyond the allegations of the proposed amended complaint. They argue that LensCrafters' claims for breach of contract and breach of the covenant of good faith and fair dealing are futile, because they contend that no damages have resulted from their breaches. But these arguments ignore the allegations of the proposed First Amended Complaint ("FAC"): (a) that defendants had a duty to settle the *Snow* case by accepting the proposed settlement; (b) that they breached this duty by refusing to accept the settlement; and (c) that LensCrafters has been damaged as a result. *See* FAC ¶¶ 44-45. The FAC alleges each required element of the two claims. For pleading purposes, nothing more is required. U.S. Fire and Westchester seek to pierce the pleadings, alleging facts regarding the supposed nature and extent of LensCrafters' damages; but such issues cannot be resolved at the pleading stage.

1

LensCrafters should be permitted to amend its complaint to add these claims, and then defendants may pursue discovery and file whatever motions they think are appropriate.

## II.    ARGUMENT

The Federal Rules require that leave to amend "shall be freely given when justice so requires." Fed. Rule Civ. Pro. Rule 15(a). This policy is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003); *see also United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Amendments "seeking to add claims are to be granted more freely than amendments adding parties." *Union Pac. R.R. Co. v. Nevada Power Co.,* 950 F.2d 1429, 1432 (9th Cir. 1991). U.S. Fire and Westchester have the burden to show that justice requires the Court to deny LensCrafters' motion. *Shipner v. Eastern Air Lines, Inc.,* 868 F.2d 401, 406-07 (11 Cir. 1989). They simply cannot meet this burden, because they cannot show that any of the four *Foman* factors are present. *Foman v. Davis*, 371 U.S. 178, 182 (1962).[1] Thus, the Court should disregard the insurers' false accusations of gamesmanship and grant this motion in order to efficiently adjudicate all causes of action in this case on their merits. *See Foman,* 371 U.S. at 181-82 (1962); *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987).

### A.    LensCrafters Acted Promptly and in Good Faith When It Sought Leave to Amend, Based Upon Evolving Events in the *Snow* Action

LensCrafters filed its original Complaint on May 31. At that time, LensCrafters' breach of contract and breach of the duty to settle claims had not yet become ripe. Thus, LensCrafters alleged only a claim for declaratory relief.

LensCrafters sought leave to file an amended complaint on August 6, before most defendants had even answered the original complaint. No discovery has been conducted in this action or, for that matter, in the coverage action filed by U.S. Fire in New York.[2]

---

[1] As stated in LensCrafters' moving brief, the *Foman* factors are: (1) undue delay; (2) prejudice to the opposing party; (3) bad faith; and (4) futility of the amendment.

[2] The New York court hearing the U.S. Fire action has stayed discovery, over U.S. Fire's objection, pending the decision on LensCrafters' motion to dismiss, which is to be heard on October 29. At a status conference held on August 29, 2007 the Court stated that it "sounds to me that these are serious motions; and if I grant them, there would be a waste of time to do any discovery." Transcript at 12:18-23 (attached as Exhibit 1 to Declaration of Celia M. Jackson submitted with this reply memorandum).

2
PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES RE MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT, CASE NO. C 07-2853 SBA

The timing of LensCrafters' amendment was dictated by developments that occurred after it filed its original complaint—specifically, the failure of Westchester, U.S. Fire, and the other insurers to accept the proposed settlement in *Snow* at the July 26 mediation. Once the *Snow* parties had reached the proposed settlement and the insurers withheld their approval and funding, it became appropriate for LensCrafters to plead claims for breach of contract and breach of the duty to settle.

Within 11 days of the insurers' breach, LensCrafters sought leave to amend its complaint. LensCrafters thus acted promptly after insurers' breach became known, so that all related causes of action against these defendants could be resolved in a single action. *See Navarro v. Eskanos & Adler,* 2006 WL 3533039 at 2 (N.D. Cal. Dec. 7, 2006) (allowing plaintiff to amend complaint, even after deadline to amend set by scheduling order, because "[p]laintiff showed diligence by seeking leave to amend her complaint upon learning of the basis of her new claims"). While U.S. Fire and Westchester now accuse LensCrafters of filing these claims too soon, there is little doubt that had LensCrafters waited, the insurers would have argued "undue delay" as grounds to deny the motion.

This sequence of events dispels any notion that LensCrafters sought leave to amend as some sort of litigation tactic. The Court has denied U.S. Fire's motion to dismiss—on the basis of LensCrafters' original complaint without taking into account the proposed new claims—so all U.S. Fire's arguments about alleged forum shopping should be rejected.

### B. The Amended Complaint Properly Pleads the Required Elements of the New Claims, Including Damages

Under the Federal Rules, the pleading standard is notice pleading. *Diaz v. International Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007). "[P]laintiffs are only required to give a 'short and plain statement' of their claims in the complaint." *Id.* (quoting Fed.R.Civ.P. 8(a)). This standard does not change because this is an amended rather than an original complaint.

Here, LensCrafters' proposed FAC pleads all of the elements of the new claims and pleads them to the required degree of specificity. For the breach of contract claim, LensCrafters alleges

that (1) there is a contract between LensCrafters and its insurers that imposes a duty on the insurers to accept a reasonable settlement (FAC, ¶ 44); (2) that insurers have breached this duty by refusing to accept the *Snow* settlement (*id.*); and (3) as a result of the insurers' breach, LensCrafters has suffered damages (*id.*, ¶ 45). This is all that is required. Likewise, LensCrafters has alleged the required elements of a claim for breach of the duty of good faith and fair dealing. *See* FAC ¶¶ 46-53. LensCrafters is not required to plead a specific amount of damages, or even to describe each item of damages it suffered.

### C. The Amendment Is Not "Futile"

Westchester and U.S. Fire contend that LensCrafters has not suffered any damages, and therefore, allowing LensCrafters to amend the complaint to allege a cause of action for breach of contract would be "futile." But "denials based solely on futility 'are rare.'" *Abels v. JBC Legal Group, P.C.*, 229 F.R.D. 152, 157 (N.D. Cal. 2005) (citing William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, 2 California Practice Guide: Federal Civil Procedure Before Trial, § 8:423 (Rutter Group rev. ed. 2005) (the "Rutter Guide")). "A proposed amendment is futile only if 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid claim or defense.'" *Id.* (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). Because a court does not have a chance to closely examine the legal theories—let alone the facts—at the motion to amend stage, futility is "more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F.Supp.2d 1081, 1086 (S.D. Cal. 2002) (citing Rutter Guide at § 8:422). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) (citing Rutter Guide at § 8:422).

All the cases cited by U.S. Fire where leave to amend was denied based on futility involved motions made at a later stage in the proceedings—*e.g.*, after motions to dismiss had been decided or even after evidence had been presented at trial.[3] *See, e.g., Moore v. Kayport Package Exp., Inc.*,

---

[3] Westchester failed to cite any cases where a motion to amend was denied for futility.

4
PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES RE MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT, CASE NO. C 07-2853 SBA

885 F.2d 531 (9th Cir. 1989) (upholding denial of leave to file third amended complaint after two prior dismissals for failure to state a claim); *Bonin v. Calderon*, 59 F.3d 815 (9th Cir. 1995) (upholding denial of amendment to habeas petition after extensive trial and rejection of multiple preceding habeas petitions, when amendments were simply rehashes of rejected claims, duplicative of existing claims, or "patently frivolous"). In those cases the courts had already thoroughly evaluated the legal theories and examined the alleged facts, and was able to ascertain whether the claims were viable. U.S. Fire fails to cite any case where a court denied a motion to amend based on futility before it had analyzed the complaint pursuant to, at a minimum, a prior motion to dismiss.[4]

In short, futility is not a proper ground to deny a motion to amend except under extreme circumstances that demonstrate that "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim . . . ." *Miller,* 845 F.2d at 214 (citation omitted). At this early stage of the litigation, U.S. Fire and Westchester have not provided a basis for the Court to reach the conclusion that the newly pleaded claims are legally insufficient and could not be made legally sufficient. The parties have not yet had the opportunity to conduct discovery, prepare briefing, and present to the court the legal and factual issues regarding LensCrafters' claims. Consequently, the Court should reject the invitation to decide these claims on their merits in the context of this motion.

### 1.    LensCrafters Has Adequately Alleged Duty

As explained above, LensCrafters has adequately pled claims against the excess insurers for

---

[4] Additionally, in the cases cited by U.S. Fire, the moving party was alleging new legal theories based on the old factual predicate, and the court was justified in rejecting the new theories because there was no reason they could not have been raised before. *Bonin*, 59 F.3d at 845 ("[A] district court does not abuse its discretion in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally."). In *Roth v. Garcia-Marquez*, 942 F.2d 617 (9th Cir. 1991), the Ninth Circuit explained that the denial of the motion to amend, made after granting a motion to dismiss, was appropriate because the movant merely wanted to plead more specifically whereas "[i]n many of the cases . . . where we reversed a district court's refusal to permit amendment, the plaintiffs wished to add defendants ***or entirely separate claims***." *Id.* at 629 (emphasis added). In contrast to these cases, LensCrafters' amendment contains new claims that are based upon factual developments that have occurred since the filing of the original complaint.

their failure to accept the *Snow* settlement and for the breach of the covenant of good faith and fair dealing. Yet U.S. Fire argues that these claims are futile because excess insurers have no duty to settle cases on behalf of their policyholders. U.S. Fire makes the remarkable assertion that "[n]o California court has ever imposed a duty to settle on an insured that did not owe a duty to defend. Nor would one . . . ." U.S. Fire Opp. at 7. This statement is flat wrong, and California courts indeed have imposed such a duty. "[A]n excess insurer, although not contractually obligated to take an active part in the defense of an insured, still owes its insured a duty of good faith when faced with an offer of settlement that exhausts the underlying policy limits." *Fuller-Austin Insulation Co. v. Highlands Ins. Co.*, 135 Cal.App.4th 958, 986 (2006) (citing *Kelley v. British Commercial Ins. Co.*, 221 Cal.App.2d 554, 563 (1963)); *see also Diamond Heights Homeowners Ass'n v. National Am. Ins. Co.*, 227 Cal.App.3d 563, 578 (1991) ("Any insurer, whether excess or primary, in conducting settlement negotiations, is subject to an implied duty of good faith and fair dealing which requires it to consider the interests of the insured equally with its own and evaluate settlement proposals as though it alone carried the entire risk of loss."). As the court in *Kelley* explained: "Since [the excess insurer] alone had the authority to agree to a settlement in excess of [primary limits], it was obviously under a duty to exercise good faith toward its insured in considering any offer of compromise within the limits of its policy." 221 Cal.App.2d at 563.

Under California law, excess insurers owe their policyholders a duty to settle, and, if they breach that duty, can be sued for breach of contract and breach of the implied covenant of good faith and fair dealing.

### 2. LensCrafters Has Properly Alleged Damages

U.S. Fire and Westchester ask the Court to deny the motion to amend on the ground that LensCrafters has not suffered damages, notwithstanding what is pleaded in paragraph 45 of the FAC: "As a direct and proximate result of defendants' acts, LensCrafters has been damaged in an amount that is to be proved at trial and that is in excess of the jurisdictional requirements of this Court." As discussed above, at the pleading stage this is enough. *See Karseal Corp. v. Richfield Oil Corp.*, 221 F.2d 358, 362 (9th Cir. 1955) (damages "may be pleaded generally").

The insurers counter with ***factual*** arguments that LensCrafters' damage allegations are

insufficient or incorrect. They argue that there can be no damages for breach of the duty to settle prior to a settlement in *Snow*, and that LensCrafters has suffered no other type of recoverable damages. U.S. Fire Opp. at 5; Westchester Opp. at 5. When an insurer breaches its duty to settle, however, it is liable for "***all the insured's damages proximately caused by the breach***, regardless of policy limits." *Hamilton v. Maryland Cas. Co.*, 27 Cal.4th 718, 725 (2002) (emphasis added). Money paid to settle a claim (or money paid in excess of policy limits) is just one type of damages that flow from an insurer's breach of the duty to settle.

Here, LensCrafters is prepared to prove that it has *already* been damaged by the insurers' refusal to settle. Because the *Snow* action has not settled, LensCrafters must continue to defend itself—with all of the attendant costs. As the insurers well know, LensCrafters itself is paying a significant portion of the defense expenses in *Snow*, so it is incurring damages every day. These costs are consequential damages that were foreseeable as a result of the insurers refusal to settle, and for which the insurers are liable. *See* Cal. Civ. Code § 3300 ("For the breach of an obligation arising from contract, the measure of damages . . . is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom.").

In any event, it is not incumbent upon LensCrafters to explain at the pleading stage what damages it has incurred. Nor is it proper on a motion to amend for the insurers to raise factual issues outside of the pleadings in order to defeat the amendment. *See Peng v. Gonzalez*, 2007 WL 2141270, at *9 (N.D. Cal. July 25, 2007) (granting motion to amend because the outcome of the claim "will turn on questions of fact that are not appropriately addressed at this stage of the case"); *Letizia v. Prudential Bache Securities, Inc.*, 802 F.2d 1185, 1189 (9th Cir. 1986) (overturning denial of motion to amend because "[i]it was premature for the district court to require a factual showing from [plaintiff]" at the motion to amend stage).

The *Letizia* case is instructive. There the plaintiff sought to amend his complaint to allege that an arbitration agreement was invalid as a term of adhesion and as a product of fraud. *Id.* at 1188. The court noted that attacks on the validity of arbitration agreements must be supported by some factual showing and acknowledged that the plaintiff's new claims were "little more than bare

7

allegations." Nevertheless, the court allowed the amendment, explaining that "[a]fter the amendment, [the plaintiff] certainly would be required to produce more than the mere allegations we have before us . . ." but "[w]e cannot say that [the plaintiff] could develop *no* set of facts under his proposed amended complaint that would entitle him to relief from the arbitration agreement." *Id.* at 1188-89 (emphasis in original). Accordingly the court overturned the district court's denial of the amendment because it believed the plaintiff "should have been given the chance to make his case." *Id.* at 1189.

Here, the insurers can file a motion to dismiss after LensCrafters is permitted to amend its complaint if they want to challenge the sufficiency of the amended complaint. Or, after the parties have an opportunity to conduct discovery, the insurers may bring motions for summary judgment. Under the case law and the federal rules, that is the proper way to proceed.

D.    **The Insurers Will Not Be Prejudiced By the Proposed Amendment**

Neither U.S. Fire nor Westchester has shown that they will be prejudiced by the proposed amendment. Prejudice is by far the most important reason for denying leave to amend; in fact, prejudice "is the touchstone of the inquiry under rule 15(a)." *Eminence Capital,* 316 F.3d at 1052. Prejudice, however, is usually coupled with a finding of delay in making the motion. *See, e.g. Solomon v. North Amer. Life and Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (upholding a denial of a motion to amend because the motion was made on the eve of the discovery deadline and allowing the motion would have required re-opening discovery and delaying the proceedings). Even then, the prejudice must be "***substantial***." Rutter Guide § 8:424.2 (original emphasis) (citing *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990)).

Here, there has been no delay in seeking leave to amend, and the insurers cannot demonstrate the substantial prejudice required to deny this motion. Westchester makes the novel argument that it will be prejudiced by the amendment because it relies on statements and communications that were made during the mediation of the *Snow* action. U.S. Fire, for its part, does not join this argument—nor could it. Because U.S. Fire refused to participate in the mediation, in violation of the order from the California Superior Court, U.S. Fire cannot invoke the mediation privilege.

Westchester's argument fails as well. The allegations cited by Westchester—paragraphs 35 and 36 of the FAC—mention no statements or communications that occurred at the mediation. These paragraphs allege only the following facts:

- A mediation was held on July 26, 2007 to ask the defendants to accept and fund the settlement (Paragraph 35).
- The Superior Court ordered defendants to attend (Paragraph 35).
- U.S. Fire failed to attend (Paragraph 35).
- The mediation was unsuccessful (Paragraph 36).
- Defendants refused to accept the settlement (Paragraph 36).

These are basic (and undisputed) facts not covered by the mediation privilege. They are contained in or inferable from the publicly-available pleadings in *Snow*. The mediation privilege does not prevent LensCrafters from alleging these simple facts about the insurers' breach of duty; nor was it intended to provide defendants with wholesale immunity for their breaches. Cal. Evid. Code § 1120(a) ("Evidence otherwise admissible or subject to discovery outside of a mediation or a mediation consultation shall not be or become inadmissible or protected from disclosure solely by reason of its introduction or use in a mediation or a mediation consultation."); *see also Rojas v. Superior Court*, 33 Cal.4th 407, 417 and 423 n.8 (2004) (parties may not use a mediation as a pretext to shield materials from disclosure); *cf. Foxgate Homeowners' Assoc., Inc. v. Bramalea Calif., Inc.*, 26 Cal.4th 1, 17 (2001) (the mediation privilege does not prevent a party to a mediation from reporting another party's obstructive conduct to the court).

The alleged prejudice claimed by Westchester simply has no bearing on whether LensCrafters should be permitted to file an amended pleading. In the absence of prejudice, this motion should be granted.

### III.    CONCLUSION

The Court should grant LensCrafters' motion and leave to file a first amended complaint in the form attached to its opening memorandum.

1  DATED: September 18, 2007                Respectfully submitted,

2                                           HELLER EHRMAN LLP

4                                           By  /s/ Celia M. Jackson
5                                               Celia M. Jackson

6                                           Attorneys for Plaintiffs
                                            LENSCRAFTERS, INC. and EYEXAM OF
7                                           CALIFORNIA, INC.

PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES RE MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT, CASE NO. C 07-2853 SBA