1  ATALE (Bar No. 121416)
2  CELIA M. JACKSON (Bar No. 124508)
   Heller Ehrman LLP
3  333 Bush Street
   San Francisco, CA  94104-2878
4  Telephone: (415) 772-6000
   Facsimile:  (415) 772-6268
5  Email:  richard.denatale@hellerehrman.com
   Email:  celia.jackson@hellerehrman.com
6
7  Attorneys for Plaintiffs
   LENSCRAFTERS, INC. and EYEXAM OF
8  CALIFORNIA, INC.

9                    IN THE UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11

12  LENSCRAFTERS, INC. and EYEXAM OF          Case No.:  C-07-2853 SBA
    CALIFORNIA, INC.,
13                                            **DECLARATION OF CELIA M.**
                                  Plaintiffs, **JACKSON IN REPLY TO**
14                                            **PLAINTIFFS' MOTION FOR LEAVE**
                                              **TO FILE FIRST AMENDED**
15       v.                                   **COMPLAINT**

16  LIBERTY MUTUAL FIRE INSURANCE
    COMPANY; EXECUTIVE RISK SPECIALTY         Date:  October 2, 2007
17  INSURANCE COMPANY; UNITED STATES          Time:  1:00 p.m.
    FIRE INSURANCE COMPANY; MARKEL            Courtroom:  3
18  AMERICAN INSURANCE COMPANY and            The Hon. Saundra Brown Armstrong
    WESTCHESTER FIRE INSURANCE COMPANY,
19
                                  Defendants,
20

21  AND RELATED COUNTER- AND CROSS-
22  CLAIMS.

23

24

25

26

27

28

I, Celia M. Jackson, declare:

1.     I am an attorney in the law firm of Heller Ehrman LLP, counsel of record for Plaintiffs LensCrafters, Inc. and EYEXAM of California, Inc. (together, "LensCrafters") in this action.  I have personal knowledge of the matters stated in this declaration, and if I were asked to testify regarding these matters, I could competently do so.

2.     Attached to this declaration as Exhibit 1 is a true and correct copy of a transcript of a status conference held on August 29, 2007 in *United States Fire Ins. Co. v. Luxottica U.S. Holdings Corp., et al.,* Supreme Court of the State of New York, County of New York, Index No. 107338/07. (the "New York Action").

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of September 2007 in San Francisco, California.


                        ____/s/  Celia M. Jackson_____
                                Celia M. Jackson

DECLARATION OF CELIA M. JACKSON IN REPLY TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT, CASE NO. CV 07-2853 SBA

# EXHIBIT 1

```
1
2      SUPREME COURT OF THE STATE OF NEW YORK
       COUNTY OF NEW YORK:   TRIAL TERM PART 60
3       - - - - - - - - - - - - - - - - - - - - X
4      UNITED STATES FIRE INSURANCE COMPANY,
5                           Plaintiff,
                                    INDEX NUMBER:
6            - against -           107338/07
7      LUXOTTICA U.S. HOLDINGS CORP., LUXOTTICA GROUP S.P.A.,
       UNITED STATES SHOE CORPORATION, LENS CRAFTERS, INC.,
8      EYEMED, INC., EYEMED VISION CARE LLC, EYEXAM 2000,
       LIBERTY MUTUAL FIRE INSURANCE COMPANY, MARKET AMERICAN
9      INSURANCE COMPANY, WESTCHESTER FIRE INSURANCE COMPANY,
10                          Defendants.
11      - - - - - - - - - - - - - - - - - - - - X
                            60 Centre Street
12                          New York, New York
                            August 29, 2007
13                          MOTIONS
14
       BEFORE:
15
                    HONORABLE BERNARD FRIED, Justice
16
17     APPEARANCES:
18          CARROLL MCNULTY KULL, LLC
            Attorney for the Plaintiff
19          570 Lexington Avenue
            New York, New York 10022
20          BY:   JOHN P. DeFILIPPIS, ESQ., Of Counsel
21
            HELLER, EHRMAN, WHITE & McAULIFFE, LLP
22          Attorneys for Luxottica, Lens Crafters, Eyexam,
            United States Shoe and Eyemed Vision
23          7 Times Square
            New York, New York 10036-6524
24          BY:  RICHARD DeNATALE, ESQ.,
                 LISA M. CIRANDO, ESQ., Of Counsel
25
            WILLOUGHBY, STUART & BRENING
26          Attorneys for Liberty Mutual
            50 West San Fernando, Suite 400
```

1

```
 1
 2          San Jose, California 95113
            BY:   ALEXANDER F. STUART, ESQ., Of Counsel
 3
 4          RIVKIN RADLER, LLP
            Attorneys for Liberty Mutual
 5          EAB Plaza
            Uniondale, New York 11556-0111
 6          BY: JASON B. GURDUS, ESQ., of Counsel
 7
            LESTER, SCHWAB, KATZ & DWYER, LLP
 8          Attorneys for Markel American Insurance
            120 Broadway - 38th Floor
 9          New York, New York 10271-0071
            BY: ERIC A. PORTUGUESE, ESQ., of Counsel
10
            LUSTIG & BROWN, LLP
11          Attorneys for Westchester Fire
            28 West 44 Street
12          New York, New York 10036
            BY:   MICHAEL P. LAGNADO, ESQ., Of Counsel
13
                            Myron Calderon
14                          Official Court Reporter
15
16
17
18
19
20
21
22
23
24
25
26
```

```
 1                          Motion

 2              MORNING SESSION

 3              THE COURT:  Who is from California?

 4              MR. STUART:  I am, your Honor.

 5              THE COURT:  You are Mr. Stuart?

 6              MR. STUART:  Correct, your Honor.

 7              THE COURT:  Let me deal with a few matters

 8     first, and I understood from my law clerk that you were

 9     in route, Mr. Stuart, from California; and the question

10     was whether you could appear today even though you have

11     a pro hoc vice and you were admitted to what bar?

12              MR. STUART:  I am admitted to the California

13     bar, your Honor, all courts in California, Federal

14     Courts.

15              THE COURT:  And I assume you are in good

16     standing?

17              MR. STUART:  Yes.

18              THE COURT:  I will permit you to appear for

19     the courtesy of these proceedings.  When the

20     application comes here I assume it would be unopposed.

21              MR. STUART:  The application was presented to

22     the Court, and it is not opposed.

23              THE COURT:  I haven't seen it yet.  I have a

24     stack of papers I am still reading from my vacation.

25     If it is in there, I will sign it.

26                  Welcome to New York.
```

```
 1                        Motion
 2            MR. STUART:  Thank you, your Honor.
 3            THE COURT:  All right, the second issue that
 4      is not really an issue, but there has been a series of
 5      letters that I have received, and I think there may
 6      have been affirmations, on the issue of whether or not
 7      this case should be in the Commercial Division.
 8            I have read the papers originally and I am
 9      aware of the fact that this is a case which skirts the
10      margins of the Commercial Division Rules, but there is
11      also a decision from the Administrative Judge of this
12      county in which she has concluded in a similar
13      situation where in fact it was sent out of the
14      Commercial Division.  Being familiar with that
15      decision, I have discretion if I think it belongs here.
16      I have decided this case will remain in the Commercial
17      Division of the Supreme Court of this county.
18            Once I did that, I issued an order, I think I
19      issued an order, and I set it down today for a
20      preliminary conference on this action.
21            So is there anything else I need to deal with
22      before I turn to the substance of what you are doing
23      here this morning?
24            Mr. DeFilippis, in a nutshell why don't you
25      take the podium.
26            This is a coverage action?
```

```
1                           Motion
2              MR. DeFILIPPIS:  Yes, a declaratory judgment
3       action brought by United States Fire, one of the excess
4       insurers.  This is a declaratory judgment action
5       brought by United States fire.
6              THE COURT:  This is a very attractive
7       courtroom, but it is sitting inside a sea shell.  You
8       have to talk up.
9              MR. DeFILIPPIS:  As I was saying, it is a
10      declaratory judgment action brought by the United
11      States Fire regarding policies that were issued by U.S.
12      Fire as well as Markell, Liberty Mutual and
13      Westchester, the defendants in the case, certain of the
14      other noninsured defendants; Lens Crafters, et cetera,
15      where the case involves policies that were issued by
16      all the insured defendants to the defendant Luxottica,
17      Lens Crafters, the defendant Eyemed, certain of the
18      other noninsured defendants are additional insureds
19      under those policies that were issued to Luxottica.
20              The coverage issues arise out of certain
21      claims now pending in California regarding alleged
22      breach of --
23              THE COURT:  This is a class action?
24              MR. DeFILIPPIS:  I am not sure if it is
25      certified.
26              THE COURT:  But is it a -- it is not
```

```
1                           Motion

2        certified?

3                   MR. DeFILIPPIS:  I am not sure that it has.

4                   THE COURT:  What discovery, if any, in this

5        action has been sought or requested.

6                   MR. DeFILIPPIS:  In this action none yet.

7                   THE COURT:  What efforts have been made in

8        this action to try and resolve the coverage issue?

9                   MR. DeFILIPPIS:  Well, your Honor, given

10       that --

11                  THE COURT:  I don't need details.

12                  MR. DeFILIPPIS:  At this point it is my

13       understanding that we are going to receive a motion to

14       dismiss from the noninsured defendants.  There really

15       have been no efforts to try to resolve the issue at

16       this juncture.  We have only just received answers from

17       the insured defendants within the past month and

18       assuming that we get the motion, I think it is due

19       today from the noninsured defendants, and we will

20       response to it as appropriate, but there hasn't been

21       any type of discussions as far as --

22                  THE COURT:  So the action was filed without an

23       attempt before the action was filed to try to resolve

24       the coverage claim dispute?

25                  MR. DeFILIPPIS:  Unless there was discussions

26       in California, of which I am not aware, no, there have
```

6

```
1                          Motion
2      been none in New York by any of the New York attorneys.
3                   And frankly, your Honor, I don't think --
4      U.S. Fire's position is there is no coverage or that at
5      a minimum no coverage until the underlying policies
6      have been exhausted.  There has been no counter
7      position to that which would lend itself to any type of
8      discussion regarding settlement.
9                   THE COURT:  And the status of the California
10     action, which is Lens Crafters, what is the status?
11                  MR. DeFILIPPIS:  They will have to answer.
12     Neither has mediation been scheduled.  U.S. Fire is not
13     a party to that.
14                  THE COURT:  Who wants to speak on behalf of
15     the defendants, Mr. DeNatale?
16                  MR. DeNATALE:  If I may.
17                  THE COURT:  Which defendants do you represent?
18                  MR. DeNATALE:  We represent Luxottica U.S.
19     Holding Corp., the United States Shoe Corporation, Lens
20     Crafters, Eyemed Vision Care, LLC, and Eyexam of
21     California.
22                  Thank you, your Honor.  It is an honor to
23     appear before the Commercial Division of the Court.  I
24     hope the Court won't mind me saying I hope an honor
25     that is short lived.
26                  THE COURT:  I could say that I would join in
```

```
1                        Motion

2       that, assuming the case would resolve in which

3       everybody is happy.

4                 MR. DeNATALE:  A couple of the answers to the

5       Court's questions.  The underlying cases of the

6       punitive class action of a million California consumers

7       that alleges that activities that Lens Crafters' 90

8       California stores violated the privacy rights, the

9       medical confidentiality rights of the plaintiff class,

10      that has not been certified yet.  The class motion is

11      pending.

12                THE COURT:  Is there a schedule in that

13      action?

14                MR. DeNATALE:  Yes, we have had three

15      mediation sessions.  We have met with the U.S. Fire

16      three times in California.  There have been three

17      mediation sessions, two of which U.S. Fire attended and

18      the last one was July and they did not citing the basis

19      to attend that mediation, and there is another one in

20      the --

21                THE COURT:  Say that again.  Because of this

22      litigation U.S. Fire has refused to attend litigation.

23                MR. DeNATALE:  Right, two mediations in

24      California.

25                THE COURT:  This is --

26                MR. DeNATALE:  It gets confusing.  The Snow
```

8

```
 1                          Motion
 2      case is in the California state court.  The coverage
 3      actions that have been ongoing for the last three years
 4      is the Northern District of the California Court.
 5      There is the Snow action case in San Francisco.
 6                  THE COURT:  Who is the Superior Court that has
 7      this?
 8                  MR. DeNATALE:  Richard Kramer.
 9                  THE COURT:  And who is the District Judge.
10                  MR. DeNATALE:  Judge Armstrong.
11                  THE COURT:  Is there a local counsel that U.S.
12      Fire has been using.
13                  MR. DeNATALE:  Yes.
14                  THE COURT:  A different firm?
15                  MR. DeNATALE:  Pardon me.
16                  THE COURT:  A different firm, Squire Sanders.
17      They represent U.S. Fire in the California lawsuit.
18      Squire, Sanders and Dempsey and Judge Kramer.
19                  The judge who is handling the underlying class
20      action, U.S. Fire is to attend the July 26th mediation.
21                  MR. DeNATALE:  And that is what I meant when I
22      said U.S. Fire refused to attend that mediation.
23                  THE COURT:  They tried to attend the July 22nd
24      mediation?
25                  MR. DeNATALE:  26.
26                  THE COURT:  26?
```

```
1                            Motion

2                MR. DeNATALE:  Yes.

3                THE COURT:  And they were called to attend?

4                MR. DeNATALE:  Yes.

5                THE COURT:  What has Judge Kramer done about

6        that?

7                MR. DeNATALE:  He has not done anything to our

8        knowledge.  There is a status conference before him

9        next week, and I think he is going to then set a

10       hearing date on the class certification motion for the

11       underlying Snow class action.

12               THE COURT:  Just a second.

13               Go ahead.

14               MR. DeNATALE:  So there is also the coverage

15       action in California.  We filed a coverage action

16       against the primary insurers including Liberty Mutual

17       three years ago.  The District Court granted -- there

18       was a need to defend the Snow action, and then told us

19       that our indemnity claims were not right yet, so we

20       asked to dismiss the indemnity claim and we did, and

21       the Court ordered if any of the parties to that lawsuit

22       wanted to refile their indemnity claim, they had to do

23       so in California in the District Court.  That is up on

24       appeal now in the 9th Circuit.

25               U.S. Fire knew about that lawsuit but chose to

26       file here in New York in its declaratory relief claim.
```

```
 1                           Motion
 2      We then filed our indemnity claim in California and
 3      that is getting related back to the first case in front
 4      of the Judge Armstrong.
 5                THE COURT:  You said there was a motion filed
 6      to dismiss --
 7                MR. DeNATALE:  No, your Honor, the day before
 8      you left on vacation you had a telephone conference
 9      where you addressed our motion letter.  You gave us the
10      right to go forward with our motion and you set a
11      hearing scheduled for today.  We are filing our briefs
12      and it was set for a hearing here in this court on
13      October 29.
14                THE COURT:  And that is a motion to dismiss on
15      the ground that it was a prior act, pending
16      jurisdiction.
17                MR. DeNATALE:  Yes, your Honor, also on form
18      non conveniens grounds under the CPLR to dismiss this
19      case in favor of the California coverage action given
20      the overall contacts in California and prior coverage.
21                THE COURT:  And is there any -- is there any
22      other grounds in that motion besides form non and prior
23      action.
24                MR. DeNATALE:  Two others.  For one party,
25      Eyexam, we included for lack of jurisdiction.  Eyexam
26      is only operating in California.  It is not licensed to
```

**8/29/2007 Transcript of proceedings before Judge Fried**

```
1                           Motion

2        do business in New York.  It has never done business in

3        New York.

4                 THE COURT:  And the second and third ground or

5        the fourth ground.

6                 MR. DeNATALE:  Three of the defendants in this

7        case are not sued in the other underlying class action

8        and not seeking insurance here, so we believe they are

9        improper parties, so for three of them we moved to

10       dismiss on that ground also.

11                THE COURT:  Anything else I should know.

12                MR. DeNATALE:  I think that that covers it,

13       your Honor.

14                THE COURT:  All right, Mr. Stuart, anything

15       you want to add?

16                MR. STUART:  No, your Honor.  I think

17       Mr. DeNatale fairly well covered it.

18                THE COURT:  Is there any reason that anybody

19       can think of why I shouldn't continue what would be

20       normal practice under the CPLR and that is the stay of

21       discovery pending the resolution, which sounds to me

22       like these are serious motions; and if I grant them,

23       there would be a waste of time to do any discovery.

24                MR. DeFILIPPIS:  Yes, I do have something to

25       say, Judge.

26                THE COURT:  Go ahead.
```

```
1                          Motion
2              MR. DeFILIPPIS:  Your Honor, right now just as
3      a point of clarification as far as U.S. Fire's
4      involvement in mediations in California, they only
5      attended to monitor them.  They weren't actively
6      engaging --
7              THE COURT:  Do I have authority to order U.S.
8      Fire to at least attend the mediations that are ongoing
9      in the Superior Court in California?
10             MR. DeFILIPPIS:  I am sorry?
11             THE COURT:  Do I have the authority to sign an
12     order directing that U.S. Fire is to either participate
13     in or monitor, at the very least attend the mediation
14     sessions in the State of California?
15             MR. DeFILIPPIS:  I don't believe you do.  I
16     don't know if you do.
17             THE COURT:  I am asking you.
18             MR. DeFILIPPIS:  I don't know the answer.
19             THE COURT:  You don't know the answer.
20             Mr. DeNatale, do you know the answer?
21             MR. DeNATALE:  I can't say I can cite the
22     court authority, but I would think since U.S. Fire is a
23     party in front of this Court and voluntarily filed an
24     action in this Court, you can order U.S. Fire to attend
25     the session just like you can order them to attend a
26     deposition in California.
```

```
 1                     Motion
 2           THE COURT:  Why don't you provide to me in
 3    writing a proposed order directing U.S. Fire to either
 4    attend, participate or monitor, to use the phrase of
 5    Mr. DeFilippis, in the mediation proceedings in the
 6    class action and/or coverage actions pending in
 7    California, and Mr. DeFilippis will have an opportunity
 8    to oppose that motion.  If not, he will not, but I
 9    won't do anything here today, but it seems to me that
10    at the very least even if I don't have te order, the
11    power to order it, Mr. DeFilippis should carry back the
12    message to his client that in the strongest possible
13    terms it is the view of this Court that U.S. Fire
14    should attend.
15           So let's go on now to state the issues.
16           MR. DeFILIPPIS:  If I may point out there is a
17    motion to dismiss by U.S. Fire --
18           THE COURT:  You don't need to tell me and you
19    don't have to respond to the numbers of cases that are
20    pending in this division.  Motions to dismiss are
21    pending.  Mediations are simultaneous proceeding and a
22    number of times I have finished a decision, about the
23    put pen to paper and have been told the case was
24    resolved to an outside mediation.  So I am not going to
25    argue with you about it, but I think your clients will
26    understand what my views are on the subject.
```

```
1                          Motion
2              Do you want to say anything more about it on
3       that point, because you will deal with that and I will
4       deal with that as necessary, but let's deal with the
5       state.
6              Is there any reason why we shouldn't stay
7       discovery pending decision on the motion.
8              MR. DeFILIPPIS:  Well, this case was filed in
9       May and we have extended time to all the defendants to
10      make their response or in the case of Lens Crafters to
11      file their motion.  We brought this case to prosecute
12      this case and to see it through.  There is no reason
13      why at a minimum documentary disclosure cannot begin.
14             If anything if you are interested in seeking
15      resolution in the case, it would make all the sense in
16      the world to make sure the parties all have each
17      other's policies and can at least look at what the
18      coverage is.
19             THE COURT:  Have you served documents yet?
20             MR. DeFILIPPIS:  Not yet, but we can do it
21      whatever date your Honor wants and we will have it
22      done, at least to get the ball rolling.
23             Obviously I am at a disadvantage.
24      Mr. DeNatale is essentially laying out all the points
25      of the motion.  I have not seen them, so it is
26      difficult for me to respond to that.  I would submit
```

```
1                        Motion

2       that there is a reason to keep this Court in New York.

3              THE COURT:  I will deal with that.

4              MR. DeFILIPPIS:  The assumption you want to

5       stay away from discovery, that this motion is going to

6       succeed --

7              THE COURT:  I am not making any assumption.  I

8       don't mean to communicate that.  I am just suggesting

9       that where there is an ongoing litigation in another

10      jurisdiction and where I will assume that the discovery

11      process is both in California and --

12             MR. DeFILIPPIS:  Your Honor.

13             THE COURT:  -- and ongoing for three years and

14      if I issue an order today directing the preservation of

15      all documents why shouldn't that be sufficient.

16             MR. DeFILIPPIS:  There is a little bit that

17      needs to be cleared up.  The 2004 litigation U.S. Fire

18      was not party to that litigation.  We thought Liberty

19      mutual --

20             THE COURT:  Is that the State or Federal?

21             MR. DeFILIPPIS:  That is the 2004 action.  It

22      didn't have anything to do with U.S. Fire.

23             THE COURT:  Is that a Northern District

24      action?

25             MR. DeFILIPPIS:  Yes.  If you are relying on a

26      California case --
```

```
1                          Motion

2              THE COURT:  Excuse me, maybe I am not making

3      myself clear.  You just said 2004 action.  I want to

4      know which action you are referring to?

5              MR. DeFILIPPIS:  The action pending now is

6      subsequent to this action.  The declaratory judgment

7      was --

8              THE COURT:  That may well be.  You referred to

9      a 2004 action.  What was that?

10             MR. DeFILIPPIS:  It was against certain other

11     insurers, not U.S. Fire, for which a duty to defend was

12     resolved and it is now on appeal to the 9th Circuit.

13             THE COURT:  That was a Federal.

14             MR. DeFILIPPIS:  Yes.

15             THE COURT:  That was my question.

16             MR. DeFILIPPIS:  I am sorry.

17             THE COURT:  Okay.

18             MR. DeFILIPPIS:  But at this point to stay

19     this action on a motion we haven't seen, at least we

20     can start with the documents.  I am sure that

21     discovery -- I don't want to overcome this case.  It is

22     really a simple declaratory judgment case.

23             We can put off depositions until next year and

24     see what happens with the motion, but there is no

25     reason why the insurer, this is really, you know, a

26     question of coverage.  At least the insurer defendants
```

```
1                         Motion
2      should start to exchange documents.  There is no reason
3      to wait for the motions to dismiss to be argued.
4               THE COURT:  Anything else?
5               MR. DeFILIPPIS:  Nothing.
6               THE COURT:  Mr. DeNatale?
7               MR. DeNATALE:  Your Honor, on that issue I
8      think what your Honor proposes does make sense.  We
9      would prefer not to be fighting a two-front war in
10     California and New York on discovery.  I know this case
11     has been involved three months and U.S. Fire has a not
12     propounded a request yet, and you set an order for the
13     briefing schedule without any provision U.S. Fire
14     didn't ask for any provision for discovery.  I think
15     document preservation makes sense.
16              I am also happy to give counsel all the
17     insurance policies.  They will be provided in
18     California if they haven't already, but we will give
19     New York counsel all the policies at issue and other
20     than that I would ask discovery be stayed until the
21     court has an opportunity to rule on a motion.
22              MR. DeFILIPPIS:  If I may.
23              THE COURT:  Sure.
24              MR. DeFILIPPIS:  First just in response to the
25     point we have not propounded any discovery responses we
26     have not had a responsive pleading from the party to
```

```
1                           Motion
2       which we would be propounding those responses, so as I
3       understand it in New York somebody answers or files a
4       motion and they appear in the action and you start
5       discovery.
6                As far as the stay that you are looking at the
7       same argument is being made in California, you have two
8       cases that say well, let's hold off and see what
9       happens over there.  So if they are making the same
10      argument there and the same argument here, nothing will
11      go forward.  There is no reason for this case not to
12      move forward.
13               THE COURT:  All right, I will give you the
14      last word Mr. DeNatale.
15               Unless there is something else to add, I will
16      be happy to hear from them and then I will tell you
17      what I intend to do.
18               MR. DeNATALE:  I just want to clarify a
19      misstatement.  We are not asking for a discovery stay
20      in California.  We think discovery can and should
21      proceed in the California coverage action.  So if U.S.
22      Fire wants those documents, they will have that vehicle
23      to get them.
24               THE COURT:  All right, there is a list of
25      proceedings.  You should pick them up on the table over
26      there, which gives an indication of how I conduct
```

```
1                              Motion

2       myself.  I would like this case to be electrically

3       filed.  Stop in Room 119 and then you will know what to

4       do.

5                I take hard copies of all electric filed

6       documents and you can send them directly to the

7       courtroom or to chambers.

8                With regard to the discovery I am staying

9       discovery with the understanding that the defendant

10      will provide all insurance policies at issue to the

11      plaintiff within 30 days.

12                I am further issuing an order that all parties

13      are to preserve all documents relating to any issues in

14      this case and that includes not only hard copies but

15      includes electrically created material so there is no

16      issue down the line.

17                With regard to the question of whether the

18      plaintiff can be compelled to participate in a

19      mediation or proceeding outside of this jurisdiction, I

20      leave that for the attorneys to think if it is

21      appropriate to submit such a request.  I don't know if

22      it is.  I don't know if I have authority to do that or

23      not.

24                I will deal with that issue when it comes up.

25      At the very least I already indicated it would seem to

26      me that the client should be advised as I said that it
```

8/29/2007  Transcipt of proceedings before Judge Fried

| | |
|---|---|
| 1 | Motion |
| 2 | is my hope that they would participate.  Enough said on |
| 3 | that issue. |
| 4 | You are due back here on what was the date? |
| 5 | MR. DeNATALE:  October 29th. |
| 6 | THE COURT:  Did I give you a time? |
| 7 | MR. DeNATALE:  Yes, 9:30 to 11. |
| 8 | THE COURT:  That is on the motion? |
| 9 | MR. DeNATALE:  On the motion, yes, your Honor. |
| 10 | THE COURT:  And the only other matter is I |
| 11 | will sign the pro hoc vice if you give me the paper and |
| 12 | I will do that. |
| 13 | Anything else we should be doing? |
| 14 | MR. PORTUGUESE:   Your Honor, to be on the |
| 15 | safe side will they also produce the policy to the |
| 16 | other defendants as well so we all have the same set of |
| 17 | policies? |
| 18 | THE COURT:  Sure. |
| 19 | So they will produce it to all defendants and |
| 20 | the carriers. |
| 21 | Anything else? |
| 22 | (Continued on next page.) |
| 23 | |
| 24 | - - - |
| 25 | |
| 26 | |

```
 1                        Motion

 2            MR. DeNATALE:  No.

 3            THE COURT:  Thank you.

 4

 5

 6                  CERTIFIED TO BE A TRUE

 7                  AND CORRECT TRANSCRIPT

 8

 9

10

11

12                  MYRON CALDERON

13                  OFFICIAL COURT REPORTER

14

15

16

17

18

19

20

21

22

23

24

25

26
```