1  Terrence R. McInnis (#155416)
       (tmcinnis@rdblaw.com)
2  Siavash Daniel Rashtian (#228644)
       (drashtian@rdblaw.com)
3  ROSS, DIXON & BELL, LLP
   5 Park Plaza, Suite 1200
4  Irvine, California  92614-8529
   Telephone:  (949) 622-2700
5  Facsimile:  (949) 622-2739

6  Monique M. Fuentes (#205501)
       (mfuentes@rdblaw.com)
7  ROSS, DIXON & BELL, LLP
   2001 K Street, NW
8  Washington, DC  20006-1040
   Telephone:  (202) 662-2000
9  Facsimile:  (202) 662-2190

10
11  *Attorneys for Defendant, Counterclaimant,
   and Cross-Claimant Executive Risk Specialty
   Insurance Company*
12
               UNITED STATES DISTRICT COURT
13
           NORTHERN DISTRICT OF CALIFORNIA
14
                    OAKLAND DIVISION
15

16  LENSCRAFTERS, INC., and EYEXAM OF      No. C07-02853 SBA
    CALIFORNIA, INC.,
17                                         [Related Case No. C 04-01001 SBA]
                    Plaintiffs,
18                                         **DEFENDANT EXECUTIVE RISK**
         v.                                **SPECIALTY INSURANCE**
19                                         **COMPANY'S ANSWER TO FIRST**
    LIBERTY MUTUAL FIRE INSURANCE          **AMENDED COMPLAINT**
20  COMPANY; EXECUTIVE RISK SPECIALTY
    INSURANCE COMPANY; UNITED STATES
21  FIRE INSURANCE COMPANY; MARKEL
    AMERICAN INSURANCE COMPANY and
22  WESTCHESTER FIRE INSURANCE
    COMPANY,
23
                    Defendants.
24
    AND RELATED CROSS AND COUNTER
25  ACTIONS

26
27
28

854158 v 1                          ERSIC's Answer to First Amended Complaint
                                              (No. C 07 2853 SBA)

1    Defendant, Counterclaimant, and Cross-Complainant Executive Risk Specialty Insurance

2    Company ("ERSIC"), by and through its counsel, answers Plaintiffs' First Amended Complaint

3    ("FAC") in this action, as follows:

4    1.    The first and second sentences of Paragraph 1 of the FAC are ambiguous or

5    incomplete, or purport to characterize the insurance policies at issue and the coverage provided

6    thereunder, which the terms of those policies speak for themselves. On these bases, ERSIC

7    denies the allegations in the first two sentences of Paragraph 1 of the FAC. The last sentence of

8    Paragraph 1 of the FAC states a legal conclusion as to which no response is required.

9    2.    With respect to the first sentence of Paragraph 2 of the FAC, ERSIC denies the

10    allegations as they relate to ERSIC. ERSIC lacks sufficient knowledge or information to respond

11    to the remaining allegations in the first sentence of Paragraph 2 of the FAC, and on that basis,

12    denies the allegations. ERSIC admits the allegations in the second and third sentences of

13    Paragraph 2 of the FAC. The allegations in the fourth sentence of Paragraph 2 of the FAC are too

14    vague and incomplete to permit a response and on that basis, ERSIC denies the allegations in that

15    sentence.

16    3.    ERSIC denies the allegations in Paragraph 3 of the FAC as they relate to ERSIC.

17    ERSIC lacks sufficient knowledge or information to respond to the remaining allegations in

18    Paragraph 3 of the FAC, and on that basis, denies the allegations.

19    4.    ERSIC admits the allegations in the first sentence of Paragraph 4 of the FAC.

20    With respect to the second sentence of Paragraph 4 of the FAC, that sentence purports to

21    characterize the present action, to which no response is required. To the extent a response is

22    required, ERSIC denies that the LensCrafters is entitled to the relief it seeks as to ERSIC.

23    5.    Upon information and belief, ERSIC admits the allegations in Paragraph 5 of the

24    FAC.

25    6.    Upon information and belief, ERSIC admits the allegations in Paragraph 6 of the

26    FAC.

27    7.    Upon information and belief, ERSIC admits the allegations in Paragraph 7 of the

28    FAC.

854158 v 1

2

ERSIC's Answer to First Amended Complaint
(No. C 07 2853 SBA)

1    8.    ERSIC admits that it is a Connecticut corporation, but denies that its principal

2    place of business is Connecticut.

3    9.    Upon information and belief, ERSIC admits the allegations in Paragraph 9 of the

4    FAC.

5    10.    Upon information and belief, ERSIC admits the allegations in Paragraph 10 of the

6    FAC.

7    11.    Upon information and belief, ERSIC admits the allegations in Paragraph 11 of the

8    FAC.

9    12.    ERSIC admits the allegations in Paragraph 12 of the FAC.

10    13.    Paragraph 13 states a legal conclusion to which no response is required.  To the

11    extent that a response is required, ERSIC admits that venue is proper in the Northern District of

12    California.

13    14.    With respect to the first sentence in Paragraph 14 of the FAC, ERSIC admits that it

14    issued to EyeMed Vision Care, LLC, Managed Care Organization Errors and Omissions Liability

15    Policy No. 8167-2076 to LensCrafters and Eyexam for the November 12, 2001 to November 12,

16    2002 Policy Period (the "ERSIC Policy") and that the remaining defendants issued insurance

17    policies to LensCrafters and Eyexam.  The remaining allegations in the first sentence of

18    Paragraph 14 of the FAC are ambiguous or incomplete, or purport to characterize the defendants'

19    policies, which terms speak for themselves, and on these bases, ERSIC denies the remaining

20    allegations in the first sentence of Paragraph 14 of the FAC.  The second sentence of Paragraph

21    14 of the FAC is not a factual allegation, and as such, no response is required.

22    15.    ERSIC denies the allegations in Paragraph 15 of the FAC as they relate to ERSIC.

23    ERSIC lacks sufficient knowledge or information to respond to the remaining allegations in

24    Paragraph 15 of the FAC, and on that basis, denies the allegations.

25    16.    Upon information and belief, ERSIC admits the allegations in Paragraph 16 of the

26    FAC.

27    17.    Upon information and belief, ERSIC admits the allegations in Paragraph 17 of the

28    FAC, except to deny that the allegations fully and completely set forth the terms of the Liberty

1    Policies, and further denies that Policy No. TB2-681-004130-038 has an applicable $3 million

2    limit of liability "for each occurrence."

3        18.    With respect to the allegations in Paragraph 18 of the FAC, ERSIC admits that it

4    issued Managed Care Organization Errors and Omissions Liability Policy No. 8167-2076 to

5    Eyexam and LensCrafters for the November 12, 2001 to November 12, 2002 Policy Period. The

6    remaining allegations in Paragraph 18 of the FAC contain characterizations of the coverage

7    afforded under the ERSIC Policy and do not fully and accurately describe the terms and

8    conditions of the ERSIC Policy. ERSIC states that the terms of the ERSIC Policy speak for

9    themselves, and on these bases, denies the remaining allegations in Paragraph 18 of the FAC.

10        19.    The allegations in Paragraph 19 of the FAC contain characterizations of the

11    coverage afforded under the ERSIC Policy. ERSIC denies that Paragraph 19 of the FAC fully

12    and accurately describes the terms and conditions of the ERSIC Policy. ERSIC states that the

13    terms of the ERSIC Policy speak for themselves, and on these bases, denies the allegations in

14    Paragraph 19 of the FAC.

15        20.    Upon information and belief, ERSIC admits the allegations in Paragraph 20 of the

16    FAC.

17        21.    The allegations in Paragraph 21 of the FAC contain characterizations of the

18    coverage afforded under the U.S. Fire Policies. ERSIC denies that Paragraph 21 of the FAC fully

19    and accurately describes the terms and conditions of the U.S. Fire Policies. ERSIC states that the

20    terms of the U.S. Fire Policies Policy speak for themselves, and on these bases, deny the

21    allegations in Paragraph 21 of the FAC.

22        22.    Upon information and belief, ERSIC admits the allegations in Paragraph 22 of the

23    FAC.

24        23.    The allegations in Paragraph 23 of the FAC contain characterizations of the

25    coverage afforded under the Markel Policy. ERSIC denies that Paragraph 23 of the FAC fully

26    and accurately describes the terms and conditions of the Markel Policy. ERSIC states that the

27    terms of the Markel Policy speak for themselves, and on these bases, deny the allegations in

28    Paragraph 23 of the FAC.

1    24.    Upon information and belief, ERSIC admits the allegations in the first sentence of

2    Paragraph 24 of the FAC. The remaining allegations in Paragraph 24 of the FAC contain

3    characterizations of the coverage afforded under the Westchester Excess Policy. ERSIC denies

4    that the remaining allegations in Paragraph 24 of the FAC fully and accurately describe the terms

5    and conditions of the Westchester Excess Policy. ERSIC states that the terms of the Westchester

6    Excess Policy speak for themselves, and on these bases, denies the remaining allegations in

7    Paragraph 24 of the FAC.

8    25.    Upon information and belief, ERSIC admits the allegations in Paragraph 25 of the

9    FAC.

10    26.    The allegations in Paragraph 26 of the FAC contain characterizations of the

11    coverage afforded under the Westchester Policies. ERSIC denies that Paragraph 26 of the FAC

12    fully and accurately describes the terms and conditions of the Westchester Policies. ERSIC states

13    that the terms of the Westchester Policies speak for themselves, and on these bases, deny the

14    allegations in Paragraph 26 of the FAC.

15    27.    ERSIC admits the allegations in Paragraph 27 of the FAC.

16    28.    With respect to the first sentence in Paragraph 28 of the FAC, ERSIC denies that

17    LensCrafters has fully and accurately set forth the contents of the FAC in the *Snow* Action, and as

18    such, denies the allegations. With respect to second sentence in Paragraph 28 of the FAC, ERSIC

19    admits the allegations.

20    29.    With respect to the first and second sentences in Paragraph 29 of the FAC, ERSIC

21    denies that it received timely notice of the *Snow* Action, but admits the remaining allegations.

22    With respect to the allegations in the third sentence of Paragraph 29 of the FAC as they relate to

23    Liberty, ERSIC admits that Liberty agreed to pay defense costs for LensCrafters for the *Snow*

24    Action under a reservation of rights. With respect to the allegations in the third sentence of

25    Paragraph 29 of the FAC as they relate to ERSIC, the FAC does not fully and accurately describe

26    the reservation of rights asserted by ERSIC, which terms speak for themselves. On this basis,

27    ERSIC denies the remaining allegations in the third sentence of Paragraph 29 of the FAC.

28    30.    ERSIC admits the allegations in Paragraph 30 of the FAC.

1    31.    ERSIC admits the allegations in Paragraph 31 of the FAC.

2    32.    ERSIC admits the allegations in Paragraph 32 of the FAC.

3    33.    With respect to the first sentence of Paragraph 33 of the FAC, ERSIC denies that

4    LensCrafters has fully and accurately set forth the contents of the November 22, 2005 Amended

5    Judgment, which states that Liberty Mutual has a duty to defend the *Snow* Action under the six

6    Liberty Policies, and that because the ERSIC Policy "is excess to the Liberty policies with respect

7    to the *Snow* action," ERSIC's "duty to defend the Plaintiffs in the *Snow* action will not arise

8    unless and until the Liberty policies are exhausted or Liberty's duty to defend is otherwise

9    extinguished." ERSIC admits the allegations in the second sentence of Paragraph 33 of the FAC.

10    34.    ERSIC lacks sufficient knowledge or information to respond to the allegations in

11    Paragraph 34 of the FAC, and on that basis, denies the allegations.

12    35.    With respect to first sentence of Paragraph 35 of the FAC, ERSIC admits that a

13    mediation was held on July 26, 2007. ERSIC denies that the characterization of the purpose of

14    that mediation appearing in the first sentence of Paragraph 35 of the FAC is complete and

15    accurate, and on that basis, denies the allegation. The remaining allegations in Paragraph 35 of

16    the FAC are admitted.

17    36.    With respect to first sentence of Paragraph 36 of the FAC, ERSIC admits the

18    allegations. With respect to the second sentence of Paragraph 36 of the FAC, ERSIC admits that

19    LensCrafters requested that ERSIC contribute its remaining policy limits to fund a settlement in

20    the *Snow* Action. ERSIC denies that it refused to contribute its remaining policy limits to fund a

21    settlement in the *Snow* Action. With respect to the remaining allegations in the second sentence

22    of Paragraph 36 of the FAC, ERSIC is without sufficient knowledge or information to form a

23    belief as to the truth of the allegations and on that basis, denies the remaining allegations.

24    37.    With respect to first and second sentences of Paragraph 37 of the FAC, ERSIC

25    denies that it has refused to contribute its remaining policy limits to fund a settlement in the *Snow*

26    Action. With respect to the remaining allegations in the first and second sentences of Paragraph

27    37 of the FAC, ERSIC is without sufficient knowledge or information to form a belief as to the

28

854158 v 1

6

ERSIC's Answer to First Amended Complaint
(No. C 07 2853 SBA)

truth of the allegations and on that basis, denies the remaining allegations. ERSIC admits the allegations in the last sentence of Paragraph 37 of the FAC.

38.    ERSIC denies the allegations in Paragraph 38 of the FAC as they relate to ERSIC. ERSIC is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and on that basis, denies the remaining allegations.

39.    ERSIC repeats and incorporates its responses to Paragraphs 1–38 of the FAC.

40.    With respect to the first sentence of Paragraph 40 of the FAC, ERSIC denies the allegations. The second sentence of Paragraph 40 of the FAC states a legal conclusion, and as such, no further response is required.

41.    With respect to the first sentence of Paragraph 41 of the FAC, ERSIC denies the allegations as they relate to ERSIC. ERSIC is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 41 of the FAC, and on that basis, denies the remaining allegations. With respect to the second and third sentences of Paragraph 41 of the FAC, ERSIC denies that the Policyholders are entitled to the declaration they seek as to ERSIC.

42.    ERSIC admits the allegations in Paragraph 42 of the FAC.

43.    ERSIC repeats and incorporates its responses to Paragraphs 1–38 of the FAC.

44.    The first and second sentences of Paragraph 44 of the FAC state a legal conclusion, and as such, no further response is required. ERSIC is without sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence of Paragraph 44 of the FAC, and on that basis, denies the allegations in that sentence. With respect to the fourth sentences of Paragraph 44 of the FAC, ERSIC admits that at the July 26, 2007 mediation, LensCrafters asked ERSIC to consent to a settlement in the *Snow* Action and contribute its remaining policy limits. ERSIC is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the fourth sentence of Paragraph 44 of the FAC, and on that basis, denies the remaining allegations in that sentence. With respect to the fifth sentence of Paragraph 44, ERSIC denies the allegations as to ERSIC. ERSIC is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the fifth

854158 v 1

ERSIC's Answer to First Amended Complaint
(No. C 07 2853 SBA)

7

1    sentence of Paragraph 44 of the FAC, and on that basis, denies the remaining allegations in that

2    sentence.  ERSIC denies the allegations in the last sentence of Paragraph 44 as they relate to

3    ERSIC.

4           45.      With respect to the allegations in Paragraph 45 of the FAC, ERSIC denies the

5    allegations as they relate to ERSIC.  ERSIC is without sufficient knowledge or information to

6    form a belief as to the truth of the remaining allegations in Paragraph 45 of the FAC, and on that

7    basis, denies the remaining allegations.

8           46.      With respect to the allegations in Paragraph 46 of the FAC, these allegations are

9    not made against ERSIC, and thus a response is not required.

10          47.      With respect to the allegations in Paragraph 47 of the FAC, these allegations are

11   not made against ERSIC, and thus a response is not required.

12          48.      With respect to the allegations in Paragraph 48 of the FAC, these allegations are

13   not made against ERSIC, and thus a response is not required.

14          49.      With respect to the allegations in Paragraph 49 of the FAC, these allegations are

15   not made against ERSIC, and thus a response is not required.

16          50.      With respect to the allegations in Paragraph 50 of the FAC, these allegations are

17   not made against ERSIC, and thus a response is not required.

18          51.      With respect to the allegations in Paragraph 51 of the FAC, these allegations are

19   not made against ERSIC, and thus a response is not required.

20          52.      With respect to the allegations in Paragraph 52 of the FAC, these allegations are

21   not made against ERSIC, and thus a response is not required.

22          53.      With respect to the allegations in Paragraph 53 of the FAC, these allegations are

23   not made against ERSIC, and thus a response is not required.

24          54.      Each and every allegation of the FAC not expressly admitted herein is denied.

25                        **FIRST AFFIRMATIVE DEFENSE**

26          The Complaint fails to state a claim against ERSIC upon which relief may be granted.

27

28

854158 v 1

ERSIC's Answer to First Amended Complaint
(No. C 07 2853 SBA)

1

**SECOND AFFIRMATIVE DEFENSE**

2      Plaintiffs' claim is barred or limited by operation of Policy Endorsement No. 11, which

3  provides that the ERSIC Policy "shall be excess of and shall not contribute with: (a) Commercial

4  General Liability Insurance Policy No RG2-681-004130-031 issued by Liberty or any renewal or

5  replacement thereof, but only with respect to **Managed Care Activities**; (b) any other existing

6  insurance or self-insurance, unless such other insurance or self-insurance is specifically stated to

7  be in excess of this Policy; and (c) any indemnification to which an **Insured** is entitled from any

8  entity other than the **Insured Entity**."

9

**THIRD AFFIRMATIVE DEFENSE**

10      Plaintiffs' claim is barred or limited because ERSIC's obligation, if any, to indemnify

11  Plaintiffs for the *Snow* Action does not arise unless and until the applicable limits of liability

12  available under the underlying Liberty Policies are exhausted.

13

**FOURTH AFFIRMATIVE DEFENSE**

14      Plaintiffs' claim is barred or limited by the doctrines of res judicata, law of the case,

15  and/or collateral estoppel, by reason of the findings, orders and judgments entered in the action

16  captioned *LensCrafters, Inc., et al. v. Liberty Mut. Fire Ins. Co.*, et al., No. C 04-1001 SBA (N.D.

17  Cal.).

18

**FIFTH AFFIRMATIVE DEFENSE**

19      Plaintiffs' claim is barred or limited by the doctrines of equitable contribution and/or

20  equitable indemnity.

21

**SIXTH AFFIRMATIVE DEFENSE**

22      Plaintiffs' claim is barred or limited by operation of law holding that ERSIC's duty as an

23  excess insurer to indemnify is only triggered once the applicable Liberty Policies are exhausted.

24

**SEVENTH AFFIRMATIVE DEFENSE**

25      Plaintiffs' claim against ERSIC is barred or limited to the extent ERSIC's policy limits

26  have been depleted or exhausted through the payment of Claims.

27

28

854158 v 1

ERSIC's Answer to First Amended Complaint
(No. C 07 2853 SBA)

1

### EIGHTH AFFIRMATIVE DEFENSE

2        Plaintiffs' claim is barred or limited by operation of Policy Section II(J)(2), which

3  excludes coverage for "matters which are uninsurable under applicable law."

4

### NINTH AFFIRMATIVE DEFENSE

5        Plaintiffs' claim is barred by the doctrines of estoppel and waiver.

6

### TENTH AFFIRMATIVE DEFENSE

7        Plaintiffs' claim is barred or limited to the extent that Plaintiffs' own action, or the actions

8  of any third party, including the defendants in this lawsuit other than ERSIC, diminished

9  Plaintiffs' right to the relief sought in the Complaint.

10

### ELEVENTH AFFIRMATIVE DEFENSE

11        Plaintiffs' claims are barred by the doctrine of unclean hands.

12

### TWELFTH AFFIRMATIVE DEFENSE

13        Plaintiffs' claims are barred or limited by operation of Policy Section III(A)(1), which

14  excludes coverage for "**Loss** from any **Claim** brought about or contributed to in fact by: (1) any

15  willful misconduct or dishonest, fraudulent, criminal or malicious act, error or omission by any

16  **Insured**."

17

### THIRTEENTH AFFIRMATIVE DEFENSE

18        Plaintiffs' claims are barred or limited by operation of Policy Section III(A)(2), which

19  excludes coverage for "**Loss** from any **Claim** brought about or contributed to in fact by: … (2)

20  any willful violation by any **Insured** of any law, statute, ordinance, rule or regulation."

21

### FOURTEENTH AFFIRMATIVE DEFENSE

22        Plaintiffs' claims are barred or limited by operation of Policy Section III(A)(3), which

23  excludes coverage for "**Loss** from any **Claim** brought about or contributed to in fact by: … (3)

24  any **Insured** gaining any profit, remuneration or advantage to which such **Insured** was not

25  legally entitled."

26

### FIFTEENTH AFFIRMATIVE DEFENSE

27        Plaintiffs' claims are barred or limited by operation of Policy Section II(J)(1), which

28  excludes coverage for "fines, penalties, taxes, and punitive, exemplary or multiplied damages."

1

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or limited by operation of Policy Section II(J)(2), which excludes coverage for "non-monetary relief or redress in any form, including without limitation the cost of complying with any injunctive, declaratory or administrative relief."

### SEVENTEENTH AFFIRMATIVE DEFENSE

Coverage for any "Additional Insureds" is barred or limited by operation of Policy Endorsement No. 5, which limits coverage "to any actual or alleged act, error or omission in the performing of, or failure to perform, Managed Care Organization Business Activities by any Insured other than an Additional Insured."

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that the application or negotiations for the Policy included materially false, inaccurate, incomplete, or otherwise misleading statements, representations or omissions, ERSIC would be entitled to a declaration that the Policy is *void ab initio*.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs seek to recover amounts within the retention of the Policy.

### TWENTIETH AFFIRMATIVE DEFENSE

The defenses set forth herein reflect ERSIC's assessment based on the information of which ERSIC is currently aware. ERSIC expressly reserves, and does not waive any defenses to coverage under applicable law and the Policy, regardless of when such defenses to coverage may have arisen or may arise.

WHEREFORE, ERSIC prays for judgment as follows:

1.    That the Court enter judgment in ERSIC's favor and against Plaintiffs;

2.    That Plaintiffs take nothing by their Complaint against ERSIC;

3.    That the Court award ERSIC the costs of this litigation; and

4.    For such other and further relief as the Court deems just and proper.

854158 v 1

ERSIC's Answer to First Amended Complaint
(No. C 07 2853 SBA)

1    Date:  October 19, 2007

Respectfully submitted,

2    ROSS, DIXON & BELL, LLP

3

4    _/s/ Terrence R. McInnis_
     Terrence R. McInnis

5         and

6    Monique M. Fuentes
     Siavash Daniel Rashtian

7

8    *Attorneys for Defendant, Counterclaimant, and*
     *Cross-Complainant Executive Risk Specialty*
     *Insurance Company*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

854158 v 1

ERSIC's Answer to First Amended Complaint
(No. C 07 2853 SBA)