IRENE K. YESOWITCH State Bar #111575
CHIP COX State Bar #159681
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, CA 94104
TEL: (415) 397-2222  FAX: (415) 397-6392
iyesowitch@longlevit.com
ChipC@longlevit.com

Attorneys for Defendant
MARKEL AMERICAN INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENSCRAFTERS, INC.; and EYEXAM OF CALIFORNIA, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY; and WESTCHESTER FIRE INSURANCE COMPANY,<br><br>Defendants. | CASE No. CV-07-2853 SBA<br><br>**MOTION TO DISMISS LENSCRAFTERS' SECOND AND THIRD CLAIMS FOR RELIEF**<br><br>Date:      January 22, 2007<br>Time:      1:00 P.M.<br>Courtroom: 3<br>Judge:     Hon. Saundra B. Armstrong |

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

(No. CV-04-01001 SBA)

MOTION TO DISMISS SECOND AND THIRD CLAIMS FOR RELIEF

# TABLE OF CONTENT

I.   INTRODUCTION ..................................................................................................2

II.  SUMMARY OF ARGUMENT ............................................................................2

III. PLAINTIFF'S FIRST AMENDED COMPLAINT ...............................................3

IV.  LENSCRAFTERS' SECOND AND THIRD CLAIMS ARE NOT CLAIMS UPON WHICH RELIEF CAN BE GRANTED UNDER OHIO OR CALIFORNIA LAW ..............................................................................................5

V.   LENSCRAFTERS' CLAIM FOR BREACH OF THE DUTY TO SETTLE HAS NOT ALLEGED THE REQUIRED EXCESS JUDGMENT AGAINST LENSCRAFTERS ..................................................................................................6

VI.  CONCLUSION....................................................................................................10

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

# TABLE OF AUTHORITIES

**CASES**

*Accord, D.H. Overmyer Telecasting Co., Inc. v. American Home Assurance Co.,*
  29 Ohio App.3d 31, 502 N.E.2d 694 (1986)..................................................................6

*Aerojet-General Corp. v. Transport Indemnity Co.,*
  17 Cal.4th 38, 58 (1997)...............................................................................................10

*Calich v. Allstate Ins. Co.,*
  2004 Ohio 1619; 2004 Ohio App. LEXIS 1439 (2004)..................................................6

*Camelot by the Bay Condominium Owners' Ass'n v. Scottsdale Ins. Co.,*
  27 Cal.App.4th 33, 48....................................................................................................9

*Chitlik v. Allstate Ins. Co.,*
  34 Ohio App.2d 193, 198...............................................................................................6

*Downing v. Strauch,*
  265 F.3d 994, 1005 (9th Cir. 2001)................................................................................5

*Finkelstein v. 20th Century Ins. Co.,*
  11 Cal.App.4th 926, 929-930 (1992).........................................................................8, 9

*Hamilton v. Maryland Casualty Co.,*
  27 Cal.4th 718, 725 (2002)............................................................................................8

*Henegan v. Merchants Mut. Ins. Co.,*
  31 AD2d 12, 294 NYS2d 547 (1st Dept. 1968).............................................................6

*Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach (In re American
  Continental Corp./Lincoln Savings & Loan Securities Litigation),*
  102 F.3d 1524, 1537 (9th Cir. 1996)..............................................................................5

*Maduka v. Sunrise Hospital,*
  375 F.3d 909, 911 (9th Cir. 2004)..................................................................................5

*Ohio Bar Liability Ins. Co. v. Hunt,*
  152 Ohio App.3d 224, 232.............................................................................................6

*RLI Ins. Co. v. CNA Casualty of California,*
  141 Cal.App.4th 75 (2006).........................................................................................8, 9

*Roldan v. Allstate Ins. Co.,*
  149 AD2d 20, 544 NYS2d 359 (2nd Dept. 1989)..........................................................6

*Romstadt v. Allstate Ins. Co.,*
  59 F.3d 608, 615 (6th Cir. 1995)................................................................................6, 7

*Safeco Ins. Co. v. Superior Court,*
  71 Cal.App.4th 782, 788 (1999).................................................................................8, 9

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

*Travelers Ins. Co. v. Lesher*,
   187 Cal.App.3d 169, 186 (1986)..................................................................................10

*Van Winlkle v. Allstate Ins. Co.*,
   290 F.Supp.2d 1158, 1162 (C.D. Cal. 2003)....................................................................5

*Washington Mutual Bank v. Superior Court*,
   24 Cal.4th 906, 920 (2001) ..............................................................................................5

*Western Mining Council v. Watt*,
   643 F.2d 618, 624 (9th Cir. 1981)....................................................................................5

*Wolkowitz v. Redland Ins. Co.*,
   112 Cal.App.4th 154, 162................................................................................................8

**STATUTES**

California Code of Civil Procedure § 2860.............................................................................10

California Code of Civil Procedure § 877.6..............................................................................8

**RULES**

Rule 12(b)(6) of the Federal Rules of Civil Procedure ..............................................................1

DOCS\S6560-012\540154.V1

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on January 22, 2007 at 1:00 p.m. in courtroom 3 of the United States District Court for the Northern District of California, located at 1301 Clay Street, 3rd Floor, Oakland, California, Defendant Markel American Insurance Company will move to dismiss the second and third claims for relief in the First Amended Complaint filed by plaintiffs LensCrafters, Inc. and Eyexam of California, Inc.

This Motion is brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that plaintiff's second claim for relief: breach of contract re defendants' duty to indemnify and duty to settle, and plaintiffs third claim for relief: tortuous breach of the covenant of good faith and fair dealing, as alleged in plaintiffs' First Amended Complaint, both fail to state a claim upon which relief can be granted.

This motion is based on the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and on such further argument and evidence as the Court may consider at the hearing of this motion.

Dated: October 19, 2007                        LONG & LEVIT LLP

By  /s/ Chip Cox
CHIP COX
Attorneys for Defendant
MARKEL AMERICAN
INSURANCE COMPANY

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

1                                                (No. CV-04-01001 SBA)
MOTION TO DISMISS SECOND AND THIRD CLAIMS FOR RELIEF

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Markel American Insurance Company has substantial, good faith concerns regarding the reasonableness of the proposed settlement in *Snow*. Markel also objects to the efforts of plaintiffs LensCrafters, Inc. and Eyexam of California, Inc. (hereinafter collectively "LensCrafters") to withhold from Markel relevant information regarding the proposed settlement in *Snow*, and deprive Markel of its right to seek reimbursement or subrogation of any settlement amounts paid by Markel, and thereby coerce Markel into waiving its rights as the price of participating in the proposed settlement in *Snow*.

Unfortunately, these issues cannot be adequately addressed by motion to dismiss. So Markel will address the issue that is appropriate to address by motion to dismiss: whether LensCrafters can state a claim upon which relief can be granted without an excess judgment in *Snow*. Nonetheless, in the circumstances of this action it would be inappropriate to infer that by this motion Markel implicitly concedes any of the facts alleged by LensCrafters. While that is typically the standard for a motion to dismiss, that standard is particularly applicable in this action. *Even if* all of the facts alleged by LensCrafters were true, LensCrafters has not and cannot state a claim upon which relief can be granted for breach of the duty to settle *Snow*.

## II. SUMMARY OF ARGUMENT

As LensCrafters alleges and readily admits, there is no judgment in *Snow*. In both of its claims for bad faith failure to settle, LensCrafters alleges that Markel breached its duty to settle and thereby exposed LensCrafters to "the risk of a judgment in excess of policy limits." Both Ohio and California law require the insured suffer an excess judgment before it can assert a claim for bad faith failure to settle. Until an excess judgment is issued, an insured has suffered only "the risk" of an excess judgment, and there is no claim for relief from those "damages." Consequently, LensCrafters cannot allege a claim for breach of the duty to settle *Snow*, because no excess judgment has been entered against LensCrafters in *Snow*. LensCrafters' second and third claims for relief should be dismissed.

///

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

2    (No. CV-04-01001 SBA)

MOTION TO DISMISS SECOND AND THIRD CLAIMS FOR RELIEF

### III. PLAINTIFF'S FIRST AMENDED COMPLAINT

In its First Amended Complaint, LensCrafters alleged this coverage action arises out of defendants' refusal and failure to indemnify LensCrafters and settle claims made in a putative class action lawsuit captioned *Melvin Gene Snow et al. v. LensCrafters, Inc. et al.*, San Francisco Superior Court Case No. CGC-02-40554. (First Amended Complaint ("FAC") ¶2.) *Snow* was originally filed against LensCrafters and other entities on March 12, 2002. (FAC ¶27.) The Second Amended Complaint in *Snow* alleges, among other things, that LensCrafters disclosed private medical information of the putative class members, in violation of California's Confidentiality of Medical Information Act, violating the privacy rights of the class members. (FAC ¶28.)

Defendant Liberty Mutual allegedly issued Commercial General Liability insurance policies to LensCrafters effective February 1, 1998 to February 1, 1999 and renewed annually thereafter to February 1, 2006. (FAC ¶16.) In 2005, this Court issued an order in *LensCrafters, Inc. v. Liberty Mutual Fire Insurance Company*, U.S.D.C. (N.D. Cal.) case No. C-04-01001 SBA that both Liberty Mutual and Executive Risk Specialty Insurance Company ("ERSIC") had a duty to defend LensCrafters in *Snow*. The Court held that the allegations in *Snow* regarding the disclosure of confidential medical information constituted the publication of material that violated a person's right of privacy and asserted potentially covered claims under the Liberty Mutual and ERSIC policies. (FAC ¶31.)

Defendant Markel American Insurance Company issued Commercial Umbrella Liability Policy No. CU-GA-1345-01 to LensCrafters effective February 1, 2001 to February 1, 2002. (FAC ¶22.)

LensCrafters alleged that at a mediation in *Snow* on April 27, 2007 and in subsequent negotiations, the parties in *Snow* agreed to a reasonable settlement contingent on the approval and funding by the defendant insurance carriers. The settlement is allegedly for less than the total limits of the defendant insurers' policies. (FAC ¶34.)

/ / /

/ / /

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

3                                                              (No. CV-04-01001 SBA)
MOTION TO DISMISS SECOND AND THIRD CLAIMS FOR RELIEF

The defendant insurers allegedly refused LensCrafters' request that defendants agree to settle *Snow* and pay for the settlement under the indemnity provisions of their policies. (FAC ¶36.) Defendants have raised several purported coverage defenses and allegedly taken contrary and conflicting positions about which of them must pay, which policies must exhaust their limits of liability first, and their respective total limits of liability for *Snow*. Defendants' refusal to acknowledge their indemnity obligations and their duty to settle *Snow*, their disputes about which insurers must pay and in what order, have allegedly prevented the settlement of *Snow*. (FAC ¶37.) LensCrafters contends that defendants have breached their duty to settle *Snow* by refusing to accept and fund a reasonable settlement within their policy limits, exposing LensCrafters to further litigation and the risk of a judgment in excess of policy limits. (FAC ¶38.)

On the basis of these allegations, LensCrafters asserts their second claim for relief: breach of contract re defendants' duty to indemnify and duty to settle, and their third claim for relief: tortious breach of the covenant of good faith and fair dealing. LensCrafters contends that defendants have a duty to accept a reasonable settlement offer within policy limits. (FAC ¶44.) LensCrafters contends they negotiated a reasonable settlement in *Snow*, contingent on approval and funding by defendants. (FAC ¶44.) Defendants' alleged refusal to accept and fund that settlement in *Snow* and limit LensCrafters' exposure to a judgment in excess of the settlement amount is allegedly a breach of defendants' duty to indemnify plaintiffs and settle *Snow*. (FAC ¶44.)

LensCrafters contends that Markel has breached its implied covenant of good faith and fair dealing by wrongfully and unreasonably denying coverage for *Snow;* failing to accept a reasonable settlement of *Snow*, thereby exposing LensCrafters to further litigation and potential liability above the limits of the Markel policy; refusing to settle *Snow* based on improper considerations concerning alleged coverage defenses and allocation issues; failing to respond to a reasonable settlement demand; failing to adequately investigate the claims in *Snow* and the *Snow* settlement; placing its interests about those of LensCrafters for the purpose of retaining and utilizing money that should have spent to settle *Snow*; and compelling LensCrafters to initiate this litigation to obtain the rights and benefits to which they are entitled under the Markel policy.

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

4    (No. CV-04-01001 SBA)
MOTION TO DISMISS SECOND AND THIRD CLAIMS FOR RELIEF

(FAC ¶49.) LensCrafters contends that by reason of this allegedly wrongful conduct, they have sustained damages in an amount yet to be determined, including, but not limited to, attorneys' fees, related expenses and costs incurred obtaining coverage under Markel's policy.

## IV. LENSCRAFTERS' SECOND AND THIRD CLAIMS ARE NOT CLAIMS UPON WHICH RELIEF CAN BE GRANTED UNDER OHIO OR CALIFORNIA LAW

Dismissal of LensCrafters' second and third claim for relief is appropriate if it appears LensCrafters cannot allege facts that would entitle it to relief under those claims. *Maduka v. Sunrise Hospital*, 375 F.3d 909,911 (9th Cir. 2004). Although factual allegations in the First Amended Complaint are accepted as true for purposes of this motion to dismiss, the Court need not assume the truth of legal conclusions merely because they are alleged in the First Amended Complaint. *Western Mining Council v. Watt*, 643 F.2d 618, 624 ((9th Cir. 1981). Furthermore, the Court is permitted to consider other pleadings and admitted facts in the record of this action in deciding Markel's motion to dismiss. *See, Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach (In re American Continental Corp./Lincoln Savings & Loan Securities Litigation)*, 102 F.3d 1524, 1537 (9th Cir. 1996)(ample authority to recognize court records in related or underlying cases with direct relation to the matters at issue).

The law governing this motion is determined by California's choice of law rules. *Downing v. Strauch*, 265 F.3d 994, 1005 (9th Cir. 2001). California applies the governmental interest analysis, *Van Winlkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162 (C.D. Cal. 2003), but, "a separate conflict of laws inquiry must be made with respect to each issue in the case." *Washington Mutual Bank v. Superior Court*, 24 Cal.4th 906, 920 (2001). The first consideration is whether the laws of the different states conflict. *Van Winkle*, 290 F.Supp.2d at 1163.

The two states with an interest in LensCrafters' claims against Markel are California and Ohio. (New York law may apply to some issues of contract interpretation not relevant to this motion.) coverage The Markel policy was issued to Luxottica U.S. Holdings Corporation in Cincinnati Ohio; the claims against LensCrafters in *Snow* are venued in California. With respect to LensCrafters' claim for breach of the duty to settle, both Ohio and California are in substantial agreement on the need for an excess judgment to assert a claim for bad faith failure to settle.

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

5                                          (No. CV-04-01001 SBA)

MOTION TO DISMISS SECOND AND THIRD CLAIMS FOR RELIEF

## V. LENSCRAFTERS' CLAIM FOR BREACH OF THE DUTY TO SETTLE HAS NOT ALLEGED THE REQUIRED EXCESS JUDGMENT AGAINST LENSCRAFTERS

Regardless of whether their claims sound in contract or tort, and regardless of whether their claims are decided under Ohio or California law, LensCrafters' second and third claims alleging that Markel refused a reasonable settlement offer lack a required element to state a cause of action: an judgment in *Snow* in excess of policy limits.[1]

Ohio law requires the insured suffer an excess judgment to assert a claim for bad faith failure to settle. *Calich v. Allstate Ins. Co.*, 2004 Ohio 1619; 2004 Ohio App. LEXIS 1439 (2004), *appeal denied*, 103 Ohio St.3d 1409, 812 N.E.2d 1290; *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir. 1995). *Accord, D.H. Overmyer Telecasting Co., Inc. v. American Home Assurance Co.*, 29 Ohio App.3d 31, 502 N.E.2d 694 (1986)("before an injured person can maintain an action against the tortfeasor's insurer, the insured person must obtain a judgment against the insured"); *Chitlik v. Allstate Ins. Co.*, 34 Ohio App.2d 193, 198 (settlement does not provide injured party right to assert claim against insurer). *But see, Ohio Bar Liability Ins. Co. v. Hunt*, 152 Ohio App.3d 224, 232 ("OBLIC has not cited any Ohio authority, not have we found any, requiring the existence of an excess judgment as a predicate for a cause of action for bad faith").

Calich sought coverage from Allstate Insurance Company for a consent judgment made without Allstate's consent. *Calich*, 2004 Ohio App. LEXIS 1439, at **5. Calich offered to settle her claim for Allstate's policy limits, and when Allstate refused her offer, the insured made an agreement with Calich for a consent judgment, and assigned his claims against Allstate. *Calich*, 2004 Ohio App. LEXIS 1439, at **6. Following the consent judgment and assignment, Calich filed a complaint against Allstate and alleged it had acted in bad faith. *Calich*, 2004 Ohio App. LEXIS 1439, at **7.

/ / /

---

[1] New York law, if applicable, would also impose the same standard. *Henegan v. Merchants Mut. Ins. Co.*, 31 AD2d 12, 294 NYS2d 547 (1st Dept. 1968)("an insured is damaged ... upon entry of the excess final judgment in the damage suit case"); *Roldan v. Allstate Ins. Co.*, 149 AD2d 20, 544 NYS2d 359 (2nd Dept. 1989)(bad faith cause of action accrues at time of entry of judgment in underlying action).

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

6     (No. CV-04-01001 SBA)
MOTION TO DISMISS SECOND AND THIRD CLAIMS FOR RELIEF

## V. LENSCRAFTER'S CLAIM FOR BREACH OF THE DUTY TO SETTLE HAS NOT ALLEGED THE REQUIRED EXCESS JUDGMENT AGAINST LENSCRAFTERS

Regardless of whether their claims sound in contract or tort, and regardless of whether their claims are decided under Ohio or California law, LensCrafters' second and third claims alleging that Markel refused a reasonable settlement offer lack a required element to state a cause of action: an judgment in *Snow* in excess of policy limits.[1]

Ohio law requires the insured suffer an excess judgment to assert a claim for bad faith failure to settle. *Calich v. Allstate Ins. Co.*, 2004 Ohio 1619; 2004 Ohio App. LEXIS 1439 (2004), *appeal denied*, 103 Ohio St.3d 1409, 812 N.E.2d 1290; *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir. 1995). *Accord*, *D.H. Overmyer Telecasting Co., Inc. v. American Home Assurance Co.*, 29 Ohio App.3d 31, 502 N.E.2d 694 (1986)("before an injured person can maintain an action against the tortfeasor's insurer, the insured person must obtain a judgment against the insured"); *Chitlik v. Allstate Ins. Co.*, 34 Ohio App.2d 193, 198 (settlement does not provide injured party right to assert claim against insurer). *But see*, *Ohio Bar Liability Ins. Co. v. Hunt*, 152 Ohio App.3d 224, 232 ("OBLIC has not cited any Ohio authority, not have we found any, requiring the existence of an excess judgment as a predicate for a cause of action for bad faith").

Calich sought coverage from Allstate Insurance Company for a consent judgment made without Allstate's consent. *Calich*, 2004 Ohio App. LEXIS 1439, at **5. Calich offered to settle her claim for Allstate's policy limits, and when Allstate refused her offer, the insured made an agreement with Calich for a consent judgment, and assigned his claims against Allstate. *Calich*, 2004 Ohio App. LEXIS 1439, at **6. Following the consent judgment and assignment, Calich filed a complaint against Allstate and alleged it had acted in bad faith. *Calich*, 2004 Ohio App. LEXIS 1439, at **7.

///

---

[1] New York law, if applicable, would also impose the same standard. *Henegan v. Merchants Mut. Ins. Co.*, 31 AD2d 12, 294 NYS2d 547 (1st Dept. 1968)("an insured is damaged ... upon entry of the excess final judgment in the damage suit case"); *Roldan v. Allstate Ins. Co.*, 149 AD2d 20, 544 NYS2d 359 (2nd Dept. 1989)(bad faith cause of action accrues at time of entry of judgment in underlying action).

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

6   (No. CV-04-01001 SBA)
MOTION TO DISMISS SECOND AND THIRD CLAIMS FOR RELIEF

The Ohio Court of Appeals reversed a judgment in favor of Calich on her claim for bad faith failure to settle, because no excess judgment had been entered against Allstate's insured.

> (I)mplicit in bringing an action against an insurer for bad faith with respect to settling a claim within policy limits, is a requirement that there be an excess judgment against the insured.
>
> In cases where an excess judgment has not been adjudicated, an agreed judgment between the insured and a third party is unenforceable against an insurer. Therefore, it follows, that where the insurer has refused to settle a case, an injured third party cannot sue the insurer directly, or via assignment, for bad faith refusal to settle in the absence of an adjudicated excess judgment against the insured.

*Calich*, 2004 Ohio App. LEXIS 1439, at **4-5 (citations omitted).

The dissent in *Calich* noted the prior decision in *Hunt* held an insured could assert a claim for bad faith failure to settle without a judgment in excess of applicable policy limits, *Calich*, 2004 Ohio App. LEXIS 1439, at **15-18, and on that basis concluded that Ohio law was unsettled. 2004 Ohio App. LEXIS 1439, at **18. The Ohio Supreme Court subsequently denied review of *Calich*, however, and affirmed the decision in favor of Allstate. *Calich*, 812 N.E.2d at 1290.

Romstadt sought coverage from Allstate Insurance Company for an agreed judgment under an assignment from Allstate's insured. *Romstadt*, 59 F.3d at 610. Romstadt had offered to settle his claim for policy limits, which Allstate initially rejected. *Romstadt*, 59 F.3d at 610. Romstadt then accepted an agreed judgment and an assignment of the insured's claims against Allstate. *Romstadt*, 59 F.3d at 610.

The district court granted summary judgment for Allstate, which the United States Court of Appeals for the Sixth Circuit affirmed. "(U)nder Ohio law, implicit in bringing an action against an insurer for bad faith with respect to settling a claim within policy limits, is a requirement that there be an excess judgment against the insured." *Romstadt*, 59 F.3d at 611. After reviewing prior decisions from Ohio state courts, the court concluded that "under Ohio law, where the insurer has not refused to *defend* the insured, but has only refused to *settle* the case, an injured third party cannot sue the insurer directly, or via assignment, for bad faith refusal to settle

in the absence of an *adjudicated* excess judgment against the insured." *Romstadt*, 59 F.3d at 615 (emphasis in original).

California law applies a substantially similar standard, which also precludes LensCrafters' claim for breach of the duty to settle as a matter of law. *Hamilton v. Maryland Casualty Co.*, 27 Cal.4th 718, 725 (2002)(assignment of claim for bad faith failure to settle is not operative "and the claimant's action against the insurer does not mature, until a judgment in excess of the policy limits has been entered against the insured"); *RLI Ins. Co. v. CNA Casualty of California*, 141 Cal.App.4th 75 (2006)(settlement by excess insurer after primary insurer refused allegedly reasonable settlement offer within primary insurer's policy limits did not support equitable subrogation claim for bad faith); *Wolkowitz v. Redland Ins. Co.*, 112 Cal.App.4th 154, 162 ("essential element of a cause of action for breach of the implied covenant based on the refusal to settle is resulting damages"); *Safeco Ins. Co. v. Superior Court*, 71 Cal.App.4th 782, 788 (1999)("cause of action for bad faith refusal to settle arises only after a judgment has been rendered in excess of the policy limits"); *Finkelstein v. 20th Century Ins. Co.*, 11 Cal.App.4th 926, 929-930 (1992)(no cause of action for bad faith failure to settle absent judgment in excess of policy limits, even though insured contributed to settlement); *Doser v. Middlesex Mutual Ins. Co.*, 101 Cal.App.3d 883, 891-892 (1980) (settlement before any excess judgment issued cannot support claim for bad faith failure to settle).

The standard has been applied by California courts in a wide variety of circumstances to deny liability for an insurer's alleged failure to accept a reasonable settlement offer, absent an excess judgment. In *Hamilton*, the California Supreme Court held that an order confirming the settlement was made in good faith under California Code of Civil Procedure § 877.6 did not cure the lack of an excess judgment, and did not permit Hamilton to bring action for breach of the duty to settle. *Hamilton*, 27 Cal.4th at 734. Similarly, a bankruptcy court order approving a settlement and allowing a claim against the bankruptcy estate did not cure the lack of an excess judgment and could not support a claim for bad faith failure to settle. *Wolkowitz*, 112 Cal.App.4th at 158, 166. A settlement paid in part by an excess insurer after the primary insurer refused an allegedly reasonable settlement offer within the primary insurer's policy limits could not support a claim

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

8   (No. CV-04-01001 SBA)
MOTION TO DISMISS SECOND AND THIRD CLAIMS FOR RELIEF

against the primary insurer for bad faith failure to settle, because there was no excess judgment. *RLI Ins. Co.*, 141 Cal.App.4th at 82 ("without an excess judgment, the primary insurer's refusal to settle is not actionable"). A stipulated judgment, paid in part by one insurer, with the claim against another insurer for the balance of the settlement assigned to the plaintiff could not support a claim for bad faith failure to settle. *Safeco*, 71 Cal.App.4th at 789. A settlement funded in part by the insured, with an assignment of the insured's claim against his insurer for the remainder of the settlement, could not support a claim for bad faith. "Since there was no judgment in excess of the policy limits, appellants cause of action never matured." *Finkelstein*, 11 Cal.App.4th at 930. Nor does a claim for bad faith failure to settle filed while the underlying action is still pending state a cause of action. *Doser*, 101 Cal.App.3d at 892.

As in Ohio, there was a decision by the California Court of Appeals, decided before the California Supreme Court issued *Hamilton*, which asserted that a plaintiff could assert a claim for bad faith failure to settle without an excess judgment. *Camelot by the Bay Condominium Owners' Ass'n v. Scottsdale Ins. Co.*, 27 Cal.App.4th 33, 48. That discussion of the duty to settle is dicta, however, as the court ultimately concluded Scottsdale did not breach its good faith duty to settle. *Camelot by the Bay*, 27 Cal.App.4th at 53-54. That dicta was "overruled" by the California Supreme Court in *Hamilton*.

In its motion for leave to file its First Amended Complaint, LensCrafters argued that all it was required to do was plead that it suffered damages. Were it required to plead its alleged damages in more detail, LensCrafters explained that it would allege that its damages are its continued defense of *Snow* with all of its attendant costs. There are several shortcomings with this argument. First, that same argument was inherently present in every decision discussed above, because in every case the insured was compelled to continue litigation when the allegedly reasonable settlement demand was refused by the insurer, yet in none of those decisions was the inherent cost of continuing to defend the underlying action recognized as potential damages caused by the insurer's refusal to accept the settlement demand.

Second, while a plaintiff can generally plead damages, it must plead a claim that *could* support a cause of action for bad faith. There must be at least a possibility of damages caused by

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

9    (No. CV-04-01001 SBA)
MOTION TO DISMISS SECOND AND THIRD CLAIMS FOR RELIEF

Markel's alleged refusal to accept an allegedly reasonable settlement offer. As LensCrafters noted in their First Amended Complaint, however, this Court previously held Liberty Mutual had a duty to defend *Snow* under the Liberty Mutual policies. (FAC ¶ 31.) That duty includes the obligation to provide sufficient resources to fund a "reasonable and necessary" defense, *Aerojet-General Corp. v. Transport Indemnity Co.*, 17 Cal.4th 38, 58 (1997), by competent defense counsel. *Travelers Ins. Co. v. Lesher*, 187 Cal.App.3d 169, 186 (1986). LensCrafters does not allege, and Markel does not understand LensCrafters to imply, that Liberty Mutual has breached that duty. Rather, it appears LensCrafters means to refer, at least in part, to the additional defense costs it has chosen to incur by selecting "independent counsel" with hourly rates higher than those paid by Liberty Mutual "in the ordinary course of business in the defense of similar actions in the community." California Civil Code § 2860 (c)(limiting insurer's obligation to pay fees of independent counsel selected by insured). Those are not "damages" caused by Markel's alleged refusal to accept an allegedly reasonable settlement offer, and they were voluntarily incurred by LensCrafters when they choose to pay defense counsel more than Liberty Mutual pays to defend similar actions.

Ohio and California law are in substantial agreement on this point: a cause of action for breach of the duty to settle has not "matured" under California law absent an excess judgment, and an excess judgment is a requirement for a claim for bad faith failure to settle under Ohio law. There is admittedly no excess judgment in *Snow*, and no claim for bad faith failure to settle *Snow* can be alleged.

## VI.  CONCLUSION

Markel has and will continue to seek information from LensCrafters regarding the proposed settlement in *Snow*, which Markel requires to determine the reasonableness of the proposed settlement. Without LensCrafters' disclosure of that information, however, Markel is unreasonably prevented from ascertaining the reasonableness of the proposed settlement, and prevented from participating in the settlement on an informed basis. As Markel's efforts to investigate the proposed settlement continue, LensCrafters should not be permitted to leverage its efforts to coerce Markel to participate in the settlement by waiving its right to seek

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

10                                    (No. CV-04-01001 SBA)

MOTION TO DISMISS SECOND AND THIRD CLAIMS FOR RELIEF

reimbursement or subrogation by prematurely asserting a bad faith claim that is not recognized under Ohio or California law.

An excess judgment is required to assert a claim for bad faith failure to settle. LensCrafters' efforts to characterize as "damages" the defense costs it allegedly incurs in addition to the "reasonable and necessary" defense provided by Liberty Mutual is an effort to circumvent the requirement, and the exception would quickly swallow the rule. Every party to civil litigation suffers *some* detriment from defending a claim in litigation, even if they are being fully defended by a primary insurance carrier. LensCrafters' contention that these additional defense costs are caused by Markel's failure to accept an allegedly reasonable settlement offer, rather than by the initiation of the *Snow* litigation, or perhaps by Liberty Mutual's failure to "fully" defend LensCrafters, is an effort to manufacture causation that should not be recognized, as a matter of law. LensCrafters' claims fail to state a claim for bad faith failure to settle under both Ohio and California law, and for these reasons, Markel respectfully asks the Court grant its motion to dismiss the second and third claims for relief in LensCrafters' First Amended Complaint.

Dated: October 19, 2007                     LONG & LEVIT LLP

By _____Chip Cox_____
CHIP COX
Attorneys for Defendant
MARKEL AMERICAN
INSURANCE COMPANY

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222