SQUIRE, SANDERS & DEMPSEY L.L.P.
Mark C. Goodman (Cal. State Bar No. 154692)
Amy E. Rose (Cal. State Bar No. 222167)
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492
Telephone: +1.415.954.0200
Facsimile: +1.415.393.9887
Email: mgoodman@ssd.com
Email: arose@ssd.com

Attorneys for Defendant
UNITED STATES FIRE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| LENSCRAFTERS, INC.; and EYEXAM OF CALIFORNIA, INC.;<br><br>Plaintiffs,<br><br>vs.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY; and WESTCHESTER FIRE INSURANCE COMPANY,<br><br>Defendants. | Case No. C-07-2853 SBA<br>The Honorable Saundra B. Armstrong<br><br>**E-FILING**<br><br>**U.S. FIRE INSURANCE COMPANY'S MOTION TO DISMISS LENSCRAFTERS' SECOND AND THIRD CAUSES OF ACTION**<br><br>DATE: January 29, 2008<br>TIME: 1:00 p.m.<br>CTRM: 3 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. FACTUAL AND PROCEDURAL BACKGROUND ........................................................ 3

    A. LensCrafters' Primary And Excess Policies ............................................................. 3

    B. The Snow Action And The Prior Coverage Action ................................................. 3

    C. LensCrafters Files And Amends This Lawsuit ........................................................ 4

III. DISCUSSION ...................................................................................................................... 5

    A. Standards Governing A Rule 12(b)(6) Motion To Dismiss ..................................... 5

    B. LensCrafters' Breach Of Contract Claim Is Not Ripe ............................................. 5

        1. LensCrafters Cannot Allege Breach of the Duty to Indemnify ................. 6

        2. LensCrafters Cannot Allege Breach of the Duty to Settle ......................... 8

        3. LensCrafters Cannot Allege "Damages" Flowing From Any Alleged Breach ............................................................................................ 9

    C. Having Failed To Plead A Cause Of Action For Breach Of Contract, LensCrafters Cannot Maintain Its Claim For Bad Faith As A Matter of Law ...................................................................................................................... 12

IV. CONCLUSION .................................................................................................................. 13

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters,*
459 U.S. 519 (1983) .................................................................................................. 5

*Bernhardt v. County of Los Angeles,*
279 F.3d 862 (9th Cir. 2002) ................................................................................... 11

*Clegg v. Cult Awareness Network,*
18 F.3d 752 (9th Cir. 1994) ....................................................................................... 5

*County of Santa Clara v. U. S. Fid. Guar. Co.,*
868 F. Supp. 274 (N.D. Cal. 1994) ........................................................................... 7

*Guebara v. Allstate Ins. Co.,*
237 F.3d 987 (9th Cir. 2001) ................................................................................... 12

*Ileto v. Glock, Inc.,*
349 F.3d 1191 (9th Cir. 2003) ................................................................................... 5

*Keams v. Tempe Tech. Inst.,*
110 F.3d 44 (9th Cir. 1996) ..................................................................................... 11

*Mercado v. Allstate Ins. Co.,*
340 F.3d 824 (9th Cir. 2003) ................................................................................... 11

*No. 84 Employer-Teamster Joint Counsel Pension Trust Fund v. America West Holding Corp.*
320 F. 3d 920 (9th Cir. 2003) .................................................................................... 5

*Papasan v. Allain,*
478 U.S. 265 (1986) .................................................................................................. 5

*Provident Life & Accident Ins. Co. v. Brenner,*
2002 U.S. LEXIS 13379 (9th Cir. 2002) ................................................................. 12

*Thomas v. Union Carbide Agr. Prods. Co.,*
473 U.S. 568 (1985) .................................................................................................. 5

*United States v. Ritchie,*
342 F. 3d 903 (9th Cir. 2003) .................................................................................... 5

## STATE CASES

*Bell Atlantic Corp. v. Twombly,*
__ U.S. __; 127 S.Ct. 1955 (2007) ...................................................................... 5, 10

*Bramalea California, Inc. v. Reliable Interiors, Inc.,*
119 Cal.App.4th 468 (2004) ...................................................................................... 9

*Buss v. Superior Court,*
16 Cal.4th 35 (1997) ................................................................................................ 12

*California State Auto Assn. Inter-Ins. Bureau v. Superior Court,*
184 Cal.App.3d 1428 (1986) ................................................................................... 12

*Communale v. Traders & General Ins. Co.,*
50 Cal.2d 654 (1958) ................................................................................................. 8

# TABLE OF AUTHORITIES
*(continued)*

**Page**

*Emerald Bay Community Ass'n v. Golden Eagle Ins. Corp.,*
  130 Cal.App.4th 1078 (2005) ............................................................................. 9, 10, 13

*Erikson v. Pardus,* __ U.S. __,
  127 S.Ct. 2197 (2007) ................................................................................................. 5

*FourStar Elec., Inc. v. F&H Constr.,*
  7 Cal.App.4th 1375 (1992) ......................................................................................... 6

*Gribaldo, Jacobs, Jones & Assocs. v. Agrippina Versicherunges A.G.,*
  3 Cal.3d 434 (1970) ................................................................................................. 6, 7

*Hamilton v. Maryland Cas. Co.,*
  27 Cal.4th 718 (2002) ............................................................................................... 11

*Haskel, Inc. v. Superior Court,*
  33 Cal.App.4th 963 (1995) ....................................................................................... 12

*Iolab Corp. v. Seaboard Sur. Co.,*
  15 F.3d 1500 (9th Cir. 1994) ...................................................................................... 8

*J.B. Aguerre, Inc. v. American Guarantee & Liability Ins. Co.,*
  59 Cal.App.4th 6 (1997) ........................................................................................... 11

*Johansen v. California State Auto. Ass'n Inter-Insurance Bureau,*
  15 Cal.3d 9 (1975) ...................................................................................................... 8

*Kopczynski v. Prudential Ins. Co.,*
  164 Cal.App.3d 846 (1985) ...................................................................................... 12

*Lambert v. Southern Counties Gas Co.,*
  52 Cal.2d 347 (1956) ................................................................................................ 13

*Olympic Inc. Co. v. Employers Surplus Lines Ins. Co.,*
  126 Cal.App.3d 593 (1981) ........................................................................................ 8

*Patent Scaffolding Co. v. William Simpson Constr. Co.,*
  256 Cal.App.2d 506 (1967) ........................................................................................ 9

*PPG Indus. v. Transamerica Ins. Co.,*
  30 Cal.4th 310 (1999) ................................................................................................. 8

*Regan Roofing Co. v. Superior Court,*
  24 Cal.App.4th 425 (1994) ......................................................................................... 6

*Signal Companies, Inc v. Harbor Ins. Co.,*
  27 Cal.3d 359 (1980) .................................................................................................. 8

*St. Paul Fire & Marine Ins. Co. v. American Dynasty Surplus Lines Ins.
  Co.,*
  101 Cal.App.4th 1038 (2002) ..................................................................................... 9

*Treloar v. Keil & Hannon,*
  36 Cal.App. 159 (1918) .............................................................................................. 7

*Weaver v. Grunbaum,*
  31 Cal.App.2d 42 (1939) ............................................................................................ 7

*Pacific Indemnity Co. v. Fireman's Fund Ins. Co.,*
  175 Cal.App.3d 1191 (1985) ...................................................................................... 8

- iii -
TABLE OF AUTHORITIES
CASE NO. C-07-2853 SBA

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

**TABLE OF AUTHORITIES**
*(continued)*

**Page**

*Careau & Co. v. Security Pac. Bus. Credit, Inc.,*
   222 Cal.App.3d 1371 (1990) .................................................................................................. 6

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

- iv -
TABLE OF AUTHORITIES
CASE NO. C-07-2853 SBA

**NOTICE OF MOTION AND MOTION**

ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on January 29, 2007 at 1:00 p.m., or as soon thereafter as counsel can be heard in the above-entitled Court located at 1301 Clay Street, Courtroom 3, Oakland, California, defendant United States Fire Insurance Company ("U.S. Fire") will and hereby does move to dismiss LensCrafters, Inc.'s and EYEXAM of California, Inc's (collectively, "LensCrafters") second (breach of contract) and third (tortious breach of the covenant of good faith and fair dealing) causes of action as unripe. This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities included herewith and such other evidence or oral argument as may be presented to the Court at the hearing on this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I.    INTRODUCTION

The claims of "breach" LensCrafters alleges are not ripe and, therefore, its second and third causes of action fail to state claims for which relief can be granted. Allegations of duties that have not yet arisen and a perfunctory recitation of "damages" do not, without facts that LensCrafters neither possesses nor alleges here, state a claim for breach of contract or bad faith. U.S. Fire requests, therefore, that the Court dismiss LensCrafters' claims of breach and permit this case to continue as the declaratory relief action it is.

LensCrafters' Amended Complaint asserts that U.S. Fire breached its contractual obligations by failing to indemnify a proposed settlement of the *Snow* action. There is, however, nothing to indemnify: The *Snow* action has not settled and no judgment has been entered, meaning that LensCrafters has not become "obligated to pay" any amounts that U.S. Fire could indemnify. As LensCrafters admits, the parties are in the exact same position they were in before LensCrafters amended its complaint: No liability has attached and, therefore, neither U.S. Fire nor any other insurer owes a current duty to indemnify LensCrafters. Absent allegations of a ripe duty to indemnify and a present breach of that existing duty, LensCrafters cannot plead a breach of contract claim as a matter of law.

Indeed, LensCrafters' pleading tactically acknowledges as much in its "breach of contract"

claim. To get around the "problem," LensCrafters tries to claim that it is really alleging breach of the duty to settle. However, the duty to settle arises from the duty to defend and the resulting control an insurer has over its insured's defense and ability to settle. As a non-defending, excess carrier, U.S. Fire does not automatically owe a general "duty to settle" like a defending primary insurer does. To allege a breach of the duty to settle here, LensCrafters must allege facts showing that U.S. Fire currently has "control" over its insured's ability to settle that rises to the level a defending insurer would exercise. Such facts are not alleged and do not exist: U.S. Fire is an excess carrier whose obligations are not triggered until underlying coverage has been properly exhausted and LensCrafters alleges no such exhaustion here. Nor could it.

In any event -- and regardless of whether the Court determines that LensCrafters has adequately alleged breach of either the duty to indemnify or the duty to settle -- LensCrafters fails to allege any damages arising from either supposed breach. And it cannot cure this deficiency either. LensCrafters' conclusory allegations of damages "in an amount to be proven" cannot change the fact that other allegations in the Amended Complaint demonstrate that it has suffered no such damages and may never do so. LensCrafters has not become obligated to pay any amounts to settle or fund a judgment in the *Snow* action, and has not, therefore, alleged damages from any supposed breach of the duty to indemnify. LensCrafters also admits that the Court ordered Liberty Mutual and ERSIC to defend LensCrafters against the *Snow* action and that it is being defended in that action. Therefore, LensCrafters not only fails to allege any damages flowing from the breach of the duty to settle but it admittedly is not suffering any. As a result, LensCrafters' Amended Complaint alleges no damages and, to the contrary, acknowledges that LensCrafters has not suffered (and may never incur) damages flowing from its insurers' alleged breaches of contract.

LensCrafters' other "breach" claim -- tortious breach of the implied covenant arising from its insurers' "unreasonable" breach of their contractual duties -- requires a ripe allegation of breach of contract. Absent a claim of breach for which the Court may grant relief, an allegation that the alleged breach was "unreasonable" is, obviously, premature. Because LensCrafters' breach claims are not ripe, its bad faith claim is also unripe. Accordingly, U.S. Fire requests that the Court dismiss LensCrafters' second and third causes of action.

- 2 -

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   LensCrafters' Primary And Excess Policies

Liberty Mutual Insurance Company issued to Luxottica U.S. Holdings, Corp. ("Luxottica") eight primary layer CGL policies from 1998 to 2006. (Amended Complaint at ¶ 16.) Each policy provides coverage in the amount of $3 million per occurrence and $6 million in the aggregate for "personal injury," claims, including the "[o]ral or written publication of material that violates a person's right of privacy." (*Id.* at ¶ 17.) Executive Risk Specialty Insurance Company ("ERSIC") issued a primary layer claims-made, Managed Care Organization Errors & Omissions Liability Policy to Eyemed Vision Care, LLC for the period from November 2001 to November 2002, which provides $3 million in coverage for "any actual or alleged act, error or omission in the performance of, or any failure to perform, Medical Information Protection by any Insured Entity." (*Id.* at ¶ 19.) Thus, according to its own allegations, LensCrafters' primary layer of insurance represents at least $51 million in available coverage. (*See id.* at ¶¶ 16-19.)

U.S. Fire issued to Luxottica three excess policies from 1998 to 2001, each of which provides a $25 million limit of liability per occurrence and in the aggregate. (*Id.* at ¶ 20.) Markel American Insurance Company ("Markel") issued to Luxottica a single excess policy providing $15 million in coverage for the February 2001 to February 2002 policy period. (*Id.* at ¶ 22.) Westchester Fire Insurance Company issued to Luxottica five excess policies from 2001 to 2007, one of which provides $10 million in coverage in excess of Markel's policy and the other four of which provide a $25 million limit of liability per occurrence and in the aggregate. (*Id.* at ¶ 24-25.)

### B.   The *Snow* Action And The Prior Coverage Action

On March 12, 2002, Melvin Snow, on behalf of a purported class of similarly-situated Californians, filed suit against LensCrafters, EYEXAM of California, Inc. ("EYEXAM") and other Luxottica-related entities in *Melvin Gene Snow, et at. v. LensCrafters, Inc., et at.,* San Francisco Superior Court Case No. CGC-02-40554 (the "*Snow* action"). (*Id.* at ¶ 27.) The *Snow* plaintiffs allege, among other things, that optometrists and ophthalmologists hired by EYEXAM and located in LensCrafters' stores in California disclosed to LensCrafters employees (i.e., opticians)

- 3 -

private, individually-identifiable medical information in violation of California's Confidentiality of Medical Information Act. (*Id.* at ¶ 26.)

In March 2004, LensCrafters filed suit in this Court, seeking a declaration that Liberty Mutual (and, later, also ERSIC) owed a duty to defend the *Snow* action. (*Id.* at ¶ 30.) The Court, in an order dated January 20, 2005, held that the *Snow* action alleged the publication of material that potentially violated a person's right of privacy under both Liberty Mutual's and ERSIC's policies, triggering those insurers' duty to defend. (*Id.* at ¶ 31.)

**C.     LensCrafters Files And Amends This Lawsuit**

On May 31, 2007, LensCrafters filed this declaratory relief lawsuit. This suit initially requested only a declaration regarding Luxottica's insurers' obligations to provide coverage for the *Snow* action under its insurance policies. On July 18, U.S. Fire moved to dismiss or stay this declaratory relief action in favor of a declaratory relief action it had previously filed in New York, the jurisdiction where the policies had been issued, on the ground that federal law required the Court to presumptively decline to exercise its discretionary jurisdiction over declaratory relief actions where, as here, there is a prior-filed state court action involving the same parties and the same, purely state-law issues.

On August 6, in an attempt to avoid application of the so-called *Brillhart* presumption, LensCrafters sought to amend its complaint and add as-yet unripe breach of contract and bad faith claims. U.S. Fire opposed LensCrafters' motion for leave to amend on the basis that (1) its purported breach of contract and bad faith claims were not ripe and (2) its attempt to amend was prompted by its improper motive to ensure this action was no longer solely a declaratory relief action in order to defeat U.S. Fire's motion to dismiss.

On September 18, this Court denied U.S. Fire's Motion to Dismiss, determining that other considerations overcame the *Brillhart* presumption that it should decline its discretionary jurisdiction over declaratory relief actions where the same state law action is already pending between the same parties in state court.

On September 28, the Court granted LensCrafters' Motion for Leave to file its Amended Complaint, which it filed on October 2.

- 4 -

## III. DISCUSSION

### A. Standards Governing A Rule 12(b)(6) Motion To Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.,* 349 F.3d 1191, 1199-120 (9th Cir. 2003).[1] In determining whether the complaint's allegations are sufficient to state a claim for relief, all allegations of material fact are taken as true. *Erikson v. Pardus,* __ U.S. __, 127 S.Ct. 2197, 2200 (2007). Nevertheless, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged." *Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983). Moreover, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A plaintiff's obligation to provide the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" -- rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, __ U.S. __; 127 S.Ct. 1955, 1964-65 (2007).

### B. LensCrafters' Breach Of Contract Claim Is Not Ripe

LensCrafters' breach of contract claim is not ripe for adjudication. An action has not matured into a proper subject for adjudication when it involves contingent future events that are not certain to occur. *Thomas v. Union Carbide Agr. Prods. Co.,* 473 U.S. 568, 580-81 (1985). The ripeness doctrine's rationale "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreement[.]" *Abbott Laboratories v. Gardner,* 387 U.S. 136 (1967). The breach of contract claims brought by LensCrafters turn on contingent, future events that may never occur and a future potential for damages

---

[1] Although its review is generally limited to the contents of the complaint, the Court may also consider documents referenced that form a basis of a plaintiff's claim. *United States v. Ritchie,* 342 F. 3d 903, 908-09 (9th Cir. 2003); *see also No. 84 Employer-Teamster Joint Counsel Pension Trust Fund v. America West Holding Corp.,* 320 F. 3d 920, 925 n.2 (9th Cir. 2003).

- 5 -

that LensCrafters may never incur. As such, they are precisely the type of premature causes of action the courts cannot adjudicate.[2]

Under California law, the elements of a cause of action for breach of contract are: (1) a contract, (2) plaintiff's performance or excuse for nonperformance of that contract, (3) breach of a contractual obligation by the defendant and (4) damages to the plaintiff resulting from the defendant's breach. *Regan Roofing Co. v. Superior Court,* 24 Cal.App.4th 425, 434-35 (1994); *FourStar Elec., Inc. v. F&H Constr.,* 7 Cal.App.4th 1375, 1380 (1992); *Careau & Co. v. Security Pac. Bus. Credit, Inc.,* 222 Cal.App.3d 1371, 1388 (1990). LensCrafters cannot allege either breach of any presently-owed contractual obligation or any damages flowing from an alleged breach. Instead, LensCrafters alleges breaches of duties that have yet to arise (and may never arise) and perfunctorily recites that it has sustained damages, which assertion its other allegations contradict. Accordingly, LensCrafters' claims for breach are not ripe, do not state a claim for which relief can currently be granted and should be dismissed.

### 1. LensCrafters Cannot Allege Breach of the Duty to Indemnify

U.S. Fire simply cannot have breached an obligation it does not yet -- and may never -- owe. To allege breach of contract against U.S. Fire, LensCrafters must allege that U.S. Fire breached a contractual duty it owes now to indemnify a loss actually incurred by LensCrafters -- not a duty it may possibly owe someday, depending upon the happening (or not) of an event or series of events. A claim for indemnity is not ripe, however, until **liability has actually occurred** -- i.e., a judgment has been entered or a settlement paid. *Gribaldo, Jacobs, Jones & Assocs. v. Agrippina Versicherunges A.G.,* 3 Cal.3d 434, 446-47 (1970) (a claim seeking indemnity accrues only when the indemnitee pays a legal obligation). Absent a ripe claim for indemnity, U.S. Fire cannot owe a duty to indemnify. But LensCrafters does not allege that it has incurred any liability that can be indemnified. To the contrary, LensCrafters admits that no settlement or judgment has been entered in the *Snow* action. Because, according to LensCrafters' own allegations, U.S. Fire does not owe a duty to indemnify any settlement or judgment at this time,

---

[2] U.S. Fire does not dispute that LensCrafters' declaratory relief claim -- which is virtually identical to U.S. Fire's declaratory relief claim in the New York Action -- is ripe.

1  LensCrafters cannot allege U.S. Fire breached such a duty.

2  The law is clear: "[A]n indemnitor is not liable for a claim made against the indemnitee
3  until the indemnitee suffers ***actual loss*** by being compelled to pay the claim." *Gribaldo,* 3 Cal.3d
4  434 at 446-47(emphasis added).  Neither ***a contingent*** settlement nor the ***risk*** of a possible future
5  judgment can support LensCrafters' breach of contract claim.  *See County of Santa Clara v. U. S.*
6  *Fid. Guar. Co.,* 868 F. Supp. 274, 277 (N.D. Cal. 1994); *Weaver v. Grunbaum,* 31 Cal.App.2d 42,
7  79-50 (1939); *Treloar v. Keil & Hannon,* 36 Cal.App. 159, 168-69 (1918).  LensCrafters'
8  purported contingent settlement -- that, by definition, is dependent on conditions and events that
9  have not yet, and may never, occur -- and the possibility of a future judgment are only
10 speculation.  Simply put, the duty to indemnify will only attach when LensCrafters becomes
11 obligated to pay an outstanding and then-owing settlement or judgment.  *See id.*  LensCrafters'
12 inability to allege such a settlement or judgment is fatal to its ability to allege breach of an
13 existing duty to indemnify, which, in turn, is fatal to its breach of contract claim for breach of the
14 duty to indemnify.

15  Although LensCrafters purports to allege a breach of its insurers' "duty to indemnify,"
16 LensCrafters fails to identify any loss it has incurred, any liability it has sustained or any amount
17 of damages for which its insurers are allegedly obligated to pay.  (*See* Amended Complaint at
18 ¶¶ 43-45 ("Breach of Contract Re Defendants' Duty to Indemnify and Duty to Settle").)
19 LensCrafters admits that no judgment or settlement has been entered in the *Snow* action. (*Id.* at
20 ¶ 36 ("The mediation on July 26 was unsuccessful").)  Thus, instead of supporting its bald
21 assertion that its insurers have breached a "duty to indemnify," LensCrafters concedes that there
22 is presently nothing for its insurers to indemnify.  (*Id.* at ¶ 37 ("Defendants . . . ha[ve] prevented
23 the settlement of the *Snow* action").)

24  LensCrafters' claim for breach of the duty to indemnify is clearly not ripe:  There is
25 nothing that this Court can order LensCrafters' insurers to indemnify because there is nothing ***to***
26 indemnify. (*See id.* at ¶ 38.)  Having failed to allege that it has sustained a monetary loss or owes
27 a current obligation to pay, LensCrafters cannot allege an existing duty to indemnify or a
28 "breach" of that duty.

### 2. LensCrafters Cannot Allege Breach of the Duty to Settle

In addition to alleging that its insurers have breached an as-yet non-existent duty to indemnify, LensCrafters also asserts that U.S. Fire has breached a "duty to settle" the *Snow* action. (Amended Complaint at ¶¶ 43-45.) These allegations likewise fail to set forth facts demonstrating that such a duty exists. Neither U.S. Fire nor LensCrafters' other excess insurers owe any such duty with regard to the *Snow* action. *PPG Indus. v. Transamerica Ins. Co.,* 30 Cal.4th 310, 321 (1999) ("Pursuant to the covenant of good faith and fair dealing . . . the insurer has a duty to make reasonable efforts to settle a claim against its insured by the insured's victim . . . ***The insurer's duty to settle arises from its interrelated duty to defend***") (emphasis added). The good faith duty to settle stems from the fact that a defending insurer controls its insured's defense and ability to settle. *Id*. ***Where such control over the defense and ability to settle does not exist, neither does the insurer's duty to settle.*** *Id*. As a non-defending, excess insurer on a claim currently being defended by primary carriers, U.S. Fire has no duty to defend, no "control" over LensCrafters' ability to settle and, therefore, no current duty to settle. *See, e.g., Johansen v. California State Auto. Ass'n Inter-Insurance Bureau,* 15 Cal.3d 9, 15-16 (1975) (holding that ***a defending insurer*** owes a duty to accept a reasonable settlement within policy limits where there is a substantial risk of an excess judgment); *Communale v. Traders & General Ins. Co.,* 50 Cal.2d 654, 658 (1958) (holding that ***an insurer that breaches its duty to defend*** and refuses to accept a settlement offer within policy limits may breach the duty to settle).

U.S. Fire undisputedly does not owe a duty to defend and, thus, does not control LensCrafters' defense or ability to settle the *Snow* action. It is axiomatic that "[a]ll primary insurance must be exhausted before liability attaches under a secondary policy." *Iolab Corp. v. Seaboard Sur. Co.,* 15 F.3d 1500, 1505 (9th Cir. 1994) (quoting *Olympic Inc. Co. v. Employers Surplus Lines Ins. Co.,* 126 Cal.App.3d 593, 599 (1981)). As interpreted by California courts, this means that an excess insurer has no duty to defend until primary limits are exhausted in resolution of third-party claims against the insured. *Signal Companies, Inc v. Harbor Ins. Co.,* 27 Cal.3d 359, 369 (1980); *Pacific Indemnity Co. v. Fireman's Fund Ins. Co.,* 175 Cal.App.3d 1191, 1196-97 (1985). U.S. Fire is such an "excess" insurer and, therefore, owes no current

obligation to defend LensCrafters. (Amended Complaint at ¶ 21). Absent allegations of a current duty to defend or current ability to "control" LensCrafters' defense and ability to settle, LensCrafters fails to allege that U.S. Fire -- or any other "excess" insurer -- owes a "duty to settle" the *Snow* action.

LensCrafters fails to allege that U.S. Fire currently owes either a duty to indemnify or a duty to settle, because it does not. As such, LensCrafters does not -- and cannot -- allege "breach" of an existing contractual duty. Accordingly, it cannot state a claim for breach of contract and its second cause of action should be dismissed.

### 3. LensCrafters Cannot Allege "Damages" Flowing From Any Alleged Breach

Regardless of whether LensCrafters adequately alleges breach of contract, it fails to allege damages and, accordingly, its breach of contract claim fails to state a claim for which relief may be granted. To support an action for breach of contract, a plaintiff must allege damages. *Bramalea California, Inc. v. Reliable Interiors, Inc.,* 119 Cal.App.4th 468, 473 (2004). Without a factual allegation (as opposed to a conclusory recitation) that it suffered monetary loss, LensCrafters cannot allege a viable breach of contract claim. *See Emerald Bay Community Ass'n v. Golden Eagle Ins. Corp.,* 130 Cal.App.4th 1078, 1088 (2005) (recognizing that an insured cannot maintain a cause of action for breach of contact absent resulting damages). Simply put, a "breach of contract without damage is not actionable." *Patent Scaffolding Co. v. William Simpson Constr. Co.,* 256 Cal.App.2d 506, 511 (1967); BAJI 10.85; CACI 303 (requiring a plaintiff to show, as one of the essential elements of a cause of action for breach of contract, "damages to plaintiff caused by the breach"). If LensCrafters cannot allege *facts* showing that it has sustained actual monetary loss, it cannot maintain a claim for breach of contract. *See St. Paul Fire & Marine Ins. Co. v. American Dynasty Surplus Lines Ins. Co.,* 101 Cal.App.4th 1038, 1060 (2002) ("An essential element of a claim for breach of contract is damages resulting from the breach").

As already discussed, LensCrafters does not allege that it has paid or has even become obligated to pay any money to settle or fund a judgment in the *Snow* action. (*See* Amended Complaint at ¶ 38.) Accordingly, in addition to failing to allege breach of a contractual duty, it

- 9 -

also alleges no damages flowing from any alleged breach of the duty to indemnify. Similarly, because (as LensCrafters alleges) Liberty Mutual is obligated to provide it a complete defense in the *Snow* action, it cannot allege any damages arising from the alleged breach of the duty to settle (even assuming U.S. Fire owes such a duty here). Therefore, LensCrafters' breach claims must fail.

LensCrafters' only allegation of damages flowing from its insurers' alleged breach of contract -- that they deprived it of the "benefit of their policies, for which substantial amounts in premiums were paid" -- is a non-starter. (Amended Complaint at ¶ 45). LensCrafters' allegation is merely a formulaic recitation of the damages element without a single *fact* alleging the basis for its claim of actual harm. *See Bell Atlantic Corp.,* __ U.S. __, 127 S.Ct. at 1964-65 (2007) (requiring a plaintiff to provide "more than labels and conclusions" and holding that "a formulaic recitation of the elements of a cause of action will not do"). LensCrafters' conclusory allegations are insufficient to support its claim for breach, particularly where, as here, those allegations are contradicted by facts alleged elsewhere in its pleading.

As discussed, the duty to indemnify LensCrafters is inextricably tied to and cannot arise without a settlement or a judgment in the *Snow* action for which LensCrafters is liable. For the same reasons that it cannot allege breach of an existing contractual obligation -- because there is nothing for U.S. Fire to indemnify and, therefore, no "duty" to indemnify that U.S. Fire could have possibly breached -- LensCrafters also cannot allege damages arising from the alleged breach of the duty to indemnify. LensCrafters does not allege that it has become liable for or paid a settlement or a judgment in the *Snow* action -- because it has not. (*See* Amended Complaint at ¶ 37.) Instead, as it admits, it continues to defend that action and faces the potential *risk* of a judgment at some future date. (*Id.* at ¶ 38.) But the *risk* of damage is not compensable damages. *See, e.g., Emerald Bay Community Ass'n,* 130 Cal.App.4th at 1096 ("[P]laintiff needed to establish actual financial loss, not merely a potential that it may suffer a loss sometime in the future").

Similarly, LensCrafters fails to allege damages to support its breach of the duty to

- 10 -

1  settle. *See, e.g., Hamilton v. Maryland Cas. Co.,* 27 Cal.4th 718, 725 (2002) (requiring entry of an actual judgment in excess of policy limits following trial as prerequisite in California to action for breach of the duty to settle); *J.B. Aguerre, Inc. v. American Guarantee & Liability Ins. Co.,* 59 Cal.App.4th 6, 13 (1997) (noting that an insurer's alleged "breach" of the duty to settle may ultimately prove to have been correct if a defense verdict in the underlying action results). *See also Mercado v. Allstate Ins. Co.,* 340 F.3d 824, 827 (9th Cir. 2003) (applying California law and stating that the insured only has the remedy of pursuing an action against its insurer for bad faith duty to settle if trial results in an excess judgment). LensCrafters does not allege that, following its insurers' alleged failure to settle the *Snow* action, it settled the claim at some higher amount or currently faces an adverse judgment in excess of the amount of the proposed settlement amount. Nor could it so allege: It admits that the *Snow* action is still being litigated and that no judgment or settlement has been entered at all -- let alone one in excess of its available primary limits or the proposed settlement amount. (Amended Complaint at ¶¶ 37, 38.)

To protect its premature claims from dismissal, however, LensCrafters has claimed, in writings other than its Amended Complaint, that it is paying some portion of its defense costs in the *Snow* action. (*See, e.g.,* LensCrafters' Reply in support of Motion for Leave to File Amended Complaint at 7.) First of all, because allegations of such damages are not pled in its Amended Complaint, they are not relevant to the Court's analysis of U.S. Fire's motion to dismiss. *Bernhardt v. County of Los Angeles,* 279 F.3d 862, 869 (9th Cir. 2002) (permitting district court to "consider only the facts alleged in the complaint and in any documents appended thereto" when reviewing a motion to dismiss); *see, e.g., Keams v. Tempe Tech. Inst.,* 110 F.3d 44, 46 (9th Cir. 1996).

But even if LensCrafters amended its complaint (again) to add such allegations, the amounts it is contributing to its defense in the *Snow* action are not cognizable or recoverable damages against U.S. Fire (or any other excess insurer) for breach of the duty to settle. It is unclear why those amounts are being funded by LensCrafters and whether the arrangement was voluntarily agreed to or the result of a disagreement with Liberty Mutual. But, regardless of the

- 11 -

reason, LensCrafters admits that Liberty Mutual owes it a complete defense in the *Snow* action. (Amended Complaint at ¶ 31); *see, e.g., Buss v. Superior Court,* 16 Cal.4th 35, 49 (1997) ("To defend meaningfully, the insurer must defend immediately . . . to defend immediately, it must defend entirely"); *Haskel, Inc. v. Superior Court,* 33 Cal.App.4th 963, 976 (1995) (holding that if a primary insurer "owes any defense burden, it must be fully borne"). If LensCrafters voluntarily relinquished its right to a full and complete defense from Liberty Mutual and agreed to another arrangement -- one in which it pays some portion of its defense to retain counsel of its choice -- it cannot now claim those amounts as "damages" flowing from any alleged breach by its excess carriers. Or, if LensCrafters disputes Liberty Mutual's only partial payment of fees and expenses for the *Snow* action, that dispute is with Liberty Mutual and not with LensCrafters' excess insurers, which undisputedly do not owe it a defense. In either event, LensCrafters has not alleged -- and could not allege -- such defense amounts as "damages" against U.S. Fire to support its "breach" of the duty to settle claim.

LensCrafters' alleged "damages" are non-existent, speculative and contingent -- not the sort of actual damages required to support a claim for breach. It has neither paid money nor incurred an obligation to pay money to settle or fund a judgment in the *Snow* action. It admits that it continues to defend against the *Snow* action -- a defense that Liberty Mutual is obligated to provide. Accordingly, it has not sustained any monetary damages. Absent damages, LensCrafters' breach of contract claim fails and should be dismissed.

### C. Having Failed To Plead A Cause Of Action For Breach Of Contract, LensCrafters Cannot Maintain Its Claim For Bad Faith As A Matter of Law

To allege a claim for tortious breach of the implied covenant of good faith and fair dealing, LensCrafters must adequately allege that: (1) benefits due under the policy have been withheld (i.e., breach of contract); and (2) withholding policy benefits was unreasonable or without proper cause. *See California State Auto Assn. Inter-Ins. Bureau v. Superior Court,* 184 Cal.App.3d 1428, 1433 (1986); *Kopczynski v. Prudential Ins. Co.,* 164 Cal.App.3d 846, 849 (1985); *Provident Life & Accident Ins. Co. v. Brenner*, 2002 U.S. LEXIS 13379, *56 (9th Cir. 2002); *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir. 2001). A bad faith claim is, therefore,

- 12 -

dependent upon a ripe contract claim -- i.e., an existing contractual duty under the policy that was breached and resulted in damages. *Emerald Bay Community Ass'n,* 130 Cal.App.4th at 1096 (affirming dismissal of bad faith claim where the underlying breach of contract cause of action failed to state a claim). *See also Lambert v. Southern Counties Gas Co.,* 52 Cal.2d 347, 353 (1956) (noting that where a cause of action rests on the allegations contained in a separate but related cause of action, it is subject to a demurrer if the allegations in the related cause of action fail to state a claim). Absent factual allegations supporting a currently-viable claim for breach of contract, therefore, LensCrafters cannot state a claim for bad faith as a matter of law.

If LensCrafters' breach of contract cause of action fails to allege facts sufficient to state a claim for relief on *either* ground identified above (failure to allege breach of a contractual duty that is currently owed or failure to allege damages at all, let alone legally-cognizable damages), its bad faith claim fails as a matter of law. Because LensCrafters has not stated, and cannot state, a claim for breach of contract, it has not stated, and cannot state, a claim for bad faith. Accordingly, neither of LensCrafters' new "breach" claims is viable and both should be dismissed.

## IV.   CONCLUSION

The claims asserted by LensCrafters are legally deficient. LensCrafters must -- but fails to -- allege that U.S. Fire breached an owing contractual duty, which resulted in actual damages to it. It does not, therefore, state a claim for breach of contract as a matter of law. Failing to allege a breach of contract, LensCrafters cannot allege tortious breach of the covenant of good faith and fair dealing. Both of LensCrafters new claims for breach should, therefore, be dismissed.

Dated: October 19, 2007

SQUIRE, SANDERS & DEMPSEY L.L.P.



By: _____
Amy E. Rose

Attorneys for Defendant
UNITED STATES FIRE INSURANCE COMPANY


# PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is One Maritime Plaza, Third Floor, San Francisco, California 94111-3492.

On October 19, 2007, I served the following document described as:

**U.S. FIRE INSURANCE COMPANY'S MOTION TO DISMISS LENSCRAFTERS' SECOND AND THIRD CAUSES OF ACTION**

☒ VIA THE UNITED STATES DISTRICT COURT ELECTRONIC FILING SERVICE on interested parties in this action as set forth below:

Richard DeNatale, Esq.
Celia M. Jackson, Esq.
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone:   (415) 772-6000
Facsimile:   (415) 772-6268
richard.denatale@hellerehrman.com
celia.jackson@hellerehrman.com

Terrence R. McInnis, Esq.
Ross, Dixon & Bell, LLP
5 Park Plaza, Suite 1200
Irvine, CA 92614
Telephone:   (949) 622-2700
Facsimile:   (949) 622-2739
tmcinnis@rdblaw.com

Robert D. Dennison, Esq.
Harris, Green & Dennison
5959 W. Century Blvd., Suite 1100
Los Angeles, CA 90045
Telephone:   (310) 665-8656
Facsimile:   (310) 665-8659
rdd@h-glaw.net

Alex F. Stuart, Esq.
Willoughby, Stuart & Bening
Fairmont Plaza
50 West San Fernando, Suite 400
San Jose, CA 95113
Telephone:   (408) 289-1972
Facsimile:   (408) 295-6375
afs@wsblaw.net

Chip Cox, Esq.
Long & Levitt
465 California Street, 5th Floor
San Francisco, CA 94104
Telephone:   (415) 438-4413
Facsimile:   (415) 397-6392
chipc@longlevit.com

Executed on October 19, 2007, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Amy E. Rose