UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LENSCRAFTERS, INC.; and EYEXAM OF CALIFORNIA, INC., <br><br>Plaintiffs, <br><br>v. <br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY; and WESTCHESTER FIRE INSURANCE COMPANY, <br><br>Defendants. | Case No.: CV-07-2853 SBA <br><br>**JOINT CASE MANAGEMENT STATEMENT** <br><br>Conference Date: December 6, 2007 <br>Time:             2:30 p.m. <br>Via Telephone <br>The Hon. Saundra Brown Armstrong |
| AND RELATED COUNTER- AND CROSS-CLAIMS | |

The parties to the above-entitled action and cross-actions jointly submit this Case Management Statement pursuant to Civil Local Rule 16-9. Plaintiffs and Counter-Defendants in this case are LensCrafters, Inc. and EYEXAM of California, Inc. (together "LensCrafters"). Defendants, cross-claimants and/or cross-defendants (collectively, "Defendants") in this case are Liberty Mutual Fire Insurance Company ("Liberty"), Executive Risk Specialty Insurance Company ("ERSIC"), United States Fire Insurance Company ("U.S. Fire"), Markel American Insurance Company ("Markel"), and Westchester Fire Insurance Company ("Westchester").

**JURISDICTION AND SERVICE**

The basis for the Court's subject matter jurisdiction over this action is 28 U.S.C. §§ 1332 and 2201. There is complete diversity of citizenship between LensCrafters and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. An actual controversy within the meaning of 28 U.S.C. § 2201 exists between the parties. No parties have raised or intend to raise a personal jurisdiction affirmative defense. All parties have been served.

**FACTS**

This litigation is an insurance coverage dispute among LensCrafters and its insurers concerning the insurers' duty to indemnify and duty to settle with respect to a lawsuit filed against LensCrafters, *Snow v. LensCrafters, Inc., et al.,* San Francisco Superior Court Case No. CGC-02-40554 ("*Snow*"). The *Snow* complaint seeks to certify a class of more than one million California consumers and alleges that LensCrafters violated certain California statutes, including the California Confidentiality of Medical Information Act ("COMIA"), Cal. Civ. Code § 56 *et seq.* The *Snow* action has been pending since 2002.

As discussed in more detail below, the parties in *Snow* and Defendants have participated in a number of mediation sessions in order to achieve a settlement of the *Snow* case to which Defendants would consent and provide funding. The parties in *Snow* have reached an agreement in principle and settlement documents are being drafted. Some of the insurers who are Defendants in this action have agreed to consent to and fund the settlement, subject to certain terms and conditions. LensCrafters believes that a settlement in *Snow*, if completed, will resolve many of the issues in this case and require amendment of the complaint and dismissal of certain Defendants. If

further progress is made in completing the *Snow* settlement before the scheduled December 6 Case Management Conference, LensCrafters will file an amended Case Management Conference Statement.

**LensCrafters' Complaint in this Action**

On May 25, 2007, LensCrafters filed this action to allege claims for declaratory relief regarding the duty to indemnify. Markel and Westchester have also filed counter- and cross-complaints seeking declarations about their duty to indemnify and, if the Court finds a duty to indemnify, declarations regarding the allocation of liability among the insurers. ERSIC has filed a cross-claim seeking declarations on Liberty's available limit of liability, and regarding apportionment of liability among the insurers. ERSIC had previously filed a counterclaim against LensCrafters, which ERSIC dismissed without prejudice on October 23, 2007.

On July 18, U.S. Fire filed a Motion To Dismiss or, in the Alternative, Stay Action in Favor of Prior-Pending New York State Court Action. On September 18, 2007, the Court denied U.S. Fire's motion.

On October 2, 2007, following the Court's granting of LensCrafters' motion for leave to amend its complaint, LensCrafters filed a First Amended Complaint. The First Amended Complaint added a Second Claim for Relief for Breach of Contract Re Defendants' Duty to Indemnify and Duty to Settle and a Third Claim for Relief for Tortious Breach of the Covenant of Good Faith and Fair Dealing Against Defendants U.S. Fire, Markel and Westchester. In its First Amended Complaint, LensCrafters contends: (1) in June 2007, the parties in *Snow* reached a settlement that is contingent on approval and funding by Defendants; (2) the settlement is reasonable in terms of LensCrafters' exposure in *Snow* and is within the limits of Defendants' policies; and (3) on June 21, LensCrafters asked Defendants to accept the settlement and Defendants refused. U.S. Fire disagrees, and other Defendants do not concede, that the proposed settlement is reasonable, and Defendants object to the contentions in this paragraph as being in violation of the settlement and mediation privileges. LensCrafters disagrees that the information in this paragraph and the conduct of the insurers alleged herein are protected by the mediation and settlement privileges.

Westchester, Markel and U.S. Fire have filed motions to dismiss the First Amended Complaint on grounds that Second and Third Claims for Relief are not ripe for adjudication. LensCrafters' opposition to these motions is due on January 8, 2008. The motions are scheduled for hearing on January 29, 2008.

**Cases Related to this Action**

<u>The New York Action</u>: On May 18, 2007, U.S. Fire filed a complaint in the Supreme Court for the State of New York, naming as defendants LensCrafters and several other related companies, Liberty, Markel and Westchester (but not ERSIC). U.S. Fire's complaint sought a declaration that it owes no duty to indemnify LensCrafters and sought to adjudicate the indemnity obligations of the various insurers. LensCrafters filed a motion to dismiss or stay the New York action on several grounds, including *forum non conveniens*. On November 1, 2007, the New York Court granted LensCrafters' motion and entered an order of dismissal. A copy of the Court's Order is attached hereto as Exhibit 1.

<u>The Prior Northern District Action</u>: The Court has deemed that this case is related to an earlier action filed in this Court in March 2004 by LensCrafters, Inc., EYEXAM of California, Inc. and EyeMed Vision Care, LLC, in which this Court adjudicated issues related to the duty to defend the *Snow* action. LensCrafters brought the earlier action against only Liberty and ERSIC. Liberty filed an appeal of the judgment entered in the earlier action, but recently agreed to drop its appeal. On November 6, 2007, the Ninth Circuit granted the parties' joint motion to dismiss the appeal.

**Principal Factual Issues in Dispute**

LensCrafters has identified the following factual issues in dispute: (1) whether the policies provide indemnity coverage for *Snow*; (2) whether Defendants have a duty to accept a settlement in *Snow*; (3) whether Defendants have breached the duty to accept a reasonable settlement of *Snow*; (4) whether Defendants have breached the duty to indemnify; (5) the amount of damages to which LensCrafters is entitled as a result of the breach; and (6) whether U.S. Fire, Markel, and Westchester acted in such a way as to breach the covenant of good faith and fair dealing and if so, what damages, including punitive damages, LensCrafters is entitled to. U.S. Fire does not agree that issues (2) through (6) are ripe for adjudication. Liberty, Westchester and Markel do not agree

that items (2) and (3) are proper factual issues in this case, as they contend that these issues necessarily involve settlement and mediation privileged information and communications. LensCrafters disagrees that the facts surrounding these issues and the relevant conduct of the insurers are protected by the mediation and settlement privileges. Also as noted, Westchester, Markel and U.S. Fire have filed a motion to dismiss, contending that issues related to the duty to settle, breach of the duty to indemnify, and breach of the covenant of good faith and fair dealing are not ripe for adjudication at this time. LensCrafters believes that its claims are ripe because, among other things, LensCrafters contends that Defendants have already breached the duty to settle and LensCrafters is suffering damages as a result of that breach.

## LEGAL ISSUES

The parties agree, except as noted, that the legal issues in dispute include the following:

- whether Liberty, U.S. Fire, Markel and Westchester are required to indemnify LensCrafters for liability arising out of the *Snow* action under the terms of the personal injury coverage of the Liberty, U.S. Fire, Markel and Westchester policies;
- how indemnity should be allocated among Defendants, if it should be allocated at all;
- whether Defendants have a duty to accept the *Snow* settlement; Westchester does not agree that this issue is proper for litigation because it would violate the settlement and mediation privileges in *Snow;* LensCrafters disagrees that this information is privileged for reasons that it has previously stated*;*
- how the *Snow* settlement should be allocated among Defendants; Westchester does not agree that this issue is proper for litigation because it would violate the settlement and mediation privileges in *Snow;* again, LensCrafters disagrees for reasons that it has previously stated;
- whether there is indemnity coverage under the ERSIC Errors & Omissions coverage;
- whether nominal damages awarded for violations of COMIA are payable under the insurance policies;
- the number of "occurrences" under the liability policies;

- the total amount of the limits of the primary Liberty policies that must be paid before any excess policies are triggered;
- whether Defendants have breached the duty to indemnify;
- whether Defendants have breached the duty to accept a settlement in *Snow*;
- whether U.S. Fire, Markel, and Westchester's actions in refusing to accept a settlement in *Snow* amounted to a breach of the covenant of good faith and fair dealing;
- what are LensCrafters' damages resulting from the breach of contract, including the bad faith breaches of contract;
- what damages, including punitive damages, is LensCrafters entitled to in the event the Court finds that U.S. Fire, Markel and Westchester have breached the covenant of good faith and fair dealing;
- application of the mediation and settlement privileges; LensCrafters believes that this is an evidentiary issue and does not affect the substance of LensCrafters' claims.

Liberty also contends that the following legal issue is in dispute:

- whether the duty to indemnify is barred by the known-loss doctrine.

Liberty and U.S. Fire contend that the following legal issues are also in dispute:

- whether this action fails to allege a justiciable controversy with respect to the duty to indemnify because the underlying *Snow* action is still pending;
- whether the duty to indemnify is barred by the prohibition against indemnification of willful acts.

Westchester contends that the following legal issues are also in dispute:

- application of the "Known Injury Or Damages" Endorsement of the Westchester policies;
- LensCrafters' duty to pay for any personal injury offenses for which coverage, if any, is excluded under one or more of the Westchester policies;
- whether timely notice was provided as required under the Conditions of the Westchester Policies.

5

Westchester and U.S. Fire contend that the following legal issues are also in dispute:

- whether there has been a proper exhaustion of underlying limits and/or Self-Insured Retentions;
- application of the non-cumulation clause in Liberty's policies;
- LensCrafters' duty to pay for any personal injury offense for which there is a lack of warranted underlying insurance required to be maintained under their policies.
- whether there is any duty under the Westchester policies to indemnify against the *Snow* settlement.

U.S. Fire contends that the following legal issues are also in dispute:

- whether there is coverage under the Liberty, U.S. Fire, Markel and Westchester policies for the *Snow* settlement;
- whether LensCrafters' primary policies will be exhausted by payment of the *Snow* settlement.

Markel contends that the following legal issues are also in dispute:

- whether plaintiffs made material misrepresentations in their application for insurance;
- Markel also reserves its right to raise as defenses the legal issues identified by U.S. Fire and Westchester, to the extent plaintiffs contend those issues are not subsumed within the legal issues initially identified as issues in dispute by the parties collectively.

## MOTIONS

Westchester, Markel and U.S. Fire have filed motions to dismiss the Second and Third Claims for Relief. Markel contends in its motion to dismiss that plaintiffs cannot assert claims for breach of contract and bad faith failure to settle because no judgment has been awarded against plaintiffs in excess of the limits of available insurance coverage. Westchester contends in its motion to dismiss that: as an excess insurer, it has no duty to settle or indemnify because there has been no exhaustion of all applicable underlying insurance; there has no breach of any duty to indemnify as the plaintiffs have suffered no actual loss to date; there has been no breach of any duty

to settle as the plaintiffs have paid no settlement nor suffered entry of any excess judgment (or any judgment); there has been no tortious breach of any duty to settle as no liability has been imposed upon LensCrafters and no judgment has been entered against it; and, granting plaintiffs further leave to amend would be futile. U.S. Fire argues in its motion to dismiss that it owes no duty to indemnify because LensCrafters has not become "obligated to pay" any amounts in the *Snow* action; as a non-defending, excess carrier, U.S. Fire does not owe any general duty to settle; LensCrafters has not and cannot allege damages arising from either supposed breach; and breach of the implied covenant requires breach of the underlying contract, which has not been adequately alleged. LensCrafters believes that its claims are ripe because, among other things, LensCrafters contends that Defendants have already breached the duty to settle and LensCrafters is suffering damages as a result of that breach. LensCrafters' opposition to these motions is due on January 8, 2008. The motions are scheduled for hearing on January 29, 2008.

The parties anticipate that they will file motions for summary judgment and that some of these motions could be dispositive of some or all of the issues in the case.

**AMENDMENT OF PLEADINGS**

As discussed above, a settlement in *Snow*, if completed, may resolve many of the issues in this case and require amendment of the complaint and dismissal of certain Defendants. If this occurs, LensCrafters will seek Defendants' consent to file a Second Amended Complaint. If LensCrafters is unable to obtain consent, it will seek leave of Court to amend. LensCrafters believes that the amendment may moot the motions to dismiss currently on file by Westchester, Markel, and U.S. Fire.

**EVIDENCE PRESERVATION**

The parties have taken steps to preserve evidence specifically related to this case. LensCrafters further states that a considerable amount of that evidence was produced in the previous coverage action in this Court and has been preserved.

**DISCLOSURES**

The parties served their initial disclosures on September 11, 2007, before LensCrafters had filed its First Amended Complaint. The parties had previously agreed to amend their initial

disclosures as required in a timely manner if the Court granted LensCrafters' motion for leave to amend the complaint.  In the Revised Joint Case management Statement and Proposed Order filed on September 6, 2007, the parties requested that the Court order that amended disclosures be made within 20 days of the filing of the amended complaint.

LensCrafters filed its First Amended Complaint on October 2, 2007.  Defendants have not yet filed amended disclosures.  LensCrafters requests that the Court order Defendants to amend their disclosures no later than December 17, 2007.

U.S. Fire requests that the Court require amendment of the initial disclosures only if the Court denies the pending motions to dismiss.  In the event the Court grants U.S. Fire's motion to dismiss, an amendment of the disclosures will be unnecessary.  If the Court denies the motion, U.S. Fire requests that it be allowed to amend its disclosures within 20 days after that ruling.

## DISCOVERY

The parties have previously filed a Joint Report of Discovery Plan that sets forth the parties' position regarding discovery, which the parties incorporate by reference.  LensCrafters has commenced written discovery against Westchester, Markel and U.S. Fire by serving requests for the production of documents.  Markel and U.S. Fire have served their responses to these requests for production.  LensCrafters contends that the responses are inadequate in certain respects and will initiate a "meet and confer" with each Defendant concerning their responses.  LensCrafters anticipates that it may need to file motions to compel to obtain some of the requested documents.

## CLASS ACTIONS

This action is not appropriate for class action status.

## RELATED CASES

The following cases are related to the instant action:

- *Melvin Gene Snow, et al. v. LensCrafters, Inc., et al.*, San Francisco Superior Court, Case No. CGC-02-405544
- *LensCrafters, Inc. et al. v. Liberty Mutual Fire Insurance Company, et al.*, United States District Court for the Northern District of California, Oakland Division, Case No. C-04-01001 SBA

- *United States Fire Insurance Company v. Luxottica U.S. Holdings Corp., et al.*, Supreme Court of the State of New York, County of New York, Index No. 107338/07 (dismissed).

**RELIEF**

LensCrafters seeks the following relief:

(1) a declaration that Defendants have a duty under the terms and conditions of their policies to indemnify LensCrafters in full for all legal liabilities that may be incurred in connection with the *Snow* action, and must fund any reasonable settlement of that action, subject only to the limits of liability set forth in the various policies; or, if Defendants fail to accept a reasonable settlement within policy limits, that they are liable for the full amount of any liability incurred by LensCrafters even if it exceeds their policy limits;

(2) breach of contract damages, based on the amount of liability that LensCrafters will ultimately face as a result of the *Snow* claims or any settlement of those claims, and as a result of Defendants' refusal to accept a settlement of the *Snow* action;

(3) other permissible damages for breach of contract, including but not limited to mitigation expenses and defense costs in *Snow* from June 21, 2007 onward (above the amounts being paid by Liberty) that LensCrafters has incurred and will incur as a result of Defendants' breach of contract;

(4) actual and consequential damages incurred as a result of the breach by U.S. Fire, Markel, and Westchester of the covenant of good faith and fair dealing, including but not limited to attorneys' fees LensCrafters has incurred and will incur to obtain the benefits it is entitled to under Defendants' policies (as permitted under *Brandt v. Superior Court,* 37 Cal. 3d 813 (1985)), and punitive damages;

(5) interest on the above items of damages;

(6) costs of suit incurred in this action; and

   (7) for such other, further, and/or different relief as the Court may deem just and proper.

Markel, in its counter- and cross-complaint, seeks the following relief:

   (1) a declaration that coverage for *Snow* under the Markel Policy is excess to coverage for *Snow* under the Liberty Mutual and ERSIC Policies;

   (2) declaration regarding the respective duties and obligations of cross-defendants with regard to *Snow*;

   (3) a declaration that Markel is entitled to contribution from U.S. Fire and Westchester for any amounts paid to indemnify LensCrafters in *Snow*;

   (4) for costs of suit incurred in this action; and

   (5) for such other and further relief as this Court may deem just and equitable.

Westchester, in its counter- and cross-complaint, seeks the following relief:

   (1) a declaration that Westchester has no duty to indemnify plaintiffs for any judgment or settlement in the *Snow* Action or in the alternative a declaration as to the extent of Westchester's obligations to indemnify plaintiffs;

   (2) a declaration as to the respective duties of the cross-defendants with regard to indemnification obligations for the *Snow* Action and/or that Westchester is entitled to contribution or indemnification from cross-defendants for any obligation imposed on Westchester to indemnify with respect to the *Snow* Action;

   (3) costs of suit incurred in this action; and

   (4) for such other and further relief as the court deems just and proper.

ERSIC, in its cross-complaint, seeks the following relief:

   (1) a declaration that Liberty has a primary duty to indemnify the Insureds for the *Snow* Action under the eight Liberty Policies, and further declaring the total applicable limits of the Liberty Policies triggered by the *Snow* Action.

   (2) a judgment against Liberty for all amounts paid by ERSIC in reimbursement to its Insureds in the *Snow* Action, within and before the applicable and available

limits of the Liberty Policies have been fully exhausted.

(3) a declaration and award of equitable apportionment and contribution due between and among ERSIC, U.S. Fire, Markel and Westchester for any settlement or judgment in the *Snow* Action, upon exhaustion of the applicable Liberty Policies.

(4) for such additional declaratory and other such relief, including attorneys' fees, costs, and pre- and post-judgment interest, as shall be found to be just, proper, and/or equitable.

## SETTLEMENT AND ADR

For the last several months, the parties in *Snow* and Defendants have been engaged in settlement discussions and in mediation with the Hon. Edward Infante (Ret.) and the Hon. Ronald M. Sabraw (Ret.). The parties are continuing settlement discussions. There are no further mediation sessions currently scheduled.

On September 10, 2007, the parties participated in an ADR Phone Conference.

## CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to adjudication by a magistrate judge.

## OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## NARROWING OF ISSUES

The parties agree that there are a number of issues that can be resolved by summary adjudication or summary judgment and that resolution of certain issues could be dispositive. Issues that may be included in summary judgment motions include whether there is coverage for the nominal damages remedy under COMIA; stacking and exhaustion of the Liberty primary policies; and the number of "occurrences" under the Liberty policies.

Westchester contends the following issues may also be resolved through summary adjudication: LensCrafters' duty to pay for any personal injury offenses for which coverage, if any, is excluded under one or more of the Westchester policies as a "known loss" or otherwise.

U.S. Fire and Westchester contend that the following issues may also be appropriate for

summary adjudication: whether there has been a proper exhaustion of underlying limits and/or Self-Insured Retentions; application of the non-cumulation clause in Liberty's policies; and LensCrafters' duty to pay for any personal injury offense for which there is a lack of warranted underlying insurance required to be maintained under their policies.

**EXPEDITED SCHEDULE**

The parties do not believe that this case is appropriate to be handled on an expedited basis with streamlined procedures.

**SCHEDULING**

The parties believe that given the status of the settlement discussions (a) in Snow and (b) among the parties to this action—either of which may affect the scope of this action—the Court should hold another Case Management Conference on or about February 21, 2008, at which time the parties will be prepared to discuss dates for the filing of summary judgment motions and for trial.

**TRIAL**

The parties have requested that this case be tried to a jury. The parties estimate the expected length of the trial to be two to three weeks.

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

LensCrafters has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. LensCrafters reiterates that the United States Shoe Corporation owns 100% of the stock of LensCrafters, Inc. and EYEXAM of California, Inc.

U.S. Fire has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. U.S. Fire reiterates that the following entities either (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Crum and Forster, Incorporated; Crum & Forster Holding, Incorporated; Crum & Forster Holdings Corporation; Fairfax, Incorporated; and Fairfax Financial Holdings Limited.

Westchester has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. Westchester reiterates that it is an indirect subsidiary of ACE Limited, the

ultimate parent and the only entity within the ACE Group of Companies that is traded on any public exchange.

Liberty has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. Liberty reiterates that Liberty Mutual Group Inc. owns 100% of the stock of Liberty Mutual Fire Insurance Company. LMHC Massachusetts Holdings Inc. owns 100% of the stock of Liberty Mutual Group Inc. Liberty Mutual Holding Company Inc. owns 100% of the stock of LMHC Massachusetts Holdings Inc. No publicly traded entity owns any stock of any of the above-named entities.

ERSIC has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. ERSIC reiterates that it is an indirect subsidiary of The Chubb Corporation, the ultimate parent and the only entity within its group of affiliated companies that is traded on any public exchange.

DATED: November 26, 2007                Respectfully submitted,

                                        HELLER EHRMAN LLP


                                        By */s/ Celia M. Jackson*
                                              Celia M. Jackson

                                        Attorneys for Plaintiffs
                                        LENSCRAFTERS, INC. and EYEXAM OF
                                        CALIFORNIA, INC.

DATED: November 26, 2007                WILLOUGHBY, STUART & BENING, INC.


                                        By */s/ Alexander F. Stuart*
                                              Alexander F. Stuart

                                        Attorneys for Defendant
                                        LIBERTY MUTUAL FIRE INSURANCE COMPANY

| | | |
|---|---|---|
| 1 | DATED: November 26, 2007 | ROSS, DIXON & BELL, LLP |

By */s/ Terrence R. McInnis*
        Terrence R. McInnis

Attorneys for Defendant
EXECUTIVE RISK SPECIALTY INSURANCE CO.

DATED: November 26, 2007        HARRIS, GREEN & DENNISON


By */s/ Gary L. Green*
        Gary L. Green

Attorneys for Defendant
WESTCHESTER FIRE INSURANCE COMPANY

DATED: November 26, 2007        LONG & LEVIT LLP


By */s/ Chip Cox*
        Chip Cox

Attorneys for Defendant
MARKEL AMERICAN INSURANCE COMPANY

DATED: November 26, 2007        SQUIRE, SANDERS & DEMPSEY L.L.P.


By */s/ Amy E. Rose*
        Amy E. Rose

Attorneys for Defendant
UNITED STATED FIRE INSURANCE COMPANY

---

14
JOINT CASE MANAGEMENT STATEMENT; CASE NO. CV 07-2853 SBA

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT:     **BERNARD J. FRIED**      **FBEM** PART __60__
                                                     Justice

Plaintiff,         INDEX NO.    **#107338-2007**

US Fire Insurance

- v -

                           MOTION DATE

Luxottica U.S. Holdings     MOTION SEQ. NO    #003

Defendants.         MOTION CAL. NO.

The following papers, numbered 1 to _____ were read on this motion to/for _____

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...

Answering Affidavits — Exhibits _____

Replying Affidavits _____

**Cross-Motion:** ☐ Yes ☐ No

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

Defendants[1], LensCrafters, Inc., EYEXAM of California, Inc., Luxottica U.S. Holdings Corp., The United States Shoe Corporation, and EyeMed Vision Care, LLC, seek an Order dismissing this declaratory judgment action, concerning insurance coverage, on the grounds, inter alia, of *forum non conveniens*, or alternatively, a stay of this action.

Briefly, this declaratory judgment action involves insurance coverage for a class action in San Francisco Superior Court, alleging that LensCrafters' business practices in California violate California law. (*Snow, et. al. v. LensCrafters, Inc., et. al.*, CGC-02-40554). Also pending in the United States District Court for the Northern District of California, is a federal insurance coverage action, with respect to insurance coverage in the *Snow* action (*LensCrafters, Inc., et. al. v. Liberty Mutual, et. al.*, C 07-2853-SBA). US Fire is a defendant in the federal coverage action,[2] which was filed one week after the New York

---

[1] By letter, dated September 11, 2007, which is unopposed, defendants LensCrafters and EYEXAM request that whatever Order is issued, it apply to a cross-claim brought by Markel American Insurance Company.

[2] For purposes of the memorandum decision, familiarity with the history of the state and federal ligations in California is presumed.

action was commenced. At oral argument on this motion to dismiss, counsel for the plaintiffs recognized, that "[m]ost of the issues that have been raised [in the federal coverage action] are probably the same [as in the New York action] only in reverse. The defendants here are the plaintiffs there" (Tr. 10/29/07, p. 19).

On September 18, 2007, in the federal coverage case, Judge Saundra Brown Armstrong, issued a comprehensive, and thoroughly persuasive decision denying US Fire's motion to dismiss or stay the federal action in favor of this New York action (2007 WL 2729411). A copy of this decision was sent to me from defense counsel by letter, dated September 19, 2007, with copy to all counsel in the New York action. Curiously, there was no mention of this decision in the plaintiffs' Memorandum of Law in Opposition to Motion to Dismiss, which was filed subsequent to that letter. However, expressly recognizing that I am "by no means bound by Judge Armstrong's ruling", the defendants' referred to it in their Reply Memorandum, stating that "the federal court decision provides yet another reason why LensCrafters' motion to dismiss this New York action should be granted".

To me, there is no question that this New York action is clearly a tactical preemptive filing to avoid resolution of this dispute in California - the jurisdiction, in which, as Judge Armstrong, who had been presiding over the coverage action for three years explained, "the related case has been proceeding...since 2004, and the underlying *Snow* action, from which the bulk of the facts and evidence will be drawn, relates exclusively to LensCrafter's business practices in connection with its 90 stores in California, and the alleged violations of patient privacy occurred here [California]. New York has no interest in the *Snow* action, and no related litigation has yet taken place there.³ Simply put, this [coverage action] is a California case...."

These cogent remarks by Judge Armstrong say it all: there is absolutely no basis for this declaratory judgment action to have been brought in New York, other than blatant forum shopping to avoid the California federal court which, "has already invested substantial resources in resolving these disputes and has issued [three] decisions

---

³ Judge Armstrong accurately wrote that I have "stayed discovery" and that the "New York action is in its nascent stages...."

2

that bear on the current issues" (Memorandum of Law in Support of Insured Defendants' Motion to Dismiss, p. 7). This, clearly, is the quintessential case for a *forum non conveniens* dismissal.[4] This result is compelled "regardless of whether the [California] action can be deemed first-commenced, where the [California] action was commenced reasonably close in time and is more comprehensive" (*Certain Underwriters at Lloyds, London v. Millennium Holdings, et. al*, -AD3d- [NYLJ, 10/29/2007, p. 28, col. 1] [1st Dept.]). Since I am exercising my discretion and dismissing the action on the ground of *forum non conveniens*, defendants' other grounds, and its alternative request for a stay, are moot.

Accordingly, for the foregoing reasons, it is

ORDERED that this motion to dismiss the complaint on the grounds of *forum non conveniens* is granted[5]; and it is further

ORDERED that costs and disbursements are to be taxed by the Clerk upon submission of an appropriate bill of costs.; and it is further

ORDERED that this case be closed.

Dated: 10/31/07                  _____
                                 HON. BERNARD J. FRIED, J.S.C.

*FILED NOV 01 2007 NEW YORK COUNTY CLERK'S OFFICE*

Check one:  ☒ FINAL DISPOSITION    ☐ NON-FINAL DISPOSITION

            ☐ DO NOT POST    [ ] REFERENCE

---

4 Because it is patent that the correct disposition of this motion to dismiss is to grant dismissal on *forum non conveniens* grounds, there is no necessity for further discussion, except to note that both the Memorandum of Law in Support of this motion, and the Reply Memorandum of Law in Further Support of this motion are entirely correct in their discussion of why the *forum non conveniens* doctrine compels the exercise of my discretion to dismiss this action. Further discussion seems completely unnecessary.