RICHARD DeNATALE (California Bar No. 121416)
CELIA M. JACKSON (California Bar No. 124508)
Heller Ehrman LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268
Email:  richard.denatale@hellerehrman.com
Email:  celia.jackson@hellerehrman.com

Attorneys for Plaintiffs
LENSCRAFTERS, INC. and EYEXAM OF
CALIFORNIA, INC.

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENSCRAFTERS, INC. and EYEXAM OF CALIFORNIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY and WESTCHESTER FIRE INSURANCE COMPANY, <br><br> Defendants, <br><br> AND RELATED COUNTER- AND CROSS-CLAIMS. | Case No.:  C-07-2853 SBA <br><br> **DECLARATION OF CELIA M. JACKSON IN OPPOSITION TO MOTIONS TO DISMISS SECOND AND THIRD CLAIMS FOR RELIEF FILED BY MARKEL AMERICAN INSURANCE COMPANY, UNITED STATES FIRE INSURANCE COMPANY AND WESTCHESTER FIRE INSURANCE COMPANY** <br><br> Date:  January 29, 2008 <br> Time:  1:00 p.m. <br> Courtroom:  3 <br> The Hon. Saundra Brown Armstrong |

DECLARATION OF CELIA M. JACKSON IN OPPOSITION TO MOTION TO DISMISS SECOND AND THIRD
CLAIMS FOR RELIEF FILED BY MARKEL, U.S. FIRE AND WESTCHESTER, CASE  NO. C 07-2853 SBA

I, Celia M. Jackson, declare:

1.    I am an attorney in the law firm of Heller Ehrman LLP, counsel of record for Plaintiffs LensCrafters, Inc. and EYEXAM of California, Inc. (together, "LensCrafters") in this action. I have personal knowledge of the matters stated in this declaration, and if I were asked to testify regarding these matters, I could competently do so.

2.    This Declaration is filed in opposition to motions to dismiss the Second and Third Claims for Relief in LensCrafters' First Amended Complaint that were filed by LensCrafters' excess insurers—Markel American Insurance Company, United States Fire Insurance Company and Westchester Fire Insurance Company (collectively, "Insurers"). The Second Claim for Relief alleges a claim for breach of Insurers' duty to settle litigation entitled *Melvin Gene Snow, et al. v. LensCrafters, Inc., et al.*, San Francisco Superior Court Case No. CGC-02-40554 ("*Snow*"). The Third Claim for Relief alleges Insurers' tortious breach of the covenant of good faith and fair dealing.

3.    The *Snow* complaint was filed in March 2002. The allegations in *Snow* arise out of a "co-location" model used by LensCrafters, Inc. and EYEXAM of California, Inc. in more than 90 LensCrafters stores in California. As alleged in the *Snow* complaint, plaintiffs seek to have the court certify a class of persons who had their eyes examined at EYEXAM and purchased eyewear from LensCrafters on the same day. LensCrafters estimates that there are more than 1.3 million potential class members.

4.    One of the causes of actions in *Snow* alleges violations of the California Confidentiality of Medical Information Act ("COMIA"), Cal. Civ. Code§ 56 *et seq*. Plaintiffs in *Snow* allege that LensCrafters disclosed their confidential medical information in violation of COMIA. COMIA provides, among other remedies, for a nominal damages remedy of $1,000 for each violation.

5.    Earlier this year, the parties in *Snow* began serious settlement discussions. As coverage counsel for LensCrafters, I was aware of those discussions and participated in several mediation sessions related to settlement of the *Snow* case. On April 27, 2007, the parties in *Snow*—along with LensCrafters' primary and excess insurers—attended a mediation before the

1

1   Hon. Edward A. Infante (Ret.) at which significant progress was made towards settlement.

2   Negotiations continued following this mediation session, and the parties reached a settlement-in-

3   principle in June 2007.   The settlement was contingent on approval and funding by LensCrafters'

4   insurers.

5           6.        In June 2007, LensCrafters asked its insurers to accept and fund the settlement,

6   which was reasonable in terms of LensCrafters' exposure in the *Snow* and was within the limits of

7   the insurers' policies.  A further mediation session was scheduled for July 26, 2007 with Judge

8   Infante to finalize the settlement.  This mediation, however, was unsuccessful.  In October 2007,

9   LensCrafters and its insurers participated in further mediation sessions before the Hon. Ronald M.

10  Sabraw (Ret.).

11          7.        LensCrafters' primary insurers, Liberty Mutual Fire Insurance Company and

12  Executive Risk Specialty Insurance Company, have agreed that the *Snow* settlement was reasonable

13  and have offered to pay their policy limits towards the settlement.  This amount, however, is not

14  adequate to fund the settlement; thus, we have told Insurers on more than one occasion that the

15  *Snow* case would not settle without their participation.  Nevertheless, Insurers have refused to

16  approve the settlement or participate in its funding.  Thus, the *Snow* case has not settled and the

17  litigation continues.

18          8.        In July 2007, after the unsuccessful mediation, LensCrafters sought its insurers'

19  consent to file a first amended complaint that would add two new claims to the litigation.  U.S. Fire

20  refused to stipulate to the filing of an amended complaint.  LensCrafters therefore filed a motion for

21  leave to amend the complaint, which the Court granted on September 28, 2007.  LensCrafters filed

22  its First Amended Complaint on October 2.

23          9.        LensCrafters' defense counsel in *Snow* is Morrison & Foerster.  LensCrafters

24  retained this firm after the primary insurers had refused to defend LensCrafters.  After the primary

25  insurers assumed the defense, they paid only a portion of the Morrison & Foerster invoices pursuant

26  to California Civil Code section 2860, which limits the amount that an insurer is obligated to pay

27  for independent counsel.  Thus, LensCrafters has borne a large share of the defense costs incurred

28  in *Snow*.  We have made Insurers aware of this fact in LensCrafters' Reply Memorandum of Points

DECLARATION OF CELIA M. JACKSON IN OPPOSITION TO MOTION TO DISMISS SECOND AND THIRD
CLAIMS FOR RELIEF FILED BY MARKEL, U.S. FIRE AND WESTCHESTER, CASE NO. CV 07-2853 SBA

1    and Authorities Re Motion for Leave To File First Amended Complaint and in the Revised Case

2    Management Conference Statement filed with the Court on September 6, 2007.

3            10.    Attached to this Declaration as Exhibit 1 is a true and correct copy of the New York

4    Court's Order dismissing the declaratory relief action filed by U.S. Fire against LensCrafters.

5            I declare under penalty of perjury that the foregoing is true and correct.

6            Executed this 8th day of January 2008 in San Francisco, California.

7

8                                    ____/s/_Celia M. Jackson_____
                                          Celia M. Jackson
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF CELIA M. JACKSON IN OPPOSITION TO MOTION TO DISMISS SECOND AND THIRD
CLAIMS FOR RELIEF FILED BY MARKEL, U.S. FIRE AND WESTCHESTER, CASE NO. CV 07-2853 SBA

# EXHIBIT 1

**SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY**

PRESENT: _____ **BERNARD J. FRIED** _____ **FBEM** PART __60__
*Justice*

| | |
|---|---|
| **Plaintiff,** | INDEX NO.  **#107338-2007** |
| U S Fire Insurance | MOTION DATE _____ |
| - v - | MOTION SEQ. NO ___#00*3*___ |
| Lux ottica U.S. Holdings **Defendants.** | MOTION CAL. NO. _____ |

The following papers, numbered 1 to ____ were read on this motion to/for _____

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...

Answering Affidavits — Exhibits _____

Replying Affidavits _____

**Cross-Motion:** ☐ Yes  ☐ No

(left margin, rotated) MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

Defendants[1], LensCrafters, Inc., EYEXAM of California, Inc., Luxottica U.S. Holdings Corp., The United States Shoe Corporation, and EyeMed Vision Care, LLC, seek an Order dismissing this declaratory judgment action, concerning insurance coverage, on the grounds, inter alia, of *forum non conveniens*, or alternatively, a stay of this action.

Briefly, this declaratory judgment action involves insurance coverage for a class action in San Francisco Superior Court, alleging that LensCrafters' business practices in California violate California law. (*Snow, et. al. v. LensCrafters, Inc., et. al.*, CGC-02-40554). Also pending in the United States District Court for the Northern District of California, is a federal insurance coverage action, with respect to insurance coverage in the *Snow* action (*LensCrafters, Inc., et. al. v. Liberty Mutual, et. al.*, C 07-2853-SBA). US Fire is a defendant in the federal coverage action,[2] which was filed one week after the New York

---

[1]

By letter, dated September 11, 2007, which is unopposed, defendants LensCrafters and EYEXAM request that whatever Order is issued, it apply to a cross-claim brought by Markel American Insurance Company.

[2]

For purposes of the memorandum decision, familiarity with the history of the state and federal ligations in California is presumed.

action was commenced. At oral argument on this motion to dismiss, counsel for the plaintiffs recognized, that "[m]ost of the issues that have been raised [in the federal coverage action] are probably the same [as in the New York action] only in reverse. The defendants here are the plaintiffs there" (Tr. 10/29/07, p. 19).

On September 18, 2007, in the federal coverage case, Judge Saundra Brown Armstrong, issued a comprehensive, and thoroughly persuasive decision denying US Fire's motion to dismiss or stay the federal action in favor of this New York action (2007 WL 2729411). A copy of this decision was sent to me from defense counsel by letter, dated September 19, 2007, with copy to all counsel in the New York action. Curiously, there was no mention of this decision in the plaintiffs' Memorandum of Law in Opposition to Motion to Dismiss, which was filed subsequent to that letter. However, expressly recognizing that I am "by no means bound by Judge Armstrong's ruling", the defendants' referred to it in their Reply Memorandum, stating that "the federal court decision provides yet another reason why LensCrafters' motion to dismiss this New York action should be granted".

To me, there is no question that this New York action is clearly a tactical preemptive filing to avoid resolution of this dispute in California - the jurisdiction, in which, as Judge Armstrong, who had been presiding over the coverage action for three years explained, "the related case has been proceeding...since 2004, and the underlying *Snow* action, from which the bulk of the facts and evidence will be drawn, relates exclusively to LensCrafter's business practices in connection with its 90 stores in California, and the alleged violations of patient privacy occurred here [California]. New York has no interest in the *Snow* action, and no related litigation has yet taken place there.[3] Simply put, this [coverage action] is a California case...."

These cogent remarks by Judge Armstrong say it all: there is absolutely no basis for this declaratory judgment action to have been brought in New York, other than blatant forum shopping to avoid the California federal court which, "has already invested substantial resources in resolving these disputes and has issued [three] decisions

---

[3]

Judge Armstrong accurately wrote that I have "stayed discovery" and that the "New York action is in its nascent stages...."

that bear on the current issues" (Memorandum of Law in Support of Insured Defendants' Motion to Dismiss, p. 7). This, clearly, is the quintessential case for a *forum non conveniens* dismissal.[4] This result is compelled "regardless of whether the [California] action can be deemed first-commenced, where the [California] action was commenced reasonably close in time and is more comprehensive" (*Certain Underwriters at Lloyds, London v. Millennium Holdings, et. al*, -AD3d- [NYLJ, 10/29/2007, p. 28, col. 1] [1st Dept.]). Since I am exercising my discretion and dismissing the action on the ground of *forum non conveniens*, defendants' other grounds, and its alternative request for a stay, are moot.

Accordingly, for the foregoing reasons, it is

ORDERED that this motion to dismiss the complaint on the grounds of *forum non conveniens* is granted[5]; and it is further

ORDERED that costs and disbursements are to be taxed by the Clerk upon submission of an appropriate bill of costs.; and it is further

ORDERED that this case be closed.

Dated: ___/0/31/07___    _____

HON. BERNARD J. FRIED

**Check one:**    ☒ **FINAL DISPOSITION**    ☐ **NON-FINAL DISPOSITION**

☐ **DO NOT POST**    [ ] **REFERENCE**

---

[4]

Because it is patent that the correct disposition of this motion to dismiss is to grant dismissal on *forum non conveniens* grounds, there is no necessity for further discussion, except to note that both the Memorandum of Law in Support of this motion, and the Reply Memorandum of Law in Further Support of this motion are entirely correct in their discussion of why the *forum non conveniens* doctrine compels the exercise of my discretion to dismiss this action. Further discussion seems completely unnecessary.

3