1  SQUIRE, SANDERS & DEMPSEY L.L.P.
   Mark C. Goodman (Cal. State Bar No. 154692)
2  Amy E. Rose (Cal. State Bar No. 222167)
   Andrew L. Chang (Cal. State Bar No. 222309)
3  One Maritime Plaza, Suite 300
   San Francisco, CA  94111-3492
4  Telephone:  +1.415.954.0200
   Facsimile:  +1.415.393.9887
5  Email:  mgoodman@ssd.com
   Email:  arose@ssd.com
6  Email:  achang@ssd.com

7  Attorneys for Defendant
   UNITED STATES FIRE INSURANCE COMPANY
8

9

10             **IN THE UNITED STATES DISTRICT COURT**

11             **NORTHERN DISTRICT OF CALIFORNIA**

12                    **(OAKLAND DIVISION)**

13

14  LENSCRAFTERS, INC.; and EYEXAM        Case No. C-07-2853 SBA
    OF CALIFORNIA, INC.;                  The Honorable Saundra B. Armstrong
15
                      Plaintiffs,         **E-FILING**
16
            vs.                           **U.S. FIRE'S REPLY BRIEF IN SUPPORT**
17                                        **OF MOTION TO DISMISS**
    LIBERTY MUTUAL FIRE INSURANCE         **LENSCRAFTERS' SECOND AND THIRD**
18  COMPANY; EXECUTIVE RISK               **CAUSES OF ACTION**
    SPECIALTY INSURANCE COMPANY;
19  UNITED STATES FIRE INSURANCE
    COMPANY; MARKEL AMERICAN              **DATE:**    January 29, 2008
20  INSURANCE COMPANY; and                **TIME:**    1:00 p.m.
    WESTCHESTER FIRE INSURANCE            **CTRM:**    3
21  COMPANY,

22                      Defendants.

23

24

25

26

27

28

# I. INTRODUCTION

In tacit acknowledgment that the actual allegations made in its Complaint fail to state the elements required to show a ripe cause of action for breach of the duty to settle, LensCrafters' opposition rests entirely, and improperly, on factual assertions stated in a declaration.  In resolving a motion to dismiss, however, a court must look only to the facts alleged in the operative pleading. Extrinsic assertions of fact, such as those in LensCrafters' counsel's declaration, are irrelevant. Indeed, LensCrafters' using a declaration to provide facts to support causes of action only highlights the shortcomings of the Complaint as drafted and illustrates why the claims alleged are not ripe and should be dismissed.

At best, LensCrafters' First Amended Complaint alleges only the following facts:

(1)    LensCrafters had primary insurance through defendant Liberty Mutual Fire Insurance Company ("Liberty") and Executive Risk Specialty Insurance Company ("ERSIC"), whose combined limits are *at least* $51 million;

(2)    U.S. Fire is an excess insurer over that primary insurance;

(3)    Liberty and ERSIC owe a duty to defend -- and are fully funding the defense of -- the underlying *Snow* action, the very action upon which claims against U.S. Fire are based;

(3)    LensCrafters entered into a tentative settlement agreement with the plaintiffs in the underlying *Snow* action; and

(4)    None of LensCrafters' insurers agreed to fund that settlement, including Liberty and ERSIC (the defending insurers with the right and duty to control settlement negotiations).

These allegations fail to establish a ripe claim for breach of the duty to settle and, therefore, lack a foundational element of a claim for bad faith.

First, an excess insurer only has a duty to settle if and when the primary insurance has been exhausted or the insured has received a reasonable settlement demand the amount of which is greater than the sum of all primary policy limits and thus invades the excess layer.  Here, LensCrafters does not allege facts showing either that the primary insurance has been exhausted or

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

1   that the *Snow* settlement is in excess of the amount of all available primary insurance.  To the

2   contrary, LensCrafters alleges an extremely large, currently available primary insurance layer and

3   fails to allege that the settlement demand exceeds that primary layer.

4          Second, generally, where an insured is receiving a defense from its insurers, the insured is

5   barred from bringing a claim for breach of the duty to settle unless and until either a judgment in

6   excess of policy limits is entered against it ***or*** the insured has actually paid at least some portion of

7   the settlement.  Again, in this case, LensCrafters does not allege that a judgment has been issued or

8   that it has paid any settlement.  Instead, LensCrafters alleges that Liberty and ERSIC are defending

9   it and that the *Snow* action is still pending.

10          Finally, even if U.S. Fire had a duty to settle under the facts alleged in the Complaint (it

11  does not), LensCrafters shall failed to allege facts showing ***damages*** resulting from a breach of that

12  duty.  Instead, the Complaint includes only a conclusory assertion that LensCrafters has been

13  damaged, which is insufficient to state a cause of action in these circumstances:  Where an insured

14  is being fully defended by insurers and it is not currently paying any of its own money in relation of

15  the claim, as LensCrafters alleges here, it must do more than simply assert damages when the facts

16  alleged do not demonstrate any damages.  *See Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127

17  S.Ct. 1955, 1964-65 (2007).

18          Recognizing that its complaint is deficient, LensCrafters attempts to add facts from beyond

19  the four corners of its pleadings.  Instead of seeking leave to amend to allege these additional facts,

20  however, it simply asserts them, citing not to the Complaint but to an improper declaration that is

21  irrelevant to this motion.  If the Complaint adequately alleged causes of action for breach of the

22  duty to settle and bad faith, no declaration or improper citation to extrinsic facts would be necessary

23  to show the existence of a valid cause of action.  In fact, the extrinsic facts on which LensCrafters

24  relies in its opposition actually ***contradict*** the allegations of its Complaint.  Thus, LensCrafters as

25  much as concedes that its pleading fails to allege a ripe cause of action for breach of the duty to

26  settle or bad faith.

27  ///

28  ///

**SQUIRE, SANDERS & DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

1

## II.    DISCUSSION

2

### A.    LensCrafters' Reliance On Extrinsic Facts Is Improper

3        LensCrafters' opposition purports to rely a section titled "Statement of Facts."  (*See* Opp.

4    at 2 -4.)  This discussion of the "facts," however, is not limited to the facts alleged in

5    LensCrafters' operative pleading.  Instead, it is based almost entirely on the declaration of

6    Celia M. Jackson, LensCrafters' counsel.  (*Id.* at 2-4.)  In the factual subsection titled "The Events

7    Leading to Insurers' Breach of the Insurance Contracts," on which LensCrafters relies to argue

8    against dismissal of its unripe claims, there is only a ***single*** citation to the Complaint.  All of the

9    other facts cited in the Opposition -- that LensCrafters communicated the proposed settlement to

10    its insurers and has been negotiating with them, that LensCrafters' primary insurers agree that the

11    proposed settlement is reasonable and have offered to contribute their "limits" of liability, that

12    additional funds are needed from the excess insurers to pay for the settlement -- are supported

13    ***only*** by the declaration and are not cited in any pleading.  (*Id.* at 2:25-3:6.)

14        LensCrafters does not and cannot contest that the Court's review of this motion to dismiss

15    should be limited to the contents of the Complaint.  *See United State v. Ritchie*, 342 F.3d 903,

16    908-09 (9th Cir. 2003); *see also No. 84 Employer-Teamster Joint Counsel Pension Trust Fund v.*

17    *Am. West Holding Corp.*, 320 F.3d 920, 925 n.2 (9th Cir. 2003).  Nor does LensCrafters contest

18    that it is inappropriate to assume a plaintiff "can prove facts which it has not alleged." *Associated*

19    *Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

20    When determining whether to grant a motion to dismiss for failure to state a claim, therefore, the

21    Court may not look to new facts asserted in the Opposition because such facts "are irrelevant for

22    Rule 12(b)(6) purposes."  *Schneider v. Calif. Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th

23    Cir. 2003).

24        In order to avoid a motion to dismiss, LensCrafters must establish that the allegations

25    already contained in its Complaint state a ripe claim for breach of contract and bad faith.

26    LensCrafters clearly cannot do so.  Accordingly, this motion to dismiss should be granted.

27    ///

28    ///

**SQUIRE, SANDERS & DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

U.S. FIRE'S REPLY ISO MOTION TO DISMISS SECOND AND THIRD CAUSES OF ACTION – CASE NO. C-07-2853 SBA

**B.    LensCrafters' Allegations Do Not State A Ripe Cause Of Action For Breach Of Contract**

LensCrafters appears to concede that its Complaint does not allege a breach of the duty to indemnify, arguing only that it is basing its breach of contract claim on a breach of U.S. Fire's alleged duty to settle.  (Opp. at 5:22 ("The gravamen of LensCrafters' newly pleaded claims is Insurers' duty to settle").)  LensCrafters contends that U.S. Fire breached an alleged duty to settle by refusing to accept a settlement demand in the *Snow* action.  LesnCrafters' allegations, however, fail to set forth the existence of any such duty -- let alone its breach.

The parties agree that, as a general matter, where an insured is being defended by its primary insurer, that primary insurer has the right and duty to negotiate a reasonable settlement. *See PPG Indus. v. Transamerica Ins. Co.*, 30 Cal.4th 310, 321 (1999) ("[T]he insurer has a duty to make reasonable efforts to settle a claim against its insured by the insured's victim . . . . The insurer's duty to settle arises from its interrelated duty to defend"); *Diamond Heights Homeowners Ass'n v. Nat'l Am. Ins. Co.*, 227 Cal. App.3d 563, 578 (1991).

In *Diamond Heights*, a case extensively relied upon by LensCrafters, the settlement demand undisputedly exceeded the defending primary insurers' policy limits and the primary insurers had already committed to pay the entirety of their undisputed policy limits to that settlement.  *Id.* at 575.  The insured requested that the excess insurer agree to pay the portion of the settlement that invaded the excess policy layer.  *Id.*  The excess carrier refused and argued that -- without its express consent -- it could not be bound by a settlement negotiated by the primary insurer that invaded the excess layer.  *Id.*  The court disagreed, holding that a primary insurer may negotiate a settlement that invades the excess layer and that is binding upon an excess insurer if the settlement offer is reasonable and undisputedly exhausts the primary carrier's limits.  *Id.* Thus, the court's discussion of the excess insurer's duty to settle was predicated entirely upon a settlement demand had that undisputedly invaded the excess layer.  *Id.*  But this is not the situation LensCrafters alleges in the Complaint.

Here, LensCrafters alleges only that a tentative settlement agreement has been reached and that its insurers, including its primary insurers, have not accepted or funded the settlement.

- 4 -

1    (FAC at ¶ 44.)  LensCrafters alleges no facts -- not one -- to indicate that the proposed settlement

2    amount exceeds its alleged $51 million primary layer.  Absent such an allegation, that there is no

3    basis on which to conclude that U.S. Fire's excess policy has been even potentially triggered.

4    U.S. Fire cannot have breached a duty to settle that has not even allegedly yet arisen.

5         Throughout its Opposition, LensCrafters concedes that an excess insurer cannot owe a

6    duty to settle unless the settlement demand necessarily implicates the excess layer.  (*See, e.g.,*

7    Opp. at 6:17-21 (arguing that an excess insurer has a duty to settle "where a settlement cannot be

8    achieved without the contribution of an excess insurer, and the excess insurer has been made

9    aware of that fact, and therefore can control the settlement").)  For example, LensCrafters cites to

10   *Fuller-Austin Insulation Co. v. Highlands Ins. Co.* for the proposition that "an excess insurer,

11   although not contractually obligated to take an active part in the defense of an insured, still owes

12   its insured a duty of good faith ***when faced with an offer of settlement that exhausts the***

13   ***underlying policy limits*."  135 Cal.App.4th 958, 986 (2006) (emphasis added).  But LensCrafters

14   alleges no facts to meet the standard it admits applies.

15        To remedy this flaw, LensCrafters now asserts that Liberty and ERSIC "have offered to

16   contribute their limits of liability" and that "additional funds are needed from the excess insurers .

17   . . to pay for the settlement."  (Opp. at 2:28-3:3.)  However, these new extrinsic factual assertions

18   are entirely irrelevant to the Court's determination of this motion and, thus, cannot be considered.

19   Further, these factual allegations directly contradict LensCrafters allegation in the Complaint that

20   none of the insurers, including Liberty and ERSIC, agreed to accept and fund the settlement.

21   (FAC at ¶ 44.)  Assuming, *arguendo,* that these new factual assertions properly and accurately

22   reflect developments ***after*** the filing of the Complaint, this only further illustrates that the

23   Complaint alleges an unripe claim for breach of contract.

24   **C.     LesCrafters Has Not Sufficiently Alleged "Damages" Resulting From Any Alleged
25          Breach**

26        LensCrafters argues that a single conclusory statement in the Complaint -- that "[a]s a

27   direct and proximate result of defendants' acts," it has "been damaged in an amount that is to be

28   proved at trial" -- satisfies the requirement of alleging damages.  (Opp. at 7:18-21.)  It does not.

- 5 -

1    Instead LensCrafters must satisfy the burden of alleging damages by setting forth *facts* and it

2    cannot do so by merely including "a formulaic recitation of the elements of a cause of action. . . ."

3    *See Bell Atlantic,* 127 S.Ct. at 1964-65.  Contrary to LensCrafters' footnote "argument" that *Bell*

4    *Atlantic*'s requirements are limited to the conspiracy element of an antitrust cause of action, *Bell*

5    *Atlantic* actually addresses the fundamental burden a party must generally satisfy under the

6    Federal Rules of Civil Procedure in order to allege the elements of *any* cause of action when

7    challenged on a motion to dismiss.  *See id.* at 1965 n.3 (noting that Rule 8(a)(2) "requires a

8    'showing,' rather than a blanket assertion, of entitlement to relief").  Similarly, in *Native*

9    *American Arts, Inc. v. Specialty Merchandise Corporation*, the court granted the defendant's

10   motion to dismiss, holding that the plaintiff's conclusory assertions referring to "competitive

11   injury," "advertising injury" and "other damages" was insufficient "to establish the injury-in-fact

12   requirement of standing."  451 F.Supp.2d 1080, 1082 (E.D. Cal. 2006).  The district court

13   dismissed the action even though the plaintiff asserted additional facts describing its alleged

14   damages in its opposition papers, which might have been sufficient to satisfy the injury-in-fact

15   requirement had they been properly alleged in the complaint.  *Id.*

16          Here, LensCrafters, like the plaintiff in *Specialty Merchandize,* fails to allege *facts*

17   showing that it has been damaged as a result of U.S. Fire's alleged breach of a duty to settle.

18   LensCrafters appears to concede that, generally, judgment in excess of policy limits is a predicate

19   fact necessary to show liability for and damages as a result of an alleged breach of the duty to

20   settle.  *J.B. Aguerre, Inc. v. Am. Guarantee & Liab. Ins. Co.*, 59 Cal.App.4th 6, 13 (1997).  While

21   LensCrafters also argues that damages arising out of a refusal to settle are not *limited* to the

22   amount of an excess judgment, (Opp. at 10:14-11:1), this argument fails to address the issue of

23   whether LensCrafters has adequately alleged any damages in the first place, whether limited to

24   the amount of the judgment or not.  LensCrafters also cites to cases where an insured claimed

25   damages for emotional distress or loss of goodwill caused by insurers unreasonably delaying or

26   refusing to settle.[1]  *See, e.g., Bodenhamer v. Superior Court*, 192 Cal.App.3d 1472, 1479 (1987)

---

[1] Of course, LensCrafters, an artificial legal entity, cannot argue that it could experience mental
suffering or emotional distress.  *See Diamond View Ltd. v. Herz,* 180 Cal.App.3d 612, 618
(1986).

27

28

- 6 -

1  (claiming loss of goodwill caused by insurer's delay in settling claims).  This authority only

2  further illustrates the problem with LensCrafters' failure to allege any facts supporting its

3  conclusory assertion of damage:  Nowhere does LensCrafters allege any delay or that any delay --

4  even if it had both alleged -- in the settlement of the *Snow* action has caused it to suffer ***any***

5  damages other than the risk of a potential excess judgment.  The risk of excess judgment does not

6  constitute actionable damages.  *See Emerald Bay Community Ass'n v. Golden Eagle Ins. Corp.*,

7  130 Cal.App.4th 1078, 1096 (2005) ("[P]laintiff needed to establish actual financial loss, not

8  merely a potential that it may suffer a loss sometime in the future").

9      Again, LensCrafters seeks to remedy its insufficiently-pled causes of action by asserting

10  new facts in its Opposition.  The declaration asserts that the breach of the duty to settle has caused

11  it to suffer monetary losses because of an independent agreement with its primary insurers to pay

12  a portion of the *Snow* action defense fees.  As discussed above, however, these newly-asserted

13  "facts" are irrelevant to this Court's determination of whether damages have been properly

14  alleged.  This is especially true here, where the newly-asserted facts are inconsistent with (1) the

15  allegations that Liberty and ERSIC are providing a defense to the *Snow* action as previously

16  ordered by this Court and (2) the requirement that defending primary insurers provide full,

17  complete defenses to their insureds.  (*See* FAC at ¶ 31); *Buss v. Superior Court*, 16 Cal.4th 35, 49

18  (1997) ("To defend meaningfully, the insurer must defend immediately…to defend immediately,

19  it must defend entirely"); *Haskel, Inc. v. Superior Court*, 33 Cal.App.4th 963, 976 (1995)

20  (holding that if a primary insurer "owes any defense burden, it must be fully borne").  If

21  LensCrafters is contending that it is not being properly defended by its primary insurers, these

22  asserted "damages" are either the result of a breach of the duty to defend by Liberty and ERSIC

23  or a voluntary agreement by LensCrafters.  In either event, any such damages cannot be the result

24  of any alleged conduct by U.S. Fire and could not constitute "damages" resulting from an alleged

25  breach of the duty to settle by U.S. Fire (even if any damages allegations had been included in

26  LensCrafters' Complaint, which they were not).

27      In sum, LensCrafters' conclusory allegation that it has suffered damages as a result of the

28  alleged breach of the duty to settle is insufficient to state a cause of action.  Although its

- 7 -

1  declaration cannot be considered on this motion, even that fails to articulate any additional facts

2  to show that damages resulted from any alleged delay in the settlement.  While LensCrafters

3  **might** be able to allege damages as a result of an excess judgment if and when such a judgment is

4  entered, such speculative damages -- contingent on future events -- are insufficient to show that a

5  ripe claim for breach of contract currently exists.

6
7  **D.    LensCrafters Cannot Maintain A Claim For Bad Faith Where It Has Failed To Adequately Allege A Cause Of Action For Breach Of Contract**

8      LensCrafters does not contest that a ripe claim for breach of contract is a necessary

9  element to assert a claim for bad faith.  *Emerald Bay Community Ass'n*, 130 Cal.App.4th at 1096

10  (affirming dismissal of bad faith claim where the underlying breach of contract cause of action

11  failed to state a claim).  Because LensCrafters has not alleged a ripe claim for breach of contract,

12  LensCrafters' claim for bad faith is necessarily unripe too.

13  **III.    CONCLUSION**

14      LensCrafters' complaint does not allege facts sufficient to state a claim against U.S. Fire -

15  - an excess carrier -- for breach of the duty to settle.  Nor does it allege facts that demonstrate that

16  any such alleged breach caused damages.  While it tries to fix these deficiencies by submitting a

17  declaration with its Opposition to this motion to dismiss, the newly-asserted facts in the

18  declaration are irrelevant to the Court's determination and cannot be considered.  This is

19  especially true where, as here, the newly-asserted facts contradict both established law and those

20  facts actually pled in LensCrafters' Complaint.  LensCrafters' failure to adequately state a ripe

21  claim for breach of contract necessarily bars it from asserting a claim for bad faith.  Thus, U.S.

22  Fire respectfully requests that the Court dismiss both LensCrafters' second cause of action for

23  breach of contract and its third cause of action for bad faith.

24  Dated: January 15, 2008            SQUIRE, SANDERS & DEMPSEY L.L.P.

25
26                          By:_____

27                              Amy E. Rose
                             Attorneys for Defendant
28                           UNITED STATES FIRE INSURANCE COMPANY

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

U.S. FIRE'S REPLY ISO MOTION TO DISMISS SECOND AND THIRD CAUSES OF ACTION – CASE NO. C-07-2853 SBA

1

## **PROOF OF SERVICE**

2

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is One Maritime Plaza, Third Floor, San Francisco, California 94111-3492.

3

4

On January 15, 2008, I served the following document described as:

5

**U.S. FIRE INSURANCE COMPANY'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS LENSCRAFTERS' SECOND AND THIRD CAUSES OF ACTION**

6

7

8

☒    Vɪᴀ ᴛʜᴇ Uɴɪᴛᴇᴅ Sᴛᴀᴛᴇs Dɪsᴛʀɪᴄᴛ Cᴏᴜʀᴛ Eʟᴇᴄᴛʀᴏɴɪᴄ Fɪʟɪɴɢ Sᴇʀᴠɪᴄᴇ on interested parties in this action as set forth below:

9

10

Richard DeNatale, Esq.
Celia M. Jackson, Esq.
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone:    (415) 772-6000
Facsimile:    (415) 772-6268
richard.denatale@hellerehrman.com
celia.jackson@hellerehrman.com

Terrence R. McInnis, Esq.
Ross, Dixon & Bell, LLP
5 Park Plaza, Suite 1200
Irvine, CA 92614
Telephone:    (949) 622-2700
Facsimile:    (949) 622-2739
tmcinnis@rdblaw.com

11

12

13

14

15

Robert D. Dennison, Esq.
Harris, Green & Dennison
5959 W. Century Blvd., Suite 1100
Los Angeles, CA 90045
Telephone:    (310) 665-8656
Facsimile:    (310) 665-8659
rdd@h-glaw.net

Alex F. Stuart, Esq.
Willoughby, Stuart & Bening
Fairmont Plaza
50 West San Fernando, Suite 400
San Jose, CA 95113
Telephone:    (408) 289-1972
Facsimile:    (408) 295-6375
afs@wsblaw.net

16

17

18

19

Chip Cox, Esq.
Long & Levitt
465 California Street, 5th Floor
San Francisco, CA 94104
Telephone:    (415) 438-4413
Facsimile:    (415) 397-6392
chipc@longlevitt.com

20

21

22

23

Executed on January 15, 2008, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24

25

26

27

_____
Amy E. Rose

28