IRENE K. YESOWITCH  State Bar #111575
CHIP COX  State Bar #159681
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, CA  94104
TEL: (415) 397-2222   FAX: (415) 397-6392
iyesowitch@longlevit.com
ChipC@longlevit.com

Attorneys for Defendant
MARKEL AMERICAN INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENSCRAFTERS, INC.; and EYEXAM OF CALIFORNIA, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY; and WESTCHESTER FIRE INSURANCE COMPANY,<br><br>Defendants. | CASE No. CV-07-2853 SBA<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS LENSCRAFTERS' SECOND AND THIRD CLAIMS FOR RELIEF**<br><br>Date:      January 29, 2007<br>Time:     1:00 P.M.<br>Courtroom: 3<br>Judge:    Hon. Saundra B. Armstrong |

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

(No. CV-04-01001 SBA)

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AND THIRD CLAIMS FOR RELIEF

## I. INTRODUCTION

Plaintiffs LensCrafters, Inc. and Eyexam of California, Inc. (hereinafter collectively "LensCrafters") ask this Court to recognize a cause of action that no other Court has previously recognized: a claim for bad faith failure to settle a *disputed* claim that is *still* in litigation. The California Supreme Court resolved this issue against LensCrafters in *Hamilton v. Maryland Casualty Co.*, 27 Cal.4th 718, 725 (2002), when it wrote that an insured's claim for breach of the duty to settle "does not mature, until a judgment in excess of the policy limits has been entered against the insured." LensCrafters ask the Court to rely on outdated, contrary and distinguishable authority to permit it to assert a failure to settle claim without a judgment in excess of applicable policy limits. California law does not support LensCrafters' claim in the context of this litigation and the underlying *Snow* litigation.

## II. THERE IS NO CLAIM FOR BAD FAITH FAILURE TO SETTLE A DISPUTED CLAIM THAT IS STILL IN LITIGATION.

### A. A Claim for Breach of the Duty to Settle Does Not Mature Until There Has Been an Excess Judgment.

There is no claim for breach of the duty to settle without a judgment in excess of the insurance policy's liability limits. LensCrafters insist that they can state a claim for breach of the duty to settle without pleading a judgment in excess of applicable policy limits, and rely extensively on dicta from *Camelot by the Bay Condominium Owners' Ass'n, Inc. v. Scottsdale Ins. Co.*, 27 Cal.App.4th 33 (1994) and *Larraburu Brothers, Inc. v. Royal Indemn. Co.*, 604 F.2d 1208 (9th Cir. 1979).

Since the *Larraburu* and *Camelot* courts suggested appropriate parameters for a bad faith failure to settle claim, however, in 1979 and 1994, respectively, the California Supreme Court provided contrary, definitive instructions in *Hamilton v. Maryland Casualty Co.*, 27 Cal.4th 718, 725 (2002). In *Hamilton*, a settlement was made in the underlying action with several defendants but without the participation of Maryland Casualty Company. Maryland's insured, VLP, joined that settlement agreement by stipulating to a judgment against it and assigning its breach of contract claims against Maryland to plaintiffs. *Hamilton*, 27 Cal.4th at 723. Explaining the parameters of a claim for breach of the duty to settle, the California Supreme Court wrote:

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

(No. CV-04-01001 SBA)

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AND THIRD CLAIMS FOR RELIEF

> An insurer that breaches its duty of reasonable settlement is liable for all the insured's damages proximately caused by the breach, regardless of policy limits. Where the underlying action has proceeded to trial and a judgment in excess of the policy limits has been entered against the insured, the insurer is ordinarily liable to its insured for the entire amount of that judgment, excluding any punitive damages awarded. The insured's action for breach of the contractual duty to settle may be assigned to the claimant, regardless of whether assignments are permitted by the policy. Such an assignment may be made before trial, *but* the assignment does not become operative, and ***the claimant's action against the insurer does not mature, until a judgment in excess of the policy limits has been entered against the insured***.

*Hamilton*, 27 Cal.4th at 725 (emphasis added). The California Supreme Court cited with approval the Court of Appeal decisions in *Safeco Ins. Co. v. Superior Court*, 71 Cal.App.4th 782, 788 (1999)("cause of action for bad faith refusal to settle arises only after a judgment has been rendered in excess of the policy limits"), and *Doser v. Middlesex Mutual Ins. Co.*, 101 Cal.App.3d 883, 891-892 (1980) (settlement before any excess judgment issued cannot support claim for bad faith failure to settle). *Hamilton*, 27 Cal.4th at 726-728. On this basis, the California Supreme Court held plaintiffs' settlement could not support a claim for breach of the duty to settle. *Hamilton*, 27 Cal.4th at 734. None of the arguments presented by LensCrafters provide any principled reason to ignore this holding in *Hamilton*.

**B.  *Camelot* and *Larraburu* Do Not Support LensCrafters Claim for Breach of the Duty to Settle.**

LensCrafters note that before *Hamilton* was decided, *Camelot* and *Larraburu* had both written that an excess judgment was not required to assert a claim for breach of the duty to settle. First, both courts wrote before the California Supreme Court's decision in *Hamilton*, and if writing those opinions today, both courts would be bound by *Hamilton*. *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1164 (9th Cir.)("The district court, like us, is bound to follow the considered dicta as well as the holdings of the California Supreme Court when applying California law").

Second, neither *Camelot* nor *Larraburu* permitted the claims LensCrafters ask this Court to permit. LensCrafters alleged that *Snow* was filed in 2002. (First Amended Complaint ("FAC") ¶ 27.) LensCrafters litigated the allegations in *Snow* for several years, (FAC, ¶ 3), and reached a

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

(No. CV-04-01001 SBA)

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AND THIRD CLAIMS FOR RELIEF

settlement that is contingent upon approval and funding by the defendant insurers. (FAC, ¶ 34.) LensCrafters contend that regardless of whether a settlement is subsequently made without Markel's participation or any subsequent judgment, LensCrafters has a present claim against Markel for breach of its duty to settle. As detailed below, these allegations and LensCrafters' claim differ materially from the circumstances and claims addressed in *Camelot* and *Larraburu*.

Third, in both *Camelot* and *Larraburu*, the observation that an excess judgment was not necessary to assert a failure to settle claim was dictum. *Security Pacific Nat'l Bank v. Wozab*, 51 Cal.3d 991, 1003 (1990)("It is the general rule that the language of an opinion must be construed with reference to the facts presented by the case, and the positive authority of a decision is coextensive only with such facts"); *Krupnick v. Hartford Accident & Indemn. Co.*, 28 Cal.App.4th 185, 199 (1994)(the holding of a case is the rule that constitutes the basis of the decision, determined by the statements of law necessary to the decision).

A brief review of the decisions in *Camelot* and *Larraburu* illustrates the limitations of both of these opinions in this action. *Camelot* found in favor of Scottsdale Insurance Company on the grounds that, although Scottsdale refused to accept a settlement offer, its decision did not breach a duty to settle.

> We do not believe Scottsdale can reasonably be said to have run the risk of bad faith liability by refusing to settle the case for the amount demanded, where no danger of excess liability of the insured existed and where it was essentially undisputed that some of the defects at the property fell outside the scope of its policy. Where coverage up to the settlement demand is ultimately found, and an excess judgment is ultimately entered, the situation is far different from the case before us in which some of the defects were found not to be covered and there was never any threat of an excess judgment.

*Camelot*, 27 Cal.App.4th at 53. Although the *Camelot* court discussed whether an excess judgment was required to state a bad faith cause of action, Scottsdale did not assert that defense and the Court did not rely on that discussion to hold for or against Scottsdale. *Camelot*, 27 Cal.App.4th at 49. *Camelot* did not hold that a failure to settle claim could be alleged without an excess judgment, but that is LensCrafters' claim in this action.

///

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

(No. CV-04-01001 SBA)

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AND THIRD CLAIMS FOR RELIEF

*Larraburu* held that Royal Insurance Company's belated settlement, after a verdict in excess of policy limits allegedly damaged Larraburu's business reputation, was sufficient to support a claim for bad faith failure to settle. *Larraburu* 604 F.2d at 1215. Larraburu complained that even after the jury issued a verdict in excess of the policy limits, Royal would not guarantee payment of any ultimate judgment in excess of the policy limits, and this allegedly caused Larraburu's bankruptcy. *Larraburu* 604 F.2d at 1211.

Both Larraburu and Royal agreed that if the final judgment was within applicable policy limits, "there is no bad faith failure to settle, no tortuous breach of duty, and no compensable damages; the earlier refusal to settle is not unreasonable, no matter how it appeared previously." *Larraburu* 604 F.2d at 1214. The *Larraburu* court was not willing to accept this proposition as a general rule, but declined to resolve the point because "an excess verdict was rendered." *Larraburu* 604 F.2d at 1214. Yet that proposition is exactly what LensCrafters asks this Court to find is the law of California, in part on the strength of *Larraburu*.[1]

Even if they did provide authority to ignore the California Supreme Court's definitive instructions in *Hamilton*, neither *Camelot* nor *Larraburu* support LensCrafters' claim for breach of the duty to settle *Snow*.

C.  **There is No Claim for Breach of the Duty to Settle a *Disputed* Claim That is *Still* in Litigation.**

LensCrafters contend there is other authority that does provide them with the right to assert their failure to settle claims in this action, based on their alleged damages other than coverage for a judgment in excess of policy limits. *Bodenhamer v. Superior Court*, 192 Cal.App.3d 1472 (1987); *Barney v. Aetna Casualty & Surety Co.*, 185 Cal.App.3d 966 (1986). In *Barney*, however, the bad faith claim was not brought until after the insurer had settled the underlying action. Indeed, it was the settlement that allegedly barred the insured's cross-

---

[1] It is also noteworthy that since *Larraburu* was decided in 1979, several California decisions have held, contrary to *Larraburu*, that an excess judgment is required to assert a failure to settle claim. *Hamilton*, 27 Cal.4th at 725; *RLI Ins. Co. v. CNA Casualty of California*, 141 Cal.App.4th 75 (2006); *Wolkowitz v. Redland Ins. Co.*, 112 Cal.App.4th 154, 162 (2003); *Safeco*, 71 Cal.App.4th at 788; *Finkelstein v. 20th Century Ins. Co.*, 11 Cal.App.4th 926, 929-930 (1992); *Doser*, 101 Cal.App.3d at 891-892.

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

(No. CV-04-01001 SBA)

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AND THIRD CLAIMS FOR RELIEF

complaint, which led to the insured's bad faith claim. *Barney*, 185 Cal.App.3d at 970-971. In *Bodenhamer* the insurer's counsel advised the insurer the insured's liability in the underlying actions was reasonably clear, and most of those claims had been paid. *Bodenhamer*, 192 Cal.App.3d at 1475. In neither case did the underlying action involve a disputed claim that was still in litigation. This difference between *Barney*, *Bodenhamer* and this action is controlling.

Thus, before the California Supreme Court's decision in *Hamilton*, a prominent treatise on California Insurance Litigation explained that "(a)bsent an excess judgment, there can be no bad faith action based on excess liability. [However] [t]he insurer's refusal to settle may be actionable on some other basis." *J.B. Aguerre, Inc. v. American Guarantee & Liability Ins. Co.*, 59 Cal.App.4th 6, 13 (1997)(quoting Croskey et al., California Practice Guide: Insurance Litigation (The Rutter Group 1997) ¶ 12:575, rev. #1, 1996). After the California Supreme Court's decision in *Hamilton*, that same treatise offered a revised explanation: "Under the circumstances noted below, the insured may have a bad faith action against the insurer even though the insurer has settled or paid such claims." (Croskey et al., California Practice Guide: Insurance Litigation (The Rutter Group 1997) ¶ 12:571, 2007.) *Hamilton* makes clear that a failure to settle claim depends upon an excess judgment; since *Hamilton* the Hon. H. Walter Croskey recognized that while an insurer's settlement may permit other claims regarding allegedly improper settlement practices, there is no claim for failure to settle a disputed claim that is still in litigation.

LensCrafters ask the Court to ignore *Hamilton*, and adopt a rule that might have been the law in California, had the California Supreme Court chosen to follow the suggestions of *Camelot* and *Larraburu*, rather than the holdings of *Safeco*, *Finkelstein* and *Doser*. That is not the law of California today, however, and LensCrafters cannot support their failure to settle claims without an excess judgment, by instead alleging that they are suffering other damages because of the continued litigation of *Snow*.

///

///

///

### D. Ohio Law Also Requires an Excess Judgment to Assert a Claim for Breach of the Duty to Settle.

Ohio law also requires the insured suffer an excess judgment to assert a claim for bad faith failure to settle. *Calich v. Allstate Ins. Co.*, 2004 Ohio 1619; 2004 Ohio App. LEXIS 1439 (2004), *appeal denied*, 103 Ohio St.3d 1409, 812 N.E.2d 1290; *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir. 1995). *Accord, D.H. Overmyer Telecasting Co., Inc. v. American Home Assurance Co.*, 29 Ohio App.3d 31, 502 N.E.2d 694 (1986)("before an injured person can maintain an action against the tortfeasor's insurer, the insured person must obtain a judgment against the insured"); *Chitlik v. Allstate Ins. Co.*, 34 Ohio App.2d 193, 198 (settlement does not provide injured party right to assert claim against insurer).

LensCrafters correctly notes that Markel does not contend that the laws of Ohio and California conflict. Markel's reliance on Ohio law was a protective argument, made in the event LensCrafters argued and the Court agreed that, unlike Ohio law, California law did not require an excess judgment to assert a failure to settle claim.

LensCrafters contend that Ohio law only requires an excess judgment when there is the possibility of collusion between the insured and plaintiff in the underlying action. LensCrafters makes too much of that argument. While that possibility is one reason for the rule, it is not the only reason, and there is no authority for LensCrafters' suggestion that absent collusion, an excess judgment is not required. On this point California and Ohio law are in agreement: there is no failure to settle claim without an excess judgment.

### III. LENSCRAFTERS' CLAIM FOR UNSPECIFIC DAMAGES CANNOT SAVE ITS FAILURE TO SETTLE CLAIM.

LensCrafters contends that they are entitled to any consequential damages caused by Markel's failure to fund the proposed settlement in *Snow*, and that they are not obligated to specify those damages in its complaint, (but it does explains that it has incurred defense costs to defend *Snow* and will continue to incur those expenses if compelled to continue to litigate Snow. Ergo, LensCrafters reasons, they have a present claim against Markel to recover those damages, even if no further damages materialize.

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

(No. CV-04-01001 SBA)

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AND THIRD CLAIMS FOR RELIEF

First, LensCrafters' argument is premised on their contention that an excess judgment is only required to establish damages from breach of the duty to settle, and not as a condition for a failure to settle claim. That contention is erroneous, for the reasons discussed in Section II.

Second, LensCrafters' argument would swallow the rule, even to the extent that rule is recognized by LensCrafters, because there is no litigation in which the parties are not burdened in some fashion and put to some expense. Under this standard, in *every* case in which an insurer fails to accept a settlement offer deemed reasonable by the insured, there is a claim for breach of the duty to settle that can be asserted immediately, without an excess judgment. Under this standard, therefore, *Hamilton*, *RLI*, *Wolkowizt*, *Safeco*, *Finkelstein* and *Doser* are not merely distinguishable from LensCrafters' claim, but they were wrongly decided. Every plaintiff in each of those actions should have been permitted to recover, at the very least, the defense costs they incurred settling the underlying actions, without the participation of the insurers.

Finally, because there is an inherent burden to defending litigation, even *Larraburu* recognized the financial hardship and mental anguish inevitably suffered because of continued litigation is nonetheless not considered when evaluating a settlement offer. *Larraburu*, 604 F.2d at 1215 n.6. Thus, none of the cases LensCrafters' cite approved the inherent "cost" of litigation as an element of damages caused by an insurer's failure to accept an allegedly reasonable settlement offer. *Larraburu*, 604 F.2d at 1211 (failure to accept reasonable settlement offer allegedly caused Larraburu's bankruptcy); *RLI*, 141 Cal.App.4th at 79 (no claim for failure to settle despite subsequent settlement, after another year of litigation, for an additional $1 million, absent a judgment in excess of policy limits)(judgment on pleadings affirmed); *Wolkowitz*, 112 Cal.App.4th at 158 n.5 (no claim for failure to settle without "excess judgment," despite insured's subsequent bankruptcy and expectation that settlement would support bad faith claim)(demurrer sustained); *J.B. Aguerre, Inc. v. American Guarantee and Liability Ins. Co.*, 59 Cal.App.4th 6, 11-12 (1997)(no claim for bad faith coercion of insured to contribute to settlement, although insured retained personal counsel in addition to defense counsel retained by insurer). Although *Hamilton*, *Safeco*, *Finkelstein* and *Doser* were decided on motions for summary judgment or after trial, *RLI*, *Wolkowitz* and *Aguerre* were decided on the pleadings. LensCrafters is not entitled to plead

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

(No. CV-04-01001 SBA)

REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AND THIRD CLAIMS FOR RELIEF

1  unspecified damages allegedly caused by the continued litigation of *Snow* and then establish their
2  claim after discovery. *Hamilton*, *Safeco*, *Finkelstein*, *Doser*, *RLI*, *Wolkowitz* and *J.B. Aguerre* all
3  included circumstances in which the insured incurred at least some litigation expenses because of
4  the insurer's refusal to accept an allegedly reasonable settlement offer, but none of those
5  decisions permitted plaintiffs to assert the failure to settle claim LensCrafters seeks to assert in
6  this action.

## IV.  CONCLUSION

LensCrafters has made a creative effort to avoid the definitive rule stated in *Hamilton*: an insured's claim for breach of the duty to settle "does not mature, until a judgment in excess of the policy limits has been entered against the insured." LensCrafters does not offer the Court any basis to establish a new rule under California law, and its failure to settle claims should be dismissed. For these reasons, Markel respectfully asks the Court grant its motion to dismiss the second and third claims for relief in LensCrafters' First Amended Complaint.

Dated: January 15, 2008                    LONG & LEVIT LLP

                                           By  *Chip Cox*
                                               CHIP COX
                                               Attorneys for Defendant
                                               MARKEL AMERICAN
                                               INSURANCE COMPANY

DOCS\S6560-012\544002.V1

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

(No. CV-04-01001 SBA)
REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AND THIRD CLAIMS FOR RELIEF