UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LENSCRAFTERS, INC.; and EYEXAM OF CALIFORNIA, INC.,<br><br>                              Plaintiffs,<br><br>    v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY; and WESTCHESTER FIRE INSURANCE COMPANY,<br><br>                              Defendants,<br><br>AND RELATED COUNTER- AND CROSS-CLAIMS. | Case No.: CV-07-2853 SBA<br><br>**[PROPOSED] ORDER DENYING CERTAIN DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AND THIRD CLAIMS FOR RELIEF** |

This matter comes before the Court on the motions of defendants United States Fire Insurance Company, Markel American Insurance Company and Westchester Insurance Company (collectively, "Insurers"). Insurers move pursuant to Fed. Rule Civ. Pro., Rule 12(b)(6), to dismiss the Second and Third Claims for Relief in Plaintiffs' First Amended Complaint (the "FAC") on grounds that these claims are not ripe for adjudication. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court hereby DENIES Insurers' motions to dismiss.

## BACKGROUND

**A.    The Underlying *Snow* Action**

As alleged in the FAC, in March 2002 Melvin Gene Snow filed a class action complaint in San Francisco Superior Court against LensCrafters, Inc., EYEXAM of California, Inc. and several

other entities (*Melvin Gene Snow, et al. v. LensCrafters, Inc., et al.*, San Francisco Superior Court, Case No. CGC-02-40554 ("*Snow*")). FAC, ¶ 27. (LensCrafters, Inc. and EYEXAM are referred to together as "LensCrafters.") Among other things, the complaint in the *Snow* case alleges that LensCrafters disclosed private medical information of the putative plaintiff class, in violation of the California Confidentiality of Medical Information Act ("COMIA") (Cal. Civ. Code § 56, regulating disclosure of confidential medical information). *Id.,* ¶ 28.

After approximately six years of litigation, the parties to the *Snow* action have apparently reached a settlement-in-principle. *Id.,* ¶¶ 34-37. The settlement is alleged to be for less than the limits of Insurers' policies, and was expressly conditioned on Insurers approving and funding the settlement. *Id.,* ¶ 34. LensCrafters allegedly requested that Insurers fund the settlement, which they refused to do. *Id.,* ¶ 36.

### B.  Plaintiffs' First Amended Complaint

LensCrafters filed the FAC on October 2, 2007, pursuant to leave of Court. The FAC added two new claims for relief. In Plaintiffs' Second Claim for Relief, entitled "Breach of Contract Re Defendants' Duty To Indemnify and Duty To Settle," LensCrafters alleges that it asked Insurers to accept and fund a settlement that had been reached in the *Snow* case; that Insurers refused to do so, thereby exposing LensCrafters to a judgment in excess of the settlement amount; and that "[a]s a direct and proximate result of defendants' acts, LensCrafters has been damaged in an amount that is to be proved at trial and that is in excess of the jurisdictional requirements of this Court." FAC, ¶¶ 44, 45. In Plaintiffs' Third Claim for Relief, entitled "Tortious Breach of the Covenant of Good Faith and Fair Dealing," LensCrafters alleges that Insurers have breached the covenant of good faith and fair dealing by, among other things, "failing to accept a reasonable settlement in the *Snow* Action." *See Id.,* ¶¶ 48(c), 49(b), 50(b). LensCrafters further alleges that it "has sustained damages in an amount yet to be determined including, but not limited to, attorneys' fees, related expenses and costs incurred in obtaining coverage under defendants' policies." *Id.,* ¶ 52.

## LEGAL STANDARD

### A.  The Legal Standard Applicable To A Motion To Dismiss

The legal standards on a motion to dismiss are well established. To avoid dismissal under

2

the Federal Rules of Civil Procedure, Rule 12(b)(6), a complaint must provide "only a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997) (quoting Fed. R. Civ. P. 8(a)). The federal pleading standard is "notice pleading." FRCP, Rule 8(a). As this court recently noted: "In federal court, '[p]leadings need suffice only to put the opposing party on notice of the claim. . . Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief.'" *Dion LLC v. Infotek Wireless, Inc.*, Slip Copy, 2007 WL 3231738, at *3 (N.D. Cal. Oct. 30, 2007) (quoting *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004)). On a breach of contract claim, a plaintiff need not prove the elements of its claim prior to the evidentiary stages of the lawsuit; rather, "a pleading need only provide 'the bare outlines of [a] claim' within the federal notice pleading framework under Federal Rule of Civil Procedure 8(a)." *Id.* (quoting *Bautista v. Los Angeles County*, 216 F.3d 837, 843 (9th Cir. 2000)).

On a motion to dismiss, the question is not whether the plaintiff will ultimately prevail, but whether plaintiff is entitled to put forward evidence to support the claim. *Gilligan*, 108 F.3d at 249. Under this standard, a complaint should not be dismissed as long as it plausibly states an entitlement to relief and unless there is "no 'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support [the claim]." *Bell Atlantic v. Twombley*, __ U.S. __, 127 S.Ct. 1955, 1967 (2007) (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005)). For this reason, "it is only the extraordinary case in which dismissal is proper." *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981) (citing *Corsican Prods. v. Pitchess*, 338 F.2d 441, 442 (9th Cir. 1964)).

In ruling on a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. TBS, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). For this reason, factual challenges to a plaintiff's complaint are irrelevant and have no bearing on the sufficiency of a complaint to withstand a 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

### B. Pleading Requirements Under California Law

Under California law,[1] a plaintiff is required to plead the following elements for a breach of contract claim: "(a) the contract; (b) plaintiff's performance or excuse for nonperformance; (c) defendant's breach; and (d) damage to plaintiff." *See* 4 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 476, p. 570 (internal citations omitted). For a claim for bad faith breach of the covenant of good faith and fair dealing, a plaintiff is required to plead that "(1) benefits due under the policy were withheld; and (2) the reason for withholding benefits was unreasonable or without proper cause." *Guebara v. Allstate Ins. Co.,* 237 F.3d 987, 992 (9th Cir. 2001) (citing *Love v. Fire Ins. Exch.,* 221 Cal.App.3d 1136, 1151 (1990)).

## ANALYSIS

### A. Insurers' Duty To Settle

Insurers' argue that, as excess insurers not involved in the defense of the *Snow* case, they have no duty to settle with respect to that action, and therefore LensCrafters cannot state claims for relief based on this duty. Insurers are incorrect; under California law, both primary and excess insurers owe their insured a duty to accept a reasonable settlement.[2]

The duty to settle arises from the implied covenant of good faith and fair dealing, which is inherent in every contract of insurance. *See, e.g., Jordan v. Allstate Ins. Co.,* 148 Cal.App.4th 1062, 1071 (2007) ("'A covenant of good faith and fair dealing is implied in every insurance contract'"). "[T]he implied obligation of good faith and fair dealing requires the insurer to settle in an appropriate case although the express terms of the policy do not impose the duty[.]" *Crisci v. Security Ins. Co. of New Haven, Conn.,* 66 Cal.2d 425, 429 (1967); *see also Hamilton v. Maryland Cas. Co.,* 27 Cal.4th 718, 724 (2002) ("From the covenant of good faith and fair dealing implied by

---

[1] Although some Insurers argue that the law of states other than California should apply, these Insurers have not demonstrated an actual conflict in the laws of California and these states. Therefore, the Court applies California law.

[2] "[T]he only permissible consideration in evaluating the reasonableness of the settlement offer becomes whether, in light of the victim's injuries and the probable liability of the insured, the ultimate judgment is likely to exceed the amount of the settlement offer." *Johansen v. California State Auto. Ass'n Inter-Insurance Bureau,* 15 Cal.3d 9, 16 (1975). "The existence of a coverage dispute, however meritorious the insurer's position, is simply not a proper consideration in deciding whether to accept an offer to settle the claim against the insured." *Archdale v. American Int'l Specialty Lines Ins. Co.,* 154 Cal.App.4th 449, 464-65 (2007).

law in all contracts, and from the liability insurer's duty to defend and indemnify covered claims, California courts have derived an implied duty on the part of the insurer to accept reasonable settlement demands on such claims within the policy limits."). A breach of the covenant of good faith and fair dealing "'sounds in both contract and tort.'" *Johansen,* 15 Cal.3d at 18.

Both primary and excess insurers have an obligation to accept a reasonable settlement: "Any insurer, whether excess or primary, in conducting settlement negotiations, is subject to an implied duty of good faith and fair dealing which requires it to consider the interests of the insured equally with its own and evaluate settlement proposals as though it alone carried the entire risk of loss." *Diamond Heights Homeowners Assn. v. National American Ins. Co.,* 227 Cal.App.3d 563, 578 (1991). Moreover, where a settlement cannot be achieved without the contribution of an excess insurer, and the excess insurer has been made aware of that fact, and therefore can control the settlement, the excess insurer is "obviously under a duty to exercise good faith toward its insured in considering any offer of compromise within the limits of the policy." *Kelley v. British Commercial Ins. Co.,* 221 Cal.App.2d 554, 565 (1963).

### B. The Excess Judgment Requirement

Insurers also contend that a claim for breach of the duty to settle does not arise until a judgment in excess of policy limits is entered against the insured. The FAC does not allege that any excess judgment has been entered against LensCrafters.

A cause of action for breach of the duty to settle may accrue at the time a judgment against the plaintiff is entered if the basis of the insured's damages claim is the amount of the judgment. *Compare J.B. Aguerre, Inc. v. American Guarantee & Liab. Ins. Co.,* 59 Cal.App.4th 6, 13 (1997) (where insurer's bad faith "lies in exposing the insured to a judgment for more money than the insurer is bound to indemnity . . . case law requires a judgment in excess of the policy limits as an element of the claim") (emphasis deleted), *with Camelot by the Bay Condominium Owner's Ass'n, Inc. v. Scottsdale Ins. Co.,* 27 Cal.App.4th 33, 48 (1994) ("[T]here is no explicit requirement for bad faith liability that an excess judgment is actually suffered by the insured, since the reasonableness analysis of settlement decisions is performed in terms of the probability or risk that such a judgment may be forthcoming in the future [citation]. However, the actual excess judgment,

5

[PROPOSED] ORDER DENYING CERTAIN DEFENDANTS' MOTIONS TO DISMISS SECOND AND THIRD CLAIMS FOR RELIEF, CASE NO. C 07-2853 SBA

if any, is highly relevant in an bad faith damages determination."), *and Larraburu Bros., Inc. v. Royal Indem. Co.*, 604 F.2d 1208, 1214 (9th Cir. 1979) ("to say that a subsequent verdict within policy limits always exonerates an insurer for the consequences of an earlier failure to settle seems to us an unwarranted restriction on the insurer's duty to the insured under California law").

Where "unreasonable insurer settlement conduct caused harm different from exposure to excess liability," *J.B. Aguerre,* 59 Cal.App.4th at 13, an excess judgment may not be required. *See also Bodenhamer v. Superior Court,* 192 Cal.App.3d 1472, 1479 (1987) (rejecting that an excess judgment was a prerequisite of the insured's bad faith claim where the insurer had allegedly delayed settling claims, resulting in a loss of good will to insured's business); *Barney v. Aetna Cas. & Sur. Co.,* 185 Cal.App.3d 966, 977-78 (1986) (court allowed a claim for the insurer's breach of the covenant of good faith and fair dealing to proceed despite the absence of an excess judgment where the insured alleged that the insurer's settlement of a claim interfered with her right to seek redress from the tortfeasor); *cf. Larraburu,* 604 F.2d at 1214 ("It is the unreasonable failure to settle the claim, not simply the failure to pay all of the ultimate judgment, which is the breach of the insurer's duty and causes injury.").

Similarly, an insured does not need an excess judgment in order to prosecute an action for bad faith related to the duty to settle where an insurer has contributed some part of a demanded settlement and the insured pays the remainder. The insured can proceed to collect its contribution from the insurer in an action based on the insurer's breach of the covenant of good faith and fair dealing without any requirement of an excess judgment. *See Hamilton,* 27 Cal.4th at 732 (citing *Isaacson v. California Ins. Guarantee Ass'n,* 44 Cal.3d 775, 793 (1988)).

This Court is not prepared to say, based on the facts alleged in the FAC, that the only possible harm for which LensCrafters may recover is an adverse judgment in the *Snow* action, and that under no circumstances may LensCrafters recover without such a judgment. Such determination may depend on such factors as the nature of the claims, the nature of the settlement, whether the settlement is approved by a court or embodied in a court order, the conduct of Insurers

[PROPOSED] ORDER DENYING CERTAIN DEFENDANTS' MOTIONS TO DISMISS SECOND AND THIRD CLAIMS FOR RELIEF, CASE NO. C 07-2853 SBA

and LensCrafters, and the harm suffered.  It is premature at this stage to resolve such issues.[3]

### C. Plaintiffs' Damages Allegations

Insurers also argue that LensCrafters has not suffered any legally recoverable damages as a result of Insurers' failure to settle the *Snow* case.  Under California law, where an insurer breaches the covenant of good faith and fair dealing by its refusal to accept a reasonable settlement, the insured is entitled to be compensated for all consequential damages that flow from Insurers' breach in both contract and tort.  *See* Cal. Civ. Code § 3300 (defining damages for breach of contract as "the amount which will compensate the aggrieved party for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom"); Cal. Civ. Code § 3333 (defining damages arising from tort claims as "the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not").

The consequential damages for an insurer's breach of its duty to settle includes all amounts for which an insured is ultimately liable on a covered claim.  *See Neal v. Farmers Ins. Exch.*, 21 Cal.3d 910, 925 (1978) (for breach of the duty to settle, insured entitled to recover as compensation "damages proximately resulting from the breach—such as consequent economic loss or emotional distress, for example"); *Larraburu,* 604 F.2d at 1215 ("An unreasonable refusal to accept a settlement offer causes the insurer to be liable for consequential damages, such as mental suffering or economic loss . . . ."); *Crisci,* 66 Cal.3d at 432-44 (allowing insured to recover damages for mental suffering for insurer's breach of duty to settle).  While the amount of an adverse judgment may be one item of damages, it is not the only damages available when an insurer breaches its duty to settle.

LensCrafters has pled in the FAC that it has suffered damages.  At the pleading stage, LensCrafters has no obligation to set forth any specific type of damages.  Many of the arguments Insurers make—that LensCrafters has not actually suffered damages, or that the damages are voluntary payments, or that the damages are the responsibility of the primary insurers—cannot be

---

[3] Likewise, the Court declines to resolve at this time, without further briefing and evidence, the issue that Westchester has raised for the first time in its reply memorandum that there would be no indemnity coverage for a settlement payment pursuant to *Aerojet-General Corp. v. Commercial Union Ins. Co.,* 155 Cal.App.4th 132 (2007).

resolved at this stage. Rather, Insurers can inquire about the nature of LensCrafters' damages during the discovery process and bring summary judgment motions as appropriate.

## CONCLUSION

With the above principles in mind, the Court examines the adequacy of LensCrafters' Second and Third Claims for Relief.

In order for Insurers to prevail on their motions to dismiss, they must prove that under no circumstances can LensCrafters state claims based on breach of Insurers' duty to settle. They cannot do this. The Court concludes that both the Second and Third Claims satisfy federal pleading rules and are sufficient to put Insurers on notice of the claims. With respect to the Second Claim for Relief, LensCrafters has alleged each necessary element for a breach of contract claim: it had pleaded the contract (FAC, ¶¶ 20-26, 44); its performance under those contracts (FAC, ¶ 15); Insurers' alleged breach (FAC, ¶ 44); and damages (FAC, ¶ 45). With respect to the Third Claim for Relief, LensCrafters has alleged that Insurers have withheld the benefits due under the policies (FAC, ¶¶ 48-50) and that the reason for withholding benefits was unreasonable or without proper cause (FAC, ¶ 51).

Therefore, good cause appearing,

IT IS HEREBY ORDERED that Insurers' motions to dismiss the Second and Third Claims for Relief are hereby DENIED.

Dated:

                                              SAUNDRA BROWN ARMSTRONG
                                              United States District Judge

[PROPOSED] ORDER DENYING CERTAIN DEFENDANTS' MOTIONS TO DISMISS SECOND AND THIRD CLAIMS FOR RELIEF, CASE NO. C 07-2853 SBA