IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENSCRAFTERS, INC., et al., | No. C 07-2853 SBA |
| Plaintiffs, | **ORDER** |
| v. | [Docket Nos. 90 & 92] |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, et al., | |
| Defendants. | |

Currently before the Court are defendant U.S. Fire Insurance Company's ("U.S. Fire") motion to dismiss plaintiff LensCrafters, Inc.'s Second and Third Claims for Relief in Plaintiffs' First Amended Complaint (the "FAC") [Docket No. 92], and defendant Markel American Insurance Company's ("Markel") motion to dismiss LensCrafter's Second and Third Claims for Relief [Docket No. 90].[1] Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. For the reasons articulated below, the Court hereby GRANTS the motions to dismiss.

**BACKGROUND**

**A.     The Underlying *Snow* Action**

As alleged in the FAC, in March 2002 Melvin Gene Snow filed a class action complaint in San Francisco Superior Court against LensCrafters, Inc., EYEXAM of California, Inc.,[2] and several other entities (*Melvin Gene Snow, et al. v. LensCrafters, Inc., et al.*, San Francisco Superior Court, Case No.

---

[1] Defendant Westchester Fire Insurance Company has withdrawn its motion to dismiss. *See* docket No. 114.

[2] LensCrafters, Inc. and EYEXAM are referred to collectively as "LensCrafters."

CGC-02-40554 ("*Snow*")). FAC, ¶ 27. Among other things, the complaint in the *Snow* case alleges that LensCrafters disclosed private medical information of the putative plaintiff class, in violation of the California Confidentiality of Medical Information Act ("COMIA") (Cal. Civ. Code § 56, regulating disclosure of confidential medical information). *Id.,* ¶ 28.

After approximately six years of litigation, the parties to the *Snow* action have allegedly reached a settlement-in-principle. *Id.,* ¶¶ 34-37. The settlement is alleged to be for less than the limits of defendants U.S. Fire's, Markel's, and Westchester's policies, and was expressly conditioned on defendants approving and funding the settlement. *Id.,* ¶ 34. LensCrafters allegedly requested that defendants fund the settlement, which they refused to do. *Id.,* ¶ 36.

**B.   LensCrafters' Excess Policies**

Defendant U.S. Fire issued three excess policies to LensCrafters from 1998 to 2001, each of which provides a $25 million limit of liability per occurrence and in the aggregate. (*Id.* at ¶ 20.) Defendant Markel American Insurance Company ("Markel") issued a single excess policy to LensCrafters providing $15 million in coverage for the February 2001 to February 2002 policy period. (*Id.* at ¶ 22.). Defendant Westchester Fire Insurance Company issued five excess policies to LensCrafters from 2001 to 2007, one of which provides $10 million in coverage in excess of Markel's policy and the other four of which provide a $25 million limit of liability per occurrence and in the aggregate. (*Id.* at ¶ 24-25.)

**C.   LensCrafters' Lawsuit**

On May 31, 2007, LensCrafters filed this declaratory relief lawsuit. This suit initially requested only a declaration regarding LensCrafters' insurers' obligations to provide coverage for the *Snow* action under its insurance policies. On August 6, 2007, LensCrafters sought to amend its complaint to add breach of contract and bad faith claims. On September 28, 2007, the Court granted LensCrafters' Motion for Leave to file its FAC, which it filed on October 2, 2007.

The FAC added two new claims for relief. In the Second Claim for Relief, entitled "Breach of Contract Re Defendants' Duty To Indemnify and Duty To Settle," LensCrafters alleges that it asked

2

defendants to accept and fund a settlement that had been reached in the *Snow* case; that defendants refused to do so, thereby exposing LensCrafters to a judgment in excess of the settlement amount; and that "[a]s a direct and proximate result of defendants' acts, LensCrafters has been damaged in an amount that is to be proved at trial and that is in excess of the jurisdictional requirements of this Court." FAC,¶¶ 44, 45.

In the Third Claim for Relief, entitled "Tortious Breach of the Covenant of GoodFaith and Fair Dealing," LensCrafters alleges that defendants have breached the covenant of good and fair dealing by, among other things, "failing to accept a reasonable settlement in the *Snow* Action." *See Id.,* ¶¶ 48(c), 49(b), 50(b). LensCrafters further alleges that it has "sustained damages in an amount yet to be determined including, but not limited to, attorneys' fees, related expenses and costs incurred in obtaining coverage under defendants' policies." *Id.,* ¶ 52.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955,1960 (2007). For purposes of such a motion, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Everest & Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994). All reasonable inferences are to be drawn in favor of the plaintiff. *Jacobson v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir. 1997).

The court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("[C]onclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim."); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 987, *as amended by* 275 F.3d 1187 (9th Cir. 2001)("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). "While a complaint attacked by a Rule 12(b)(6)

3

motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1264-65.

## ANALYSIS

### A.  Ripeness of the Breach of Contract Claim

The primary dispositive issue in resolving these motions is whether defendants' breach of the duty to settle is unripe because no settlement or judgment in excess of the primary policy limits has yet been entered against LensCrafters; the parties are still in settlement negotiations, and no settlement has been agreed to.

There is no serious dispute that defendants have a duty to settle. *See Fuller-Austin Insulation Co. v. Highlands Ins. Co.*, 135 Cal.App.4th 958, 986 (2006) ([A]n excess insurer . . . owes its insured a duty of good faith when faced with an offer of settlement that exhausts the underlying policy limits."). The duty to settle arises from the implied covenant of good faith and fair dealing, which is inherent in every contract of insurance. *See, e.g., Jordan v. Allstate Ins. Co.,* 148 Cal.App.4th 1062, 1071 (2007) ("A covenant of good faith and fair dealing is implied in every insurance contract"). "[T]he implied obligation of good faith and fair dealing requires the insurer to settle in an appropriate case although the express terms of the policy do not impose the duty[.]" *Crisci v. Security Ins. Co. of New Haven, Conn.,* 66 Cal.2d 425, 429 (1967). Both primary and excess insurers have an obligation to accept a reasonable settlement. "Any insurer, whether excess or primary, in conducting settlement negotiations, is subject to an implied duty of good faith and fair dealing which requires it to consider the interests of the insured equally with its own and evaluate settlement proposals as though it alone carried the entire risk of loss." *Diamond Heights Homeowners Assn. v. National American Ins. Co.,* 227 Cal.App.3d 563, 578 (1991).

However, defendants argue that under controlling California precedent, in the absence of any actual settlement or judgment in excess of its primary policy limits, LensCrafters cannot allege a breach of the duty to settle against the excess insurers.

4

As the California Supreme Court stated in *Hamilton v. Maryland Cas. Co*, 27 Cal.4th 718, 725 (2002):

> An insurer that breaches its duty of reasonable settlement is liable for all the insured's damages proximately caused by the breach, regardless of policy limits. Where the underlying action has proceeded to trial and a judgment in excess of the policy limits has been entered against the insured, the insurer is ordinarily liable to its insured for the entire amount of that judgment. The insured's action for breach of the contractual duty to settle may be assigned to the claimant, regardless of whether assignments are permitted by the policy. Such an assignment may be made before trial, but the assignment does not become operative, and *the claimant's action against the insurer does not mature, until a judgment in excess of the policy limits has been entered against the insured.*[3]

*Hamilton*, 27 Cal.4th at 725 (emphasis added)(internal citations omitted).

LensCrafters counters that *Hamilton* is distinguishable on the grounds that the court there was concerned about the possibility of collusion and sham settlements, in the context of an assignment by the insured of its rights under the policy to the other party to the settlement in exchange for an agreement not to execute any judgment against the policyholder. LensCrafters argues that the court in *Hamilton* thus focused on whether a third party may bring a claim based upon a settlement rather than a judgment that was in excess of policy limits. *See Hamilton*, 27 Cal.4th at 725; *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 827 (9th Cir. 2003). LensCrafters avers that, "[g]iven those factual situations, and the underlying policy concern, courts, unsurprisingly, have held that a settlement was insufficient and that a judgment in excess of policy limits was necessary where the damages sought were the amount of the excess judgment. Here, such concerns do not exist . . . ." Opp'n at 11, fn.6. LensCrafters thus asks this Court to fashion the rule that, contrary to the plain language of the controlling California authorities, an excess judgment is only required where concern regarding "collusion and sham settlements" is in play.

---

[3]However, an insured does not need an excess judgment in order to prosecute an action for bad faith related to the duty to settle where an insurer has contributed some part of a demanded settlement and the insured pays the remainder. The insured can proceed to collect its contribution from the insurer in an action based on the insurer's breach of the covenant of good faith and fair dealing without any requirement of an excess judgment. *See Hamilton*, 27 Cal.4th at 732 (citing *Isaacson v. California Ins. Guarantee Ass'n*, 44 Cal.3d 775, 793 (1988)). However, there is no allegation here that any insurer has contributed some part of a demanded settlement and the insured pays the remainder

5

However, while it is true that the *Hamilton* Court was deciding the issue in the context of the assignment of rights in exchange for an agreement not to execute, there is nothing in the decision suggesting the court intended to limit its determination that a judgment is a prerequisite for a breach of the duty to settle claim to such narrow circumstances. The plain language of the decision states only that "the claimant's action against the insurer does not mature, until a judgment in excess of the policy limits has been entered against the insured." *Hamilton*, 27 Cal.4th at 725. Moreover, the requirement of either a settlement or excess judgment is well reasoned; if the contrary were the rule, an insured could sue an excess insurer for breach of the duty to settle prior to any settlement, yet ultimately settle or incur a judgment for within the insured's primary insurance layer, and therefore suffer no cognizable damages. The mere *possibility* of future damages is simply not sufficient in this context for a claim to accrue. *See Emerald Bay Community Ass'n v. Golden Eagle Ins. Corp.*, 130 Cal.App.4th 1078, 1096 (2005) ("[P]laintiff needed to establish actual financial loss, not merely a potential that it may suffer a loss sometime in the future").

Accordingly, this Court follows the plain language of the California Supreme Court's guidance in *Hamilton* that an excess judgement or settlement is prerequisite to a ripe claim for breach of the duty to settle. *See Mercado*, 340 F.3d at 827 (following *Hamilton* in holding that "[i]t is only after a litigated excess judgment is obtained that an insurer's refusal to settle becomes actionable.").

**B.   Damages**

Defendants argue that, absent any actual settlement or judgement, LensCrafters has not suffered any legally recoverable damages as a result of defendants' refusal to settle the *Snow* case. Under California law, where an insurer breaches the covenant of good faith and fair dealing by its refusal to accept a reasonable settlement, the insured is entitled to be compensated for all consequential damages that flow from the insurer's breach. *See* Cal. Civ. Code § 3300 (defining damages for breach of contract as "the amount which will compensate the aggrieved party for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom"). The consequential damages for an insurer's breach of its duty to settle includes all amounts for which an

insured is ultimately liable on a covered claim. *See Neal v. Farmers Ins. Exch.*, 21 Cal.3d 910, 925 (1978) (for breach of the duty to settle, insured entitled to recover as compensation "damages proximately resulting from the breach—such as consequent economic loss or emotional distress, for example"); *Larraburu Bros., Inc. v.Royal Indem. Co.*, 604 F.2d 1208, 1215 (9th Cir. 1979) ("An unreasonable refusal to accept a settlement offer causes the insurer to be liable for consequential damages, such as mental suffering or economic loss . . . .").

LensCrafters claims that, even in the absence of any settlement or judgment, it has suffered damages other than the cost of the settlement or judgement -- namely, the costs incurred by being forced to continue to defend the action -- as a result of defendants' refusal to settle. "An insurer that breaches its duty of reasonable settlement is liable for all the insured's damages proximately caused by the breach, regardless of policy limits."*Hamilton*, 27 Cal.4th at 725.

However, as U.S. Fires correctly points out, LensCrafters has not actually included any allegations that it is currently being forced to pay its defense costs in its complaint, but only conclusorily states that it is being "damaged." Recognizing this deficiency, LensCrafters now seeks to pad the allegations in the Complaint with collateral factual allegations in its opposition papers. This is improper; the Court's review of the motions to dismiss should be limited to the contents of the FAC. *Schneider v. Calif. Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 2003). In determining whether to grant a motion to dismiss, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss, because such facts "are irrelevant for Rule 12(b)(6) purposes."*Id.*; *see also* 2 Moore's Federal Practice, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not ... take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."). Indeed, LensCrafters' reliance on this material only serves to amplify the extent to which the FAC does not properly plead damages.

Moreover, in this context, LensCrafters is required to plead damages other than those associated with an excess judgement or settlement with specificity. Under Federal Rule of Civil Procedure 9(g),

7

when special damages are pled, they must be pled with specificity. "Special damages" are those "damages that are unusual for the type of claim in question—that are not the natural damages associated with such a claim." *Avitia v. Metropolitan Club of Chicago*, 49 F3d 1219, 1226 (7th Cir. 1995). To satisfy this requirement, a plaintiff must allege actual damages with "particularity," as well as specify facts showing such damages were the natural and direct result of defendant's conduct. *See Browning v. Clinton*, 292 F.3d 235, 245–246 (D.C. Cir. 2002). In the context of a breach of the duty to settle claim against an excess insurer, in the absence of any allegation that there is a settlement or judgment in excess of LensCrafters' policy limits, a general, non-specific allegation that LensCrafters has suffered damages of an unspecified sort does not meet the standards of Rule 9(g), and is in fact precisely the type of "formulaic recitation of the elements of a cause of action" that the Supreme Court recently disapproved of in *Bell Atlantic. See Bell Atlantic*, 127 S.Ct. at 1964-65.

Accordingly, as LenscCrafters has failed to properly allege any damages flowing from the alleged breach of the defendants' duty to settle, the Second Claim for Relief for breach of contract must be dismissed.

### C.    **Bad Faith Claim**

A ripe claim for breach of contract is a necessary element to assert a claim for bad faith. *Emerald Bay Community Ass'n*, 130 Cal.App.4th at 1096 (affirming dismissal of bad faith claim where the underlying breach of contract cause of action failed to state a claim). Because LensCrafters has not alleged a ripe claim for breach of contract, LensCrafters' Third Claim for Relief for bad faith is necessarily unripe as well.

### CONCLUSION

Accordingly, the motions to dismiss [Docket Nos. 90 & 92] are GRANTED.

IT IS FURTHER ORDERED THAT a case management conference is scheduled for April 23, 2008 at 3:00 p.m. The parties shall meet and confer prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than 10 days prior to the Case Management Conference  that complies with the Standing Order For All Judges Of The Northern

8

District Of California and the Standing Order of this Court. Plaintiffs shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

IT IS SO ORDERED.

Dated: 2/11/08

SAUNDRA BROWN ARMSTRONG
United States District Judge

9