SQUIRE, SANDERS & DEMPSEY L.L.P.
Mark C. Goodman (Cal. State Bar No. 154692)
David A. Gabianelli (Cal. State Bar No. 158170)
Amy E. Rose (Cal. State Bar No. 222167)
Andrew K. Chang (Cal. State Bar No. 222309)
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492
Telephone: +1.415.954.0200
Facsimile: +1.415.393.9887
Email: mgoodman@ssd.com
Email: dgabianelli@ssd.com
Email: arose@ssd.com
Email: achang@ssd.com

Attorneys for Defendant
UNITED STATES FIRE INSURANCE COMPANY

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (OAKLAND DIVISION)

| | |
|---|---|
| LENSCRAFTERS, INC.; and EYEXAM OF CALIFORNIA, INC.;<br><br>Plaintiffs,<br><br>vs.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY; and WESTCHESTER FIRE INSURANCE COMPANY,<br><br>Defendants. | Case No. C-07-2853 SBA<br>The Honorable Saundra B. Armstrong<br><br>**E-FILING**<br><br>**UNITED STATES FIRE INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendant United States Fire Insurance Company ("U.S. Fire"), hereby answers the allegations of the First Amended Complaint ("FAC") in this action.

The numbered paragraphs below correspond to the paragraph numbers contained in Plaintiffs' FAC. The headings used match those chosen by Plaintiffs and are included for ease of reference only, and constitute no admission whatsoever.

## INTRODUCTION

1. Answering Paragraph 1 of the FAC, U.S. Fire avers that to the extent Plaintiffs are asserting a legal opinion, no response is required. U.S. Fire lacks sufficient information to admit or deny the allegation that any Defendants other than U.S. Fire sold Plaintiffs any insurance policies, and on that basis denies that allegation. U.S. Fire admits that it entered into certain umbrella insurance contracts naming Plaintiffs as named insureds. Except as so expressly admitted, U.S. Fire denies the remaining allegations contained in Paragraph 1.

2. Answering Paragraph 2 of the FAC, U.S. Fire avers that to the extent Plaintiffs are asserting a legal opinion, no response is required. U.S. Fire admits that, in 2004, LensCrafters brought an action against Liberty Mutual Fire Insurance Company ("Liberty Mutual") and Executive Risk Specialty Insurance Company ("ERSIC") in the Northern District of California, Case No. C 04-1001 SBA (the "Prior Coverage Action") concerning insurance coverage for a lawsuit captioned *Melvin Gene Snow, et al. v. LensCrafters, Inc., et al.*, San Francisco Superior Court Case No. CGC-02-40554 (the "*Snow* Action"). U.S. Fire further admits that in the Prior Coverage Action, the Court held that Liberty Mutual and ERSIC had a duty to defend the *Snow* Action. Except as so expressly admitted, U.S. Fire denies the remaining allegations contained in Paragraph 2.

3. Answering Paragraph 3 of the FAC, U.S. Fire avers that to the extent Plaintiffs are asserting a legal opinion, no response is required. U.S. Fire lacks sufficient information to admit or deny the allegation that the parties in the *Snow* Action have reached a reasonable settlement contingent on approval and funding by the Defendants, and on that basis denies that allegation. U.S. Fire also lacks sufficient information to admit or deny the allegations concerning the conduct of any Defendant other than U.S. Fire, and on that basis denies the allegations. U.S. Fire admits

that Plaintiffs have requested that U.S. Fire accept a proposed settlement of the *Snow* Action. Except as so expressly admitted, U.S. Fire denies the remaining allegations contained in Paragraph 3. By Order entered February 12, 2008, this Court dismissed Plaintiffs' claims for breach of contract and breach of the implied covenant of good faith and fair dealing. As a result of this ruling, Plaintiffs' allegations in Paragraph 3 regarding any failure, refusal or breach by U.S. Fire are incorrect.

4.  Answering Paragraph 4 of the FAC, U.S. Fire lacks sufficient information to admit or deny the allegations contained therein as against any other Defendants, and on that basis denies the allegations. U.S. Fire denies that any present controversy exist between LensCrafters' and U.S. Fire with respect to the duty to indemnify.

## THE PARTIES

5.  Answering Paragraph 5 of the FAC, U.S. Fire lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies the allegations.

6.  Answering Paragraph 6 of the FAC, U.S. Fire lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations.

7.  Answering Paragraph 7 of the FAC, U.S. Fire lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations.

8.  Answering Paragraph 8 of the FAC, U.S. Fire lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations.

9.  Answering Paragraph 9 of the FAC, U.S. Fire admits that it is incorporated under the laws of the state of Delaware and maintains its principal place of business in New Jersey.

10. Answering Paragraph 10 of the FAC, U.S. Fire lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations.

11. Answering Paragraph 11 of the FAC, U.S. Fire lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations.

## JURISDICTION

12. Answering Paragraph 12 of the FAC, U.S. Fire avers that to the extent Plaintiffs are asserting a legal opinion, no response is required. U.S. Fire admits that jurisdiction is proper.

1 U.S. Fire lacks sufficient information to admit or deny the remaining allegations, and on that basis denies the allegations.

13.  Answering Paragraph 13 of the FAC, U.S. Fire admits that venue is proper. Except as so expressly admitted, U.S. Fire denies the remaining allegations contained in Paragraph 13.

## FACTUAL ALLEGATIONS

14.  Answering Paragraph 14 of the FAC, U.S. Fire lacks sufficient information to admit or deny the allegation that Defendants other than U.S. Fire issued insurance policies to Plaintiffs, and on that basis denies that allegation. U.S. Fire admits that it entered into certain umbrella insurance contracts naming Plaintiffs as named insureds. Except as so expressly admitted, U.S. Fire denies the remaining allegations contained in Paragraph 14.

15.  Answering Paragraph 15 of the FAC, U.S. Fire lacks sufficient information to admit or deny the allegation that Plaintiffs have complied with all terms and conditions precedent in Plaintiffs' insurance contracts with Defendants other than U.S. Fire, and on that basis denies the allegations. U.S. Fire denies that Plaintiffs have complied with all terms and conditions in Plaintiffs' insurance contracts with U.S. Fire.

### The Liberty Mutual Policies

16.  Answering Paragraph 16 of the FAC, U.S. Fire lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations.

17.  Answering Paragraph 17 of the FAC, U.S. Fire lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations.

### The ERSIC Policy

18.  Answering Paragraph 18 of the FAC, U.S. Fire lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations.

19.  Answering Paragraph 19 of the FAC, U.S. Fire lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations.

### The U.S. Fire Policies

20.  Answering Paragraph 20 of the FAC, U.S. Fire admits the allegations contained

- 3 -

therein.

21. Answering Paragraph 21 of the FAC, U.S. Fire admits that insurance policies at issue contain, among other provisions, the specific provisions quoted in Paragraph 21. Except as so expressly admitted, U.S. Fire denies the allegations.

**The Markel Policy**

22. Answering Paragraph 22 of the FAC, U.S. Fire lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations.

23. Answering Paragraph 23 of the FAC, U.S. Fire lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations.

**The Westchester Policies**

24. Answering Paragraph 24 of the FAC, U.S. Fire lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations.

25. Answering Paragraph 25 of the FAC, U.S. Fire lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations.

26. Answering Paragraph 26 of the FAC, U.S. Fire lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations.

**Defense and Settlement of the *Snow* Action**

27. Answering Paragraph 27 of the FAC, U.S. Fire admits the allegations contained therein.

28. Answering Paragraph 28 of the FAC, U.S. Fire admits that the Second Amended Complaint filed in the *Snow* Action ("SAC") asserts a claim under the Confidentiality of Medical Information Act, Cal. Civ. Code §56, *et seq.* based on allegations that Plaintiffs obtained and disclosed confidential medical information in violation thereof. U.S. Fire lacks sufficient information to admit or deny the allegations regarding any other Defendant's insurance policies, and on that basis denies the allegations. Except as so expressly admitted and answered, U.S. Fire denies the remaining allegations contained in Paragraph 28.

29. Answering Paragraph 29 of the FAC, U.S. Fire avers that to the extent Plaintiffs are asserting a legal opinion, no response is required. U.S. Fire lacks sufficient information to

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

admit or deny the allegations contained in Paragraph 29.

30.     Answering Paragraph 30 of the FAC, U.S. Fire admits the allegations contained therein.

31.     Answering Paragraph 31 of the FAC, U.S. Fire admits that on June 20, 2005, during the Prior Coverage Action, this Court held that the SAC in the *Snow* Action alleges "publication of material that violates a person's right of privacy" and that both Liberty Mutual and ERSIC had a duty to defend Plaintiffs in the *Snow* Action. Except as so expressly admitted, U.S. Fire denies the remaining allegations contained in Paragraph 31.

32.     Answering Paragraph 32 of the FAC, U.S. Fire admits that based on the stipulation of Plaintiffs, Liberty Mutual, and ERSIC, this Court dismissed without prejudice Plaintiffs' claims for indemnity in the Prior Coverage Action on the grounds that such claims were not ripe for adjudication and that any new action brought by the parties to that stipulation should be brought exclusively in the United States District Court for the Northern District of California. Except as so expressly admitted, U.S. Fire denies the remaining allegations contained in Paragraph 32.

33.     Answering Paragraph 33 of the FAC, U.S. Fire admits that on November 22, 2005, this Court entered an Amended Judgment in the First Coverage Action, from which Liberty Mutual appealed. Except as so expressly admitted, U.S. Fire denies the remaining allegations contained in Paragraph 33.

34.     Answering Paragraph 34 of the FAC, U.S. Fire avers that to the extent Plaintiffs are asserting a legal opinion, no response is required. U.S. Fire lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations.

35.     Answering Paragraph 35 of the FAC, U.S. Fire avers that to the extent Plaintiffs are asserting a legal opinion, no response is required. U.S. Fire admits that it did not attend a mediation in the *Snow* Action on July 26, 2007. U.S. Fire lacks sufficient information to admit or deny the remaining allegations, and on that basis denies the allegations.

36.     Answering Paragraph 36 of the FAC, U.S. Fire avers that to the extent Plaintiffs are asserting a legal opinion, no response is required. U.S. Fire lacks sufficient information to

- 5 -

admit or deny the allegations, and on that basis denies the allegations.

37. Answering Paragraph 37 of the FAC, U.S. Fire avers that to the extent Plaintiffs are asserting a legal opinion, no response is required. U.S. Fire lacks sufficient information to admit or deny the allegations regarding the conduct of Defendants other than U.S. Fire, and on that basis denies the allegations. U.S. Fire admits that it has raised defenses to coverage of the underlying *Snow* Action. Except as so expressly admitted, U.S. Fire denies the remaining allegations contained in Paragraph 37. By Order entered February 12, 2008, this Court dismissed Plaintiffs' claims for breach of contract and breach of the implied covenant of good faith and fair dealing. As a result of this ruling, Plaintiffs' allegations in Paragraph 37 that U.S. Fire breached or refused an obligation to Plaintiffs is incorrect, as is the allegation that such breach or refusal prevented the settlement of *Snow* Action because no such breach or refusal has taken place.

38. Answering Paragraph 38 of the FAC, U.S. Fire denies the allegations contained therein. By Order entered February 12, 2008, this Court dismissed Plaintiffs' claims for breach of contract and breach of the implied covenant of good faith and fair dealing. As a result of this ruling, Plaintiffs' allegations in Paragraph 38 were found to be incorrect.

### FIRST CLAIM FOR RELIEF:
### DECLARATORY JUDGMENT RE
### DEFENDANTS' DUTY TO INDEMNIFY

39. Answering Paragraph 39 of the FAC, U.S. Fire incorporates its answers to Paragraphs 1 through 38.

40. Answering Paragraph 40 of the FAC, U.S. Fire avers that to the extent Plaintiffs are asserting a legal opinion, no response is required. To the extent any response is required, U.S. Fire denies the allegations contained in Paragraph 40.

41. Answering Paragraph 41 of the FAC, U.S. Fire avers that to the extent Plaintiffs are asserting a legal opinion, no response is required. To the extent any response is required, U.S. Fire denies the allegations contained in Paragraph 41.

42. Answering Paragraph 42 of the FAC, U.S. Fire avers that to the extent Plaintiffs are asserting a legal opinion, no response is required. To the extent any response is required, U.S. Fire denies the allegations contained in Paragraph 42.

- 6 -

## SECOND CLAIM FOR RELIEF:
## BREACH OF CONTRACT RE DEFENDANTS'
## DUTY TO INDEMNIFY AND DUTY TO SETTLE

No response is required to the allegations contained in Paragraphs 43 through 45 of the FAC because the Second Claim for Relief has been dismissed by Order of this Court entered February 12, 2008.

## THIRD CLAIM FOR RELIEF:
## TORTIOUS BREACH OF THE COVENANT
## OF GOOD FAITH AND FAIR DEALING AGAINST
## DEFENDANTS U.S. FIRE, MARKEL AND WESTCHESTER

No response is required to the allegations contained in Paragraphs 46 through 53 of the FAC because the Third Claim for Relief has been dismissed by Order of this Court entered February 12, 2008 .

## AFFIRMATIVE DEFENSES

U.S. Fire sets forth below its affirmative defenses. Each defense is asserted as to all causes of action against U.S. Fire. By setting forth these affirmative defenses, U.S. Fire does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject necessarily is relevant to Plaintiffs' allegations.

## FIRST AFFIRMATIVE DEFENSE

The FAC and each claim for relief alleged therein, fails to state facts sufficient to constitute a claim for relief against U.S. Fire.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of equitable estoppel and/or quasi-estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to the relief to the extent Plaintiffs failed to perform and/or satisfy any condition precedent under the insurance contracts at issue.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs had notice of the conditions, events or injuries alleged in the *Snow* Action and failed to give timely notice to the Defendants, Plaintiffs' claim for relief is barred.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs negligently or intentionally failed to disclose, concealed or misrepresented facts concerning the risks undertaken by the Defendants, Plaintiffs claim is barred, the insurance issued by Defendants is null and void and the Defendants may, but need not formally, rescind the policies.

## NINTH AFFIRMATIVE DEFENSE

Any obligation of the Defendants to perform under their policies is excused by Plaintiffs' breach of any obligation owed under the policies at issue, including but not limited to Plaintiffs breach of and/or failure to perform their duty to cooperate.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred in whole or in part by the terms, exclusions, conditions and limitations contained in the insurance contracts between the Defendants and the Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent the insurance contracts at issue are subject to various limitations, including, but not limited to, deductibles, retentions, the "retained limit", retrospective rating plans or deductions, U.S. Fire's liability to Plaintiffs, if any, is thereby restricted or off-set.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that any primary or other underlying insurance has not exhausted, U.S. Fire

owes no obligation to Plaintiffs.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs have failed to mitigate any financial liability caused to them, their claim is barred.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs claim is barred to the extent no covered "personal injury" or "occurrence" has taken place during any insurance policy period at issue.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have incurred no fortuitous loss, their claim is barred.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs acted intentionally, Plaintiffs' claim is barred.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs expected or intended injury, their claim is barred.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent there are no "damages" as defined by the insurance contracts at issue, Plaintiffs claim is barred.

### NINETEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs incur liability as the result of any criminal act, coverage is barred.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred to the extent it seeks insurance coverage for penalties or fines.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiffs did not seek U.S. Fire consent with respect to any settlements for which Plaintiffs seek coverage, their claims are barred.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek relief with respect to monies that Plaintiffs are not legally obligated to pay as damages, Plaintiffs claims are barred.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek coverage for voluntary payments, Plaintiffs' claim is

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

U.S. FIRE'S ANSWER TO FIRST AMENDED COMPLAINT – CASE NO. C-07-2853 SBA

barred.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff have not satisfied the maintenance of underlying insurance provisions in the policies, Plaintiffs' claim is barred.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred by the professional liability limitation contained the insurance contracts at issue.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek relief with respect to punitive damages, their claim is barred.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Any allocation of defense or indemnity costs among Plaintiffs, their other insurers and U.S. Fire are governed by principles of equity and the specific language of Plaintiffs' insurance policies. To the extent Plaintiffs' other carriers have paid less than their fair share of insurance benefits to Plaintiffs in comparison with U.S. Fire and/or less than contractually obligated to pay, Plaintiffs cannot recover from U.S. Fire.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

U.S. Fire hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case and hereby reserves the right to amend its Answer to assert any such defenses.

WHEREFORE, U.S. Fire pray for judgment as follows:

1. That Plaintiffs take nothing;
2. That judgment be entered in favor of U.S. Fire;
3. For costs of suit incurred herein; and

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

U.S. FIRE'S ANSWER TO FIRST AMENDED COMPLAINT – CASE NO. C-07-2853 SBA

4. For such other and further relief as this Court deems just and proper.

Dated: March 3, 2008

SQUIRE, SANDERS & DEMPSEY L.L.P.

By: _____
David A. Gabianelli
Attorneys for Defendant
UNITED STATES FIRE INSURANCE COMPANY

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is One Maritime Plaza, Third Floor, San Francisco, California 94111-3492.

On March 3, 2008, I served the following document described as:

**U.S. FIRE INSURANCE COMPANY'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS LENSCRAFTERS' SECOND AND THIRD CAUSES OF ACTION**

☒ VIA THE UNITED STATES DISTRICT COURT ELECTRONIC FILING SERVICE on interested parties in this action as set forth below:

Richard DeNatale, Esq.
Celia M. Jackson, Esq.
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone:   (415) 772-6000
Facsimile:   (415) 772-6268
*richard.denatale@hellerehrman.com*
*celia.jackson@hellerehrman.com*

Terrence R. McInnis, Esq.
Ross, Dixon & Bell, LLP
5 Park Plaza, Suite 1200
Irvine, CA 92614
Telephone:   (949) 622-2700
Facsimile:   (949) 622-2739
*tmcinnis@rdblaw.com*

Robert D. Dennison, Esq.
Harris, Green & Dennison
5959 W. Century Blvd., Suite 1100
Los Angeles, CA 90045
Telephone:   (310) 665-8656
Facsimile:   (310) 665-8659
*rdd@h-glaw.net*

Alex F. Stuart, Esq.
Willoughby, Stuart & Bening
Fairmont Plaza
50 West San Fernando, Suite 400
San Jose, CA 95113
Telephone:   (408) 289-1972
Facsimile:   (408) 295-6375
*afs@wsblaw.net*

Chip Cox, Esq.
Long & Levitt
465 California Street, 5th Floor
San Francisco, CA 94104
Telephone:   (415) 438-4413
Facsimile:   (415) 397-6392
*chipc@longlevit.com*

Executed on March 3, 2008, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/s/ Lanii Langlois
Lanii Langlois