RICHARD DeNATALE (Bar No. 121416)
CELIA M. JACKSON (Bar No. 124508)
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268
Email: richard.denatale@hellerehrman.com
Email: celia.jackson@hellerehrman.com

Attorneys for Plaintiffs
LENSCRAFTERS, INC. and EYEXAM OF CALIFORNIA, INC.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENSCRAFTERS, INC. and EYEXAM OF CALIFORNIA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY and WESTCHESTER FIRE INSURANCE COMPANY,<br><br>Defendants, | Case No.: C-07-2853 SBA<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO CONTINUE APRIL 23, 2008 CASE MANAGEMENT CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES RE SAME**<br><br>Date: April 15, 2008<br>Time: 1:00 p.m.<br>Courtroom: 3<br>The Hon. Saundra Brown Armstrong |
| AND RELATED COUNTER- AND CROSS-CLAIMS. | |

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on April 15, 2008, at 1:00 p.m., in Courtroom 3 of the United States District Court, Northern District of California, located at 1301 Clay Street, 3rd Floor, Oakland, California, plaintiffs LensCrafters, Inc. and EYEXAM of California, Inc. will and do move pursuant to Local Rules of Court, Rule 16-10(c), to continue the Case Management Conference scheduled in this action for April 23, 2008 for approximately 90 days. Plaintiffs make this motion in light of the Court's February 12, 2008 Order, which set forth criteria for the ripeness of plaintiffs' claims for breach of the duty to settle and breach of the covenant of good faith and fair dealing. Plaintiffs believe that once the settlement in the underlying *Snow* case is finalized, they will be able to amend their complaint to allege such claims. A hearing for final approval of the *Snow* settlement is scheduled for July 11, 2008. The parties will be in a better position after that date to define the claims and issues remaining in this case and discuss dates for trial and other deadlines. This motion is based on the memorandum of points and authorities filed herewith, the Declaration of Celia M. Jackson accompanying this motion, the pleadings and papers in this action, and on any argument to be made at the hearing.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Pursuant to Local Rules of Court, Rule 16-10(c), plaintiffs LensCrafters, Inc. and EYEXAM of California, Inc. (together, "LensCrafters") respectfully request that the Court continue the Case Management Conference scheduled for April 23, 2008 for approximately 90 days. LensCrafters makes this request in light of the Court's February 12, 2008 Order, which set forth criteria for the ripeness of claims for breach of the duty to settle and breach of the covenant of good faith and fair dealing. Based on the discussion in the Order, LensCrafters anticipates that it will be able to amend the complaint to allege such claims against defendants Markel American Insurance Company ("Markel") and United States Fire Insurance Company ("U.S. Fire") once the settlement in the underlying *Snow* case receives final court approval.

The Superior Court has scheduled the final approval hearing for July 11, 2008. After that date, the parties should be in position to apprise the Court about what claims and issues remain in

1

this case, and to discuss dates for trial and pre-trial deadlines. In the meantime, the parties will continue to pursue discovery—LensCrafters is not requesting a complete stay. But the interests of judicial economy suggest that the next Case Management Conference be deferred until after the July 11 final approval hearing in *Snow*.

LensCrafters has met and conferred with defendants regarding this continuance. Liberty Mutual Fire Insurance Company ("Liberty"), Executive Risk Specialty Insurance Company ("ERSIC"), and Westchester Fire Insurance Company ("Westchester") do not oppose a continuance. Markel and U.S. Fire have declined to stipulate to a continuance, but have not informed us whether they intend to oppose this motion. *See* Declaration of Celia M. Jackson in Support of Motion To Continue April 23, 2008 Case Management Conference ("Jackson Dec."), ¶ 9.

Accordingly, LensCrafters respectfully requests that the Court continue the April 23 Case Management Conference and reschedule the CMC for late July or early August, after the final approval hearing in *Snow*.

## II.   STATEMENT OF FACTS

### A.   The *Snow* Settlement

This lawsuit involves a dispute between LensCrafters and defendant insurers regarding indemnity coverage and the duty to settle related to a class action lawsuit entitled *Melvin Gene Snow, et al. v. LensCrafters, Inc., et al.*, San Francisco Superior Court Case No. CGC-02-40554 ("*Snow*"). The *Snow* action has been pending for nearly six years. After intensive negotiations lasting from early 2007 until early 2008, including multiple mediation sessions before the Hon. Edward A. Infante (Ret.) and the Hon. Ronald M. Sabraw (Ret.), the parties in *Snow* were able to achieve a settlement. The settlement agreement covers a class of more than one million California consumers and will provide a combination of cash and discount vouchers to class members. Jackson Dec., ¶ 2.

On February 4, 2008, the parties submitted the *Snow* settlement to the Hon. Richard A Kramer, who is presiding over the *Snow* case, for preliminary approval. On the same date, the Superior Court issued an order granting preliminary approval of the *Snow* settlement (the "*Snow*

2

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO CONTINUE APRIL 23, 2008 CASE MANAGEMENT CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES RE SAME, CASE NO. C 07-2853 SBA

Settlement Order"). *See* Jackson Dec., Ex. 1.

The *Snow* Settlement Order sets the following dates related to the submission of claims by class members:

- April 4, 2008 — Deadline for mailing notice/claims forms to class members
- June 11, 2008 — Deadline for class members to opt out of settlement
- June 11, 2008 — Deadline for class members to object to settlement
- August 4, 2008 — Claims period closes

*Id.* The *Snow* Settlement Order also sets a hearing for final approval of the *Snow* settlement for July 11, 2008. *Id.*[1] Thus, by this date, LensCrafters and the insurers should know whether the *Snow* settlement will become final.

### B. LensCrafters' Settlements with Liberty, ERSIC and Westchester

As part of the settlement negotiations with the *Snow* plaintiffs, LensCrafters reached settlement agreements with three of its insurers: Liberty, ERSIC, and Westchester. Each of these insurers consented to the *Snow* settlement and agreed to provide funding for the settlement. Liberty and ERSIC's contributions have exhausted their policy limits. The two other insurers, Markel and U.S. Fire, refused to participate in the settlement. Jackson Dec., ¶ 4.[2]

### C. The Court's February 12 Order Dismissing the Second and Third Claims for Relief in the Amended Complaint on Grounds of Ripeness

In August 2007, after the parties in *Snow* had reached a settlement-in-principle contingent on approval and funding by the insurers, LensCrafters sought leave to amend its complaint to add claims for breach of the duty to settle and bad faith. Jackson Dec., ¶ 6. U.S. Fire and Westchester filed oppositions, but the Court granted LensCrafters' motion to amend on September 28, 2007. On

---

[1] Under the terms of the settlement agreement, the settlement becomes final upon approval by the Superior Court if there are no objections. If objections are filed, the settlement becomes final 60 days after the final approval order unless a timely appeal is filed.

[2] The settlement agreements between LensCrafters and the settling insurers are confidential and therefore, we have not included them with this motion. As part of the settlements, LensCrafters agreed to file dismissals of its claims against these insurers immediately upon preliminary approval of the *Snow* settlement. As required by Fed. Rule Civ. Pro., Rule 41(a)(1), LensCrafters sought a stipulation from all defendants to dismiss its claims against the settling insurers. Markel refused to sign the stipulation. Consequently, LensCrafters was forced to file a motion asking the Court to enter the dismissals. That motion is scheduled for hearing on April 8. Jackson Dec., ¶ 5.

1  October 2, 2007, LensCrafters filed a First Amended Complaint for Declaratory Relief, Breach of
2  Contract and Breach of the Covenant of Good Faith and Fair Dealing. *Id.*, ¶ 3.
3        LensCrafters' Second Claim for Relief alleged breach of the insurers' duty to settle the
4  *Snow* action. Specifically, this claim alleged that the insurers had a duty to accept a reasonable
5  settlement; that LensCrafters and the *Snow* plaintiffs had reached a conditional settlement; that the
6  settlement was reasonable in light of LensCrafters' potential liability; and that insurers had
7  breached the duty to settle by refusing to accept and fund that settlement. The Third Claim for
8  Relief alleged tortious breach of the covenant of good faith and fair dealing—*i.e.*, bad faith—also
9  related to (among other actions) the insurers' failure to approve and fund the *Snow* settlement.
10 Markel and U.S. Fire moved to dismiss these claims on grounds that they were not ripe for
11 adjudication because no judgment or settlement had been entered in the *Snow* case.
12        It took the parties in *Snow* much longer than anticipated to finalize their settlement
13 agreement and submit the settlement to the Superior Court for preliminary approval. As noted
14 above, these events did not take place until after the briefing had been completed on the insurers'
15 motion to dismiss. On February 12, 2008, the Court issued an order (the "Order") granting the
16 insurers' motion.[3] The Court first found that there was "no serious dispute" that excess insurers
17 such as Markel and U.S. Fire have a duty to settle. Order, at 4:11. "Both primary and excess
18 insurers have an obligation to accept a reasonable settlement." *Id.* at 4:19-20. The Court, however,
19 accepted defendants' argument that "in the absence of any actual settlement or judgment in excess
20 of its primary limits, LensCrafters cannot allege a breach of the duty to settle against the excess
21 insurers." *Id.* at 4:24-26. Under the criteria set forth in the Order, LensCrafters' claims for breach
22 of the duty to settle and for bad faith become ripe once there is an actual settlement in *Snow* in
23 excess of the limits of LensCrafters' primary policies.

### III.  THE COURT SHOULD CONTINUE THE CASE MANAGEMENT CONFERENCE FOR 90 DAYS, UNTIL AFTER THE FINAL APPROVAL HEARING IN SNOW

At the time that LensCrafters amended its complaint, it had reached a settlement-in-

---

[3]For the Court's convenience, we enclose a copy of the Order as Exhibit 2 to the Jackson Dec.

4

principle with the *Snow* plaintiffs that was conditional on approval and funding by LensCrafters' insurers. LensCrafters believed that its claims for breach of the duty to settle and breach of the covenant of good faith and fair dealing were ripe for adjudication at that time; the Court, however, has held otherwise. LensCrafters believes that it will be able to meet the criteria set forth in the Order and allege ripe claims for breach of contract and bad faith against Markel and U.S. Fire once the *Snow* settlement becomes final. This is expected to occur at the final approval hearing on July 11.

In the interest of judicial economy, LensCrafters requests that the Court continue the April 23 Case Management Conference for approximately 90 days, until after the final approval hearing in *Snow*. LensCrafters suggests that the Court reschedule the CMC for late July or early August, so that the parties can file their Joint Case Management Conference Statement shortly after the July 11 final approval hearing. At that time, the scope of this litigation will be much clearer, and the parties will be able to apprise the Court as to the claims and issues remaining. The parties will also be able to propose dates for trial and pre-trial activities.

Between now and July, LensCrafters proposes that the parties continue to move this case forward by proceeding with discovery. LensCrafters served document requests on Markel and U.S. Fire last October, and is currently engaged in meet and confer efforts regarding defendants' responses. Jackson Dec., ¶ 8. More recently, Markel and U.S. Fire served requests for documents on LensCrafters. LensCrafters' written responses are due on April 9. *Id.* These discovery efforts should continue while the final approval process in the *Snow* case plays out.

**IV.    CONCLUSION**

For the reasons stated above, LensCrafters respectfully requests that the Court continue the scheduled April 23, 2008 Case Management Conference for approximately 90 days until the Superior Court rules on final approval of the *Snow* settlement.

///

1 | DATED: March 7, 2008        Respectfully submitted,

2 |                             HELLER EHRMAN LLP

4 |                             By  /s/ Celia M. Jackson
5 |                                  Celia M. Jackson

6 |                             Attorneys for Plaintiffs
                                LENSCRAFTERS, INC. and EYEXAM OF
7 |                             CALIFORNIA, INC.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO CONTINUE APRIL 23, 2008 CASE MANAGEMENT CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES RE SAME, CASE NO. C 07-2853 SBA