RICHARD DeNATALE (California Bar No. 121416)
CELIA M. JACKSON (California Bar No. 124508)
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268
Email: richard.denatale@hellerehrman.com
Email: celia.jackson@hellerehrman.com

Attorneys for Plaintiffs
LENSCRAFTERS, INC. and EYEXAM OF
CALIFORNIA, INC.

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENSCRAFTERS, INC. and EYEXAM OF CALIFORNIA, INC., | Case No.: C-07-2853 SBA |
| Plaintiffs, | **DECLARATION OF CELIA M. JACKSON IN SUPPORT OF PLAINTIFFS' MOTION TO CONTINUE APRIL 23, 2008 CASE MANAGEMENT CONFERENCE** |
| v. | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY and WESTCHESTER FIRE INSURANCE COMPANY, | Date: April 15, 2008 Time: 1:00 p.m. Courtroom: 3 The Hon. Saundra Brown Armstrong |
| Defendants, | |
| AND RELATED COUNTER- AND CROSS-CLAIMS. | |

I, Celia M. Jackson, declare:

1.      I am an attorney in the law firm of Heller Ehrman LLP, counsel of record for Plaintiffs LensCrafters, Inc. and EYEXAM of California, Inc. (together, "LensCrafters") in this action. I have personal knowledge of the matters stated in this declaration, and if I were asked to testify regarding these matters, I could competently do so.

2.      This lawsuit involves a dispute between LensCrafters and defendant insurers regarding indemnity coverage for a class action lawsuit entitled *Melvin Gene Snow, et al. v. LensCrafters, Inc., et al.*, San Francisco Superior Court Case No. CGC-02-40554 ("*Snow*"). The *Snow* action has been pending for nearly six years. After a year of intensive negotiations, including multiple mediation sessions with the Hon. Edward A. Infante (Ret.) and the Hon. Ronald M. Sabraw (Ret.), the parties in *Snow* were able to achieve a settlement. The settlement agreement covers a class of more than one million California consumers and will provide a combination of cash and discount vouchers to class members.

3.      The parties presented the *Snow* settlement to the Hon. Richard A Kramer, who is presiding over the *Snow* case, on February 4, 2008. On that date, the court granted preliminary approval of the *Snow* settlement. Attached to this Declaration as Exhibit 1 is a true and correct copy of the court's Order (1) Preliminarily Approving Class Action Settlement, (2) Conditionally Certifying a Settlement Class, (3) Approving Form and Methods of Class Notice, and (4) Scheduling Final Approval and Settlement (without exhibits). In accordance with this order, the final approval hearing is scheduled for July 11, 2008.

4.      As part of the settlement negotiations with the *Snow* plaintiffs, LensCrafters reached settlement agreements with three of its insurers: Liberty Mutual Fire Insurance Company ("Liberty"), Executive Risk Specialty Insurance Company ("ERSIC") and Westchester Fire Insurance Company ("Westchester"). These insurers consented to the *Snow* settlement and each insurer agreed to provide funding for the settlement. Liberty and ERSIC's contributions have exhausted their policy limits. Defendants Markel American Insurance Company ("Markel") and United States Fire Insurance Company ("U.S. Fire") refused to participate in the settlement.

5.      In accordance with the settlement agreements between LensCrafters and the settling

1

insurers, LensCrafters has agreed to file dismissals without prejudice of its claims against these insurers.  On February 15, 2008, I circulated to all defendants a draft of a stipulation to dismiss LensCrafters' claims against Liberty, ERSIC and Westchester.  After negotiations over the language of the stipulation, all defendants other than Markel agreed within a few days to execute the stipulation.  Markel refused to sign the stipulation.  Because of Markel's refusal, LensCrafters has filed a motion asking the Court to enter a dismissal of these claims; that motion is scheduled for hearing on April 8, 2008.

6.    In August 2007, after the parties in *Snow* had reached a settlement-in-principle contingent on approval and funding by the insurers, LensCrafters sought leave to amend its complaint to add claims for breach of the duty to settle and breach of the covenant of good faith and fair dealing.  U.S. Fire and Westchester filed oppositions, but the Court granted LensCrafters' motion to amend on September 28, 2007.  On October 2, 2007, LensCrafters filed a First Amended Complaint for Declaratory Relief, Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing.  Markel and U.S. Fire moved to dismiss the Second and Third Claims for Relief on grounds that they were not ripe for adjudication because no judgment or settlement had been entered in the *Snow* case.

7.    On February 12, 2008, the Court issued an Order granting the motions to dismiss.  A true and correct copy of this Order is attached to this Declaration as Exhibit 2.

8.    LensCrafters served document requests on Markel and U.S. Fire in October 2007.  I am currently engaged in meet and confer efforts regarding defendants' responses.  Markel and U.S. Fire have served requests for documents on LensCrafters.  LensCrafters' written responses are due on April 9.

///

DECLARATION OF CELIA M. JACKSON IN SUPPORT OF PLAINTIFFS' MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE, CASE NO. CV 07-2853 SBA

9.      I have personally met and conferred with counsel for all defendants regarding this continuance.  Liberty, ERSIC and Westchester do not oppose a continuance.  Markel and U.S. Fire have declined to stipulate to a continuance, but have informed me that they are not necessarily opposed to it, and it is unclear whether they intend to oppose this motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of March 2008 in San Francisco, California.


_____/s/_Celia M. Jackson_____
Celia M. Jackson

DECLARATION OF CELIA M. JACKSON IN SUPPORT OF PLAINTIFFS' MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE, CASE NO. CV 07-2853 SBA

# EXHIBIT 1

ENDORSED
F I L E D
San Francisco County Superior Court

FEB 0 4 2008

GORDON PARK-LI, Clerk
BY: _JHAUE ROQUE_
                        Deputy Clerk

1   LORI A. SCHECHTER (BAR NO. 139728)
    LSchechter@mofo.com
2   ROGER E. COLLANTON (BAR NO. 178831)
    RCollanton@mofo.com
3   ELISABETH S. TRAUGOTT (BAR NO. 215931)
    ETraugott@mofo.com
4   MORRISON & FOERSTER LLP
    425 Market Street
5   San Francisco, California  94105-2482
    Telephone: 415.268.7000
6   Facsimile: 415.268.7522

7   Attorneys for Defendants

8
    RICHARD H. SCHOENBERGER (BAR NO. 122190)
9   RSchoenberger@walkuplawoffice.com
    MATTHEW D. DAVIS (BAR NO. 141986)
10  MDavis@walkuplawoffice.com
    KHALDOUN A. BAGHDADI (BAR NO. 190111)
11  KBaghdadi@walkuplawoffice.com
    WALKUP, MELODIA, KELLY & SCHOENBERGER
12  650 California Street, 26th Floor
    San Francisco, California  94108
13  Telephone: (415) 981-7210

14  Attorneys for Plaintiffs

15          SUPERIOR COURT OF THE STATE OF CALIFORNIA
16
       COUNTY OF SAN FRANCISCO — UNLIMITED JURISDICTION
17

18  MELVIN GENE SNOW, individually and on          No.   CGC-02-405544
19  behalf of all others similarly situated; SABRINA
    HUGHES, individually and on behalf of all others
20  similarly situated,                            [PROPOSED] ORDER (1)
                                                    PRELIMINARILY APPROVING
21                              Plaintiffs,         CLASS ACTION SETTLEMENT, (2)
                                                    CONDITIONALLY CERTIFYING A
22              v.                                  SETTLEMENT CLASS, (3)
                                                    APPROVING FORM AND
23  LENSCRAFTERS, INC., et al.,                     METHODS OF CLASS NOTICE,
                                                    AND (4) SCHEDULING FINAL
24                              Defendants.         APPROVAL OF SETTLEMENT

25                                                  Dept.:    304
                                                    Judge:   Hon. Richard A. Kramer
26                                                  Complaint Filed:  March 12, 2002

27

28  sf-2323297                          1
    [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING
    SETTLEMENT CLASS, APPROVING FORM & METHODS OF NOTICE AND SCHEDULING FINAL APPROVAL OF SETTLEMENT

1    WHEREAS, this Court has reviewed the Settlement Agreement and Release

2    ("Agreement") made by and among Defendant LensCrafters, Inc., an Ohio corporation,

3    ("LensCrafters"), Defendant EYEXAM of California, Inc., a California corporation

4    ("EYEXAM") (collectively "Defendants") and Plaintiffs Melvin Gene Snow and Sabrina Hughes

5    Lochner, in their individual capacities and as representatives (collectively "Class

6    Representatives") of the "Settlement Class," as defined below, in the action *Snow et al. v.*

7    *LensCrafters et al.*, San Francisco Superior Court No. CGC-02-405544 (the "Action"), together

8    with all exhibits thereto, the record in the Action, and the arguments of counsel;

9
    IT IS HEREBY ORDERED AS FOLLOWS:
10

11    1.    All terms and definitions used herein have the same meanings as set forth in the

12    Agreement.

13    2.    The proposed settlement set forth in the Agreement is hereby preliminarily

14    approved as being within the range of reasonableness such that notice thereof should be

15    given to members of the Settlement Class (as defined in the following paragraph).

16    3.    Pursuant to California Code of Civil Procedure section 382, the following

17    Settlement Class is provisionally certified for purposes of settlement only:

18

19    All persons who had their eyes examined at an EYEXAM office
      located in California and purchased eyewear on the same day from
20    LensCrafters during the period from March 12, 1998 to the date of
      the Court's preliminary approval of the Settlement.

21

22    Inherent in the Court's provisional certification of the Settlement Class are findings that

23    the Settlement Class is ascertainable; that its members are too numerous to practicably be joined;

24    that the Action raises common legal and factual questions; that the Class Representatives' claims

25    are typical of the claims of the Settlement Class as a whole; that the Class Representatives and

26    Settlement Class Members share a community of interest in the Action; that neither the Class

27    Representatives nor Class Counsel have interests adverse to the Settlement Class, and that Class

28    Counsel are competent and experienced; that common questions predominate over questions

sf-2323297                                    2

1   affecting only individual Settlement Class Members; and that this Action and this settlement are

2   appropriate means for resolving the Settlement Class Members' claims expeditiously and

3   economically.

4       4.   Class Counsel and Class Representatives are hereby appointed to represent the

5   Settlement Class. The following attorney is hereby appointed as Class Counsel: Matthew D.

6   Davis of Walkup, Melodia, Kelly & Schoenberger. The following persons are hereby

7   appointed as Class Representatives: Melvin Gene Snow and Sabrina Hughes Lochner.

8       5.   This Court's certification of the Settlement Class and findings incident thereto

9   shall be solely for settlement purposes. Certification of the Settlement Class shall be vacated

10   and shall have no effect in the event that the Agreement is not finally approved by this Court

11   or otherwise does not take effect. In the event the Court's approval of the Agreement or

12   certification of the Settlement Class is disapproved, reversed, vacated or terminated, neither

13   the Settlement Agreement nor the findings in this Order shall affect the rights of the parties to

14   take action in support of or in opposition to class certification or to prosecute or defend this

15   action, or this Court's ability to grant or deny certification for litigation purposes. If this

16   provisional class certification order is vacated, the parties shall all be restored to the *status*

17   *quo ante* as of the date preceding the date of this Order.

18       6.   The Category 1 Notice and Claim Form, Category 2 Notice and Claim Form

19   (collectively the "Notice and Claim Form"), and the Full Notice of Pendency and Proposed

20   Settlement of Class Action ("Full Notice"), which are attached to the Agreement as Exhibits

21   A, B and C respectively, are hereby approved as to form.

22       7.   The Notice and Claim Forms shall be mailed to Class Members, at their last

23   known addresses, no later than 60 days after the date of the Court's preliminary approval of

24   the Settlement. The Settlement Administrator will re-mail any Notice and Claim Form

25   returned undeliverable with a forwarding address indicated. For any Notice and Claim Form

26   returned undeliverable without a forwarding address, the Settlement Administrator will make

27   one attempt to follow-up and re-mail the Notice and Claim Form, by performing an address

28   search using credit bureau and other public source data. The Full Notice shall be posted on a

3

1    settlement website at www.XXXXX.com (the "Settlement Website") until the date of the

2    Final Hearing, as set forth and defined in paragraph 10 below, and made available for

3    mailing upon telephone request.

4        8.    The Court finds that the Notice and Claim Form mailed to Settlement Class

5    Members, and the Full Notice, available on the Settlement Website constitute reasonable

6    notice under the circumstances and constitute valid, due, and sufficient notice to all members

7    of the Settlement Class of their rights and obligations, complying fully with the requirements

8    of California Code of Civil Procedure section 382, the California and United States

9    Constitutions, and any other applicable law.  The Court further finds that the method of class

10   notice proposed in the Agreement constitutes reasonable notice under the circumstances and ·

11   constitutes valid, due, and sufficient notice to all members of the Settlement Class of their

12   rights and obligations, complying fully with the requirements of California Code of Civil

13   Procedure section 382, the California and United States Constitutions, and any other

14   applicable law.

15       9.    Any member of the Settlement Class who does not file a valid and timely request

16   for exclusion will be bound by the Judgment and Order of Dismissal dismissing the Action

17   on the merits and with prejudice.

18       10.   A hearing (the "Final Hearing") shall be held by the Court on _July 11, 2008_ at

19   _9:30_ (a.m)/p.m., to consider and determine whether the requirements for certification of the

20   Settlement Class have been met and whether the proposed settlement of the Action on the

21   terms set forth in the Agreement should be approved as fair, reasonable, adequate and in the

22   best interests of the Settlement Class Members; whether Class Counsel's fee and expense

23   application should be approved; and whether the Final Judgment approving the settlement

24   and dismissing the Action on the merits and with prejudice against the Class Representatives

25   and all Settlement Class Members should be entered.

26       11.   The Final Hearing may, from time to time and without further notice to the

27   Settlement Class (except those who have filed timely and valid objections), be continued or

28   adjourned by Order of the Court.

sf-2323297

4

1    12.    Any Settlement Class Member who seeks to be excluded from the Settlement

2  Class must send a request by letter or postcard by U.S. mail, postmarked no later than ~~30~~

3  ~~days prior to the Final Hearing, on or before~~ June 2, 2008 to:

4  Matthew D. Davis                          Lori A. Schechter
   Walkup, Melodia, Kelly & Schoenberger     Morrison & Foerster LLP
5  650 California Street, 26th Floor          425 Market Street
   San Francisco, CA 94108                    San Francisco, CA 94105
6  Telephone: (415) 981-7210                  Telephone: (415) 268-7000
   Attorney for Settlement Class              Attorney for Defendants LensCrafters, Inc. and
7                                             EYEXAM of California, Inc.

8    13.    Objections by any Settlement Class Member to: (a) the certification of the

9  Settlement Class and the proposed settlement contained in the Agreement and described in

10 the Summary Notice; (b) the payment of fees and expenses to Class Counsel; and/or (c) entry

11 of the Final Judgment, shall be heard and any papers submitted in support of said objections

12 shall be considered by the Court at the Final Hearing only if, no later than ~~30 days prior to~~

13 ~~the final hearing, on or before~~ June 2, 2008, such objector files with the Court a notice of

14 such objections, states the basis for such objections, indicates that the objector is a member

15 of the Settlement Class, and serves copies of the foregoing and all other papers in support of

16 such objections on counsel identified in paragraph 12 above on or before June 2, 2008

17   14.    No later than ~~June~~ June 27, 2008, the parties shall file all papers in support of

18 the application for final approval of the settlement, the application for payment of attorneys'

19 fees and expenses, and/or any papers in response to any valid and timely objections with the

20 Court, and shall serve copies of such papers upon each other and upon any objectors who

21 have complied with the provisions of paragraph 13 of this Order.

22   15.    Counsel for the parties are hereby authorized to utilize all reasonable

23 procedures in connection with the administration of the settlement which are not materially

24 inconsistent with either this Order or the terms of the Agreement.

25

26

27

28
   sf-2323297                                5

1   IT IS SO ORDERED.

2   Dated: ___2 - 4___, 2008

3

4   Honorable Richard A. Kramer
    Judge of the Superior Court of California,
5   County of San Francisco

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING
SETTLEMENT CLASS, APPROVING FORM & METHODS OF NOTICE AND SCHEDULING FINAL APPROVAL OF SETTLEMENT

# EXHIBIT 2

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LENSCRAFTERS, INC., et al.,

        Plaintiffs,

  v.

LIBERTY MUTUAL FIRE
INSURANCE COMPANY, et al.,

        Defendants.

_____/

No. C 07-2853 SBA

**ORDER**

[Docket Nos. 90 & 92]

      Currently before the Court are defendant U.S. Fire Insurance Company's ("U.S. Fire") motion to dismiss plaintiff LensCrafters, Inc.'s Second and Third Claims for Relief in Plaintiffs' First Amended Complaint (the "FAC") [Docket No. 92], and defendant Markel American Insurance Company's ("Markel") motion to dismiss LensCrafter's Second and Third Claims for Relief [Docket No. 90].[1] Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. For the reasons articulated below, the Court hereby GRANTS the motions to dismiss.

**BACKGROUND**

**A.    The Underlying *Snow* Action**

      As alleged in the FAC, in March 2002 Melvin Gene Snow filed a class action complaint in San Francisco Superior Court against LensCrafters, Inc., EYEXAM of California, Inc.,[2] and several other entities (*Melvin Gene Snow, et al. v. LensCrafters, Inc., et al.*, San Francisco Superior Court, Case No.

---

[1]Defendant Westchester Fire Insurance Company has withdrawn its motion to dismiss. *See* docket No. 114.

[2]LensCrafters, Inc. and EYEXAM are referred to collectively as "LensCrafters."

CGC-02-40554 ("*Snow*")). FAC, ¶ 27. Among other things, the complaint in the *Snow* case alleges that LensCrafters disclosed private medical information of the putative plaintiff class, in violation of the California Confidentiality of Medical Information Act ("COMIA") (Cal. Civ. Code § 56, regulating disclosure of confidential medical information). *Id.,* ¶ 28.

After approximately six years of litigation, the parties to the *Snow* action have allegedly reached a settlement-in-principle. *Id.,* ¶¶ 34-37. The settlement is alleged to be for less than the limits of defendants U.S. Fire's, Markel's, and Westchester's policies, and was expressly conditioned on defendants approving and funding the settlement. *Id.,* ¶ 34. LensCrafters allegedly requested that defendants fund the settlement, which they refused to do. *Id.,* ¶ 36.

**B.    LensCrafters' Excess Policies**

Defendant U.S. Fire issued three excess policies to LensCrafters from 1998 to 2001, each of which provides a $25 million limit of liability per occurrence and in the aggregate. (*Id.* at ¶ 20.) Defendant Markel American Insurance Company ("Markel") issued a single excess policy  to LensCrafters providing $15 million in coverage for the February 2001 to February 2002 policy period. (*Id.* at ¶ 22.). Defendant Westchester Fire Insurance Company issued five excess policies to LensCrafters from 2001 to 2007, one of which provides $10 million in coverage in excess of Markel's policy and the other four of which provide a $25 million limit of liability per occurrence and in the aggregate. (*Id.* at ¶ 24-25.)

**C.    LensCrafters' Lawsuit**

On May 31, 2007, LensCrafters filed this declaratory relief lawsuit. This suit initially requested only a declaration regarding LensCrafters' insurers' obligations to provide coverage for the *Snow* action under its insurance policies. On August 6, 2007, LensCrafters sought to amend its complaint to add breach of contract and bad faith claims. On September 28, 2007, the Court granted LensCrafters' Motion for Leave to file its FAC, which it filed on October 2, 2007.

The FAC added two new claims for relief. In the Second Claim for Relief, entitled "Breach of Contract Re Defendants' Duty To Indemnify and Duty To Settle," LensCrafters alleges that it asked

2

defendants to accept and fund a settlement that had been reached in the *Snow* case; that defendants refused to do so, thereby exposing LensCrafters to a judgment in excess of the settlement amount; and that "[a]s a direct and proximate result of defendants' acts, LensCrafters has been damaged in an amount that is to be proved at trial and that is in excess of the jurisdictional requirements of this Court." FAC,¶¶ 44, 45.

In the Third Claim for Relief, entitled "Tortious Breach of the Covenant of GoodFaith and Fair Dealing," LensCrafters alleges that defendants have breached the covenant of good and fair dealing by, among other things, "failing to accept a reasonable settlement in the *Snow* Action." *See Id.,* ¶¶ 48(c), 49(b), 50(b). LensCrafters further alleges that it has "sustained damages in an amount yet to be determined including, but not limited to, attorneys' fees, related expenses and costs incurred in obtaining coverage under defendants' policies." *Id.,* ¶ 52.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955,1960 (2007). For purposes of such a motion, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Everest & Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994). All reasonable inferences are to be drawn in favor of the plaintiff. *Jacobson v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir. 1997).

The court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("[C]onclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim."); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 987, *as amended by* 275 F.3d 1187 (9th Cir. 2001)("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). "While a complaint attacked by a Rule 12(b)(6)

3

**United States District Court**
For the Northern District of California

1    motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

2    'grounds' of his 'entitle [ment] to relief' requires more than labels and conclusions, and a formulaic

3    recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise

4    a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1264-65.

**ANALYSIS**

**A.      Ripeness of the Breach of Contract Claim**

7            The primary dispositive issue in resolving these motions is whether defendants' breach of the

8    duty to settle is unripe because no settlement or judgment in excess of the primary policy limits has yet

9    been entered against LensCrafters; the parties are still in settlement negotiations, and no settlement has

10   been agreed to.

11          There is no serious dispute that defendants have a duty to settle. *See Fuller-Austin Insulation Co.*

12   *v. Highlands Ins. Co.*, 135 Cal.App.4th 958, 986 (2006) ([A]n excess insurer . . . owes its insured a duty

13   of good faith when faced with an offer of settlement that exhausts the underlying policy limits."). The

14   duty to settle arises from the implied covenant of good faith and fair dealing, which is inherent in every

15   contract of insurance. *See, e.g., Jordan v. Allstate Ins. Co.,* 148 Cal.App.4th 1062, 1071 (2007) ("A

16   covenant of good faith and fair dealing is implied in every insurance contract"). "[T]he implied

17   obligation of good faith and fair dealing requires the insurer to settle in an appropriate case although the

18   express terms of the policy do not impose the duty[.]" *Crisci v. Security Ins. Co. of New Haven, Conn.,*

19   66 Cal.2d 425, 429 (1967). Both primary and excess insurers have an obligation to accept a reasonable

20   settlement. "Any insurer, whether excess or primary, in conducting settlement negotiations, is subject

21   to an implied duty of good faith and fair dealing which requires it to consider the interests of the insured

22   equally with its own and evaluate settlement proposals as though it alone carried the entire risk of loss."

23   *Diamond Heights Homeowners Assn. v. National American Ins. Co.,* 227 Cal.App.3d 563, 578 (1991).

24          However, defendants argue that under controlling California precedent, in the absence of any

25   actual settlement or judgment in excess of its primary policy limits, LensCrafters cannot allege a breach

26   of the duty to settle against the excess insurers.

4

As the California Supreme Court stated in *Hamilton v. Maryland Cas. Co*, 27 Cal.4th 718, 725 (2002):

> An insurer that breaches its duty of reasonable settlement is liable for all the insured's damages proximately caused by the breach, regardless of policy limits. Where the underlying action has proceeded to trial and a judgment in excess of the policy limits has been entered against the insured, the insurer is ordinarily liable to its insured for the entire amount of that judgment. The insured's action for breach of the contractual duty to settle may be assigned to the claimant, regardless of whether assignments are permitted by the policy. Such an assignment may be made before trial, but the assignment does not become operative, and *the claimant's action against the insurer does not mature, until a judgment in excess of the policy limits has been entered against the insured.*[3]

*Hamilton*, 27 Cal.4th at 725 (emphasis added)(internal citations omitted).

LensCrafters counters that *Hamilton* is distinguishable on the grounds that the court there was concerned about the possibility of collusion and sham settlements, in the context of an assignment by the insured of its rights under the policy to the other party to the settlement in exchange for an agreement not to execute any judgment against the policyholder. LensCrafters argues that the court in *Hamilton* thus focused on whether a third party may bring a claim based upon a settlement rather than a judgment that was in excess of policy limits. *See Hamilton*, 27 Cal.4th at 725; *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 827 (9th Cir. 2003). LensCrafters avers that, "[g]iven those factual situations, and the underlying policy concern, courts, unsurprisingly, have held that a settlement was insufficient and that a judgment in excess of policy limits was necessary where the damages sought were the amount of the excess judgment. Here, such concerns do not exist . . ." Opp'n at 11, fn.6. LensCrafters thus asks this Court to fashion the rule that, contrary to the plain language of the controlling California authorities, an excess judgment is only required where concern regarding "collusion and sham settlements" is in play.

---

[3]However, an insured does not need an excess judgment in order to prosecute an action for bad faith related to the duty to settle where an insurer has contributed some part of a demanded settlement and the insured pays the remainder. The insured can proceed to collect its contribution from the insurer in an action based on the insurer's breach of the covenant of good faith and fair dealing without any requirement of an excess judgment. *See Hamilton*, 27 Cal.4th at 732 (citing *Isaacson v. California Ins. Guarantee Ass'n*, 44 Cal.3d 775, 793 (1988)). However, there is no allegation here that any insurer has contributed some part of a demanded settlement and the insured pays the remainder

5

**United States District Court**
For the Northern District of California

1    However, while it is true that the *Hamilton* Court was deciding the issue in the context of the

2    assignment of rights in exchange for an agreement not to execute, there is nothing in the decision

3    suggesting the court intended to limit its determination that a judgment is a prerequisite for a breach of

4    the duty to settle claim to such narrow circumstances. The plain language of the decision states only that

5    "the claimant's action against the insurer does not mature, until a judgment in excess of the policy limits

6    has been entered against the insured." *Hamilton*, 27 Cal.4th at 725. Moreover, the requirement of either

7    a settlement or excess judgment is well reasoned; if the contrary were the rule, an insured could sue an

8    excess insurer for breach of the duty to settle prior to any settlement, yet ultimately settle or incur a

9    judgment for within the insured's primary insurance layer, and therefore suffer no cognizable damages.

10   The mere *possibility* of future damages is simply not sufficient in this context for a claim to accrue. *See*

11   *Emerald Bay Community Ass'n v. Golden Eagle Ins. Corp.*, 130 Cal.App.4th 1078, 1096 (2005)

12   ("[P]laintiff needed to establish actual financial loss, not merely a potential that it may suffer a loss

13   sometime in the future").

14   Accordingly, this Court follows the plain language of the California Supreme Court's guidance

15   in *Hamilton* that an excess judgement or settlement is prerequisite to a ripe claim for breach of the duty

16   to settle. *See Mercado*, 340 F.3d at 827 (following *Hamilton* in holding that "[i]t is only after a litigated

17   excess judgment is obtained that an insurer's refusal to settle becomes actionable.").

18   **B.    Damages**

19   Defendants argue that, absent any actual settlement or judgement, LensCrafters has not suffered

20   any legally recoverable damages as a result of defendants' refusal to settle the *Snow* case. Under

21   California law, where an insurer breaches the covenant of good faith and fair dealing by its refusal to

22   accept a reasonable settlement, the insured is entitled to be compensated for all consequential damages

23   that flow from the insurer's breach. *See* Cal. Civ. Code § 3300 (defining damages for breach of contract

24   as "the amount which will compensate the aggrieved party for all the detriment proximately caused

25   thereby, or which, in the ordinary course of things, would be likely to result therefrom"). The

26   consequential damages for an insurer's breach of its duty to settle includes all amounts for which an

27

28

United States District Court
For the Northern District of California

insured is ultimately liable on a covered claim. *See Neal v. Farmers Ins. Exch*., 21 Cal.3d 910, 925 (1978) (for breach of the duty to settle, insured entitled to recover as compensation "damages proximately resulting from the breach—such as consequent economic loss or emotional distress, for example"); *Larraburu Bros., Inc. v.Royal Indem. Co.*, 604 F.2d 1208, 1215 (9th Cir. 1979) ("An unreasonable refusal to accept a settlement offer causes the insurer to be liable for consequential damages, such as mental suffering or economic loss . . . .").

LensCrafters claims that, even in the absence of any settlement or judgment, it has suffered damages other than the cost of the settlement or judgement -- namely, the costs incurred by being forced to continue to defend the action -- as a result of defendants' refusal to settle. "An insurer that breaches its duty of reasonable settlement is liable for all the insured's damages proximately caused by the breach, regardless of policy limits."*Hamilton*, 27 Cal.4th at 725.

However, as U.S. Fires correctly points out, LensCrafters has not actually included any allegations that it is currently being forced to pay its defense costs in its complaint, but only conclusorily states that it is being "damaged." Recognizing this deficiency, LensCrafters now seeks to pad the allegations in the Complaint with collateral factual allegations in its opposition papers. This is improper; the Court's review of the motions to dismiss should be limited to the contents of the FAC. *Schneider v. Calif. Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 2003). In determining whether to grant a motion to dismiss, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss, because such facts "are irrelevant for Rule 12(b)(6) purposes."*Id.*; *see also* 2 Moore's Federal Practice, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not ... take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."). Indeed, LensCrafters' reliance on this material only serves to amplify the extent to which the FAC does not properly plead damages.

Moreover, in this context, LensCrafters is required to plead damages other than those associated with an excess judgement or settlement with specificity. Under Federal Rule of Civil Procedure 9(g),

7

United States District Court
For the Northern District of California

1   when special damages are pled, they must be pled with specificity. "Special damages" are those

2   "damages that are unusual for the type of claim in question—that are not the natural damages associated

3   with such a claim." *Avitia v. Metropolitan Club of Chicago*, 49 F3d 1219, 1226 (7th Cir. 1995). To

4   satisfy this requirement, a plaintiff must allege actual damages with "particularity," as well as specify

5   facts showing such damages were the natural and direct result of defendant's conduct. *See Browning v.*

6   *Clinton*, 292 F.3d 235, 245–246 (D.C. Cir. 2002). In the context of a breach of the duty to settle claim

7   against an excess insurer, in the absence of any allegation that there is a settlement or judgment in

8   excess of LensCrafters' policy limits, a general, non-specific allegation that LensCrafters has suffered

9   damages of an unspecified sort does not meet the standards of Rule 9(g), and is in fact precisely the type

10  of "formulaic recitation of the elements of a cause of action" that the Supreme Court recently

11  disapproved of in *Bell Atlantic. See Bell Atlantic*, 127 S.Ct. at 1964-65.

12       Accordingly, as LenscCrafters has failed to properly allege any damages flowing from the

13  alleged breach of the defendants' duty to settle, the Second Claim for Relief for breach of contract must

14  be dismissed.

15  **C.   Bad Faith Claim**

16       A ripe claim for breach of contract is a necessary element to assert a claim for bad faith. *Emerald*

17  *Bay Community Ass'n*, 130 Cal.App.4th at 1096 (affirming dismissal of bad faith claim where the

18  underlying breach of contract cause of action failed to state a claim). Because LensCrafters has not

19  alleged a ripe claim for breach of contract, LensCrafters' Third Claim for Relief for bad faith is

20  necessarily unripe as well.

21                                      CONCLUSION

22       Accordingly, the motions to dismiss [Docket Nos. 90 & 92] are GRANTED.

23       IT IS FURTHER ORDERED THAT a case management conference is scheduled for April 23,

24  2008 at 3:00 p.m. The parties shall meet and confer prior to the conference and shall prepare a joint Case

25  Management Conference Statement which shall be filed no later than 10 days prior to the Case

26  Management Conference  that complies with the Standing Order For All Judges Of The Northern

27

28

District Of California and the Standing Order of this Court. Plaintiffs shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

IT IS SO ORDERED.

Dated: 2/11/08

SAUNDRA BROWN ARMSTRONG
United States District Judge