RICHARD DeNATALE (Bar No. 121416)
CELIA M. JACKSON (Bar No. 124508)
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268
Email: richard.denatale@hellerehrman.com
Email: celia.jackson@hellerehrman.com

Attorneys for Plaintiffs
LENSCRAFTERS, INC. and EYEXAM OF
CALIFORNIA, INC.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENSCRAFTERS, INC. and EYEXAM OF CALIFORNIA, INC.,<br><br>  Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY and WESTCHESTER FIRE INSURANCE COMPANY,<br><br>  Defendants,<br><br>AND RELATED COUNTER- AND CROSS-CLAIMS. | Case No.: C-07-2853 SBA<br><br>**PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONTINUE APRIL 23, 2008 CASE MANAGEMENT CONFERENCE**<br><br>Date: April 15, 2008<br>Time: 1:00 p.m.<br>Courtroom: 3<br>The Hon. Saundra Brown Armstrong |

## I. INTRODUCTION

Only United States Fire Insurance Company ("U.S. Fire") opposes LensCrafters' request for a modest continuation of the April 28, 2008 Case Management Conference. Markel American Insurance Company ("Markel") supports LensCrafters and agrees that a continuance would be appropriate. Liberty Mutual Fire Insurance Company, Executive Risk Specialty Insurance Company, and Westchester Fire Insurance Company[1] do not oppose this motion. Thus, except for U.S. Fire, the parties to this action agree that it makes sense to continue the Case Management Conference ("CMC") for approximately 90 days, until after the July 11, 2008 hearing regarding final approval of the *Snow* settlement.

Contrary to U.S. Fire's contention that postponing the CMC for approximately 90 days "serves no purpose," there is good cause for a continuance:

- After July 11, 2008, LensCrafters believes that it will be able to meet the criteria set forth in the Court's February 11 Order to allege ripe claims for breach of contract and breach of the covenant of good faith and fair dealing (*i.e.*, bad faith) against Markel and U.S. Fire—that is, there will be a final settlement in the *Snow* action that exceeds the primary layer of insurance.

- If and when LensCrafters can allege claims for breach of contact and bad faith, these claims will become the central issues in this case. Thus, it makes sense to wait until the full scope of the litigation is determined before holding a further CMC and setting trial dates and other litigation deadlines. In the meantime, the parties may continue to pursue discovery and meet and confer regarding the policy issues in dispute.

- A continuance will serve the interest of judicial economy, because the parties and the Court will have an understanding of *all* issues in dispute, not just the coverage issues related to the claim for declaratory relief. Thus, the parties will be able to propose realistic pre-trial and trial dates and have a much better understanding of the timing and scope of dispositive motions.

---

[1] These insurers are parties to this action by virtue of Markel's cross-complaint. The Court, upon LensCrafters' motion, has dismissed LensCrafters' claims against these insurers.

1

In its opposition and its proposed order, U.S. Fire suggests that the parties should meet and confer over the next 120 days to narrow the issues in this case. LensCrafters gladly accepts this invitation and is prepared to do so. But there is no point in setting pre-trial and trial dates before the *Snow* settlement process is completed. In 90 days, the parties will be a better position to narrow the issues in dispute, address outstanding discovery, set dates for dispositive motions, and present a plan for trying this case in the most expeditious manner.

## II. THERE IS GOOD CAUSE FOR THE COURT TO CONTINUE THE CASE MANAGEMENT CONFERENCE FOR 90 DAYS, UNTIL AFTER THE FINAL APPROVAL HEARING IN *SNOW*

### A. The Interests of Judicial Economy Weigh In Favor of a Continuance

U.S. Fire argues that issues related to LensCrafters' claim for declaratory relief should be "identified and resolved" without reference to whether LensCrafters will be able shortly to assert additional claims for breach of contract and bad faith. U.S. Fire's "hurry up" approach flies in the face of judicial economy and common sense. If LensCrafters is able to assert claims for breach of contract and bad faith against Markel and U.S. Fire, those claims will become the central focus of this case. By mid-July, LensCrafters should know whether it can meet the criteria set forth by the Court in its February 11, 2008 Order for pleading ripe claims. That is, LensCrafters will know with some certainty (a) whether the *Snow* settlement is final; and (b) whether the cost of that settlement exceeds the limits of the primary policies. Thus, it makes sense to continue the CMC for 90 days until the full scope of this litigation is known.

Indeed, U.S. Fire's sudden desire to move this case forward is somewhat incongruous given its litigation posture up to now. U.S. Fire opposed LensCrafters' administrative motion to deem this case to be related to the previous coverage case; moved to dismiss the original complaint for declaratory relief; and opposed the filing of LensCrafters' First Amended Complaint. In terms of discovery, U.S. Fire still has not produced any documents in response to a request for documents served by LensCrafters last October. And it took several months of repeated requests by LensCrafters before U.S. Fire would even begin negotiations regarding the wording of a proposed Protective Order. In this context, U.S. Fire's opposition to a modest continuance of the CMC does not seem well-grounded.

2

In that regard, it is telling that no party other than U.S. Fire opposes LensCrafters' request. Even Markel—which like U.S. Fire refused to contribute to the *Snow* settlement and could face claims for breach of contract and bad faith—agrees with LensCrafters that a continuance would be appropriate:

> As plaintiffs and United States Fire Insurance Company both note, the claims period in *Snow* will close on August 4, 2008. Shortly thereafter, LensCrafters will know how much they are committed to pay to individual class members under the *Snow* settlement. That information may help the parties refine, highlight or eliminate potential coverage issues in this matter. Consequently, it would appear most efficient to continue the Case Management Conference to early September, to permit the parties to address a more settled indemnity claim. In the meantime, the parties have begun serving and responding to written discovery, so there will be no substantive delay in the litigation of this matter.

*See* Markel's Statement of Non-Opposition to Plaintiffs' Motion to Continue Case Management Conference, 1:5-12.

As Markel points out, in approximately 90 days, the scope of this litigation will be much clearer, and the parties will be able to apprise the Court as to the claims and issues remaining. Thus, it would promote the interest of judicial economy to continue the CMC for approximately 90 days.

### B. LensCrafters Should Know by Mid-July Whether the *Snow* Settlement Will Become Final and Whether LensCrafters Can Allege Breach of Contract and Bad Faith Claims

U.S. Fire also argues that the *Snow* settlement may not become final by July 11 because there may be objections to the settlement or even appeals. But any objections must be filed no later than June 11, and will be ruled on at the final approval hearing on July 11. While appeals are possible, they are not likely. By mid-July, we will be able to apprise the Court of the number and seriousness of any objections and the likelihood of any appeal.

U.S. Fire likewise argues that the full costs of the settlement may not be known until the claims period closes on August 4. While this may counsel for a slightly longer continuance of the CMC, LensCrafters believes that by mid-July it should have a good estimate of the cost of the settlement. The period for the *Snow* class members to file claims begins on April 4, so by mid-July it is anticipated that most class members who intend to submit claims will have done so.

3

Once the claims process and final approval motion in *Snow* play out over the next 90 days or so, LensCrafters will have a better idea of the scope of this insurance litigation. LensCrafters is not asking the Court to wait until all the claims have been paid and any appeals related to the *Snow* settlement are resolved before setting another CMC. LensCrafters is simply asking for a brief 90-day continuance, because by then LensCrafters should know whether it will seek to assert breach of contract and bad faith claims against Markel and U.S. Fire in accordance with the criteria set forth in this Court's February 11 Order.

Finally, U.S. Fire argues that a 90-day continuance is not appropriate because certain issues in dispute, such as the "number of occurrences" and exhaustion of the primary policies, will not be resolved by that date. This argument is a red herring. U.S. Fire's argument that Liberty did not exhaust its primary policies by contributing two full per-occurrence limits to the *Snow* settlement is one of the issues that must be resolved in this case. But the issue has nothing to do with the timing of the *Snow* settlement claims process or the final approval hearing. The exhaustion and number of occurrence issues will be resolved based on the terms of the relevant insurance policies and the facts of the underlying claims. And contrary to U.S. Fire's unsupported contention, the Court need not resolve these issues before LensCrafters can ***allege*** in an amended complaint that the primary policies are exhausted and that U.S. Fire has breached its contractual obligations. Nor would the continuance affect U.S. Fire's ability to conduct appropriate discovery on exhaustion, number of occurrences, or any other policy interpretation issue. Continuing the CMC for 90 days will have no effect on how or when these issues are resolved.

### C. LensCrafters Is Willing To Meet and Confer with the Other Parties To Narrow the Issues in Dispute

As discussed in our moving papers, should the Court continue the CMC, LensCrafters proposes that the parties continue to move this case forward over the next 3-4 months by proceeding with discovery, meet and confer efforts, and possibly discovery motions. In addition, LensCrafters is willing to engage in the efforts proposed by U.S. Fire in its Opposition and Proposed Order—namely, an exchange of policy information and meet and confer discussions on policy interpretation issues and the status of the *Snow* settlement.

4

Beyond this, U.S. Fire's opposition contains a lengthy discussion about trial procedure, drawn from certain California Judicial Counsel and ABA manuals, that does not seem directly applicable to this case.  For example, U.S. Fire suggests that "LensCrafters first provide the defendants with copies of all relevant policies"—without telling the Court that LensCrafters has, in fact, already produced the policies to U.S. Fire's counsel on two prior occasions.  Moreover, we are not aware of any dispute over the accuracy or completeness of the policies, and the disputes over policy meaning and application involve only a handful of terms.  Consequently, U.S. Fire's elaborate suggestions for phasing the trial seem premature and perhaps unnecessary.  In any event, these issues can be addressed in due course at a CMC scheduled in 3-4 months.

## III.    CONCLUSION

For the reasons stated above, LensCrafters respectfully requests that the Court continue the scheduled April 23, 2008 Case Management Conference for approximately 90 days until after the Superior Court rules on final approval of the *Snow* settlement.

DATED:  April 1, 2008                    Respectfully submitted,

HELLER EHRMAN LLP


By */s/ Celia M. Jackson*
    Celia M. Jackson

Attorneys for Plaintiffs
LENSCRAFTERS, INC. and EYEXAM OF
CALIFORNIA, INC.