IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENSCRAFTERS, INC., et al., | No. C 07-2853 SBA |
| Plaintiffs, | **ORDER** |
| v. | [Docket Nos. 121 & 125] |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, et al., | |
| Defendants. | |

Currently before the Court is Plaintiffs' Motion to Continue April 23, 2008 Case Management Conference [Docket No. 121]. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. For the reasons articulated below, the Court hereby DENIES the motion.

## **BACKGROUND**

### A.  The Underlying *Snow* Action

In March 2002 Melvin Gene Snow filed a class action complaint in San Francisco Superior Court against LensCrafters, Inc., EYEXAM of California, Inc. and several other entities (*Melvin Gene Snow, et al. v. LensCrafters, Inc., et al.*, San Francisco Superior Court, Case No. CGC-02-40554 ("*Snow*")) (LensCrafters, Inc. and EYEXAM are referred to together as "LensCrafters."). Among other things, the complaint in the *Snow* case alleges that LensCrafters disclosed private medical information of the putative plaintiff class, in violation of the California Confidentiality of Medical Information Act ("COMIA") (Cal. Civ. Code § 56, regulating disclosure of confidential medical information).

### B. LensCrafters' Excess Policies

Defendant United States Fire Insurance Company ("U.S. Fire") issued three excess policies to LensCrafters from 1998 to 2001, each of which provides a $25 million limit of liability per occurrence and in the aggregate. Defendant Markel American Insurance Company ("Markel") issued a single excess policy to LensCrafters providing $15 million in coverage for the February 2001 to February 2002 policy period. Defendant Westchester Fire Insurance Company ("Westchester") issued five excess policies to LensCrafters from 2001 to 2007, one of which provides $10 million in coverage in excess of Markel's policy and the other four of which provide a $25 million limit of liability per occurrence and in the aggregate.

### C. The Snow Settlement

The *Snow* action has been pending for nearly six years. After intensive negotiations lasting from early 2007 until early 2008, including multiple mediation sessions, the parties in *Snow* were able to achieve a settlement. The settlement agreement covers a class of more than one million California consumers and will provide a combination of cash and discount vouchers to class members. On February 4, 2008, the parties submitted the *Snow* settlement to the Hon. Richard A. Kramer, who is presiding over the *Snow* case, for preliminary approval. On the same date, the Superior Court issued an order granting preliminary approval of the *Snow* settlement (the "Snow Settlement Order").

The Snow Settlement Order sets a hearing for final approval of the Snow settlement for July 11, 2008. However, class members may submit claims until August 4, 2008.

### D. LensCrafters' Lawsuit

On May 31, 2007, LensCrafters filed this declaratory relief lawsuit. This suit initially requested only a declaration regarding LensCrafters' insurers' obligations to provide coverage for the *Snow* action under its insurance policies. On August 6, 2007, LensCrafters sought to amend its complaint to add breach of contract and bad faith claims. On September 28, 2007, the Court granted

2

LensCrafters' Motion for Leave to file its First Amended Complaint ("FAC"), which it filed on October 2, 2007.

The FAC added two new claims for relief. In the Second Claim for Relief, entitled "Breach of Contract Re Defendants' Duty To Indemnify and Duty To Settle," LensCrafters alleged that it asked defendants to accept and fund a settlement that had been reached in the *Snow* case; that defendants refused to do so, thereby exposing LensCrafters to a judgment in excess of the settlement amount; and that "[a]s a direct and proximate result of defendants' acts, LensCrafters has been damaged in an amount that is to be proved at trial and that is in excess of the jurisdictional requirements of this Court."

In the Third Claim for Relief, entitled "Tortious Breach of the Covenant of Good Faith and Fair Dealing," LensCrafters alleged that defendants had breached the covenant of good faith and fair dealing by, among other things, "failing to accept a reasonable settlement in the *Snow* Action." LensCrafters further alleged that it "sustained damages in an amount yet to be determined including, but not limited to, attorneys' fees, related expenses and costs incurred in obtaining coverage under defendants' policies."

Markel and U.S. Fire moved to dismiss these new claims on grounds that they were unripe for adjudication because no judgment or settlement had been entered in the *Snow* case. On February 12, 2008, this Court granted the motions to dismiss LensCrafters' second and third claims on ripeness grounds. [Docket No. 115]. Under the criteria set forth in the Court's February 12, 2008 Order (the "Order"), LensCrafters' claims for breach of the duty to settle and for bad faith become ripe only once there is an actual settlement in the *Snow* action in excess of the limits of LensCrafters' primary policies.

As part of the settlement negotiations with the *Snow* plaintiffs, LensCrafters reached settlement agreements with three of its insurers: Liberty Mutual Fire Insurance Company ("Liberty"), Executive Risk Specialty Insurance Company ("ERSIC"), and Westchester. And, on March 20, 2008, this Court dismissed LensCrafters' claims against Liberty, ERSIC, and

3

1  Westchester. [Docket No. 124]. However, Liberty, ERSIC, and Westchester remain a part of this
2  declaratory judgment action as cross-claim parties.

### E. Motion to Continue the CMC

A Case Management Conference is scheduled for April 23, 2008 at 3:00 p.m. pursuant to the Order. LensCrafters, in the present motion [Docket No. 121], requests that the Court continue the CMC to after the settlement in the *Snow* action comes into effect so that LensCrafters can, presumably, seek to amend its complaint to add the claims that this Court dismissed as unripe. However, LensCrafters is not seeking a complete stay of its declaratory judgment action but, rather, would like to proceed with discovery concerning its first (and now only) claim. U.S. Fire opposes the motion [Docket No. 125], arguing that the *Snow* settlement is an uncertainty.

### APPLICABLE STANDARD

The decision to continue a CMC rests within the sound discretion of the Court. *See* Fed. R. Civ. P. 16; *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986) ("Federal courts have broad inherent powers to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

### DISCUSSION

LensCrafters and U.S. Fire do not disagree over whether they should continue to meet and confer and engage in discovery concerning the ripe issues at stake in this declaratory judgment action (i.e., the rights and obligations of the parties, policy interpretation, and so forth). Rather, the upshot of the parties' disagreement is whether trial and pre-trial activity dates, including trial, briefing, and motion dates, should be determined at the upcoming CMC currently scheduled for April 23, 2008. LensCrafters argues that the parties should wait to set trial and pre-trial activity dates for this case in light of the alleged impending *Snow* settlement and therefore moves to continue the CMC until late July or early August. Defendant U.S. Fire, on the other hand, argues that the *Snow* settlement is an uncertainty, and that LensCrafters' dismissed claims (claims Two and Three of the FAC) will not necessarily ripen by late July, as LensCrafters contends—because, *inter alia*,

4

class members have until August 4 to submit claims, which will affect any determination of the amount necessary to fully fund the *Snow* Settlement—thereby potentially necessitating yet another request for a continuance. For these reasons, U.S. Fire argues that the parties should proceed fully in this declaratory judgment action.

LensCrafters has failed to persuade the Court that there is a sound basis for continuing the currently-scheduled CMC. As a substantive matter, it does not seem to make a significant difference whether the parties set trial and pre-trial activity dates pursuant to the Order and the ensuing CMC and then continue with discovery on the issues presently in this action, as U.S. Fire argues they should, or whether the parties should proceed with discovery on the issues presently in this action, but without setting trial and pre-trial activity dates, as LensCrafters argues they should. This is because, as the parties both acknowledge, resolution of the claim already present in this action — a declaration of the rights, duties and responsibilities of the parties — and completion of the corresponding discovery, will be necessary for any adjudication of the claims plaintiff expects to ripen when the Snow settlement becomes effective. And, both parties explicitly favor proceeding with the meet and confer process and discovery concerning the first claim in this action. Thus, proceeding with resolution of the only ripe claim in this case will not be wasteful, and therefore LensCrafters' sole argument, that the CMC should be continued "in the interest of judicial economy," falls flat.

If and when the *Snow* settlement becomes final, LensCrafters may notice a motion to amend its pleading, if it desires to do so. And, at such time, the Court will consider the parties' positions. However, there is no compelling reason to place this declaratory relief case on hold. Indeed, resolution of the ripe issues in this declaratory judgment action may obviate any need for LensCrafters to notice a motion to amend to add the unripe claims.

5

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED THAT Plaintiffs' Motion to continue the Case Management Order is DENIED. Pursuant to the Court's February 12, 2008 Order, a CMC remains scheduled for April 23, 2008 at 3:00 p.m. and a case management conference statement must be filed with the court no later than 10 days prior to the CMC.

IT IS SO ORDERED.

Dated: 4/10/08

SAUNDRA BROWN ARMSTRONG
United States District Judge