UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LENSCRAFTERS, INC.; and EYEXAM OF CALIFORNIA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY; and WESTCHESTER FIRE INSURANCE COMPANY,<br><br>Defendants. | Case No.: CV-07-2853 SBA<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Conference Date: April 23, 2008<br>Time:              3:00 p.m.<br>Via Telephone<br>The Hon. Saundra Brown Armstrong |
| AND RELATED COUNTER- AND CROSS-CLAIMS | |

The parties to the above-entitled action and cross-actions jointly submit this Case Management Statement pursuant to Civil Local Rule 16-9. Plaintiffs in this case are LensCrafters, Inc. and EYEXAM of California, Inc. (together, "LensCrafters"). LensCrafters currently has claims only against defendants United States Fire Insurance Company ("U.S. Fire") and Markel American Insurance Company ("Markel") (collectively, "Defendants"). LensCrafters has settled with Liberty Mutual Fire Insurance Company ("Liberty"), Executive Risk Specialty Insurance Company ("ERSIC") and Westchester Fire Insurance Company ("Westchester"); on March 20, 2008, the Court granted LensCrafters' motion to dismiss its claims against these insurers without prejudice. Markel has asserted counter- and cross-claims against LensCrafters, Liberty and ERSIC, and ERSIC has asserted cross-claims against Markel and U.S. Fire.

## JURISDICTION AND SERVICE

The basis for the Court's subject matter jurisdiction over this action is 28 U.S.C. §§ 1332 and 2201. There is complete diversity of citizenship between LensCrafters and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. An actual controversy within the meaning of 28 U.S.C. § 2201 exists between the parties. No parties have raised or intend to raise a personal jurisdiction affirmative defense. All parties have been served.

## FACTS

This litigation is an insurance coverage dispute among LensCrafters and its insurers concerning the insurers' duty to fund a settlement of a class action lawsuit filed against LensCrafters, *Snow v. LensCrafters, Inc., et al.,* San Francisco Superior Court Case No. CGC-02-40554 ("*Snow*"). The *Snow* complaint alleged that LensCrafters violated certain California statutes, including the California Confidentiality of Medical Information Act ("COMIA"), Cal. Civ. Code § 56 *et seq.*

### Status of the Underlying *Snow* Action

LensCrafters has reached a settlement of the *Snow* action. Pursuant to the settlement, members of the settlement class would be provided with a cash payment, a voucher, or both if certain conditions are met. On February 4, 2008, Judge Richard Kramer of the San Francisco Superior Court granted preliminary approval of the *Snow* settlement. The process for class

members to submit claims has begun and closes on August 4, 2008. The deadline to file objections to the settlement is June 10. A hearing for final approval of the *Snow* settlement is scheduled for July 11, 2008. Final approval of the settlement may be delayed if any objections to the settlement are filed and appealed.

Three insurers—Liberty, ERSIC and Westchester—consented to the settlement and agreed to provide a fixed amount of funding for the settlement. As discussed below, LensCrafters has settled with these insurers.

**LensCrafters' Complaint and Other Pleadings**

On May 25, 2007, LensCrafters filed this action to allege claims for declaratory relief regarding the insurers' duty to indemnify. In its initial complaint, LensCrafters alleged claims against Liberty, ERSIC, Markel, U.S. Fire, and Westchester. As part of the settlement of the underlying *Snow* action, LensCrafters settled its claims with Liberty, ERSIC and Westchester, and on March 20, 2008, the Court granted LensCrafters' motion to dismiss its claims against them without prejudice. Westchester had filed counter-claims against LensCrafters and cross-claims against the other insurers; the Court dismissed Westchester's claims on February 26, 2008. Markel has also filed counter- and cross-complaints against LensCrafters, Liberty, ERSIC and Westchester seeking declarations about its duty to indemnify and, if the Court finds a duty to indemnify, declarations regarding the allocation of liability among the insurers. Markel filed a Stipulation to dismiss its claims against Westchester on April 4, 2008, leaving Markel with claims remaining against LensCrafters, Liberty and ERSIC. ERSIC filed cross-claims against Markel, U.S. Fire, Westchester and Liberty. It intends to dismiss its cross-claims against Liberty and Westchester in the near future.

On October 2, 2007, following the Court's granting of LensCrafters' motion for leave to amend its complaint, LensCrafters filed a First Amended Complaint. In its First Amended Complaint, LensCrafters amended its allegations in its First Claim for Relief for Declaratory Relief to allege that insurers had failed to approve and fund what was then a proposed settlement in *Snow* and to seek a declaration of the duties of each of the insurers, the applicable limits of liability of each insurer's policy, and the obligation of each insurer with respect to settling the *Snow* action.

LensCrafters also added two claims against U.S. Fire and Markel based on their alleged refusal to fund the *Snow* settlement: a Second Claim for Relief alleging breach of contract and a Third Claim for Relief alleging tortious breach of the covenant of good faith and fair dealing (bad faith).

Markel and U.S. Fire filed motions to dismiss the First Amended Complaint on grounds that the Second and Third Claims for Relief were not ripe for adjudication. On February 12, 2008, the Court granted the motions to dismiss, finding that claims for breach of the duty to settle and bad faith were not ripe in the absence of a final settlement in *Snow* in excess of the limits of LensCrafters' primary policies. LensCrafters believes that it will be able to meet the criteria for these claims set forth in the February 12 Order once the *Snow* settlement becomes final.

U.S. Fire and Markel believe that LensCrafters misstates this Court's February 12, 2008 order granting these insurers' motion to dismiss. U.S. Fire does not agree that final approval of the *Snow* settlement will make LensCrafters' purported claims for breach of contract and bad faith ripe, because the monetary value of the *Snow* settlement (which will determine whether the settlement event potentially exceeds the alleged limits of LensCrafters' primary insurance) will not be known until after the claims period closes in August.

**Principal Factual Issues in Dispute**

LensCrafters has identified the following principal factual issue currently in dispute: (1) whether the policies provide coverage for claims asserted in *Snow*, and (2) whether the settlement is reasonable. Once the *Snow* settlement becomes final, which LensCrafters expects to occur on July 11, 2008, LensCrafters believes that it will be able to assert claims for breach of contract and breach of the covenant of good faith and fair dealing against Markel and U.S. Fire in accordance with the criteria set forth in the Court's February 12, 2008 Order. These additional claims will present additional disputed factual and legal issues, including, for example, whether Markel and U.S. Fire have breached the duty to settle and if so, LensCrafters' damages as a result of that breach.

U.S. Fire does not agree that LensCrafters' issue (2) is "at issue" in this dispute under LensCrafters' operative complaint and contends that this issue is not yet ripe. Instead, U.S. Fire contends that the issues currently raised by LensCrafters' existing cause of action are whether (1) Defendants' policies potentially provide indemnity coverage for the claims alleged in the *Snow*

action and (2) LensCrafters has exhausted all applicable primary coverage. U.S. Fire believes that LensCrafters misstates this Court's February 12, 2008 order granting U.S. Fire's motion to dismiss and does not agree that final approval of the *Snow* settlement will make LensCrafters' purported claims for breach of contract and bad faith ripe.

## LEGAL ISSUES

The parties agree, except as noted, that the legal issues in dispute include the following:

- whether U.S. Fire and Markel have a duty to fund the settlement of the *Snow* action under the terms of the personal injury coverage of their policies;
- how the *Snow* settlement should be allocated among the insurers;
- whether nominal damages awarded for violations of COMIA are payable under the U.S. Fire and Markel insurance policies;
- the number of "occurrences" under the policies (which U.S. Fire contends is a mixed question of law and fact);
- the total amount of the limits of the primary Liberty policies that must be paid before any excess policies are triggered;

U.S. Fire contends that the following legal issues are also in dispute:

- whether the duty to indemnify is barred by the prohibition against indemnification of willful acts;
- application of the non-cumulation clause in Liberty's policies;
- LensCrafters' duty to pay for any personal injury offense for which there is a lack of warranted underlying insurance required to be maintained under their policies;
- whether there is coverage under the Liberty, U.S. Fire and Markel policies for the *Snow* settlement;
- whether LensCrafters' primary policies and Self-Insured Retentions will be exhausted by payment of the *Snow* settlement;
- U.S. Fire also reserves its right to raise other defenses pled in U.S. Fire's Answer, filed on March 3, 2008.

Markel contends that the following legal issues are also in dispute:

- whether plaintiffs made material misrepresentations in their application for insurance;
- Markel also reserves its right to rely on the other defenses asserted in response to plaintiffs' complaint.

## MOTIONS

There are no motions currently pending before the Court.

## AMENDMENT OF PLEADINGS

As discussed above, once the settlement in *Snow* is final, LensCrafters believes that it will be able to allege claims for breach of contract and breach of the covenant of good faith and fair dealing against U.S. Fire and Markel. At that point, LensCrafters intends to seek leave of Court to file an amended complaint. Again, U.S. Fire does not agree that final approval of the *Snow* settlement will make LensCrafters' purported claims for breach of contract and bad faith ripe. Once the settlement in *Snow* becomes final, Liberty may choose to pursue claims against U.S. Fire and Markel for amounts above its single occurrence limit.

## EVIDENCE PRESERVATION

The parties have taken steps to preserve evidence specifically related to this case. LensCrafters further states that a considerable amount of that evidence was produced in the previous coverage action in this Court and has been preserved.

## DISCLOSURES

The parties served their initial disclosures on September 11, 2007.

## DISCOVERY

The parties have previously filed a Joint Report of Discovery Plan that sets forth the parties' position regarding discovery, which the parties incorporate by reference. LensCrafters has commenced written discovery against Markel and U.S. Fire by serving requests for the production of documents. Markel and U.S. Fire have served their written responses to these requests for production, and the parties are in the process of "meeting and conferring" about those responses. LensCrafters anticipates that it may need to file motions to compel to obtain some of the requested documents. Markel and U.S. Fire have served LensCrafters with requests for production of

documents, to which LensCrafters recently served its written responses. The parties will continue with their discovery efforts, including completion of the wording of an appropriate Protective Order and the production of requested documents, both of which should be completed this month, and have agreed to meet and confer in order to narrow the issues in dispute, as described below.

## CLASS ACTIONS

This action is not appropriate for class action status.

## RELATED CASES

The following cases are related to the instant action:

- *Melvin Gene Snow, et al. v. LensCrafters, Inc., et al.*, San Francisco Superior Court, Case No. CGC-02-405544 (underlying case for which LensCrafters seeks coverage);
- *LensCrafters, Inc. et al. v. Liberty Mutual Fire Insurance Company, et al.*, United States District Court for the Northern District of California, Oakland Division, Case No. C-04-01001 SBA (coverage lawsuit filed by LensCrafters against Liberty and ERSIC that established those insurers' duty to defend and that the ERSIC policy is excess to the Liberty policies; a final judgment has been entered).

## RELIEF

LensCrafters currently seeks the following relief:

(1) a declaration that Defendants have a duty under the terms and conditions of their policies to indemnify LensCrafters in full for all legal liabilities that may be incurred in connection with the *Snow* action, and must fund any reasonable settlement of that action, subject only to the limits of liability set forth in the various policies; or, if Defendants fail to accept a reasonable settlement within policy limits, that they are liable for the full amount of any liability incurred by LensCrafters even if it exceeds their policy limits; and

(2) for such other, further, and/or different relief as the Court may deem just and proper.

Markel, in its counter- and cross-complaint, seeks the following relief:

(1) a declaration that coverage for *Snow* under the Markel Policy is excess to

coverage for *Snow* under the Liberty Mutual and ERSIC Policies;

(2) declaration regarding the respective duties and obligations of cross-defendants with regard to *Snow*;

(3) a declaration that Markel is entitled to contribution from U.S. Fire for any amounts paid to indemnify LensCrafters in *Snow*;

(4) for costs of suit incurred in this action; and

(5) for such other and further relief as this Court may deem just and equitable.

## SETTLEMENT AND ADR

The parties have previously participated in settlement discussions and in several mediation sessions with the Hon. Edward Infante (Ret.) and the Hon. Ronald M. Sabraw (Ret.). As a result, LensCrafters was able to reach settlements with Liberty, ERSIC and Westchester, in which these insurers agreed to provide a fixed amount of funding for the *Snow* settlement. LensCrafters has been unable to settle with U.S. Fire or Markel.

## CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to adjudication by a magistrate judge.

## OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## NARROWING OF ISSUES

The parties have agreed to conduct a voluntary exchange of policy information over the next 120 days. The parties have also agreed to meet and confer to identify the policy interpretation questions at issue in this case in order to narrow the issues in dispute. The parties believe that there are a number of issues that can be resolved by summary adjudication or summary judgment and that resolution of certain issues could be dispositive. Issues that may be included in summary judgment motions include stacking and exhaustion of the Liberty primary policies and/or LensCrafters' Self-Insured Retentions; whether there is coverage for the nominal damages remedy under COMIA; the number of "occurrences" under the Liberty policies; application of the non-cumulation clause in Liberty's policies; and LensCrafters' duty to pay for any personal injury

offense for which there is a purported lack of warranted underlying insurance required to be maintained under their policies.

## EXPEDITED SCHEDULE

The parties do not believe that this case is appropriate to be handled on an expedited basis with streamlined procedures.

## SCHEDULING

LensCrafters has requested that the Court defer setting a trial date and pre-trial deadlines until after the July 11 final approval hearing in *Snow*. From the briefing on the motion to continue the Case Management Conference, the other parties appeared to agree with this approach. In light of the Court's Order issued earlier today, however, which suggests that the Court may want to set dates at the April 23 conference, LensCrafters and the other parties need to consult with their clients regarding the setting of a trial date and related deadlines. The parties will be prepared to discuss trial setting at the April 23 conference.

U.S. Fire believes that this matter should be scheduled for resolution in phases. The first phase of this matter should focus on putting the insurers' policies into evidence and identifying the policy language in dispute. If, upon further discovery and following meet and confer efforts, the parties agree as to all of the operative policies and their terms, this phase may be more efficiently resolved by stipulation and/or rolled into the subsequent phase. The second phase of this matter should involve application of the policies to the evidence presented to determine whether and to what extent Defendants owe a duty to indemnify for the claims asserted in the *Snow* action. U.S. Fire also believes that an additional case management conference should be conducted in early September or October to discuss the status of the *Snow* settlement, identify the issues, if any, that remain to be determined, and determine how to further structure the remainder of the case.

LensCrafters believes that U.S. Fire's proposal to phase this litigation, for trial and/or pre-trial proceedings, is not necessary or appropriate. This case involves a limited number of policies, and LensCrafters is not aware of any dispute over the terms of any of the policies. Therefore, U.S. Fire's proposal may unnecessarily prolong the resolution of this case.

**TRIAL**

The parties have requested that this case be tried to a jury. LensCrafters estimates the expected length of any trial to be two to three weeks. U.S. Fire estimates the expected length of the trial of the current declaratory relief claims to be two to three weeks.

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

LensCrafters has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. LensCrafters reiterates that the United States Shoe Corporation owns 100% of the stock of LensCrafters, Inc. and EYEXAM of California, Inc.

U.S. Fire has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. U.S. Fire reiterates that the following entities either (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Crum and Forster, Incorporated; Crum & Forster Holding, Incorporated; Crum & Forster Holdings Corporation; Fairfax, Incorporated; and Fairfax Financial Holdings Limited.

Liberty has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. Liberty reiterates that Liberty Mutual Group Inc. owns 100% of the stock of Liberty Mutual Fire Insurance Company. LMHC Massachusetts Holdings Inc. owns 100% of the stock of Liberty Mutual Group Inc. Liberty Mutual Holding Company Inc. owns 100% of the stock of LMHC Massachusetts Holdings Inc. No publicly traded entity owns any stock of any of the above-named entities.

ERSIC has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. ERSIC reiterates that it is an indirect subsidiary of The Chubb Corporation, the ultimate parent and the only entity within its group of affiliated companies that is traded on any public exchange.

///

| | | |
|---|---|---|
| 1 | DATED: April 11, 2008 | Respectfully submitted, |
| 2 | | HELLER EHRMAN LLP |

By */s/ Celia M. Jackson*
      Celia M. Jackson

Attorneys for Plaintiffs
LENSCRAFTERS, INC. and EYEXAM OF CALIFORNIA, INC.

DATED: April 11, 2008    WILLOUGHBY, STUART & BENING, INC.

By */s/ Alexander F. Stuart*
      Alexander F. Stuart

Attorneys for Defendant
LIBERTY MUTUAL FIRE INSURANCE COMPANY

DATED: April 11, 2008    ROSS, DIXON & BELL, LLP

By */s/ Monique M. Fuentes*
      Monique M. Fuentes

Attorneys for Defendant
EXECUTIVE RISK SPECIALTY INSURANCE CO.

DATED: April 11, 2008    LONG & LEVIT LLP

By */s/ Chip Cox*
      Chip Cox

Attorneys for Defendant
MARKEL AMERICAN INSURANCE COMPANY

DATED: April 11, 2008    SQUIRE, SANDERS & DEMPSEY L.L.P.

By */s/ Amy E. Rose*
      Amy E. Rose

Attorneys for Defendant
UNITED STATED FIRE INSURANCE COMPANY

10
JOINT CASE MANAGEMENT STATEMENT; CASE NO. CV 07-2853 SBA

1 | DATED: April 11, 2008            HARRIS, GREEN & DENNISON

            By */s/ Gary L. Green*
                Gary L. Green

            Attorneys for Defendant
            WESTCHESTER FIRE INSURANCE COMPANY