UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LENSCRAFTERS, INC.; and EYEXAM OF CALIFORNIA, INC.,<br><br>        Plaintiffs,<br><br>   v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY; and WESTCHESTER FIRE INSURANCE COMPANY,<br><br>        Defendants.<br><br>AND RELATED COUNTER- AND CROSS-CLAIMS | Case No.: C-07-02853 SBA<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>The Hon. Saundra Brown Armstrong |

STIPULATION AND [PROPOSED] PROTECTIVE ORDER, CASE NO. C 07-02853 SBA

The parties to this action recognize that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary or private information. The parties seek to ensure that such information is protected from public disclosure and from use for any purpose other than prosecuting this litigation. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order"), the provisions of which shall govern claims of confidentiality in this action. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Paragraph 15, below, that this Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

Case 4:07-cv-02853-SBA    Document 133    Filed 04/18/2008    Page 2 of 12

### Designating Confidential Litigation Materials

1.  Any information or materials produced or obtained in this litigation, including, without limitation: (a) documents, exhibits, answers to interrogatories, responses to requests for admissions, deposition testimony and transcriptions (including exhibits) and all written, recorded, graphic or electronically-stored matters (and all identical and non-identical copies thereof); (b) any copies, notes, abstracts or summaries of such information and the information itself; and (c) any pleading, affidavit, declaration, brief, motion, transcript or other writing containing such information (collectively "Litigation Materials") may be designated as "Confidential" under this Order. Litigation Materials that contain or comprise non-public information may be designated as Confidential in the manner described below.

2.  Litigation Materials may be designated "Confidential" under this Order where the producing party reasonably believes them to be, reflect or reveal:

    a)  a party's financial or other business or trade secret information of a proprietary, confidential or commercially sensitive nature;

    b)  information invasive of an individual's legitimate privacy interest, including but not limited to confidential medical information;

1

STIPULATION AND [PROPOSED] PROTECTIVE ORDER, CASE NO. C 07-02853 SBA

Case 4:07-cv-02853-SBA    Document 133    Filed 04/18/2008    Page 3 of 12

c)  documents, discovery responses, deposition transcripts and other information produced in the litigation entitled *Snow v. LensCrafters, Inc., et al.*, San Francisco Superior Court No. CGC-02-405544, that any party to that action has designated as "Confidential" in accordance with the provisions of the Stipulation and Protective Order Regarding Confidentiality entered in the case on November 26, 2002 (the "*Snow* Litigation Materials"); and

d)  documents, discovery responses, deposition transcripts and other information produced in the litigation entitled *LensCrafters, Inc. et al. v. Liberty Mutual Fire Ins. Co., et al.*, United States District Court for the Northern District of California, Case No. C-04-01001 SBA, that any party to that action has designated as "Confidential" in accordance with the provisions of the Stipulation and Protective Order regarding Confidentiality entered in the case on December 8, 2004 (the "Prior California Litigation Materials").

3.  All Litigation Materials designated as Confidential, and the contents thereof, shall only be used or disclosed as provided for in this Order, and shall not be made public by any receiving person or be used for any purpose, except as permitted by this Order.

4.  Any party or nonparty may designate Litigation Materials, or portions thereof that are considered confidential, by marking them "Confidential" on at least the first page of the document or by requesting the court reporter to so designate the transcript, or portion of the transcript, at the time of the deposition or hearing. A party will not have to mark as "Confidential" *Snow* Litigation Materials or Prior California Litigation Materials already marked "Confidential."

5.  In order to provide the parties adequate opportunity to designate Litigation Materials as Confidential, all Litigation Materials produced in this case shall be deemed Confidential whether or not stamped with that legend, for a period of fourteen (14) days following production. For depositions, the initial production date is the date that the reporter's transcript of that deposition is received.

6.  The failure to designate Litigation Materials as Confidential within that fourteen (14) day period shall not waive a party's or nonparty's right to later so designate such Litigation

Materials. If Litigation Materials claimed to be Confidential are inadvertently produced without that designation, such Litigation Materials and all copies thereof shall be returned to the designating person for such designation within two days of any written notice requesting their return or may, alternatively, be promptly marked Confidential by the receiving party upon written notice. The receiving party may challenge the designation of the documents as provided in this Order, but the inadvertent production of Litigation Materials (including, without limitation, testimony) claimed to be Confidential without that designation shall not constitute a waiver of confidentiality.

Case 4:07-cv-02853-SBA    Document 133    Filed 04/18/2008    Page 4 of 12

7. Any party designating a deposition or portion of a deposition Confidential may exclude from the room any person not authorized to receive Litigation Materials containing such Confidential information under the terms of this Order.

8. Before use or disclosure of any Litigation Material designated Confidential in a hearing or other courtroom proceeding, the party or nonparty who seeks to use or disclose the material shall provide reasonable notice to the designating party. In addition to having the transcript designated Confidential (*see* Paragraph 4, *infra*), the designating party may request that the Court, at the time the information is proffered or adduced, clear the courtroom of any person not authorized to view or hear the information, or, in the alternative, may ask the Court to receive the information in camera. The parties shall meet and confer regarding any alternative or additional procedures that would allow for an efficient presentation of evidence without compromising any Confidential information.

9. The party or nonparty designating any Litigation Material as Confidential shall, in the first instance, determine in good faith whether it constitutes confidential information covered by this Order. The parties shall use reasonable care to avoid designating as Confidential any information not entitled to such designation or generally available to the public. The parties must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

3
STIPULATION AND [PROPOSED] PROTECTIVE ORDER, CASE NO. C 07-02853 SBA

unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the designating party to sanctions. If it comes to a party's or nonparty's attention that information or items that it designated for protection do not qualify for protection, that party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

### Challenging Designations of Confidential Litigation Material

Case 4:07-cv-02853-SBA    Document 133    Filed 04/18/2008    Page 5 of 12

10. Any receiving party may object in good faith to a Confidential designation. Such objection shall be in writing, sent to the designating party, and shall state the reasons for the objection and the purpose for which the objecting party intends to use the Litigation Materials in question. The parties involved shall attempt to negotiate an informal resolution of the dispute. If attempts at an informal resolution of any such dispute prove unsuccessful, the objecting party may file with the Court a motion to remove the Confidential designation of that Litigation Material.

11. Any Litigation Material, the designation of which is subject to such dispute, shall remain so designated and shall be treated in accordance with such designation pending further order of the Court. The party asserting the confidentiality of any such Litigation Material shall bear the burden of establishing that the Litigation Material is entitled to the designation. Failure to challenge the designation shall not be construed as an admission that the Litigation Material was properly designated Confidential.

### Disclosure, Use and Handling of Confidential Litigation Materials

12. Litigation Materials designated or treated as Confidential, copies or extracts therefrom and the information contained therein, may be disclosed, given, shown, made available, or communicated only for purposes of the prosecution or defense of this litigation and only to the following:

    (a)    the Court;

    (b)    court reporters who record depositions, testimony or proceedings in this action;

    (c)    outside and in-house counsel for the parties who are actively involved in the prosecution or defense of this litigation, and their paralegal, secretarial and

4

Case 4:07-cv-02853-SBA     Document 133     Filed 04/18/2008     Page 6 of 12

clerical assistants;

(d) any corporate party's employees who are actively assisting counsel in the defense of this action;

(e) third-party consultants and independent experts to whom it is necessary that the Litigation Materials be shown for purposes of assisting counsel in this litigation;

(f) witnesses at trial or in preparation for trial, or at a deposition in this litigation or in preparation for such a deposition, and the counsel representing the witness in connection with trial or such a deposition, but only to the extent that, and no sooner than, the disclosing counsel determines in good faith that such disclosure is necessary for purposes of asking questions at trial or the deposition or preparing therefor;

(g) any individual expressly named in the particular Litigation Material as having authored, received, or having knowledge of the information contained in that Litigation Material;

(h) independent contractors engaged in one or more aspects of organizing, copying, imaging, filing, coding, converting, storing or retrieving data, documents or other information, or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system;

(i) defendants' reinsurers, auditors or regulators; and

(j) any other person upon the written agreement of the party or nonparty that designated the Litigation Material as Confidential (which agreement may be recorded in a deposition or other transcript), or pursuant to court order after motion.

13. Each person permitted to have access to any Litigation Material designated or treated as Confidential pursuant to paragraph 12(e), (f), (h), or (j) shall, prior to being afforded access to such Litigation Material, be shown this Order and sign an agreement in the form attached

5

hereto as "Exhibit A." A file shall be kept and maintained by the attorneys of record for each party of all such written agreements signed by persons to whom the party has disclosed Litigation Materials.

14. If any Litigation Material designated Confidential pursuant to this Order is, or is used during the course of, a deposition or portion thereof, the portion of the deposition record reflecting or comprising such Confidential information shall be sealed and stamped as Confidential and access thereto shall be limited pursuant to the terms of this Order.

Case 4:07-cv-02853-SBA    Document 133    Filed 04/18/2008    Page 7 of 12

15. Without written permission from the designating party, or a court order secured after appropriate notice to all interested parties, a party may not file in the public record in this action any Confidential materials. A party that seeks to file under seal any Confidential material must comply with Civil Local Rule 79-5. Any memorandum, supporting paper or other document that must be lodged pursuant to Civil Local Rule 79-5(d), shall be lodged on the date that any such is due to be filed and need not be lodged before any required date for filing.

16. Nothing in this Order shall impose any restrictions on the use or disclosure by a party or nonparty of its own Litigation Materials as the party or nonparty deems appropriate.

17. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential Litigation Materials; provided, that in rendering such advice and otherwise communicating with such client, counsel shall not make any disclosure of the substance of Litigation Material so designated except as otherwise allowed in this Order.

18. If, at any time, any Confidential Litigation Material in the possession, custody or control of any person other than the person who originally produced such Litigation Material is subpoenaed or requested by any court, administrative agency, legislative body or other person or entity, the person to whom the subpoena or request is directed shall promptly provide written notice to each person who originally produced such Litigation Material or designated it Confidential, and the person to whom the subpoena or request is directed shall not take an adverse position to such person(s) opposing the subpoena or request for such Litigation Material. If the producing party makes a motion to quash or modify the subpoena, process or order, within ten (10) days of receipt

of notice pursuant to this paragraph, there shall be no disclosure pursuant to the subpoena, process or order until the Court has ruled upon the motion, and then only in accordance with the ruling so made. If no such motion is made despite a reasonable opportunity to do so, the person or party receiving the subpoena or other process or order shall be entitled to comply with it.

19. In the event that Litigation Materials designated or treated as Confidential are disclosed to someone not authorized to receive such information under this Order, counsel of record for the party making that disclosure shall, promptly upon learning of such disclosure, give notice to the designating party or that party's counsel and to the producing party (if different) or that party's counsel, and shall describe the circumstances surrounding the unauthorized disclosure. Counsel making the unauthorized disclosure shall also promptly notify the person to whom the disclosure was made that it contains Confidential information subject to this Order and will make all reasonable efforts to obtain the return of, and preclude dissemination or use of, the Confidential information by the person to whom disclosure was inadvertently made.

### Additional Provisions

20. Nothing in this Order, nor the production of any Litigation Materials by any party or nonparty, shall be deemed a waiver of any privilege or work product protection, or of the right of any party or nonparty to oppose production of any Litigation Material.

21. The fact that any information is disclosed, used or produced in discovery or trial herein shall not be construed as consent to its admissibility in this litigation, or to its use, in any action or proceeding before any court, agency or tribunal, and is not determinative of the question of whether such information is confidential or proprietary.

22. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

23. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

24. Nothing in this Order shall prevent any party or nonparty from seeking additional

protection from the Court for any particular Litigation Material, including seeking an order that the Litigation Material not be produced or disclosed.

### Conclusion of Litigation

25. Within thirty (30) days of the termination of this litigation, the originals and all copies, whether exact copies or compilations, digests or non-exact copies in any form, of Confidential Litigation Materials shall, upon request, be returned to the person who produced such Litigation Materials (with the resulting shipping expense to be paid by the producing person), or may be disposed of in some manner that is mutually agreeable among the applicable persons. Compliance with this paragraph shall include the return or disposal of any Confidential Litigation Material provided to any third parties, including but not limited to expert witnesses. Nevertheless, counsel of record may retain their file copies of all court filings, official transcripts and exhibits, provided that counsel continues to treat all Litigation Materials in the manner approved in this Order.

///

26. The limitations on the use and disclosure of Information shall survive the termination of this litigation. The Court will retain jurisdiction to enforce the terms of this Order after termination of this litigation, and any party or nonparty that has produced Litigation Materials designated as Confidential shall have standing to enforce the Order.

IT IS SO STIPULATED.

DATED: April 18, 2008         HELLER EHRMAN LLP

Case 4:07-cv-02853-SBA    Document 133    Filed 04/18/2008    Page 10 of 12

By /s/ Celia M. Jackson
    Celia M. Jackson

Attorneys for Plaintiffs
LENSCRAFTERS, INC. and EYEXAM OF CALIFORNIA, INC.

DATED: April 18, 2008         WILLOUGHBY, STUART & BENING, INC.

By /s/ Alexander F. Stuart
    Alexander F. Stuart

Attorneys for Defendant
LIBERTY MUTUAL FIRE INSURANCE COMPANY

DATED: April 18, 2008         ROSS, DIXON & BELL, LLP

By /s/ Monique M. Fuentes
    Monique M. Fuentes

Attorneys for Defendant
EXECUTIVE RISK SPECIALTY INSURANCE CO.

DATED: April 18, 2008         HARRIS, GREEN & DENNISON

By /s/ Gary L. Green
    Gary L. Green

Attorneys for Defendant
WESTCHESTER FIRE INSURANCE COMPANY

| | | |
|---|---|---|
| 1 | DATED: April 18, 2008 | LONG & LEVIT LLP |
| 2 | | |
| 3 | | By /s/ Chip Cox |
| 4 | | Chip Cox |
| 5 | | Attorneys for Defendant<br>MARKEL AMERICAN INSURANCE COMPANY |
| 6 | DATED: April 18, 2008 | SQUIRE, SANDERS & DEMPSEY L.L.P. |
| 7 | | |
| 8 | | |
| 9 | | By /s/David A. Gabianelli<br>David A. Gabianelli |
| 10 | | Attorneys for Defendant |
| 11 | | UNITED STATED FIRE INSURANCE COMPANY |

Case 4:07-cv-02853-SBA   Document 133   Filed 04/18/2008   Page 11 of 12

IT IS SO ORDERED.

DATED: April 23, 2008

[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA]

IT IS SO ORDERED
/s/ James Larson
Judge James Larson

EXHIBIT A

**AGREEMENT CONCERNING MATERIAL
COVERED BY PROTECTIVE ORDER**

I hereby acknowledge that: I have read the attached Stipulation and Protective Order entered in the Northern District of California in the Action *LensCrafters, Inc., et al. v. Liberty Mutual Fire Ins. Co., et al.*, Case No.: CV-07-2853-SBA. I understand the terms thereof; I agree to comply with and be bound by those terms; and I consent to the jurisdiction of the Court for enforcement of that Order. I understand that a violation of this undertaking could be punishable as a contempt of court.

DATED:                              Signature_____

                                    Name (please print):

Case 4:07-cv-02853-SBA   Document 133   Filed 04/18/2008   Page 12 of 12

11

STIPULATION AND [PROPOSED] PROTECTIVE ORDER, CASE NO. C 07-02853 SBA