1  SQUIRE, SANDERS & DEMPSEY L.L.P.
   Mark C. Goodman (Cal. State Bar No. 154692)
2  David A. Gabianelli (Cal. State Bar No. 158170)
   Amy E. Rose (Cal. State Bar No. 222167)
3  Andrew L. Chang (Cal. State Bar No. 222309)
   One Maritime Plaza, Suite 300
4  San Francisco, CA  94111-3492
   Telephone:  +1.415.954.0200
5  Facsimile:   +1.415.393.9887
   Email:   mgoodman@ssd.com
6  Email:   dgabianelli@ssd.com
   Email:   arose@ssd.com
7  Email:   achang@ssd.com

8  Attorneys for Defendant
   UNITED STATES FIRE INSURANCE COMPANY

9

10

11              **IN THE UNITED STATES DISTRICT COURT**

12              **NORTHERN DISTRICT OF CALIFORNIA**

13                    **(OAKLAND DIVISION)**

14

| | |
|---|---|
| 15  LENSCRAFTERS, INC.; and EYEXAM OF CALIFORNIA, INC.; | Case No. C-07-2853 SBA |
| 16 | The Honorable Saundra B. Armstrong |
| 17              Plaintiffs, | **E-FILING** |
| 18       vs. | **UNITED STATES FIRE INSURANCE** |
| 19  LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK | **COMPANY'S ANSWER TO EXECUTIVE RISK SPECIALTY INSURANCE** |
| 20  SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE | **COMPANY'S CROSS-CLAIM AND COUNTERCLAIM FOR DECLARATORY** |
| 21  COMPANY; MARKEL AMERICAN INSURANCE COMPANY; and | **RELIEF AND EQUITABLE CONTRIBUTION** |
| 22  WESTCHESTER FIRE INSURANCE COMPANY, | |
| 23              Defendants. | |

24

25

26

27

28

**U.S. FIRE'S ANSWER TO CROSS-CLAIM**

Defendant United States Fire Insurance Company ("U.S. Fire"), hereby answers the allegations of Executive Risk Specialty Insurance Company's ("ERSIC") Cross-Claim in this action.

The numbered paragraphs below correspond to the paragraph numbers contained in the Cross-Claim. The headings used match those chosen by ERSIC, are included for ease of reference only and constitute no admission whatsoever.

**NATURE OF ACTION**

1.     Answering Paragraph 1 of the Cross-Claim, U.S. Fire avers that to the extent ERSIC is asserting a legal opinion, no response is required. U.S. Fire admits that LensCrafters, Inc. and EYEXAM of California, Inc. (collectively "Plaintiffs") are defendants in the action styled *Snow, et al. v. LensCrafters, Inc., et al.*, San Francisco Superior Court Case No. CGC-02-405544 (the "*Snow* Action"). Except as so expressly admitted and to the extent any further response is required, U.S. Fire denies the remaining allegations contained in Paragraph 1.

**JURISDICTION AND VENUE**

2.     Answering Paragraph 2 of the Cross-Claim, U.S. Fire avers that to the extent ERSIC is asserting a legal opinion, no response is required. U.S. Fire admits that jurisdiction is proper. U.S. Fire lacks sufficient information to admit or deny the remaining allegations and, on that basis, denies the allegations.

3.     Answering Paragraph 3 of the Cross-Claim, U.S. Fire avers that to the extent ERSIC is asserting a legal opinion, no response is required. U.S. Fire admits that venue is proper. U.S. Fire denies the remaining allegations contained in Paragraph 3.

**PARTIES**

4.     Answering Paragraph 4 of the Cross-Claim, U.S. Fire lacks sufficient information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

5.     Answering Paragraph 5 of the Cross-Claim, U.S. Fire lacks sufficient information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

6.     Answering Paragraph 6 of the Cross-Claim, U.S. Fire admits the allegations

- 1 -

1   contained therein.

2        7.      Answering Paragraph 7 of the Cross-Claim, U.S. Fire lacks sufficient information

3   to form a belief as to the truth of the allegations and, on that basis denies the allegations.

4        8.      Answering Paragraph 8 of the Cross-Claim, U.S. Fire lacks sufficient information

5   to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

6        9.      Answering Paragraph 9 of the Cross-Claim, U.S. Fire lacks sufficient information

7   to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

8        10.     Answering Paragraph 10 of the Cross-Claim, U.S. Fire lacks sufficient information

9   to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

10                              **FACTUAL ALLEGATIONS**

11                                 **The Policies**

12       11.     Answering Paragraph 11 of the Cross-Claim, U.S. Fire lacks sufficient information

13  to admit or deny the allegation that Cross-Defendants other than U.S. Fire issued insurance

14  policies to Plaintiffs and, on that basis, denies the remaining allegations.  U.S. Fire admits that it

15  entered into certain umbrella insurance contracts naming Plaintiffs as named insureds.  Except as

16  so expressly admitted, U.S. Fire denies the remaining allegations contained in Paragraph 11.

17       12.     Answering Paragraph 12 of the Cross-Claim, U.S. Fire lacks sufficient information

18  to admit or deny the allegations and, on that basis, denies the allegations.

19       13.     Answering Paragraph 13 of the Cross-Claim, U.S. Fire lacks sufficient information

20  to admit or deny the allegations and, on that basis, denies the allegations.

21       14.     Answering Paragraph 14 of the Cross-Claim, U.S. Fire lacks sufficient information

22  to admit or deny the allegations and, on that basis, denies the allegations.

23       15.     Answering Paragraph 15 of the Cross-Claim, U.S. Fire lacks sufficient information

24  to admit or deny the allegations and, on that basis, denies the allegations.

25       16.     Answering Paragraph 16 of the Cross-Complaint, U.S. Fire admits that it issued

26  certain umbrella insurance contracts, identifying Plaintiffs as insureds, including:  (1) Policy No.

27  553-058755-2, effective from February 1, 1998 to February 1, 1999; (2) Policy No. 553-068740-

28  7, effective from February 1, 1999 to February 1, 2000; and (3) Policy No. 553-076-092-8,

- 2 -

1  effective from February 1, 2000 to February 1, 2001 (the "U.S. Fire Policies").  U.S. Fire also

2  admits that the terms of each of the U.S. Fire Policies provide an aggregate limit of liability of up

3  to $25 million for certain claims in excess of a "Retained Limit."  Except as so expressly

4  admitted, U.S. Fire denies the remaining allegations contained in Paragraph 16.

5      17.      Answering Paragraph 17 of the Cross-Claim, U.S. Fire lacks sufficient information

6  to admit or deny the allegations and, on that basis, denies the allegations.

7      18.      Answering Paragraph 18 of the Cross-Claim, U.S. Fire lacks sufficient information

8  to admit or deny the allegations and, on that basis, denies the allegations.

9                          **The *Snow* Action**

10      19.      Answering Paragraph 19 of the Cross-Claim, U.S. Fire admits that a lawsuit

11  captioned *Snow, et al v. LensCrafters, Inc. et al.*, No. CGC-02-405544 (the "*Snow* Action") was

12  filed in San Francisco Superior Court in March 2002, which lawsuit alleges claims made on

13  behalf of a putative class of EYEXAM patients.   Except as so expressly admitted, U.S. Fire

14  denies the remaining allegations contained in Paragraph 19.

15      20.      Answering Paragraph 20 of the Cross-Claim, U.S. Fire admits that the Second

16  Amended Complaint in the *Snow* Action ("SAC") asserts a claim under the Confidentiality of

17  Medical Information Act, Cal. Civ. Code § 56, *et seq.* based on allegations that Plaintiffs obtained

18  and disclosed confidential medical information in violation thereof.  Except as so expressly

19  admitted, U.S. Fire denies the remaining allegations contained in Paragraph 20.

20                    **The Related Coverage Action**

21      21.      Answering Paragraph 21 of the Cross-Claim, U.S. Fire admits that Plaintiffs

22  previously filed an action captioned *LensCrafters, Inc., et al. v. Liberty Mutual Fire Insurance*

23  *Co., et al.*, Case No. CV-04-01001 SBA (the "Prior Coverage Action") in the Northern District of

24  California.  U.S. Fire further admits that ERSIC filed a counterclaim against Plaintiffs and a

25  cross-claim against Liberty Mutual.  Except as so expressly admitted, U.S. Fire denies the

26  remaining allegations contained in Paragraph 21.

27      22.      Answering Paragraph 22 of the Cross-Claim, U.S. Fire admits that on June 20,

28  2005, in the Prior Coverage Action, this Court held that the SAC in the *Snow* Action alleges

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

1    "publication of material that violates a person's right of privacy" and that both Liberty Mutual

2    and ERSIC had a duty to defend Plaintiffs in the *Snow* Action.  Except as so expressly admitted,

3    U.S. Fire denies the remaining allegations contained in Paragraph 22.

4          23.      Answering Paragraph 23 of the Cross-Claim, U.S. Fire admits that this Court held

5    that "ERSIC is entitled to judgment in its favor declaring the ERSIC policy to be excess to the

6    Liberty Policies."  Except as so expressly admitted, U.S. Fire denies the remaining allegations

7    contained in Paragraph 23.

8          24.      Answering Paragraph 24 of the Cross-Claim, U.S. Fire denies that Liberty

9    Mutual's appeal remains pending before the Ninth Circuit.  U.S. Fire admits that this Court

10   entered an Amended Judgment in the Prior Coverage Action clarifying that the ERSIC Policy "is

11   excess to the Liberty policies with respect to the <u>Snow</u> action."  Except as so expressly admitted,

12   U.S. Fire denies the remaining allegations contained in Paragraph 24.

13   **Current Controversy**

14         25.      Answering Paragraph 25 of the Cross-Claim, U.S. Fire avers that to the extent

15   ERSIC is asserting a legal opinion, no response is required.  U.S. Fire lacks sufficient information

16   to admit or deny the allegations regarding the conduct of cross-defendants other than U.S. Fire

17   and, on that basis, denies the allegations.  U.S. Fire admits that it disputes Liberty Mutual's

18   position with respect to the limits available under its primary policies.  U.S. Fire further admits

19   that, if coverage is afforded under its policies for the *Snow* Action, U.S. Fire contends its policies

20   are excess to the coverage afforded under the ERSIC Policy.  U.S. Fire also admits that, even

21   assuming exhaustion of all underlying insurance, it disputes the availability of coverage under its

22   policies for any settlement or judgment in the *Snow* Action.  Except as so expressly admitted,

23   U.S. Fire denies the remaining allegations in Paragraph 25.

24         26.      Answering Paragraph 26 of the Cross-Claim, U.S. Fire avers that to the extent

25   ERSIC is asserting a legal opinion, no response is required.  U.S. Fire lacks sufficient information

26   to admit or deny the allegations contained therein as against any other cross-defendants and, on

27   that basis, denies the allegations.  U.S. Fire admits that there is presently a controversy and

28   dispute between ERSIC and U.S. Fire regarding their respective duties and obligations under their

- 4 -

1  respective insurance policies.  Except as so expressly admitted, U.S. Fire denies the remaining

2  allegations contained in Paragraph 26.

3  **COUNT I**

4  **(For a Declaration Regarding Liberty's Applicable Policy Limits)**

5      27.    Answering Paragraph 27 of the Cross-Claim, U.S. Fire incorporates its answers to

6  Paragraphs 1 through 26.

7      28.    Answering Paragraph 28 of the Cross-Claim, U.S. Fire avers that Count I is

8  limited to ERSIC's claims against Liberty; therefore, no response from U.S. Fire is required.  To

9  the extent any response is required, U.S. Fire denies the allegations of Paragraph 28.

10     29.    Answering Paragraph 29 of the Cross-Claim, U.S. Fire avers that Count I is

11  limited to ERSIC's claims against Liberty; therefore, no response from U.S. Fire is required.  To

12  the extent any response is required, U.S. Fire denies the allegations of Paragraph 29.

13     30.    Answering Paragraph 30 of the Cross-Claim, U.S. Fire avers that Count I is

14  limited to ERSIC's claims against Liberty; therefore, no response from U.S. Fire is required.  To

15  the extent any response is required, U.S. Fire denies the allegations of Paragraph 30.

16     31.    Answering Paragraph 31 of the Cross-Claim, U.S. Fire avers that Count I is

17  limited to ERSIC's claims against Liberty; therefore, no response from U.S. Fire is required.  To

18  the extent any response is required, U.S. Fire denies the allegations of Paragraph 31.

19     32.    Answering Paragraph 32 of the Cross-Claim, U.S. Fire avers that Count I is

20  limited to ERSIC's claims against Liberty; therefore, no response from U.S. Fire is required.  To

21  the extent any response is required, U.S. Fire denies the allegations of Paragraph 32.

22  **COUNT II**

23  **(For Equitable Indemnity – Against Liberty Only)**

24     33.    Answering Paragraph 33 of the Cross-Claim, U.S. Fire incorporates its answers to

25  Paragraphs 1 through 32.

26     34.    Answering Paragraph 34 of the Cross-Claim, U.S. Fire avers that Count II is

27  limited to ERSIC's claims against Liberty; therefore, no response from U.S. Fire is required.  To

28  the extent any response is required, U.S. Fire denies the allegations of Paragraph 34.

- 5 -

35.     Answering Paragraph 35 of the Cross-Claim, U.S. Fire avers that Count II is limited to ERSIC's claims against Liberty; therefore, no response from U.S. Fire is required.  To the extent any response is required, U.S. Fire denies the allegations of Paragraph 35.

36.     Answering Paragraph 36 of the Cross-Claim, U.S. Fire avers that Count II is limited to ERSIC's claims against Liberty; therefore, no response from U.S. Fire is required.  To the extent any response is required, U.S. Fire denies the allegations of Paragraph 36.

37.     Answering Paragraph 37 of the Cross-Claim, U.S. Fire avers that Count II is limited to ERSIC's claims against Liberty; therefore, no response from U.S. Fire is required.  To the extent any response is required, U.S. Fire denies the allegations of Paragraph 37.

38.     Answering Paragraph 38 of the Cross-Claim, U.S. Fire avers that Count II is limited to ERSIC's claims against Liberty; therefore, no response from U.S. Fire is required.  To the extent any response is required, U.S. Fire denies the allegations of Paragraph 38.

## <u>COUNT III</u>

### (For Declaratory Relief and Equitable Contribution From U.S. Fire, Markel and Westchester)

39.     Answering Paragraph 39 of the Cross-Claim, U.S. Fire incorporates its answers to Paragraphs 1 through 38.

40.     Answering Paragraph 40 of the Cross-Claim, U.S. Fire avers that to the extent ERSIC is asserting a legal opinion, no response is required.  To the extent any response is required, U.S. Fire denies the allegations of Paragraph 40.

41.     Answering Paragraph 41 of the Cross-Claim, U.S. Fire avers that to the extent ERSIC is asserting a legal opinion, no response is required.  U.S. Fire lacks sufficient information to admit or deny the allegations regarding the policies of cross-defendants other than U.S. Fire and, on that basis, denies the allegations.  U.S. Fire admits that the ERSIC Policy is not expressly listed or identified in any of the U.S. Fire Policies' "Schedules of Underlying Insurance."  Except as so expressly admitted, U.S. Fire denies the remaining allegations contained in Paragraph 41.

42.     Answering Paragraph 42 of the Cross-Claim, U.S. Fire lacks sufficient information to admit or deny the allegations regarding the policies of cross-defendants other than U.S. Fire

- 6 -

1  and, on that basis, denies the allegations.  U.S. Fire avers that to the extent ERSIC is asserting a

2  legal opinion, no response is required.  To the extent any response is required, U.S. Fire denies

3  the remaining allegations contained in Paragraph 42.

4         43.    Answering Paragraph 43 of the Cross-Claim, U.S. Fire lacks sufficient information

5  to admit or deny the allegations regarding the policies of cross-defendants other than U.S. Fire

6  and, on that basis, denies the allegations.  U.S. Fire avers that to the extent ERSIC is asserting a

7  legal opinion, no response is required.  To the extent any response is required, U.S. Fire denies

8  the remaining allegations contained in Paragraph 43.

9         44.    Answering Paragraph 44 of the Cross-Claim, U.S. Fire avers that to the extent

10  ERSIC is asserting a legal opinion, no response is required.  To the extent any response is

11  required, U.S. Fire denies the allegations of Paragraph 44.

12         45.    Answering Paragraph 45 of the Cross-Claim, U.S. Fire avers that to the extent

13  ERSIC is asserting a legal opinion, no response is required.  To the extent any response is

14  required, U.S. Fire denies the allegations of Paragraph 45.

15                              **AFFIRMATIVE DEFENSES**

16         U.S. Fire sets forth below its affirmative defenses.  Each defense is asserted as to all

17  causes of action against U.S. Fire.  By setting forth these affirmative defenses, U.S. Fire does not

18  assume the burden of proving any fact, issue or element of a cause of action where such burden

19  properly belongs to ERSIC.  Moreover, nothing stated herein is intended or shall be construed as

20  an acknowledgement that any particular issue or subject necessarily is relevant to ERSIC's

21  allegations.

22                            **FIRST AFFIRMATIVE DEFENSE**
                                 **(Failure to State Claim)**
23

24         The Cross-Claim and each claim for relief alleged therein fails to state facts sufficient to

25  constitute a claim for relief against U.S. Fire.

26                          **SECOND AFFIRMATIVE DEFENSE**
                               **(Statute of Limitations)**
27

28         ERSIC's claims are barred, in whole or in part, by the applicable statute of limitations.

- 7 -

**THIRD AFFIRMATIVE DEFENSE**
**(Laches)**

ERSIC's claims are barred, in whole or in part, by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**
**(Waiver)**

ERSIC's claims are barred, in whole or in part, by the doctrine of waiver.

**FIFTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

ERSIC's claims are barred, in whole or in part, by the doctrines of equitable estoppel and/or quasi-estoppel.

**SIXTH AFFIRMATIVE DEFENSE**
**(Failure to Perform)**

ERSIC is not entitled to the relief to the extent Plaintiffs failed to perform and/or satisfy any condition precedent under the U.S. Fire Policies.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Failure to Timely Tender)**

To the extent that Plaintiffs had notice of the conditions, events or injuries alleged in the *Snow* Action and failed to give timely notice to U.S. Fire, ERSIC's claim for relief is barred.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Failure to Disclose)**

To the extent that Plaintiffs negligently or intentionally failed to disclose, concealed or misrepresented facts concerning the risks undertaken by U.S. Fire, ERSIC's claims are barred, the insurance issued by U.S. Fire is null and void and U.S. Fire may, but need not formally, rescind the U.S. Fire Policies.

**NINTH AFFIRMATIVE DEFENSE**
**(Breach)**

Any obligation of U.S. Fire to perform under its policies is excused by Plaintiffs' breach of any obligation owed under the policies at issue, including but not limited to Plaintiffs' breach

- 8 -

1    of and/or failure to perform their duty to cooperate and/or duty to maintain underlying insurance.

### TENTH AFFIRMATIVE DEFENSE
### (Policy Limitations)

ERSIC's claims are barred in whole or in part by the terms, exclusions, conditions and limitations contained in the U.S. Fire Policies.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Deductibles/Retained Limit)

To the extent the U.S. Fire Policies at issue are subject to various limitations, including but not limited to deductibles, retentions, the "retained limit," retrospective rating plans or deductions, U.S. Fire's liability to ERSIC, if any, is thereby restricted or off-set.

### TWELFTH AFFIRMATIVE DEFENSE
### (No Exhaustion of Underlying Insurance)

To the extent that any primary or other underlying insurance has not exhausted, U.S. Fire owes no obligation to ERSIC.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

To the extent that ERSIC has failed to mitigate any financial liability caused to it, its claims are barred.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (No Coverage)

ERSIC's claims are barred to the extent no covered "personal injury" or "occurrence" has taken place during any period the U.S. Fire Policies were effective.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (No Fortuitous Loss)

To the extent Plaintiffs have incurred no fortuitous loss, ERSIC's claims are barred.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Willful Conduct)

To the extent Plaintiffs acted intentionally, ERSIC's claims are barred.

- 9 -

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Expected & Intended)

To the extent Plaintiffs expected or intended injury, ERSIC's claims are barred.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Damages)

To the extent there are no "damages" as defined by the U.S. Fire Policies, ERSIC's claims are barred.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Unlawful Act)

To the extent Plaintiffs incur liability as the result of any criminal or otherwise unlawful act, coverage under the U.S. Fire Policies is barred.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Penalties & Fines)

ERSIC's claims are barred to the extent Plaintiffs seek insurance coverage for penalties or fines.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (No Consent)

To the extent Plaintiffs did not seek U.S. Fire consent with respect to any settlements for which Plaintiffs seek coverage, ERSIC's claims are barred.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (No Legal Obligation to Pay)

To the extent ERSIC seeks relief with respect to monies that Plaintiffs are not legally obligated to pay as damages, ERSIC's claims are barred.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Voluntary Payments)

To the extent that Plaintiffs seek coverage for voluntary payments, ERSIC's claims are barred.

- 10 -

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
#### (Professional Liability Limitation)

ERSIC's claims are barred by the professional liability limitation contained in the U.S. Fire Policies.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
#### (Punitive Damages)

To the extent Plaintiffs seek relief with respect to punitive damages, ERSIC's claims are barred.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
#### (No Standing)

To the extent the U.S. Fire Policies are excess to the contracts of insurance issued by ERSIC to Plaintiffs, ERSIC cannot assert a claim for equitable contribution.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims are barred by Insurance Code Section 533, ERSIC's claims are barred.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
#### (Equitable Allocation)

Any allocation of defense or indemnity costs among Plaintiffs, their other insurers and U.S. Fire are governed by principles of equity and the specific language of Plaintiffs' insurance policies. To the extent ERSIC has paid less than its fair share of insurance benefits to Plaintiffs in comparison with U.S. Fire and/or less than contractually obligated to pay, ERSIC cannot recover from U.S. Fire.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
#### (Other Affirmative Defenses)

U.S. Fire hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case and hereby reserves the right to amend its Answer to assert any such defenses.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

**U.S. FIRE's COUNTERCLAIM**

Defendant, Cross-Defendant and Counterclaimant U.S. Fire asserts these counterclaims against defendant, cross-claimant and counterdefendant ERSIC and alleges as follows:

**Introduction**

1.    This is an insurance coverage action, in which plaintiffs LensCrafters, Inc. and EYEXAM of California, Inc. (collectively, "Plaintiffs") seek a declaration of their rights and the obligations of certain of their insurers with regard to an underlying civil action, *Snow v. LensCrafters, Inc.*, *et al.*, San Francisco Superior Court Case No. CGC-02-405544 (the "*Snow* Action").

2.    In the event that U.S. Fire owes any coverage obligation to Plaintiffs, U.S. Fire contends that those obligations are excess to the obligations of ERSIC, or that U.S. Fire is entitled to equitable contribution and/or equitable indemnity from ERSIC.

**The Parties**

3.    U.S. Fire is a Delaware corporation, with its principal place of business in Morristown, New Jersey, and is licensed to transact property and casualty insurance in California.

4.    U.S. Fire is informed and believes and, on that basis, alleges that ERSIC is a Delaware corporation, with its principal place of business in Warren, New Jersey, and is licensed to transact property and casualty insurance in California.

**Jurisdiction**

5.    This Court has jurisdiction under 28 U.S.C. §§1367 and 2201. U.S. Fire is informed and believes and, on that basis, alleges that this counterclaim is so related to the claims alleged in Plaintiffs' complaint that they form the same case or controversy.

**The Underlying Litigation**

6.    The *Snow* Action is a putative class action that asserts claims against Plaintiffs pertaining to the Confidentiality of Medical Information Act (Cal. Civ. Code § 56, *et seq.*), Business & Professions Code §§ 17200 and 17500, and the Consumer Legal Remedies Act (Cal. Civ. Code § 1750).

7.    The *Snow* Action was originally filed against Plaintiffs, among other entities, on

- 12 -

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

U.S. FIRE'S ANSWER AND COUNTERCLAIM TO ERSIC'S CROSS-CLAIM – CASE NO. C-07-2853 SBA

1    March 12, 2002.  The Second Amended Complaint, which is currently operative, was filed on or

2    about April 15, 2003.

3                                    **The Policies**

4         8.        U.S. Fire issued the following policies, all of which identified Plaintiffs as

5    insureds:  (1) a commercial umbrella policy effective from February 1, 1998 to February 1, 1999;

6    (2) a commercial umbrella policy, effective from February 1, 1999 to February 1, 2000; and (3) a

7    commercial umbrella policy, effective from February 1, 2000 to February 1, 2001 (the "U.S. Fire

8    Policies").  The terms of each of the U.S. Fire Policies provide an aggregate limit of liability of up

9    to $25 million for certain claims in excess of a "Retained Limit."

10        9.        U.S. Fire is informed and believes and, on that basis, alleges that Liberty Mutual

11   Fire Insurance Company ("Liberty Mutual") issued at least eight policies, effective from February

12   1, 1998 to February 1, 2006, all of which identified Plaintiffs as named insureds (the "Liberty

13   Mutual Policies").  Each of the Liberty Mutual Policies provides limits of liability of at least $3

14   million for each occurrence and aggregate limits of liability of at least $6 million, per location.

15        10.       U.S. Fire is informed and believes and, on that basis, alleges that ERSIC issued a

16   Managed Care Organization Errors and Omissions Liability Policy No. 8167-2076, effective

17   November 12, 2001 to November 12, 2002, identifying Plaintiffs as insureds (the "ERSIC

18   Policy").  The ERSIC Policy has an aggregate limit of liability of at least $3 million.

19                                **Prior Coverage Action**

20        11.       Before this action, Plaintiffs had filed an action styled *LensCrafters, Inc., et al. v.*

21   *Liberty Mutual Fire Insurance Company, et al.*, Case No. CV-04-01001SBA (N.D. Cal.) (the

22   "Prior Coverage Action"), seeking a defense for the *Snow* Action under the Liberty Mutual

23   Policies and the ERSIC Policy.

24        12.       In that action, this Court granted Plaintiffs' motions for partial summary judgment

25   against Liberty Mutual and ERSIC, finding that both the Liberty Mutual Policies and the ERSIC

26   Policy provided potential coverage for the *Snow* Action and, therefore, owed a duty to defend

27   Plaintiffs in that action.

28        13.       The parties then stipulated to dismiss the Prior Coverage Action, without

1  prejudice, on the grounds Plaintiffs' indemnity claims were not ripe for adjudication.

2  **First Cause of Action for Declaratory Relief**

3  14.    U.S. Fire incorporates the allegations in paragraphs 1 through 13 as though fully

4  set forth herein.

5  15.    There is presently a controversy and dispute between U.S. Fire and ERSIC

6  regarding their respective duties and obligations under their respective insurance policies.  U.S.

7  Fire contends that the U.S. Fire Policies are excess to the primary-level coverage provided by the

8  ERSIC Policy.  U.S. Fire is informed and believes and, on that basis, alleges that ERSIC disputes

9  this, contending that the ERSIC Policy and the U.S. Fire Policies both provide first-layer excess

10  coverage after exhaustion of the Liberty Mutual Policies.

11  16.    U.S. Fire is also informed and believes and, on that basis, alleges that ERSIC

12  contends that the Liberty Mutual Policies will be exhausted upon its payment of $6 million to

13  contribute toward settlement of the *Snow* Action.  U.S. Fire disputes this contention, alleging that

14  the Liberty Mutual Policies' limits of liability will not be exhausted by a $6 million payment

15  toward settlement of the *Snow* Action.

16  17.    U.S. Fire is also informed and believes and, on that basis, alleges that ERSIC

17  contends that its payment of an amount less than the ERSIC Policy's $3 million limit of liability

18  will exhaust that policy, which U.S. Fire disputes.

19  18.    U.S. Fire is also informed and believes and, on that basis, alleges that ERSIC

20  contends that the U.S. Fire Policies provide coverage for claims in the *Snow* Action arising from

21  occurrences taking place exclusively during the effective period of the ERSIC Policy, which U.S.

22  Fire disputes.

23  19.    As a result, U.S. Fire seeks the following declarations to resolve the above

24  controversies and disputes:

25  (a)    a judicial declaration that U.S. Fire has no obligation to indemnify

26  Plaintiffs for any settlements or judgments in the *Snow* Action;

27  (b)    a judicial declaration that, to the extent it has any obligation to indemnify

28  any settlements or judgments in the *Snow* Action, U.S. Fire's obligations are excess to ERSIC's

- 14 -

1    obligations; and

2              (c)    a judicial declaration that, to the extent U.S. Fire has any obligation to

3    indemnify Plaintiffs for any settlements or judgments in the *Snow* Action, U.S. Fire has no

4    obligation to provide coverage or otherwise indemnify claims in the *Snow* Action asserting

5    damages based on occurrences during the effective period of the ERSIC Policy.

6         20.    A judicial declaration is appropriate to address and resolve this actual controversy

7    between ERSIC and U.S. Fire regarding their respective rights and obligations under their

8    respective insurance policies, if any, to indemnify Plaintiffs for any settlements or judgments in

9    the *Snow* Action.

10                **Second Cause of Action for Equitable Contribution**

11         21.    U.S. Fire incorporates the allegations in paragraphs 1 through 20 as though fully

12   set forth herein.

13         22.    In the event U.S. Fire owes any obligations to indemnify Plaintiffs for any

14   settlements or judgments in the *Snow* Action and in the event the U.S. Fire Policies are not excess

15   to the ERSIC Policy, justice and equity require that any such obligations be shared equitably by

16   and between U.S. Fire and ERSIC.

17         23.    Accordingly, U.S. Fire is entitled to a judgment declaring and awarding the

18   equitable apportionment and contribution due between U.S. Fire and ERSIC for any settlements

19   or judgments in the *Snow* Action that exceed the limits of liability of the Liberty Mutual Policies,

20   if any.

21         WHEREFORE, U.S. Fire prays for judgment as follows:

22         1.    A declaration that U.S. Fire has no obligations to indemnify Plaintiffs for any

23   settlements or judgments in the *Snow* Action;

24         2.    A declaration that, to the extent it has any obligation to indemnify any settlements

25   or judgments in the *Snow* Action, U.S. Fire's obligations are excess to ERSIC's obligations.

26         3.    A declaration that, to the extent U.S. Fire has any obligation to indemnify

27   Plaintiffs for any settlements or judgments in the *Snow* Action, U.S. Fire has no obligation to

28   provide coverage or otherwise indemnify claims in the *Snow* Action asserting damages based on

- 15 -

1    occurrences during the effective period of the ERSIC Policy.

2         4.    A judgment declaring and awarding the equitable apportionment and contribution

3    due between U.S. Fire and ERSIC for any settlements or judgments in the *Snow* Action that

4    exceed the retained limits set forth in their respective insurance policies, if any;

5         5.    For costs of suit incurred herein; and

6         6.    For such other and further relief as this Court deems just and proper.

7    Dated:  July 31, 2008                    SQUIRE, SANDERS & DEMPSEY L.L.P.

8

9                                            By:_____*/s/ David A. Gabianelli*_____

10                                                   David A. Gabianelli
                                             Attorneys for Defendant
11                                           UNITED STATES FIRE INSURANCE COMPANY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

U.S. FIRE'S ANSWER AND COUNTERCLAIM TO ERSIC'S CROSS-CLAIM – CASE NO. C-07-2853 SBA

1

## PROOF OF SERVICE

2

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is One Maritime Plaza, Third Floor, San Francisco, California 94111-3492.

3

4

On *July 31, 2008*, I served the following document described as:

5

**U.S. FIRE INSURANCE COMPANY'S ANSWER TO EXECUTIVE RISK SPECIALTY INSURANCE COMPANY'S CROSS CLAIM AND COUNTERCLAIM FOR DECLARATORY RELIEF AND EQUITABLE CONTRIBUTION**

6

7

8

☒     VIA THE UNITED STATES DISTRICT COURT ELECTRONIC FILING SERVICE on interested parties in this action as set forth below:

9

10

Richard DeNatale, Esq.
Celia M. Jackson, Esq.
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone:     (415) 772-6000
Facsimile:      (415) 772-6268
*richard.denatale@hellerehrman.com*
*celia.jackson@hellerehrman.com*

Terrence R. McInnis, Esq.
Ross, Dixon & Bell, LLP
5 Park Plaza, Suite 1200
Irvine, CA 92614
Telephone:     (949) 622-2700
Facsimile:      (949) 622-2739
*tmcinnis@rdblaw.com*

11

12

13

14

15

Chip Cox, Esq.
Long & Levitt
465 California Street, 5th Floor
San Francisco, CA 94104
Telephone:     (415) 438-4413
Facsimile:      (415) 397-6392
*chipc@longlevit.com*

Alex F. Stuart, Esq.
Willoughby, Stuart & Bening
Fairmont Plaza
50 West San Fernando, Suite 400
San Jose, CA 95113
Telephone:     (408) 289-1972
Facsimile:      (408) 295-6375
*afs@wsblaw.net*

16

17

18

19

20

Executed on *July 31, 2008*, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

21

22

*/s/ Lanii Langlois*
Lanii Langlois

23

24

25

26

27

28