SQUIRE, SANDERS & DEMPSEY L.L.P.
Mark C. Goodman (Cal. State Bar No. 154692)
David A. Gabianelli (Cal. State Bar No. 158170)
Amy E. Rose (Cal. State Bar No. 222167)
Andrew L. Chang (Cal. State Bar No. 222309)
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492
Telephone:   +1.415.954.0200
Facsimile:    +1.415.393.9887
Email:   mgoodman@ssd.com
Email:   dgabianelli@ssd.com
Email:   arose@ssd.com
Email:   achang@ssd.com

Attorneys for Defendant
UNITED STATES FIRE INSURANCE COMPANY

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## (OAKLAND DIVISION)

| | |
|---|---|
| LENSCRAFTERS, INC.; and EYEXAM OF CALIFORNIA, INC.; <br><br> Plaintiffs, <br><br> vs. <br><br> LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY; and WESTCHESTER FIRE INSURANCE COMPANY, <br><br> Defendants. | Case No. C-07-2853 SBA <br> The Honorable Saundra B. Armstrong <br><br> **E-FILING** <br><br> **UNITED STATES FIRE INSURANCE COMPANY'S ANSWER TO MARKEL AMERICAN INSURANCE COMPANY'S CROSS-COMPLAINT AND COUNTERCLAIM FOR DECLARATORY RELIEF AND EQUITABLE CONTRIBUTION** |

**ANSWER**

Defendant United States Fire Insurance Company ("U.S. Fire"), hereby answers the allegations of the Markel American Insurance Company's ("Markel") Cross-Complaint in this action.

The numbered paragraphs below correspond to the paragraph numbers contained in the Cross-Complaint. The headings used match those chosen by Markel and are included for ease of reference only, and constitute no admission whatsoever.

**INTRODUCTION**

1. Answering Paragraph 1 of the Cross-Complaint, U.S. Fire avers that to the extent Markel is asserting a legal opinion, no response is required. U.S. Fire admits that, in this insurance coverage action, plaintiffs LensCrafters, Inc. and EYEXAM of California, Inc. (collectively, "Plaintiffs") seek a declaration of their rights and the obligations of certain of their insurers with regard to an underlying civil action, *Snow v. LensCrafters, Inc., et al.*, San Francisco Superior Court Case No. CGC-02-405544 (the "*Snow* Action"). Except as so expressly admitted, U.S. Fire denies the remaining allegations contained in Paragraph 1.

2. Answering Paragraph 2 of the Cross-Complaint, U.S. Fire avers that to the extent Markel is asserting a legal opinion, no response is required. U.S. Fire denies the remaining allegations contained in Paragraph 2.

**THE PARTIES**

3. Answering Paragraph 3 of the Cross-Complaint, U.S. Fire lacks sufficient information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

4. Answering Paragraph 4 of the Cross-Complaint, U.S. Fire lacks sufficient information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

5. Answering Paragraph 5 of the Cross-Complaint, U.S. Fire lacks sufficient information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

6.      Answering Paragraph 6 of the Cross-Complaint, U.S. Fire lacks sufficient information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

7.      Answering Paragraph 7 of the Cross-Complaint, U.S. Fire lacks sufficient information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

8.      Answering Paragraph 8 of the Cross-Complaint, U.S. Fire admits the allegations contained therein.

9.      Answering Paragraph 9 of the Cross-Complaint, U.S. Fire lacks sufficient information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

## JURISDICTION

10.      Answering Paragraph 10 of the Cross-Complaint, U.S. Fire avers that to the extent Markel is asserting a legal opinion, no response is required.  U.S. Fire admits that jurisdiction is proper.  U.S. Fire lacks sufficient information to admit or deny the remaining allegations and, on that basis, denies the allegations.

## THE UNDERLYING LITIGATION

11.      Answering Paragraph 11 of the Cross-Complaint, U.S. Fire avers that to the extent Markel is asserting a legal opinion, no response is required.  U.S. Fire admits that the Second Amended Complaint in the *Snow* Action asserts claims against Plaintiffs pertaining to the Confidentiality of Medical Information Act (Cal. Civ. Code § 56, *et seq*.), Business & Professions Code §§ 17200 and 17500, and the Consumer Legal Remedies Act (Cal. Civ. Code § 1750). Except as so expressly admitted, U.S. Fire denies the remaining allegations contained in Paragraph 11.

12.      Answering Paragraph 12 of the Cross-Complaint, U.S. Fire admits the allegations contained therein.

## THE POLICIES

13.      Answering Paragraph 13 of the Cross-Complaint, U.S. Fire lacks sufficient

- 2 -

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

1     information to admit or deny the allegations and, on that basis, denies the allegations.

2            14.      Answering Paragraph 14 of the Cross-Complaint, U.S. Fire lacks sufficient

3     information to admit or deny the allegations and, on that basis, denies the allegations.

4            15.      Answering Paragraph 15 of the Cross-Complaint, U.S. Fire lacks sufficient

5     information to admit or deny the allegations and, on that basis, denies the allegations.

6            16.      Answering Paragraph 16 of the Cross-Complaint, U.S. Fire admits that it issued

7     the following policies, all of which identified Plaintiffs as named insureds:  (1) a commercial

8     umbrella policy effective from February 1, 1998 to February 1, 1999; (2) a commercial umbrella

9     policy, effective from February 1, 1999 to February 1, 2000; and (3) a commercial umbrella

10     policy, effective from February 1, 2000 to February 1, 2001 (the "U.S. Fire Policies").  U.S. Fire

11     also admits that the terms of each of the U.S. Fire Policies provide an aggregate limit of liability

12     of up to $25 million for certain claims in excess of a "Retained Limit."  Except as so expressly

13     admitted, U.S. Fire denies the remaining allegations contained in Paragraph 16.

14            17.      Answering Paragraph 17 of the Cross-Complaint, U.S. Fire lacks sufficient

15     information to admit or deny the allegations and, on that basis, denies the allegations.

16     <div align="center">**PRIOR COVERAGE ACTION**</div>

17            18.      Answering Paragraph 18 of the Cross-Complaint, U.S. Fire admits that Plaintiffs

18     previously filed an action captioned *LensCrafters, Inc., et al. v. Liberty Mutual Fire Insurance*

19     *Co., et al.*, Case No. CV-04-01001 SBA (the "Prior Coverage Action") in the Northern District of

20     California.

21            19.      Answering Paragraph 19 of the Cross-Complaint, U.S. Fire admits that on June 20,

22     2005, in the Prior Coverage Action, this Court held that the SAC in the *Snow* Action alleges

23     "publication of material that violates a person's right of privacy" and that both Liberty Mutual

24     and ERSIC had a duty to defend Plaintiffs in the *Snow* Action.  Except as so expressly admitted,

25     U.S. Fire denies the remaining allegations contained in Paragraph 19.

26            20.      Answering Paragraph 20 of the Cross-Complaint, U.S. Fire admits that this Court

27     held that "ERSIC is entitled to judgment in its favor declaring the ERSIC policy to be excess to

28     the Liberty Policies" with respect to the *Snow* Action.  Except as so expressly admitted, U.S. Fire

1   denies the remaining allegations contained in Paragraph 20.

2        21.    Answering Paragraph 21 of the Cross-Complaint, U.S. Fire admits the allegations

3   contained therein.

4                **FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**

5        22.    Answering Paragraph 22 of the Cross-Complaint, U.S. Fire incorporates its

6   answers to Paragraphs 1 through 21.

7        23.    Answering Paragraph 23 of the Cross-Complaint, U.S. Fire lacks sufficient

8   information to admit or deny the allegations contained therein as against any other cross-

9   defendants and, on that basis, denies the allegations.  U.S. Fire admits that there is presently a

10   controversy and dispute between Markel and U.S. Fire regarding their respective duties and

11   obligations under their respective insurance policies.  Except as so expressly admitted, U.S. Fire

12   denies the remaining allegations contained in Paragraph 23.

13        24.    Answering Paragraph 24 of the Cross-Complaint, U.S. Fire lacks sufficient

14   information to admit or deny the allegations and, on that basis, denies the allegations.

15        25.    Answering Paragraph 25 of the Cross-Complaint, U.S. Fire lacks sufficient

16   information to admit or deny the allegations and, on that basis, denies the allegations.

17        26.    Answering Paragraph 26 of the Cross-Complaint, U.S. Fire lacks sufficient

18   information to admit or deny the allegations contained therein as against any other cross-

19   defendants and, on that basis, denies the allegations.  U.S. Fire admits that it disputes Liberty

20   Mutual's position with respect to the limits available under its primary policies.  U.S. Fire also

21   admits that, even assuming exhaustion of all underlying insurance, it disputes the availability of

22   coverage under its policies for any settlement or judgment in the *Snow* Action.  Except as so

23   expressly admitted, U.S. Fire denies the remaining allegations contained in Paragraph 26.

24        27.    Answering Paragraph 27 of the Cross-Complaint, U.S. Fire avers that to the extent

25   Markel is asserting a legal opinion, no response is required.  To the extent any response is

26   required, U.S. Fire lacks sufficient information to admit or deny the allegations and, on that basis,

27   denies the allegations.

28        28.    Answering Paragraph 28 of the Cross-Complaint, U.S. Fire avers that to the extent

**SQUIRE, SANDERS &
DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

1  Markel is asserting a legal opinion, no response is required.  To the extent any response is

2  required, U.S. Fire admits the allegations contained in Paragraph 28.

3  <center>**AFFIRMATIVE DEFENSES**</center>

4  U.S. Fire sets forth below its affirmative defenses.  Each defense is asserted as to all

5  causes of action against U.S. Fire.  By setting forth these affirmative defenses, U.S. Fire does not

6  assume the burden of proving any fact, issue or element of a cause of action where such burden

7  properly belongs to Markel.  Moreover, nothing stated herein is intended or shall be construed as

8  an acknowledgement that any particular issue or subject necessarily is relevant to Markel's

9  allegations.

10  <center>**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State Claim)**</center>

11  The Cross-Claim and each claim for relief alleged therein fails to state facts sufficient to

12  constitute a claim for relief against U.S. Fire.

13  <center>**SECOND AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**</center>

14

15  Markel's claims are barred, in whole or in part, by the applicable statute of limitations.

16  <center>**THIRD AFFIRMATIVE DEFENSE**
**(Laches)**</center>

17

18  Markel's claims are barred, in whole or in part, by the doctrine of laches.

19  <center>**FOURTH AFFIRMATIVE DEFENSE**
**(Waiver)**</center>

20

21  Markel's claims are barred, in whole or in part, by the doctrine of waiver.

22  <center>**FIFTH AFFIRMATIVE DEFENSE**
**(Estoppel)**</center>

23

24  Markel's claims are barred, in whole or in part, by the doctrines of equitable estoppel

25  and/or quasi-estoppel.

26  <center>**SIXTH AFFIRMATIVE DEFENSE**
**(Failure to Perform)**</center>

27  Markel is not entitled to the relief to the extent Plaintiffs failed to perform and/or satisfy

28  any condition precedent under the U.S. Fire Policies.

**SQUIRE, SANDERS &
DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

1

2

**SEVENTH AFFIRMATIVE DEFENSE**
**(Failure to Timely Tender)**

3

4

To the extent that Plaintiffs had notice of the conditions, events or injuries alleged in the *Snow* Action and failed to give timely notice to U.S. Fire, Markel's claim for relief is barred.

5

6

**EIGHTH AFFIRMATIVE DEFENSE**
**(Failure to Disclose)**

7

8

9

10

To the extent that Plaintiffs negligently or intentionally failed to disclose, concealed or misrepresented facts concerning the risks undertaken by U.S. Fire, Markel's claims are barred, the insurance issued by U.S. Fire is null and void and U.S. Fire may, but need not formally, rescind the U.S. Fire Policies.

11

12

**NINTH AFFIRMATIVE DEFENSE**
**(Breach)**

13

14

15

Any obligation of U.S. Fire to perform under its policies is excused by Plaintiffs' breach of any obligation owed under the policies at issue, including but not limited to Plaintiffs' breach of and/or failure to perform their duty to cooperate and/or duty to maintain underlying insurance.

16

17

**TENTH AFFIRMATIVE DEFENSE**
**(Policy Limitations)**

18

19

Markel's claims are barred in whole or in part by the terms, exclusions, conditions and limitations contained in the U.S. Fire Policies.

20

21

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Deductibles/Retained Limit)**

22

23

24

To the extent the U.S. Fire Policies at issue are subject to various limitations, including but not limited to deductibles, retentions, the "retained limit," retrospective rating plans or deductions, U.S. Fire's liability to Markel, if any, is thereby restricted or off-set.

25

26

**TWELFTH AFFIRMATIVE DEFENSE**
**(No Exhaustion of Underlying Insurance)**

27

28

To the extent that any primary or other underlying insurance has not exhausted, U.S. Fire owes no obligation to Markel.

- 6 -

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

To the extent that Markel has failed to mitigate any financial liability caused to it, its claims are barred.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Coverage)

Markel's claims are barred to the extent no covered "personal injury" or "occurrence" has taken place during any period the U.S. Fire Policies were effective.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Fortuitous Loss)

To the extent Plaintiffs have incurred no fortuitous loss, Markel's claims are barred.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Willful Conduct)

To the extent Plaintiffs acted intentionally, Markel's claims are barred.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Expected & Intended)

To the extent Plaintiffs expected or intended injury, Markel's claims are barred.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Damages)

To the extent there are no "damages" as defined by the U.S. Fire Policies, Markel's claims are barred.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Unlawful Act)

To the extent Plaintiffs incur liability as the result of any criminal or otherwise unlawful act, coverage under the U.S. Fire Policies is barred.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Penalties & Fines)

Markel's claims are barred to the extent Plaintiffs seek insurance coverage for penalties or

- 7 -

1  fines.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (No Consent)

To the extent Plaintiffs did not seek U.S. Fire consent with respect to any settlements for which Plaintiffs seek coverage, Markel's claims are barred.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (No Legal Obligation to Pay)

To the extent Markel seeks relief with respect to monies that Plaintiffs are not legally obligated to pay as damages, Markel's claims are barred.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Voluntary Payments)

To the extent that Plaintiffs seek coverage for voluntary payments, Markel's claims are barred.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Professional Liability Limitation)

Markel's claims are barred by the professional liability limitation contained in the U.S. Fire Policies.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

To the extent Plaintiffs seek relief with respect to punitive damages, Markel's claims are barred.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (No Standing)

To the extent the U.S. Fire Policies are excess to the contracts of insurance issued by Markel to Plaintiffs, Markel cannot assert a claim for equitable contribution.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims are barred by Insurance Code Section 533, Markel's claims are barred.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**
**(Equitable Allocation)**

Any allocation of defense or indemnity costs among Plaintiffs, their other insurers and U.S. Fire are governed by principles of equity and the specific language of Plaintiffs' insurance policies. To the extent Markel has paid less than its fair share of insurance benefits to Plaintiffs in comparison with U.S. Fire and/or less than contractually obligated to pay, Markel cannot recover from U.S. Fire.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**
**(Other Affirmative Defenses)**

U.S. Fire hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case and hereby reserves the right to amend its Answer to assert any such defenses.

### U.S. FIRE'S COUNTERCLAIM

Defendant, Cross-Defendant and Counterclaimant U.S. Fire asserts these counterclaims against defendant, cross-claimant and counterdefendant Markel and allege as follows:

#### Introduction

1.     This is an insurance coverage action, in which plaintiffs LensCrafters, Inc. and EYEXAM of California, Inc. (collectively, "Plaintiffs") seek a declaration of their rights and the obligations of certain of their insurers with regard to an underlying civil action, *Snow v. LensCrafters, Inc.*, *et al.,* San Francisco Superior Court Case No. CGC-02-405544 (the "*Snow* Action").

2.     In the event that U.S. Fire owes any coverage obligation to Plaintiffs, U.S. Fire disputes that Markel's obligations are excess to the obligations of U.S. Fire, and contends that U.S. Fire is entitled to equitable contribution from Markel.

#### The Parties

3.     U.S. Fire is a Delaware corporation, with its principal place of business in Morristown, New Jersey, and is licensed to transact property and casualty insurance in California.

4.     U.S. Fire is informed and believes and, on that basis, alleges that Markel is an

- 9 -

1    insurance company organized under the laws of the State of Virginia, with its principal place of

2    business in Red Bank, New Jersey, and is licensed to transact property and casualty insurance in

3    California.

4                                **Jurisdiction**

5            5.      This Court has jurisdiction under 28 U.S.C. §§1367 and 2201.  U.S. Fire is

6    informed and believes and, on that basis, alleges that this counterclaim is so related to the claims

7    alleged in Plaintiffs' complaint that they form the same case or controversy.

8                          **The Underlying Litigation**

9            6.      The *Snow* Action is a putative class action that asserts claims against Plaintiffs

10   pertaining to the Confidentiality of Medical Information Act (Cal. Civ. Code § 56, *et seq.*),

11   Business & Professions Code §§ 17200 and 17500, and the Consumer Legal Remedies Act (Cal.

12   Civ. Code § 1750).

13           7.      The *Snow* Action was originally filed against Plaintiffs, among other entities, on

14   March 12, 2002.  The Second Amended Complaint, which is currently operative, was filed on or

15   about April 15, 2003.

16                               **The Policies**

17           8.      U.S. Fire issued the following policies, all of which identified Plaintiffs as

18   insureds:  (1) a commercial umbrella policy effective from February 1, 1998 to February 1, 1999;

19   (2) a commercial umbrella policy, effective from February 1, 1999 to February 1, 2000; and (3) a

20   commercial umbrella policy, effective from February 1, 2000 to February 1, 2001 (the "U.S. Fire

21   Policies").  The terms of each of the U.S. Fire Policies provide an aggregate limit of liability of up

22   to $25 million for certain claims in excess of a "Retained Limit."

23           9.      U.S. Fire is informed and believes and, on that basis, alleges that Markel issued

24   Commercial Umbrella Liability Policy No. CU-GA-1345-01, effective February 1, 2002 to

25   February 2, 2002, which identified Plaintiffs as named insureds (the "Markel Policy").  U.S. Fire

26   is also informed and believes and, on that basis, alleges that the Markel Policy provides an

27   aggregate limit of liability of $15 million in excess of a retained limit.

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

U.S. FIRE'S ANSWER AND COUNTERCLAIM TO MARKEL'S CROSS-COMPLAINT – CASE NO. C-07-2853 SBA

### First Cause of Action for Declaratory Relief

10.    U.S. Fire incorporates the allegations in paragraphs 1 through 9 as though fully set forth herein.

11.    There is presently a controversy and dispute between U.S. Fire and Markel regarding their respective duties and obligations under their respective insurance policies.  U.S. Fire is informed and believes and, on that basis, alleges that Markel contends that its obligations, if any, to indemnify a settlement or judgment in the *Snow* Action are excess to U.S. Fire's obligations, if any, or that Markel is entitled to equitable contribution from U.S. Fire.

12.    U.S. Fire seeks a judicial declaration that it has no obligation to indemnify Plaintiffs for any settlements or judgments in the *Snow* Action.

13.    U.S. Fire seeks a further judicial declaration that, to the extent it has any obligation to indemnify Plaintiffs for any settlements or judgments in the *Snow* Action, U.S. Fire has no obligation to provide coverage or otherwise indemnify claims in the *Snow* Action asserting damages based on occurrences during the effective period of the Markel Policy.

14.    U.S. Fire seeks a further judicial declaration that Markel's obligations to indemnify Plaintiffs for any settlements or judgments in the *Snow* Action is not excess of U.S. Fire's obligations, if any.

15.    A judicial declaration is appropriate to address and resolve this actual controversy between Markel and U.S. Fire regarding their respective rights and obligations under their respective insurance policies, if any, to indemnify Plaintiffs for any settlements or judgments in the *Snow* Action.

### Second Cause of Action for Equitable Contribution

16.    U.S. Fire incorporates the allegations in paragraphs 1 through 9 as though fully set forth herein.

17.    In the event U.S. Fire owes any obligations to indemnify Plaintiffs for any settlements or judgments in the *Snow* Action, justice and equity require that any such obligations be shared equitably by and between U.S. Fire and Markel.

18.    Accordingly, U.S. Fire is entitled to a judgment declaring and awarding the

- 11 -

1    equitable apportionment and contribution due between and among U.S. Fire and Markel for any

2    settlements or judgments in the *Snow* Action that exceed the retained limits set forth in their

3    respective insurance policies, if any.

4        WHEREFORE, U.S. Fire prays for judgment as follows:

5        1.    A declaration that U.S. Fire has no obligations to indemnify Plaintiffs for any

6    settlements or judgments in the *Snow* Action;

7        2.    A declaration that, to the extent U.S. Fire has any obligation to indemnify

8    Plaintiffs for any settlements or judgments in the *Snow* Action, U.S. Fire has no obligation to

9    provide coverage or otherwise indemnify claims in the *Snow* Action asserting damages based on

10    occurrences during the effective period of the Markel Policy.

11        3.    A declaration that Markel's obligations to indemnify Plaintiffs for any settlements

12    or judgments in the *Snow* Action is not excess of U.S. Fire's obligations, if any;

13        4.    A judgment declaring and awarding the equitable apportionment and contribution

14    due between and among U.S. Fire and Markel for any settlements or judgments in the *Snow*

15    Action that exceed the retained limits set forth in their respective insurance policies, if any;

16        5.    For costs of suit incurred herein; and

17        6.    For such other and further relief as this Court deems just and proper.

18    Dated:  July 31, 2008                SQUIRE, SANDERS & DEMPSEY L.L.P.

19

20                    By:_____*/s/ David A. Gabianelli*_____

21                        David A. Gabianelli
                        Attorneys for Defendant

22                    UNITED STATES FIRE INSURANCE COMPANY

23

24

25

26

27

28

- 12 -

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

**PROOF OF SERVICE**

I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is One Maritime Plaza, Third Floor, San Francisco, California 94111-3492.

On *July 31, 2008*, I served the following document described as:

> **U.S. FIRE INSURANCE COMPANY'S ANSWER TO MARKEL AMERICAN INSURANCE COMPANY'S CROSS-COMPLAINT AND COUNTERCLAIM FOR DECLARATORY RELIEF AND EQUITABLE CONTRIBUTION**

☒    VIA THE UNITED STATES DISTRICT COURT ELECTRONIC FILING SERVICE on interested parties in this action as set forth below:

| | |
|---|---|
| Richard DeNatale, Esq.<br>Celia M. Jackson, Esq.<br>Heller Ehrman LLP<br>333 Bush Street<br>San Francisco, CA 94104-2878<br>Telephone:    (415) 772-6000<br>Facsimile:    (415) 772-6268<br>*richard.denatale@hellerehrman.com*<br>*celia.jackson@hellerehrman.com* | Terrence R. McInnis, Esq.<br>Ross, Dixon & Bell, LLP<br>5 Park Plaza, Suite 1200<br>Irvine, CA 92614<br>Telephone:    (949) 622-2700<br>Facsimile:    (949) 622-2739<br>*tmcinnis@rdblaw.com* |
| Chip Cox, Esq.<br>Long & Levitt<br>465 California Street, 5th Floor<br>San Francisco, CA 94104<br>Telephone:    (415) 438-4413<br>Facsimile:    (415) 397-6392<br>*chipc@longlevit.com* | Alex F. Stuart, Esq.<br>Willoughby, Stuart & Bening<br>Fairmont Plaza<br>50 West San Fernando, Suite 400<br>San Jose, CA 95113<br>Telephone:    (408) 289-1972<br>Facsimile:    (408) 295-6375<br>*afs@wsblaw.net* |

Executed on *July 31, 2008*, at San Francisco, California.  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

                                        */s/ Lanii Langlois*
                                        Lanii Langlois

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492