| | |
|---|---|
| **SQUIRE, SANDERS & DEMPSEY L.L.P.** | **HELLER EHRMAN LLP** |
| One Maritime Plaza, Suite 300 | 333 Bush St. |
| San Francisco, CA  94111-3492 | San Francisco, CA  94104-2878 |
| Office:               +1.415.954.0200 | Office:        (415) 772-6000 |
| Fax:                   +1.415.393.9887 | Fax:            (415) 772-6268 |
| **Direct Dial:  +1.415.393.9843** | **Direct Dial:  +1.415.772.6809** |
| dgabianelli@ssd.com | celia.jackson@hellerehrman.com |

**E-FILED JOINT LETTER BRIEF**

September 19, 2008

The Hon. James Larson
Chief Magistrate Judge
United States District Court
450 Golden Gate Ave.
Courtroom F, 15th Floor
San Francisco, CA 94102

Re:   *LensCrafters, Inc. v. Liberty Mutual Fire Ins. Co.*,
       <u>U.S. District Court, Northern District of California, Case No. C-07-2853 SBA</u>

Dear Judge Larson:

Pursuant to the Order of Reference dated April 21, 2008, which assigned all discovery matters to this department, defendant U.S. Fire, on the one hand, and plaintiffs LensCrafters and EYEXAM (hereinafter "LensCrafters"), on the other hand, jointly make this submission addressing an outstanding discovery dispute.  As U.S. Fire frames the issue, U.S. Fire seeks information regarding what unreimbursed monies, if any, LensCrafters may be obligated to pay in connection with the settlement of an underlying class action.  If no such monies exist, U.S. Fire believes the instant coverage case is over because there is no possibility that U.S. Fire could owe any money to LensCrafters.  As LensCrafters frames the issue, U.S. Fire's massive and intrusive discovery requests are premature because the settlement is not final and may never become final.  U.S. Fire requests that this matter be resolved on an expedited basis as soon as convenient for the Court and is prepared to file a motion for order shortening time.  LensCrafters disagrees that an expedited ruling, or any order, is necessary, because LensCrafters has already agreed to provide U.S. Fire with the relevant information at the end of October once the settlement becomes final.

**I.      Case Background**

      **A.      The Underlying *Snow* Action**

In early 2002, Melvin Gene Snow filed a class action lawsuit in San Francisco Superior Court against LensCrafters entitled *Melvin Gene Snow, et al. v. LensCrafters, Inc., et al.*, San Francisco Superior Court Case No. CGC-02-40554 (the "*Snow* Action").  The Complaint in the *Snow* Action alleges that LensCrafters disclosed certain confidential medical information in violation of the California Confidentiality of Medical Information Act ("COMIA"), Cal. Civ. Code § 56 *et seq.*  Plaintiffs sought damages in excess of $1 billion on behalf of the class.

### B. Settlement of the *Snow* Action

In early-2008, after numerous mediation sessions before The Hon. Edward Infante (Ret.) and other mediators, the parties in the *Snow* Action achieved a settlement. In relevant part, the settlement provides that class members who return claims forms may choose either a cash payment of $30 dollars or a discount voucher worth $70. (See Full Notice of Pendency form available publicly at www.snowsettlement.com.) On February 4, 2008, Judge Richard A. Kramer preliminarily approved the *Snow* settlement. On July 11, 2008 Judge Kramer issued his final approval over the settlement. Because there were objections to the settlement, under the terms of the settlement agreement, the settlement does not become final until the time for filing an appeal has expired. Settlement claims had to be post-marked no later than August 4, 2008 and received no later than 21 days thereafter. Once the settlement becomes final, the Claims Administrator will calculate the total cash cost of the settlement (including the cash payments to class members, attorneys' fees, and administrative costs to process the claims) and inform LensCrafters of the amount of money that is necessary to fund the settlement. U.S. Fire contends that all claims have been filed; therefore, the total costs of the *Snow* settlement, sought by the discovery, can be calculated at this time. LensCrafters contends that: (i) these costs will not be known until the administrator has made this calculation; (ii) the administrator has not yet completed its tally of the claims and is in the process of evaluating the claims to assure that they are valid; and, (iii) in any event, until the settlement becomes final and is funded, which will occur in late October if no appeal is filed, U.S. Fire's request for settlement claims information is premature.

### C. The Coverage Dispute

On May 31, 2007 LensCrafters filed this action seeking declaratory relief against U.S. Fire and other of its insurers. The only claim currently in the case that LensCrafters has against U.S. Fire is a claim for declaratory relief. LensCrafters has settled its claims against all insurers other than U.S. Fire. These other insurers have consented to the *Snow* settlement and have agreed to pay money into the *Snow* settlement fund or to LensCrafters.

### II. U.S. Fire's Contentions Regarding the Information Sought *(This section is written by U.S. Fire and LensCrafters does not agree with U.S. Fire's characterization of the facts)*

In U.S. Fire's view, one of the key issues in the case is whether LensCrafters has already recouped more insurance money than it is being asked to pay out to class members through the *Snow* settlement. In an Order on a Motion to Dismiss, the Court recognized this pivotal issue and specifically referenced the possibility that LensCrafters may be fully compensated by virtue of various settlements it has reached with certain other insurers. (Feb. 12, 2008 Order at 6:6-9.) In doing so, the Court noted that without damages in excess of the underlying limits, LensCrafters has no claim. (*Id.*) Similarly, there is no justiciable controversy for the current declaratory relief claim if there is no potential that U.S. Fire owes money to LensCrafters for the *Snow* settlement because LensCrafters has obtained more in insurance money than has been claimed by the class action members.

### A.   Informal and Formal Attempts to Obtain the Information Yielded No Response

In March of 2008, LensCrafters filed a Motion for Continuance of Case Management Conference. U.S. Fire opposed the motion. On April 10, 2008, the Court denied LensCrafters' motion. As a part of the briefing of this motion U.S. Fire asked that the parties be ordered to meet and confer regarding settlement figures. U.S. Fire wanted this information so that if the insurance money already received outstrips the amounts claimed in the class action, this matter can be dismissed. U.S. Fire stated: "[s]pecifically, the Parties should be ordered to meet and confer regarding the results of the *Snow* settlement to determine whether the amount of the underlying claims exceeds the limits of the primary insurance." (U.S. Fire's Opp'n Br. at 10:18-20.)

In response to this, LensCrafters wrote: "LensCrafters is willing to engage in the efforts proposed by U.S. Fire in its Opposition and Proposed Order - namely, an exchange of policy information and meet and confer discussions on policy interpretation issues **and the status of the Snow settlement.**" (LensCrafters' Reply Br. at 4:25-27) (emphasis added).

Thus, U.S. Fire all along believed that LensCrafters would share the preliminary settlement results with U.S. Fire through the meet and confer process. However, on June 5, 2008, counsel for U.S. Fire contacted LensCrafters for information regarding the settlement. On June 11, 2008, counsel for LensCrafters responded that it would not share informally the preliminary settlement results, including the number of claimants or options chosen by the different claimants or the total amount due to the claimants. Instead, LensCrafters stated that if U.S. Fire insisted on such information, it should go through the formal discovery process.

On July 25, 2008, U.S. Fire propounded formal discovery asking for the settlement information.[1] The discovery was propounded so as to seek responses soon after the claims period had expired on August 4, 2008, but with enough lead time to allow for collection of the claims information. Instead of providing the information it first stated it would supply in meet and confer discussions,[2] LensCrafters issued blanket objections to the *Snow* settlement discovery. Moreover, LensCrafters did not seek a motion for protective order, but rather forced U.S. Fire to bring this matter to the Court's attention.

### B.   Meet and Confer Attempts

Counsel have met and conferred in writing, over the phone and in person regarding the information sought. To date, LensCrafters refuses to provide the information until an specified date in late-October when it claims the objectors' period for filing an appeal has run. LensCrafters claims that providing the information will compromise the status of the settlement. U.S. Fire has offered to agree to protect the information under the existing Protective Order in this case or any other special procedures that LensCrafters believes are necessary. But LensCrafters refuses to provide the information.

---

[1]   U.S. Fire has attached the discovery at issue (Exs. A and B), and LensCrafters' responses thereto (Exs. C and D) to allow the Court to refer to the specific discovery sought, if necessary. LensCrafters disputes that the discovery and responses can be properly attached pursuant to this Court's Standing Order.

[2]   LensCrafters disagrees with U.S. Fire's attribution of this statement to LensCrafters.

### C. Need for Discovery on Expedited Basis

The information is necessary now so that U.S. Fire can prepare a motion that will end this litigation assuming LensCrafters has been fully compensated by the settlements it has entered into with other insurers. There is no compelling reason to wait to provide the information. LensCrafters is merely attempting to delay legitimate discovery and to forestall a motion to dismiss the action. The information should be turned over now so that U.S. Fire can save the resources of the parties and the Court and end this litigation at the earliest possible moment, assuming LensCrafters has been fully compensated.

### D. Specific Relief Requested

U.S. Fire seeks an order compelling responses to the discovery at issue within one week of the Court's ruling on this request. There is a discovery cut-off of December 31, 2008 and the date to have dispositive motions heard is March 3, 2009.

### III. LensCrafters' Response to U.S. Fire's Request for Information Relating to Class Member's Claims in the *Snow* Settlement *(This section is written by LensCrafters and U.S. Fire does not agree with LensCrafters' characterizations of the facts)*

LensCrafters' position is simple: It will provide U.S. Fire with the settlement claims information when the *Snow* settlement becomes final and funded, which is likely to occur in late-October. The entire settlement has been structured so the parties' obligations are not triggered until the settlement becomes final. Rather than wait a handful of weeks to see if this occurs, U.S. Fire—an insurer that has denied coverage and refused to participate in the settlement—is rushing ahead with massive discovery requests that are premature and irrelevant, and that threaten to undermine the settlement.

### A. U.S. Fire Is Seeking Information About the *Snow* Claimants Beyond What Is Reasonable or Necessary

Although U.S. Fire has characterized the discovery that is the subject of this dispute as seeking limited information related to amount of the *Snow* settlement, in reality, U.S. Fire propounded overbroad document requests and interrogatories that sought much, much more. Indeed, U.S. Fire's document requests sought the actual claims documents submitted by class members (in a class that exceeded 1.5 million members); all documents regarding communications about the claims, including communications with class members and with the Claims Administrator; and all documents related to the number of claims filed. Similarly, U.S. Fire's interrogatories asked for information regarding the number of claims submitted and claims submitted based on conduct that occurred during the time period of the U.S. Fire policies. In essence, U.S. Fire wants to open up the files of the Claims Administrator, as well as the parties in *Snow*, when the settlement is not yet final and still subject to appeal.

LensCrafters properly objected to these overbroad and irrelevant requests. LensCrafters told U.S. Fire during the meet and confer process, both verbally and in writing, that it will provide U.S. Fire with information related to the settlement claims, including the cost of the settlement, once the settlement has

become final and has been funded. If no appeal is filed, this should occur in late October.[3] U.S. Fire has rejected this offer.

**B.   U.S. Fire's Request for Settlement Claims Information Is Premature and Potentially Prejudicial**

Until the settlement becomes final, U.S. Fire's request for the settlement claims information is premature, inappropriate and potentially prejudicial to LensCrafters. At this point, an appeal may still be filed, challenging the trial court's approval of the settlement and seeking to overturn it or modify its terms.

Moreover, release of information regarding the settlement claims, advertently or inadvertently, before the settlement is final, could prejudice the settlement. It is not inconceivable that objectors or third parties may seek information about the settlement claims if they discover that LensCrafters has disclosed this information to an insurer. An objector may use such information as the basis for an appeal. Indeed, it is in both LensCrafters' and U.S. Fire's interests that the settlement become final, since LensCrafters negotiated a very favorable settlement offer that resulted in costs savings to itself and its insurers. U.S. Fire—the only insurer that has refused to fund the settlement—should not be permitted to engage in any conduct that has even a remote chance to undermine the settlement.

Finally, the information that U.S. Fire seeks is highly confidential and protected by statute. The claim form contains the claimant's name and address, obtained from LensCrafters—information, which under the COMIA statute, is considered to be confidential medical information subject to statutory protections. Class members who submitted claims have an expectation of privacy that their personal information would not be disclosed to anyone outside the actual claims-handling process. Moreover, U.S. Fire has not explained why it needs the actual claims forms that were submitted, or the identities of the claimants, and why such information is relevant to any issue in this coverage dispute. At a minimum, any disclosure of information to U.S. Fire should be (a) pursuant to protective order; (b) narrowly tailored to the information actually needed for this litigation; and (c) deferred until the *Snow* settlement is effective.

**C.   There Is No Need for The Court To Issue an Expedited Ruling**

Finally, there is no need for the Court to issue an expedited ruling regarding this dispute. As previously stated, LensCrafters has already agreed to provide information about the cost of the settlement once the settlement becomes final and is funded, most likely at the end of October, which would provide U.S. Fire with ample time to file any dispositive motions in time to have them heard by March 3, 2009.[4] Moreover, because of the importance of this issue, LensCrafters requests that the Court hold a hearing before deciding this issue.

---

[3]   LensCrafters has kept U.S. Fire apprised on the status of the *Snow* settlement, as it stated it would do. LensCrafters kept U.S. Fire informed of the schedule and progress of the approval motions, and supplied U.S. Fire with the orders approving the settlement and the objections that were filed.

[4]   Any motion that U.S. Fire would file would not, in any event, be dispositive of all issues between the parties, because one of the settling insurers has assigned its contribution claims against U.S. Fire to LensCrafters and this claim would need to be adjudicated.

The Hon. James Larson
September 19, 2008
Page 6

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| SQUIRE, SANDERS & DEMPSEY L.L.P. | HELLER EHRMAN LLP |
| By: */s/ David A. Gabianelli* | By: */s/ Celia M. Jackson* |
| David A. Gabianelli | Celia M. Jackson |
| Attorneys for Defendant<br>UNITED STATES FIRE INSURANCE COMPANY | Attorneys for Plaintiffs<br>LENSCRAFTERS, INC. and EYEXAM OF CALIFORNIA, INC. |