RICHARD DeNATALE (Bar No. 121416)
CELIA M. JACKSON (Bar No. 124508)
DARREN S. TESHIMA (Bar No. 238875)
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268
Email: richard.denatale@hellerehrman.com
Email: celia.jackson@hellerehrman.com
Email: darren.teshima@hellerehrman.com

Attorneys for Plaintiffs
LENSCRAFTERS, INC. and EYEXAM OF
CALIFORNIA, INC.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| LENSCRAFTERS, INC. and EYEXAM OF CALIFORNIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY and WESTCHESTER FIRE INSURANCE COMPANY, <br><br> Defendants, | Case No.: C-07-2853 SBA <br><br> **PLAINTIFF LENSCRAFTERS, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT UNITED STATES FIRE INSURANCE COMPANY'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (SET THREE)** |
|---|---|

PROPOUNDING PARTY:   Defendant United States Fire Insurance Company

RESPONDING PARTY:   Plaintiff LensCrafters, Inc.

SET NO.:   Three

---

LENSCRAFTERS' OBJECTIONS AND RESPONSES TO UNITED STATES FIRE INSURANCE COMPANY'S
REQUESTS FOR PRODUCTION OF DOCUMENTS (SET THREE); CASE NO. C-07-2853 SBA

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff LensCrafters, Inc. ("LensCrafters") hereby serves the following objections and responses to the United States Fire Insurance Company's ("U.S. Fire") Requests for Production of Documents and Things to LensCrafters (the "Requests").

## GENERAL OBJECTIONS

1. LensCrafters objects to the definition of "YOU" and YOUR" as being overbroad, vague and ambiguous, and to the extent the definition encompasses documents not in the possession, custody or control of LensCrafters. LensCrafters will construe the terms "YOU" and "YOUR" to mean LensCrafters, Inc. only.

2. LensCrafters objects to the definition of "CONCERNING" as overbroad, vague and ambiguous.

3. LensCrafters objects to these Requests to the extent they seek information or documents beyond the scope of discovery contemplated by the Federal Rules.

4. LensCrafters responds to these Requests on the basis of the best information available at the time responsive materials are gathered, and within the limits and subject to the objections set forth herein. A statement that documents will be produced in response to a particular request does not mean that LensCrafters knows the documents to exist or to be in its possession. Rather, the response means only that if such documents exist, if they are in the possession of LensCrafters, and if they can be located through a diligent search of reasonable scope, they will be produced.

5. LensCrafters has not yet completed its investigation of the facts related to this case and has not completed discovery in this action. Thus, any production of documents in response to these Requests is based on information presently known to LensCrafters and is given without prejudice to LensCrafters' right to produce evidence of any subsequently discovered documents.

6. By objecting to, responding to, and/or providing documents in response to these Requests, LensCrafters does not concede the relevancy or materiality of any particular request for production or the subjects to which the Requests refer. LensCrafters' objections to, responses to, and/or production of documents in response to any requests for production are made expressly

1

subject to, and without in any way waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege or admissibility of any document in any proceeding (including any trial in this action).

7.   LensCrafters has construed these Requests in a manner consistent with the Federal Rules of Civil Procedure, as well as other applicable law.

8.   LensCrafters objects to these Requests to the extent that they seek information and/or documents protected from discovery by the attorney-client privilege, the work-product doctrine, or other similar protection from production. LensCrafters will not produce any such information and/or documents, and inadvertent disclosure by LensCrafters of such information and/or documents shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information and/or documents, or of LensCrafters' rights to object to the use of any such information and/or documents during this litigation or otherwise.

9.   LensCrafters objects to these Requests to the extent they seek information or documents that are privileged and protected from discovery pursuant to applicable privileges related to settlement and mediation. LensCrafters will not produce any such information and/or documents, and inadvertent disclosure by LensCrafters of such information and/or documents shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information and/or documents, or of LensCrafters' rights to object to the use of any such information and/or documents during this litigation or otherwise.

10.   LensCrafters objects to these Requests to the extent that they seek confidential and/or private information of LensCrafters' customers, the production of which would violate these customers' right to privacy. LensCrafters will not produce any such information and/or documents, and inadvertent disclosure by LensCrafters of such information and/or documents shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information and/or documents, or of LensCrafters' rights to object to the use of any such information and/or documents during this litigation or otherwise.

11.   LensCrafters objects to these Requests to the extent that they seek information or documents that are proprietary, commercially sensitive, trade secret, confidential, private, or

1 | otherwise protected from disclosure and to the extent LensCrafters produces such document, it will
2 | only do so subject to the April 18, 2008 Stipulation and Protective Order in this action.
3 |     12.    LensCrafters objects to these Requests on the grounds that they are overly broad,
4 | burdensome, oppressive, and seek information which is neither relevant nor reasonably calculated
5 | to lead to the discovery of admissible evidence.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 45:**

ALL DOCUMENTS CONCERNING any CLAIM FORMS submitted by members of the putative class in the *SNOW* ACTION pursuant to YOUR settlement in that action, including but not limited to the CLAIM FORMS and any memoranda or other DOCUMENT analyzing those CLAIM FORMS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

LensCrafters incorporates its general objections as if fully set forth herein. LensCrafters objects to this request as premature, as LensCrafters has not yet obtained the final number of settlement claimants. LensCrafters further objects to this request on the grounds that disclosure of information related to the settlement of the *SNOW* ACTION before that settlement is final may prejudice LensCrafters by undermining the settlement. LensCrafters further objects on the basis that the request seeks confidential and proprietary information, including private and confidential information regarding LensCrafters' customers, the disclosure of which may violate the customers' right to privacy. LensCrafters further objects to this request to the extent that it calls for information protected by the attorney-client privilege, the work-product protection and the settlement and mediation privileges. LensCrafters further objects to this request on the basis that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 46:**

ALL DOCUMENTS CONCERNING COMMUNICATIONS between YOU and any administrator of any CLAIM FORMS submitted by members of the putative class in the *SNOW* ACTION pursuant to YOUR settlement in that action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

LensCrafters incorporates its general objections as if fully set forth herein. LensCrafters objects to this request as premature, as LensCrafters has not yet obtained the final number of settlement claimants. LensCrafters further objects to this request on the grounds that disclosure of information related to the settlement of the *SNOW* ACTION before that settlement is final may prejudice LensCrafters by undermining the settlement. LensCrafters further objects on the basis that the request seeks confidential and proprietary information, including private and confidential information regarding LensCrafters' customers, the disclosure of which may violate the customers' right to privacy. LensCrafters further objects to this request to the extent that it calls for information protected by the attorney-client privilege, the work-product protection and the settlement and mediation privileges. LensCrafters further objects to this request as overly broad, burdensome, and oppressive, vague and ambiguous as to the term "administrator of any CLAIM FORMS." LensCrafters further objects to this request on the basis that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 47:**

ALL DOCUMENTS CONCERNING COMMUNICATIONS between YOU and the *SNOW* ACTION Plaintiffs regarding any CLAIM FORMS submitted by members of the putative class in the *SNOW* ACTION pursuant to YOUR settlement in that action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

LensCrafters incorporates its general objections as if fully set forth herein. LensCrafters objects to this request as premature, as LensCrafters has not yet obtained the final number of settlement claimants. LensCrafters further objects to this request on the grounds that disclosure of information related to the settlement of the *SNOW* ACTION before that settlement is final may prejudice LensCrafters by undermining the settlement. LensCrafters further objects on the basis that the request seeks confidential and proprietary information, including private and confidential information regarding LensCrafters' customers, the disclosure of which may violate the customers' right to privacy. LensCrafters further objects to this request to the extent that it calls for information protected by the attorney-client privilege, the work-product protection and the

settlement and mediation privileges. LensCrafters further objects to this request on the basis that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 48:**

ALL DOCUMENTS CONCERNING the number of CLAIM FORMS submitted by members of the putative class in the *SNOW* ACTION who elected a cash payment pursuant to YOUR settlement in that action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

LensCrafters incorporates its general objections as if fully set forth herein. LensCrafters objects to this request as premature, as LensCrafters has not yet obtained the final number of settlement claimants. LensCrafters further objects to this request on the grounds that disclosure of information related to the settlement of the *SNOW* ACTION before that settlement is final may prejudice LensCrafters by undermining the settlement. LensCrafters further objects on the basis that the request seeks confidential and proprietary information, including private and confidential information regarding LensCrafters' customers, the disclosure of which may violate the customers' right to privacy. LensCrafters further objects to this request to the extent that it calls for information protected by the attorney-client privilege, the work-product protection and the settlement and mediation privileges. LensCrafters further objects to this request on the basis that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Dated: August 25, 2008                    HELLER EHRMAN LLP

                                          By _____
                                                Darren S. Teshima

                                          Attorneys for Plaintiffs
                                          LENSCRAFTERS, INC. and EYEXAM OF
                                          CALIFORNIA, INC.